# Table of Contents

Exhibit 1 - PlaintiffsProposedTRO ........................................................ 2

Exhibit 2 - Board Policy BED (LOCAL) ................................................... 5

Exhibit 3 - Protective Order and Evidence Public Records Request ............ 7

Exhibit 4 - Board Policy BED (LEGAL) ................................................ 150

Exhibit 5 - Press Release of Trustees Weston and Bone ......................... 152

Exhibit 6 - Jeremy Story Emails to the Board-resized ........................... 154

Exhibit 7 - August 16 Agenda and Minutes .......................................... 157

Exhibit 8 - Jeremy Story Incident Report ............................................ 165

Exhibit 9 - August 18 Jeremy Story Complaint to County Attorney-resized ... 173

Exhibit 10 - Jeremy Story RRISD Level I Grievance ............................... 176

Exhibit 11 - Jeremy Story TEA Complaint ............................................ 177

Exhibit 12 - Jeremy Story Legal Grievance .......................................... 181

Exhibit 13 - August 23 Original Agenda .............................................. 182

Exhibit 14 - August 23 Amended Agenda .............................................. 183

Exhibit 15 - September 14 Minutes Approved in October ......................... 184

Exhibit 16 - TEA Corrective Action Plan ............................................. 190

Exhibit 17 - Trustees Weston and Bone Press Release and TRO ................. 192

Exhibit 18 - WILCO Jail Policy and Plaintiffs' Jail Documents ................. 197

Exhibit 19 - Donna ISD Plaintiff's Original Petition ............................ 212

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS - AUSTIN DIVISION

| | | |
|---|---|---|
| **JEREMY STORY and DUSTIN CLARK,** | § | |
| *Plaintiffs,* | § | |
| | § | **Civil Action No.** |
| *v.* | § | _____ |
| | § | |
| **SUPERINTENDEDNT HAFEDH AZAIEZ,** | § | |
| **TRUSTEES AMBER FELLER, TIFFANIE** | § | |
| **HARRISON, AMY WEIR, JUN XIAO, CORY** | § | |
| **VESSA; OFFICERS JEFFREY YARBROUGH,** | § | **JURY** |
| **JAMES WILLIBY, DEBORAH GRIFFITH,** | § | **DEMANDED** |
| **MILTON POPE, FRANK PONTILLO,** | § | |
| **SAMUEL CHAVEZ individually, and** | § | |
| **ROUND ROCK INDEP'T SCHOOL DISTRICT** | § | |
| *Defendants.* | § | |

## ORDER

On this day, the Court considered Plaintiffs' request for a temporary restraining order and preliminary injunction, pursuant to Rule 65. Having considered the Plaintiffs' request, this Court is of the opinion that it should be GRANTED, based on the following:

The Board of the Round Rock Independent School District is employing a rule during its meetings which appears to unconstitutionally restrict free speech and the right to petition the Board by limiting such speech to a prescribed set of agenda items. The Board also appears to be using arbitrary space limitations as pretext to restrict public participation in what should be a meeting that is open to the public.

Federal courts recognize that deprivations of constitutionally protected rights constitute irreparable harm. In balancing the equities involved in Plaintiffs' request for this injunctive relief, the Court concludes that no harm will be suffered if the Round Rock Independent practice of disallowing petitioners at its meetings to speak only on prescribed topics is enjoined. Nor will Round Rock Independent School District's Board of Trustees suffer damages if it operates to allow the public to attend and participate in its board meetings using the capacity established by the appropriate fire code and not arbitrarily reduced spacing requirements.

The Court therefore ENJOINS Round Rock Independent School District from: a) removing or otherwise retaliating against speakers at its special or called meetings who speak on unapproved topics, and b) restricting public participation by arbitrary reducing capacity of meeting rooms by using seating rules which substantially restrict public participation. The Round Rock Independent School District must be consistent across all its gatherings and allow for sufficient space for the public to attend its meetings, based on reasonable expectations of attendance.

The Court also ENJOINS the expenditure of taxes collected on the rate set at the Round Rock Independent School District at its September 14, 2021, meeting until such time as the District gives notice and hold a meeting in which the public may meaningfully participate.

The Court also ENJOINS the status of Hafedh Azaiez as the contracted superintendent of Round Rock Independent School District and the contract between Azaiez and Round Rock Independent School District treated as rescinded pending adjudication of this case.

This ORDER is contingent on a bond in the amount of $100 to be filed with the Court. It is further ORDERED that this Temporary Restraining Order shall expire 14 days from issuance unless it is extended.

Plaintiffs' Application for a Preliminary Injunction will be heard on June _____, 2022 at _____ a.m./p.m. before this Court unless otherwise notified.


Signed this _____ day of May, 2022.

_____

U.S. District Judge

Case 1:22-cv-00448   Document 1-1   Filed 05/11/22   Page 5 of 221

Exhibit 2

BOARD MEETINGS                                                          BED
PUBLIC PARTICIPATION                                                (LOCAL)

**Limit on Participation**

Audience participation at a Board meeting is limited to the portion of the meeting designated to receive public comment in accordance with this policy. At all other times during a Board meeting, the audience shall not enter into discussion or debate on matters being considered by the Board, unless requested by the presiding officer.

**Public Comment**

Regular Meetings

At regular Board meetings, the Board shall permit public comment, regardless of whether the topic is an item on the agenda posted with notice of the meeting.

Special Meetings

At all other Board meetings, public comment shall be limited to items on the agenda posted with notice of the meeting.

Procedures

Individuals who wish to participate during the portion of the meeting designated for public comment shall sign up with the presiding officer or designee online 27 hours before the meeting and in person one hour before the meeting is scheduled to begin. The form must be completed and submitted online three hours before the meeting or in person before the scheduled time listed on the agenda for the meeting to begin. A speaker who attends a Board meeting in person shall be called to speak first. For a special meeting, an individual wishing to speak shall indicate the agenda item or topic on which he or she wishes to address the Board. Any individual requiring an interpreter to address the Board shall be given instructions and the ability to request an interpreter if he or she signs up to speak at least eight hours before the meeting start time.

Public comment shall occur at the beginning of the meeting.

Except as permitted by this policy and the Board's procedures on public comment, an individual's comments to the Board shall not exceed three minutes per meeting.

Meeting Management

Generally, public speakers shall be given two minutes to address the Board. However, when necessary for effective meeting management or to accommodate large numbers of individuals wishing to address the Board, the presiding officer may make adjustments to public comment procedures, including adjusting when public comment will occur during the meeting, reordering agenda items, deferring public comment on nonagenda items, continuing agenda items to a later meeting, providing expanded opportunity for public comment, or adjusting the time allotted to each speaker. However, no individual shall be given less than one minute to make comments.

Case 1:22-cv-00448   Document 1-1   Filed 05/11/22   Page 6 of 221

Exhibit 2

BOARD MEETINGS                                                    BED
PUBLIC PARTICIPATION                                         (LOCAL)

| | |
|---|---|
| Board's Response | Specific factual information or recitation of existing policy may be furnished in response to inquiries, but the Board shall not deliberate or decide regarding any subject that is not included on the agenda posted with notice of the meeting. |
| **Complaints and Concerns** | The presiding officer or designee shall determine whether an individual addressing the Board has attempted to solve a matter administratively through resolution channels established by policy. If not, the individual shall be referred to the appropriate policy to seek resolution: |

- Employee complaints: DGBA

- Student or parent complaints: FNG

- Public complaints: GF

| | |
|---|---|
| **Disruption** | The Board shall not tolerate disruption of the meeting by members of the audience. If, after at least one warning from the presiding officer, any individual continues to disrupt the meeting by his or her words or actions, the presiding officer may request assistance from law enforcement officials to have the individual removed from the meeting. |

7/28/2021 2:41 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-21-004602
Zelda Stanford

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

NO. _____D-1-FM-21-004602_____

| | | |
|---|---|---|
| **VANESSA RUIZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **AND** | § | 53RD JUDICIAL DISTRICT |
| | § | |
| **HAFEDH AZAEIZ** | § | **TRAVIS COUNTY, TEXAS** |

## AN APPLICATION FOR A PROTECTIVE ORDER

*1.    Discovery Level*

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

*2.    Parties*

This Application for a Protective Order is brought by Vanessa Ruiz, Applicant, who is a resident of Travis County, Texas. The last three numbers of Applicant's driver's license number are 547. The last three numbers of Applicant's Social Security number are 308. This Application for a Protective Order is brought for the protection of Applicant, who is a resident of Travis County, Texas.   Information required by section 152.209(a) of the Texas Family Code is provided in the declaration attached as Exhibit A.  Respondent is Hafedh Azaeiz, who resides in Williamson County, Texas.

Applicant is not receiving services from the title IV-D agency in connection with a child support case.

*3.    Service*

Process should be served on Respondent at Round Rock Independent School District, 1311 Round Rock Ave, Round Rock, TX 78681.

**Application for Protective Order**                                                     **P a g e  1  o f  8**

Exhibit 3

*4.    Relationship of Parties*

Applicant is a former girlfriend of Hafedh Azaeiz.

Applicant and Respondent had a dating relationship as defined in section 71.0021(b) of the Texas Family Code.

*5.    Nondisclosure of Identifying Information and Request for Sealing*

This Application for a Protective Order is brought for the protection of Vanessa Ruiz, who is a resident of Travis County, Texas. Information required by section 152.209(a) of the Texas Family Code is provided in the affidavit attached as Exhibit A. Applicant believes the disclosure of this identifying information would jeopardize the health, safety, or liberty of Applicant named herein. Accordingly, Applicant requests that the identifying information set forth in the affidavit attached as Exhibit A be and remain sealed and not disclosed by any means to the other party or the public unless the Court orders the disclosure to be made after a hearing in which the Court takes into consideration the health, safety, and liberty of the party and determines that the disclosure is in the interest of justice. Respondent is Hafedh Azaeiz, who resides in Williamson County, Texas.

*6.    Grounds*

Respondent has engaged in conduct that constitutes family violence.

Respondent committed acts that were intended by Respondent to result in physical harm, bodily injury, assault, or sexual assault or were threats that reasonably placed Applicant in fear of imminent physical harm, bodily injury, assault, or sexual assault.  Respondent's acts therefore constitute family violence.

Respondent's conduct was reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass Applicant.

**Application for Protective Order**                                          **P a g e   2   o f   8**

Good cause exists for prohibiting Respondent from communicating with Applicant except through Respondent's attorney or a person appointed by the Court, as requested below.

The residence at 820 Camino Vaquero Pkwy., #4105, Austin, TX 78748 is leased by Applicant.

7.   *Request for Protective Order*

In this application, "Protected Person" means Applicant.

Applicant requests the Court, after notice and hearing, to issue its protective order:

Prohibiting Respondent from committing family violence as described in section 71.004 of the Texas Family Code.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault or sexual assault.

Prohibiting Respondent from communicating directly with Protected Person in a threatening or harassing manner.

Prohibiting Respondent from communicating a threat through any person to Protected Person.

On a finding of good cause, prohibiting Respondent from communicating in any manner with Protected Person except through Respondent's attorney or a person appointed by the Court.

Prohibiting Respondent from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy,

**Application for Protective Order**                                                          **Page 3 of 8**

alarm, abuse, torment, or embarrass the Protected Person.

Prohibiting Respondent from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and from remaining within 500 feet after Respondent becomes aware of the Protected Person's presence.

Prohibiting Respondent from going to or near the residences or places of employment or business of Protected Person.  Applicant requests the Court to specifically prohibit Respondent from going to or near 500 feet and to specifically require Respondent to maintain 500 feet.

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibiting Respondent from possessing a firearm or ammunition unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Suspending Respondent's license to carry a handgun issued under subchapter H, chapter 411, of the Texas Government Code.

Requiring Respondent to complete a battering intervention and prevention program or counseling as provided by section 85.022(a) of the Texas Family Code.

8.    *Request for Temporary Ex Parte Order*

Before the filing of this application, Respondent has engaged in conduct that constitutes family violence.  See Petitioner's declaration in support attached hereto as Exhibit A. There is an immediate need for the protective order requested in this application.

Based on the conduct of Respondent as alleged, Applicant reasonably fears that there is a clear and present danger of family violence, which will cause Applicant immediate and

**Application for Protective Order**                                                      **P a g e   4   o f   8**

Exhibit 3

irreparable injury, loss, and damage, for which Applicant has no adequate remedy at law.

Applicant therefore requests the Court to issue a temporary ex parte order immediately for the protection of Protected Person:

Prohibiting Respondent from committing family violence as defined in section 71.004 of the Texas Family Code.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Prohibiting Respondent from communicating directly with Protected Person in a threatening or harassing manner.

Prohibiting Respondent from communicating a threat through any person to Protected Person.

On a finding of good cause, prohibiting Respondent from communicating in any manner with Protected Person except through Respondent's attorney or a person appointed by the Court.

Prohibiting Respondent from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibiting Respondent from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and from remaining within 500 feet after Respondent becomes aware of the Protected Person's presence.

**Application for Protective Order**                                    **P a g e   5   o f   8**

Exhibit 3

Prohibiting Respondent from going to or near the residences or places of employment or business of Protected Person.  Applicant requests the Court to specifically prohibit Respondent from going to or near 500 feet and to specifically require Respondent to maintain 500 feet.

Prohibiting Respondent from harming, threatening, or interfering with the care, custody, or control of a pet, companion animal, or assistance animal, as defined by section 121.002 of the Texas Human Resources Code, that is possessed by or in the actual or constructive care of Protected Person.

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibiting Respondent from possessing a firearm or ammunition unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Prohibiting Respondent from interfering with Applicant's use of the residence located at 820 Camino Vaquero Pkwy., #4105, Austin, TX 78748, including but not limited to disconnecting utilities or telephone service or causing such services to be disconnected.

Granting Applicant exclusive possession of the parties' residence.

Applicant requests the Court to dispense with the necessity of a bond.

9.    *Best Interest*

The protective order requested is in the best interest of the family, household, or member of the family or household.

Exhibit 3

10.    *Attorney's Fees and Costs*

The Court should assess against Hafedh Azaeiz a reasonable attorney's fee as compensation for Muery & Farrell, PC, Adam T. Muery, and judgment should be rendered in favor of this attorney against Hafedh Azaeiz.

Applicant requests that Respondent be ordered to pay reasonable attorney's fees, the $16 protective order fee, the cost of service of the protective order, the costs of court, and all other fees, charges, or expenses incurred in connection with the protective order before the sixtieth day after the date the order is rendered.

11.    *Prayer*

Applicant prays that notice of this Application for a Protective Order issue as required by law and that the Court enter the protective orders as requested in this application.

Applicant further prays that the Court immediately issue a temporary protective order, ex parte, in conformity with the allegations stated above, prohibiting Respondent from the acts and ordering Respondent to do the acts set forth above until a hearing can be held.

Applicant prays that a hearing be held no later than the fourteenth day after the date this application is filed; that, after notice and hearing, the Court grant the relief requested above; and that the Court dispense with the necessity of a bond.

Applicant prays for attorney's fees, costs, charges, and expenses.

Applicant prays for general relief.

Respectfully Submitted,

MUERY & FARRELL, PC
201 EAST PECAN STREET
HUTTO, TEXAS 78634
Tel: (737) 808-0529
Fax: (512) 727-6626

**Application for Protective Order**                    **P a g e   7   o f   8**

Exhibit 3

By: _____
    Adam T. Muery
    State Bar No. 24046495
    DeVondolyn Arrington
    State Bar No. 24064157
    E-Service: filing@texanlegal.com
    Email: adam@texanlegal.com
    Email: devondolyn@texanlegal.com
    Attorney for Vanessa Ruiz

Exhibit 3

# **EXHIBIT A**

NOTICE:  THIS DOCUMENT CONTAINS SENSITIVE DATA

**DECLARATION IN SUPPORT**

"My name is <u>Vanessa Ruiz</u> and I am the Petitioner in the above-styled and numbered cause. I am over the age of 21 and am competent in all respects to make this declaration.  The facts stated in this declaration are within my personal knowledge and are true and correct.

I am the Petitioner in this case. <u>Hafedh Azaeiz</u> is Respondent in this suit. I attest that the following is true:

"I have had a previous dating relationship with Mr. Hafedh Azaeiz beginning in September 2018. Mr. Azaiez lived in Donna, Texas on his own and told me he no longer connected to the mother of his children on an emotional nor intimate level which was the reason they were not together. Mr. Azaiez portrayed to me that he was not married. He would only travel to Houston to see his children. He pursued me to initiate a long term relationship, called me every day visited me, traveled with me and indicated we would be together as we planned his upcoming move to Austin, Texas. This relationship continued for over next 3 years.

"In December of 2020, I ended the relationship as I found out that he lied to me, misled me, and had yet to divorce his wife. He indicated he could not give me more at that time. He told me that he needed time because of issues with his wife and visas for his wife's family members. He convinced me that his marriage was an agreed arrangement. He told me that he was waiting for his children to grow up and then he could file for divorce. He made me believe that he no longer wanted to live with her and was not planning on looking for a job in Houston or return to his

Doc ID: ba2cc3750f32631a8a5f6ac01102c9a51c73defc

Exhibit 3

marriage. In February of 2021 we resumed this relationship and made plans for his next job to be in Austin, Texas as I reside here in Austin, Texas.

"Throughout this relationship he has displayed behaviors of manipulation and extreme control. Several colleagues in the education field would notice his obsession with me and even witnessed him following me in educational conferences and calling me constantly if I was not with him. In our intimacy he was very rough, although I asked him many times to not be so rough and asked him why he needed to be like this. I did not think this was normal.

"Currently, I am 9 weeks pregnant with Mr. Azaiez's child and I am one hundred percent sure he is the father and will prove this with a paternity test. I will seek to prove paternity now if allowed to as this man is informing everyone that he is not the father in anattempt to silence me and make me lose my good reputation within the education community. I have not had a sexual relationship with anyone else during my 3-year relationship with him.

"I informed Mr. Azaiez of the pregnancy on June 24, 2021. Mr. Azaiez had just signed a contract to become the Superintendent of the Round Rock Independent School District. He was very worried about the possibility of losing his job. He was very angry and accused me of doing this on purpose to destroy his career and family. He accused me and stated that I wanted him to lose his family and career.  I did not understand where this was coming from and the ability to now change the story, to lie and become so aggressive towards me was appalling to me. He told me he was not willing to lose this contract as it was a large amount of money and he needed it to pay for his son's expensive pilot school. Just the week prior, he told me he wanted to be with me and said he needed to process how to go about this. As soon as I told him I was pregnant, he then blamed me for the affair and said I told him this could not happen in reference to getting pregnant.

Doc ID: ba2cc3750f32631a8a5f6ac01102c9a51c73defc

Exhibit 3

"Mr. Azaiez then started to threaten me verbally on phone calls and on text messages. He asked me to have an abortion so that he would not lose his career and family. I was very upset at this, and I said no to an abortion and told him that I had made up my mind to have the child. I also informed him he was a true disgrace in my eyes, he did not know God and that I did not want anything to do with him. I would never be with a man who lies and acts this way, **See screenshot of text messages attached hereto as Exhibit 1.**

"He said this child was a mistake and so was I, he wanted nothing to do with this child, he did not want it. He said I was lying, and he was not the father of the child.  I told him that I needed to inform my employer. I told him, I was not going to hide as he asked me to, and I would say the truth. I would do the right thing and not accept my new contract.

 "On June 27, 2021, I asked him to come meet me in person, go to my doctor's appointment and figure out what was best. He refused and he did not want me to say anything as this would mean people in the education field would find out. He started to really try to intimidate me by telling me he was in a position of power, and he continued to accuse me of defaming him and that he would be fired.  I was to blame and would pay the consequences with my career and this baby. He then said no one would believe me if I said he was the father and that he would tell everyone I was crazy and make me look crazy. I informed him I needed to tell the truth and asked him several times to inform his school board before they found out via other sources of information, as many Round Rock ISD employees are my colleagues and classmates in my doctoral program. He said the school board president was aware and had offered to protect him, she was informing him of everything and guaranteed him he would not lose his job. In the past, I had heard conversations between him and the school board president plotting things and keeping things from other school board members. On the day of the vote

Doc ID: ba2cc3750f32631a8a5f6ac01102c9a51c73defc

for his hire she planned and asked him to be present without anyone else knowing and used the communications director to continue the planning. I feel very intimidated by this woman Amy Weir the school board president as she is telling everyone I am lying about the abuse. I am scared to report but I am not lying.

"On July 6, 2021, we had another argument over the phone, and he insisted I or my friend had gone to the school board and informed them. I said I didn't, and he then threatened me and told me that the school board president had informed him, and she would protect him and that I was going to pay for him losing his career and family. That I would not end his career or family.

"On the same day, July 6, 2021, very late that evening Mr. Azaiez came to my home and started to argue with me, telling me to get an abortion and I refused. He became so angry he grabbed my arms with force, shaking me and shoving me until he threw me to the floor. I told him I would call the police and he grabbed my phone. He then started to say he was sorry and say he didn't mean to do this. I was so scared I just wanted him to leave. I made him believe that I accepted his apology to get him to leave. **See photos of bruising attached hereto as Exhibit 2, 3, & 4.**

"This man has lost his sense of reality and I believe he is very emotionally unstable. He believes he will lose his lucrative superintendent contract and he is determined to not  lose  it. He is blaming me, threatening me, has assaulted me, and I feel like he will continue to do so. I developed bruises and since this attack and I have had some bleeding and spotting in my pregnancy and have been advised by my physician that I am threatened to miscarry the pregnancy. I do not want to lose my baby.

"Other incidents that have occurred has made me feel really unsafe and fearful of my life and my baby's life.  I went out of town on Friday, July 16, 2021, and came home on Sunday, July 18, 2021, to find that my had been home broken into. I called the police/sheriff to report my back

door was open and when I opened my door, I could see my house had been searched. Deputy Abigail Connly from the Travis County Sheriff's Office responded to my home. During the walkthrough with Deputy Connly, I could see that only items that may contain personal information had been taken. Deputy Connly noted in her report that that my personal laptop, iPad, pictures, and my personal journals that were in my nightstand were taken. (Case No. 211990404; Offense: Burglary of Residence) My valuables such as my jewelry, cash, or other expensive items were not taken. I believe the break-in was Mr. Azaiez gathering my personal items that might expose him and prove that this relationship was true and any possible evidence I may have to support the existence of the relationship and his threatening behaviors.

"I am currently not living in my home as I am fearful of Mr. Azaiez and what can happen to me and my baby. I have been living between a friend's home and hotels since July 18, 2021, after the break-in.  I cannot eat or sleep because I am scared of this man and feel he will come through with his threats.

"I want to report the assault and file a police report, but I am fearful of him retaliating against me. I feel like my life is in danger and need protection from him. I want to report the assault to the police and what he did to me when he hurt me physically, but I feel like I need to be protected to do so. If this situation were to come to light, I fear he will lose it and retaliate against me and hurt me in a worse way.

"I am losing my ability to live life. I am fearful that my career and reputation will suffer. I have worked so hard for the last 21 years, as an educator and a school leader, to have someone tarnish that and hurt me is so devastating and hurtful. I am only needing protection and peace for my baby and me. All I want is to move on and try to have some peace of mind and focus on my health.

Doc ID: ba2cc3750f32631a8a5f6ac01102c9a51c73defc

Exhibit 3

"My name is Vanessa Ruiz, my date of birth is 08/18/1977 and my address is 820 Camino Vaquero Pkwy #4105, Austin, Travis County, Texas. I declare under penalty of perjury that the foregoing is true and correct.

STATED UNDER PENALTY OF PERJURY on July 28, 2021.

_____
Vanessa Ruiz, Declarant


NOTICE: Pursuant to Civil Practice & Remedies Code, Chapter 132, an unsworn declaration may be used in lieu of a notarized instrument re-quired in or under any statute. Accordingly, the above is sworn to under penalty of perjury pursuant to and in accordance with the Section. See Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a), (c) (West Supp. 2016) ("an unsworn declaration may be used in lieu of a written sworn declaration…, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law . . . [and] must be: (1) in writing; and (2) subscribed by the person making the declaration as true under penalty of perjury.").

Doc ID: ba2cc3750f32631a8a5f6ac01102c9a51c73defc

Exhibit 3

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | 20210728 Ruiz - Unsworn Declaration in Support of Appl... |
| **FILE NAME** | 20210728%20Ruiz%2...f%20Appl%20PO.pdf |
| **DOCUMENT ID** | ba2cc3750f32631a8a5f6ac01102c9a51c73defc |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested from app.clio.com

## Document History

**SENT**
**07 / 28 / 2021**
17:05:04 UTC
Sent for signature to Vanessa Ruiz Aldrich (cvruiz3@gmail.com) from cassie@texanlegal.com
IP: 74.192.141.104

**VIEWED**
**07 / 28 / 2021**
17:26:50 UTC
Viewed by Vanessa Ruiz Aldrich (cvruiz3@gmail.com)
IP: 66.90.162.20

**SIGNED**
**07 / 28 / 2021**
18:31:08 UTC
Signed by Vanessa Ruiz Aldrich (cvruiz3@gmail.com)
IP: 66.90.162.20

**COMPLETED**
**07 / 28 / 2021**
18:31:08 UTC
The document has been completed.

Powered by **HELLOSIGN**

Exhibit 3

5:42

D

Dr. A >

No I will not get an abortion I will pay the consequences as you threatened me. This baby has a heartbeat. I will not kill it

Delivered

For the last time I am telling you please get an abortion you don't know what you are getting yourself into

I have a lot to lose and I will not let you make me lose everything.you need to get rid of it I don't want it . You did this on purpose to make me lose it all and now you are using it to make me defamation.

I will make you pay this you will not make me lose everything

The right thing is not possible right now you can't understand you know this career. Don't make me go after you and make you pay the consequences for you and this baby

  iMessage 

      


EXHIBIT
1

22

Exhibit 3



Exhibit 3



Exhibit 3



Exhibit 3

**NOTICE:  THIS DOCUMENT
CONTAINS SENSITIVE DATA**

NO. _____

| | | |
|---|---|---|
| **VANESSA RUIZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **AND** | § | **JUDICIAL DISTRICT** |
| | § | |
| **HAFEDH AZAEIZ** | § | **TRAVIS COUNTY, TEXAS** |

**TEMPORARY EX PARTE PROTECTIVE ORDER
AND ORDER SETTING HEARING**

On _____, the application of Vanessa Ruiz Applicant, for a temporary ex parte protective order was presented to the Court.

The Court, having examined the pleadings and allegations of Applicant, finds that Applicant's sworn pleadings and allegations show that Applicant is a girlfriend of Respondent and that -

Applicant and Respondent had a dating relationship as defined in section 71.0021(b) of the Texas Family Code.

The Court finds that there is a clear and present danger of family violence unless Hafedh Azaeiz is ordered to do or refrain from doing certain acts, as shown below.

The Court finds that there is an immediate need for the following protective orders to prevent family violence and to protect Applicant and that the orders are in the best interest of Applicant.

In this order, "Protected Person" means Applicant.

IT IS THEREFORE ORDERED that the clerk of this Court issue temporary ex parte protective orders as follows, and Respondent is immediately:

Prohibited from committing family violence against Petitioner, as defined by section

71.004 of the Texas Family Code.

Prohibited from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibited from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Prohibited from communicating directly with Protected Person in a threatening or harassing manner.

Prohibited from communicating a threat through any person to Protected Person.

Prohibited, on the basis of good cause shown, from communicating in any manner with Protected Person except through Respondent's attorney or Petitioner's attorney.

Prohibited from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibited from going to or near the residences or places of employment or business of Protected Person.  The Court specifically prohibits Respondent from going to or near 500 feet and specifically requires Respondent to maintain 500 feet.

Prohibited from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and further prohibited from remaining within 500 feet after Respondent becomes aware of the Protected Person's presence.

Prohibited from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

**Temporary ExParte Protective Order and Order to Appear**                    **P a g e   2   o f   7**

Exhibit 3

Prohibited from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Prohibited from interfering with Applicant's use of the residence located at 820 Camino Vaquero Pkwy., #4105, Austin, TX 78748, including but not limited to disconnecting utilities or telephone service or causing such services to be disconnected.

These temporary ex parte protective orders shall be effective immediately and binding on Respondent and shall continue in full force and effect for twenty days from the date this order is signed unless terminated sooner by order of this Court.

The requirement of a bond is waived.

**IT IS FURTHER ORDERED that the clerk shall issue notice to Respondent, Hafedh Azaeiz, to appear, and Respondent is ORDERED to appear in person, before this Court in the courthouse at 1000 Guadalupe Street, Austin, Texas, on _____ at _____. M.** The purpose of this hearing is to determine whether the Court should issue its protective order -

Prohibiting Respondent from committing family violence as defined in section 71.004 of the Texas Family Code.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Exhibit 3

Prohibiting Respondent from communicating directly with Protected Person in a threatening or harassing manner.

Prohibiting Respondent from communicating a threat through any person to Protected Person.

On a finding of good cause, prohibiting Respondent from communicating in any manner with Protected Person except through Respondent's attorney or a person appointed by the Court.

Prohibiting Respondent from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibiting Respondent from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and from remaining within 500 feet after Respondent is aware of the Protected Person's presence.

Prohibiting Respondent from going to or near the residences or places of employment or business of Protected Person.  Specifically prohibiting Respondent from going to or near 500 feet and specifically requiring Respondent to maintain 500 feet.

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibiting Respondent from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Suspending Respondent's license to carry a handgun issued under subchapter H, chapter 411, of the Texas Government Code.

Exhibit 3

Requiring Respondent to complete a battering intervention and prevention program or counseling as provided by section 85.022(a) of the Texas Family Code.

This hearing is also to determine whether the Court should assess reasonable attorney's fees against Hafedh Azaeiz to be awarded to DeVondolyn Arrington, Muery & Farrell, PC.

This hearing is also to determine whether the identifying information, which the Court has sealed, should be disclosed to Respondent.

### Warning

A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF AS MUCH AS $500 OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.

NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER.   DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

IT IS UNLAWFUL FOR ANY PERSON, OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM OR AMMUNITION.

A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THE ORDER MAY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, OR BOTH.   AN ACT THAT

**Temporary ExParte Protective Order and Order to Appear**          **P a g e  5  o f  7**

Exhibit 3

RESULTS IN FAMILY VIOLENCE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE.  IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS.

IT IS UNLAWFUL FOR ANY PERSON WHO IS SUBJECT TO A PROTECTIVE ORDER TO KNOWINGLY PURCHASE, RENT, LEASE, OR RECEIVE AS A LOAN OR GIFT FROM ANOTHER, A HANDGUN FOR THE DURATION OF THIS ORDER.

INTERSTATE VIOLATION OF THIS PROTECTIVE ORDER MAY SUBJECT RESPONDENT TO FEDERAL CRIMINAL PENALTIES.  THIS PROTECTIVE ORDER IS ENFORCEABLE IN ALL FIFTY STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, AND U.S. TERRITORIES.


SIGNED on _____ at _____. M.


_____
JUDGE PRESIDING

APPROVED AS TO FORM:

MUERY & FARRELL, PC
201 East Pecan Street
Hutto, Texas 78634
Tel: (737) 808-0529
Fax: (512) 727-6626


By:_____
Adam T. Muery
State Bar No. 24046495
DeVondolyn Arrington
State Bar No. 24064157
E-Service: filing@texanlegal.com
Email: devondolyn@texanlegal.com

**Temporary ExParte Protective Order and Order to Appear**      **P a g e  6  o f  7**

Exhibit 3

Attorney for Vanessa Ruiz

## APPLICANT INFORMATION - CONFIDENTIAL

Last Name **Ruiz** First Name **Vanessa** Middle _____

Street **820 Camino Vaquero Place** City **Austin** State **TX** Zip **78748** County **Travis**

Mailing address (if different) _____ *Ph # (_____) _____ *Cell # (**915**) **841-9656**

Place of Birth **Los Angeles California** Date of Birth **08 / 18 / 1977**

Sex: (M)(**F**) Race: Native American  Asian  Pacific Islander  Black (**White**) Unknown   Ethnicity: (**Hispanic**)  Non-Hispanic  Unknown

Employer # 1 **Wayside School District** Address **6405 S. IH-35 Frontage Road**

City **Austin** State **TX** Zip **78744** Ph # (**512**) **220-9120**

Occupation **School Principal** Work Schedule **Monday - Friday**

Employer # 2 _____ Address _____

City _____ State _____ Zip _____ Ph # (_____) _____

Occupation _____ Work Schedule _____

## PROTECTED CHILD #1

Last Name _____ First Name _____ Middle _____

Street _____ City _____ State _____ Zip _____ County _____

Mailing address (if different) _____ Ph # (_____)_____ Cell # (_____)_____

Place of Birth _____ Date of Birth ____/____/____

Sex: (M) (F)   Race: Native American  Asian  Pacific Islander  Black  White  Unknown   Ethnicity: Hispanic  Non-Hispanic  Unknown

School /Day Care _____ Address _____

City _____ State _____ Zip _____ Ph # (_____)_____ Contact _____

## PROTECTED CHILD #2

Last Name _____ First Name _____ Middle _____

Street _____ City _____ State _____ Zip _____ County _____

Mailing address (if different) _____ Ph # (_____)_____ Mobile # (_____)_____

Place of Birth _____ Date of Birth ____/____/____

Sex: (M) (F)   Race: Native American  Asian  Pacific Islander  Black  White  Unknown   Ethnicity: Hispanic  Non-Hispanic  Unknown

School /Day Care _____ Address _____

City _____ State _____ Zip _____ Ph # (_____)_____ Contact _____

## PROTECTED CHILD #3

Last Name _____ First Name _____ Middle _____

Street _____ City _____ State _____ Zip _____ County _____

Mailing address (if different) _____ Ph # (_____)_____ Mobile # (_____)_____

Place of Birth _____ Date of Birth ____/____/____

Sex: (M) (F)   Race: Native American  Asian  Pacific Islander  Black  White  Unknown   Ethnicity: Hispanic  Non-Hispanic  Unknown

School /Day Care _____ Address _____

City _____ State _____ Zip _____ Ph # (_____)_____ Contact _____

## CRIMINAL JUSTICE/LAW ENFORCEMENT INFORMATION

ORI _____ Type of Order:  Protective Order  Emergency Protective Order

OCA _____ Protective Order # _____ Court Identifier _____

Date of Birth ____/____/____ Date of Expiration ____/____/____ Date of Dismissal ____/____/____

SID # _____ FBI # _____ FPC _____ MNU _____

## COUNTY USE ONLY

Assigned Investigator _____ Assigned Case # _____

Additional Warrant/Complaint Information _____

TRAVIS COUNTY INTER-DEPARTMENTAL CONSOLIDATED PROTECTIVE ORDER INFORMATION

**COURT INFORMATION**

☐ District Court  ☐ County Court-at-Law  Cause # _____  Date ___/___/___
☐ Final Order  ☐ Modified Order  ☐ Ex-Parte Order  ☐ Emergency Order  Order to Vacate included? Y N

**\*RESPONDENT INFORMATION**

☐ **Check here if respondent is in jail**
Last Name _Azaiez_  First Name _Hafedh_  Middle _____
Place of Birth _Tunisia, North Africa_  Date of Birth _5/17/1972_  Height _5' 9"_  Weight _210_
Sex: (M) (F)  Race: Native American  Asian  Pacific Islander  Black  White  Unknown  Ethnicity: Hispanic  Non-Hispanic  Unknown
_arab_
Skin: Albino  Black  Dark  Dark Brown  (Fair)  Light  Light Brown  Medium  Med Brown  Olive  Ruddy  Sallow  Yellow  Unknown
Eye Color: Black  Blue  (Brown)  Gray  Green  Hazel  Maroon  Pink  Multi-Colored  Unknown
Hair Color: Black  Blond  Brown  (Gray)  Red  White  Sandy  Bald  Unknown  Hair Style _Bald/semi_
Scars, marks, and/or tattoos (please describe in detail) _____
_____
Circle all that apply: Glasses  Beard  Moustache  Front Teeth Missing  Limp  Other _____

**Please include the following identifiers if available**

Texas ID # _____  Misc. ID # _____
Driver's License # _____  Driver's License State _____  Date of Expiration ___/___/___

**\*Home Address**

Street _____  City _____  State _____  Zip _____  County _____
Mailing address (if different) _____  Ph # (___) _____  Cell # (___) _____
Other occupants at residence (include relationship) _____

**\*Business/Work Information**

Company _Round Rock I.S.D_  Address _1311 Round Rock Ave_  Suite No. _____
City _Round Rock_  State _TX_  Zip _78681_  Ph # _(512) 464-5000_  ext. _____
Occupation _Superintendent_  Supervisor _Amy Weir_  Dept. _____  Wk Schedule _Monday-Friday_

**Other Addresses**

Where else might respondent be found? _____
Who else might be there? _____

**\*Vehicle Information**

License Plate # _____  Issuing State _TX_  Year of Expiration _____  Type _____
Vehicle ID # _____  Year _2020_  *Make _Nissan_  Model _Pathfinder_  *Style _SUV_  *Color _Grey_
*Unusual vehicle markings (bumper/window stickers, damage, etc.) _____

**Other Relevant Respondent Information**

Relationship to protected person(s) _Former dating/relationship partner_
Outstanding warrants? Y N  For: _____
Past arrests? Y (N)  For: _____
Known convictions? Y N  For: _____
Currently on probation? Y N  Name of probation officer _____  County _____
Currently on parole? Y N  Name of probation officer _____  County _____
Serious mental problems _____  Alcohol/drug problems _____
Weapons owned _____  History of violence with others? Y N
Respondent Attorney's name _Kacy Dudley_  Respondent Attorney's Ph # _(512) 617-3975_
Additional notes _____
_____

\* Mandatory information

page 1 of 2

Velva L. Price
District Clerk
Travis County
D-1-FM-21-004602
Armanda Martinez

**NOTICE:  THIS DOCUMENT
CONTAINS SENSITIVE DATA**

NO. ___D-1-FM-21-004602___

| | | |
|---|---|---|
| **VANESSA RUIZ** | § | **IN THE DISTRICT COURT** |
| | § | 53RD |
| **AND** | § | **JUDICIAL DISTRICT** |
| | § | |
| **HAFEDH AZAEIZ** | § | **TRAVIS COUNTY, TEXAS** |

## TEMPORARY EX PARTE PROTECTIVE ORDER
## AND ORDER SETTING HEARING

On _____July 29, 2021_____, the application of Vanessa Ruiz Applicant, for a

temporary ex parte protective order was presented to the Court.

