UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERINTENDENT HAFEDH AZAIEZ, | § | CIVIL ACTION NO. |
| TRUSTEES AMBER FELLER, TIFFANIE | § | 1:22-cv-00448-DAE |
| HARRISON, AMY WEIR, JUN XIAO, CORY | § | |
| VESSA; OFFICERS JEFFREY YARBROUGH, | § | |
| JAMES WILLIBY, DEBORAH GRIFFITH, | § | |
| MILTON POPE, FRANK PONTILLO, RON | § | |
| COLE, CHIEF DENNIS WEINER, and CARLA | § | |
| AMACHER, individually, and ROUND ROCK | § | |
| INDEP. SCHOOL DISTRICT, | § | |
| | § | |
| *Defendants.* | § | |

---

**TRUSTEE DEFENDANTS' PARTIAL MOTION TO DISMISS
PLAINTIFF JEREMY STORY'S THIRD AMENDED COMPLAINT
AND BRIEF IN SUPPORT**

---

**THOMPSON & HORTON LLP**

**KATHRYN E. LONG**
State Bar No. 24041679
klong@thompsonhorton.com

**K. ADAM ROTHEY**
State Bar No. 24051274
arothey@thompsonhorton.com

500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

**ATTORNEYS FOR THE ROUND ROCK ISD DEFENDANTS**

## SUMMARY OF THE ARGUMENT

RRISD Trustees Amber Feller Landrum,[1] Tiffanie Harrison, and Amy Weir, and former Trustees Jun Xiao and Cory Vessa (collectively, the "Trustee Defendants") file this Partial Motion to Dismiss seeking dismissal of Plaintiff Jeremy Story's Texas Open Meetings Act ("TOMA" or the "Act") claims against them under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a plausible claim for relief. In addition, Landrum moves to dismiss Story's Fourteenth Amendment claim against her, and Weir moves to dismiss the Fourth Amendment claims against her, under Rule 12(b)(6) for failure to state a claim.

In the Third Amended Complaint (the "Complaint") Story now asserts TOMA claims against the Trustee Defendants. Dkt. 49 ¶¶232–33. But while his claims differ, they still relate to the hiring of Superintendent Dr. Azaiez and the limited seating capacity rule at the September 14, 2021 Board meeting. The Trustee Defendants seek dismissal of all TOMA claims because Story does not plead a claim for which the Trustee Defendants, individually, are proper parties. Further, the Court lacks subject matter jurisdiction over Story's TOMA claims because: (1) the Trustee Defendants enjoy statutory professional immunity from suit; (2) Story's claims do not fall within the limited waiver of immunity in the Act; and (3) his claims are now moot and there is no actual, justiciable controversy. Even if the Court has jurisdiction, Story does not show a violation with respect to the hiring of Dr. Azaiez, and he does not state a claim *for relief* that is plausible under the Act.

The Complaint also fails to state a Fourth Amendment claim against Weir. Story does not plead that Weir had "personal involvement" with respect to any excessive force, "unreasonable seizure," or false arrest to state a claim. Dkt. 43, pp. 26–28, 30–31, 35–36. With respect to Landrum, there are no pleaded facts to show that she intentionally discriminated against Story and treated him differently from similarly situated individuals to state an equal protection claim.

---

[1]     The RRISD Defendants will refer to Amber Feller Landrum as Amber Landrum.

**RELEVANT BACKGROUND**

The Court previously summarized many of the factual allegations. Dkt. 43.

On May 21, 2021 RRISD's Board voted at a public meeting to name Dr. Azaiez the lone finalist for Superintendent and authorized Weir to negotiate a contract with him. Dkt. 20 ¶ 252. On June 14, 2021, the Board held a public meeting and voted to hire Azaiez. Dkt. 49 ¶ 14.[2] The Complaint alleges that the Trustee Defendants engaged in an "illegal 'walking quorum'" when the District hired Azaiez. *Id.* ¶ 16. According to the Complaint, the Trustee Defendants "were conducting deliberations regarding Azaiez's hiring in private." *Id.* Story alleges that on June 29, 2021,[3] the Board held another public meeting and "revoted on the hiring of Azaiez." *Id.* ¶ 27.

On September 14, 2021, RRISD held a Board Meeting and limited seating in the meeting room to "18 chairs set up at least six feet apart" as a COVID-19 precaution. *Id.* ¶ 45. Story alleges that District police officers prevented him and others from entering the meeting room, citing COVID-19 safety protocols. *Id.* ¶¶ 44–46. According to the Complaint, the Board "improperly voted 5-2 to adopt" the limited seating capacity rule, which was not listed on the Agenda. *Id.* ¶¶ 51, 84–85. Later, the Trustee Defendants voted to set a tax rate for the 2021–2022 school year.[4] *Id.* ¶ 89 & n.25. Story does not plead that the District has used any limited seating capacity rule at any Board meeting since September 14, 2021 or that the District's annual tax rate for the 2021–2022 school year is still in effect. Story seeks an injunction "to prevent further application of the 18-seat rule." *Id.* ¶ 235.

In September 2021, Story filed a grievance with the District regarding his removal from an August 16, 2021 Board Meeting. *Id.* ¶ 110. On October 13, 2022, the Board held a grievance hearing.

---

[2]     The Trustee Defendants have included a copy of the Agenda of the May 21, 2021 Board Meeting, and the Agenda and Minutes of the June 14, 2021 Board Meeting in their Appendix. *See* App. 003–005. The Appendix evidence supports the request for dismissal under 12(b)(1).

[3]     The date in the Complaint is a typo. This meeting occurred on June 19, 2021. *See* App. 013.