The Court, having examined the pleadings and allegations of Applicant, finds that

Applicant's sworn pleadings and allegations show that Applicant is a girlfriend of Respondent

and that -

Applicant and Respondent had a dating relationship as defined in section 71.0021(b) of

the Texas Family Code.

The Court finds that there is a clear and present danger of family violence unless Hafedh

Azaeiz is ordered to do or refrain from doing certain acts, as shown below.

The Court finds that there is an immediate need for the following protective orders to

prevent family violence and to protect Applicant and that the orders are in the best interest of

Applicant.

In this order, "Protected Person" means Applicant.

IT IS THEREFORE ORDERED that the clerk of this Court issue temporary ex parte

protective orders as follows, and Respondent is immediately:

Prohibited from committing family violence against Petitioner, as defined by section

**Temporary ExParte Protective Order and Order to Appear**          **P a g e   1   o f   7**

71.004 of the Texas Family Code.

Prohibited from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibited from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Prohibited from communicating directly with Protected Person in a threatening or harassing manner.

Prohibited from communicating a threat through any person to Protected Person.

Prohibited, on the basis of good cause shown, from communicating in any manner with Protected Person except through Respondent's attorney or Petitioner's attorney.

Prohibited from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibited from going to or near the residences or places of employment or business of Protected Person.  The Court specifically prohibits Respondent from going to or near 500 feet and specifically requires Respondent to maintain 500 feet.

Prohibited from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and further prohibited from remaining within 500 feet after Respondent becomes aware of the Protected Person's presence.

Prohibited from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

**Temporary ExParte Protective Order and Order to Appear**           **P a g e  2  o f  7**

Exhibit 3

Prohibited from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Prohibited from interfering with Applicant's use of the residence located at 820 Camino Vaquero Pkwy., #4105, Austin, TX 78748, including but not limited to disconnecting utilities or telephone service or causing such services to be disconnected.

These temporary ex parte protective orders shall be effective immediately and binding on Respondent and shall continue in full force and effect for twenty days from the date this order is signed unless terminated sooner by order of this Court.

The requirement of a bond is waived.

**IT IS FURTHER ORDERED that the clerk shall issue notice to Respondent, Hafedh Azaeiz, to appear, and Respondent is ORDERED to appear** ~~in person~~ virtually via Zoom **, before this Court** ~~in the courthouse at 1000 Guadalupe Street, Austin, Texas~~ **, on** __August 12, 2021__ **at** __8:30 A__ **. M.** The purpose of this hearing is to determine whether the Court should issue its protective order -

Prohibiting Respondent from committing family violence as defined in section 71.004 of the Texas Family Code.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Exhibit 3

Prohibiting Respondent from communicating directly with Protected Person in a threatening or harassing manner.

Prohibiting Respondent from communicating a threat through any person to Protected Person.

On a finding of good cause, prohibiting Respondent from communicating in any manner with Protected Person except through Respondent's attorney or a person appointed by the Court.

Prohibiting Respondent from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibiting Respondent from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and from remaining within 500 feet after Respondent is aware of the Protected Person's presence.

Prohibiting Respondent from going to or near the residences or places of employment or business of Protected Person.  Specifically prohibiting Respondent from going to or near 500 feet and specifically requiring Respondent to maintain 500 feet.

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibiting Respondent from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Suspending Respondent's license to carry a handgun issued under subchapter H, chapter 411, of the Texas Government Code.

Exhibit 3

Requiring Respondent to complete a battering intervention and prevention program or counseling as provided by section 85.022(a) of the Texas Family Code.

This hearing is also to determine whether the Court should assess reasonable attorney's fees against Hafedh Azaeiz to be awarded to DeVondolyn Arrington, Muery & Farrell, PC.

This hearing is also to determine whether the identifying information, which the Court has sealed, should be disclosed to Respondent.

**Warning**

A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF AS MUCH AS $500 OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.

NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER.   DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

IT IS UNLAWFUL FOR ANY PERSON, OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM OR AMMUNITION.

A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THE ORDER MAY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, OR BOTH.   AN ACT THAT

**Temporary ExParte Protective Order and Order to Appear**          **P a g e  5  o f  7**

Exhibit 3

RESULTS IN FAMILY VIOLENCE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE.  IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS.

IT IS UNLAWFUL FOR ANY PERSON WHO IS SUBJECT TO A PROTECTIVE ORDER TO KNOWINGLY PURCHASE, RENT, LEASE, OR RECEIVE AS A LOAN OR GIFT FROM ANOTHER, A HANDGUN FOR THE DURATION OF THIS ORDER.

INTERSTATE VIOLATION OF THIS PROTECTIVE ORDER MAY SUBJECT RESPONDENT TO FEDERAL CRIMINAL PENALTIES.  THIS PROTECTIVE ORDER IS ENFORCEABLE IN ALL FIFTY STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, AND U.S. TERRITORIES.

SIGNED on _____July 29, 2021_____ at _____5:09_____ P. M.

_____
JUDGE PRESIDING
KARIN CRUMP
250TH DISTRICT COURT

APPROVED AS TO FORM:

MUERY & FARRELL, PC
201 East Pecan Street
Hutto, Texas 78634
Tel: (737) 808-0529
Fax: (512) 727-6626

By:_____
Adam T. Muery
State Bar No. 24046495
DeVondolyn Arrington
State Bar No. 24064157
E-Service: filing@texanlegal.com
Email: devondolyn@texanlegal.com

**Temporary ExParte Protective Order and Order to Appear**          **P a g e  6  o f  7**

Exhibit 3

Attorney for Vanessa Ruiz

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 55844933
Status as of 7/30/2021 10:32 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adam Muery | | adam@texanlegal.com | 7/29/2021 5:20:36 PM | SENT |



7/30/2021 11:27 AM

Velva L. Price
District Clerk
Travis County
D-1-FM-21-004602
Laura Lancaster

# SERVICE REQUEST FORM

**VELVA L. PRICE**

District Clerk, Travis County

Civil Division (512) 854–9457

---

## REQUESTED BY:

**ATTORNEY/FILER:** Devondolyn Arrington,  Muery & Farrell, PC

**PHONE #:** (737) 808-0529    **Cassie: (737) 201-0705**

**EMAIL:** cassie@texanlegal.com; filing@texanlegal.com

**SUBMITTED BY:** CASSIE AVERY

**TITLE:** LITIGATION PARALEGAL

**SIGNATURE:**

---

## ISSUE PROCESS FOR:

**CAUSE #:** ▓▓▓▓ D-1-FM-21-004602    **CASE STYLE:** Vanessa Ruiz and Hafedh Azaeiz

---

## QUICK CITATION REQUEST: (FOR SERVICE OF CITATION ON ALL DEFENDANTS BY PERSONAL

ISSUE CITATION TO ALL DEFENDANTS LISTED IN THE ORIGINAL PETITION AT THE ADDRESS SPECIFIED IN THE PETITION AND FORWARD THE CITATION(S) TO THE FOLLOWING:

☒TRAVIS CO. CONSTABLE (specify):    ☐CERTIFIED MAIL BY CLERK   ☒ATTORNEY/REQUESTER

☐PRIVATE PROCESS AGENCY (specify):    ☐I HAVE INCLUDED ATTACHMENTS TO THIS REQUEST (e.g. DISCOVERY) TO INCLUDE

---

## DETAILED SERVICE REQUEST: (ON PARTICULAR PARTIES, BY VARIOUS DELIVERY METHODS, OR FOR NON-CITATION

**DESRIPTION OF INSTRUMENT(S) TO BE SERVED:** Application for Protective Order

☒I HAVE INCLUDED ATTACHMENTS TO THIS REQUEST (e.g. discovery) TO INCLUDE IN THE CITATION Temporary ExParte Protective Order and Order to Appear

| TYPE OF PROCESS TO ISSUE: | ☐CITATION ☐CERTIFIED NOTICE ☒PROTECTIVE ORDER* ☐TRO*^ ☐INJUNCTION*^ ☐SEQUESTRATION*^ ☐ATTACHMENT* ☐EXECUTION* ☐ABSTRACT* ☐SUPERSEDEAS^ ☐SCIRE FACIAS* ☐OTHER^ |
|---|---|

*SPECIFY TITLE AND DATE OF UNDERLYING ORDER IN CASE RECORD:    ^ATTACH A COPY OF BOND AND/OR OTHER SUPPORTING DOCUMENT **The Travis County Law enforcement form was filed with Application.**

---

## SERVICE TO BE ISSUED:

**PARTY NAME:** Hafedh Azaeiz    **Respondent is Superintendent of RRISD; RRISD offices are closed on Fridays. Home address is unknown.**

**PARTY TYPE:** RESPONDENT

☒USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE
☐OTHER ADDRESS: 1311 Round Rock Ave, Round Rock, TX 78681

**EMAIL PROCESS TO:**
☒TRAVIS CO. CONSTABLE
▓▓▓▓▓
☐PRIVATE PROCESS AGENCY:
Process Agency Name:

**SERVE VIA:**
☒PERSONAL SERVICE
☐CERTIFIED MAIL (BY CONSTABLE)
☐CERTIFIED MAIL (BY CLERK)
☐CITATION BY POSTING*
☐CITATION BY PUBLICATION*

**PARTY NAME:**

**PARTY TYPE:**

☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE
☐OTHER ADDRESS:

**EMAIL PROCESS TO:**
☐TRAVIS CO. CONSTABLE
☐ATTORNEY/REQUESTOR
☐PRIVATE PROCESS AGENCY:
Process Agency Name:

**SERVE VIA:**
☐PERSONAL SERVICE
☐CERTIFIED MAIL (BY CONSTABLE)
☐CERTIFIED MAIL (BY CLERK)
☐CITATION BY POSTING*
☐CITATION BY PUBLICATION*

**PARTY NAME:**

**PARTY TYPE:**

☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE
☐OTHER ADDRESS:

**EMAIL PROCESS TO:**
☐TRAVIS CO. CONSTABLE
☐ATTORNEY/REQUESTOR
☐PRIVATE PROCESS AGENCY:
Process Agency Name:

**SERVE VIA:**
☐PERSONAL SERVICE
☐CERTIFIED MAIL (BY CONSTABLE)
☐CERTIFIED MAIL (BY CLERK)
☐CITATION BY POSTING*
☐CITATION BY PUBLICATION*

*THIS TYPE OF SERVICE MAY REQUIRE A COURT ORDER. ENTER DATE OF SERVICE ORDER IN CASE RECORD:
ADDITIONAL INSTRUCTIONS FOR CLERK OR FOR OFFICER SERVING PROCESS:

**FOR ADDITIONAL PARTIES TO BE SERVED, USE e-FILED PROCESS ISSUANCE REQUEST FORM ADDENDUM**

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cassie Avery on behalf of Adam Muery
Bar No. 24046495
cassie@texanlegal.com
Envelope ID: 55854158
Status as of 7/30/2021 12:15 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adam Muery | | adam@texanlegal.com | 7/30/2021 11:27:37 AM | SENT |

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cassie Avery | | cassie@texanlegal.com | 7/30/2021 11:27:37 AM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 7/30/2021 11:27:37 AM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 7/30/2021 11:27:37 AM | SENT |

Exhibit 3

**R U S H**          NOTICE OF AN APPLICATION FOR A PROTECTIVE ORDER          **R U S H**

THE STATE OF TEXAS

**CAUSE NO.  D-1-FM-21-004602**

VANESSA RUIZ                              , Applicant      §  IN THE 53RD JUDICIAL DISTRICT COURT
        vs.                                               §  OF TRAVIS COUNTY
HAFEDH AZAEIZ                            , Respondent

TO:  HAFEDH AZAEIZ
     ROUND ROCK ISD
     1311 ROUND ROCK AVE
     ROUND ROCK, TEXAS 78681

An application for a protective order has been filed in the court stated in this notice alleging
that you committed family violence. You may employ an attorney to defend yourself against this
allegation. You or your attorney may, but are not required to, file a written answer to this
application.  Any answer must be filed before the hearing on the application.  If you receive this
notice within 48 hours before the time is set for the hearing, you may request the court to
reschedule the hearing not later than 14 days after the date set for the hearing.  If you do not
attend the hearing, a default judgment may be taken out and a protective order may be issued
against you.

Attached is a copy of the <u>APPLICATION FOR A PROTECTIVE ORDER</u> in the above styled numbered cause,
which was filed on <u>JULY 28, 2021</u>.  Also attached is a copy of the order signed by the Honorable
<u>KARIN CRUMP</u>, by WHICH YOU ARE TO ABIDE.

You are further notified that the hearing on Applicant's <u>AN APPLICATION FOR A PROTECTIVE ORDER</u> is
set for hearing in the <u>53RD JUDICIAL DISTRICT COURT</u> at the Courthouse, City of Austin, <u>AUGUST 12,
2021</u> at <u>8:30 A.M.</u>, at which time you are required to appear and show cause, if any, why said
application should not be granted as prayed for;

HEREIN FAIL NOT TO OBEY this Writ, under the Pains and Penalties prescribed by LAW!
Given under my hand and seal of said Court at office in the City of Austin, <u>July 30, 2021</u>.

REQUESTED BY:                    <u>CHECK THE</u>
ADAM THOMAS MUERY                <u>MONITOR</u>
201 EAST PECAN STREET            <u>IN HALL OUTSIDE</u>
HUTTO, TX 78634                  <u>DISTRICT CLERK'S</u>
BUSINESS PHONE:(737)808-0529     <u>OFFICE, ROOM</u>
FAX:(512)727-6626                <u>302,</u>
                                 <u>FOR ASSIGMENT</u>
                                 <u>OF THIS CASE.</u>

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- -

Came to hand on the _____ day of _____, _____ at _____ o'clock ____.M.  Executed at
_____ within the County of _____
at _____ o'clock _____ M., on the _____ day of _____, _____, at _____ o'clock _____ M.,
by delivering to the within named _____ at
_____ in _____ County, Texas in person a true
copy of this Writ and the accompanying copy of the application and order.

Service Fee: $ _____                              _____
                                                     Sheriff / Constable / Authorized Person
Sworn to and subscribed before me this the
                                                     By:_____
_____ day of _____, _____.
                                                     _____
_____            Printed Name of Server
Notary Public, THE STATE OF TEXAS
                                                     _____ County, Texas

**D-1-FM-21-004602**              CONSTABLE 5                    **P16 - 000002596**

7/30/202E 3:151 DFM3

Velva L. Price
District Clerk
Travis County
D-1-FM-21-004602
Zelda Stanford

**NOTICE:  THIS DOCUMENT
CONTAINS SENSITIVE DATA**

### NO. <u>D-1-FM-21-004602</u>

| | | |
|---|---|---|
| **VANESSA RUIZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **AND** | § | **53RD JUDICIAL DISTRICT** |
| | § | |
| **HAFEDH AZAIEZ** | § | **TRAVIS COUNTY, TEXAS** |

### FIRST AMENDED APPLICATION FOR A PROTECTIVE ORDER

*1.      Discovery Level*

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

*2.      Parties*

This Application for a Protective Order is brought by Vanessa Ruiz, Applicant, who is a resident of Travis County, Texas. The last three numbers of Applicant's driver's license number are 547. The last three numbers of Applicant's Social Security number are 308. This Application for a Protective Order is brought for the protection of Applicant, who is a resident of Travis County, Texas.   Information required by section 152.209(a) of the Texas Family Code is provided in the declaration attached as Exhibit A.  Respondent is Hafedh Azaiez, who resides in Williamson County, Texas.

Applicant is not receiving services from the title IV-D agency in connection with a child support case.

*3.      Service*

Process should be served on Respondent at Round Rock Independent School District, 1311 Round Rock Ave, Round Rock, TX 78681.

**First Amended Application for Protective Order**                                                    **P a g e**

4.      *Relationship of Parties*

Applicant is a former girlfriend of Hafedh Azaiez.

Applicant and Respondent had a dating relationship as defined in section 71.0021(b) of the Texas Family Code.

5.      *Nondisclosure of Identifying Information and Request for Sealing*

This Application for a Protective Order is brought for the protection of Vanessa Ruiz, who is a resident of Travis County, Texas. Information required by section 152.209(a) of the Texas Family Code is provided in the affidavit attached as Exhibit A. Applicant believes the disclosure of this identifying information would jeopardize the health, safety, or liberty of Applicant named herein. Accordingly, Applicant requests that the identifying information set forth in the affidavit attached as Exhibit A be and remain sealed and not disclosed by any means to the other party or the public unless the Court orders the disclosure to be made after a hearing in which the Court takes into consideration the health, safety, and liberty of the party and determines that the disclosure is in the interest of justice. Respondent is Hafedh Azaiez, who resides in Williamson County, Texas.

6.      *Grounds*

Respondent has engaged in conduct that constitutes family violence.

Respondent committed acts that were intended by Respondent to result in physical harm, bodily injury, assault, or sexual assault or were threats that reasonably placed Applicant in fear of imminent physical harm, bodily injury, assault, or sexual assault.  Respondent's acts therefore constitute family violence.

Respondent's conduct was reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass Applicant.

**First Amended Application for Protective Order**                                              **P a g e**

Exhibit 3

Good cause exists for prohibiting Respondent from communicating with Applicant except through Respondent's attorney or a person appointed by the Court, as requested below.

The residence at 820 Camino Vaquero Pkwy., #4105, Austin, TX 78748 is leased by Applicant.

7.    *Request for Protective Order*

In this application, "Protected Person" means Applicant.

Applicant requests the Court, after notice and hearing, to issue its protective order:

Prohibiting Respondent from committing family violence as described in section 71.004 of the Texas Family Code.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault or sexual assault.

Prohibiting Respondent from communicating directly with Protected Person in a threatening or harassing manner.

Prohibiting Respondent from communicating a threat through any person to Protected Person.

On a finding of good cause, prohibiting Respondent from communicating in any manner with Protected Person except through Respondent's attorney or a person appointed by the Court.

Prohibiting Respondent from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy,

**First Amended Application for Protective Order**                                                                 **P a g e**

alarm, abuse, torment, or embarrass the Protected Person.

Prohibiting Respondent from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and from remaining within 500 feet after Respondent becomes aware of the Protected Person's presence.

Prohibiting Respondent from going to or near the residences or places of employment or business of Protected Person.  Applicant requests the Court to specifically prohibit Respondent from going to or near 500 feet and to specifically require Respondent to maintain 500 feet.

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibiting Respondent from possessing a firearm or ammunition unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Suspending Respondent's license to carry a handgun issued under subchapter H, chapter 411, of the Texas Government Code.

Requiring Respondent to complete a battering intervention and prevention program or counseling as provided by section 85.022(a) of the Texas Family Code.

8.    *Request for Temporary Ex Parte Order*

Before the filing of this application, Respondent has engaged in conduct that constitutes family violence.  See Petitioner's declaration in support attached hereto as Exhibit A. There is an immediate need for the protective order requested in this application.

Based on the conduct of Respondent as alleged, Applicant reasonably fears that there is a clear and present danger of family violence, which will cause Applicant immediate and

**First Amended Application for Protective Order**                                                    **P a g e**

Exhibit 3

irreparable injury, loss, and damage, for which Applicant has no adequate remedy at law.

Applicant therefore requests the Court to issue a temporary ex parte order immediately for the protection of Protected Person:

Prohibiting Respondent from committing family violence as defined in section 71.004 of the Texas Family Code.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Prohibiting Respondent from communicating directly with Protected Person in a threatening or harassing manner.

Prohibiting Respondent from communicating a threat through any person to Protected Person.

On a finding of good cause, prohibiting Respondent from communicating in any manner with Protected Person except through Respondent's attorney or a person appointed by the Court.

Prohibiting Respondent from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibiting Respondent from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and from remaining within 500 feet after Respondent becomes aware of the Protected Person's presence.

**First Amended Application for Protective Order**                                                    **P a g e**

Exhibit 3

Prohibiting Respondent from going to or near the residences or places of employment or business of Protected Person.  Applicant requests the Court to specifically prohibit Respondent from going to or near 500 feet and to specifically require Respondent to maintain 500 feet.

Prohibiting Respondent from harming, threatening, or interfering with the care, custody, or control of a pet, companion animal, or assistance animal, as defined by section 121.002 of the Texas Human Resources Code, that is possessed by or in the actual or constructive care of Protected Person.

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibiting Respondent from possessing a firearm or ammunition unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Prohibiting Respondent from interfering with Applicant's use of the residence located at 820 Camino Vaquero Pkwy., #4105, Austin, TX 78748, including but not limited to disconnecting utilities or telephone service or causing such services to be disconnected.

Granting Applicant exclusive possession of the parties' residence.

Applicant requests the Court to dispense with the necessity of a bond.

9.    *Best Interest*

The protective order requested is in the best interest of the family, household, or member of the family or household.

**First Amended Application for Protective Order**                                                          **P a g e**

10.     *Attorney's Fees and Costs*

The Court should assess against Hafedh Azaiez a reasonable attorney's fee as compensation for Muery & Farrell, PC, Adam T. Muery, and judgment should be rendered in favor of this attorney against Hafedh Azaiez.

Applicant requests that Respondent be ordered to pay reasonable attorney's fees, the $16 protective order fee, the cost of service of the protective order, the costs of court, and all other fees, charges, or expenses incurred in connection with the protective order before the sixtieth day after the date the order is rendered.

11.     *Prayer*

Applicant prays that notice of this Application for a Protective Order issue as required by law and that the Court enter the protective orders as requested in this application.

Applicant further prays that the Court immediately issue a temporary protective order, ex parte, in conformity with the allegations stated above, prohibiting Respondent from the acts and ordering Respondent to do the acts set forth above until a hearing can be held.

Applicant prays that a hearing be held no later than the fourteenth day after the date this application is filed; that, after notice and hearing, the Court grant the relief requested above; and that the Court dispense with the necessity of a bond.

Applicant prays for attorney's fees, costs, charges, and expenses.

Applicant prays for general relief.

Respectfully Submitted,

MUERY & FARRELL, PC
201 EAST PECAN STREET
HUTTO, TEXAS 78634
Tel: (737) 808-0529
Fax: (512) 727-6626

**First Amended Application for Protective Order**                                    **P a g e**

Exhibit 3

By:_____
    Adam T. Muery
    State Bar No. 24046495
    DeVondolyn Arrington
    State Bar No. 24064157
    E-Service: filing@texanlegal.com
    Email: adam@texanlegal.com
    Email: devondolyn@texanlegal.com
    Attorney for Vanessa Ruiz

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cassie Avery on behalf of Adam Muery
Bar No. 24046495
cassie@texanlegal.com
Envelope ID: 55879767
Status as of 7/30/2021 4:52 PM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cassie Avery | | cassie@texanlegal.com | 7/30/2021 3:51:08 PM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 7/30/2021 3:51:08 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 7/30/2021 3:51:08 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adam Muery | | adam@texanlegal.com | 7/30/2021 3:51:08 PM | SENT |

7/30/2021 1:36 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-FM-21-004602**
**Adam Cantu**

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

## NO.  D-1-FM-21-004602

| | | |
|---|---|---|
| VANESSA RUIZ | § | IN THE DISTRICT COURT |
| | § | |
| AND | § |  53rd JUDICIAL DISTRICT |
| | § | |
| HAFEDH AZAIEZ | § | TRAVIS COUNTY, TEXAS |

### FIRST AMENDED TEMPORARY EX PARTE PROTECTIVE ORDER
### AND ORDER SETTING HEARING

On_____July 30, 2021_____, the application of Vanessa Ruiz Applicant, for a

temporary ex parte protective order was presented to the Court.

The Court, having examined the pleadings and allegations of Applicant, finds that

Applicant's sworn pleadings and allegations show that Applicant is a girlfriend of Respondent

and that -

Applicant and Respondent had a dating relationship as defined in section 71.0021(b) of

the Texas Family Code.

The Court finds that there is a clear and present danger of family violence unless Hafedh

Azaiez is ordered to do or refrain from doing certain acts, as shown below.

The Court finds that there is an immediate need for the following protective orders to

prevent family violence and to protect Applicant and that the orders are in the best interest of

Applicant.

In this order, "Protected Person" means Applicant.

IT IS THEREFORE ORDERED that the clerk of this Court issue temporary ex parte

protective orders as follows, and Respondent is immediately:

Prohibited from committing family violence against Petitioner, as defined by section

71.004 of the Texas Family Code.

**Amended Temporary ExParte Protective Order and Order**                    **P a g e  1  o f  7**

Exhibit 3

Prohibited from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibited from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Prohibited from communicating directly with Protected Person in a threatening or harassing manner.

Prohibited from communicating a threat through any person to Protected Person.

Prohibited, on the basis of good cause shown, from communicating in any manner with Protected Person except through Respondent's attorney or Petitioner's attorney.

Prohibited from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibited from going to or near the residences or places of employment or business of Protected Person.   The Court specifically prohibits Respondent from going to or near 500 feet and specifically requires Respondent to maintain 500 feet.

Prohibited from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and further prohibited from remaining within 500 feet after Respondent becomes aware of the Protected Person's presence.

Prohibited from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

**Amended Temporary ExParte Protective Order and Order**                    **P a g e   2   o f   7**

Exhibit 3

Prohibited from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Prohibited from interfering with Applicant's use of the residence located at 820 Camino Vaquero Pkwy., #4105, Austin, TX 78748, including but not limited to disconnecting utilities or telephone service or causing such services to be disconnected.

These temporary ex parte protective orders shall be effective immediately and binding on Respondent and shall continue in full force and effect for twenty days from the date this order is signed unless terminated sooner by order of this Court.

The requirement of a bond is waived.

**IT IS FURTHER ORDERED that the clerk shall issue notice to Respondent, Hafedh Azaiez, to appear, and Respondent is ORDERED to appear in person, before this Court in the courthouse at 1000 Guadalupe Street, Austin, Texas, on  AUGUST 12, 2021  at  ~~10:30~~ 8:30 A. M.** The purpose of this hearing is to determine whether the Court should issue its protective order -

Prohibiting Respondent from committing family violence as defined in section 71.004 of the Texas Family Code.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Exhibit 3

Prohibiting Respondent from communicating directly with Protected Person in a threatening or harassing manner.

Prohibiting Respondent from communicating a threat through any person to Protected Person.

On a finding of good cause, prohibiting Respondent from communicating in any manner with Protected Person except through Respondent's attorney or a person appointed by the Court.

Prohibiting Respondent from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibiting Respondent from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and from remaining within 500 feet after Respondent is aware of the Protected Person's presence.

Prohibiting Respondent from going to or near the residences or places of employment or business of Protected Person. Specifically prohibiting Respondent from going to or near 500 feet and specifically requiring Respondent to maintain 500 feet.

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibiting Respondent from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Suspending Respondent's license to carry a handgun issued under subchapter H, chapter 411, of the Texas Government Code.

Exhibit 3

Requiring Respondent to complete a battering intervention and prevention program or counseling as provided by section 85.022(a) of the Texas Family Code.

This hearing is also to determine whether the Court should assess reasonable attorney's fees against Hafedh Azaiez to be awarded to DeVondolyn Arrington, Muery & Farrell, PC.

This hearing is also to determine whether the identifying information, which the Court has sealed, should be disclosed to Respondent.

**Warning**

A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF AS MUCH AS $500 OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.

NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

IT IS UNLAWFUL FOR ANY PERSON, OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM OR AMMUNITION.

A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THE ORDER MAY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, OR BOTH. AN ACT THAT

Exhibit 3

RESULTS IN FAMILY VIOLENCE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE. IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS.

IT IS UNLAWFUL FOR ANY PERSON WHO IS SUBJECT TO A PROTECTIVE ORDER TO KNOWINGLY PURCHASE, RENT, LEASE, OR RECEIVE AS A LOAN OR GIFT FROM ANOTHER, A HANDGUN FOR THE DURATION OF THIS ORDER.

INTERSTATE VIOLATION OF THIS PROTECTIVE ORDER MAY SUBJECT RESPONDENT TO FEDERAL CRIMINAL PENALTIES. THIS PROTECTIVE ORDER IS ENFORCEABLE IN ALL FIFTY STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, AND U.S. TERRITORIES.

SIGNED on _____ July 30, 2021 _____ at _____ 4:26 P . M.

_____
JUDGE PRESIDING
KARIN CRUMP
250TH DISTRICT COURT

APPROVED AS TO FORM:

MUERY & FARRELL, PC
201 East Pecan Street
Hutto, Texas 78634
Tel: (737) 808-0529
Fax: (512) 727-6626

By: _____
Adam T. Muery
State Bar No. 24046495
DeVondolyn Arrington
State Bar No. 24064157
E-Service: filing@texanlegal.com
Email: devondolyn@texanlegal.com
Attorney for Vanessa Ruiz

**Amended Temporary ExParte Protective Order and Order**          **P a g e  6  o f  7**

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 55883202
Status as of 7/30/2021 4:52 PM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cassie Avery | | cassie@texanlegal.com | 7/30/2021 4:36:12 PM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 7/30/2021 4:36:12 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 7/30/2021 4:36:12 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adam Muery | | adam@texanlegal.com | 7/30/2021 4:36:12 PM | SENT |

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

<u>NO.  D-1-FM-21-004602</u>

| | | |
|---|---|---|
| **VANESSA RUIZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **AND** | § | **53rd JUDICIAL DISTRICT** |
| | § | |
| **HAFEDH AZAIEZ** | § | **TRAVIS COUNTY, TEXAS** |

**FIRST AMENDED TEMPORARY EX PARTE PROTECTIVE ORDER
<u>AND ORDER SETTING HEARING</u>**

On_____, the application of Vanessa Ruiz Applicant, for a temporary ex parte protective order was presented to the Court.

The Court, having examined the pleadings and allegations of Applicant, finds that Applicant's sworn pleadings and allegations show that Applicant is a girlfriend of Respondent and that -

Applicant and Respondent had a dating relationship as defined in section 71.0021(b) of the Texas Family Code.

The Court finds that there is a clear and present danger of family violence unless Hafedh Azaiez is ordered to do or refrain from doing certain acts, as shown below.

The Court finds that there is an immediate need for the following protective orders to prevent family violence and to protect Applicant and that the orders are in the best interest of Applicant.

In this order, "Protected Person" means Applicant.

IT IS THEREFORE ORDERED that the clerk of this Court issue temporary ex parte protective orders as follows, and Respondent is immediately:

Prohibited from committing family violence against Petitioner, as defined by section 71.004 of the Texas Family Code.

Exhibit 3

Prohibited from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibited from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Prohibited from communicating directly with Protected Person in a threatening or harassing manner.

Prohibited from communicating a threat through any person to Protected Person.

Prohibited, on the basis of good cause shown, from communicating in any manner with Protected Person except through Respondent's attorney or Petitioner's attorney.

Prohibited from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibited from going to or near the residences or places of employment or business of Protected Person.   The Court specifically prohibits Respondent from going to or near 500 feet and specifically requires Respondent to maintain 500 feet.

Prohibited from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and further prohibited from remaining within 500 feet after Respondent becomes aware of the Protected Person's presence.

Prohibited from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Exhibit 3

Prohibited from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Prohibited from interfering with Applicant's use of the residence located at 820 Camino Vaquero Pkwy., #4105, Austin, TX 78748, including but not limited to disconnecting utilities or telephone service or causing such services to be disconnected.

These temporary ex parte protective orders shall be effective immediately and binding on Respondent and shall continue in full force and effect for twenty days from the date this order is signed unless terminated sooner by order of this Court.

The requirement of a bond is waived.

**IT IS FURTHER ORDERED that the clerk shall issue notice to Respondent, Hafedh Azaiez, to appear, and Respondent is ORDERED to appear in person, before this Court in the courthouse at 1000 Guadalupe Street, Austin, Texas, on  AUGUST 12, 2021  at  10:30 A. M.** The purpose of this hearing is to determine whether the Court should issue its protective order -

Prohibiting Respondent from committing family violence as defined in section 71.004 of the Texas Family Code.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

**Amended Temporary ExParte Protective Order and Order**                    **Page 3 of 7**

Exhibit 3

Prohibiting Respondent from communicating directly with Protected Person in a threatening or harassing manner.

Prohibiting Respondent from communicating a threat through any person to Protected Person.

On a finding of good cause, prohibiting Respondent from communicating in any manner with Protected Person except through Respondent's attorney or a person appointed by the Court.

Prohibiting Respondent from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibiting Respondent from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and from remaining within 500 feet after Respondent is aware of the Protected Person's presence.

Prohibiting Respondent from going to or near the residences or places of employment or business of Protected Person. Specifically prohibiting Respondent from going to or near 500 feet and specifically requiring Respondent to maintain 500 feet.

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibiting Respondent from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Suspending Respondent's license to carry a handgun issued under subchapter H, chapter 411, of the Texas Government Code.

**Amended Temporary ExParte Protective Order and Order**     **Page 4 of 7**

Exhibit 3

Requiring Respondent to complete a battering intervention and prevention program or counseling as provided by section 85.022(a) of the Texas Family Code.

This hearing is also to determine whether the Court should assess reasonable attorney's fees against Hafedh Azaiez to be awarded to DeVondolyn Arrington, Muery & Farrell, PC.

This hearing is also to determine whether the identifying information, which the Court has sealed, should be disclosed to Respondent.

## Warning

A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF AS MUCH AS $500 OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.

NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

IT IS UNLAWFUL FOR ANY PERSON, OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM OR AMMUNITION.

A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THE ORDER MAY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, OR BOTH. AN ACT THAT

**Amended Temporary ExParte Protective Order and Order**        **P a g e  5  o f  7**

Exhibit 3

RESULTS IN FAMILY VIOLENCE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE. IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS.

IT IS UNLAWFUL FOR ANY PERSON WHO IS SUBJECT TO A PROTECTIVE ORDER TO KNOWINGLY PURCHASE, RENT, LEASE, OR RECEIVE AS A LOAN OR GIFT FROM ANOTHER, A HANDGUN FOR THE DURATION OF THIS ORDER.

INTERSTATE VIOLATION OF THIS PROTECTIVE ORDER MAY SUBJECT RESPONDENT TO FEDERAL CRIMINAL PENALTIES. THIS PROTECTIVE ORDER IS ENFORCEABLE IN ALL FIFTY STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, AND U.S. TERRITORIES.