[4]     *See* TEX. TAX CODE § 26.05 (taxing unit must adopt a tax rate for the current tax year).

*Id.* ¶¶ 110, 115. At the hearing, which occurred after this lawsuit was filed, Trustee Defendants Weir, Landrum, Harrison, and Vessa recused themselves. *Id.* ¶ 116. (Xiao was no longer a Trustee.) *Id.* As a result, there was no quorum of the seven-member Board to consider the grievance. *Id.*

After the November 2022 election, and only three of the Trustee Defendants remained on the Board, the District rescheduled Story's grievance for January 12, 2023. *Id.* ¶¶ 118–19. Weir and Landrum recused themselves, once again. *Id.* ¶ 120. Harrison was not present. *Id.* While she recused herself from the hearing itself, Landrum, who was the Board President, did vote regarding which Trustee would serve as presiding officer at the hearing in her absence. *Id.* ¶ 121.

## STANDARD OF REVIEW

A Rule 12(b)(1) motion challenges a federal court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Federal courts must "dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A district court has the power to dismiss a case for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Robinson v. TCI/US W. Commc'ns, Inc.*, 117 F.3d 900, 904 (5th Cir. 1997). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023). After a defendant challenges jurisdiction, the plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations that, when assumed to be true, state a claim that "is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "asks for more than a sheer possibility that a

defendant has acted unlawfully." *Id.* When a complaint pleads facts that are "merely consistent with" a defendant's liability, "it 'stops short of the line between possibility and plausibility.'" *Id.* Although a court must accept well-pleaded facts as true, neither conclusory allegations nor "legal conclusions masquerading as factual conclusions" are entitled to a presumption of truth. *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009); *see also Iqbal*, 556 U.S. at 678–79, 681. If a plaintiff's allegations are contradicted by facts disclosed by a document attached to the complaint (or attached to the motion that is central to the plaintiff's claims and referenced by the complaint), then those contradicted allegations cannot be accepted as true. *Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013).

## ARGUMENT AND AUTHORITIES

### I.   Story's Texas Open Meetings Act claims against the Trustee Defendants.[5]

Story's TOMA claims were previously asserted against RRISD. Dkt. 20 § VII, I. The Complaint now asserts these claims against the Trustee Defendants. Dkt. 49 § VII, G. Based on the case style, Story seems to assert these claims against the Trustee Defendants in their individual capacities. Story asserts two TOMA claims, one related to the Summer 2021 hiring of Azaiez and one regarding the "18-seat rule" at the September 14 meeting. Story does not complain about the meetings or votes to hire Azaiez, but rather that Azaiez "was hired before the meeting with a secret walking quorum of discussion, and the meeting was a mere ruse." *Id.* ¶ 232. Story does not seek to "void the Azaiez contract," Dkt. 20 ¶ 257, or seek any type of injunctive relief. Dkt. 49 ¶ 233. He seeks to hold the Trustee Defendants "liable" for the failure to "ensur[e] that meetings remain open." *Id.* With respect to the September 14 meeting, Story no longer seeks to void the tax vote or "prevent the

---

[5]     The Complaint contains a litany of allegations regarding purported TOMA violations. But Story's causes of action relate only to the hiring of Dr. Azaiez and the September 14 meeting. This Motion addresses only the causes of action asserted. The other allegations are irrelevant to whether Story states a claim. To the extent Story contends that *some* of the Trustee Defendants' appearance at the State Legislature in Spring 2023, after Vessa and Xiao were no longer on the Board, violates TOMA, *Id.* ¶¶ 151–52, such a claim is foreclosed by the Act. TEX. GOV'T CODE § 551.0035.

District from spending tax dollars." *Cf.* Dkt. 20 ¶ 257, Dkt. 49 ¶ 235 & § XI. Rather, Story seeks a permanent injunction "to prevent further application of the 18-seat rule." Dkt. 49 ¶ 235.

### A.     The Trustee Defendants in their individual capacities are not proper parties.

TOMA provides that "[a]n action taken by a governmental body in violation [of TOMA] is voidable." TEX. GOV'T CODE § 551.141. And section 551.142(a) states that "[a]n interested person . . . may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of [TOMA] by members of a government body." TEX. GOV'T CODE § 551.142(a). TOMA defines "governmental body" to include "a school district board of trustees," but the definition does not include individual or former board members. TEX. GOV'T CODE § 551.003(E). Accordingly, Vessa and Xiao, who are not current RRISD Board members, are not proper parties to any TOMA claim asserted under this section. And to the extent that Story seeks to void any RRISD Board action, or relies on Section 551.141 in support of his claims, the Trustee Defendants in their individual capacities are not proper parties. *Wilson v. Marshall Indep. Sch. Dist.,* No. 2:09–CV–273–DF–CE, 2011 WL 1431410, at *5 (E.D. Tex. Feb. 1, 2011), *adopted by* 2011 WL 1431460 (E.D. Tex. Apr. 14, 2011).

Specifically, the Trustee Defendants are not proper parties, individually, for the claim related to the hiring of Azaiez because Story does not seek to stop, prevent, or reverse a violation or threatened violation. Dkt. 49 ¶¶ 232–35 & § XI. Story simply alleges that the Trustee Defendants "are responsible for ensuring that meetings remain open, and . . . they should be liable for that failure." *Id.* ¶ 233. To the extent Story seeks damages for this claim, despite not actually pleading them, TOMA does not provide for such damages, TEX. GOV'T CODE §§ 551.142(a), 551.146(a)(2).[6] And the Trustee Defendants in their individual capacities would not be proper parties to a claim for such relief. *See Forney Messenger, Inc. v. Tennon*, 959 F. Supp. 389, 393 (N.D. Tex. 1997).