SIGNED on_____at_____. M.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

MUERY & FARRELL, PC
201 East Pecan Street
Hutto, Texas 78634
Tel: (737) 808-0529
Fax: (512) 727-6626

By:_____
Adam T. Muery
State Bar No. 24046495
DeVondolyn Arrington
State Bar No. 24064157
E-Service: filing@texanlegal.com
Email: devondolyn@texanlegal.com
Attorney for Vanessa Ruiz

**Amended Temporary ExParte Protective Order and Order**         **P a g e  6  o f  7**

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cassie Avery on behalf of Adam Muery
Bar No. 24046495
cassie@texanlegal.com
Envelope ID: 55879767
Status as of 7/30/2021 4:52 PM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 7/30/2021 3:51:08 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 7/30/2021 3:51:08 PM | SENT |
| Cassie Avery | | cassie@texanlegal.com | 7/30/2021 3:51:08 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adam Muery | | adam@texanlegal.com | 7/30/2021 3:51:08 PM | SENT |

7/30/202Exhibit 3:49 PM

Velva L. Price
District Clerk
Travis County
D-1-FM-21-004602
Zelda Stanford



**VELVA L. PRICE**

District Clerk, Travis County

Civil Division (512) 854-9457

# SERVICE REQUEST FORM

---

## REQUESTED BY:

**ATTORNEY/FILER:** Devondolyn Arrington,  Muery & Farrell, PC

**PHONE #:** (737) 808-0529   **Cassie: (737) 201-0705**

**EMAIL:** cassie@texanlegal.com; filing@texanlegal.com

**SUBMITTED BY:** CASSIE AVERY

**TITLE:** LITIGATION PARALEGAL

**SIGNATURE:**

---

## ISSUE PROCESS FOR:

**CAUSE #:** ▮▮▮▮ **D-1-FM-21-004602**   **CASE STYLE:** Vanessa Ruiz and Hafedh Azaeiz

---

## QUICK CITATION REQUEST: (FOR SERVICE OF CITATION ON ALL DEFENDANTS BY PERSONAL

ISSUE CITATION TO ALL DEFENDANTS LISTED IN THE ORIGINAL PETITION AT THE ADDRESS SPECIFIED IN THE PETITION AND FORWARD THE CITATION(S) TO THE FOLLOWING:

☑TRAVIS CO. CONSTABLE (specify):   ☐CERTIFIED MAIL BY CLERK   ☑ATTORNEY/REQUESTER

☐PRIVATE PROCESS AGENCY (specify):   ☐I HAVE INCLUDED ATTACHMENTS TO THIS REQUEST (e.g. DISCOVERY) TO INCLUDE

---

## DETAILED SERVICE REQUEST: (ON PARTICULAR PARTIES, BY VARIOUS DELIVERY METHODS, OR FOR NON-CITATION

| DESRIPTION OF INSTRUMENT(S) TO BE SERVED: | **AMENDED** Application for Protective Order |
|---|---|
| ☑I HAVE INCLUDED ATTACHMENTS TO THIS REQUEST (e.g. discovery) TO INCLUDE IN THE CITATION | AMENDED Temporary ExParte Protective Order and Order to Appear |
| **TYPE OF PROCESS TO ISSUE:** ☐CITATION ☐CERTIFIED NOTICE ☑PROTECTIVE ORDER* ☐TRO*^ ☐INJUNCTION*^ ☐SEQUESTRATION*^<br>☐ATTACHMENT* ☐EXECUTION* ☐ABSTRACT* ☐SUPERSEDEAS^ ☐SCIRE FACIAS* ☐OTHER^ | |
| *SPECIFY TITLE AND DATE OF UNDERLYING ORDER IN CASE RECORD: | ^ATTACH A COPY OF BOND AND/OR OTHER SUPPORTING DOCUMENT **The Travis County Law enforcement form was filed with Application.** |

---

## SERVICE TO BE ISSUED:

| PARTY NAME: Hafedh Azaeiz **Respondent is Superintendent of RRISD; RRISD offices are closed on Fridays. Home address is unknown.**<br><br>PARTY TYPE: RESPONDENT<br><br>☑USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: 1311 Round Rock Ave, Round Rock, TX 78681 | EMAIL PROCESS TO:<br>☒TRAVIS CO. CONSTABLE<br>▮▮▮▮<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☑PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |

*THIS TYPE OF SERVICE MAY REQUIRE A COURT ORDER. ENTER DATE OF SERVICE ORDER IN CASE RECORD:

ADDITIONAL INSTRUCTIONS FOR CLERK OR FOR OFFICER SERVING PROCESS:

PLEASE RE-ISSUE THE PROTECTIVE ORDER AND SEND TO TRAVIS CO. CONSTABLE. THANK YOU! CASSIE AVERY

**FOR ADDITIONAL PARTIES TO BE SERVED, USE e-FILED PROCESS ISSUANCE REQUEST FORM ADDENDUM**

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cassie Avery on behalf of Adam Muery
Bar No. 24046495
cassie@texanlegal.com
Envelope ID: 55880408
Status as of 7/30/2021 4:54 PM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cassie Avery | | cassie@texanlegal.com | 7/30/2021 4:39:19 PM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 7/30/2021 4:39:19 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 7/30/2021 4:39:19 PM | SENT |

Exhibit 3

**R U S H**   NOTICE OF AN APPLICATION FOR A PROTECTIVE ORDER   **R U S H**

THE STATE OF TEXAS

**CAUSE NO.  D-1-FM-21-004602**

| | | |
|---|---|---|
| VANESSA RUIZ | , Applicant | § IN THE 53RD JUDICIAL DISTRICT COURT |
| vs. | | § OF TRAVIS COUNTY |
| HAFEDH AZAIEZ | , Respondent | |

TO:  HAFEDH AZAIEZ
     ROUND ROCK ISD
     1311 ROUND ROCK AVE
     ROUND ROCK, TEXAS 78681

An application for a protective order has been filed in the court stated in this notice alleging that you committed family violence. You may employ an attorney to defend yourself against this allegation. You or your attorney may, but are not required to, file a written answer to this application.  Any answer must be filed before the hearing on the application.  If you receive this notice within 48 hours before the time is set for the hearing, you may request the court to reschedule the hearing not later than 14 days after the date set for the hearing.  If you do not attend the hearing, a default judgment may be taken out and a protective order may be issued against you.

Attached is a copy of the FIRST AMENDED APPLICATION FOR A PROTECTIVE ORDER in the above styled numbered cause, which was filed on JULY 30, 2021. Also attached is a copy of the order signed by the Honorable KARIN CRUMP, by WHICH YOU ARE TO ABIDE.

You are further notified that the hearing on Applicant's FIRST AMENDED APPLICATION FOR A PROTECTIVE ORDER is set for hearing in the 53RD JUDICIAL DISTRICT COURT at the Courthouse, City of Austin, AUGUST 12, 2021 at 8:30 A.M., at which time you are required to appear and show cause, if any, why said application should not be granted as prayed for;

HEREIN FAIL NOT TO OBEY this Writ, under the Pains and Penalties prescribed by LAW!
Given under my hand and seal of said Court at office in the City of Austin, July 30, 2021.

REQUESTED BY:
ADAM THOMAS MUERY
201 EAST PECAN STREET
HUTTO, TX 78634
BUSINESS PHONE:(737)808-0529
FAX:(512)727-6626

CHECK THE
MONITOR
IN HALL OUTSIDE
DISTRICT CLERK'S
OFFICE, ROOM
302,
FOR ASSIGMENT
OF THIS CASE.

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____.M.  Executed at
_____ within the County of _____
at _____ o'clock _____ M., on the _____ day of _____, _____, at _____ o'clock  M.,
by delivering to the within named _____ at
_____ in _____ County, Texas in person a true
copy of this Writ and the accompanying copy of the application and order.

Service Fee: $ _____                              _____
                                                    Sheriff / Constable / Authorized Person
Sworn to and subscribed before me this the
                                                    By:_____
_____ day of _____, _____.

_____           _____
Notary Public, THE STATE OF TEXAS                   Printed Name of Server

                                                    _____ County, Texas

**D-1-FM-21-004602**                    PCT 5                    **P16 - 000002597**

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

### NO.  D-1-FM-21-004602

| | | |
|---|---|---|
| **VANESSA RUIZ** | **§** | **IN THE DISTRICT COURT** |
| | **§** | |
| **AND** | **§** | **53rd JUDICIAL DISTRICT** |
| | **§** | |
| **HAFEDH AZAIEZ** | **§** | **TRAVIS COUNTY, TEXAS** |

### FIRST AMENDED TEMPORARY EX PARTE PROTECTIVE ORDER
### AND ORDER SETTING HEARING

On_____, the application of Vanessa Ruiz Applicant, for a temporary ex parte protective order was presented to the Court.

The Court, having examined the pleadings and allegations of Applicant, finds that Applicant's sworn pleadings and allegations show that Applicant is a girlfriend of Respondent and that -

Applicant and Respondent had a dating relationship as defined in section 71.0021(b) of the Texas Family Code.

The Court finds that there is a clear and present danger of family violence unless Hafedh Azaiez is ordered to do or refrain from doing certain acts, as shown below.

The Court finds that there is an immediate need for the following protective orders to prevent family violence and to protect Applicant and that the orders are in the best interest of Applicant.

In this order, "Protected Person" means Applicant.

IT IS THEREFORE ORDERED that the clerk of this Court issue temporary ex parte protective orders as follows, and Respondent is immediately:

Prohibited from committing family violence against Petitioner, as defined by section 71.004 of the Texas Family Code.

**Amended Temporary ExParte Protective Order and Order**          **P a g e  1  o f  7**

Exhibit 3

Prohibited from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibited from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Prohibited from communicating directly with Protected Person in a threatening or harassing manner.

Prohibited from communicating a threat through any person to Protected Person.

Prohibited, on the basis of good cause shown, from communicating in any manner with Protected Person except through Respondent's attorney or Petitioner's attorney.

Prohibited from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibited from going to or near the residences or places of employment or business of Protected Person.   The Court specifically prohibits Respondent from going to or near 500 feet and specifically requires Respondent to maintain 500 feet.

Prohibited from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and further prohibited from remaining within 500 feet after Respondent becomes aware of the Protected Person's presence.

Prohibited from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Exhibit 3

Prohibited from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Prohibited from interfering with Applicant's use of the residence located at 820 Camino Vaquero Pkwy., #4105, Austin, TX 78748, including but not limited to disconnecting utilities or telephone service or causing such services to be disconnected.

These temporary ex parte protective orders shall be effective immediately and binding on Respondent and shall continue in full force and effect for twenty days from the date this order is signed unless terminated sooner by order of this Court.

The requirement of a bond is waived.

**IT IS FURTHER ORDERED that the clerk shall issue notice to Respondent, Hafedh Azaiez, to appear, and Respondent is ORDERED to appear in person, before this Court in the courthouse at 1000 Guadalupe Street, Austin, Texas, on  AUGUST 12, 2021  at  8:30 A. M.** The purpose of this hearing is to determine whether the Court should issue its protective order -

Prohibiting Respondent from committing family violence as defined in section 71.004 of the Texas Family Code.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

**Amended Temporary ExParte Protective Order and Order**                    **P a g e  3  o f  7**

Exhibit 3

Prohibiting Respondent from communicating directly with Protected Person in a threatening or harassing manner.

Prohibiting Respondent from communicating a threat through any person to Protected Person.

On a finding of good cause, prohibiting Respondent from communicating in any manner with Protected Person except through Respondent's attorney or a person appointed by the Court.

Prohibiting Respondent from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibiting Respondent from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and from remaining within 500 feet after Respondent is aware of the Protected Person's presence.

Prohibiting Respondent from going to or near the residences or places of employment or business of Protected Person. Specifically prohibiting Respondent from going to or near 500 feet and specifically requiring Respondent to maintain 500 feet.

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibiting Respondent from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Suspending Respondent's license to carry a handgun issued under subchapter H, chapter 411, of the Texas Government Code.

Exhibit 3

Requiring Respondent to complete a battering intervention and prevention program or counseling as provided by section 85.022(a) of the Texas Family Code.

This hearing is also to determine whether the Court should assess reasonable attorney's fees against Hafedh Azaiez to be awarded to DeVondolyn Arrington, Muery & Farrell, PC.

This hearing is also to determine whether the identifying information, which the Court has sealed, should be disclosed to Respondent.

**Warning**

A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF AS MUCH AS $500 OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.

NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

IT IS UNLAWFUL FOR ANY PERSON, OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM OR AMMUNITION.

A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THE ORDER MAY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, OR BOTH. AN ACT THAT

Exhibit 3

RESULTS IN FAMILY VIOLENCE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE. IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS.

IT IS UNLAWFUL FOR ANY PERSON WHO IS SUBJECT TO A PROTECTIVE ORDER TO KNOWINGLY PURCHASE, RENT, LEASE, OR RECEIVE AS A LOAN OR GIFT FROM ANOTHER, A HANDGUN FOR THE DURATION OF THIS ORDER.

INTERSTATE VIOLATION OF THIS PROTECTIVE ORDER MAY SUBJECT RESPONDENT TO FEDERAL CRIMINAL PENALTIES. THIS PROTECTIVE ORDER IS ENFORCEABLE IN ALL FIFTY STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, AND U.S. TERRITORIES.

SIGNED on _____ at _____ . M.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

MUERY & FARRELL, PC
201 East Pecan Street
Hutto, Texas 78634
Tel: (737) 808-0529
Fax: (512) 727-6626

By: _____
Adam T. Muery
State Bar No. 24046495
DeVondolyn Arrington
State Bar No. 24064157
E-Service: filing@texanlegal.com
Email: devondolyn@texanlegal.com
Attorney for Vanessa Ruiz

**Amended Temporary ExParte Protective Order and Order**          **P a g e  6  o f  7**

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 55882363
Status as of 8/3/2021 3:38 PM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cassie Avery | | cassie@texanlegal.com | 7/30/2021 4:23:28 PM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 7/30/2021 4:23:28 PM | SENT |

Exhibit 3



**R U S H**          NOTICE OF AN APPLICATION FOR A PROTECTIVE ORDER          **R U S H**

THE STATE OF TEXAS

### CAUSE NO.  D-1-FM-21-004602

VANESSA RUIZ                         , Applicant      § IN THE 53RD JUDICIAL DISTRICT COURT
    vs.                                              § OF TRAVIS COUNTY
  HAFEDH AZAIEZ                      , Respondent

TO:  HAFEDH AZAIEZ
    ROUND ROCK ISD
    1311 ROUND ROCK AVE.
    ROUND ROCK, TEXAS 78681

An application for a protective order has been filed in the court stated in this notice alleging
that you committed family violence. You may employ an attorney to defend yourself against this
allegation. You or your attorney may, but are not required to, file a written answer to this
application.  Any answer must be filed before the hearing on the application.  If you receive this
notice within 48 hours before the time is set for the hearing, you may request the court to
reschedule the hearing not later than 14 days after the date set for the hearing.  If you do not
attend the hearing, a default judgment may be taken out and a protective order may be issued
against you.

Attached is a copy of the FIRST AMENDED APPLICATION FOR A PROTECTIVE ORDER in the above styled
numbered cause, which was filed on JULY 30, 2021.  Also attached is a copy of the order signed by
the Honorable KARIN CRUMP, by WHICH YOU ARE TO ABIDE.

You are further notified that the hearing on Applicant's FIRST AMENDED APPLICATION FOR A PROTECTIVE
ORDER is set for hearing in the 53RD JUDICIAL DISTRICT COURT at the Courthouse, City of Austin,
AUGUST 12, 2021 at 8:30 A.M., at which time you are required to appear and show cause, if any, why
said application should not be granted as prayed for;

HEREIN FAIL NOT TO OBEY this Writ, under the Pains and Penalties prescribed by LAW!
Given under my hand and seal of said Court at office in the City of Austin, July 30, 2021.

REQUESTED BY:                          CHECK THE
ADAM THOMAS MUERY                      MONITOR
201 EAST PECAN STREET                  IN HALL OUTSIDE
HUTTO, TX 78634                        DISTRICT CLERK'S        Velva L. Price
BUSINESS PHONE:(737)808-0529           OFFICE, ROOM           Travis County District Clerk
FAX: (512)727-6626                     302,                   Travis County Courthouse
                                       FOR ASSIGMENT          1000 Guadalupe, P.O. Box 679003 (78767)
                                       OF THIS CASE.          Austin, TX 78701

-- -- -- -- -- -- -- -- R E T U R N -- -- -- -- -- -- -- --
Came to hand on the **30** day of **July** , **2021** at **5 20** o'clock **P** M.   Executed at
**1311 Round Rock Ave Round Rock, Tx 78681** within the County of **Williamson**
at **1020** o'clock **a** M., on the **2** day of **Aug** , **2021**, at **1020** o'clock **a** M.,
by delivering to the within named **Hafedh Azaiez** at
_____ in _____ County, Texas in person a true
copy of this Writ and the accompanying copy of the application and order.

Service Fee: $ _____                                 Carlos B. Lopez
                                              Constable Pct. 5, Travis County, Texas
Sworn to and subscribed before me this the    Sheriff / Constable / Authorized Person

_____ day of _____, _____.        By: **M Digiantonio 517**

Notary Public, THE STATE OF TEXAS                  M. Digiantonio #517
                                               Printed Name of Server
D-1-FM-21-004602                               **Travis**_____ County, Texas
                                                                  P16 - 000002597





Exhibit 3



# Carlos B. Lopez, Constable
## Travis County Constable Precinct 5
### P.O. Box 1748
### Austin, Texas 78767
August 03, 2021

**MUERY, ADAM THOMAS**
201 E PECAN ST
HUTTO TX
Fax Number: 5127276626

| | |
|---|---|
| **Case No.** | D1FM21004602-1 |
| **Court:** | 53 District Court |
| **County:** | TRAVIS |
| **Plaintiff:** | RUIZ,VANESSA |
| **Defendant:** | AZAIEZ,HAFEDH |
| **Respondent:** | AZAIEZ,HAFEDH |

Attached please find a copy of the Officer's Return for the above referenced case.
For problems with this fax contact me at (512)854-9100.

Erica Villalpando

---

## ATTENTION: eFilers

*Remember to include 'Please use Constable Pct. 5' in the Special Instructions/Comments box so we will receive your paper.*

## CHOOSE PRECINCT 5
## If you want...

~ 24/7 Service Status Check Online     ~ Rush Service when needed
~ Live-person Service Check Hotline    ~ No extra charges for Research
~ Daily delivery to all state offices  ~ Located by the Courthouse

# Constable5.com

---

Check the status of service of process at
**www.Constable5.com**
Be sure to bookmark the ServiceCheck page.

---

************ -8228- ********** 512 854 4228- * ***** - *****-XT YTNUOƆ ƧIVAЯT- * ***************************

- -CONSTABLE PCT 5

01:10:00   002                        8122722T518        ☎    ꓘO    001
                                                  ABBR NO.
DURATION  PAGES           STATION NAME/TEL. NO.   /ONE-TOUCH  COMM.  STN
                                                               NO.
                                          FILE NO.=271

16:01 £0-ÐUA=DNƎ   95:51 £0-ÐUA=TЯATS        NOISSIMSИAЯT YЯOMƎM = ƎDOM

************* -COMM. JOURNAL- ************************ DATE AUG-03-2021 ***** TIME 16:01 *********

8/4/202 8:41AM

**RUSH**                    **RUSH**

NOTICE OF AN APPLICATION FOR A PROTECTIVE ORDER

THE STATE OF TEXAS

## CAUSE NO. D-1-FM-21-004602

| | | |
|---|---|---|
| VANESSA RUIZ | , Applicant | § IN THE 53RD JUDICIAL DISTRICT COURT |
| vs. | | § OF TRAVIS COUNTY |
| HAFEDH AZAIEZ | , Respondent | § |

TO: HAFEDH AZAIEZ
    ROUND ROCK ISD
    1311 ROUND ROCK AVE
    ROUND ROCK, TEXAS 78681

An application for a protective order has been filed in the court stated in this notice alleging that you committed family violence. You may employ an attorney to defend yourself against this allegation. You or your attorney may, but are not required to, file a written answer to this application. Any answer must be filed before the hearing on the application. If you receive this notice within 48 hours before the time is set for the hearing, you may request the court to reschedule the hearing not later than 14 days after the date set for the hearing. If you do not attend the hearing, a default judgment may be taken out and a protective order may be issued against you.

Attached is a copy of the FIRST AMENDED APPLICATION FOR A PROTECTIVE ORDER in the above styled numbered cause, which was filed on JULY 30, 2021. Also attached is a copy of the order signed by the Honorable KARIN CRUMP, by WHICH YOU ARE TO ABIDE.

You are further notified that the hearing on Applicant's FIRST AMENDED APPLICATION FOR A PROTECTIVE ORDER is set for hearing in the 53RD JUDICIAL DISTRICT COURT at the Courthouse, City of Austin, AUGUST 12, 2021 at 8:30 A.M., at which time you are required to appear and show cause, if any, why said application should not be granted as prayed for;

HEREIN FAIL NOT TO OBEY this Writ, under the Pains and Penalties prescribed by LAW!
Given under my hand and seal of said Court at office in the City of Austin, July 30, 2021.

REQUESTED BY:          CHECK THE
ADAM THOMAS MUERY      MONITOR
201 EAST PECAN STREET  IN HALL OUTSIDE
HUTTO, TX 78634        DISTRICT CLERK'S
BUSINESS PHONE:(737)808-0529   OFFICE, ROOM
FAX: (512) 727-6626    302,
                       FOR ASSIGMENT
                       OF THIS CASE.

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

- - - - - - - R E T U R N - - - - - - -

Came to hand on the 30 day of July , 2021 at 520 o'clock P.M. Executed at
1311 Round Rock Ave, Round Rock, TX 78681 within the County of Williamson
at 1020 o'clock __ M., on the 1 day of Aug , 2021 , at 1020 __ M., at
by delivering to the within named Hafedh Gonzalez in _____ County, Texas in person a true
copy of this Writ and the accompanying copy of the application and order.

Service Fee: $ _____

                       Carlos B. Lopez
                       Constable Pct. 5, Travis County, Texas
Sworn to and subscribed before me this the   Sheriff / Constable / Authorized Person

___ day of _____, _____   By: M. Digiantonio 517
                                  M. Digiantonio #517
                                  Printed Name of Server
Notary Public, THE STATE OF TEXAS
                                  Travis _____ County, Texas

D-1-FM-21-004602                  P16 - 000002597



Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Adam Muery
Bar No. 24046495
adam@texanlegal.com
Envelope ID: 55979991
Status as of 8/6/2021 9:46 AM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Cassie Avery | | cassie@texanlegal.com | 8/4/2021 8:41:39 AM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 8/4/2021 8:41:39 AM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 8/4/2021 8:41:39 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Adam Muery | | adam@texanlegal.com | 8/4/2021 8:41:39 AM | SENT |

8/9/202 Exhibit PM3

Velva L. Price
District Clerk
Travis County
D-1-FM-21-004602
Irene Silva

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

## CAUSE NO. <u>D-1-FM-21-004602</u>

| | | |
|---|---|---|
| **VANESSA RUIZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **AND** | § | **53ʳᵈ JUDICIAL DISTRICT** |
| | § | |
| **HAFEDH AZAIEZ** | § | **TRAVIS COUNTY, TEXAS** |

## MOTION FOR ADMISSION OF COUNSEL PRO HAC VICE

NOW COMES, Michelle M. Gervais, Applicant, and respectfully requests permission to appear in this Honorable Court Pro Hac Vice on behalf of Hafedh Azaiez, Respondent, and respectfully shows the Court as follows:

1. The Respondent in the above case, Hafedh Azaiez, desires that Applicant provide counsel and be permitted to appear in any and all proceedings in the above case. Applicant will be associated in the trial with the following:

> Kelly Ausley-Flores
> State Bar No. 00793286
> Goranson Bain Ausley, PLLC
> 3307 Northland Drive, Suite 420
> Austin, Texas 78731
> Tel: (512) 454-8791
> Fax: (512) 454-9091

2. Accordingly, Applicant, Michelle M. Gervais, seeks permission to participate in the above case. In accordance with Rule XIX of the Rules Governing Admission to the State Bar of Texas, Applicant files this sworn motion requesting permission to participate.

3. Applicant is a member in good standing of the State Bar of Florida and has not been the subject of any disciplinary action by the bar or courts of said state during the last five years. Applicant is a member in good standing of the Bar of the United States District Court for the Middle District of Florida, the United States District Court for the Southern District of Florida and the United States Court of Appeals for the Eleventh Circuit. Applicant is not licensed to practice law in the State of Texas.

4. Applicant is a member of the law firm of:

> Blank Rome LLP
> 201 E. Kennedy Blvd., Suite 520
> Tampa, FL 33602-5993
> Tel: (813) 255-2323
> Fax: (813) 435-2256

---

Exhibit 3

5.     Applicant has not been denied admission to the court of any state or to any federal court during the last five years.

6.     Applicant is familiar with the Rules of the State Bar of Texas governing the conduct of its members and will comply with these rules so long as such trial or hearing is pending.

7.     On the granting of this motion, Applicant will be associated with Kelly Ausley-Flores and the firm of Goranson Bain Ausley, PLLC.

8.     Kelly Ausley-Flores and the firm of Goranson Bain Ausley, PLLC find Michelle M. Gervais to be a reputable attorney and recommend that Michelle M. Gervais be granted permission to participate in the captioned case.

9.     Applicant has paid the required fee to the Board of Law Examiners and has attached the Acknowledgment Letter from the Texas Board of Law Examiners as Exhibit A, which is incorporated by reference herein as if set out in full.

WHEREFORE, based on the foregoing, Michelle M. Gervais respectfully prays this court will allow her to appear in this matter Pro Hac Vice on behalf of Hafedh Azaiez, and for such other and further relief that may be awarded at law or in equity.

Signed under the pains and penalties of perjury.

Respectfully submitted,

Goranson Bain Ausley, PLLC
3307 Northland Drive, Suite 420
Austin, Texas 78731
Tel: (512) 454-8791
Fax: (512) 454-9091

By: *Kelly Ausley-Flores*
Kelly Ausley-Flores
State Bar No. 00793286
kflores@gbafamilylaw.com
Attorney for Respondent

---

Exhibit 3

Blank Rome LLP
201 E. Kennedy Blvd., Suite 520
Tampa, FL 33602-5993
Tel: (813) 255-2323
Fax: (813) 435-2256


By:_____
     Michelle M. Gervais
     Florida State Bar No. 173827
     mgervais@blankrome.com
     Attorney for Respondent

### Verification

The undersigned states under oath: "I, the undersigned attorney of record, swear under oath that the facts set forth in the above Motion for Admission of Counsel Pro Hac Vice are true and correct."


_____
Michelle M. Gervais

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _____ day of August, 2021, by Michelle M. Gervais.


_____
(Signature of Notary Public - State of Florida)


_____
(Print, Type, or Stamp Commissioned Name of Notary Public

Personally Known OR Produced Identification
Type of Identification Produced

### Certificate of Service

I certify that a true copy of this document was served in accordance with rule 21a of the Texas Rules of Civil Procedure on the following on August _____, 2021:

**Via E-filing Manager:  filing@texanlegal.com**
Adam T. Muery

---

**MOTION FOR ADMISSION OF COUNSEL PRO HAC VICE**           **PAGE 3 OF 4**

Exhibit 3

DeVondolyn Arrington
Muery & Farrell, PC
201 East Pecan Street
Hutto, Texas 78634

Kelly Ausley-Flores
Attorney for Respondent

EXHIBIT

A

# Board of Law Examiners

Appointed by the Supreme Court of Texas

August 06, 2021

Michelle M. Gervais
Via: E-Mail

Acknowledgment Letter
Non-Resident Attorney Fee

According to Texas Government Code §82.0361, "a nonresident attorney requesting permission to participate in proceedings in a court in this state shall pay a fee of $250 for each case in which the attorney is requesting to participate."

**This Acknowledgement Letter serves as proof that the Board of Law Examiners has received $250 in connection with the following matter:**

      **Non-resident attorney: Michelle M. Gervais**

      **Case: D-1-FM-21-004602**

      **Texas court or body: In the District Court, 53rd Judicial District, Travis County, Texas**

After satisfying the fee requirement, a non-resident attorney shall file a motion in the Texas court or body in which the non-resident attorney is requesting permission to appear. The motion shall contain the information and statements required by Rule 19(a) of the Rules Governing Admission to the Bar of Texas. The motion must be accompanied by this Acknowledgment Letter and by a motion from a resident practicing Texas attorney that contains the statements required by Rule 19(b).

The decision to grant or deny a non-resident attorney's motion for permission to participate in the proceedings in a particular cause is made by the Texas court or body in which it is filed.

For more information, please see Rule 19 of the Rules Governing Admission to the Bar of Texas and §82.0361, of the Texas Government Code, which can be found on the Board's website.

Cordially,

*Nahdiah Hoang*

Nahdiah Hoang
Executive Director

| MAILING ADDRESS | TELEPHONE: 512-463-1621 · FACSIMILE: 512-463-5300 | STREET ADDRESS |
|---|---|---|
| Post Office Box 13486 | WEBSITE: www.ble.texas.gov | 205 West 14th Street, Ste.500 |
| Austin,Texas 78711-3486 | | Austin, Texas 78701 |

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jenae Flores on behalf of Kelly Ausley-Flores
Bar No. 793286
jflores@gbafamilylaw.com
Envelope ID: 56139229
Status as of 8/12/2021 4:09 PM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cassie Avery | | cassie@texanlegal.com | 8/9/2021 4:49:02 PM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 8/9/2021 4:49:02 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 8/9/2021 4:49:02 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adam Muery | | adam@texanlegal.com | 8/9/2021 4:49:02 PM | SENT |

8/10/2021 3:56 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-21-004602
Irene Silva

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

## NO. D-1-FM-21-004602

| | | |
|---|---|---|
| VANESSA RUIZ | § | IN THE DISTRICT COURT |
| | § | |
| AND | § | 53rd JUDICIAL DISTRICT |
| | § | |
| HAFEDH AZAIEZ | § | TRAVIS COUNTY, TEXAS |

## AGREED MOTION TO EXTEND EX PARTE PROTECTIVE ORDER AND MOTION FOR CONTINUANCE

COMES NOW, Vanessa Ruiz, Petitioner, and files this Agreed Motion to Extend Ex Parte Protective Order and Motion for Continuance who shows in support:

1.      On July 30, 2021 a temporary ex parte protective order was issued and a hearing was set for 8:30a.m. on August 12, 2021.

2.      Good cause exists for extension because Respondent's counsel was recently retained and has a conflict for the date and time set for this hearing.

3.      In addition, the temporary ex parte protective order is likely to expire before a new hearing date is acquired.

4.      Therefore, the parties have agreed to extend the temporary protective order as evidenced by Respondent and Respondent's counsel signature below.

5.      A continuance is necessary so that Respondent and his respective Counsel can adequately prepare for hearing in this matter.

6.      This continuance is not sought solely for delay, but that justice may be done.

Vanessa Ruiz prays that the Court grant this Motion to Extend Ex Parte Protective Order and Motion for Continuance.

Agreed Motion to Extend Ex Parte Protective Order
and Motion for Continuance                                                    Page 1 of 2

Exhibit 3

Respectfully submitted,

MUERY & FARRELL, PC
201 East Pecan Street
Hutto, Texas 78634
Tel: (737) 808-0529
Fax: (512) 727-6626

By: _____

Adam T. Muery
State Bar No. 24046495
Email: adam@texanlegal.com
DeVondolyn Arrington
State Bar No. 24064157
Email: devondolyn@texanlegal.com
e-Service: filing@texanlegal.com
Attorney for Vanessa Ruiz

**AGREED TO:**

Goransor Bain Ausley
3307 Northland Drive
Suite 420
Austin, Texas 78731
Tel: (512) 454-8791
Fax: (512) 454-9091

By: _____     _____

Kelly Ausley-Flores                Hafedh Azaiez, Respondent
State Bar No. 00793286
kflores@gbafamilylaw.com
Attorney for Respondent

**Agreed Motion to Extend Ex Parte Protective Order
and Motion for Continuance**                                **Page 2 of 2**

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cassie Avery on behalf of Adam Muery
Bar No. 24046495
cassie@texanlegal.com
Envelope ID: 56165422
Status as of 8/12/2021 9:40 PM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cassie Avery | | cassie@texanlegal.com | 8/10/2021 12:55:06 PM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 8/10/2021 12:55:06 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 8/10/2021 12:55:06 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Adam Muery | | adam@texanlegal.com | 8/10/2021 12:55:06 PM | SENT |

Associated Case Party: Hafedh Azaeiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kelly Ausley-Flores | 793286 | kflores@gbafamilylaw.com | 8/10/2021 12:55:06 PM | SENT |

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

### NO. D-1-FM-21-004602

| | | |
|---|---|---|
| **VANESSA RUIZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **AND** | § | **53rd JUDICIAL DISTRICT** |
| | § | |
| **HAFEDH AZAIEZ** | § | **TRAVIS COUNTY, TEXAS** |

### AGREED EXTENDED TEMPORARY EX PARTE PROTECTIVE ORDER AND ORDER SETTING HEARING

On _____, the Court considered the Agreed Motion to Extend Temporary Ex Parte Protective Order and Motion for Continuance and finds that good cause exists for an extension to the ex parte protective order and order to appear, pursuant to the agreement of the parties.

The Court further finds that RESPONDENT'S AGREEMENT TO THE EXTENSION OF THE TEMPORARY EX PARTE PROTECTIVE ORDER DOES NOT CONSTITUTE A WAIVER OF RESPONDENT'S RIGHTS TO DEFEND AGAINST THE ALLEGATIONS SET OUT IN APPLICANT'S PLEADINGS; THAT RESPONDENT EXPRESSLY DENIES THAT HE COMMITTED ACTS OF FAMILY VIOLENCE; AND THAT RESPONDENT EXPRESSLY DENIES ALL OTHER FINDINGS AND ALLEGATIONS AS SET OUT IN THE TEMPORARY EX PARTE PROTECTIVE ORDER, PETITIONER'S APPLICATION FOR PROTECTIVE ORDER, AND HER SUPPORTING AFFIDAVIT.

The Court, having examined the pleadings and allegations of Applicant, finds that Applicant's sworn pleadings and allegations show that Applicant is a girlfriend of Respondent and that -

Applicant and Respondent had a dating relationship as defined in section 71.0021(b) of the

Exhibit 3

Texas Family Code.

The Court finds that there is a clear and present danger of family violence unless Hafedh Azaiez is ordered to do or refrain from doing certain acts, as shown below.

The Court finds that there is an immediate need for the following protective orders to prevent family violence and to protect Applicant and that the orders are in the best interest of Applicant.

In this order, "Protected Person" means Applicant.

IT IS THEREFORE ORDERED that the clerk of this Court issue temporary ex parte protective orders as follows, and Respondent is immediately:

Prohibited from committing family violence against Petitioner, as defined by section 71.004 of the Texas Family Code.

Prohibited from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibited from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Prohibited from communicating directly with Protected Person in a threatening or harassing manner.

Prohibited from communicating a threat through any person to Protected Person.

Prohibited, on the basis of good cause shown, from communicating in any manner with Protected Person except through Respondent's attorney or Petitioner's attorney.

Prohibited from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse,

Exhibit 3

torment, or embarrass the Protected Person.

Prohibited from going to or near the residences or places of employment or business of Protected Person.  The Court specifically prohibits Respondent from going to or near 500 feet and specifically requires Respondent to maintain 500 feet.

Prohibited from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and further prohibited from remaining within 500 feet after Respondent becomes aware of the Protected Person's presence.

Prohibited from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibited from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Prohibited from interfering with Applicant's use of the residence located at 820 Camino Vaquero Pkwy., #4105, Austin, TX 78748, including but not limited to disconnecting utilities or telephone service or causing such services to be disconnected.

These temporary ex parte protective orders shall be effective immediately and binding on Respondent and shall continue in full force and effect for twenty days from the date this order is signed unless terminated sooner by order of this Court.

The requirement of a bond is waived.

**Respondent is ORDERED to appear in person, before this Court in the courthouse at 1000 Guadalupe Street, Austin, Texas, on August 26, 2021 at 8:30 A. M.** The purpose of this hearing is to determine whether the Court should issue its protective order -

Prohibiting Respondent from committing family violence as defined in section 71.004 of the Texas Family Code.

94

Exhibit 3

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Prohibiting Respondent from communicating directly with Protected Person in a threatening or harassing manner.

Prohibiting Respondent from communicating a threat through any person to Protected Person.

On a finding of good cause, prohibiting Respondent from communicating in any manner with Protected Person except through Respondent's attorney or a person appointed by the Court.

Prohibiting Respondent from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibiting Respondent from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and from remaining within 500 feet after Respondent is aware of the Protected Person's presence.

Prohibiting Respondent from going to or near the residences or places of employment or business of Protected Person. Specifically prohibiting Respondent from going to or near 500 feet and specifically requiring Respondent to maintain 500 feet.

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibiting Respondent from possessing a firearm or ammunition, unless Respondent is a

Exhibit 3

peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Suspending Respondent's license to carry a handgun issued under subchapter H, chapter 411, of the Texas Government Code.

Requiring Respondent to complete a battering intervention and prevention program or counseling as provided by section 85.022(a) of the Texas Family Code.

This hearing is also to determine whether the Court should assess reasonable attorney's fees against Hafedh Azaiez to be awarded to DeVondolyn Arrington, Muery & Farrell, PC.

This hearing is also to determine whether the identifying information, which the Court has sealed, should be disclosed to Respondent.

**Warning**

A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF AS MUCH AS $500 OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.

NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

IT IS UNLAWFUL FOR ANY PERSON, OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM

Exhibit 3

OR AMMUNITION.

A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THE ORDER MAY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, OR BOTH. AN ACT THAT

Exhibit 3

RESULTS IN FAMILY VIOLENCE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE. IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS.