---

[6]     *See Cook v. Hedtke*, No.03-17-00663-CV, 2018 WL 1660078, at *3 (Tex. App.—Austin Apr. 6, 2018, no pet.) (TOMA does not authorize claim for nominal damages).

With respect to the limited-seating capacity rule, Story seeks only prospective equitable relief: an injunction regarding "further application of the 18-seat rule." *Id.* ¶ 235 & § XI. At its core, this is a request to enjoin the office of a trustee, not the specific individuals who may or may not serve on the Board in the future. Thus, all Trustee Defendants in their individual capacities are not proper parties with respect to this claim. This is particularly true for Vessa and Xiao who are no longer members of the Board and do not have the power or authority to implement or enforce a future injunction. Indeed, an injunction against them is an injunction against a private citizen. As a result, Vessa and Xiao are not proper parties to any TOMA claim and the claims against them are moot, as former Board members, and should be dismissed. *See Tennon*, 959 F. Supp. at 391–93.

### B. The Trustee Defendants in their individual capacities enjoy professional immunity under Texas Education Code § 22.0511(a).

Texas Education Code § 22.0511(a) states that:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX. EDUC. CODE § 22.0511(a). A "professional employee of a school district" includes "a member of the board of trustees of an independent school district." TEX. EDUC. CODE § 22.051(a)(5).

Story sues the Trustee Defendants "individually," and never indicates he is suing them in any capacity other than their individual capacity. And Story's TOMA claims all relate to actions within the scope of a board member's duties or position—such as hiring RRISD's superintendent and attending and presiding over board meetings—and involve the exercise of judgment or discretion. Accordingly, the Trustee Defendants are entitled to professional immunity under Section 22.0511(a), and the Court lacks jurisdiction over these claims. *See, e.g., Van Deelen v. Cain*, 628 F. App'x 891, 898–99 (5th Cir. 2015); *Rascon v. Austin Indep. Sch. Dist.*, No. A-05-CV-1072-LY, 2006 WL 2045733, at *4 (W.D. Tex.

July 18, 2006).[7] All of Story's TOMA claims against the Trustee Defendants "individually" must be dismissed for lack of subject-matter jurisdiction.

### C.   The Court lacks jurisdiction over Story's TOMA claims.

#### 1.   There is no waiver of immunity regarding the hiring of Azaiez.

RRISD, as a governmental entity and a political subdivision of the State of Texas, is immune from suit and liability unless the legislature expressly waives such immunity. *Morgan v. Plano Indep. Sch. Dist.,* 724 F.3d 579, 583 (5th Cir. 2013). The Trustee Defendants, while acting in their official capacities, enjoy the same immunity as RRISD. *Rascon*, 2006 WL 2045733, at *4; *Jackson v. Dall. Indep. Sch. Dist.*, No. Civ. A. 389-CV-1079, 1998 WL 386158, at *4 (N.D. Tex. July 2, 1998); *Bates v. Dall. Indep. Sch. Dist.*, 952 S.W.2d 543, 551 (Tex. App.—Dallas 1997, writ denied). Regardless of the labels affixed to the pleading, the substance of the Complaint shows that the claims are against the Trustee Defendants in their official capacities, and the Complaint does not establish a waiver of that immunity.

The Act provides a limited waiver of immunity to "bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation . . . by members of a governmental body." TEX. GOVT. CODE § 551.142. To establish a waiver of immunity, a plaintiff must allege a violation or threatened violation of TOMA. *Rubalcaba v. Raymondville Indep. Sch. Dist.*, No. 13-14-00224-CV, 2016 WL 1274486, at *3 (Tex. App.—Corpus Christi Mar. 31, 2016, no pet.). And the "waiver of immunity is limited to that relief expressly provided for in the Act," which does not extend to damages, *supra* p. 5, or declaratory relief. *Carowest Land, Ltd. v. City of New Braunfels,* 615 S.W.3d 156, 158 (Tex. 2020); *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 554–55 (Tex. 2019).

---

[7]      *See also Neumeyer v. Rockdale Indep. Sch. Dist.*, No. 6:19-CV-386-ADA-JCM, 2019 WL 11626272, at *3–4, (W.D. Tex. Nov. 25, 2019), *adopted by* 2020 WL 8092374 (W.D. Tex. Jan. 10, 2020) (granting Rule 12(b)(1) motion and dismissing claims against superintendent in her individual capacity for lack of subject matter jurisdiction because of professional immunity under Section 22.0511(a)); *Doe v. Marion Indep. Sch. Dist.*, No. SA-17-CV-01114-OLG, 2018 WL 6272036, at * 8–9(W.D. Tex. Nov. 29, 2018) (dismissing claims against vice principal in individual capacity for lack of subject matter jurisdiction finding he had professional immunity under Section 22.0511(a)).