IT IS UNLAWFUL FOR ANY PERSON WHO IS SUBJECT TO A PROTECTIVE ORDER TO KNOWINGLY PURCHASE, RENT, LEASE, OR RECEIVE AS A LOAN OR GIFT FROM ANOTHER, A HANDGUN FOR THE DURATION OF THIS ORDER.

INTERSTATE VIOLATION OF THIS PROTECTIVE ORDER MAY SUBJECT RESPONDENT TO FEDERAL CRIMINAL PENALTIES. THIS PROTECTIVE ORDER IS ENFORCEABLE IN ALL FIFTY STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, AND U.S. TERRITORIES.

SIGNED on_____at_____. M.


_____
JUDGE PRESIDING

**APPROVED AS TO FORM:**

MUERY & FARRELL, PC
201 East Pecan Street Hutto, Texas
78634
Tel: (737) 808-0529
Fax: (512) 727-6626

By:_____
Adam T. Muery
State Bar No. 24046495
DeVondolyn Arrington
State Bar No. 24064157
E-Service: filing@texanlegal.com
Email: devondolyn@texanlegal.com
Attorney for Vanessa Ruiz

98

**APPROVED AS TO EXTENSION BUT RESERVED AS TO FINDINGS**:

Goranson Bain Ausley, PLLC
3307 Northland Drive
Suite 420
Austin, Texas 78731
Tel: (512) 454-8791
Fax: (512) 454-9091

By: _Kelly Ausley-Flores_

Kelly Ausley-Flores
State Bar No. 00793286
kflores@gbafamilylaw.com
Attorney for Respondent

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cassie Avery on behalf of Adam Muery
Bar No. 24046495
cassie@texanlegal.com
Envelope ID: 56214754
Status as of 8/13/2021 1:30 PM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cassie Avery | | cassie@texanlegal.com | 8/11/2021 2:33:07 PM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 8/11/2021 2:33:07 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 8/11/2021 2:33:07 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Adam Muery | | adam@texanlegal.com | 8/11/2021 2:33:07 PM | SENT |

Associated Case Party: Hafedh Azaeiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kelly Ausley-Flores | 793286 | kflores@gbafamilylaw.com | 8/11/2021 2:33:07 PM | SENT |

8/13/2021 3:54 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-21-004602
Norma Ybarra

## CAUSE NO. <u>D-1-FM-21-004602</u>

| | | |
|---|---|---|
| VANESSA RUIZ | § | IN THE DISTRICT COURT |
| | § | |
| AND | § | 53rd JUDICIAL DISTRICT |
| | § | |
| HAFEDH AZAIEZ | § | TRAVIS COUNTY, TEXAS |

### <u>NOTICE OF APPEARANCE ON BEHALF OF HAFEDH AZAIEZ</u>

NOTICE IS HEREBY GIVEN that Mary Goodrich Nix of the law firm Lynn Pinker Hurst & Schwegmann, LLP, located at 2100 Ross Avenue, Suite 2700, Dallas, Texas 75201, telephone: (214) 981-3800, facsimile: (214) 981-3839, hereby appears as counsel of record.   Ms. Nix respectfully requests that all notices given or required to be given in these proceedings and all papers served or required to be served in these proceedings be served upon the undersigned via electronic filing or at the office, postal address, electronic mail addresses, and facsimile numbers listed below.

Dated: August 13, 2021

Respectfully submitted,

<u>/s/ Mary Goodrich Nix</u>
Mary Goodrich Nix
Texas Bar No. 24002694
mnix@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
(214) 981-3800 - Telephone
(214) 981-3833 - Facsimile

**ATTORNEYS FOR HAFEDH AZAIEZ**

Exhibit 3

## **CERTIFICATE OF SERVICE**

I certify by my signature above that a true copy of the attached Notice of Appearance was served on all the attorneys of record for all parties in this cause in accordance with the Texas Rules of Civil Procedure on August 13, 2021.

*/s/ Mary Goodrich Nix*
Mary Goodrich Nix

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Beverly Congdon on behalf of Mary Nix
Bar No. 24002694
bcongdon@lynnllp.com
Envelope ID: 56305077
Status as of 8/16/2021 6:19 PM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cassie Avery | | cassie@texanlegal.com | 8/13/2021 3:54:52 PM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 8/13/2021 3:54:52 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 8/13/2021 3:54:52 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Adam Muery | | adam@texanlegal.com | 8/13/2021 3:54:52 PM | SENT |
| Mary Nix | | mnix@lynnllp.com | 8/13/2021 3:54:52 PM | SENT |
| Christi Baker | | cbaker@lynnllp.com | 8/13/2021 3:54:52 PM | SENT |
| Beverly Congdon | | bcongdon@lynnllp.com | 8/13/2021 3:54:52 PM | SENT |

Associated Case Party: Hafedh Azaeiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kelly Ausley-Flores | 793286 | kflores@gbafamilylaw.com | 8/13/2021 3:54:52 PM | SENT |
| Mary Nix | | mnix@lynnllp.com | 8/13/2021 3:54:52 PM | SENT |

8/17/2021 11:22 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-21-004602
Norma Ybarra

**CAUSE NO. D-1-FM-21-004602**

| | | |
|---|---|---|
| VANESSA RUIZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 53rd JUDICIAL DISTRICT |
| HAFEDH AZAIEZ, | § | |
| | § | |
| Respondent. | § | TRAVIS COUNTY, TEXAS |

**MOTION OF RESIDENT PRACTICING ATTORNEY IN SUPPORT OF UNOPPOSED MOTION OF NONRESIDENT ATTORNEY, MICHELLE M. GERVAIS, FOR ADMISSION PRO HAC VICE**

**TO THE HONORABLE COURT:**

Pursuant to *Texas Rules Governing Admission to the Bar of Texas, Rule XIX(b)*, Mary Goodrich Nix ("movant"), files this motion of resident practicing Texas attorney in support of the unopposed motion by nonresident attorney, Michelle M. Gervais, for admission pro hac vice, and shows the following:

1. The movant is an active member in good standing of the Texas State Bar. Mary Goodrich Nix, Texas State Bar number is 24002694. The movant is a resident attorney who practices with the law firm of LYNN PINKER HURST SCHWEGMANN, 2100 Ross Ave Suite 2700, Dallas, TX 75201, Ph: 214-981-3821; Fax: 214-725-9342, Email: mnix@lynnllp.com.

2. Michelle M. Gervais  ("applicant") has sought permission to appear pro hac vice as counsel for the Respondent, Hafedh Azaiez, in the above-entitled and numbered cause of action. As shown by the attached correspondence from the Texas Board of Law Examiners, the applicant has duly filed and paid the fee for her application for admission pro hac vice in this proceeding. The applicant will be associated with the movant in this proceeding.

1

Exhibit 3

3. The movant finds the applicant, who is an active member in good standing of the Bar of the State of Florida, Bar of the United States District Court for the Middle District of Florida, the United States District Court for the Southern District of Florida and the United States Court of Appeals for the Eleventh Circuit, to be a reputable attorney, and recommends that the applicant be granted permission to participate in the above-entitled and numbered proceedings before the court.

4. Counsel for the Plaintiff Vanessa Ruiz, via email communications, advised that they are not opposed to this motion.

WHEREFORE, the movant respectfully requests that the court grant the applicant's motion and enter an order to participate as one of the attorneys for the Respondent, Hafedh Azaiez, in the above-entitled and numbered cause of action.

Dated: August 17, 2021                Respectfully submitted,

LYNN PINKER HURST SCHWEGMANN

By: */s/Mary G. Nix*
    Mary Goodrich Nix
    State Bar No: 24002694
    2100 Ross Ave Suite 2700
    Dallas, TX 75201
    Ph: 214-981-3821
    Fax: 214-725-9342
    Email: mnix@lynnllp.com

**ATTORNEYS FOR RESPONDENT**
** HAFEDH AZAIEZ**

2

Exhibit 3

## CERTIFICATE OF SERVICE

I certify that on August 17, 2021, a true and correct copy of the foregoing instrument was served on the following pursuant to the Texas Rules of Civil Procedure by email as follows:

Adam T. Muery
De Vondolyn Arrington
Muery & Farrell, PC
201 East Pecan Street
Hutto, Texas 78634
Via E-filing manager and Email: devondolyn@texanlegal.com

**ATTORNEYS FOR PLAINTIFF VANESSA RUIZ**

*/s/Mary G. Nix*
Mary G. Nix

3

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Beverly Congdon on behalf of Mary Nix
Bar No. 24002694
bcongdon@lynnllp.com
Envelope ID: 56396847
Status as of 8/17/2021 5:52 PM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cassie Avery | | cassie@texanlegal.com | 8/17/2021 4:22:05 PM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 8/17/2021 4:22:05 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 8/17/2021 4:22:05 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christi Baker | | cbaker@lynnllp.com | 8/17/2021 4:22:05 PM | SENT |
| Beverly Congdon | | bcongdon@lynnllp.com | 8/17/2021 4:22:05 PM | SENT |
| Adam Muery | | adam@texanlegal.com | 8/17/2021 4:22:05 PM | SENT |

Associated Case Party: Hafedh Azaeiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kelly Ausley-Flores | 793286 | kflores@gbafamilylaw.com | 8/17/2021 4:22:05 PM | SENT |
| Mary Nix | | mnix@lynnllp.com | 8/17/2021 4:22:05 PM | SENT |

8/17/202 E x 122 PM 3
Velva L. Price
District Clerk
Travis County
D-1-FM-21-004602
Norma Ybarra

**CAUSE NO. D-1-FM-21-004602**

| | | |
|---|---|---|
| VANESSA RUIZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 53rd JUDICIAL DISTRICT |
| | § | |
| HAFEDH AZAIEZ, | § | |
| | § | |
| Respondent. | § | TRAVIS COUNTY, TEXAS |

**UNOPPOSED MOTION OF NON-RESIDENT ATTORNEY
MICHELLE M. GERVAIS FOR ADMISSION PRO HAC VICE**

TO THE HONORABLE COURT:

Michelle M. Gervais ("Applicant") files this unopposed motion for nonresident attorney admission pro hac vice, and shows the following:

1.  The Applicant seeks permission to appear pro hac vice as counsel for Respondent, Hafedh Azaiez in the above-titled and numbered cause of action.

2.  The Applicant is one of the attorneys for Respondent, Hafedh Azaiez.

3.  The Applicant will be associated in this proceeding with Mary Goodrich Nix, a resident attorney whose State Bar Number is 24002694.  Ms. Nix is a licensed attorney who practices with the law firm of LYNN PINKER HURST SCHWEGMANN, 2100 Ross Ave Suite 2700, Dallas, TX 75201, Ph: 214-981-3821; Fax: 214-725-9342, Email: mnix@lynnllp.com.

4. Counsel for Plaintiff has advised through email communications that Plaintiff is not opposed to this motion.

5. The Applicant is an active member in good standing of the Bar of Florida, Bar of the United States District Court for the Middle District of Florida, the United States District Court

1

Exhibit 3

for the Southern District of Florida and the United States Court of Appeals for the Eleventh Circuit.

6.   Pursuant to *Texas Rules Governing Admission to the Bar of Texas, Rule XIX(a)*, the Applicant has filed an application for admission pro hac vice with the Texas Board of Law Examiners and paid the $250 filing fee.   The Texas Board of Law Examiners' letter acknowledging the application is attached to this motion as <u>Exhibit A</u> and incorporated by reference.

7.   The Applicant has not been the subject of disciplinary actions by the Bar or the courts of any jurisdiction in which the Applicant is licensed in the past five years. The Applicant has not been denied admission to the courts of any state or to any federal court during the past five years.

8.   The Applicant attests that she is familiar with the State Bar Act, the State Bar Rules, the Texas Disciplinary Rules of Professional Conduct governing the conduct of members of the State Bar of Texas, and the Travis County Local Rules. The Applicant attests that she will at all times abide by and comply with these rules as long as the Texas proceeding is pending and she has not withdrawn as counsel in the proceeding.

9. The Applicant has not sought leave to appear or participate in any case and cause in Texas courts within the last two years:

WHEREFORE, Michelle M. Gervais respectfully requests that the Court grant this motion, and enter an order allowing her to participate as one of the attorneys for Respondent, Hafedh Azaiez in the above-titled and numbered cause of action.

2

Exhibit 3

Dated: August 17, 2021                    Respectfully submitted,


By  */s/Michelle M. Gervais*
      Michelle M. Gervais
      Florida State Bar No. 173827
      BLANK ROME LLP
      201 E. Kennedy Blvd., Suite 520
      Tampa, FL 33602-5993
      Tel: 813.255.2323
      Fax:813.435.2256
      Email: MGervais@BlankRome.com

      **Attorney for Respondent**


## CERTIFICATE OF SERVICE

I certify that on August 17, 2015, a true and correct copy of the foregoing instrument was served on the following pursuant to the Texas Rules of Civil Procedure by email as follows:

Adam T. Muery
De Vondolyn Arrington
Muery & Farrell, PC
201 East Pecan Street
Hutto, Texas 78634
Via E-filing manager and Email: devondolyn@texanlegal.com

**ATTORNEYS FOR PLAINTIFF VANESSA RUIZ**


      */s/Mary G.  Nix*
      Mary G. Nix

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Beverly Congdon on behalf of Mary Nix
Bar No. 24002694
bcongdon@lynnllp.com
Envelope ID: 56396847
Status as of 8/17/2021 5:52 PM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 8/17/2021 4:22:05 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 8/17/2021 4:22:05 PM | SENT |
| Cassie Avery | | cassie@texanlegal.com | 8/17/2021 4:22:05 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christi Baker | | cbaker@lynnllp.com | 8/17/2021 4:22:05 PM | SENT |
| Beverly Congdon | | bcongdon@lynnllp.com | 8/17/2021 4:22:05 PM | SENT |
| Adam Muery | | adam@texanlegal.com | 8/17/2021 4:22:05 PM | SENT |

Associated Case Party: Hafedh Azaeiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kelly Ausley-Flores | 793286 | kflores@gbafamilylaw.com | 8/17/2021 4:22:05 PM | SENT |
| Mary Nix | | mnix@lynnllp.com | 8/17/2021 4:22:05 PM | SENT |

Exhibit 3

# Exhibit A

EXHIBIT

A

# Board of Law Examiners

Appointed by the Supreme Court of Texas

August 06, 2021

Michelle M. Gervais
Via: E-Mail

Acknowledgment Letter

Non-Resident Attorney Fee

According to Texas Government Code §82.0361, "a nonresident attorney requesting permission to participate in proceedings in a court in this state shall pay a fee of $250 for each case in which the attorney is requesting to participate."

**This Acknowledgement Letter serves as proof that the Board of Law Examiners has received $250 in connection with the following matter:**

**Non-resident attorney: Michelle M. Gervais**

**Case: D-1-FM-21-004602**

**Texas court or body: In the District Court, 53rd Judicial District, Travis County, Texas**

After satisfying the fee requirement, a non-resident attorney shall file a motion in the Texas court or body in which the non-resident attorney is requesting permission to appear. The motion shall contain the information and statements required by Rule 19(a) of the Rules Governing Admission to the Bar of Texas. The motion must be accompanied by this Acknowledgment Letter and by a motion from a resident practicing Texas attorney that contains the statements required by Rule 19(b).

The decision to grant or deny a non-resident attorney's motion for permission to participate in the proceedings in a particular cause is made by the Texas court or body in which it is filed.

For more information, please see Rule 19 of the Rules Governing Admission to the Bar of Texas and §82.0361, of the Texas Government Code, which can be found on the Board's website.

Cordially,

*Nahdiah H*

Nahdiah Hoang
Executive Director

| MAILING ADDRESS | TELEPHONE: 512- 463-1621 - FACSIMILE: 512- 463-5300 | STREET ADDRESS |
|---|---|---|
| Post Office Box 13486 | WEBSITE: www.ble.texas.gov | 205 West 14th Street, Ste.500 |
| Austin,Texas 78711-3486 | | Austin, Texas 78701 |

Exhibit 3

# Exhibit B

Exhibit 3

 docverify

 SEALED · 1972·2021 · DOCVERIFY

## Unopposed Motion for Pro Hac Vice Admission -- Gervais.pdf

| | |
|---|---|
| DocVerify ID: | 1972C9D1-D86B-4459-84A1-F4D1849F1FDF |
| Created: | August 12, 2021 11:46:43 -8:00 |
| Pages: | 5 |
| Remote Notary: | Yes / State: FL |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

**E-Signature Summary**

**E-Signature 1: Michelle Gervais (MG)**
August 12, 2021 13:00:43 -8:00 [69224F52D000] [38.100.144.103]
MGervais@blankrome.com (Principal) (Personally Known)

**E-Signature Notary: Kathy A. Susko (Kat)**
August 12, 2021 13:00:43 -8:00 [DAA27D01AA46] [38.100.144.103]
kSusko@blankrome.com
I, Kathy A. Susko, did witness the participants named above electronically
sign this document.



DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat. All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.

Exhibit 3

## VERIFICATION

STATE OF FLORIDA   )

COUNTY OF PALM BEACH  )

 Before me, the undersigned Notary Public, on this day personally appeared Michelle M. Gervais, and after being duly sworn stated under oath that she is the petitioner in this matter; that she has read the above petition and that every statement contained in the petition is within her personal knowledge and is true and correct.

Further Affiant Sayeth Not.

Signed 

Michelle M. Gervais

STATE OF FLORIDA
COUNTY OF PALM BEACH

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☒ online notarization, this 12th day of August, 2021, by Michelle M. Gervais.

_Kathy a. Susko_

(Signature of Notary Public - State of Florida)

> Kathy A. Susko
> **Commission # GG 149987**
> Notary Public - State of Florida
> My Commission Expires Nov 29, 2021

(Print, Type, or Stamp Commissioned Name of Notary Public)

Personally Known
Type of Identification Produced FL Driver's License

---

1972C9D1-D86B-4459-84A1-F4D1849F1FDF — 2021/08/12 11:46:43 -8:00 — Remote Notary



Exhibit 3

**CAUSE NO. D-1-FM-21-004602**

| VANESSA RUIZ, | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 53rd JUDICIAL DISTRICT |
| HAFEDH AZAIEZ, | § | |
| | § | |
| Respondent. | § | TRAVIS COUNTY, TEXAS |

**ORDER GRANTING UNOPPOSED MOTION OF NONRESIDENT ATTORNEY, MICHELLE M. GERVAIS, FOR ADMISSION PRO HAC VICE**

On this day, the unopposed motion of nonresident attorney, Michelle M. Gervais, for admission pro hac vice came on for consideration, and the court having considered the pleadings, including the motion of a resident practicing Texas attorney in support of the nonresident attorney's motion, finds that the motions are well taken and should be granted.

**IT IS HEREBY ORDERED** that the applicant, Michelle M. Gervais, is granted permission to participate in the above-entitled and numbered proceeding as counsel for the Respondent, Hafedh Azaiez.

SIGNED on _____, 2021

_____
DISTRICT COURT JUDGE

1

117

8/18/2021 5:04 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-21-004602
Albert Tobeck

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

### NO. D-1-FM-21-004602

| | | |
|---|---|---|
| **VANESSA RUIZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **AND** | § | **53rd JUDICIAL DISTRICT** |
| | § | |
| **HAFEDH AZAIEZ** | § | **TRAVIS COUNTY, TEXAS** |

### AGREED EXTENDED TEMPORARY EX PARTE PROTECTIVE ORDER
### AND ORDER SETTING HEARING

On __August 18, 2021____, the Court considered the Agreed Motion to Extend Temporary Ex Parte Protective Order and Motion for Continuance and finds that good cause exists for an extension to the ex parte protective order and order to appear, pursuant to the agreement of the parties.

The Court further finds that RESPONDENT'S AGREEMENT TO THE EXTENSION OF THE TEMPORARY EX PARTE PROTECTIVE ORDER DOES NOT CONSTITUTE A WAIVER OF RESPONDENT'S RIGHTS TO DEFEND AGAINST THE ALLEGATIONS SET OUT IN APPLICANT'S PLEADINGS; THAT RESPONDENT EXPRESSLY DENIES THAT HE COMMITTED ACTS OF FAMILY VIOLENCE; AND THAT RESPONDENT EXPRESSLY DENIES ALL OTHER FINDINGS AND ALLEGATIONS AS SET OUT IN THE TEMPORARY EX PARTE PROTECTIVE ORDER, PETITIONER'S APPLICATION FOR PROTECTIVE ORDER, AND HER SUPPORTING AFFIDAVIT.

The Court, having examined the pleadings and allegations of Applicant, finds that Applicant's sworn pleadings and allegations show that Applicant is a girlfriend of Respondent and that -

Applicant and Respondent had a dating relationship as defined in section 71.0021(b) of the

Exhibit 3

Texas Family Code.

The Court finds that there is a clear and present danger of family violence unless Hafedh Azaiez is ordered to do or refrain from doing certain acts, as shown below.

The Court finds that there is an immediate need for the following protective orders to prevent family violence and to protect Applicant and that the orders are in the best interest of Applicant.

In this order, "Protected Person" means Applicant.

IT IS THEREFORE ORDERED that the clerk of this Court issue temporary ex parte protective orders as follows, and Respondent is immediately:

Prohibited from committing family violence against Petitioner, as defined by section 71.004 of the Texas Family Code.

Prohibited from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibited from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Prohibited from communicating directly with Protected Person in a threatening or harassing manner.

Prohibited from communicating a threat through any person to Protected Person.

Prohibited, on the basis of good cause shown, from communicating in any manner with Protected Person except through Respondent's attorney or Petitioner's attorney.

Prohibited from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse,

Exhibit 3

torment, or embarrass the Protected Person.

Prohibited from going to or near the residences or places of employment or business of Protected Person.  The Court specifically prohibits Respondent from going to or near 500 feet and specifically requires Respondent to maintain 500 feet.

Prohibited from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and further prohibited from remaining within 500 feet after Respondent becomes aware of the Protected Person's presence.

Prohibited from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibited from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Prohibited from interfering with Applicant's use of the residence located at 820 Camino Vaquero Pkwy., #4105, Austin, TX 78748, including but not limited to disconnecting utilities or telephone service or causing such services to be disconnected.

These temporary ex parte protective orders shall be effective immediately and binding on Respondent and shall continue in full force and effect for twenty days from the date this order is signed unless terminated sooner by order of this Court.

The requirement of a bond is waived.

**Respondent is ORDERED to appear in person, before this Court in the courthouse at 1000 Guadalupe Street, Austin, Texas, on August 26, 2021 at 8:30 A. M.** The purpose of this hearing is to determine whether the Court should issue its protective order -

Prohibiting Respondent from committing family violence as defined in section 71.004 of the Texas Family Code.

Exhibit 3

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Prohibiting Respondent from communicating directly with Protected Person in a threatening or harassing manner.

Prohibiting Respondent from communicating a threat through any person to Protected Person.

On a finding of good cause, prohibiting Respondent from communicating in any manner with Protected Person except through Respondent's attorney or a person appointed by the Court.

Prohibiting Respondent from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibiting Respondent from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and from remaining within 500 feet after Respondent is aware of the Protected Person's presence.

Prohibiting Respondent from going to or near the residences or places of employment or business of Protected Person. Specifically prohibiting Respondent from going to or near 500 feet and specifically requiring Respondent to maintain 500 feet.

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibiting Respondent from possessing a firearm or ammunition, unless Respondent is a

Exhibit 3

peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Suspending Respondent's license to carry a handgun issued under subchapter H, chapter 411, of the Texas Government Code.

Requiring Respondent to complete a battering intervention and prevention program or counseling as provided by section 85.022(a) of the Texas Family Code.

This hearing is also to determine whether the Court should assess reasonable attorney's fees against Hafedh Azaiez to be awarded to DeVondolyn Arrington, Muery & Farrell, PC.

This hearing is also to determine whether the identifying information, which the Court has sealed, should be disclosed to Respondent.

**Warning**

A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF AS MUCH AS $500 OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.

NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

IT IS UNLAWFUL FOR ANY PERSON, OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM

Exhibit 3

OR AMMUNITION.

A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THE ORDER MAY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, OR BOTH. AN ACT THAT

Exhibit 3

RESULTS IN FAMILY VIOLENCE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE. IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS.

IT IS UNLAWFUL FOR ANY PERSON WHO IS SUBJECT TO A PROTECTIVE ORDER TO KNOWINGLY PURCHASE, RENT, LEASE, OR RECEIVE AS A LOAN OR GIFT FROM ANOTHER, A HANDGUN FOR THE DURATION OF THIS ORDER.

INTERSTATE VIOLATION OF THIS PROTECTIVE ORDER MAY SUBJECT RESPONDENT TO FEDERAL CRIMINAL PENALTIES. THIS PROTECTIVE ORDER IS ENFORCEABLE IN ALL FIFTY STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, AND U.S. TERRITORIES.

SIGNED on ___August 18, 2021___ at _____ 5:00 ___P___. M.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM:**

MUERY & FARRELL, PC
201 East Pecan Street Hutto, Texas
78634
Tel: (737) 808-0529
Fax: (512) 727-6626

By: _____
Adam T. Muery
State Bar No. 24046495
DeVondolyn Arrington
State Bar No. 24064157
E-Service: filing@texanlegal.com
Email: devondolyn@texanlegal.com
Attorney for Vanessa Ruiz

124

Exhibit 3

**APPROVED AS TO EXTENSION BUT RESERVED AS TO FINDINGS**:

Goranson Bain Ausley, PLLC
3307 Northland Drive
Suite 420
Austin, Texas 78731
Tel: (512) 454-8791
Fax: (512) 454-9091

By: _Kelly Ausley-Flores_

    Kelly Ausley-Flores
    State Bar No. 00793286
    kflores@gbafamilylaw.com
    Attorney for Respondent

125

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 56442630
Status as of 8/19/2021 11:40 AM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cassie Avery | | cassie@texanlegal.com | 8/18/2021 5:04:38 PM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 8/18/2021 5:04:38 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 8/18/2021 5:04:38 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christi Baker | | cbaker@lynnllp.com | 8/18/2021 5:04:38 PM | SENT |
| Beverly Congdon | | bcongdon@lynnllp.com | 8/18/2021 5:04:38 PM | SENT |
| Adam Muery | | adam@texanlegal.com | 8/18/2021 5:04:38 PM | SENT |

Associated Case Party: Hafedh Azaeiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kelly Ausley-Flores | 793286 | kflores@gbafamilylaw.com | 8/18/2021 5:04:38 PM | SENT |
| Mary Nix | | mnix@lynnllp.com | 8/18/2021 5:04:38 PM | SENT |

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

**NO.  D-1-FM-21-004602**

| | | |
|---|---|---|
| **VANESSA RUIZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **AND** | § | **53rd JUDICIAL DISTRICT** |
| | § | |
| **HAFEDH AZAIEZ** | § | **TRAVIS COUNTY, TEXAS** |

**AGREED EXTENDED TEMPORARY EX PARTE PROTECTIVE ORDER**
**~~AND ORDER SETTING HEARING~~**

On _____, the Court considered the *Agreed Motion to Extend Temporary Ex Parte Protective Order and Motion for Continuance* and finds that good cause exists for an extension to the ex parte protective order and order to appear, pursuant to the agreement of the parties.

The Court further finds that RESPONDENT'S AGREEMENT TO THE EXTENSION OF THE TEMPORARY EX PARTE PROTECTIVE ORDER DOES NOT CONSTITUTE A WAIVER OF RESPONDENT'S RIGHTS TO DEFEND AGAINST THE ALLEGATIONS SET OUT IN APPLICANT'S PLEADINGS; THAT RESPONDENT EXPRESSLY DENIES THAT HE COMMITTED ACTS OF FAMILY VIOLENCE; AND THAT RESPONDENT EXPRESSLY DENIES ALL OTHER FINDINGS AND ALLEGATIONS AS SET OUT IN THE TEMPORARY EX PARTE PROTECTIVE ORDER, PETITIONER'S APPLICATION FOR PROTECTIVE ORDER, AND HER SUPPORTING AFFIDAVIT.

The Court, having examined the pleadings and allegations of Applicant, finds that Applicant's sworn pleadings and allegations show that Applicant is a girlfriend of Respondent and that -

Applicant and Respondent had a dating relationship as defined in section 71.0021(b) of the Texas Family Code.

The Court finds that Applicant alleges there is a clear and present danger of family violence

127

Exhibit 3

unless Hafedh Azaiez is ordered to do or refrain from doing certain acts, as shown below.

The Court finds that Applicant alleges there is an immediate need for the following protective orders to prevent family violence and to protect Applicant and that the orders are in the best interest of Applicant.

In this order, "Protected Person" means Applicant.

The Court finds that the parties agree to the entry of the following orders. IT IS THEREFORE ORDERED that the clerk of this Court issue temporary ex parte protective orders as follows, and Respondent is immediately:

Prohibited from committing family violence against Petitioner, as defined by section 71.004 of the Texas Family Code.

Prohibited from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibited from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Prohibited from communicating directly with Protected Person in a threatening or harassing manner.

Prohibited from communicating a threat through any person to Protected Person. Prohibited, on the basis of good cause shown, from communicating in any manner with

Protected Person except through Respondent's attorney or Petitioner's attorney.

Prohibited from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibited from going to or near the residences or places of employment or business of

Protected Person.   The Court specifically prohibits Respondent from going to or near 500 feet and specifically requires Respondent to maintain 500 feet.

Prohibited from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and further prohibited from remaining within 500 feet after Respondent becomes aware of the Protected Person's presence.

Prohibited from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibited from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Prohibited from interfering with Applicant's use of the residence located at 820 Camino Vaquero Pkwy., #4105, Austin, TX 78748, including but not limited to disconnecting utilities or telephone service or causing such services to be disconnected.

**These temporary ex parte protective orders shall be effective immediately and binding on Respondent and shall continue in full force and effect, indefinitely until final trial, from the date this order is signed unless terminated sooner by order of this Court.**

The requirement of a bond is waived.

Prohibiting Respondent from committing family violence as defined in section 71.004 of the Texas Family Code.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm,

bodily injury, assault, or sexual assault.

Prohibiting Respondent from communicating directly with Protected Person in a threatening or harassing manner.

Prohibiting Respondent from communicating a threat through any person to Protected Person.

On a finding of good cause, prohibiting Respondent from communicating in any manner with Protected Person except through Respondent's attorney or a person appointed by the Court.

Prohibiting Respondent from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibiting Respondent from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and from remaining within 500 feet after Respondent is aware of the Protected Person's presence.

Prohibiting Respondent from going to or near the residences or places of employment or business of Protected Person. Specifically prohibiting Respondent from going to or near 500 feet and specifically requiring Respondent to maintain 500 feet.

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibiting Respondent from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Suspending Respondent's license to carry a handgun issued under subchapter H, chapter 411, of the Texas Government Code.

Requiring Respondent to complete a battering intervention and prevention program or

counseling as provided by section 85.022(a) of the Texas Family Code.

This hearing is also to determine whether the Court should assess reasonable attorney's fees against Hafedh Azaiez to be awarded to DeVondolyn Arrington, Muery & Farrell, PC.

This hearing is also to determine whether the identifying information, which the Court has sealed, should be disclosed to Respondent.

**Warning**

A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF AS MUCH AS $500 OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.

NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

IT IS UNLAWFUL FOR ANY PERSON, OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM OR AMMUNITION.

A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THE ORDER MAY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, OR BOTH. AN ACT THAT

RESULTS IN FAMILY VIOLENCE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE. IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS.

IT IS UNLAWFUL FOR ANY PERSON WHO IS SUBJECT TO A PROTECTIVE ORDER TO KNOWINGLY PURCHASE, RENT, LEASE, OR RECEIVE AS A LOAN OR GIFT FROM ANOTHER, A HANDGUN FOR THE DURATION OF THIS ORDER.

INTERSTATE VIOLATION OF THIS PROTECTIVE ORDER MAY SUBJECT RESPONDENT TO FEDERAL CRIMINAL PENALTIES. THIS PROTECTIVE ORDER IS ENFORCEABLE IN ALL FIFTY STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, AND U.S. TERRITORIES.

SIGNED on _____ at _____. M.

_____
JUDGE PRESIDING

**APPROVED AS TO FORM:**

**MUERY & FARRELL, PC**
201 East Pecan Street Hutto, Texas 78634
Tel: (737) 808-0529
Fax: (512) 727-6626
E-Service: filing@texanlegal.com


By:_____
　　 Adam T. Muery
　　 State Bar No. 24046495
　　 DeVondolyn Arrington
　　 State Bar No. 24064157
　　 devondolyn@texanlegal.com
Attorneys for Vanessa Ruiz


**APPROVED AS TO EXTENSION FORM BUT RESERVED AS TO FINDINGS**:

**RIVERS ♦ MCNAMARA, PLLC**
1209 West 5th Street, Suite 200
Austin, Texas  78703
(512) 439-7000 (Telephone)
(512) 439-7007 (Telecopier)
service@riversmcnamara.com (Service Email)


By:_____
　　 RICHEL RIVERS
　　 State Bar No. 16958500
　　 MARY EVELYN McNAMARA
　　 State Bar No. 24037079
　　 Attorneys for HAFEDH AZAIEZ

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cassie Avery on behalf of Adam Muery
Bar No. 24046495
cassie@texanlegal.com
Envelope ID: 56574485
Status as of 8/24/2021 1:34 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christi Baker | | cbaker@lynnllp.com | 8/23/2021 5:17:16 PM | SENT |
| Beverly Congdon | | bcongdon@lynnllp.com | 8/23/2021 5:17:16 PM | SENT |
| Kelly Ausley-Flores | 793286 | kflores@gbafamilylaw.com | 8/23/2021 5:17:16 PM | SENT |
| Adam Muery | | adam@texanlegal.com | 8/23/2021 5:17:16 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 8/23/2021 5:17:16 PM | SENT |
| Mary Evelyn McNamara | 24037079 | service@riversmcnamara.com | 8/23/2021 5:17:16 PM | SENT |

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cassie Avery | | cassie@texanlegal.com | 8/23/2021 5:17:16 PM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 8/23/2021 5:17:16 PM | SENT |

Associated Case Party: Hafedh Azaeiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mary Nix | | mnix@lynnllp.com | 8/23/2021 5:17:16 PM | SENT |

8/25/2021 4:01 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-FM-21-004602**
**Albert Tobeck**

**NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA**

### NO.  D-1-FM-21-004602

| | | |
|---|---|---|
| **VANESSA RUIZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **AND** | § | **53rd JUDICIAL DISTRICT** |
| | § | |
| **HAFEDH AZAIEZ** | § | **TRAVIS COUNTY, TEXAS** |

### AGREED EXTENDED TEMPORARY EX PARTE PROTECTIVE ORDER
### ~~AND ORDER SETTING HEARING~~

On ___August 25, 2021___, the Court considered the *Agreed Motion to Extend Temporary Ex Parte Protective Order and Motion for Continuance* and finds that good cause exists for an extension to the ex parte protective order and order to appear, pursuant to the agreement of the parties.

The Court further finds that RESPONDENT'S AGREEMENT TO THE EXTENSION OF THE TEMPORARY EX PARTE PROTECTIVE ORDER DOES NOT CONSTITUTE A WAIVER OF RESPONDENT'S RIGHTS TO DEFEND AGAINST THE ALLEGATIONS SET OUT IN APPLICANT'S PLEADINGS; THAT RESPONDENT EXPRESSLY DENIES THAT HE COMMITTED ACTS OF FAMILY VIOLENCE; AND THAT RESPONDENT EXPRESSLY DENIES ALL OTHER FINDINGS AND ALLEGATIONS AS SET OUT IN THE TEMPORARY EX PARTE PROTECTIVE ORDER, PETITIONER'S APPLICATION FOR PROTECTIVE ORDER, AND HER SUPPORTING AFFIDAVIT.

The Court, having examined the pleadings and allegations of Applicant, finds that Applicant's sworn pleadings and allegations show that Applicant is a girlfriend of Respondent and that -

Applicant and Respondent had a dating relationship as defined in section 71.0021(b) of the Texas Family Code.

The Court finds that Applicant alleges there is a clear and present danger of family violence

unless Hafedh Azaiez is ordered to do or refrain from doing certain acts, as shown below.

The Court finds that Applicant alleges there is an immediate need for the following protective orders to prevent family violence and to protect Applicant and that the orders are in the best interest of Applicant.

In this order, "Protected Person" means Applicant.

The Court finds that the parties agree to the entry of the following orders. IT IS THEREFORE ORDERED that the clerk of this Court issue temporary ex parte protective orders as follows, and Respondent is immediately:

Prohibited from committing family violence against Petitioner, as defined by section 71.004 of the Texas Family Code.

Prohibited from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibited from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm, bodily injury, assault, or sexual assault.

Prohibited from communicating directly with Protected Person in a threatening or harassing manner.

Prohibited from communicating a threat through any person to Protected Person. Prohibited, on the basis of good cause shown, from communicating in any manner with

Protected Person except through Respondent's attorney or Petitioner's attorney.