Assuming that Story could point to a TOMA violation with respect to Azaiez's hiring, he does not seek the only remedy TOMA permits—to stop, prevent, or reverse a violation or threatened violation, or void actions taken in violation of the Act. Instead, Story alleges that the Trustee Defendants "should be liable" for engaging in a "secret walking quorum of discussion" regarding the hiring of Azaiez. Dkt. 49 ¶¶ 232–35 & § XI, a. And while Story's requested remedy of "liability" is not a paradigm of clarity, Story does not plead any damages related to this claim. Even if he did, that is not within the scope of relief set forth in TOMA. *See Cook v. Hedtke*, No.03-17-00663-CV, 2018 WL 1660078, at *3 (Tex. App.—Austin Apr. 6, 2018, no pet.). To the extent Story seeks a declaration that the Trustee Defendants violated TOMA with respect to the hiring of Azaiez, there is no waiver of immunity for a declaratory judgment claim. *See Carowest*, 615 S.W.3d at 158. And any request for a finding that the Trustee Defendants violated TOMA with respect to Azaiez's hiring would be an advisory opinion. Because Story seeks no relief regarding any purported violation regarding Azaiez's hiring that is provided for in the Act, there is no waiver of the Trustee Defendants' immunity, and the Court lacks subject matter jurisdiction over this claim. *Id.*

Even if Story did seek relief allowed by TOMA, the pleaded facts show that the Complaint, on its face, does not plead a violation or threatened violation to waive immunity, and actually negates the existence of a violation. At the outset, a mere allegation that the Trustee Defendants had "discussions" about a candidate whose contract was ultimately deliberated on and voted on in public is insufficient to waive immunity. *See Rubalcaba*, 2016 WL 1274486, at *3 (immunity barred TOMA claim premised on allegation of improper executive-session discussion when vote occurred in public). Indeed, discussions about matters before the body or announcements about how the members of the body intend to vote are not voidable—and do not present a viable claim—when the final vote is made in public. *Thompson v. City of Austin*, 979 S.W.2d 676, 685 (Tex. App.—Austin 1998, no pet.); *Hill v. Palestine Indep. Sch. Dist.*, 113 S.W.3d 14, 17 (Tex. App.—Tyler 2000, pet. denied). Here, on May 21,

2021, RRISD's Board deliberated on and voted in open session to name Azaiez as the finalist for the Superintendent position. Dkt. 20 ¶ 252; App.004. On June 14, 2021, the Board held a public meeting and, in open session, voted to hire Azaiez. Dkt. 49 ¶ 14; App. 011. The Complaint also acknowledges that on June 29, 2021, the "Board revoted on the hiring of Azaiez." Dkt. 49 ¶ 27; App. 014. Because these votes were deliberated on and occurred in public, no TOMA violation occurred to waive immunity regarding Azaiez's hiring. And the pleaded facts negate that there was a violation.

### 2.     Story's claim regarding the hiring of Azaiez is moot.

Courts are "not empowered to decide moot questions or abstract propositions." *N. Carolina v. Rice*, 404 U.S. 244, 246 (1976). A controversy must exist between the parties at every stage. "To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Hellas Construction, Inc. v. Beynon Sports Surfaces, Inc.*, No. A-19-CV-00377-LY, 2019 WL 4254307, at *3 (W.D. Tex. Sept. 6, 2019), *adopted by* 2019 WL 11553742 (W.D. Tex. Oct. 21, 2019). When a controversy no longer exists, the case is moot. *See Yarls v. Bunton,* 905 F.3d 905, 909 (5th Cir. 2018). A case is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *U.S. v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016). Mootness is a component of subject-matter jurisdiction. *Rice*, 404 U.S. at 246; *D.C. v. Klein Indep. Sch. Dist.*, 860 F. App'x 894, 907 (5th Cir. 2021).

Here, Story's claim regarding the hiring of Azaiez is moot because Story pleads that the Board voted a second time to adopt Azaiez's contract at the June 19, 2021 meeting. Dkt. 49 ¶ 27; App. 014. Thus, even if the prior, June 14, 2021 vote were improper—which it was not—the June 19, 2021 vote supersedes it and demonstrates there is no justiciable controversy regarding the prior vote. *See City of Combine v. Robinson*, No. 05-10-01384-CV, 2011 WL 3570510, at *3 (Tex. App.—Dallas Aug. 16, 2011, no pet.) ("The vote at the August 9, 2010 meeting ratified actions taken at the July 24, 2010 meeting and, thereby, negated any justiciable controversy as to the validity of the July 24, 2010 vote").

Moreover, since June 2021, the Board has voted to issue *two* contract amendments to Azaiez's contract both extending its term and, in one instance, his compensation. App. 040–41, 054, 068–69. The Complaint concerns the vote on a contract that is no longer in effect and that has been superseded on three separate occasions. Accordingly, there is no live case or controversy regarding the June 2021 votes regarding the hiring of Azaiez, and Story's claims are moot. *Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 760–61 (Tex. App.—Fort Worth 2010, pet. denied); *Love Terminal Partners v. City of Dall.*, 256 S.W.3d 893, 897 (Tex. App.—Dallas 2008, no pet.).

In addition, Story's statement that the "Trustee Defendants are responsible for ensuring that meetings remain open, and . . . should be liable for that failure," Dkt. 49 ¶ 234, shows this claim is moot. This is because seeking "[a] decision simply addressing whether a . . . violation . . . occurred in the past would have no practical effect on the parties." *Hedtke*, 2018 WL 1660078, at *2–3.

### 3. Story's TOMA claims regarding the September 14 meeting are moot.

In his Amended Complaint filed in August 2022, Story focused his TOMA claim related to the September 14 meeting on the tax rate vote, which set the tax rate for the 2021–2022 school year, and sought an injunction to "prevent the District from spending tax dollars collected." Dkt. 20 ¶¶ 257, 265(c). Since then, the Board has voted twice to set tax rates: for the 2022–2023 school year and the 2023–2024 school years. *See* App. 032, 046. And all moneys have been spent for the 2021–2022 school year. Any claim regarding the tax rate vote at the September 14 meeting is therefore moot.

Apparently recognizing this jurisdictional bar, Story now seeks only a "permanent injunction" to "prevent further application of the 18-seat rule." Dkt. 49 ¶ 235. The Board's vote regarding the seating capacity limitation was limited to the September 14 meeting. Story pleads no facts that the Trustee Defendants have taken any action at a meeting in the two subsequent years to use an "18-seat rule," or similar rule, at a Board meeting. Because Story pleads no facts that the Board has an ongoing

seating limitation, there is no longer an action the Court could take that would affect the parties' rights or interests. Thus, this claim is moot and presents no justiciable controversy.