Prohibited from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibited from going to or near the residences or places of employment or business of

Protected Person.   The Court specifically prohibits Respondent from going to or near 500 feet and specifically requires Respondent to maintain 500 feet.

Prohibited from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and further prohibited from remaining within 500 feet after Respondent becomes aware of the Protected Person's presence.

Prohibited from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibited from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Prohibited from interfering with Applicant's use of the residence located at 820 Camino Vaquero Pkwy., #4105, Austin, TX 78748, including but not limited to disconnecting utilities or telephone service or causing such services to be disconnected.

**These temporary ex parte protective orders shall be effective immediately and binding on** until October 1, 2021, as authorized by the Texas **Respondent and shall continue in full force and effect,** ~~indefinitely until final trial, from the date this~~ Supreme Court's 40th Emergency Order ~~order is signed unless terminated sooner by order of this Court.~~

The requirement of a bond is waived.

Prohibiting Respondent from committing family violence as defined in section 71.004 of the Texas Family Code.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is intended to result in physical harm, bodily injury, assault, or sexual assault against Protected Person.

Prohibiting Respondent from doing any act other than a defensive measure to protect Respondent that is a threat that reasonably places Protected Person in fear of imminent physical harm,

bodily injury, assault, or sexual assault.

Prohibiting Respondent from communicating directly with Protected Person in a threatening or harassing manner.

Prohibiting Respondent from communicating a threat through any person to Protected Person.

On a finding of good cause, prohibiting Respondent from communicating in any manner with Protected Person except through Respondent's attorney or a person appointed by the Court.

Prohibiting Respondent from engaging in conduct directed specifically toward Protected Person, including following the Protected Person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the Protected Person.

Prohibiting Respondent from going to or near, or within 500 feet of, any location where Protected Person is known by Respondent to be and from remaining within 500 feet after Respondent is aware of the Protected Person's presence.

Prohibiting Respondent from going to or near the residences or places of employment or business of Protected Person. Specifically prohibiting Respondent from going to or near 500 feet and specifically requiring Respondent to maintain 500 feet.

Prohibiting Respondent from transferring, encumbering, or otherwise disposing of property mutually owned or leased by the parties, except when in the ordinary course of business.

Prohibiting Respondent from possessing a firearm or ammunition, unless Respondent is a peace officer, as defined by section 1.07 of the Texas Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision.

Suspending Respondent's license to carry a handgun issued under subchapter H, chapter 411, of the Texas Government Code.

Requiring Respondent to complete a battering intervention and prevention program or

counseling as provided by section 85.022(a) of the Texas Family Code.

This hearing is also to determine whether the Court should assess reasonable attorney's fees against Hafedh Azaiez to be awarded to DeVondolyn Arrington, Muery & Farrell, PC.

This hearing is also to determine whether the identifying information, which the Court has sealed, should be disclosed to Respondent.

**Warning**

A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY A FINE OF AS MUCH AS $500 OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.

NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

IT IS UNLAWFUL FOR ANY PERSON, OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM OR AMMUNITION.

A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THE ORDER MAY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, OR BOTH. AN ACT THAT

RESULTS IN FAMILY VIOLENCE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE. IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS.

IT IS UNLAWFUL FOR ANY PERSON WHO IS SUBJECT TO A PROTECTIVE ORDER TO KNOWINGLY PURCHASE, RENT, LEASE, OR RECEIVE AS A LOAN OR GIFT FROM ANOTHER, A HANDGUN FOR THE DURATION OF THIS ORDER.

INTERSTATE VIOLATION OF THIS PROTECTIVE ORDER MAY SUBJECT RESPONDENT TO FEDERAL CRIMINAL PENALTIES. THIS PROTECTIVE ORDER IS ENFORCEABLE IN ALL FIFTY STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, AND U.S. TERRITORIES.

SIGNED on ___August 25, 2021___ at ___3:58___ P. M.

_____

JUDGE PRESIDING

Exhibit 3

**APPROVED AS TO FORM:**

**MUERY & FARRELL, PC**
201 East Pecan Street Hutto, Texas 78634
Tel: (737) 808-0529
Fax: (512) 727-6626
E-Service: filing@texanlegal.com

By:_____
    Adam T. Muery
    State Bar No. 24046495
    DeVondolyn Arrington
    State Bar No. 24064157
    devondolyn@texanlegal.com
Attorneys for Vanessa Ruiz

**APPROVED AS TO EXTENSION FORM BUT RESERVED AS TO FINDINGS**:

**RIVERS ♦ MCNAMARA, PLLC**
1209 West 5th Street, Suite 200
Austin, Texas  78703
(512) 439-7000 (Telephone)
(512) 439-7007 (Telecopier)
service@riversmcnamara.com (Service Email)

By:_____
    RICHEL RIVERS
    State Bar No. 16958500
    MARY EVELYN McNAMARA
    State Bar No. 24037079
    Attorneys for HAFEDH AZAIEZ

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 56658172
Status as of 8/26/2021 2:00 PM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cassie Avery | | cassie@texanlegal.com | 8/25/2021 4:01:39 PM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 8/25/2021 4:01:39 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christi Baker | | cbaker@lynnllp.com | 8/25/2021 4:01:39 PM | SENT |
| Beverly Congdon | | bcongdon@lynnllp.com | 8/25/2021 4:01:39 PM | SENT |
| Mary Evelyn McNamara | 24037079 | service@riversmcnamara.com | 8/25/2021 4:01:39 PM | SENT |
| Kelly Ausley-Flores | 793286 | kflores@gbafamilylaw.com | 8/25/2021 4:01:39 PM | SENT |
| Adam Muery | | adam@texanlegal.com | 8/25/2021 4:01:39 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 8/25/2021 4:01:39 PM | SENT |

Associated Case Party: Hafedh Azaeiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mary Nix | | mnix@lynnllp.com | 8/25/2021 4:01:39 PM | SENT |

Exhibit 3

**Docket Notes**
**Cause #D-1-FM-21-004602**
**RUIZ VANESSA VS AZAEIZ HAFEDH**

| Date Entered | Note | Note type | Date Last Edited | Last Edited By |
|---|---|---|---|---|
| 7/30/2021 | Temporary Ex Parte Protective Order And Order Setting Hearing was considered by written submission and was signed on 7/29/21 by Judge Crump; Order was e-filed with the DCO; KC/gm | Docket Sheet Entry | 7/30/2021 | McgeeG |
| 7/30/2021 | First Amended Temporary Ex Parte Protective Order And Order Setting Hearing was considered by written submission and was signed on this date by Judge Crump; Order was e-filed with the DCO; KC/gm | Docket Sheet Entry | 7/30/2021 | McgeeG |
| 8/12/2021 | Submission PO rejected. Parties notified via email the following: The Order is missing Ms. Ausley-Flores signature.  Please obtain her signature and resubmit. | Docket Sheet Entry | 8/12/2021 | GouldT |
| 8/18/2021 | Agreed Extended Temporary Ex Parte Protective Order and Order Setting Hearing signed by Judge Cantu Hexsel. | Docket Sheet Entry | 8/18/2021 | GouldT |
| 8/25/2021 | Agreed Order Extending Temporary Ex Parte PO  signed by Judge Cantu Hexsel. | Docket Sheet Entry | 8/25/2021 | GouldT |
| 8/26/2021 | Agreed Order for Substitution of Counsel signed by Judge Cantu Hexsel. | Docket Sheet Entry | 8/26/2021 | GouldT |

1

8/26/2021 2:06 PM
Velva L. Price
District Clerk
Travis County
D-1-FM-21-004602
Albert Tobeck

NOTICE: this document contains sensitive data

## CAUSE NO.  D-1-FM-21-004602

| | | |
|---|---|---|
| **VANESSA RUIZ,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **53rd JUDICIAL DISTRICT** |
| | § | |
| **HAFEDH AZAIEZ** | § | **TRAVIS COUNTY, TEXAS** |

### AGREED ORDER FOR SUBSTITUTION OF COUNSEL

Before the Court is Respondent HAFEDH AZAIEZ's request for admission pro hac vice of his non-resident counsel and to substitute counsel. The Court finds that the parties have agreed, and it is ORDERED as follows:

IT IS ORDERED that KELLY AUSLEY-FLORES is discharged as attorney of record for Respondent Hafedh Azaiez.

IT IS ORDERED that MICHELLE M. GERVAIS, **BLANK ROME, PLLC**, Fifth Third Center, 201 East Kennedy Boulevard Suite 520, Tampa, FL 33602, 813-255-2323 (telephone), 813-435-2256 (telecopier), MGervais@BlankRome.com , is admitted pro hac vice to appear herein as attorney of record for Respondent Hafedh Azaiez.

IT IS ORDERED that RICHEL RIVERS, **RIVERS ♦ MCNAMARA, PLLC,** 1209 West 5th Street, Ste. 200, Austin, Texas, 78703, (512) 439-7000 (telephone), (512) 439-7007 (telecopier), service@riversmcnamara.com (service email), State Bar number 16958500, is substituted as local counsel for HAFEDH AZAIEZ.

SIGNED on _____August 26_____, 2021.

_____
JUDGE PRESIDING

1

Exhibit 3

**MUERY & FARRELL, PC**
201 East Pecan St.
Hutto, TX 78634
737-808-0529 (Telephone)
512-727-6626 (Telecopier)
filing@texanlegal.com (E-service)


By: _____
    Adam T. Muery
    State Bar No. 24046495
Attorneys for Petitioner Vanessa Ruiz

**GORANSON BAIN AUSLEY, PLLC**
3307 Northland Drive, Suite 420
Austin, TX 78731
512-454-8791 (Telephone)
512-454-9091 (Telecopier)


By: _____
    Kelly Ausley-Flores
    State Bar No. 24074029
Withdrawing Attorney for Respondent

**BLANK ROME**
Fifth Third Center
201 East Kennedy Boulevard Suite 520
Tampa, FL 33602
813-255-2323 (Telephone)
813-435-2256 (Telecopier)
mgervais@blankrome.com (Service email)


By: _____
    Michelle M. Gervais

**LYNN PINKER HURST &
SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
(214) 981-3800 (Telephone)
(214) 981-3833 (Facsimile)
By: Mary Goodrich Nix
    State Bar No. 24002694
    mnix@lynnllp.com

**RIVERS MCNAMARA, PLLC**
1209 W. 5th St., Suite 200
Austin, TX 78703
512-439-7000 (Telephone)
512-439-7007 (Telecopier)
service@riversmcnamara.com (Service)
By: Richel Rivers
    State Bar No. 16958500

Attorneys for Respondent Hafedh Azaiez

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 56692556
Status as of 8/26/2021 3:44 PM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cassie Avery | | cassie@texanlegal.com | 8/26/2021 2:06:11 PM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 8/26/2021 2:06:11 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christi Baker | | cbaker@lynnllp.com | 8/26/2021 2:06:11 PM | SENT |
| Beverly Congdon | | bcongdon@lynnllp.com | 8/26/2021 2:06:11 PM | SENT |
| Mary Evelyn McNamara | 24037079 | service@riversmcnamara.com | 8/26/2021 2:06:11 PM | SENT |
| Kelly Ausley-Flores | 793286 | kflores@gbafamilylaw.com | 8/26/2021 2:06:11 PM | SENT |
| Adam Muery | | adam@texanlegal.com | 8/26/2021 2:06:11 PM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 8/26/2021 2:06:11 PM | SENT |

Associated Case Party: Hafedh Azaeiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mary Nix | | mnix@lynnllp.com | 8/26/2021 2:06:11 PM | SENT |

9/9/2021 9:21 AM
Velva L. Price
District Clerk
Travis County
D-1-FM-21-004602
Norma Ybarra

**NOTICE:  THIS DOCUMENT
CONTAINS SENSITIVE DATA**

### NO.  D-1-FM-21-004602

| | | |
|---|---|---|
| **VANESSA RUIZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **AND** | § | **53rd JUDICIAL DISTRICT** |
| | § | |
| **HAFEDH AZAIEZ** | § | **TRAVIS COUNTY, TEXAS** |

### PETITIONER'S NOTICE FOR PRODUCTION OF DOCUMENTS
### TO NON-PARTY AT&T WIRELESS

To:    HAFEDH AZAIEZ, by and through his attorney of record, Mary Evelyn McNamara, Rivers McNamara, PLLC, 1209 West 5th Street, Suite 200, Austin, Texas 78073.

AT&T WIRELESS/NEW CINGULAR WIRELESS, CUSTODIAN OF RECORDS, ADDRESS: 11760 US HIGHWAY 1, SUITE 600, NORTH PALM BEACH, FLORIDA 33408; FACSIMILE: (888) 938-4715 OR (877) 971-6093.

Under rule 205.3 of the Texas Rules of Civil Procedure, you are notified that a subpoena duces tecum will be issued no less than ten (10) days from the date this notice is served.  This subpoena will require Non-Party AT&T WIRELESS/NEW CINGULAR WIRELESS to produce and permit inspection and copying of the following documents or tangible things:

1.      All documents, files, audio or video recordings, GPS location information, text messages, call and text records, streaming, upload and download data, remote monitoring services, IP address information, and tangible records that may have been obtained or created by the cellphone provider for any party, child, or witness involved in this suit, specifically, HAFEDH AZAIEZ, and/or phone number (281) 467-5908.

Respectfully submitted,

MUERY & FARRELL, PC
201 East Pecan Street
Hutto, Texas 78634
Tel: (737) 808-0529
Fax: (512) 727-6626

By:_____
Adam T. Muery
State Bar No. 24046495

Exhibit 3

e-Service: filing@texanlegal.com
Email: adam@texanlegal.com
Attorney for VANESSA RUIZ-ALDRICH

## CERTIFICATE OF SERVICE

I certify that a true copy of this *Petitioner's Notice for Production or Inspection of Documents and Other Tangible Things to Non-Party AT&T Wireless/New Cingular Wireless* was served in accordance with rule 21a of the Texas Rules of Civil Procedure on the following on September 9, 2021:

Mary Evelyn McNamara, Rivers McNamara, PLLC, 1209 West 5th Street, Suite 200, Austin, Texas 78073, via email at: memcnamara@riversmcnamara.com

Michelle M. Gervais, BlankRome, Fifth Third Center 201 East Kennedy Blvd, Suite 520, Tampa, Florida 33602, via email at: MGervais@BlankRome.com

Adam T. Muery
Attorney for VANESSA RUIZ-ALDRICH

148

Exhibit 3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cassie Avery on behalf of Adam Muery
Bar No. 24046495
cassie@texanlegal.com
Envelope ID: 57077054
Status as of 9/10/2021 11:35 AM CST

Associated Case Party: VanessaRuiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cassie Avery | | cassie@texanlegal.com | 9/9/2021 9:21:54 AM | SENT |
| CMFD, PC dba Muery & Farrell, PC Filing Account | | filing@texanlegal.com | 9/9/2021 9:21:54 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christi Baker | | cbaker@lynnllp.com | 9/9/2021 9:21:54 AM | SENT |
| Beverly Congdon | | bcongdon@lynnllp.com | 9/9/2021 9:21:54 AM | SENT |
| Mary Evelyn McNamara | 24037079 | service@riversmcnamara.com | 9/9/2021 9:21:54 AM | SENT |
| Kelly Ausley-Flores | 793286 | kflores@gbafamilylaw.com | 9/9/2021 9:21:54 AM | SENT |
| Adam Muery | | adam@texanlegal.com | 9/9/2021 9:21:54 AM | SENT |
| DeVondolyn Arrington | | devondolyn@texanlegal.com | 9/9/2021 9:21:54 AM | SENT |

Associated Case Party: Hafedh Azaeiz

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mary Nix | | mnix@lynnllp.com | 9/9/2021 9:21:54 AM | SENT |

BOARD MEETINGS                                                                 BED
PUBLIC PARTICIPATION                                                        (LEGAL)

**United States Constitution**

A district shall take no action abridging the freedom of speech or the right of the people to petition the board for redress of grievances. *U.S. Const. Amend. I, XIV*

A board may confine its meetings to specified subject matter and may hold nonpublic sessions to transact business. When the board sits in public meetings to conduct public business and hear the views of citizens, it may not discriminate between speakers on the basis of the content of their speech or the message it conveys. *Rosenberger v. Rector & Visitors of Univ. of Virginia, 515 U.S. 819, 828 (1995); City of Madison v. Wis. Emp. Rel. Comm'n, 429 U.S. 167, 176 (1976); Pickering v. Bd. of Educ., 391 U.S. 563, 568 (1968)*

A board may create a limited public forum for the purpose of hearing comments from the public so long as:

1.   The board does not discriminate against speech on the basis of viewpoint;

2.   Any restrictions are reasonable in light of the purpose served by the forum; and

3.   The board provides alternative paths for expressing categories of protected speech that are excluded from the forum.

*Fairchild v. Liberty Indep. Sch. Dist., 597 F.3d 747 (5th Cir. 2010)*

**Texas Constitution**

Citizens shall have the right, in a peaceable manner, to assemble together for their common good and to apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address, or remonstrance. *Tex. Const. Art. I, Sec. 27*

**Public Comment**

A board shall allow each member of the public who desires to address the board regarding an item on an agenda for an open meeting of the board to address the board regarding the item at the meeting before or during the board's consideration of the item.

Time Limits

A board may adopt reasonable rules regarding the public's right to address the board under these provisions, including rules that limit the total amount of time that a member of the public may address the board on a given item.

*Additional Time for Translation*

If a board does not use simultaneous translation equipment in a manner that allows the board to hear the translated public testimony simultaneously, a rule adopted that limits the amount of time that a member of the public may address the board must provide that a member of the public who addresses the board through a translator must be given at least twice the amount of time as a

Round Rock ISD
246909

Exhibit 4

BOARD MEETINGS
PUBLIC PARTICIPATION

BED
(LEGAL)

member of the public who does not require the assistance of a translator in order to ensure that non-English speakers receive the same opportunity to address the board.

**Public Criticism**

A board may not prohibit public criticism of the board, including criticism of any act, omission, policy, procedure, program, or service. This does not apply to public criticism that is otherwise prohibited by law.

*Gov't Code 551.007*

**Disruption**

It is a criminal offense for a person, with intent to prevent or disrupt a lawful meeting, to substantially obstruct or interfere with the ordinary conduct of a meeting by physical action or verbal utterance and thereby curtail the exercise of others' First Amendment rights. *Penal Code 42.05;* *Morehead v. State, 807 S.W. 2d 577 (Tex. Cr. App. 1991)*

Exhibit 5

FOR IMMEDIATE RELEASE                                                                                    8/3/2021


Statement from Dr Mary Bone, RRISD Trustee and Danielle Weston RRISD Trustee


Since the RRISD Board of Trustees was first notified of deeply troubling accusations (including criminal accusations) against RRISD Superintendent, Hafedh Azaiez, in mid-July, we (Bone and Weston) have actively sought to protect RRISD students, staff and the community at large. We speak only for ourselves in this press release.

On 7/13/2021, Trustee Bone was contacted by a woman who briefed Bone that Dr Azaiez assaulted her and that she feared for her safety and that of her unborn child. The victim shared that once protective measures (including but not limited to a restraining order) were put in place, and when she felt safe to do so, she would pursue criminal charges. She also requested to be able to share her story with the board president.  Trustee Bone then fully briefed the board president on everything she had just learned including the request that the board president listen to the victim's story herself. The board president declined this request. Thus, the entire board (except for one trustee) received an e-mail from the victim on 7/14/2021 which included a request to share her story with the entire board.

A meeting was then scheduled for 7/23/2021 but was cancelled. For reasons unknown to us, the agenda for that meeting (on 7/23/2021) only listed one agenda item, "Pursuant to Texas Government Code Under Section 551.071, the Board will meet in consultation with its attorney regarding the Superintendent's contract." The agenda failed to include an item to discuss allegations made against the superintendent (TGC 551.074 would have likely covered this). It also failed to allow trustees to participate virtually and failed to allow the board to take any action. Thus, it's unlikely that the 7/23/2021 meeting would have been productive because the entire board would not have been able to properly address this situation. Our expectation was that this meeting would be rescheduled ASAP with the appropriate and needed agenda items and provisions. Our desire to hold a proper and special meeting on this topic has not changed. And yet despite repeated requests, we have been denied. Even now, no meeting has been scheduled.

We know of no other course of action than to pursue board policies to exercise proper oversight of the RRISD. Policy BE Local states on page 1:

"The Board President may call special meetings. The Board President shall call a special meeting at the request of two members of the Board. Special meetings shall be called when, due to the requirements of action by the Board, it does not appear that a matter requiring action may be dealt with in a regular Board meeting. Special meetings may also be called for the convenience of the public in order to allow the Board to decide specific items in a timely manner."

On 7/23/2021, the board received an e-mail detailing troubling accusations (including criminal accusations) from another source who had spoken at length with the accuser. Victims of domestic violence are often dismissed, marginalized and they commonly live in fear. Most victims of domestic

Exhibit 5

violence never come forward because it is too dangerous to do so. In our view, the failure to promptly schedule and hold a board of trustees meeting to discuss and address this matter can only mean that our high level of concern and sense of urgency is not universally shared among all seven trustees.

It is difficult to navigate domestic violence accusations but we are guided by meaningful principles. First, all persons in our country are innocent until proven guilty. Second, the well-being of our students, staff and community are more important than anything else. Third, given the credibility of the accuser, these accusations cannot be ignored.

As elected officials we swore an oath to the Constitution. We are also committed to a Code of Ethics and are charged with ultimate leadership of the RRISD. We hold unique power and trust. We are duty bound to prioritize the safety and well-being of our students and staff and to protect the entire district.  Our on-going desire to hold a proper and special meeting on this topic has not changed. As individual trustees, we have no power. Only as a body corporate are we able to discuss and take action on matters. It's imperative a special meeting be held immediately.


Contacts:

Trustee Danielle Weston danielle_weston@roundrockisd.org

Trustee & Dr Mary Bone mary_bone@roundrockisd.org



**Jeremy Story**                                                                                                      July 23, 2021 at 7:10 PM
A urgent matter of concern for RRISD students, parents, teachers and administrators                                    Hide
To:  amy_weir@roundrockisd.org,    amber_feller@roundrockisd.org,    tiffanie_n_harrison@roundrockisd.org,    jun_xiao@roundrockisd.org,    Mary Bone,
Cory Vessa,    Danielle Weston

Board of Trustees,

**An issue of grave concern has been brought to my attention.**  The recently appointed Superintendent, Hafedh Azaiez has been accused of having extra-marital sexual tryst over the past four years with a Principal he met at an education conference.  During this ongoing affair he allegedly actively led this woman to believe he was divorced.  This continued through the time when he was hired by RRISD.  This long affair ended recently after he was told by this woman (I am leaving her name out for her protection) that she was pregnant with his baby.

In addition, upon further investigation and first hand interviews with the woman he allegedly violated and left in the dust, I have discovered she is making accusations of even more egregious actual criminal acts by Hafedh Azaiez against her.  She tearfully states, he verbally threatened her and her unborn child in an attempt to scare her into submission to his will.  He then allegedly followed through on his threats, this woman is now stating that he recently went out to meet her, assaulted her, shook her and threw her to the ground leaving visible damage to this woman and potentially harming his own alleged child.

In my interviews with her I have found her story credible.  In addition, she is a very respected longstanding leader in the education community.

I urge the board to call an immediate meeting for the purpose of discussing this matter.  This is one of the primary roles of the board, providing oversight for the Superintendent.  I and many other community members urged you to take a few extra weeks to properly vet him once you revealed to the public that he was the final candidate.  Through a 5-2 vote you ignored the community's concerns and moved ahead to approve his contract without delay.  Now, you again have an opportunity to stop protecting your own political careers and instead act in the best interest of RRISD teachers, students and parents.  Will you?

Sincerely,

Jeremy Story
Father to 7 Children, Pastor, National Faith Community Leader, Businessman and very concerned Citizen of Round Rock

Exhibit 6

Board of Trustees,

**From:** Jeremy Story <jeremy@jeremystory.org>
**Subject: Restraining order against Superintendent Hafedh Azaiez**
**Date:** August 2, 2021 at 3:39:11 PM CDT
**To:** amy_weir@roundrockisd.org, Amber Feller <amber_feller@roundrockisd.org>, tiffanie_n_harrison@roundrockisd.org, Jun Xiao <jun_xiao@roundrockisd.org>, mary_bone@roundrockisd.org, Cory Vessa <cory_vessa@roundrockisd.org>, Danielle Weston <danielle_weston@roundrockisd.org>

Today at 11:11 Superintendent Hafedh Azaiez was served with an order issued by a court for immediate temporary enforcement of a restraining order based on clear and present danger of family violence.  Further court appearance will evaluate any cause for the order to be extended by years.  My understanding and research indicates that anytime a court issues such an immediate order it is because the need for immediate protection was based on real and tangible evidence provided to the court.  The only reason for the slight delay in this filing was Superintendent Hafedh Azaiez had filed a restraining order prior.  I believe he did this in an effort to silence the woman making these accusations.  That restraining order was then removed by Superintendent Hafedh Azaiez himself.  I and other members of the community warned each of you of Superintendent Hafedh Azaiez prior use of Donna ISD (his former district) police to enforce a restraining order on a different citizen of his district who was making claims against him.  Trustees Weir, Feller, Harrison, Xiao, and Vessa I urge each of you involved to resign now to avoid causing the district further hardship and embarrassment as you abdicated one of the highest priorities of a School Board member, providing oversight to the Superintendent.  I am simultaneously thankful for how I have watched Trustees Bone and Weston boldly advocate for further investigation by the school board from an employment HR perspective.  The police have their role AND so does the school board.  They are different roles but, both have valid roles in this matter.

In addition, by not taking action inside Round Rock ISD you subjected the district to strong potential harm which has already resulted in the resignation of high level educators/administrators in RRISD.  Need we all dig deeper into this matter?  Your resignations should match Superintendent Hafedh Azaiez will end this matter for the district.  The fact that, I as a community member, was able to discover all this while you played politics with our children is reprehensible.  I wholeheartedly support Superintendent Hafedh Azaiez taking the time to deal with all these personal matters.  I hope and pray for nothing by God's full best for Superintendent Hafedh Azaiez personally; however, I will advocate strongly for his removal from his position of power in our district.  He then can fully deal with his personal matters while minimizing the risk of any further harm or distraction for the education of kids in our district and the ability of administrators and teachers to do the jobs they sacrifice so much for.

I can attest to the facts regarding the restraining order because I saw it happen with my own eyes.  In addition, I have video evidence today that I personally recorded showing district employees literally denying that the constables were in the district office.  I walked in seconds behind the people who served Superintendent Hafedh Azaiez with a restraining order.  When I politely and calmly questioned the employees who greeted me in the lobby as to who were the people were whom they just let quickly walk through their lobby into the back offices, they actually tried to lead me to believe they were ok allowing anyone to run by who 'seemed' to be employees.  Certain members of the district administration have been complicit in covering up this matter.  I suggest they all start telling the truth about what they know.

Lastly, I hereby request the opportunity to come testify to the school board and answer questions at the very next public school board meeting.  I am not requesting the ability to speak for 3 minutes during public comment.  That is always my right.  I am requesting the ability to testify at further length and to interact with the school board and answer your questions in this matter which will take more than 3 minutes.  This has been the practice with the school board on other serious matters.  I assume that you would have no problem seeking truth in this matter by engaging in a public dialogue with a concerned and informed RRISD community member with firsthand information.  Refusal of this request should be met with utmost scrutiny by the RRISD public.  I am not afraid of the truth, are you?

Sincerely,

Jeremy Story

On Jul 30, 2021, at 12:30 PM, Jeremy Story <jeremy@jeremystory.org> wrote:

Board of Trustees,

Trustees Amy Weir, Amber Feller, Tiffanie Harrison, Jun Xiao, and Cory Vessa have each expressed their belief in different ways that this doesn't need further investigation/action and/or have ignored or refused to speak with me to investigate to discern if there is truth to this serious matter.  Some of these five have even gone so far as to question the validity of the woman's claims who is the alleged victim in this matter while at the same time refusing to hear further about the matter.  Some have passed along sensitive information to Hafedh Azaiez or worked together apart from the whole board to stop further investigation.  This sends a signal that no one can safely approach these board members with a serious grievance concerning the Superintendent.  This is a gross error in judgement that is compounded by previously ignoring warnings from the community for the need to further vet the Hafedh Azaiez before hiring him.

Accordingly, I officially respectfully request any of the above Trustees involved in this cover up and poor decision making immediately resign.  If you don't feel this applies to you then stay on the board and face the public scrutiny on this matter.  For those that haven't been involved you have nothing to fear from public scrutiny.  We all make mistakes.  It isn't my desire to drag this out further.  The decision is yours.  Remedy your mistake by respectfully resigning.  My bottom line goal is to protect this woman, her unborn child, and the the children, teachers and administrators of RRISD.

Sincerely,

Jeremy Story

On Jul 23, 2021, at 7:10 PM, Jeremy Story <jeremy@jeremystory.org> wrote:

Board of Trustees,

**An issue of grave concern has been brought to my attention.**  The recently appointed Superintendent, Hafedh Azaiez has been accused of having extra-marital sexual tryst over the past four years with a Principal he met at an education conference.  During this ongoing affair he allegedly actively led this woman to believe he was divorced.  This continued through the time when he was hired by RRISD.  This long affair ended recently after he was told by this woman (I am leaving her name out for her protection) that she was pregnant with his baby.

In addition, upon further investigation and first hand interviews with the woman he allegedly violated and left in the dust, I have discovered she is making accusations of even more egregious actual criminal acts by Hafedh Azaiez against her.  She tearfully states. he verbally threatened her and her unborn child in an attempt to scare her into submission to his will.  He then allegedly followed through on his threats, this woman is now stating that he recently went out to meet her, assaulted her, shook her and threw her to the ground leaving visible damage to this woman and potentially harming his own alleged child.

155

**Jeremy Story**
Proof of lies - urgent need for a meeting
To: amy_weir@roundrockisd.org, Amber Feller, tiffanie_n_harrison@roundrockisd.org, Jun Xiao, Mary Bone, Cory Vessa, Danielle Weston



Board of Trustees,

**Trustees Weir, Vessa, Feller, and Harrison just issued a misleading public statement denying knowledge of the heinous accusations and precarious situation facing Superintendent Azaiez.** In the same statement they also accused Trustees Bone and Weston of making false statements simply because they were advocating for reviewing the Superintendent's contract. Superintendent Azaiez has mad materially false representations to the board regarding his relationship with his family as a reason to extend his contract, has maintained an extramarital affair for four years with repeated lies and the presently is facing credible allegations that he assaulted his pregnant mistress with intent to kill his own child. Trustee Bone and Weston's suggestions to add this to a special meeting or regular meeting agenda are warranted. In contrast, the three board officers and Trustee Vessa are engaged in Orwellian doublespeak. Documents show the board has been fully aware of this situation and was also informed directly by the victim herself.

**Superintendent Azaiez has now been served with a Ex Parte protective order for family violence.** Ex Parte motions are immediately enforced before a hearing, as such, this type of order carries a high standard of proof by the victim seeking protection. The alleged victim received such an order from a judge against Superintendent Azaiez precisely because of the evidence she presented. As an employee of the Texas BAR, Trustee Weir knows better but, is falsely misleading the school board into disregarding this order are easy to get.

The victim of Superintendent Azaiez was delayed in seeking protection because Superintendent Azaiez attempted to use a court order to silence her. Unlike the victim's request to the court, Superintendent Azaiez's request was revoked due to lack of evidence. In his order he misrepresented himself to the court by making false claims about the victim harassing his 'wife' when, in fact, she was only warning her of the Superintendent's extreme deception. Most importantly, he also pointed the finger at the board as the source of how he originally found out about the victim's claims. This means several board members are complicit in the alleged assault. **Instead of helping the victim; you informed and empowered the alleged assaulter, the Superintendent.**

I stood up for the victim to inform you. She needed to work with me due to your negligence in addressing this matter. Several of you have tried to dismiss the victim's claims as 'rumors from community members.' **Your willful ignorance to inquire as to the evidence I have offered to provide doesn't make the claims rumors. It does however, make you further grossly negligent this matter. A simple use of the phone and mild concern would enable you to contact law enforcement to evaluate the credibility of these claims. The police have a role in evaluating the criminal implications of these matters while the board ALSO has a role in evaluating the employment and contractual implications of these matters.**

**The truth is you are deceiving the public. You are fully aware of the seriousness of these claims and are trying to help the Superintendent.** You are intentionally avoiding setting up a special board meeting or even adding an agenda item on the next regular board meeting on this subject. You are the supervisors of the Superintendent. You are the only people that can rightly file a grievance with concerning the Superintendent instead are willfully avoiding the very definition of their roles. You have done this against the Texas Constitution and RRISD Bylaws. It is a sad day in Round Rock. School is starting with an alleged adulterer, liar and assaulter at the helm of our district.

**Trustee Weir, Feller, Harrison, and Vessa you should resign immediately.** Trustee Xiao, I encourage you to realize this board member's ruse and about face to help Trustee Bone and Weston as they rightfully request an open board meeting on this subject. Why go down with these other Trustee's sinking ship? Are you trading favors to get a vote to enforce masks in our district and violate the Governors orders at great cost to RRISD? Such horse trading will only pull you down with these errant board members.

In times like these when our public officials cover truth, a citizen's primary recourse is to expose the truth to the public. **As such, I am releasing to the public the victim's protective order and the prior affidavit Superintendent Azaiez's** filed in an unsuccessful attempt to silence the victim. In this affidavit, he directly implicates school board members in an alleged crime. Along with many members of the community I demand immediate review of the Superintendent's contract and overall performance in relation to this matter.

Sincerely,

Jeremy Story
Father to 7 Children, Pastor, National Faith Community Leader, Businessman and very concerned Citizen of Round Rock





Exhibit 7

**ROUND ROCK ISD**

**Monday, August 16, 2021**
**ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING**

**CALLED BOARD MEETING**
**TIME: 5:30 p.m.**
**Round Rock High School 100 Lecture Hall, 300 N Lake Creek Drive, Round Rock, TX 78681**

**A. CALL TO ORDER**

1. Call to Order

**B. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE**

1. Pledge of Allegiance and Texas Pledge

**C. PUBLIC COMMENTS REGARDING ITEMS ON THE AGENDA**

1. The Board will afford members of the public an opportunity to speak on items listed on the Board agenda. Individuals wishing to address the Board must sign up between 2:30 p.m. on August 15, 2021 and 2:30 p.m. on August 16, 2021. Speakers may request a translator if they plan to deliver their remarks in a language other than English by emailing community_relations@roundrockisd.org at least eight hours prior to the start of the meeting.

2. La Mesa Directiva brindará a los miembros del público la oportunidad de presentar comentarios sobre los temas incluidos en la agenda de la Junta. Las personas que deseen dirigirse a la Mesa Directiva deben registrarse entre las 2:30 p.m. el 15 de agosto de 2021 y las 2:30 p.m. el 16 de agosto de 2021. Los oradores pueden solicitar un traductor si planean presentar sus comentarios en un idioma que no sea inglés enviando un correo electrónico a community_relations@roundrockisd.org al menos ocho horas antes del inicio de la reunión.