Story implicitly acknowledges that his claim is generally moot and pleads that his request for injunction is not moot because "there is no indication by any agent of [RRISD] that its actions as to this matter were incorrect, and no assurance that it will not happen again." Dkt. 49 ¶ 235. He appears to invoke the "capable-of-repetition-yet-evading-review" exception to mootness. But to fit within this exception to mootness, "a plaintiff must show '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.'" *Cath. Leadership Coal. of Tex. v. Reisman*, 764 F.3d 409, 422 (5th Cir. 2014) (quoting *Wilson v. Birnberg*, 667 F.3d 591, 596 (5th Cir. 2021). Courts have applied this exception in unique situations, such as pregnancies, elections, or strikes. *Bazzrea v. Mayorkas*, No. 3:22-cv-265, 2023 WL 3958912, at *7 (S.D. Tex. June 12, 2023) (citing *Meadows v. Odom*, 198 F. App'x 348, 351–52 (5th Cir. 2006)). The Supreme Court has stated that "[t]he important ingredient in these cases was governmental action directly affecting and continuing to affect, the behavior of citizens in our society." *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 126 (1974). That is, "when termination of the causal event or condition may 'preclude challenge to state policies that have had their impact and that continue in force, unabated and unreviewed." *Bazzrea*, 2023 WL 3958912, at *7 (quoting *McCorkle*, 416 U.S. at 126). While events like pregnancies, elections, or strikes "are by nature short-duration or events . . . [t]he laws that regulate them are not." *Id.* at *7. Here, TOMA's requirements and Story's right as a member of the public to attend and provide public comment at RRISD Board Meetings are not short in duration and do not terminate. Therefore, as in *Bazzrea*, where the court found that plaintiffs' religious objection challenge to a rescinded COVID-19 vaccination mandate was moot, Story cannot meet the first element to establish the capable-of-repetition-yet-evading-review exception.

To meet the second element of this exception, there must be a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Story does not—and cannot—show that there is a reasonable expectation that he would be subjected to an "18-seat rule" again. A "mere physical or theoretical possibility" of such recurrence is insufficient. *Id.* Story does not cite a single RRISD Board Meeting since September 14, 2021 that has used an "18-seat rule." He pleads no facts that *RRISD's Board* will institute one in the future. The mere assertion that "certain government authorities are again attempting to scare" people "into useless mask practices" and that "inane social distance rules are not far behind" is conclusory, and it would be rank speculation—not a "reasonable expectation" or a "demonstrated probability"—that such a rule would be used again. In sum, Story seeks "[a] decision simply addressing whether" the Trustee Defendants violated TOMA "in the past." *Hedtke*, 2018 WL 1660078, at *2, 3. Because such a decision "would have no practical effect on the parties," *see id.*, there is no actual controversy, and the Court lacks subject-matter jurisdiction over his claims.

Moreover, Texas courts have held that TOMA claims are not subject to the capable-of-repetition-yet-evading-review exception. *Cornyn v. City of Garland*, 994 S.W.2d 258 (Tex. App.—Austin 1999, no pet.). That is because TOMA provides a "right of immediate judicial review by an application for a writ of mandamus or injunction to stop, prevent, or reverse a violation or threaten violations," and "if a violation evades review, the reason does not lie in the inherent nature of the wrongful act, it lies rather in the failure of the 'interested person' to invoke the immediate remedy expressly provided by the legislature." *Id.* at 267 (quoting TEX. GOV'T CODE § 551.142(a)). That is the case here. Story did not immediately—or even swiftly—seek to challenge the Board's actions at the September 14 meeting. He waited until May 16, 2022—when there had not been a similar issue for almost nine months—to file this lawsuit. *See* Dkt. 1. Even then, while he asserted a request for a temporary injunction, he never tried to advance the request.

The fact that Story seeks attorneys' fees does not allow his claims to survive a mootness challenge. *See Hedtke*, 2018 WL 166078, at \*3 (citing *Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 705 (Tex. App.—Austin 2013, no pet.)). TOMA does not authorize attorneys' fees *as* damages. *Id.* Rather, it authorizes attorneys' fees for a prevailing party in a TOMA action. *Id.* (citing TEX. GOV'T CODE § 551.142(a)). A party cannot substantially prevail if a claim becomes moot. *Id.*

### D.    Story does not state a TOMA claim regarding Azaiez's hiring.

TOMA requires that every meeting of a governmental body be open to the public, with certain exceptions. TEX. GOVT. CODE § 551.002. A "meeting" is "a deliberation between a quorum of a governmental body . . . during which public business or [ ] policy over which the governmental body has supervision or control is discussed or considered or during which the governmental body takes formal action." *Id.* § 551.001(4)(A). A "deliberation" is "a verbal or written exchange during a meeting between a quorum of a governmental body . . . concerning an issue within the jurisdiction of the governmental body." *Id.* § 551.001(2). TOMA provides a claim to void a violative "action taken by a governmental body," or seek mandamus or injunction to "stop, prevent, or reverse a violation or threatened violation . . . by members of a governmental body." *Id.* §§ 551.141, .142.