**D. DISCUSSION AND POSSIBLE ACTION**

1. Adoption of Resolution for Employee Covid-19 Positive Extended Leave During Covid-19 Pandemic - Annette Vierra

2. Fall 2021 COVID-19 Health and Safety Protocols

**E. ADJOURNMENT**

1. Adjournment

Exhibit 7

# ROUND ROCK **I S D**

## ROUND ROCK INDEPENDENT SCHOOL DISTRICT
### Round Rock, Texas

A Called Board Meeting of the Board of Trustees was held on Monday, August 16, 2021, commencing at 5:30 p.m. at the Round Rock High School 100 Lecture Hall, located at 300 N. Lake Creek Drive, Round Rock, TX 78681.

| | |
|---|---|
| Call to Order | President Amy Weir called the meeting to order at 5:30 p.m. |
| Roll Call | President Amy Weir, Vice President Amber Feller, Secretary Tiffanie N. Harrison, Cory Vessa, Dr. Mary Bone, Danielle Weston, Dr. Jun Xiao and Dr. Hafedh Azaiez, Superintendent of Schools. |
| Absent | None. |
| Pledge of Allegiance and Texas Pledge | The Board and audience recited the Pledge of Allegiance and Texas Pledge. |
| Public Communication | The following citizens spoke during Public Comments: |

> *Emma Ray*
> *Jane Gann*
> *Jacob Mitchell*
> *Kathryn Rightmeyer*
> *Xiaoqin Elaine Li*
> *Benjamin Sterling*
> *James Holloway*
> *Michael Barrett*
> *Cindy Barrett*
> *Lindsey Ledyard*
> *Marcia Strickler*
> *Dustin Clark*
> *Stephanie Hughes*
> *Russel Pryor*
> *Glenda Mosley*
> *Tara Strain*
> *John Keagy*
> *Renate Sims*
> *Don Zimmerman*
> *Matthew Altman*
> *Katie Valle*
> *Krysta Walker*
> *Ricci Nelson*
> *Mahi Pabbisetty*
> *Jack Murray*
> *Charlotte Hernandez*
> *Sophia Zhang*
> *Misha Patel*

*Alexia  Koller*
*Ishira Limaye*
*Mihika Limaye*
*Sam B*
*Caroline Fu*
*Helena Zeng*
*Anjana Arvind*
*Meghna Roy*
*Ashley Walker*
*Rebecca Maldonado*
*Shauna Kinningham*
*Julie Alonso*
*Sien Zhang*
*Christine Mann*
*Miriam Arora*
*Ryan Daly*
*Rachel Keagy*
*Christie Slape*
*Linda Avila*
*Alexandra Campo*
*Leslie Winters*
*TJ Rothwell*
*Michelle Guardabascio*
*Ben Rupp*
*Jessica Pryor*
*Natosha Daniels*
*Chris Hopkins*
*Niannian Dun*
*Joseph McCullough*
*Jennifer White*
*David Granado*
*Lauren Hinz*
*Tammy Conrad*
*Robert Lesieur*
*Alexandra Campo*
*Paul Leal*
*Tad Cleaves*
*Darrell Lowrance*
*Jeremy Story*
*Carrie Puckett*
*Khona Mohiuddin*
*Jason Schklar*
*Ginny Gustin*
*Jason Kilgore*
*Cynthia Oelkers*
*Adam Bartlett*

Exhibit 7

*Shannon Probe*
*Melvin Lau*
*Elizabeth George*
*Ryan Phillips*
*Francheli Romero*
*Sarah Oldmixon*
*Robyn Honig*
*Rebecca Orozco*
*Paige Lewis*
*Kathryn Kizer*
*Kelly Errington Riegler*
*Christel Erickson-Collins*
*Jill Farris*
*Jaime Wilkins*
*Stuart Litwin*
*Julianne Knott*
*Lynda Quintana*
*Jessica Goudeau*
*Katie Nafius*
*Raymon Daniel*
*Amy Lanning*
*Lon Levitan*
*Natasha Choe*
*Lorena Higuera*
*Lyndy  Dower*
*Bill Dower*
*Jennifer Schafer*
*Aidan Larson*
*Kavita Patel*
*Daniel De Los Santos*
*Chad Pavliska*
*Vivian  Lau*
*Ande Wall*
*Craig Gilden*
*Lori Wright*
*Chelsea Mok*
*Jeaneane McNulty*
*Esmeralda Rubalcava Hernández*
*Debbie Reeves*
*Garima Kochhar*
*Tonyia Cone*
*Rachel Kapur*
*Miriam Arora*
*Harrison McCreary*
*Monique Ridwan*
*Melissa Emmons*

*Jen Darrouzet*
*Melissa Hickson*
*HilarioRamos*
*Dr. Ruby Sahoo*
*Jennifer Wiley*
*Jennifer Reynolds*
*Jenny Gillis*
*Eve Margolis*
*Shyno Chacko*
*Joseph Vogas*
*Sarah Roddy*
*Joe Roddy*
*Natalie Osborn*
*Neeta Bhakta*
*Susan Lessing*
*Felice Meadow*
*Linda Checkley*
*Adam Hartmann*
*Jeaneane McNulty*
*Charu Peechu*
*Jonathan Gould*
*Cornell Woolridge*
*Scott Lloyd*
*Santhosh Balraj*
*Martin Milner*
*Chandana Chakka*
*Emily Beeler*
*Anna Le*
*Melissa Waelchli*
*Lingling Yan*
*Jason Fowler*
*Colleen Davey*
*Adam Hartmann*
*Jason Fowler*

*The Board recessed at 8:03 p.m. Ms. Weir called the meeting back to order at 8:30 p.m.*


*The Board recessed at 10:30 p.m. Ms. Weir called the meeting back to order at 10:45 p.m.*

Exhibit 7

**Round Rock Independent School District**
*Called Board Meeting, August 16, 2021*                                                      *Page 5 of 7*

| | |
|---|---|
| Agenda Item No. D1<br>Adoption of Resolution for<br>Employee Covid-19 Positive<br>Extended Leave During Covid-<br>19 Pandemic | **Motion:**<br>Jun Xiao moved that the Board adopt the Resolution for Employee Covid-19 Positive Extended Leave During Covid-19 pandemic as presented. Cory Vessa seconded the motion. |

**Amended Motion:**
Mary Bone moved that the Board adopt the Resolution for Employee Covid-19 Positive Extended Leave During Covid-19 pandemic to be modified from 8 to 10 days. Danielle Weston seconded the motion.

Yeas:                              All Board Members presented voted "Yes".

Nays:                              None.

Amended Motion passed 7:0.

Agenda Item No. D2
Fall 2021 COVID-19 Health and
Safety Protocols

**Motion:**
Amber Feller moved that the Board support the recommendation of the administration and temporarily require masks for all students, staff, trustees and visitors at Round Rock ISD elementary and middle school campuses. This mandate shall only be effective indoors and when maintaining six feet of distance is not possible. This mandate is not effective when seated in school and staff lunchrooms. This mandate is also not effective during athletics, fine arts, and physical education unless deemed appropriate by the instructor. I also move that masks be temporarily required for all Round Rock ISD staff, trustees and visitors when indoors at District facilities when maintaining six feet of distance is not possible. This mandate is effective beginning at 12:01 a.m. on Wednesday August 18, 2021 and shall expire at 11:59 p.m. on Friday, September 17, 2021.  Amy Weir seconded the motion.

Yeas:                              Amy Weir, Amber Feller, Cory Vessa, Tiffanie Harrison, Jun Xiao.

                                   Mary Bone, Danielle Weston.
Nays:

                                   Motion passed 5:2.

Exhibit 7

*Round Rock Independent School District*
*Called Board Meeting, August 16, 2021*                                                    *Page 6 of 7*

**Motion:**
Tiffanie Harrision moved that the Board support the recommendation of the administration and temporarily require masks for all students, staff, trustees and visitors at Round Rock ISD **high school campuses**. This mandate shall only be effective indoors and when maintaining six feet of distance is not possible. This mandate is not effective when seated in school and staff lunchrooms. This mandate is also not effective during athletics, fine arts, and physical education unless deemed appropriate by the instructor. I also move that masks be temporarily required for all Round Rock ISD staff, trustees and visitors when indoors at District facilities. This mandate is effective beginning at 12:01 a.m. on Wednesday August 18, 2021 and shall expire at 11:59 p.m. on Friday, September 17, 2021.  Cory Vessa seconded the motion.

Yeas:                          Amy Weir, Cory Vessa, Tiffanie Harrison, Jun Xiao.

                               Amber Feller, Mary Bone, Danielle Weston.
Nays:

                               Motion passed 4:3.

**Motion:**
Mary Bone moved that the Board provide an opt-out option for students and staff regarding any mask mandate. Danielle Weston seconded the motion.

Yeas:                          Amy Weir, Amber Feller, Cory Vessa, Mary Bone, Danielle Weston.

Nays:                          Tiffanie Harrison, Jun Xiao.

                               Motion passed 5:2.

**Motion:**
Amber Feller moved that the Board support the recommendation of the administration and temporarily require masks on all buses and district transportation effective at 12:01 a.m. on Wednesday August 18, 2021 and shall expire at 11:59 p.m. on Friday, September 17, 2021.  This mandate shall only be effective when maintaining six feet of distance is not possible. Amy Weir seconded the motion.

Exhibit 7

**Round Rock Independent School District**
*Called Board Meeting, August 16, 2021*                                    *Page 7 of 7*

**Motion to Call the Question:**
Tiffanie Harrison moved to call the question. Amy Weir seconded the motion.

Yeas:                          Amy Weir, Amber Feller, Cory Vessa, Tiffanie Harrison, Jun Xiao.

Nays:                          Mary Bone, Danielle Weston.

Motion to Call the Question passed 5:2.

**Motion:**
Amber Feller moved that the Board support the recommendation of the administration and temporarily require masks on all buses and district transportation effective at 12:01 a.m. on Wednesday August 18, 2021 and shall expire at 11:59 p.m. on Friday, September 17, 2021.  This mandate shall only be effective when maintaining six feet of distance is not possible. Amy Weir seconded the motion.

Yeas:                          Amber Feller, Amy Weir, Cory Vessa, Tiffanie Harrison, Jun Xiao.

Mary Bone, Danielle Weston.

Nays:

Motion passed 5:2.


President Weir asked the Board if there were any objections to adjourn the meeting. Hearing none, the meeting adjourned at 2:31 a.m. on August 17, 2021.

These minutes approved the <u>14th</u> day of <u>September</u> 2021.


_____          _____
Amy Weir                                              Tiffanie N. Harrison
President                                             Secretary

**INCIDENT/INVESTIGATION REPORT**

| | |
|---|---|
| Agency Name | Case# **21-0817-0001** |
| Round Rock ISD - Police Department | Date / Time Reported **08/16/2021  20:00  Mon** |
| ORI **TX2463100** | Last Known Secure **08/16/2021  17:28  Mon** |

**INCIDENT DATA**

| Location of Incident **1311 ROUND ROCK AVE, Round Rock TX 78681** | Gang Relat | Premise Type | Precinct/Beat **RRHS, RRPD** | At Found **08/16/2021  17:00  Mon** |

| #1 | Crime Incident(s) *Hinder Proceedings By Disorderly Cond PC 38.13* | (Att ) M | Weapon / Tools | | | Activity |
|---|---|---|---|---|---|---|
| | | | Entry | Exit | Security | |
| #2 | Crime Incident | ( ) | Weapon / Tools | | | Activity |
| | | | Entry | Exit | Security | |
| #3 | Crime Incident | ( ) | Weapon / Tools | | | Activity |
| | | | Entry | Exit | Security | |

MO

**VICTIM**

# of Victims *1*   Type: BUSINESS   Injury:

| | Victim/Business Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| V1 | *ROUND ROCK ISD* | *1,* Age | | | | | Non-Resident | |

Home Address *1311 ROUND ROCK AVE , Round Rock, TX 78681-*   Home Phone *512-464-5000*

Employer Name/Address   Business Phone   Mobile Phone

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |

**OTHERS INVOLVED**

CODES:  V- Victim (Denote V2, V3)   O = Owner (if other than victim)   R = Reporting Person (if other than victim)

Type: INDIVIDUAL   Injury:

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| IO | *WEIR, AMY ELIZABETH* | | *10/06/1967* Age  53 | *W* | *F* | | | |

Home Address *13220 HUMPHREY DR  AUSTIN, TX 78729*   Home Phone

552.102

Employer Name/Address   Business Phone   Mobile Phone

Type:   Injury:

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| | | | Age | | | | | |

Home Address   Home Phone

Employer Name/Address   Business Phone   Mobile Phone

**PROPERTY**

1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown
("OJ" = Recovered for Other Jurisdiction)

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| | |
|---|---|
| Officer/ID# *POPE, MILTON   (RISD503)* | |
| Invest ID# *(0)* | Supervisor *WILLIBY, JIM   (RISD501)* |

| Status | Complainant Signature | Case Status *Pending/active* | Case Disposition: | Page 1 |

Exhibit 8

## INCIDENT/INVESTIGATION REPORT

Case # *21-0817-0001*

| Status Codes | 1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown | | | | | |
|---|---|---|---|---|---|---|
| | IBR | Status | Quantity | Type Measure | Suspected Type | Up to 3 types of activity |
| D R U G S | | | | | | |

Assisting Officers

Suspect Hate / Bias Motivated:

## INCIDENT/INVESTIGATION REPORT

Narr. (cont.)  OCA: 21-0817-0001

NARRATIVE

On August 16, 2021 Officer Milton Pope #520 of the Round Rock ISD Police Department (RRISDPD) located at 1311 Round Rock Ave, Round Rock, TX 78671 removed a subject for violating Texas Penal Code 38.13 HINDER PROCEEDINGS BY DISORDERLY CONDUCT

Entire Doc.
552.108

Exhibit 8

## REPORTING OFFICER NARRATIVE

| | | OCA |
| | | *21-0817-0001* |
| Victim | Offense | Date / Time Reported |
| *ROUND ROCK ISD* | *HINDER PROCEEDINGS BY DISORDERLY* | *Mon 08/16/2021 20:00* |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

552.108

On August 16, 2021, Officer Milton Pope #520 of the Round Rock ISD Police Department (RRISD PD) located at 1311 Round Rock Ave, Round Rock, TX 78671 removed a subject for violating Texas Penal Code 38.13 Hindering Proceeding by Disorderly Conduct.

Officer Pope was assigned to provide security for the Round Rock ISD (RRISD) Board of Trustees meeting located at RRISD Building 100, 1311 Round Rock Ave, Round Rock, TX. At 5:28 P.M., Officer Pope observed an individual standing up in the room that violated social distancing Covid protocols pre-established for the public seating area in the board room. Officer Pope approached the individual who was identified as Jeremy Wade Story, W/M, DOB 06-25-1975. Story was informed of the COVID protocol rules that were initiated by the RRISD Board of Trustees. Office Pope continued to explain the regulations and that there would be limited seating, social distancing, and no standing. Story was informed that there was an overflow room outside of the meeting hall with a projector screen so that attendees could watch the board meeting. Officer Pope informed Story that he could not remain standing in the rear of the Board Room. Story replied he had a right to stand wherever he wanted, and the board did not have the authority to have any officer enforce COVID protocols. Story continued to state Officer Pope could not tell him when or where not to stand during a public board meeting. While Officer Pope discussed the COVID protocol measures with Story, Officer Frank Pontillo badge# 542 of the RRISD PD approached Story and informed him of the same protocols. At which time, Story became disruptive while the meeting was preparing to start. To prevent creating a scene during the meeting, Officer Pope allowed Story to stand to the rear of the board room during the session.

Shortly thereafter, Story was offered a seat by another person attending the meeting. Story asked Officer Pope if he could accept the seat; Officer Pope replied, "Yes, you may." However, while Story was seated, he made two outbursts, not sure what was said, whereas Officer Pope informed Story that he could not speak or comment until called to the podium. Story acknowledged Officer Pope's request and remained quiet during the duration of the first half of the board meeting.

At approximately 8:35 P.M., Story was called by the board to speak. Weir instructed Story not to deviate from the subject of the mask mandate. Weir asked Story if he understood and Story acknowledged that he did. Story spoke on issues concerning the mask mandate and suddenly transitioned into an unrelated topic about the superintendent and a protective order. Weir instructed Story to stop speaking on the unrelated topic however, Story ignored Weir's request and continued to speak about an unrelated topic. While discussing the unrelated topic Story also had several outbursts, up to and including yelling and screaming about how the law was being broken and violated by the board. Weir asked Story several times to exit the board room, but he refused. Weir directed officers to remove Story from the board meeting for disrupting the board proceeding.

Officer Pope and Officer Pontillo contacted Mr. Story and asked him several times to exit the board room, but he refused. At that time in response to his refusal to leave after repeated requests, Officer Pope grabbed Story around the arm and both Officer Pope and Officer Pontillo forcibly escorted him out of the board meeting. While Story continued to resist, yell and scream, causing a major disruption during the board meeting, as officers worked to remove him from the board room.

Mr. Story was escorted from the board room through the main entrance overflow seating area. Public citizens were seated in the overflow seating area, watching the board meeting on a monitor. Officer Pope continued to attempt to reason with Story and requested numerous times for him to lower his voice. However, Store continued to be verbally loud, verbally disruptive, and uncooperative. Officer Pope and Officer Pontillo escorted Story out of the building at the main entrance of the 100 building. The incident was

Entire Doc
552. 108

Exhibit 8

## REPORTING OFFICER NARRATIVE

| | | OCA |
| --- | --- | --- |
| | | *21-0817-0001* |
| Victim | Offense | Date / Time Reported |
| *ROUND ROCK ISD* | *HINDER PROCEEDINGS BY DISORDERLY* | *Mon 08/16/2021 20:00* |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

captured Officer Frank Pontillo's body
camera. The video footage is preserved as evidence in this case.


End of Report

Entire Doc
552.108

Exhibit 8

## Incident Report Suspect List

OCA: *21-0817-0001*

| 1 | Name (Last, First, Middle) *STORY, JEREMY WADE* | | | | | | Also Known As | | | | Home Address *2807 S WALKER DR* *LEANDER, TX 7861* |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Business Address *CAMPUS RENEWAL MINISTRIES*    *000-331-5991* | | | | | | | | | | *000-260-3821* |

| DOB *06/20/1975* | Age *46* | Race *W* | Sex *M* | Eth *N* | Hgt *600* | Wgt *138* | Hair *BRO* | Eye *GRN* | Skin | Driver's License / State. *14366798 TX* |
|---|---|---|---|---|---|---|---|---|---|---|

Scars, Marks, Tattoos, or other distinguishing features
    */ GLASSES*

| *Reported Suspect Detail* | Suspect Age | | Race | Sex | Eth | Height | | Weight | | SSN |
|---|---|---|---|---|---|---|---|---|---|---|
| Weapon, Type | Feature | | Make | | Model | | Color | Caliber | Dir of Travel | |
| | | | | | | | | | Mode of Travel | |
| VehYr/Make/Model | | Drs | Style | | Color | | Lic/St | | VIN | |

| Notes | | Physical Char | |
|---|---|---|---|

**CASE SUPPLEMENTAL REPORT**

OCA: *2108170001*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *PENDING/ACTIVE*     Case Mng Status: *NA*     Occurred: *08/16/2021*

Offense: *HINDER PROCEEDINGS BY DISORDERLY COND*

Investigator: *PONTILLO, FRANK*   *(RISD542)*     Date / Time: *08/17/2021 15:51:02, Tuesday*

Supervisor: *WILLIBY, JIM*   *(RISD501)*     Supervisor Review Date / Time: *08/19/2021 15:22:16, Thursday*

Contact:     Reference: *Supplement*

On 08-16-2021 at 1700 hours, I, Officer Frank Pontillo #542 and Officer Milton Pope #520 were working security at the Round Rock Independent School District Board Meeting. Officer Pope and I are both employed as Police Officers for the Round Rock Independent School District. The board meeting took place at 300 N. Lake Creek Dr., inside the 100 Lecture Hall.

At approximately 1728 hours, I observed that Officer Pope made contact with a white male wearing an orange shirt. The subject is known to officers as being Story, Jeremy Wade W/M 06-25-1975. It should be noted that a few minutes earlier, Officer Lauren Griffith #526 observed Mr. Story in the parking lot and advised Officers that he was wearing an orange shirt and had entered the building. Officer Griffith has had previous contact with Mr. Story at the Round Rock ISD Admin Building. Officer Pope advised Story that since there were no more empty seats in the board room, he would need to leave. Mr. Story stated that it was his right to be there and that he wasn't going to leave. Under the circumstances, Officer Pope and I decided to let Story stay in the board room instead of forcefully removing him. Eventually Mr. Story was able to locate a seat. This contact was partially recorded by my body camera.

During the board meeting Mr. Story had one outburst. It was unknown exactly what he said. This caused Round Rock ISD Police Chief J. Yarbrough to give Mr. Story a verbal warning about his behavior.

At approximately 2035 hours, Mr. Story was called by the board to speak. Mr. Story spoke about an unrelated topic and was told to stop speaking by the Board President, Amy Weir. Mr. Story ignored Ms. Weir and continued to speak about an unrelated topic that was not on the board's agenda. Mr. Story also began to yell and scream about the law being violated. Ms. Weir asked Mr. Story several times to exit the board room but he refused. At that point Ms. Weir instructed Officer Pope and I to remove Mr. Story from the board room. Officer Pope and I made contact with Mr. Story and requested several times that he exit the board room but he refused. It should be noted that Mr. Story continued to yell and scream which caused a major disruption during the board meeting. Officer Pope and I had to forcibly remove Mr. Story from the premises.

552.108

Investigator Signature                    Supervisor Signature

Entire DOC.
552, 108

Exhibit 8

**CASE SUPPLEMENTAL REPORT**

Printed: 10/12/2021  14:33

OCA: *2108170001*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *PENDING/ACTIVE*          Case Mng Status: *NA*                    Occurred: *08/16/2021*

Offense: *HINDER PROCEEDINGS BY DISORDERLY COND*

---

Investigator: *GRIFFITH, LAUREN     (RISD526)*              Date / Time: *09/23/2021 09:58:09, Thursday*

Supervisor: *WILLIBY, JIM     (RISD501)*          Supervisor Review Date / Time: *09/23/2021 16:24:32, Thursday*

Contact:                                                        Reference: *Arrest Supplement*

---

On 09/17/2021, I, Detective Sgt. L. Griffith #526, was assigned as the Detective for the Round Rock ISD Police Department located at 1311 Round Rock Avenue, Round Rock, Williamson County, Texas.

On 09/17/2021, I was assigned RRISDPD case number 21-0817-0001 for review. After reviewing the case, I completed an arrest warrant for Jeremy Wade Story (DOB; 06/20/1975) for the offense of Hindering Proceedings by Disorderly Conduct PC 38.13.

On 09/17/2021, I obtained Arrest Warrant # MMA-21-671 signed by Williamson County Judge A. Gauthier for Jeremy Wade Story for the offense of Hindering Proceedings by Disorderly Conduct PC 38.13. I submitted Arrest Warrant # MMA-21-671 for Jeremy Wade Story to the Williamson County Sheriff's Office Warrants Division.

On 09/17/2021, I learned Williamson County Sheriff's Office executed the arrest warrant for Jeremy Story and placed Story under arrest. I learned Story was transported and booked into the Williamson County Jail located at 306 W. 4th Street, Georgetown, TX without incident.

This case will be closed. Cleared by Arrest

End of Supplement.
Detective Sgt. L. Griffith #526

---

Investigator Signature                                    Supervisor Signature

Entire Doc.
552.108

**CASE SUPPLEMENTAL REPORT**

Exhibit 8
Printed: 10/12/2021  14:33

OCA: **2108170001**

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *PENDING/ACTIVE*          Case Mng Status: *NA*                    Occurred: *08/16/2021*

Offense: *HINDER PROCEEDINGS BY DISORDERLY COND*

---

Investigator: *GRIFFITH, LAUREN     (RISD526)*          Date / Time: *10/12/2021 13:06:05, Tuesday*

Supervisor: *WILLIBY, JIM     (RISD501)*          Supervisor Review Date / Time: *10/12/2021 14:23:10, Tuesday*

Contact:                              Reference: *Investigation Supplement*

---

On 09/17/2021, I, Detective Sgt. L. Griffith #509, was assigned as the Detective for the Round Rock ISD Police Department located at 1311 Round Rock Avenue, Round Rock, Williamson County, Texas.

On 09/17/2021, this case was referred to the Williamson County Attorney's Office for review. At this time, this case is still an active investigation and pending prosecution.

Also at this time, additional investigation is being conducted regarding witness statements from RRISD Board of Trustee President Amy Weir, RRISD Board of Trustee Vice President Amber Feller, and RRISD Board of Trustee Secretary Tiffanie Harrison.

Case Open/ Active

End of Supplement

Detective Sgt. L. Griffith #526

---

Investigator Signature                    Supervisor Signature

Exhibit 9

Chief Investigator McKinney,

This is my response to our prior conversation and your request for this in writing.  On the night of August 16th, 2021 I was unlawfully physically restrained by the Round Rock ISD (RRISD) Police at the Round Rock school board meeting in an attempt to silence speech they objected to and violate my free speech rights.  The officers acted at the prompting of the Superintendent and Board President.  No warning was given that restraint would be used.  No reason for such restrain was given at the time of the surprise restraint.  I was not doing anything worthy of restraint.

In so doing the Round Rock police violated Penal Code (Title 5 Section 20.01).  It is important to also note that school board policy is not the same as the law.  RRISD police do not exist to execute the whims of school board members or the Superintendent.  The RRISD Police exist to enforce the law.  To do otherwise reduces board members and Superintendent to being thugs and warlords with their own personal police force.

The Superintendent and Board President violated the Penal Code as well through abuse of power and official oppression.  (Title 8 Section 39.02 and 39.03).

Before I stood up to speak the Board President disrupted the meeting by addressing me in an effort to intimidate and silence my speech.  Though numerous other speakers addressed the board that night, none were interrupted before they even began.  I was singled out and targeted because of my previous letters to the board bringing to light that several of them were complicit in informing and enabling the Superintendent to allegedly assault his mistress who was pregnant.  They didn't want me discussing the publicly available protective order against the Superintendent nor the publicly available affidavit from the Superintendent where he inadvertently implicates the Board President as having informed him about a confidential report made to the board by woman who was the alleged victim in this matter.

I responded to the Board President kindly and firmly that I would gladly show her and the board why what I was about to say was germane to the items on the agenda.  She refused to listen and spoke over me.  She also initially told me she wouldn't listen to that.  I asked her directly if she was saying that she wasn't willing to listen to why what I would say was germane.  All of this happened before I had even begun the content of my speech.  When she wouldn't stop continually disrupting the meeting and the legally allowed time for my comments; I began my speech.

Once I got to the part of my speech she disagreed with, she banged her gavel, turned off my mic and shouted in a disruptive attempt to silence me.  In an effort to still be heard, I raised my voice and continued my speech.  Shortly after this the Superintendent motioned to two officers at the back of the room who grabbed me by the arms and drug me out of the room and through the building to the front door of Round Rock High School.

Once they had me in the hall, I asked them why they were restraining me.  One officer replied that I was disrupting the meeting.  No such statement was made by any board member at the time of the officers moving against me.  I began and continued my speech in a normal tone and manner until the Board President repeatedly disrupted the meeting and my speech personally.  I only raised my voice once the Board President unlawfully attempted to silence me.

It doesn't even matter whether my words were germane or not.  The law was still violated with my unlawful restraint and the concurrent abuse of power by several public servants.  However, my words were indeed germane to items on the agenda.

A constable and several other people commented before me on the rule of law and public safety.  About 90% of the text of a resolution on the agenda also included numerous references to the safety of students, parents, district employees and the board's role in oversight of the superintendent.  My speech was on the role of law and public safety.  The rule of law and public safety were definitely the major theme of the night.  My use of empirical examples in a speech (i.e. mentioning several board members were covering up he Superintendent's restraining order for violence and possible criminal charges) in order to show proof of a string of violations of the rule of law from the board was germane.  Many other empirical examples

Exhibit 9

referencing other events as proof of points were given and allowed in numerous other community member's comments.  Simply put, the Board President and Superintendent didn't particularly like my particular empirical example to prove a point.

I was also unlawfully targeted and intimidated by the RRISD Chief of Police shortly before I spoke,  During the first board meeting break at about 8pm, he walked over to me and told me, "I need to come with him to speak with him outside the board room."  When I requested the reason for his request he just repeated himself.  I respectfully declined to leave the room to speak with him and instead said I would be willing to speak with him in the board room.  He then threatened to "remove me from the room if I disrupted the meeting after the break."  I asked him why he was singling me out since many other members of the audience had made loud derogatory remarks towards speakers before the break while I had made none.  He stated that he would approach them too if others did that.  I reminded him that others had already done that numerous times.  At that point he just turned around and walked off without answering.  This was an attempt by whomever directed him to speak to me to intimidate me and suppress my free speech rights.  It also was not proper procedure for issuing a warning.  Lastly, there was no equal protection, he approached no other attendee during the break.  He was instructed to directly target me.

In addition to this, several members of the board committed another violation in a long string of violations of the Open Meetings Act in an effort to silence more community voices.  They made a last minute decision to force the majority of the attendees to the meeting to sit in the lobby of the high school rather than allowing them in the board meeting.  They had the RRISD police lock the doors to the board meeting room and only allowed about approximately 18 people into the actual board meeting.

One board member publicly vocalized her concern this action violated the open meetings act when she saw officers try to encourage me to leave because I was quietly standing at the back wall rather than sitting in a chair.  The board member also expressed that she wasn't aware that people were being kept in the lobby, indicating that a portion of the board made a decision without a collective vote which resulted in not allowing the grand majority of the attendees to fully participate in the meeting.  This also effectively changed the venue for the meeting from the lecture hall as was posted in the required Public Meetings Act advance announcement to the high school lobby.   It also effectively turned the meeting into a virtual meeting for the grand majority of attendees whereas the Public Meetings act requires an advance notice for such a decision.  After this the officers decided it was ok for me to stand in the meeting.

I request to know who officially gave the order for these officers to restrain me and when.  The only visible evidence of an order was that of the Superintendent waiving his hand at the officers right before they moved to grab and detain me.  This indicates either a misunderstanding by these officers or a premeditated plan of what to do when he waived his hand.  Judging from how neither the Board President nor Superintendent objected to what happened right in front of them; it can only be deduced they were in agreement with what occurred and therefore had a prior plan as to how to unlawfully deal with what they felt my speech would be.

I also request immediate charges be filed against the Superintendent and Board President in this matter.  I value the work that the police do.  I am saddened by how the RRISD police department was used inappropriately by the district in this matter and put Into an untenable place by those in authority over them.

Sincerely,

Jeremy Story
8/18/21

Exhibit 9

 **Jeremy Story**
My complaint, request for investigation and request for charges to be filed as per your request and our conversation
**To:** jdmckinney@wilco.org

August 19, 2021 at 12:47 AM

Investigator McKinney,

Thank you for your time on Tuesday.

I have attached my signed complaint and request for you to investigate and file charges.  In light of the urgency of the issue and my safety and personal rights in my return to board meetings I request as much speed as possible. Please confirm receipt of this email and what you initially plan to do with my statement.

I have also provided a link to a online folder with video evidence of what happened, relevant pictures, my speech and the resolution on the agenda for the night.

Link to Google Drive Folder with evidence:
https://drive.google.com/drive/folders/1kOxLNj7mUkxAcj5RIu_v_Qg4C4GFjKfH?usp=sharing

The file in this folder labeled "Jeremy Story Testimony To Board Compiled" shows different relevant views that you won't find on the RRISD fixed camera official video.

Sincerely,

Jeremy Story


RRISD County
Attorne...int .pdf

---

 **John McKinney**
RE: My complaint, request for investigation and request for charges to be filed as per your request and our conversation
**To:** Jeremy Story

August 19, 2021 at 10:14 AM

Mr. Story,

I have received your email and the County Attorney's Office will review the contents of the Google Drive to determine the best course of action.

Thank you,

John McKinney
Deputy Chief Investigator
Williamson County Attorney's Office
405 MLK #7
Georgetown, TX 78626
512-943-1125
512-943-1120

---

**From:** Jeremy Story <jeremy@jeremystory.org>
**Sent:** Thursday, August 19, 2021 12:48 AM
**To:** John McKinney <jdmckinney@wilco.org>
**Subject:** My complaint, request for investigation and request for charges to be filed as per your request and our conversation

ROUND ROCK INDEPENDENT SCHOOL DISTRICT                    Exhibit 10

# LEVEL I

ALL DOCUMENTS TO BE USED THROUGHOUT THE ENTIRE PROCESS SHOULD BE SUBMITTED WITH
THIS FORM.
INCLUDE ALL REMEDIES SOUGHT.  REMEDIES MAY NOT BE AMENDED AT A DIFFERENT LEVEL.

FOR OFFICE USE ONLY
Date received by district_____
Received by_____
Copies  to_____
_____
Conference to be held by_____

Check one:
_____Parent/Student Complaint (FNG) - to be filed with the principal/supervisor.
_____Employee Grievance (DGBA) - to be filed with the employee's immediate supervisor.
__X__Public Complaint (GF) - to be filed with the legal services department.
Policies are available on line at www.roundrockisd.org; then click on About RRISD link.

**PLEASE PRINT**

1.   Name ____**Jeremy Story**_____
     Home Address: ___**2665 Ravenwood Drive**_____
     City, State, Zip Code: ___**Round Rock TX 78665**_____
     Telephone Number: ____**512-914-3821**_____
     Email address:_____**jeremystory@gmail.com**_____

2.   Campus/Department ___**Board and Superintendent**_____
     If employee, position held: _____

3.   Please state the date of event or series of events causing the complaint/grievance.  Provide description of attempts at informal
     resolution.         **8/16/21**_____
          **I originally submitted this grievance on 8/19/2021 in good faith to Assistant Chief Jim Williby as per his request that I submit it to him. He**
          **confirmed receipt and stated that he would see that it was processed by the appropriate person/department.**

4.   Please state your complaint/grievance and supporting facts.
          **See Attached Document with complaint - A separate document was attached to same email I used to sent this form to you.**
     _____
     _____
     _____
     _____

5.   Please specify the solutions you are seeking.  (These may not be changed at any other level.)
     **-resignation or removal of Board President Amy Weir**
     **-resignation or review and cancelation of contract for Superintendent Hafedh Azaiez**
     **-public written apology**
     **-monetary renumeration for damages**
     **-opportunity to speak with the board in public forum at length (not just 2 minutes in the comment period) regarding the content of my**
     **speech and provide evidence regarding the allegations surrounding the Superintendent.  To give testimony and evidence to the board as a**
     **witness/invited guest per an agenda item on the board agenda**

6.   Please identify the individual(s) responsible for action/inaction resulting in event.
          **Superintendent Hafedh Azaiez, Board President Amy Weir**
     _____

7.    If you will be represented in your presentation, please identify that individual or organization. **Please note all scheduling**
      **and communication will be done through your representative.**
      Name _____
      Address _____
      Telephone _____

8.   Signature _____   Date ____**9/4/21**_____

Retaliation for filing a grievance/complaint is not permitted by the Round Rock Independent School District.

11/15/19

Exhibit 11

The names of the involved educators and school board members are:
Hafedh Azaiez, Superintendent
Amy Weir, Board President
Amber Feller, Vice President
Tiffanie Harrison, Secretary
Jun Xiao, Trustee
Mary Bone, Trustee
Cory Vessa, Trustee
Danielle Weston, Trustee

*Background:*
*First, our Superintendent was recently hired against requests from many community members to take a week or two to further vet him due to potential unusual behaviors reported in Donna ISD, his previous district.  These behaviors included his issuing an unlawful restraining order using district police against, Raquel Gonzales Martinez, an elderly woman.  Instead of heading these warnings he was hired in a 5-2 board vote.  Immediately following the vote, during the same meeting when this vote occurred, the two board members who voted 'no', Mary Bone and Danielle Weston, were surprised by a public announcement of the Board President.  Amy Weir announced that the new Superintendent was indeed present.  District employees then brought him out of a back room.  She had previously coordinated district personnel and resources and worked with a quorum of the board to be able to effectively promise the Superintendent that he would be hired.  With this promise secured, RRISD paid for a hotel room for the Superintendent and he was encouraged to make a 6 hour drive from Donna ISD to Round Rock so he could come out of a back room right after the vote.*

*Second, it is important to note that our Superintendent now has a restraining order against him for family violence due to alleged assault of his girlfriend.  The woman in question is a high level Texas Educator who alleges he threatened and then assaulted her after she confidentially sought help from our school board and refused to have an abortion he requested.  She is pregnant with his child and his intent was to kill the child.  She approached the school board because He threatened to use the power of the school board to discredit her.  I have spoken with the victim personally and find her claims credible and backed up by my subsequent evidentiary research.*

*I have included the restraining order and original letter from the alleged victim to the board.  I have also included an affidavit the Superintendent filed in a Williamson County court where he attests to a court he was informed by the board President regarding the matter.  Amy Weir, Board President, immediately ran to inform, aid and warn the Superintendent rather than the President seeking to dialogue with the victim or report it to the appropriate place of oversight.  I also have proof several other board members are involved in this cover up.  I have sent several letters to the board and inquired with each of them.  Every board member but Ms. Weston and Ms. Bone have responded indicating one or more of the following:  they don't see this as an issue to be addressed in any capacity by the school board or they discredited the alleged victim.  Ms. Weston and Ms. Bone were alarmed and have worked to engage the board in reviewing the Superintendent's contract.  They have been met with resistance and been ignored.  Moreover, all board officers and Trustee Vessa issued a public statement denying they had ever heard from the alleged victim.*


Further Complaint Regarding My Personal Rights:

I have notified and filed a compliant regarding this matter with our County Attorney, Dee Hobbs and with the RRISD police department through Jim Williby, Assistant Chief of Police.

177

Exhibit 11

On the night of August 16th, 2021 I was unlawfully physically restrained by the Round Rock ISD (RRISD) Police at the Round Rock school board meeting in an attempt to silence speech they objected to and violate my free speech rights.  The officers acted at the prompting of the Superintendent and Board President.  No warning was given that restraint would be used.  No reason for such restrain was given at the time of surprise restraint.  I was not doing anything worthy of restraint.

<u>In so doing the Round Rock police violated Penal Code (Title 5 Section 20.01).</u>  It is important to also note that school board policy is not the same as the law.  RRISD police do not exist to execute the whims of school board members or the Superintendent.  The RRISD Police exist to enforce the law.  To do otherwise reduces board members and Superintendent to being thugs and warlords with their own personal police force.