The Court previously dismissed Story's TOMA claim with respect to Azaiez's hiring. Dkt. 43, pp. 45–46. In this Complaint, Story does not allege there was a TOMA violation regarding any Board meeting for the hiring of Azaiez. Dkt. 49 ¶ 232. Instead, he surmises that Azaiez "was hired before" an unspecified "meeting with a secret walking quorum of discussion, and the meeting was a mere ruse." *Id.* The Complaint generally re-asserts prior allegations the Court rejected as insufficient to show a walking quorum. Story does attach two new emails and a few text messages. *See* Dkt. 49-1 Exs. 19–20. The Complaint references a June 12, 2021 email from Weir and alleges that "Weir initiat[ed] a board discussion via email . . . regarding the hiring of Superintendent Azaiez." Dkt. 49 ¶¶ 155; Dkt-49-1 pp. 198–200. Story also alleges that Xiao "initiat[ed] a board discussion via email with all board

members," and attaches this June 12, 2021 email. *Id.* ¶ 156; Dkt. 49-1, pp. 202. The Complaint states that "a series of text messages in a group text show Trustees Weir, [ ] Landrum, Harrison, Vessa, and Xiao collaborating together . . . with the Superintendent while leaving Trustees Bone and Weston out." *Id.* ¶ 157; Dkt. 49-1 pp. 208–10. The new allegations do not state a plausible TOMA claim.

It is undisputed that the Board voted at a May 21, 2021 Board Meeting to name Azaiez the lone finalist for Superintendent and authorized Weir to negotiate a contract with him. *See* Dkt. 20 ¶ 252. None of the purported violative communications occurred before Azaiez was named the lone finalist or show that the Board's June 14, 2021 and June 19, 2021 votes to approve the negotiated contract were a "mere ruse." Weir's June 12, 2021 email does not reflect any deliberation among the Trustees nor vote regarding Azaiez's contract. Dkt. 49–1 pp. 198–200. In this email, Weir relayed to the trustees information she obtained from the Texas Education Agency regarding the appointment of a conservator at Donna ISD, where Azaiez previously served as superintendent, and told the trustees how she would be responding to community member emails as the Board President. *Id.* The June 12 email does not show that any trustee responded to create a "verbal or written exchange" to constitute a "deliberation." *See Dall. Morning News Co. v. Bd. of Trs of Dall. Indep. Sch. Dist.*, 861 S.W.2d 532, 537 (Tex. App.—Dallas 1993, writ denied) (interpreting "deliberation" to mean a "reciprocal giving and receiving of spoken words"). No action was taken, and there was no discussion of any terms of the negotiated contract upon which trustees would vote at the next Board meeting.

Xiao's June 12, 2021 email was in response to a community member whose name is properly redacted where the trustees happened to be copied when he errantly hit "reply all." Dkt. 49-1, p. 202. Like Weir's email, there is no response from any trustee to show a deliberation. As Story contends, these emails are mere "initiation" of a discussion, Dkt. 49 ¶¶ 155–56, which is not deliberation.

In essence, the Complaint asks the Court to conclude the Trustee Defendants violated TOMA simply because they were all recipients of the same email. But this is not in line with TOMA's

deliberation requirement. And the emails reflect that no deliberation occurred, much less that any vote was taken or that the vote taken at a properly-noticed and open public meeting was a ruse.

The text messages in Exhibit 20, Dkt. 49-1 pp. 208–10, similarly do nothing to show a TOMA violation regarding Azaiez's hiring. The text messages are only between Azaiez and Weir. *Id.* And the text messages evince only that three Trustees—not a four-member quorum—might meet with Azaiez (who was already Superintendent) and "AJ," referring to AJ Crabill, TEA's Deputy Commissioner of Education at the time. Thus, the text messages do not show an impermissible meeting of a quorum of the Board to state a TOMA violation, much less a quorum to deliberate or act regarding hiring Azaiez or approving his contract.

Story has not identified any *meetings* at which a *quorum* of the Board was present and *deliberated*, and at which the requirements of TOMA were not followed with respect to Azaiez's hiring. Story's claim is based on his rank speculation that the Trustee Defendants engaged in "secret meetings," improper deliberations, and a "walking quorum of discussion" regarding Azaiez's hiring. Dkt. 49 ¶¶ 16–17, 232. Such speculation is insufficient to state a TOMA claim, and "[m]ere unsupported legal conclusions do not suffice" to establish jurisdiction. *Matzen v. McLane*, 604 S.W.3d 91, 100 (Tex. App.—Austin 2020, no pet.). Moreover, discussions about matters before the body or announcements about how the members of the body intend to vote are not voidable—and do not present a viable TOMA claim—as long as the final vote or decision is made in public. *Thompson*, 979 S.W.2d at 685; *Hill*, 113 S.W.3d at 17.[8] Finally, as set forth *supra*, pp. 7–8, even if Story could show a TOMA violation, he does not state a plausible claim for *relief*. Accordingly, Story's TOMA claim should be dismissed for failure to state a claim for relief.

---

[8]     *Tex. State Bd. of Public Accountancy v. Bass*, 366 S.W.3d 751, 764–65 (Tex. App.—Austin 2012, no pet.) (plaintiffs failed to state a TOMA claim based on improper private discussions when deliberations and vote occurred in public); *United Indep. Sch. Dist. v. Gonzalez*, 911 S.W.2d 118, 127–28 (Tex. App.—San Antonio 1995, writ denied) (same).