<u>The Superintendent and Board President violated the Penal Code as well through abuse of power and official oppression.  (Title 8 Section 39.02 and 39.03). In addition the whole form of the meeting was in violation of the open meetings act with intention to silence the public.</u>

Several people had been silenced by the Board President, Amy Weir, shouting over them when they began to speak about matters she didn't want to hear.  Before I stood up to speak the Board President disrupted the meeting by addressing me in an effort to intimidate and silence my speech.  Though numerous other speakers addressed the board that night, none were interrupted before they even began.  I was singled out and targeted because of my previous letters to the board bringing to light that several of them were complicit in informing and enabling the Superintendent to allegedly assault his mistress who was pregnant.  They didn't want me discussing the publicly available protective order against the Superintendent nor the publicly available affidavit from the Superintendent where he inadvertently implicates the Board President as having informed him about a confidential report made to the board by woman who was the alleged victim in this matter.

I responded to the Board President kindly and firmly that I would gladly show her and the board why what I was about to say was germane to the items on the agenda.  She refused to listen and spoke over me.  She also initially told me she wouldn't listen to that.  I asked her directly if she was saying that she wasn't willing to listen to why what I would say was germane.  All of this happened before I had even begun the content of my speech.  When she wouldn't stop continually disrupting the meeting and the legally allowed time for my comments; I began my speech.

Once I got to the part of my speech she disagreed with, she banged her gavel, turned off my mic and shouted in a disruptive attempt to silence me.  In an effort to still be heard, I raised my voice and continued my speech.  Shortly after this the Superintendent motioned to two officers at the back of the room who grabbed me by the arms and drug me out of the room and through the building to the front door of Round Rock High School.  No verbal instruction or warning of removal was given.  The only visible evidence of an order was that of the Superintendent waiving his hand at the officers right before they moved to grab and detain me.  This indicates either a misunderstanding by these officers or a premeditated plan of what to do when he waived his hand.  Judging from how neither the Board President nor Superintendent objected to what happened right in front of them; it can only be deduced they were in agreement with what occurred and therefore had a prior plan as to how to unlawfully deal with what they felt my speech would be.

Once the RRISD Police dragged me into the hall, I asked them why they were restraining me.  One officer replied that I was disrupting the meeting.  No such statement was made by any board member at the time of the officers moving against me.  I began and continued my speech in a normal tone and manner until the Board President repeatedly disrupted the meeting and my speech personally.  I only raised my voice once the Board President unlawfully attempted to silence me.  The truth is she disrupted in intimidated me; not vice versa.

Moreover, it doesn't even matter whether my words were germane or not.  The law was still violated with my unlawful restraint and the concurrent abuse of power by several public

Exhibit 11

servants.  However, it is important to note that my words were indeed germane to items on the agenda.

A constable and several other people commented before me on the rule of law and public safety.  About 90% of the text of a resolution on the agenda also included numerous references to the safety of students, parents, district employees and the board's role in oversight of the superintendent.  My speech was on the role of law and public safety.  The rule of law and public safety were definitely the major theme of the night.  My use of empirical examples in a speech (i.e. mentioning several board members were covering up he Superintendent's restraining order for violence and possible criminal charges) in order to show proof of a string of violations of the rule of law from the board was germane.  Many other empirical examples referencing other events as proof of points were given and allowed in numerous other community member's comments.  Simply put, the Board President and Superintendent didn't particularly like my particular empirical example to prove a point.

I was also unlawfully targeted and intimidated by the RRISD Chief of Police shortly before I spoke.  During the first board meeting break at about 8pm, he walked over to me and told me, "I need to come with him to speak with him outside the board room."  When I requested the reason for his request he just repeated himself.  I respectfully declined to leave the room to speak with him and instead said I would be willing to speak with him in the board room.  He then threatened to "remove me from the room if I disrupted the meeting after the break."  I asked him why he was singling me out since many other members of the audience had made loud derogatory remarks towards speakers before the break while I had made none.  He stated that he would approach them too if others did that.  I reminded him that others had already done that numerous times.  At that point he just turned around and walked off without answering.  This was an attempt by whomever directed him to speak to me to intimidate me and suppress my free speech rights.  It also was not proper procedure for issuing a warning.  Lastly, there was no equal protection, he approached no other attendee during the break.  He was instructed to directly target me.  He was either not present or mostly absent in the meeting either before or after the break.

In addition to this, several members of the board committed another violation in a long string of violations of the Open Meetings Act in an effort to silence more community voices.  They made a last minute decision to force the majority of the attendees to the meeting to sit in the lobby of the high school rather than allowing them in the board meeting.  They had the RRISD police lock the doors to the board meeting room and only allowed about approximately 18 people into the actual board meeting.

One board member publicly vocalized her concern this action violated the open meetings act when she saw officers try to encourage me to leave because I was quietly standing at the back wall rather than sitting in a chair.  The board member also expressed that she wasn't aware that people were being kept in the lobby, indicating that a portion of the board made a decision without a collective vote which resulted in not allowing the grand majority of the attendees to fully participate in the meeting.  This also effectively changed the venue for the meeting from the lecture hall as was posted in the required Public Meetings Act advance announcement to the high school lobby.  It also effectively turned the meeting into a virtual meeting for the grand majority of attendees whereas the Public Meetings act requires an advance notice for such a decision.  After this the officers decided it was ok for me to stand in the meeting.

I value the work that the police do.  I am saddened by how the RRISD police department was used inappropriately by the district in this matter and put Into an untenable place by those in authority over them.

I have attached a link to video evidence of all of the above assertions.  In them you will see a calm and polite citizen confronted by several members of an out of control school board using the police as their personal Gestapo.  If needed, I can provide even further evidence to the TEA on any of these assertions any related assertions involving possible other violations you want to investigate.

Exhibit 11

I seek removal of the Board President, Amy Weir from the school board and the Superintendent be put on leave.  I seek custodial oversight, if necessary for the RRISD district or school board. I seek any other remedy available to the TEA if the above remedies are not valid TEA actions.

Sincerely,

Jeremy Story
8/18/21

ROUND ROCK INDEPENDENT SCHOOL DISTRICT

# LEVEL I

ALL DOCUMENTS TO BE USED THROUGHOUT THE ENTIRE PROCESS SHOULD BE SUBMITTED WITH THIS FORM.
INCLUDE ALL REMEDIES SOUGHT.  REMEDIES MAY NOT BE AMENDED AT A DIFFERENT LEVEL.

| FOR OFFICE USE ONLY |
| --- |
| Date received by district_____ |
| Received by_____ |
| Copies  to_____ |
| _____ |
| Conference to be held by_____ |

Check one:
_____Parent/Student Complaint (FNG) - to be filed with the principal/supervisor.
_____Employee Grievance (DGBA) - to be filed with the employee's immediate supervisor.
__X__Public Complaint (GF) - to be filed with the legal services department.
Policies are available on line at www.roundrockisd.org; then click on About RRISD link.

**PLEASE PRINT**

1. Name ___**Jeremy Story**___
   Home Address: ___**2665 Ravenwood Drive**___
   City, State, Zip Code: ___**Round Rock TX 78665**___
   Telephone Number: ___**512-914-3821**___
   Email address: ___**jeremystory@gmail.com**___

2. Campus/Department ___**Board and Superintendent**___
   If employee, position held: _____

3. Please state the date of event or series of events causing the complaint/grievance.  Provide description of attempts at informal resolution.    **8/16/21**
   **I originally submitted this grievance on 8/19/2021 in good faith to Assistant Chief Jim Williby as per his request that I submit it to him. He confirmed receipt and stated that he would see that it was processed by the appropriate person/department.**

4. Please state your complaint/grievance and supporting facts.
   **See Attached Document with complaint - A separate document was attached to same email I used to sent this form to you.**

5. Please specify the solutions you are seeking.  (These may not be changed at any other level.)
   -resignation or removal of Board President Amy Weir
   -resignation or review and cancelation of contract for Superintendent Hafedh Azaiez
   -public written apology
   -monetary renumeration for damages
   -opportunity to speak with the board in public forum at length (not just 2 minutes in the comment period) regarding the content of my speech and provide evidence regarding the allegations surrounding the Superintendent.  To give testimony and evidence to the board as a witness/invited guest per an agenda item on the board agenda

6. Please identify the individual(s) responsible for action/inaction resulting in event.
   **Superintendent Hafedh Azaiez, Board President Amy Weir**

7. If you will be represented in your presentation, please identify that individual or organization. **Please note all scheduling and communication will be done through your representative.**
   Name _____
   Address _____
   Telephone _____

8. Signature _____   Date ___**9/4/21**___

Retaliation for filing a grievance/complaint is not permitted by the Round Rock Independent School District.

## A. CALL TO ORDER

1. Call to Order

## B. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE

1. Pledge of Allegiance and Texas Pledge

## C. CLOSED SESSION

**1.** Pursuant to Texas Government Code Under Section 551.071, the Board will meet in consultation with attorney regarding the Superintendent's contract.

## D. CALL BACK TO ORDER

1. Call Back to Order

## E. ADJOURNMENT

1. Adjournment

## Agenda Item Details

| | |
|---|---|
| Meeting | Aug 23, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | CLOSED SESSION |
| Subject | Pursuant to Texas Government Code Under Section 551.071, the Board will meet in consultation with attorney regarding the Superintendent's contract. |
| Type | Information |

Such closed or executive meeting or session as authorized by the Texas Open Meetings Act, Texas Government Code Section 551.001 et seq., will be held by the School Board at the date and place given in this Notice as soon after the commencement of the meeting covered by the Notice as the School Board may conveniently meet in such closed or executive meeting or session concerning any and all purposes permitted by the Act, including, but not limited to the above mentioned sections and purposes.

Following the Closed Session, the Board will reconvene in Open Session and may take action on any item discussed in Closed Session.

Exhibit 14

## A. CALL TO ORDER

1. Call to Order

## B. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE

1. Pledge of Allegiance and Texas Pledge

## C. CLOSED SESSION

1. Pursuant to Texas Government Code Under Section 551.071, the Board will meet in consultation with attorney regarding the Superintendent's contract.

## D. CALL BACK TO ORDER

1. Call Back to Order

## E. ADJOURNMENT

1. Adjournment

## Agenda Item Details

| | |
|---|---|
| Meeting | Aug 23, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | CLOSED SESSION |
| Subject | Pursuant to Texas Government Code Under Section 551.071, the Board will meet in consultation with attorney regarding the Superintendent's contract. |
| Type | Information |

Such closed or executive meeting or session as authorized by the Texas Open Meetings Act, Texas Government Code Section 551.001 et seq., will be held by the School Board at the date and place given in this Notice as soon after the commencement of the meeting covered by the Notice as the School Board may conveniently meet in such closed or executive meeting or session concerning any and all purposes permitted by the Act, including, but not limited to the above mentioned sections and purposes.



## ROUND ROCK INDEPENDENT SCHOOL DISTRICT
### Round Rock, Texas

A Regular Board Meeting of the Board of Trustees was held on Tuesday, September 14, 2021, commencing at 5:30 p.m. at the Round Rock High School 100 Lecture Hall, located at 300 N. Lake Creek Drive, Round Rock, TX 78681.

| | |
|---|---|
| Call to Order | President Amy Weir called the meeting to order at 5:31 p.m. |
| Roll Call | President Amy Weir, Vice President Amber Feller, Secretary Tiffanie N. Harrison, Cory Vessa, Dr. Mary Bone, Danielle Weston, Dr. Jun Xiao and Dr. Hafedh Azaiez Superintendent of Schools. |

*Trustee Bone left the meeting at 6:17 p.m.*
*Trustee Weston left the meeting at 6:18 p.m.*

| | |
|---|---|
| Absent | None. |

**Motion:**
Amy Weir moved that the Board approve the Administration's room set up. Tiffanie Harrison seconded the motion.

| | |
|---|---|
| Yeas: | Amy Weir, Amber Feller, Tiffanie Harrison, Cory Vessa, June Xiao. |
| Nays: | Mary Bone, Danielle Weston. |

Motion passed 5:2.

| | |
|---|---|
| Pledge of Allegiance and Texas Pledge | The Board and audience recited the Pledge of Allegiance and Texas Pledge. |
| Public Comments | The following citizens spoke during Public Comments: |

- *Payton Schneider*
- *Asmita Lehther*
- *Alejandro Banchs*
- *Krupali*
- *Kimar*
- *Nitya Ganesh*
- *Zachary Bolash*
- *Amy Haselhorst*
- *Jacob Mitchell*
- *Omair Hohiuddin*
- *Miles Rubin*
- *Elias Rubin*
- *Leslie Winters*
- *Dug McLean*

- *Joseph McCullough*

*The Board recessed at 5:59 p.m. Ms. Weir called the meeting back to order at 6:16 p.m.*

*Trustee Bone left the meeting at 6:17 p.m.*
*Trustee Weston left the meeting at 6:18 p.m.*

Consent Action Items
The Board pulled the following consent agenda item for individual consideration:

- Agenda Item No. G6 – Adoption of Resolution Setting Tax Rate for 2021-2022

**Motion:**
Amber Feller moved that the Board approve Agenda Items No. G1, G2, G3, G4 and G5 by consent. Tiffanie Harrison seconded the motion.

Agenda Item No. G1 – Approval of Board Minutes
The Board approved the minutes for the Board meetings held on August 16, 19, 23 and 24, 2021 as presented.

Agenda Item No. G2 – Approval of RRISD's RR Chamber Board of Directors Representative
The Round Rock Chamber by-laws allow the Round Rock Board of Trustees to select the school district representative to the Round Rock Chamber of Commerce Board of Directors. The Board of Trustees is to select a School District Trustee or the Superintendent as the Chamber representative. The chamber by-laws read as follows:

"One (1) Director appointed for a term of one (1) fiscal year by the board of Trustees of the Round Rock Independent School District and approved by the Board by the last regular meeting in the third (3rd) quarter of the fiscal year. Such designee shall be a Trustee or the Superintendent of Schools."
The term of appointment is January through December however, the Round Rock Chamber Board of Directors approves the appointees for 2022 in September.
The Board appointed Dr. Hafedh Azaiez as the District's Representative to the Round Rock Chamber of Commerce Board of Directors.

Agenda Item No. G3 – Approval of T-TESS Appraisers
The Board of Trustees approves the list of district administrators who evaluate teachers through the Texas Teacher Evaluation Support System. The Board approved the list of T-TESS Appraisers for the 2021-2022 school year as presented.

Agenda Item No. G4 –   Approval of the Capital Area Regional Day
School Program for the Deaf (RDSPD) Shared Services Agreement
Shared Services Arrangement Abstract - Texas Education Code (TEC)
Chapter 30, Subchapter D requires the Texas Education Agency (TEA) to
have a process of providing, on a statewide basis, a suitable education for
students who are deaf or hard of hearing. Part of this process involves the
establishment of regional day school programs for the deaf (RDSPDs) in
each of the state's regions. Under 19 Texas Administrative Code (TAC)
§89.1080, all local educational agencies (LEAs) shall have access to
RDSPDs. LEAs include independent school districts and charter schools.
Any student who has a hearing impairment that severely impairs
processing linguistic information through hearing, even with
recommended amplification, and which adversely affects educational
performance shall be eligible for consideration for the RDSPD, subject to
the recommendations of the student's admission, review, and dismissal
(ARD) committee. 19 TAC §89.1080.
As part of the comprehensive statewide plan for educational services for
students who are deaf or hard of hearing, including the legislative
mandate of TEC §30.083 regarding the provision of appropriate education
in regional day school programs for the deaf, TEA authorizes and
encourages LEAs or education service centers (ESCs) to enter into
contractual arrangements with other LEAs to effectively and efficiently
jointly operate RDSPDs so that the intent of TEC Chapter 30, Subchapter
D is met. At this time, our current LEA member districts remain
unchanged, and we are in partnership with nineteen surrounding school
districts.
Capital Area Regional Day School Program for the Deaf has made
revisions to our current Shared Services Arrangement. We have made the
following revisions:

- Overall edits to reflect the change in language from Auditory
  Impairment to Deaf/Hard of Hearing
- Clarification of our fiscal practices, to include more specificity
  regarding the calculation formula for our budget/tuition,
  distribution of financial shortfall, indirect costs, etc.
- Exhibits to delineate services for charter schools and non-member
  districts, to include specific costs and responsibilities
- Details surrounding PEIMS data entry and corrections
- Slight revisions to our communication philosophy
- Updated information about periodic program reviews
- Provision of interpreting services for extracurricular activities and
  billing for those services

The Board approved the Capital Area Regional Day School Program for
the Deaf (RDSPD) shared services agreement as presented.

*Round Rock Independent School District*
*Regular Board Meeting, September 14, 2021*                                        *Page 4 of 6*

Agenda Item No. G5 –   Adoption of Resolution for Extension Agents of Travis/Williamson Counties as Adjunct Faculty for 4-H Members' Extracurricular Participation

The State Board of Education passed an amendment to 19 TAC Chapter 129.21 (k)(1) and the Students Attendance Accounting for State Funding Purpose, June 9, 1994, that allows public school students to be considered "in attendance" when participating in off-campus activities with an adjunct staff member of the school district. This amendment provides local school boards the opportunity to recognize County Extension Agents as adjunct staff members and to recognize county students' participation in 4-H/Extension educational activities as "in attendance for Foundation program purposes."

Extension agents for Travis County and Williamson County have requested that the Round Rock ISD Board of Trustees recognize the Extension Agents of Travis County and Williamson County as adjunct faculty and recognize currently enrolled 4-H members as approved for recognition and eligible for extracurricular status consideration.

The Board adopted the Resolution for Extension Agents (AgriLife employees) of Travis County and Williamson County be recognized as adjunct faculty of Round Rock ISD and that currently enrolled 4-H members under their supervision be eligible for extracurricular participation and subject to all rules and regulations set forth for extracurricular participation.

| | |
|---|---|
| Yeas: | All Board Members present voted "Yes." |
| Nays: | None. |
| | Motion passed 5:0. |

Agenda Item No. G6
Adoption of Resolution Setting Tax Rate for 2021-2022

**Motion:**
Amber Feller moved that the Board accept the proposed total tax rate for the 2021-22 for Round Rock ISD is $1.1336 cents. This is comprised of a M&O rate of 0.8936 which includes 0.8436 cents for Tier I and 0.5 golden pennies and a 0.2400 cents for debt service. Jun Xiao seconded the motion.

| | |
|---|---|
| Yeas: | Amber Feller, Tiffanie Harrison, Cory Vessa, June Xiao. |
| Nays: | Amy Weir. |
| | Motion passed 4:1. |

| | |
|---|---|
| Agenda Item No. H1<br>Approval of Nominations for the Williamson Central Appraisal District (WCAD) | **Motion:**<br>Tiffanie Harrison moved that the Board adopt a resolution approving <u>Mason Moses</u> as the Round Rock ISD nominee for the Williamson Central Appraisal District Board of Directors.  Amber Feller seconded the motion. |
| Yeas: | Amy Weir, Amber Feller, Tiffanie Harrison, Cory Vessa. |
| Nays: | June Xiao. |
| | Motion passed 4:1. |

The Board postponed the following agenda items for a future Board meeting:

- Agenda Item No. E1 - District Highlights
- Agenda Item No. F1 - Policy BE
- Agenda Item No. F2 - Board Operating Procedures
- Agenda Item No. F3 - Board Goals Process
- Agenda Item No. J1 - COVID-19 Health and Safety Protocols

| | |
|---|---|
| Closed Session | President Amy Weir called the Board into Closed Session at 6:40 p.m. for purposes permitted by the Texas Open Meetings Act, Texas Government Code 551.001 et seq. to: |

1. Pursuant to Texas Government Code Under Section 551.071 and 551.074, the Board will consider and discuss pending litigation and consult with the attorney regarding mask litigation and TEA letter.
2. Pursuant to Texas Government Code Under Section 551.071 and 551.074, the Board will consider and discuss proposed termination of teacher contracts.

| | |
|---|---|
| Reconvene Meeting | The Board reconvened from Closed Session at 7:59 p.m. |
| Agenda Item No. K1<br>The Board will consider and discuss the TEA letter | **Motion:**<br>Tiffanie Harrison moved that the Board make public the TEA notice of correction action plan and agreed corrective action plan. Amber Feller seconded the motion. |
| Yeas: | All Board Members present voted "Yes." |
| Nays: | None. |
| | Motion passed 5:0. |

| | |
|---|---|
| Announcements/Future Agenda Items | Upcoming Meeting:<br>&bull; *September 18 – Board Student Outcome Goals Workshop*<br><br>Ms. Feller mentioned that tonight's meeting is being held on the same night as the Festival of Bands. She expressed her support for our Fine Arts programs.<br><br>Ms. Weir announced that some agenda items from this meeting will be re-posted for a Saturday afternoon meeting.<br><br>Ms. Harrison reported that the Board spent zero minutes on student outcomes. |

President Weir asked the Board if there were any objections to adjourn the meeting. Hearing none, the meeting adjourned at 8:01 p.m.

These minutes approved the 21st day of October 2021.


_____              _____
Amy Weir                                                          Tiffanie N. Harrison
President                                                          Secretary



**TEA**
Texas Education Agency

Commissioner Mike Morath

1701 North Congress Avenue • Austin, Texas 78701-1494 • 512 463-9734 • 512 463-9838 FAX • tea.texas.gov

## Notice of Corrective Action Plan
## August 11, 2021

Dr. Hafedh Azaiez, Superintendent
Round Rock ISD
1311 Round Rock Ave.
Round Rock, TX 78681-4941

> **Signed Agreement**
> **Required 8/25/2021**

Amy Weir, Board President
Round Rock ISD
1311 Round Rock Ave.
Round Rock, TX 78681-4941

> *SENT VIA EMAIL*
> Superintendent_RoundRockISD@roundrockisd.org
>
> Amy_Weir@roundrockisd.org

**Subject:** **TEA  #IR2020-12-001**
            **Corrective Action Plan Agreement**

Dear Superintendent Azaiez and Board President Weir:

The purpose of this letter is to notify you that the Texas Education Agency (TEA) is requesting your signed and dated agreement of the Corrective Action Plan attached to this letter.  In August 2020, TEA requested information regarding alleged violation(s) of Tex. Educ. Code Chapter 11, Subchapter D – Powers and Duties of Board of Trustees of Independent School District.

**<u>Allegations and Description of Complaint</u>**

The complaint included the following allegations, which pertain to the 2018-2019 school year and subsequent years:

1.  **<u>Conflict of Interest and Board Overreach</u>** – A Former Board President presided over the 10/14/2019 board meeting in which a Level III Grievance was decisioned. This grievance was filed against the former Board President, who declined to recuse himself from this meeting when asked.

Special Investigations Unit (SIU) Investigator Rebecca Clevlen reviewed the documents sent by Round Rock ISD and analyzed all the information.  The investigator concluded Round Rock ISD must accomplish a Corrective Action Plan within the timeline to close this complaint with the Texas Education Agency. Please be advised that additional complaints relating to Round Rock ISD remain under investigative review by the Special Investigations Unit as well as the Compliance Review Unit.

**<u>Requested Actions to be completed by Round Rock ISD</u>:**

1.  Round Rock ISD must sign and date the Corrective Action Plan by the requested deadline.
2.  Return a signed copy of the Corrective Action Plan to the investigator by the deadline.
3.  Comply with all requests for documentation proof that corrective actions are completed.

Failure to sign and return the Corrective Action Plan will result in a Notice of Special Accreditation Investigation found in Tex. Educ. Code §39.057 and Tex. Educ. Code §39.058. We request your full cooperation and timely responses stated in the Corrective Action Plan Agreement. If you have any questions, please contact me at (512) 463-9141 or at email adam.Benthall@tea.texas.gov.

Sincerely,

Adam Benthall, Ed.D.
Director of Special Investigations
Texas Education Agency

**FOR IMMEDIATE RELEASE – September 22, 2021**

Dr. Mary Bone and Captain Danielle Weston release this statement regarding the issuance of a Temporary Restraining Order against RRISD Board of Trustees and are not speaking for the Board but only for themselves as private citizens.  We are very thankful to the 425th District Court for granting a Temporary Restraining Order against the Round Rock ISD Board of Trustees and the five individual trustees who were attempting to stifle discussion about important issues facing our community and prevent two strong voices on the board of trustees from fully advocating for the educational needs of 47,000 students. Per the Court's order, we will spend the next two weeks gathering evidence in the discovery process. We will then have an opportunity to present more facts and information to the court for a decision. We are hopeful that with the Court's ruling that we may be able to resolve our differences with the other board members and get back to spending important time, energy and resources on meeting the needs of students. These precious students in RRISD have endured historic learning loss over the last 18 months, they have missed out on many rite-of-passage events and have been isolated from peers and mentors in our schools. They and their families have suffered in unimaginable ways. We will continue to relentlessly advocate for these children, restoring the Rule of Law, protecting parental rights and the principle of open government. Lastly, we wish to thank the countless parents, teachers and community members who have overwhelmed them with support, love and prayer.

Dr. Mary Bone and Captain Danielle Weston

September 22, 2021

CAUSE NO. **21-1561-C395**

| | | |
|---|---|---|
| DANIELLE WESTON and<br>MARY BONE,<br>    *Plaintiffs,* | § | IN THE DISTRICT COURT OF |
| | § | |
| **v.** | § | WILLIAMSON COUNTY, TEXAS |
| | § | |
| ROUND ROCK INDEPENDENT<br>SCHOOL DISTRICT BOARD OF<br>TRUSTEES; AMY WEIR, AMBER<br>FELLER, TIFFANIE HARRISON, DR.<br>JUN XIAO, and CORY VESSA, EACH<br>IN HIS OR HER OFFICIAL CAPACITY<br>AS TRUSTEES OF THE ROUND ROCK<br>INDEPENDENT SCHOOL DISTRICT<br>BOARD OF TRUSTEES,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Williamson County - 395th Judicial District Court<br><br><br><br><br>_____JUDICIAL DISTRICT |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

Before the Court is the Application for Temporary Restraining Order ("TRO") of Plaintiffs Danielle Weston and Mary Bone ("Plaintiffs") wherein Plaintiffs seek to obtain immediate injunctive relief from the ongoing and irreparable injury caused by Defendants Round Rock Independent School District Board of Trustees (the "Board"), Amy Weir ("Weir"), Amber Feller ("Feller"), Tiffanie Harrison ("Harrison"), Dr. Jun Xiao ("Xiao"), and Cory Vessa ("Vessa").

The Court has heard argument from counsel for the parties and reviewed the Verified Petition and Application for TRO and finds that in accordance with Tex. R. Civ. P. 683 and Texas law that Plaintiffs' Application for TRO should be, and is HEREBY, **GRANTED**.

The Court finds that Plaintiffs have shown a substantial likelihood they will prevail on the merits of their claims. Specifically, Defendants do not have the authority or right to violate the Round Rock Independent School District Board of Trustees Operating Procedures by, among other things, censuring Plaintiffs without providing the due process rights afforded by the Board's Operating Procedures. Additionally, the Board and Defendant Trustees are required to

provide the due process rights afforded to Plaintiffs by the U.S. and Texas Constitutions, the Texas Government Code, and state law.  The Court finds a substantial threat of irreparable harm if the injunctive relief requested is not granted, in particular the reputational harm and inability of Plaintiffs to fulfill their obligations as Trustees, that granting this TRO is proper and necessary to preserve the status quo, that the foregoing injuries cannot be compensated fully and adequately by money damages because they would be extremely difficult to measure by a certain pecuniary standard, and that if the Court does not issue this temporary restraining order, Plaintiffs may be irreparably injured were Defendants to continue their unlawful conduct by publicly censuring Plaintiffs on September 22, 2021.

The Court finds that Plaintiffs lack an adequate remedy at law because legal remedies alone will not be able to fully, finally, and equally provide them total relief if this TRO is not granted pending a temporary injunction hearing.  Specifically, the Court finds that should Defendants publicly censure Plaintiffs based upon allegations concerning Plaintiffs' actions related to a legislative measure, then Plaintiffs are likely to suffer irreparable reputational harm, which could not be adequately remedied by monetary damages.  In addition, because the vote on the censure is set to occur today, it would be impossible for Plaintiffs to properly prepare for and defend against Defendants' actions and, without a TRO, a court will not have the time or ability to adjudicate this matter before the harm occurs.

The Court further finds that the relief granted here imposes no greater restraint than is necessary to protect the legitimate interests of Plaintiffs.

THEREFORE, it is hereby ORDERED that Defendants are temporarily restrained from:

1.      Publicly or privately censuring Plaintiffs Danielle Weston and Mary Bone at the September 22, 2021 Board meeting;

2.      Violating the Round Rock Independent School District Board of Trustees Operating Procedures by taking a vote on censure before completing steps K(1) and K(2) of the Operating Procedures;

2

3.      Taking any actions that are contrary to the Round Rock Independent School District Board of Trustees Operating Procedures, the Texas Constitution, the U.S. Constitution, and the Texas Government Code § 572.059, including but not limited to censuring Plaintiffs Danielle Weston and Mary Bone at the September 22, 2021 Round Rock Independent School District Board of Trustees meeting.

It is FURTHER ORDERED that Defendants are restrained from destroying or spoliating any potentially relevant evidence, and to properly place a litigation hold including on all ESI.

It is FURTHER ORDERED that the Parties shall be entitled to conduct reasonable, limited, proportionate, and expedited discovery, including responding to up to 10 requests for production and 5 interrogatories within 5 business days of service of the same, and taking 2 depositions per side of no more than 3 hours each no later than 12 days of this Order.

This TRO shall be binding upon Defendants and all of those persons in active concert or participation with Defendants who receive actual notice of this Order.

It is FURTHER ORDERED that this TRO shall remain in full force and effect for 14 days unless extended for a longer time by consent or for good cause shown.

Bond is hereby set at $100 because the Board is a governmental entity and there is no harm to the Board in not conducting a censure vote at its September 22, 2021 Board meeting.

A hearing to determine whether a temporary injunction should be entered in this matter that will be in full force and effect while this matter is pending before the Court for a trial on the merits is hereby set for __Oct 6, 2021__, 2021 at 9:00 a.m. / ~~p.m.~~

SIGNED on September 22, 2021 at ____ a.m. / p.m.

9/22/2021 4:08:05 PM

_____
PRESIDING JUDGE

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Trey Arbuckle on behalf of Trey Arbuckle
Bar No. 24089969
tarbuckle@clevelandterrazas.com
Envelope ID: 57481796
Status as of 9/22/2021 10:05 AM CST

Associated Case Party: Danielle Weston

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Trey Arbuckle | | tarbuckle@clevelandterrazas.com | 9/22/2021 9:30:25 AM | SENT |
| Kevin Terrazas | | kterrazas@clevelandterrazas.com | 9/22/2021 9:30:25 AM | SENT |



# MEMORANDUM
## Williamson County Sheriff's Office

**Date:**   **March 8, 2021**

**To:**   **All Law Enforcement Agencies**

**From:**   **Kathleen Pokluda, Assistant Chief Deputy**

**Subject:**  **Change of Intake Location**

We have recently obtained Rapid COVID-19 tests to assist in the identification of arrestees during the intake process that may be positive without exhibiting signs and symptoms. The added capability of doing this will allow us to change our intake location back to the "new sallyport". Effective immediately, intake will not be accepted through the "old sallyport."  Incoming arrestees will be processed in the pre-covid sallyport/booking area and the intake process will not change; however, all incoming inmates will be asked to submit to a COVID-19 test during the medical intake.  Inmates refusing the rapid test will be placed in quarantine. All other COVID-19 intake assessment procedures will continue. Any arrestee who tests positive on the rapid test, is running a fever or has indicators of possible COVID-19 will be quarantined.

All officers entering the facility are still required to wear a mask according to current protocols. Inmates will still be provided a mask and staff monitoring and compliance in wearing them will be continued.

**Arrests that <u>will not</u> be accepted into the facility are as follows:**
1.   Traffic Offenses (misdemeanors)
2.   Traffic warrants unless there is an Order of Commitment from the court that issued the warrant.
3.   Any offense that can be issued a citation and released.
4.   Any class C or B <u>charge</u> or <u>warrant</u> that does not involve acts of violence or place a person in danger.

**Arrests that <u>will</u> be accepted into the jail facility are as follows:**

1.   Any Felony
2.   Any Family Violence offense or other offense that involves violence against another person.
3.   Driving While Intoxicated

<span style="color:red">**This policy will be reviewed again on April 9, 2021, or as the situation warrants.**</span>

MMA-21-671

Cause Number _____

| THE STATE OF TEXAS | X | IN THE JUSTICE COURT |
| | X | PCT OR CC AT |
| | X | LAW # _____. |
| COUNTY OF WILLIAMSON | X | WILLIAMSON COUNTY, TEXAS |

## AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION

The undersigned Affiant, who after being duly sworn by me, on oath, makes the following statement:

I have good reason to believe, and do believe, that **Jeremy Wade Story,** on or about the **16th** day of **August 2021,** in Williamson County, Texas, did there and then knowingly or intentionally commit the offense of: **Hindering Proceedings by Disorderly Conduct PC 38.13.**

My belief of the foregoing statement is based upon:
_____ Personal Knowledge
**XXXX** Information provided to me by **RRISDPD Sgt. Milton Pope,** a credible person who personally observed or gathered such information.

Facts supporting my belief of the foregoing statement are as follows:

1. Affiant is a Detective Sergeant for the Round Rock ISD Police Department and has been employed at RRISDPD since September 2020. Affiant was assigned this case and learned the following information.
2. Affiant knows that on August 16, 2021, Jeremy Story attended a Round Rock Independent School District Board Meeting located at Round Rock High School 100 Lecture Hall (300 N. Lake Creek Drive, Round Rock, TX 78681.
3. Affiant learned that at approximately 8:35 p.m., Story was called upon by the Board of Trustees to speak at the podium on the subject of the mask mandate. Affiant learned RRISD Board of Trustee President Amy Weir informed Story he was attending a called meeting and would only be able to speak about the items on the agenda, specifically the mask mandate. Affiant learned Story acknowledged President Weir and advised President Weir he agreed. Affiant learned during the duration of Story's time to speak, RRISD Board of Trustee President Amy Weir instructed Story to stop speaking on unrelated topic's and to only discuss the mask mandate. Affiant learned while Story was discussing the unrelated topics, Story had several outbursts. Affiant learned after several verbal warnings from RRISD Board of Trustee President Amy Weir, Story continued to have verbal outbursts. Affiant learned RRISD Board of Trustee President Amy Weir requested for Story to be removed from the board room for hindering and disturbing the board proceedings.
4. Affiant learned Sgt. Pope and RRISD Officer Frank Pontillo approached Story and made several verbal requests for Story to leave the board room. Affiant learned Story refused to leave the board meeting.
5. Affiant learned Sgt. Pope and Officer Pontillo had to forcibly remove Story from the board room. Affiant learned while being forcibly removed from the board meeting, Story continued to resist Officers, yell, and scream causing a major disruption during the board meeting.

198



6.  Affiant learned after Story was removed from the board meeting room, Story continued to be disruptive in the lobby where the overflow seating was located.   Affiant learned because Story continued to be verbally loud, verbally disruptive, and uncooperative with Officers in the lobby where other citizens were watching the meeting live streamed, Story was escorted out of the building.

The Affiant is a Commissioned Peace Officer for the Round Rock Independent School District Police Department, Round Rock, Williamson County, Texas and believes that the above described events occurred in Williamson County, Texas.  The Affiant also believes, based on the above stated facts, that the defendant has committed the offense of **Hindering Proceedings by Disorderly Conduct PC 38.13**.

_____
Affiant

SWORN AND SUBSCRIBED TO before me by **Detective Sergeant Lauren Griffith**, a credible person, on this **17th** day of **September, 2021**.

_____
Peace Officer / Notary Public in and for
Williamson County, Texas.

On This, the __17__ day of ___Sept___ , _2021_, I hereby acknowledge I have examined the foregoing affidavit and have determined that probable cause does exist for the issuance of a warrant of arrest for the individual accused therein.

_____
Magistrate,
Williamson County, Texas.

MMA·21·671·

## Hindering Procedings By Disorderly Conduct

**OF IN THE NAME AND BY THE AUTHORITY THE STATE OF TEXAS:**



I, **Sgt. Lauren Griffith #526**, being duly sworn, do state upon my oath that I have good reason to believe, I do believe, and I charge heretofore, that before the filing of this complaint, that **Jeremy Wade Story (W/M DOB 6-20-1975)** on or about the **16th** day of **August, 2021**, in Williamson County, Texas, did Intentionally hinder an offical proceding by noise or violent or tumultuous behavior or disturbance and continued after explicit offical request to desist.