### E.     Story does not state a claim related to the September 14 meeting.

The Court previously found that Story stated a TOMA claim regarding the September 14 meeting. Dkt. 43, pp. 46–47. But Story's Complaint regarding this claim has changed.[9] Story no longer seeks to void any action, or to stop, prevent, or reverse a violation. Rather, he seeks an injunction to "prevent further application of the 18-seat rule." Dkt. 49 ¶ 235. But, as set forth *supra*, pp. 10–12, RRISD utilized the "18-seat rule" only once and Story pleads no facts regarding the use of a similar rule since. The Complaint also lacks any facts that there is a "threatened violation" by the Board to stop or prevent. Instead, Story makes general assertions, *see supra* p. 12, that are too contingent and remote to state a claim for prospective injunctive relief. *Tennon*, 959 F. Supp. at 392. Since Story pleads no facts that a similar violation has occurred since September 14, 2021, or "will likely occur in the future," there is no basis for injunctive relief, and the claim should be dismissed. *See Hitt c. Mabry*, 687 S.W.2d 791, 797(Tex. App.—San Antonio 1985, no writ) (finding that injunctive relief "based on mere speculation" that a past act "may possibly occur in the future" would "not be proper").

## II.     The Complaint does not state a Fourth Amendment claim against Weir.

Story claims that Weir violated his right to be free from false arrest, unreasonable seizure, and excessive force under the Fourth Amendment when she "authorized and instructed RRISD police to remove Story" from the August 16 and September 14 meetings. *See* Dkt. 49 ¶¶ 224, 228.[10] But the Court has already dismissed Story's unreasonable seizure claim against all individual defendants other than Pope and Pontillo, because he only alleged their personal involvement. Dkt. 43 p. 31. And Story does not allege any new facts in the Complaint to revive this claim against Weir.

---

[9]     Story previously requested relief to "prevent the District from spending tax dollars collected under the non-public approved tax rate." It appears Story realized that a claim for such relief was moot and no longer seeks such relief.

[10]    Story alleges that Weir is directly liable for Fourth Amendment violations and does not raise a supervisory liability claim against her. *Cf.* Dkt. 49 ¶ 224 (claims against Weir) *with* ¶¶ 225–27 (supervisory claims against Yarbrough and Willibey).

Story also has not alleged any facts that would support a claim for false arrest or excessive force against Weir. The Court previously dismissed any excessive force claim against Weir (and others) because "a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." Dkt. 43 p. 27 (quoting *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). The Court similarly dismissed any false arrest claim against the RRISD Defendants, other than Griffith and Pope, because they "were not alleged to have been involved in the warrant application process for Story's arrest." *Id.* p. 36. The Complaint does not plead any new facts to show that Weir was personally involved in the use of force or false arrest. To the contrary, Story pleads no facts showing that Weir participated in the physical removal and states that "Pope began acting [to remove Story] before any instruction was given" at the August 16 meeting. Dkt. 49 ¶ 231(e). Story also alleges that that he was prevented from entering the room with Weir at the September 14 meeting. *Id.* ¶¶ 66, 89. Weir could not have been personally involved in the purported use of excessive force against Story when the two were not even in the same room at the time of the alleged use of force.

Likewise, Story alleges no facts that Weir was involved in any manner in his arrest. As noted by the Court, Story's warrant affidavit "was prepared by [ ] Griffith based on information provided to her by [ ] Pope." Dkt. 43 p. 34. At no point does Story allege that Weir participated in drafting the affidavit, submitting the affidavit, providing information for the affidavit, or otherwise mention her involvement in any capacity regarding his arrest. *See* Dkt. 49 ¶¶ 95, 171, 227. At most, Story alleges that, in an October 12 report, Griffith "indicated that she [was] collecting witness statements" from Weir. Dkt. 49 ¶ 202. Even if true, those witness statements collected almost a month after the September 17, 2021 arrest warrant, *Id.* ¶ 95, could not have contributed to a false warrant affidavit.

Because Story did not cure these fundamental deficiencies, much less plead facts to overcome her qualified immunity, Dkt. 26, pp. 4–5, his Fourth Amendment claims against Weir should be dismissed. *See, e.g.*, *Baugh v. City of Port Lavaca, Tex.*, No. 6:20-CV-00007, 2022 WL 980270, at *5 (S.D.

Tex. Mar. 30, 2022) ( "[w]ithout evidence that [the Officers] were involved in applying excessive force, [plaintiff's] claim against these Officers fails.");[11] *Bey ex rel. Darryl L. Bankston Estate v. Burgess*, No. 4:22-CV-3862, 2023 WL 3510815, at *4 (S.D. Tex. Apr. 28, 2023), *adopted by* 2023 WL 3510431 (S.D. Tex. May 17, 2023); *Walton v. Valdez*, No. 3:08–CV–2166–K, 2009 WL 89666, at *2 (N.D. Tex. Jan. 9, 2009). Moreover, because Story cannot show that it was clearly-established that an individual can violate Fourth Amendment rights without personal involvement in the action, Weir is entitled to qualified immunity. *Champagne v. Jefferson Par. Sheriff's Off.*, 188 F.3d 312, 314 (5th Cir. 1999) (defendant entitled to qualified immunity because plaintiff's complaint "alleges no personal involvement" by him); *Muhammad v. Perry*, No. A–10–CA–573–SS, 2010 WL 3338541, at *1 (W.D. Tex. Aug. 23, 2010); *Fiske v. Texas*, No. A–10–CA–859–LY, 2010 WL 4918754, at *2 (W.D. Tex. Nov. 23, 2010).