**AGAINST THE PEACE AND DIGNITY OF THE STATE OF TEXAS.**

_____
Complainant

SWORN AND SUBSCRIBED before me by **Sgt. Lauren Griffith #526**, a credible person, this **17th** day of **September, 2021.**

_____
Notary Public / Peace Officer
in and for
Williamson County, Texas

_____
Magistrate
Williamson County, Texas

Round Rock ISD PD Case #: **21-0817-0001**

200

WARRANT OF ARREST or CAPIAS – C.C.P., Arts. 15.01 – 15.02

MMA-21-671

# WARRANT OF ARREST

**IN THE MAGISTRATE COURT**
of Williamson County

Cause No. _____

| | | |
|---|---|---|
| **Bond Amount** | $ | BOND TO BE SET BY MAGISTRATE |
| **Fine & Cost Amount** | $ | |
| **Warrant Fee** | $ | |
| **Total** | $ | |

## THE STATE OF TEXAS
### VS.

# Jeremy Wade Story

**Address:** 2665 Ravenwood, Round Rock, Texas 78665
**Race:** White   **Sex:** Male   **Height:** 601   **Weight:** 150   **Hair:** Brown   **Eyes:** Green
**DOB:** ▓▓▓▓▓▓   **ID/DL # TX-14366798**
**Social Security #** 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   **Other ID Info or Notes:**

### THE STATE OF TEXAS

To any Peace Officer of the State of Texas, Greetings:

You are hereby commanded to arrest the above named **Jeremy Wade Story** if to be found in your County, and bring him before me, a Magistrate of Williamson County, Texas, at my office in said County, immediately, then and there to answer to the State of Texas for an offense occurring on or about the 16th day of August, 2021, against the laws of said State, to-wit:

# Hindering Proceedings by Disorderly Conduct

### Class A Misdemeanor

of which offense he is accused by the written complaint under oath or affirmation of Lauren Griffith, Round Rock ISD Police Officer #526, filed before me.

Herein fail not, but of this writ make due return, showing how you have executed the same.

Witness my official signature this ___ day of September 17, A.D., 2021.

Round Rock ISD case # 21-0817-0001

_Gauthin_ Magistrate, Williamson County, Texas

### PEACE OFFICER RETURN

Came to hand **SEP 1 7 2021** _____, and executed on the ____ day of _____, A.D., 20___, at _____ o'clock ___M., by arresting the within named **Jeremy Wade Story** in _____, and placing her in the county jail of Williamson County, Texas.

I actually and necessarily traveled ____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this cause during the same trip.

FEES — Executing/Processing Arrest Fee   $ 50.00

| | | |
|---|---|---|
| Mileage ____ Miles | $ | |
| Making Bond | $ | |
| Commitment | $ | |
| Release | $ | |
| Total | $ | |

**Michael T. Gleason**

Williamson County, Texas Peace officer

_____
(Law Enforcement Agency / Department)

SO # 21-192626

Fee: __WAIVED__

**PERSONAL BOND**

Cause No.:

THE STATE OF TEXAS
COUNTY OF WILLIAMSON

KNOWN All MEN BY THESE PRESENTS

THAT I, ____Story, Jeremy____ charged with the offense of a misdemeanor, to wit:

**HINDER PROCEEDINGS BY DISORDERLY COND**

am held and firmly bound unto the State of Texas in the penal sum stated below for the payment of which sum well and truly to be made, and in addition all necessary and reasonable fees and expenses that may be incurred by peace officers in re-arresting me in the event the conditions of this bond are violated, I do bind myself, my heirs, executors and administrators, jointly and severally by these presents.

THE CONDITION OF THE ABOVE OBLIGATION IS THAT I swear that I will appear before the County Court at Law # 2 of Williamson County, Texas at the Courthouse Annex, 405 Martin Luther King Street, in the City of Georgetown, Texas on the **21st day of October, 2021**, at the hour of 8:30 AM or upon notice by the Court or pay to the court the principal sum of __$      1500.00__ plus all necessary and reasonable expense incurred in any arrest for failure to appear.

I further swear that I will appear before any court or magistrate before whom this cause may hereinafter be pending at any time and place as may be required.

Now if I shall well and truly make said appearance before the said Court, and there remain from day to day and term to term of said Court, until discharged by due course of law, then and there to answer said accusation against me, and further shall well and truly make my personal appearance in any and all subsequent proceedings that may be had relative to said charge in the course of the criminal action based on said charge, this obligation shall become void; Otherwise to remain in full force and effect.

_____
SIGNATURE OF DEFENDANT

SWORN TO AND SUBSCRIBED BEFORE ME, THIS THE 18th day of September, 2021.

_____
MAGISTRATE

THIS PERSONAL BOND IS APPROVED, effective only after arresting agency has completed its booking process, and the defendant at such time is ordered released on the conditions of this bond.

Bond ID# __PRM2021-0__

_____
EDGAR IZAGUIRRE, MAGISTRATE

☑ CCH REVIEWED/VERIFIED          ☑ BOND CONDITIONS ATTACHED          ☐ REQUESTED BY BBT

| Defendant's Address: 2665 Ravenwood DR   Round Rock TX 78665 | | | | Phone: 512-914-3821 | |
|---|---|---|---|---|---|
| Nearest Relative: Story, Jennifer | | | | | |
| Race: White | Sex: Male | Ht: 6 Ft. 0 In. | Wt: 160 | Hair: Brown | Eyes: Green |
| DOB: 06/20/1975 | Age: 46 | | Birthplace: Houston, TX | | |
| D.L./I.D. No. XXXX 6798 | | State: Texas | | | |
| Employer: Campus Renewal | | Phone: | | | |
| Address: | | | | | |
| Attorney: | | | Phone: | | |
| Receipt No.: | | | Receipt Amount: | | |
| Officer Name: | | | Employee No.: | | |

Case No.  UNFILED

|  |  |  |
|---|---|---|
| STATE OF TEXAS | • | IN THE COUNTY COURT AT LAW #2 |
| VS. | • | OF |
| Story, Jeremy | • | WILLIAMSON COUNTY, TEXAS |

## ORDER IMPOSING CONDITIONS OF BOND

## OFFENSE: HINDER PROCEEDINGS BY DISORDERLY COND

Pursuant to Art. 17.40 and 17.44 of the Texas Code of Criminal Procedure and the inherent powers of the Court, the following conditions are imposed on defendant's bond to ensure the defendant's appearance in Court and for the safety of the community.

### IT IS ORDERED THAT DEFENDANT:

1. Shall appear in court as directed;
2. Shall not possess or use any alcohol, illegal drugs, or controlled substances;
3. Shall not use any prescription medication except as directed and as prescribed to defendant by a doctor;
4. Shall submit to drug testing as directed by the Court;
5. Shall not have threatening, assaultive or harassing contact with any victim, co-defendant, or witness by phone, written communication, digital communication, social media, in person, by third party, or by any other means;
6. Shall commit no offense against the laws of Texas, the United States, or other state;
7. Shall notify the court and his/her attorney if he/she changes address, phone number or email address;
8. Shall not possess any weapons or firearms;
9. OTHER: _____

A violation of a bond condition will be good and sufficient cause to revoke bond, order the arrest of the defendant and to require another bond in such amount as is deemed proper.

SIGNED on this the 18th day of September, 2021.

_____        _____
Interpreter Name/Signature                    EDGAR IZAGUIRRE, MAGISTRATE

I have received a copy of the foregoing "bail conditions" and agree to comply with each condition. I understand that if I fail to comply with any of these conditions a warrant may be issued for my arrest.

_____
DEFENDANT

Effective 07-19-19



THE STATE OF TEXAS
WILLIAMSON COUNTY

SO#: 21-192626          Loc: M-HOLD

Arrest Date: 09/17/2021 , 7:00 PM

| FAMILY VIOLENCE OFFENSE | DISPOSITION | PR Bond Fee WAIVED |
|---|---|---|
| ☐ Further Detention _____ hours | ☐ Commitment | ☐ IGN ☐ 16.22 no ch |
| ☐ EPO Issued _____ days | ☒ Released without Bail, Class C | Bond Conditions |
| ☐ CHD ☐ NC | ☒ Personal Bond Approved | ☐ ABI ☐ DWI ☐ FEL |
| EPO#          Expires | | ☐ SA ☐ SAC ☐ MISD |

| Charge | Warrant | Court | Bail |
|---|---|---|---|
| HINDER PROCEEDINGS BY DISORDERLY COND | MMA-21-671 | CCL2 | $ 1500 |

On 9/18/2021 at 0910 A.M/P.M. STORY, JEREMY DOB: 06/20/1975, defendant, appeared before me. I informed the said Defendant in clear language of the accusation(s) against the Defendant and of any affidavit filed therewith, and I further informed the Defendant as follows as required by Article 15.17 Code of Criminal Procedure:

1. You have the right to retain counsel;
2. You have the right to remain silent;
3. You have the right to have an attorney present during any interview with peace officers or attorneys representing the state;
4. You have the right to terminate the interview at any time;
5. You have the right to request the appointment of counsel if you are indigent and cannot afford counsel;
6. If you are charged with a felony offense, you have the right to have an examining trial;
7. You are not required to make a statement and any statement made by you may be used against you;
8. Are you currently in the U.S. Armed Forces (Active duty, reserve, or national guard), or are you a veteran of the U.S. Armed Forces (active duty, reserve or national guard)? YES/ NO

The Defendant advised the Magistrate that he/she is:
☒ a citizen of the United States of America _____ Refused to state citizenship
_____ a citizen of _____, a (mandatory) (discretionary) notification country.

You are entitled to have consular officials from your country contacted regarding your arrest. Your consulate may be able to help you obtain legal counsel, contact your family and visit you in detention. If you want us to notify your consulate officials, you can request this notification now or at any time in the future.
Do you want us to notify your country's consular officials: _____ Yes _____ No
_____ Requires Mandatory Notification
_____
_____

INTERPRETER, IF USED     / LANGUAGE
_____
WITNESS          MCBay 15337

ATTORNEY INFORMATION: On the above stated date, Defendant was informed by the Magistrate of their right to request a determination of indigency to decide if they are entitled to have an attorney appointed to represent them in respect to the charges pending against them. Defendant advised the Magistrate that in respect to these charges they:

___X___ DO NOT WANT to request court appointed counsel at this time.
_____ DO WANT to request court appointed counsel.

Defendant's initials _____

_____ Out of County Charges

_____ Class C offenses only

_____ (Other)

IN WITNESS WHEREOF, I have subscribed my name on the date indicated above.

_____
MAGISTRATE

I hereby acknowledge that the foregoing warnings were administered to me in clear language and I fully understand the meaning of each. I understand that if I change my mind regarding my ability to hire an attorney, I can request that an attorney be appointed subsequent to this date. The Magistrate explained to me the local procedures for requesting an appointed attorney.

√ _____
DEFENDANT

SO # 21-192625

Fee: ___WAIVED___

**PERSONAL BOND**

Cause No.:

THE STATE OF TEXAS
COUNTY OF WILLIAMSON

KNOWN All MEN BY THESE PRESENTS

THAT I, _____Clark, Dustin Kansas_____ charged with the offense of a misdemeanor, to wit:

## HINDER PROCEEDINGS BY DISORDERLY COND

am held and firmly bound unto the State of Texas in the penal sum stated below for the payment of which sum well and truly to be made. and in addition all necessary and reasonable fees and expenses that may be incurred by peace officers in re-arresting me in the event the conditions of this bond are violated, I do bind myself, my heirs, executors and administrators, jointly and severally by these presents.

THE CONDITION OF THE ABOVE OBLIGATION IS THAT I swear that I will appear before the County Court at Law # 2 of Williamson County, Texas at the **Courthouse Annex, 405 Martin Luther King Street,** in the City of Georgetown, Texas on the **21st day of October, 2021, at the hour of 8:30 AM or** upon notice by the Court or pay to the court the principal sum of __$____1500.00__ plus all necessary and reasonable expense incurred in any arrest for failure to appear.

I further swear that I will appear before any court or magistrate before whom this cause may hereinafter be pending at any time and place as may be required.

Now if I shall well and truly make said appearance before the said Court, and there remain from day to day and term to term of said Court, until discharged by due course of law, then and there to answer said accusation against me, and further shall well and truly make my personal appearance in any and all subsequent proceedings that may be had relative to said charge in the course of the criminal action based on said charge, this obligation shall become void; otherwise to remain in full force and effect.

_____
**SIGNATURE OF DEFENDANT**

SWORN TO AND SUBSCRIBED BEFORE ME, THIS THE 18th day of September, 2021.

_____
**MAGISTRATE**

THIS PERSONAL BOND IS APPROVED, effective only after arresting agency has completed its booking process. and the defendant at such time is ordered released on the conditions of this bond.

Bond ID# __PRM2021-0_____

_____
**EDGAR IZAGUIRRE, MAGISTRATE**

☑ CCH REVIEWED/VERIFIED          ☑ BOND CONDITIONS ATTACHED          ☐ REQUESTED BY BBT

| Defendant's Address: 3813 Royal Troon DR  Round Rock TX 78664 | | | | Phone: 254-285-8881 | |
|---|---|---|---|---|---|
| Nearest Relative: Rachelle Clark | | | | | |
| Race: White | Sex: Male | Ht: 5 Ft. 9 In. | Wt: 165 | Hair: Black | Eyes: Brown |
| DOB: 07/23/1978 | Age: 43 | | Birthplace: Jackson, MI | | |
| D.L./I.D. No. XXXX 9463 | | State: Texas | | | |
| Employer: GENERAL MOTORS | | Phone: | | | |
| Address: AUSTIN,TX | | | | | |
| Attorney: | | | | Phone: | |
| Receipt No.: | | | | Receipt Amount: | |
| Officer Name: | | | | Employee No.: | |

Case No. __UNFILED__

| | | |
|---|---|---|
| **STATE OF TEXAS** | * | **IN THE COUNTY COURT AT LAW #2** |
| **VS.** | * | **OF** |
| **Clark, Dustin Kansas** | * | **WILLIAMSON COUNTY, TEXAS** |

### ORDER IMPOSING CONDITIONS OF BOND

### OFFENSE: HINDER PROCEEDINGS BY DISORDERLY COND

Pursuant to Art. 17.40 and 17.44 of the Texas Code of Criminal Procedure and the inherent powers of the Court, the following conditions are imposed on defendant's bond to ensure the defendant's appearance in Court and for the safety of the community.

### IT IS ORDERED THAT DEFENDANT:
1. Shall appear in court as directed;
2. Shall not possess or use any alcohol, illegal drugs, or controlled substances;
3. Shall not use any prescription medication except as directed and as prescribed to defendant by a doctor;
4. Shall submit to drug testing as directed by the Court;
5. Shall not have threatening, assaultive or harassing contact with any victim, co-defendant, or witness by phone, written communication, digital communication, social media, in person, by third party, or by any other means;
6. Shall commit no offense against the laws of Texas, the United States, or other state;
7. Shall notify the court and his/her attorney if he/she changes address, phone number or email address;
8. Shall not possess any weapons or firearms;
9. **OTHER:** _____

A violation of a bond condition will be good and sufficient cause to revoke bond, order the arrest of the defendant and to require another bond in such amount as is deemed proper.

SIGNED __on this the 18th day of September, 2021.__

_____          _____
**Interpreter Name/Signature**                    **EDGAR IZAGUIRRE, MAGISTRATE**

I have received a copy of the foregoing "bail conditions" and agree to comply with each condition.  I understand that if I fail to comply with any of these conditions a warrant may be issued for my arrest.

_____
**DEFENDANT**

Effective 07-19-19

| | THE STATE OF TEXAS WILLIAMSON COUNTY | **FAMILY VIOLENCE OFFENSE**<br>□ Further Detention _____ hours<br>□ EPO Issued _____ days<br>□ CHD   □ NC | | **DISPOSITION**<br>□ Commitment<br>□ Released without Bail, Class C<br>✗ Personal Bond Approved | PR Bond Fee WAIVED<br>□ IGN  □ 16.22   no ch<br>Bond Conditions<br>□ ABI   □ DWI   □ FEL<br>□ SA   □ SAC  ✗MISD |
|---|---|---|---|---|---|
| SO#: 21-192625   Loc: M-HOLD | | EPO# | Expires | | |
| Arrest Date: 09/17/2021 , 6:00 PM | | | | | |

| Charge | Warrant | Court | Bail |
|---|---|---|---|
| HINDER PROCEEDINGS BY DISORDERLY COND | MMA-21-670 | CCL2 | $ 1500 |

On 9/18/2021 at **0910** (A.M.)P.M. **CLARK, DUSTIN KANSAS** DOB: **07/23/1978**, defendant, appeared before me. I informed the said Defendant in clear language of the accusation(s) against the Defendant and of any affidavit filed therewith, and I further informed the Defendant as follows as required by Article 15.17 Code of Criminal Procedure:

1. You have the right to retain counsel;
2. You have the right to remain silent;
3. You have the right to have an attorney present during any interview with peace officers or attorneys representing the state;
4. You have the right to terminate the interview at any time;
5. You have the right to request the appointment of counsel if you are indigent and cannot afford counsel;
6. If you are charged with a felony offense, you have the right to have an examining trial;
7. You are not required to make a statement and any statement made by you may be used against you;
8. Are you currently in the U.S. Armed Forces (Active duty, reserve, or national guard), or are you a veteran of the U.S. Armed Forces (active duty, reserve or national guard)? (YES)/ NO

The Defendant advised the Magistrate that he/she is:

✗ a citizen of the United States of America _____ Refused to state citizenship
_____ a citizen of _____, a (mandatory) (discretionary) notification country.

You are entitled to have consular officials from your country contacted regarding your arrest. Your consulate may be able to help you obtain legal counsel, contact your family and visit you in detention. If you want us to notify your consulate officials, you can request this notification now or at any time in the future.
Do you want us to notify your country's consular officials: _____ Yes _____ No
_____ Requires Mandatory Notification

ATTORNEY INFORMATION: On the above stated date, Defendant was informed by the Magistrate of their right to request a determination of indigency to decide if they are entitled to have an attorney appointed to represent them in respect to the charges pending against them. Defendant advised the Magistrate that in respect to these charges they:

✗ DO NOT WANT to request court appointed counsel at this time.
_____ DO WANT to request court appointed counsel.

Defendant's initials DC

_____ Out of County Charges

_____ Class C offenses only

_____ (Other)

IN WITNESS WHEREOF, I have subscribed my name on the date indicated above.

**MAGISTRATE**

I hereby acknowledge that the foregoing warnings were administered to me in clear language and I fully understand the meaning of each. I understand that if I change my mind regarding my ability to hire an attorney, I can request that an attorney be appointed subsequent to this date. The Magistrate explained to me the local procedures for requesting an appointed attorney.

**DEFENDANT**

INTERPRETER, IF USED   / LANGUAGE

_McBay 15337_

WITNESS

MMA. 21-670

Cause Number _____

THE STATE OF TEXAS       X       IN THE JUSTICE COURT
      X       PCT OR CC AT
      X       LAW #_____.
COUNTY OF WILLIAMSON       X       WILLIAMSON COUNTY, TEXAS



## <u>AFFIDAVIT FOR WARRANT OF ARREST AND DETENTION</u>

The undersigned Affiant, who after being duly sworn by me, on oath, makes the following statement:

I have good reason to believe, and do believe, that **Dustin Kansas Clark**, on or about the **14th** day of **September 2021**, in Williamson County, Texas, did there and then knowingly or intentionally commit the offense of: **Hindering Proceedings by Disorderly Conduct PC 38.13**.

My belief of the foregoing statement is based upon:
_____ Personal Knowledge
**XXXX** Information provided to me by **RRISDPD Sgt. Samuel Chavez**, a credible person who personally observed or gathered such information.

Facts supporting my belief of the foregoing statement are as follows:

1. Affiant is a Detective Sergeant for the Round Rock ISD Police Department and has been employed at RRISDPD since September 2020.  Affiant was assigned this case and learned the following information.
2. Affiant knows that on September 14ᵗʰ, 2021, Dustin Clark attended a Round Rock Independent School District Board Meeting located at Round Rock High School 100 Lecture Hall (300 N. Lake Creek Drive, Round Rock, TX 78681.
3. Affiant learned that at approximately 6:15 p.m., Clark was observed speaking out of turn in the board meeting, interrupting board members while they were speaking, and interrupting those citizens who rightfully had the floor to speak.   Affiant learned RRISD Board of Trustee President Amy Weir gave Clark serval verbal warnings to stop disturbing the board meeting.
4. Affiant learned that because Clark continued to hinder and disturb the board meeting, RRISD Board of Trustee President Amy Weir requested for Clark to be removed from the board room for hindering and disturbing the board proceedings.
5. Affiant learned Sgt. Chavez and RRISD Assistant Chief Jim Williby approached Clark and made several verbal requests for Clark to leave the board room.  Affiant learned Clark refused to leave the board meeting.
6. Affiant learned Sgt. Chavez and Assistant Chief Williby had to forcibly remove Clark from the board room. Affiant learned while being forcibly removed from the board meeting, Clark continued to resist Officers, yell, and scream causing a major disruption during the board meeting.  Affiant learned while being escorted out of the building Clark screamed, "Communists! Communists! Let the public in!"



7. Affiant learned after Clark was removed from the board meeting room, and Clark was escorted out of the building.

The Affiant is a Commissioned Peace Officer for the Round Rock Independent School District Police Department, Round Rock, Williamson County, Texas and believes that the above described events occurred in Williamson County, Texas.  The Affiant also believes, based on the above stated facts, that the defendant has committed the offense of **Hindering Proceedings by Disorderly Conduct PC 38.13**.

_____
            Affiant

SWORN AND SUBSCRIBED TO before me by **Detective Sergeant Lauren Griffith**, a credible person, on this **17th** day of **September**, 20**21**.

_____
                        Peace Officer / Notary Public in and for
                        Williamson County, Texas.

On This, the ___17___ day of ____Sept.____, 20__21__, I hereby acknowledge I have examined the foregoing affidavit and have determined that probable cause does exist for the issuance of a warrant of arrest for the individual accused therein.

_____
                        Magistrate,
                        Williamson County, Texas.

### Hindering Procedings By Disorderly Conduct

OF IN THE NAME AND BY THE AUTHORITY THE STATE OF TEXAS:



    I, Sgt. Lauren Griffith #526, being duly sworn, do state upon my oath that I have good reason to believe, I do believe, and I charge heretofore, that before the filing of this complaint, that Dustin Kansas Clark on or about the 14th day of Septembe, 2021, in Williamson County, Texas, did  Intentionally hinder an offical proceding by noise or violent or tumultuous behavior or disturbance and continued after explicit offical request to desist.

AGAINST THE PEACE AND DIGNITY OF THE STATE OF TEXAS.

_____
                             Complainant

SWORN AND SUBSCRIBED before me by Sgt. Lauren Griffith #526, a credible person, this 17th day of September, 2021.

_____            _____

Notary Public / Peace Officer           Magistrate

in and for                                   Williamson County, Texas

Williamson County, Texas

Round Rock ISD PD Case #: 21-0915-0002

210

MMA-21-670

Warrant of ARREST or CAPIAS - C.C.P., Arts. 15.01 - 15.02

IN THE MAGISTRATE COURT
of Williamson County

# WARRANT OF ARREST

Cause No. _____

| | | BOND TO BE SET BY MAGISTRATE |
|---|---|---|
| Bond Amount | $ | |
| Fine & Cost Amount | $ | |
| Warrant Fee | $ | |
| Total | $ | |

## THE STATE OF TEXAS
### VS.
# Dustin Kansas Clark

COPY

**Address:** 3813 Royal Troon Drive, Round Rock, Texas 78664
**Race:** White   **Sex:** Male   **Height:** 0509   **Weight:** 165   **Hair:** Black   **Eyes:** Brown
**DOB:** ▮▮▮▮   **ID/DL #** TX-16689463
**Social Security #**   **Other ID Info or Notes:**

### THE STATE OF TEXAS

To any Peace Officer of the State of Texas, Greetings:

You are hereby commanded to arrest the above named **Dustin Kansas Clark** if to be found in your County, and bring him before me, a Magistrate of Williamson County, Texas, at my office in said County, immediately, then and there to answer to the State of Texas for an offense occurring on or about the 14th day of September, 2021, against the laws of said State, to-wit:

# Hindering Proceedings by Disorderly Conduct
### Class A Misdemeanor

of which offense he is accused by the written complaint under oath or affirmation of Lauren Griffith, Round Rock ISD Police Officer #526, filed before me.

Herein fail not, but of this writ make due return, showing how you have executed the same.

Witness my official signature this __17__ day of September 17, A.D. 2021.

Round Rock ISD case # 21-0817-0001

_Gauthier_ Magistrate, Williamson County, Texas

### PEACE OFFICER RETURN

Came to hand **SEP 17 2021** _____, and executed on the ____day of _____, A.D., 20___, at _____ o'clock ___.M., by arresting the within named **Dustin Kansas Clark** in _____, and placing her in the county jail of Williamson County, Texas.

I actually and necessarily traveled _____ miles in the service of this writ, in addition to any other mileage I may have traveled in the service of other process in this cause during the same trip.

| FEES – Executing/Processing Arrest Fee | $ | 50.00 |
|---|---|---|
| Mileage _____ Miles | $ | |
| Making Bond | $ | |
| Commitment | $ | |
| Release | $ | |
| Total | $ | |

**Michael T. Gleason**
_____ Williamson County, Texas
_____ Peace Officer
(Law Enforcement Agency / Department)

211

Electronically Filed
3/8/2022 3:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Exhibit 1

CAUSE NO. <u>C-0842-22-B</u>

| | | |
|---|---|---|
| **DIANA QUINTANILLA** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **DONNA INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| *Defendant* | § | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES, LETICIA PEREZ**, Plaintiff herein, filing this Plaintiff's First Supplemental Petition, and Request for Equitable Relief, and for other causes of action would show the Court the following:

### I. Discovery-Control Plan

1.     Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. Parties

1.     Plaintiff Diana Quintanilla is an individual residing in Hidalgo County, Texas. She was employed by the Defendant, Donna ISD, prior to the negative employment action alleged herein, after which she was wrongfully terminated.

2.     Defendant Donna Independent School District is a political subdivision, organized pursuant to law, and charged with the responsibilities of operating and maintaining a School District within the State of Texas. This Defendant may be served by serving it's Superintendent,

Electronically Filed
3/8/2022 3:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Exhibit 1

**C-0842-22-B**

<u>Angela Dominguez</u>, at Donna ISD Administration located at <u>904 Hester Ave., Donna, Texas 78537</u> or where ever she may be found.

## III. <u>Jurisdiction</u>

1.      The Court has jurisdiction over the claim against Defendant under the Texas Whistleblower Act. § 554.0035 specifically waived sovereign immunity for any public employee alleging a violation of this chapter.

2.      Plaintiff believes each element of damage referenced herein and sought by it herein is solely within the sound discretion of the court/jury and will rely upon the court/jury to determine the amount of damages to be awarded.  However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Counter Plaintiff is required to state the maximum amount of damages sought in this case and therefore, in order to comply with this rule, Counter Plaintiff states that it seeks monetary relief over $200,000 but not more than $1,000,000.

## IV. <u>Venue</u>

1.      Venue is proper in Hidalgo County under Texas Government Code section 554.007(b) because this suit is a Whistleblower Act claim brought by an employee of a local-government entity, and this is the county where the cause of action arose.

## V. <u>Facts</u>

1.      Plaintiff has been employed by the Defendant for approximately 15 years in various capacities.  These capacities include: Accountant, Child Nutrition Director, and Safety and Risk Supervisor.

2.      Plaintiff faithfully served her employer, Donna ISD, without complaint or disciplinary action until June 2020 which was only after the Plaintiff had reported the illegal use

Electronically Filed
3/8/2022 3:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Exhibit 1

C-0842-22-B

of federal funds by the District by and through it's then Chief Financial Officer, Maricela Valdez.

3.       On or about September 1, 2016, after Plaintiff was moved to the position of Child Nutrition Director, she noticed very wrong with the accounts for that department. After Plaintiff diligently reviewed the problem, she discovered that approximately three million dollars ($3,000,000.00) was missing from the fund balance.

4.       Plaintiff reported the missing money to her immediate supervisor and the two attempted to set up a meeting with the CFO, Ms. Valdez.  Ms. Valdez refused to meet with the Plaintiff and Plaintiff's immediate supervisor.  Based on the alarming amount which was missing, the Plaintiff and her supervisor decided to take the issue directly to the superintendent.  The Superintendent ordered that the issue be taken to the Finance Director from Region One Education Center.

5.       After the Plaintiff and her supervisor met with the Superintendent, Valdez became upset and yelled from across a room that the Plaintiff was lying and "didn't know what she was doing."  She yelled this despite refusing to meet with the Plaintiff and obviously not fully understanding the issues that Plaintiff had communicated to the Superintendent.

6.       On or About November 1, 2016, the Finance Director from Region One recommended that Defendant to return all funds immediately because CFO Valdez had not used the proper accounting methods.

7.       CFO Valdez, responded with "Well, what if we don't have it?"

8.       Several days after, the Plaintiff attempted to log on to the budget account only to discovery that her access had been taken away.

9.       Despite being informed that she had used the wrong calculation and template,

Electronically Filed
3/8/2022 3:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Exhibit 1

**C-0842-22-B**

Valdez continued to used her improper accounting method to take an additional one million, one hundred thousand dollars from the Child Nutrition accounts.

10.     On or about late December 2017, Plaintiff reported what the misappropriation of Funds from the Child Nutrition Accounts to the Donna ISD Police Department.

11.     On or about January 16, 2017 and auditor from the Texas Department of Agriculture arrived at Defendant's administration building.  After taking some time to figure out what was in fact occurring, Valdez was suspended and the Plaintiff's access to the District's Child Nutrition Accounts were reinstated.

12.     The Defendant's prior Board of Trustees had engaged the services of Weaver and Tidwell LLP to conduct a forensic audit.  The audit was damning for the Defendant.  This stated in relevant parts:

    a.   Defendant's "culture" had a pervasive fear of retaliation;

    b.   Malaise, a feeling that nothing can be done, regarding wrongdoing;

    c.   Active rumor mill fueled by the Defendant's lack of transparency;

    d.   Management override by the School Board members and Superintendent;

    e.   Superintendent Castillo delegated his duties for fiscal management to an employee, Valdez, that did not meet even the minimum qualifications for the position and did not have the necessary skills, education, training, and experience to hold the position;

    f.   Neither the Superintendent, Castillo, nor Chief Financial Officer, Valdez, had the skills, education, training, experience, or basic understanding of generally accepted accounting principals.

Electronically Filed
3/8/2022 3:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Exhibit 1

C-0842-22-B

g.  Misuse and abuse of Donna ISD's anonymous reporting hotline with

Lighthouse Services.

    i.  Superintendent and Assistant Superintendent of Human Resources

      admitted to failing to provide information on the anonymous reports;

    ii.  Hotline link and phone number were not prominently displayed;

    iii.  Defendant failed to track the reports made on the hotline;

    iv.  Superintendent Castillo, admitted to wrongfully trying to unmask the

      anonymous reporters by utilizing the technology department and

      police department;

h.  Superintendent Castillo often deletes emails in violation of State law and the

District's own retention policy.  The back up journalization server did not

function sufficiently to recover emails;

i.  Superintendent Castillo did not follow the proper procedure in searching for

a Chief Financial Officer.  Castillo ignored all the qualification standards and

promoted Valdez who had not experience in accounting and was given a

$20,036.68 raise;

j.  On or about January 26, 2016 Valdez, as the CFO, signed off on and

presented the Comprehensive Annual Financial Report to the Board of

Trustees, even though she had no knowledge of how to prepare such report;

k.  Valdez, as CFO, supervised the Technology Department without having the

skills, education, training or experience to supervise the Technology

216

Electronically Filed
3/8/2022 3:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Exhibit 1

**C-0842-22-B**

Department.[1]

l.   Defendant employees overrode internal purchasing controls. Valdez allowed her husband to bypass normal purchasing rules by authorizing emergency purchase order. When questioned by the auditors about such action, Valdez denied involvement[2];

m.  The Audit confirmed the Plaintiff's concerns regarding the misappropriation of the over 3 million dollars out of the Child Nutrition Department budget;

n.   Valdez was allowed to work for two days, with full access to the school property and school's system, after being told she would be suspended.  Even after the suspension, Valdez was allowed to continue to log into the District's computer server for eleven days;

13.     On or about November 2018, despite being implicated in the misappropriation of over three million dollars, Maricela Valdez runs for School Board and is elected to the Donna ISD Board of Trustees.

14.     After the suspension of Valdez, the Plaintiff was able to bring the Child Nutrition Department's budget from negative $1.7 million to five million eight hundred thousand in June of 2020.

15.     After Valdez was elected to the board and despite the drastic improvement at the Child Nutrition Department, the Plaintiff began to be harassed by the Superintendent for false and ridiculous reasons.

---

[1] Maricela Valdez's lack of training, skills, and experience is a reoccurring theme during this time at Donna ISD
[2] *See* Weaver Audit page 14

Electronically Filed
3/8/2022 3:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Exhibit 1

**C-0842-22-B**

16.     The day of the June 2020 board meeting the Plaintiff received a call from a board member inquiring why the Plaintiff was being nonrenewed.  Plaintiff advised the board member that she was unaware of being nonrenewed but explained all that had happened up until that date. The Plaintiff was emailed a new contract at 5:30 pm on the last day of the contract.

17.     When school resumed after the summer break, the harassment began almost immediately.  Plaintiff was placed on administrative leave on September 28, 2020.

18.     Plaintiff filed a grievance on the actions taken against her by the district, which were taken in retaliation of the Plaintiff's good faith reporting on the illegal misappropriation of State and Federal funds by the District's Chief Financial Officer and Superintendent.

19.     As per usual, the District failed to take corrective action and decided to take no action at the conclusion of the Level III hearing.

20.     Plaintiff has been left with the choice of accepting the Defendant's harassment and illegal theft of State and Federal Funds or file this suit to restore her reputation and bring to light how the Defendant District covers up illegal activity at the expense of the taxpayers. The Plaintiff chooses to file suit.

## VI.  <u>Wrongful Termination of Plaintiff</u>

1.     The preceding paragraphs are incorporated herein by reference.

2.     Retaliation occurs when an employer takes an adverse action against an employee because of some action on the part of the employee, including the reporting of a violation of the law to a law enforcement agency.

3.     To establish a case of retaliation under the Texas Whistleblower Act, the Plaintiff must show:

Electronically Filed
3/8/2022 3:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Exhibit 1

**C-0842-22-B**

a. The plaintiff is a public employee;

b. The employee acted in good faith in making their report;

c. The report involved a violation of the law;

d. The report was made to an appropriate law enforcement authority; and

e. The employee suffered retaliation as a result of making the report.

4.      In this case, plaintiff was a public employee who made a good faith effort to report a violation of the law to an appropriate law enforcement authority and was retaliated against, by Donna ISD officials and employees.  Such retaliation was as a result of her protected actions

## VII. **Injuries**

1.      The preceding paragraphs are incorporated herein by reference.

2.      As a result of the foregoing acts committed against Plaintiff by Defendant, Plaintiff has suffered and seeks recovery of all damages allowed under Section 554.003 of the Texas Government Code and any other relief she is entitled to under the law. This includes but is not limited to following injuries: Injunctive relief, actual damages, Court costs, and attorney fees, reinstatement, lost wages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, exemplary damages, and other non-pecuniary losses

3.      Plaintiff has suffered, and continues to suffer, mental anguish and pain because of Defendant's wrongful acts; injury to their good name, character, and to their general and professional reputation; embarrassment and humiliation and loss of enjoyment of life.

4.      Due to Defendant's wrongful conduct Plaintiff was also forced to retained legal counsel to represent her in this action.

## XI.  **Jury Demand**

1.      Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

Electronically Filed
3/8/2022 3:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Exhibit 1

**C-0842-22-B**

## XII.  Conditions Precedent

1.      All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## X. Prayer

1.      For these reasons, Plaintiff asks that the Court issue citation for defendant to appear and answer, and that Plaintiff be awarded a judgment against defendant for the statutorily permitted relief under § 554.003 of the Texas Whistleblower Act:

  a.  Injunctive Relief;

  b.  Actual damages;

  c.  Compensatory damages for past and future mental anguish, loss of enjoyment, and other non-pecuniary losses

  d.  Court costs;

  e.  Reasonable attorney fees

  f.  Reinstatement to the former position or an equivalent position;

  g.  Compensation for wages lost during the period of suspension or termination;

  h.  Reinstatement of fringe benefits and seniority rights lost because of the suspension or termination

  i.  prejudgment and post-judgment interest; and

  j.  such other relief to which Plaintiff may be justly entitled

Electronically Filed
3/8/2022 3:08 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Exhibit 1

**C-0842-22-B**

Respectfully submitted,

**THE PEÑA LAW FIRM, P.L.L.C.**
203 S. 10th St.
Edinburg, Texas 78539
Phone: (956)3830751
Fax: (956)3835980
Email: office@penalawfirm.com


By: */s/ Javier Pena*
    JAVIER PEÑA
    State Bar No. 24005092

**ATTORNEY FOR PLAINTIFF**