## III.    The Complaint does not state a Fourteenth Amendment claim against Landrum.

To state an Equal Protection claim, "a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir.1999). Story does not assert an equal protection claim based on any suspect classification. Rather, he invokes the "'class of one' doctrine," Dkt. 49 ¶ 221, which focuses on discrimination against a specific individual. *Engquist v. Oregon Dept. of Agr.*, 533 U.S. 591, 601 (2008). A class-of-one plaintiff must show he was "intentionally treated differently from others similarly situated" without any "rational basis." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Story carries "the heavy burden of negating any reasonably conceivable set of facts that could provide a rational basis for [his] differential treatment." *Lindquist v. City of Pasadena*, 525 F.3d 383, 387 (5th Cir. 2008); *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 824 (5th Cir. 2007); *Reid v. Rolling Fork Pub.*

---

[11]     *Harris ex rel. DCJH v. Travis*, No. 20-680-JWD-RLB, 2021 WL 4025803, at *21 (M.D. La. Jul. 12, 2021) (excessive force claim failed where complaint did not allege the defendant personally used force); *Estate of Troy Ray Boyd v. Pike Cnty., Miss.*, No. 5:15cv107-HSO-JCG, 2016 WL 3566227, at *3 (S.D. Miss. June 24, 2016) (same).

*Utility Dist.*, 854 F.2d 751, 754 (5th Cir. 1988). This high burden is necessary because "unless [it is] carefully circumscribed, [a class-of-one claim] could effectively provide a federal cause of action for review of almost every executive and administrative decision made by state actors." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1210 (10th Cir. 2004).

Story contends that Landrum "treat[ed] him differently from other speakers" at the August 16 meeting, and by participating in a procedural vote after recusing herself from Story's grievance hearing. Dkt. 49 ¶ 215. But Story does not specify how he contends Landrum "treat[ed] him differently." Story simply contends that Landrum (and others) "stated that Story should leave" when he ventured off topic during a specially called Board meeting. *Id.* ¶ 35. This same allegation was in the Amended Complaint. Dkt. 20 ¶ 38. And the Court already dismissed any equal protection claim against Landrum because Story "only pled the personal involvement" of Weir, Pope, and Pontillo regarding Story's "ejection from the meeting." Dkt. 43 p. 37. Story still pleads no facts showing Landrum was personally involved in his removal from the August 16 meeting. Dkt. 49 ¶ 37.

The Complaint also lacks well-pleaded facts to show Landrum treated Story differently from similarly situated grievants with respect to her actions at his grievance hearings.[12] Story complains that Landrum, as the Board President and presiding officer at his January 12, 2022 grievance hearing, recused herself from considering the merits of his grievance, but did not recuse herself from participating in the procedural vote regarding who would replace her as the presiding officer. *Id.*

---

[12]    To the extent Story's claim relates to any purported failure to afford him a hearing before the Board within 90 days of filing his grievance, this claim is barred by his failure to exhaust administrative remedies. Dkt. 49 ¶ 111. The Commissioner of Education has jurisdiction over claims alleging violations of the school laws of the state, Titles I and II of the Education Code. TEX. EDUC. CODE § 7.057; *Clint Indep. Sch. Dist. v. Marquez,* 487 S.W.3d 538 (Tex. 2016). The 90-day requirement relates to a Texas Commissioner of Education Rule, 19 TEX. ADMIN Code § 103.1207, adopted in accordance with Texas Education Code § 37.105(h), a statute in Title II of the Education Code. Accordingly, Story had to appeal to the Commissioner before filing suit, which he does not plead, because he did not. Consequently, he failed to exhaust administrative remedies to assert that claim in this lawsuit. *See generally Marquez,* 487 S.W.3d at 545–52.

¶¶ 120–21. There are no allegations that Landrum participated in the actual hearing or considered or ruled on the merits of Story's claim. And Story pleads no facts that any procedural decision regarding who would preside over his hearing in Landrum's absence was of consequence to him or his protected rights. Thus, it is difficult to discern how this procedural vote could plausibly implicate equal protection of the law. In any event, the Complaint lacks any facts to show that Landrum treated Story differently from similarly situated grievance.

Story pleads no facts regarding the content of the other grievance hearings or persons who filed them such that could he plausibly show that Landrum acted differently in nearly identical circumstances. *See Rountree v. Dyson*, 892 F.3d 681, 685 (5th Cir. 2018) (affirming dismissal of plaintiff's Equal Protection claim where he failed to point to any "specific person or persons and provid[ed] no specifics as to their violations); *Smith v. Kimbhal*, 421 F. App'x 377, 379 (5th Cir. 2011) (citing *Iqbal*, 556 U.S. 678–79) (finding plaintiff had not stated a claim where he failed to provide any information regarding the circumstances of the alleged different treatment). And the Complaint is bereft of factual content from which the Court could plausibly infer that Landrum's actions were motivated by discriminatory animus, or even ill will. Indeed, Story pleads *no facts* about Landrum's intentions regarding his grievance hearing. Moreover, Story cannot point to any case law showing that a class-of-one claim for the alleged unequal treatment by Landrum with a single statement of opinion in a Board meeting that Story should leave or failure to recuse herself from a procedural vote at his grievance hearing is so clearly established as to waive Landrum's qualified immunity. *Shipp v. McMahon,* 54 F. App'x 413, at *2 (5th Cir. 2002) (reversing the district court's denial of a motion to dismiss on qualified immunity grounds in the absence of case law applying a class-of-one claim in similar circumstances). Accordingly, Story's claims against Landrum must be dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee Defendants pray that the Court grants this Partial Motion to Dismiss and dismisses Story's claims addressed herein with prejudice.

Respectfully submitted,

/s/  Kathryn E. Long
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

**ATTORNEYS FOR THE ROUND ROCK ISD DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 27, 2023, a true and correct copy of this document has been served upon all parties via the Court's electronic filing system:

Warren V. Norred                        Stephen D. Casey
NORRED LAW, PLLC                   CASEY LAW OFFICE, P.C.
515 E. Border St.                          P.O. Box 2451
Arlington, TX 76010                      Round Rock, TX 78680
warren@norredlaw.com               stephen@caseylawoffice.us

/s/      Kathryn E. Long
KATHRYN E. LONG