UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY and DUSTIN CLARK, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERINTENDENT HAFEDH AZAIEZ, | § | |
| TRUSTEES AMBER FELLER, TIFFANIE | § | |
| HARRISON, AMY WEIR, JUN XIAO, | § | CIVIL ACTION NO. 1:22-cv-448-RP |
| CORY VESSA; OFFICERS JEFFREY | § | |
| YARBROUGH, JAMES WILLIBY, | § | |
| DEBORAH GRIFFITH, MILTON POPE, | § | |
| FRANK PONTILLO, SAMUEL CHAVEZ, | § | |
| individually, and ROUND ROCK INDEP'T | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| *Defendants*. | § | |

**APPENDIX IN SUPPORT OF THE TRUSTEE DEFENDANTS'
PARTIAL MOTION TO DISMISS PLAINTIFF JEREMY STORY'S
THIRD AMENDED COMPLAINT**

| EXHIBIT | DOCUMENT | PAGE |
|---|---|---|
| **A.** | Declaration of Patricia Aguilera | App. 001-002 |
| A-1 | May 21, 2021 RRISD Called Board Meeting Agenda | App. 003-005 |
| A-2 | June 14, 2021 RRISD Called Board Meeting Agenda | App. 006-008 |
| A-3 | June 14, 2021 RRISD Called Board Meeting Minutes | App. 009-012 |
| A-4 | June 19, 2021 RRISD Called Board Meeting Agenda | App. 013 |
| A-5 | June 19, 2021 RRISD Called Board Meeting Minutes | App. 014-015 |
| A-6 | September 15, 2022 RRISD Regular Board Meeting Agenda | App. 016-027 |
| A-7 | September 15, 2022 RRISD Regular Board Meeting Minutes | App. 028-037 |
| A-8 | September 20, 2022 RRISD Called Board Meeting Agenda | App. 038 |
| A-9 | September 20, 2022 RRISD Called Board Meeting Minutes | App. 039-041 |

| EXHIBIT | DOCUMENT | PAGE |
|---------|----------|------|
| A-10 | August 21, 2023 Agenda for RRISD Board of Trustees Public Hearing on 2023–2024 RRISD Proposed Tax Rate | App. 042-044 |
| A-11 | August 21, 2023 Minutes for RRISD Board of Trustees Public Hearing on 2023–2024 RRISD Proposed Tax Rate | App. 045-051 |
| A-12 | September 27, 2023 Called Board Meeting Agenda | App. 052 |
| A-13 | September 27, 2023 Called Board Meeting Minutes | App. 053-054 |
| A-14 | Round Rock Independent School District Superintendent Contract | App. 055-069 |
| **B.** | September 5, 2023 letter to Warren Norred requesting amendment to Second Amended Complaint | App. 070-095 |

Respectfully submitted,

/s/     *Kathryn E. Long*
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

*Attorneys for the Round Rock ISD Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 27, 2023, a true and correct copy of this document has been served upon all parties via the Court's electronic filing system:

| | |
|---|---|
| Warren V. Norred | Stephen D. Casey |
| NORRED LAW, PLLC | CASEY LAW OFFICE, P.C. |
| 515 E. Border St. | P.O. Box 2451 |
| Arlington, TX 76010 | Round Rock, TX 78680 |
| warren@norredlaw.com | stephen@caseylawoffice.us |

/s/     *Kathryn E. Long*
KATHRYN E. LONG

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERINTENDENT HAFEDH AZAIEZ, | § | CIVIL ACTION NO. |
| TRUSTEES AMBER FELLER, TIFFANIE | § | 1:22-cv-00448-DAE |
| HARRISON, AMY WEIR, JUN XIAO, CORY | § | |
| VESSA; OFFICERS JEFFREY YARBROUGH, | § | |
| JAMES WILLIBY, DEBORAH GRIFFITH, | § | |
| MILTON POPE, FRANK PONTILLO, RON | § | |
| COLE, CHIEF DENNIS WEINER, and CARLA | § | |
| AMACHER, individually, and ROUND ROCK | § | |
| INDEP. SCHOOL DISTRICT, | § | |
| | § | |
| *Defendants*. | § | |

## DECLARATION OF PATRICIA AGUILERA

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF WILLIAMSON | § |

    1.      My name is Patricia Aguilera. I am over the age of 18, have never been convicted of any felony or any misdemeanor involving moral turpitude, and am fully competent to testify to all facts contained herein. I am fully competent to make this Declaration, and by virtue of my position as Executive Assistant assigned to Round Rock Independent School District's ("RRISD" or the "District") Board of Trustees (the "Board"), I have personal knowledge of all facts stated herein and state that they are all true and correct.

    2.      Exhibits 1 through 14 attached to this Declaration are true and correct copies of documents prepared and maintained in the course of RRISD's and its Board's regularly conducted business activity and maintained by RRISD in the course of this regularly

**Exhibit A**      App. 001

conducted business activity. It is the regular practice of RRISD, its Board, and the administrative team assigned to the Board to make or maintain these types of records at or near the time each act, event, condition, opinion, or diagnosis set forth in the record occurred. The Exhibits attached to this Declaration were made or maintained by, or from information transmitted by, persons with knowledge of the matters set forth. It is the regularly conducted business activity of RRISD and its Board to make or maintain these records.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _26th_ day of October, 2023.

_____
Patricia Aguilera

**ROUND ROCK** I S D

## Friday, May 21, 2021
### ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING

**CALLED BOARD MEETING**
**Notice is hereby given pursuant to Texas Government Code Sections 551.125 and 551.045 that due to the threat of community spread of COVID-19, a Called Board Meeting of the Board of Trustees of the Round Rock Independent School District will be held on Friday, May 21, 2021, beginning at 4:00 PM. In accordance with the waiver to certain provisions of the Texas Open Meetings Act issued by Governor Greg Abbott on March 16, 2020, and in the interest of avoiding large gatherings and promoting social distancing during this pandemic,Trustees will participate remotely by teleconference or videoconference.**
**Please note that there is no physical location for the public to attend this meeting in order to ensure safe social distancing during the COVID-19 pandemic, and it is only accessible to the public via live stream on the Round Rock ISD website**
**https://roundrockisd.org/about-rrisd/board-of-trustees/board-meetings/**

## A. CALL TO ORDER

| | |
|---|---|
| **Subject** | **1. Call to Order** |
| Meeting | May 21, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | A. CALL TO ORDER |
| Type | |

Announcement by the chairman as to the presence of a quorum, that the meeting has been duly called, and that the notice of the meeting has been posted for time and in the manner required by law.

## B. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE

| | |
|---|---|
| **Subject** | **1. Pledge of Allegiance and Texas Pledge** |
| Meeting | May 21, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | B. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE |
| Type | Procedural |

## C. PUBLIC COMMENTS REGARDING ITEMS ON THE AGENDA

| | |
|---|---|
| **Subject** | **1. The Board will afford members of the public an opportunity to speak on items listed on the Board agenda. Individuals wishing to address the Board must sign up between 1:00 p.m. on May 20, 2021 and 1:00 p.m. on May 21, 2021. Speakers may request a translator if they plan to deliver their remarks in a language other than English by emailing community_relations@roundrockisd.org at least eight hours prior to the start of the meeting. https://forms.gle/35zJPx9NqfJJAot46** |
| Meeting | May 21, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | C. PUBLIC COMMENTS REGARDING ITEMS ON THE AGENDA |
| Type | Information |

**Exhibit 1**    App. 003

| | |
|---|---|
| Subject | **2. La Mesa Directiva brindará a los miembros del público la oportunidad de presentar comentarios sobre los temas incluidos en la agenda de la Junta. Las personas que deseen dirigirse a la Mesa Directiva deben registrarse entre las 1:00 p.m. el 20 de mayo de 2021 y las 1:00 p.m. el 21 de mayo de 2021. Los oradores pueden solicitar un traductor si planean presentar sus comentarios en un idioma que no sea inglés enviando un correo electrónico a community_relations@roundrockisd.org al menos ocho horas antes del inicio de la reunión. https://forms.gle/35zJPx9NqfJJAot46** |
| Meeting | May 21, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | C. PUBLIC COMMENTS REGARDING ITEMS ON THE AGENDA |
| Type | Information |

https://forms.gle/35zJPx9NqfJJAot46

## D. CLOSED SESSION

| | |
|---|---|
| Subject | **1. Pursuant to Texas Government Code Section 551.074, the Board will deliberate applicants for Superintendent, including the possibility of naming finalists for the position.** |
| Meeting | May 21, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | D. CLOSED SESSION |
| Type | |

Such closed or executive meeting or session as authorized by the Texas Open Meetings Act, Texas Government Code Section 551.001 et seq., will be held by the School Board at the date and place given in this Notice as soon after the commencement of the meeting covered by the Notice as the School Board may conveniently meet in such closed or executive meeting or session concerning any and all purposes permitted by the Act, including, but not limited to the above mentioned sections and purposes.

Following the Closed Session, the Board will reconvene in Open Session and may take action on any item discussed in Closed Session.

## E. CALL BACK TO ORDER

| | |
|---|---|
| Subject | **1. Call Back to Order** |
| Meeting | May 21, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | E. CALL BACK TO ORDER |
| Type | |

## F. ACTION ITEM

| | |
|---|---|
| Subject | **1. Consider naming the finalist for the Superintendent position.** |
| Meeting | May 21, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | F. ACTION ITEM |

App. 004

Type                    Action

## G. ADJOURNMENT

| | |
|---|---|
| **Subject** | **1. Adjournment** |
| Meeting | May 21, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | G. ADJOURNMENT |
| Type | Information |

On this the 18th day of May 2021 at 4:00 p.m., a copy of this notice was posted on the Round Rock ISD website.

**Round Rock I S D**

**Monday, June 14, 2021**
**ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING**

**CALLED BOARD MEETING**
**Notice is hereby given pursuant to Texas Government Code Sections 551.125 and 551.045 that due to the threat of community spread of COVID-19, a Called Board Meeting of the Board of Trustees of the Round Rock Independent School District will be held on Monday, June 14, 2021, beginning at 12:30 PM. In accordance with the waiver to certain provisions of the Texas Open Meetings Act issued by Governor Greg Abbott on March 16, 2020, one or more trustees may participate in person at Round Rock High School Old Lecture Hall, 300 Lake Creek Drive, Round Rock, TX 78681 or remotely by teleconference or videoconference.**

## A. CALL TO ORDER

| | |
|---|---|
| **Subject** | **1. Call to Order** |
| Meeting | Jun 14, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | A. CALL TO ORDER |
| Type | |

Announcement by the chairman as to the presence of a quorum, that the meeting has been duly called, and that the notice of the meeting has been posted for time and in the manner required by law.

## B. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE

| | |
|---|---|
| **Subject** | **1. Pledge of Allegiance and Texas Pledge** |
| Meeting | Jun 14, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | B. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE |
| Type | Procedural |

## C. PUBLIC COMMENTS REGARDING ITEMS ON THE AGENDA

| | |
|---|---|
| **Subject** | **1. The Board will afford members of the public an opportunity to speak on items listed on the Board agenda. Individuals wishing to address the Board must sign up between 9:30 a.m. on June 13, 2021 and 9:30 a.m. on June 14, 2021. Speakers may request a translator if they plan to deliver their remarks in a language other than English by emailing community_relations@roundrockisd.org at least eight hours prior to the start of the meeting. https://forms.gle/XZyLHGR9kByJ4nYy9** |
| Meeting | Jun 14, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | C. PUBLIC COMMENTS REGARDING ITEMS ON THE AGENDA |
| Type | Information |

https://forms.gle/XZyLHGR9kByJ4nYy9

**Exhibit 2**

| Subject | 2. La Mesa Directiva brindará a los miembros del público la oportunidad de presentar comentarios sobre los temas incluidos en la agenda de la Junta. Las personas que deseen dirigirse a la Mesa Directiva deben registrarse entre las 9:30 a.m. el 13 de junio de 2021 y las 9:30 a.m. el 14 de junio de 2021. Los oradores pueden solicitar un traductor si planean presentar sus comentarios en un idioma que no sea inglés enviando un correo electrónico a community_relations@roundrockisd.org al menos ocho horas antes del inicio de la reunión. https://forms.gle/XZyLHGR9kByJ4nYy9 |
|---|---|
| Meeting | Jun 14, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | C. PUBLIC COMMENTS REGARDING ITEMS ON THE AGENDA |
| Type | Information |

https://forms.gle/XZyLHGR9kByJ4nYy9

## D. CLOSED SESSION

| Subject | 1. Pursuant to Texas Government Code Under Section 551.074, the Board will meet to deliberate the appointment and employment of a superintendent for the District. |
|---|---|
| Meeting | Jun 14, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | D. CLOSED SESSION |
| Type | |

Such closed or executive meeting or session as authorized by the Texas Open Meetings Act, Texas Government Code Section 551.001 et seq., will be held by the School Board at the date and place given in this Notice as soon after the commencement of the meeting covered by the Notice as the School Board may conveniently meet in such closed or executive meeting or session concerning any and all purposes permitted by the Act, including, but not limited to the above mentioned sections and purposes.

Following the Closed Session, the Board will reconvene in Open Session and may take action on any item discussed in Closed Session.

## E. CALL BACK TO ORDER

| Subject | 1. Call Back to Order |
|---|---|
| Meeting | Jun 14, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | E. CALL BACK TO ORDER |
| Type | |

## F. SUPERINTENDENT CONTRACT

| Subject | 1. Adoption of Resolution Employing the Superintendent of the Round Rock Independent School District |
|---|---|
| Meeting | Jun 14, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | F. SUPERINTENDENT CONTRACT |
| Type | Action |

## G. ADJOURNMENT

App. 007

| Subject | **1. Adjournment** |
|---------|--------------------|
| Meeting | Jun 14, 2021 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING |
| Category | G. ADJOURNMENT |
| Type | Information |

On this the 10th day of June 2021 at 6:00 p.m., a copy of this notice was posted on the Round Rock ISD website.

App. 008



## ROUND ROCK INDEPENDENT SCHOOL DISTRICT
### Round Rock, Texas

A Called Board Meeting of the Board of Trustees was held on Monday, June 14, 2021, commencing at 12:30 p.m. In accordance with the waiver to certain provisions of the Texas Open Meetings Act issued by Governor Greg Abbott on March 16, 2020, one or more trustees may participate in person at Round Rock High School Old Lecture Hall, 300 Lake Creek Drive, Round Rock, TX 78681 or remotely by teleconference or videoconference. During the COVID-19 pandemic Board meetings were held using Zoom remote conferencing, in order to ensure safe social distancing.

| | |
|---|---|
| Call to Order | President Amy Weir called the meeting to order at 12:30 p.m. |
| Roll Call | President Amy Weir, Vice President Cory Vessa, Secretary Tiffanie N. Harrison, Amber Feller, Dr. Mary Bone, Danielle Weston, Dr. Jun Xiao and Dr. Danny Presley, Acting Superintendent of Schools. |
| Absent | None. |
| Pledge of Allegiance and Texas Pledge | The Board and audience recited the Pledge of Allegiance and Texas Pledge. |
| Public Communication | The following citizens spoke on employing the Superintendent of Round Rock ISD: |

- *Russell Collins*
- *Christie Slape*
- *Leslie Winters*
- *Cornell Woolridge*
- *Jeremy Story*
- *Marshall Sprigg*
- *Jack Murray*
- *Amy Bujacz*
- *Glenda Mosley*
- *Michele Chan-Thompson*
- *Shauna Kinningham*
- *Stuart Litwin*
- *Tammy Conrad*
- *Tiffany Buss*
- *Christel Erickson-Collins*
- *Dustin Clark*
- *Ricci Nelson*
- *Renate Sims*
- *Ginny Gustin*
- *Lyndy Dower*
- *Chelsea Mok*
- *Esmeralda Rubalcava Hernandez*

**Exhibit 3**

App. 009

- *Janneke Parrish*
- *Aidan Larson*
- *Katherine Enyart*
- *Shannon Probe*
- *Liz Vandegrift*

| | |
|---|---|
| Agenda Item No. D1<br>The Board will meet to<br>deliberate the appointment and<br>employment of a superintendent<br>for the District. | **Motion:**<br>Amber Feller moved that the Board go into closed session to consult<br>with attorney for no longer than ten minutes. Tiffanie Harrison<br>seconded the motion. |
| | **Amended Motion:**<br>Mary Bone moved that the Board go into closed session to consult with<br>attorney with unlimited discussion. Danielle Weston seconded the<br>motion. |
| Yeas: | Tiffanie Harrison, Mary Bone, Danielle Weston. |
| Nays: | Amy Weir, Cory Vessa, Amber Feller, Jun Xiao. |
| | Amended Motion failed 3:4. |
| | **Motion:**<br>Amber Feller moved that the Board go into closed session to consult<br>with attorney for no longer than ten minutes. Tiffanie Harrison<br>seconded the motion. |
| Yeas: | Amy Weir, Cory Vessa, Tiffanie Harrison, Amber Feller, Jun Xiao,<br>Danielle Weston. |
| Nays: | Mary Bone. |
| | Motion passed 6:1. |
| | **Motion:**<br>Mary Bone moved to table deliberation and adoption of resolution of<br>employment of the Superintendent of RRISD until public forums with<br>the lone finalist can be held. Danielle Weston seconded the motion. |
| Yeas: | Mary Bone, Danielle Weston. |
| Nays: | Amy Weir, Cory Vessa, Tiffanie Harrison, Amber Feller, Jun Xiao. |
| | Motion failed 2:5. |

| | |
|---|---|
| Closed Session | President Amy Weir called the Board into Closed Session at 1:31 p.m. for purposes permitted by the Texas Open Meetings Act, Texas Government Code 551.001 et seq. to: |
| | 1. Pursuant to Texas Government Code Under Section 551.074, the Board will meet to deliberate the appointment and employment of a superintendent for the District. |
| Reconvene Meeting | The Board reconvened from Closed Session at 1:45 p.m. |
| Agenda Item No. F1 Adoption of Resolution Employing the Superintendent of the Round Rock Independent School District | **Motion:** Amber Feller moved to adopt the resolution and to employ Dr. Hafedh Azaiez, under the negotiated contract, as the Superintendent of the Round Rock Independent School District effective July 5, 2021. Cory Vessa seconded the motion. |
| | **Motion:** Tiffanie Harrison moved to call the question. Amber Feller seconded the motion. |
| Yeas: | Amy Weir, Cory Vessa, Tiffanie Harrison, Amber Feller, Jun Xiao, Danielle Weston. |
| Nays: | Mary Bone. |
| | Motion passed 6:1. |
| | **Motion:** Amber Feller moved to adopt the resolution and to employ Dr. Hafedh Azaiez, under the negotiated contract, as the Superintendent of the Round Rock Independent School District effective July 5, 2021. Cory Vessa seconded the motion. |
| Yeas: | Amy Weir, Cory Vessa, Tiffanie Harrison, Amber Feller, Jun Xiao. |
| Nays: | Mary Bone, Danielle Weston. |
| | Motion passed 5:2. |

*Round Rock Independent School District*
*Called Board Meeting, June 14, 2021*

*Page 4 of 4*

Announcements/Future Agenda Items    Ms. Weir announced that she and Dr. Azaiez would record a Q&A video in the near future that will be posted on the website.

President Weir asked the Board if there were any objections to adjourn the meeting. Hearing none, the meeting adjourned at 2:06 p.m.

These minutes approved the 19th day of August 2021.

Amy Weir
President

Tiffanie N. Harrison
Secretary



**Saturday, June 19, 2021**
**ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING**

**CALLED BOARD MEETING**
**Notice is hereby given pursuant to Texas Government Code Sections 551.125 and 551.045 that due to the threat of community spread of COVID-19, a Called Board Meeting of the Board of Trustees of the Round Rock Independent School District will be held on Saturday, June 19, 2021, beginning at 8:00 AM. In accordance with the waiver to certain provisions of the Texas Open Meetings Act issued by Governor Greg Abbott on March 16, 2020, trustees will participate remotely by teleconference or videoconference. Please note that there is no physical location for the public to attend this meeting it is only accessible to the public via live stream on the Round Rock ISD website https://roundrockisd.org/about-rrisd/board-of-trustees/board-meetings/**

**A. CALL TO ORDER**

1. Call to Order

**B. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE**

1. Pledge of Allegiance and Texas Pledge

**C. PUBLIC COMMENTS REGARDING ITEMS ON THE AGENDA**

1. The Board will afford members of the public an opportunity to speak on items listed on the Board agenda. Individuals wishing to address the Board must sign up between 5:00 a.m. on June 18, 2021 and 5:00 a.m. on June 19, 2021. Speakers may request a translator if they plan to deliver their remarks in a language other than English by emailing community_relations@roundrockisd.org at least eight hours prior to the start of the meeting.

2. La Mesa Directiva brindará a los miembros del público la oportunidad de presentar comentarios sobre los temas incluidos en la agenda de la Junta. Las personas que deseen dirigirse a la Mesa Directiva deben registrarse entre las 5:00 a.m. el 18 de junio de 2021 y las 5:00 a.m. el 19 de junio de 2021. Los oradores pueden solicitar un traductor si planean presentar sus comentarios en un idioma que no sea inglés enviando un correo electrónico a community_relations@roundrockisd.org al menos ocho horas antes del inicio de la reunión.

**D. SUPERINTENDENT CONTRACT**

1. Adoption of Resolution Employing the Superintendent of the Round Rock Independent School District

**E. ADJOURNMENT**

1. Adjournment

**Exhibit 4**

App. 013



# ROUND ROCK ⒤ⓢⒹ

### ROUND ROCK INDEPENDENT SCHOOL DISTRICT
### Round Rock, Texas

A Called Board Meeting of the Board of Trustees was held on Saturday, June 19, 2021, commencing at 8:00 a.m. In accordance with the waiver to certain provisions of the Texas Open Meetings Act issued by Governor Greg Abbott on March 16, 2020, trustees participated remotely by teleconference or videoconference. During the COVID-19 pandemic Board meetings were held using Zoom remote conferencing, in order to ensure safe social distancing.

| | |
|---|---|
| Call to Order | President Amy Weir called the meeting to order at 8:00 a.m. |
| Roll Call | President Amy Weir, Vice President Amber Feller, Secretary Tiffanie N. Harrison, Cory Vessa, Danielle Weston and Dr. Jun Xiao. |
| Absent | Dr. Mary Bone. |
| Pledge of Allegiance and Texas Pledge | The Board and audience recited the Pledge of Allegiance and Texas Pledge. |
| Public Communication | The following citizens spoke on <u>Agenda Item No. D1 – Adoption of Resolution Employing the Superintendent of the Round Rock Independent School District</u> |

- *Raquel Martinez*
- *Chelsea Mok*
- *Ginny Gustin*
- *Esmeralda Rubalcaba Hernandez*
- *Meenal McNary*
- *Aidan Larson*
- *Christel Erickson-Collins*

| | |
|---|---|
| Agenda Item No. D1 Adoption of Resolution Employing the Superintendent of the Round Rock Independent School District | **Motion:** Amber Feller moved to adopt the resolution and to employ Dr. Hafedh Azaiez, under the negotiated contract, as the Superintendent of the Round Rock Independent School District effective July 5, 2021. Cory Vessa seconded the motion. |
| Yeas: | Amy Weir, Cory Vessa, Tiffanie Harrison, Amber Feller, Jun Xiao. |
| Nays: | Danielle Weston. |
| | Motion passed 5:1. |

# Exhibit 5

App. 014

*Round Rock Independent School District*
*Called Board Meeting, June 19, 2021*

*Page 2 of 2*

President Weir asked the Board if there were any objections to adjourn the meeting. Hearing none, the meeting adjourned at 8:13 a.m.

These minutes approved the 19th day of August 2021.

Amy Weir
President

Tiffanie N. Harrison
Secretary



**ROUND ROCK**
INDEPENDENT SCHOOL DISTRICT

**Thursday, September 15, 2022**
**ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING**

**5:30 P.M. Regular Session**
**LOCATION: Round Rock High School 100 Lecture Hall, 300 N Lake Creek Drive, Round Rock, TX 78681**
**Notice is hereby provided that a quorum of at least four Trustees will be physically present at the meeting location and the Board intends to have a quorum present at such location, but up to three Trustees may attend the meeting by videoconference call as permitted by Tex. Gov't Code Section 551.127.**
**Board of Trustees meetings are live streamed on the Round Rock ISD website**
**https://roundrockisd.org/about-rrisd/board-of-trustees/board-meetings/**
**\*\*\*Due to recent security concerns, Round Rock ISD will be enforcing its clear bag policy for large-scale events at Board of Trustees meetings.\*\***

## A. ORDER OF BUSINESS

| | |
|---|---|
| **Subject** | **1. Order of Business** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | A. ORDER OF BUSINESS |
| Type | Procedural |

The Board intends to give all citizens an opportunity to participate in the discussion of public business which is being considered and decided by the Board.  In order to provide full information and the right of participation to the public, the following is the order of business for regular Board meetings.  The presiding officer with the consensus of members present may change the order of business.

## B. CALL TO ORDER

| | |
|---|---|
| **Subject** | **1. Call to Order** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | B. CALL TO ORDER |
| Type | Procedural |

Announcement by the chairman as to the presence of a quorum, that the meeting has been duly called, and that the notice of the meeting has been posted for time and in the manner required by law.

## C. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE

| | |
|---|---|
| **Subject** | **1. Pledge of Allegiance and Texas Pledge** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | C. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE |
| Type | Procedural |

**Exhibit 6**

App. 016

## D. STUDENTS AND STAFF RECOGNITIONS

| | |
|---|---|
| **Subject** | **1. Students and Staff Recognitions** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | D. STUDENTS AND STAFF RECOGNITIONS |
| Type | Recognition |

Below are this month's student and staff recognitions:

**Student Recognitions**
- **Canyon Vista MS** - 2nd Place String Orchestra, Texas Music Educators Association Honor Orchestra Competition
- **Canyon Vista MS** - 3rd Place Full Orchestra - Texas Music Educators Association Honor Orchestra Competition
- **Westwood HS Orchestra** - 3rd Place Full Orchestra - Texas Music Educators Association Honor Orchestra Competition

**Suicide Prevention Awareness Month**

**Staff Introductions**

| New Principals Introduction |
|---|
| Joe Lee Johnson ES - Karl Unger |
| Pond Springs ES - Sjoukje Brown |
| Sommer ES - Brooke Elarms |
| Grisham MS - Kyla Mills |
| Ridgeview MS - Marisa Ramirez |
| Cedar Ridge HS - Jonathan Smith |
| McNeil HS - Dr. Mack O. Eagleton |
| Westwood HS - Erin Campbell |

| | |
|---|---|
| **Subject** | **2. District Video Highlight: Round Rock ISD Aquatics Center** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | D. STUDENTS AND STAFF RECOGNITIONS |
| Type | Recognition |

*A video will be presented at the Board meeting.*

## E. PUBLIC COMMENTS

| | |
|---|---|
| **Subject** | **1. The Board will afford members of the public an opportunity to speak on items listed and not listed on the Board agenda. Individuals wishing to address the Board must sign up between 2:30 p.m. on September 14, 2022 and 2:30 p.m. on September 15, 2022. Speakers may request a translator if they plan to deliver their remarks in a language other than English by emailing community_relations@roundrockisd.org at least eight hours prior to the start of the meeting. https://forms.gle/k5PMorKxNJ543LWf6** |

App. 017

| | |
|---|---|
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | E. PUBLIC COMMENTS |
| Type | Information |

https://forms.gle/k5PMorKxNJ543LWf6

| | |
|---|---|
| **Subject** | **2. La Mesa Directiva brindará a los miembros del público la oportunidad de presentar comentarios sobre los temas incluidos y no incluidos en la agenda de la Junta. Las personas que deseen dirigirse a la Mesa Directiva deben registrarse entre las 2:30 p.m. el 14 de septiembre de 2022 y las 2:30 p.m. el 15 de septiembre de 2022. Los oradores pueden solicitar un traductor si planean presentar sus comentarios en un idioma que no sea inglés enviando un correo electrónico a community_relations@roundrockisd.org al menos ocho horas antes del inicio de la reunión. https://forms.gle/k5PMorKxNJ543LWf6** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | E. PUBLIC COMMENTS |
| Type | |

https://forms.gle/k5PMorKxNJ543LWf6

## F. SUPERINTENDENT REPORTS

| | |
|---|---|
| **Subject** | **1. 2022-23 Academic Year Updates and Highlights** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | F. SUPERINTENDENT REPORTS |
| Type | Report |

> File Attachments
> F1.2022-23 Updates & Highlights Sep.22.pdf (5,849 KB)

## G. DISCUSSION ITEMS

| | |
|---|---|
| **Subject** | **1. Board Student Outcome Goals Time Tracker** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | G. DISCUSSION ITEMS |
| Type | Discussion |

> File Attachments
> G1.August TOTAL Time_Use_Tracker.pdf (1,769 KB)
> G1.Thursday, August 18, 2022.pdf (45 KB)

App. 018

G1.Time_Use_Tracker8.18.22.pdf (1,769 KB)
G1.Tuesday, August 16, 2022.pdf (44 KB)
G1.8.16.22 Meeting Time Tracker.pdf (1,769 KB)
G1.August 2, 2022.pdf (33 KB)

---

**Subject**  **2. TEA Monthly Monitor Reports**

Meeting  Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING

Category  G. DISCUSSION ITEMS

Type  Discussion

*Will post the monitor report when available.*

File Attachments
G2.9 15 22 Exp Report August 2022 Round Rock Faltys 1 pager.pdf (150 KB)
G2.Prog Report August 2022 Round Rock.pdf (248 KB)

## H. ACTION ITEMS FOR CONSIDERATION BY CONSENT

**Subject**  **1. Approval of Board Minutes**

Meeting  Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING

Category  H. ACTION ITEMS FOR CONSIDERATION BY CONSENT

Type  Action (Consent)

Recommended Action  ADMINISTRATION RECOMMENDATION:
I move that the Board approve the minutes for the Board meetings held on August 16, 18, 24, 30 and September 8, 2022 as presented.

*BACKGROUND INFORMATION:*

Minutes for the Board meetings held on August 16, 18, 24, 30 and September 8, 2022 are submitted for your review and approval.

File Attachments
H1.8 16 22 Minutes Called Board Mtg.pdf (464 KB)
H1.8 18 22 Minutes Regular Board Mtg.pdf (601 KB)
H1.8 24 22 Minutes Called Board Mtg.pdf (158 KB)
H1.8 30 22 Minutes Called Board Mtg.pdf (138 KB)
H1.9 8 22 Minutes Called Board Mtg.pdf (146 KB)

---

**Subject**  **2. Adoption of Resolution for Extension Agents of Travis/Williamson Counties as Adjunct Faculty for 4-H Members' Extracurricular Participation**

Meeting  Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING

Category  H. ACTION ITEMS FOR CONSIDERATION BY CONSENT

| | |
|---|---|
| Type | Action (Consent) |
| Recommended Action | ADMINISTRATION RECOMMENDATION:<br>I move that the Board adopt the Resolution for Extension Agents (AgriLife employees) of Travis County and Williamson County be recognized as adjunct faculty of Round Rock ISD and that currently enrolled 4-H members under their supervision be eligible for extracurricular participation and subject to all rules and regulations set forth for extracurricular participation. |

*BACKGROUND INFORMATION:*

The State Board of Education passed an amendment to 19 TAC Chapter 129.21 (k)(1) and the Students Attendance Accounting for State Funding Purpose, June 9, 1994, that allows public school students to be considered "in attendance" when participating in off-campus activities with an adjunct staff member of the school district.  This amendment provides local school boards the opportunity to recognize County Extension Agents as adjunct staff members and to recognize county students' participation in 4-H/Extension educational activities as "in attendance for Foundation program purposes."

Extension agents for Travis County and Williamson County have requested that the Round Rock ISD Board of Trustees recognize the Extension Agents of Travis County and Williamson County as adjunct faculty and recognize currently enrolled 4-H members as approved for recognition and eligible for extracurricular status consideration.

---

File Attachments
H2.RR ISD Cover letter.pdf (36 KB)
H2.RR ISD Resolution regarding extracurricular status.pdf (42 KB)
H2.Williamson County.pdf (387 KB)
H2.RR ISD Adjunct Faculty Agreement.pdf (132 KB)

---

| | |
|---|---|
| **Subject** | **3. Approval of RRISD's RR Chamber Board of Directors Representative** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | H. ACTION ITEMS FOR CONSIDERATION BY CONSENT |
| Type | Action (Consent) |
| Recommended Action | ADMINISTRATION RECOMMENDATION:<br>I move that the Board appoint Dr. Hafedh Azaiez as the District's Representative to the Round Rock Chamber of Commerce Board of Directors. |

*BACKGROUND INFORMATION*

The Round Rock Chamber by-laws allow the Round Rock Board of Trustees to select the school district representative to the Round Rock Chamber of Commerce Board of Directors. The Board of Trustees is to select a School District Trustee or the Superintendent as the Chamber representative. The chamber by-laws read as follows:

"One (1) Director appointed for a term of one (1) fiscal year by the board of Trustees of the Round Rock Independent School District and approved by the Board by the last regular meeting in the third (3rd) quarter of the fiscal year. Such designee shall be a Trustee or the Superintendent of Schools."

The term of appointment is January through December however, the Round Rock Chamber Board of Directors approves the appointees for 2023 in September.

---

| | |
|---|---|
| **Subject** | **4. Approval of the Memorandum of Understanding for the Travis County Juvenile Justice Alternative Education Program (JJAEP) for the 2022-23 School Year** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |

App. 020

| Category | H. ACTION ITEMS FOR CONSIDERATION BY CONSENT |
|---|---|
| Type | Action (Consent) |
| Recommended Action | ADMINISTRATION RECOMMENDATION: I move that the Board approve the Memorandum of Understanding for the Travis County Juvenile Justice Alternative Education Program for the 2022-23 school year as presented. |

*BACKGROUND INFORMATION:*

Round Rock Independent School District, along with other Travis County public schools, participates in a cooperative arrangement with the Travis County Juvenile Board to provide a Juvenile Justice Alternative Education Program (JJAEP).  The goals of this program are education, discipline, and rehabilitation for students who have been expelled for campus law violations.

In compliance with the Texas Education Code, Section 37.011, a Memorandum of Understanding (MOU) is jointly developed and reviewed on a regular basis.  A copy of the MOU and amendment summary are attached.

The financial assessment for each district is based on the number of days the ISD used during a specific time period in the previous school year.

In order for RRISD to continue this program, Board action is needed annually to approve the MOU.

---

File Attachments
H4.JJAEP MOU_SY2022-23 (Judge Hurley Signed).pdf (2,649 KB)
H4.TCJB Memo re JJAEP MOU (08.2022).pdf (446 KB)

---

| **Subject** | **5. Approval of T-TESS Appraisers** |
|---|---|
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | H. ACTION ITEMS FOR CONSIDERATION BY CONSENT |
| Type | Action (Consent) |
| Recommended Action | ADMINISTRATION RECOMMENDATION: I move that the Board approve the list of T-TESS Appraisers for the 2022-2023 school year as presented. |

*BACKGROUND INFORMATION:*

The Board of Trustees approves the list of district administrators who evaluate teachers through the Texas Teacher Evaluation Support System.  The list of the 2022-2023 qualified T-TESS Appraisers is attached.

---

File Attachments
H5.T-TESS Appraisers Sept. 2022.pdf (44 KB)

---

# I. ACTION ITEMS

| **Subject** | **1. Adoption of Resolution Setting Tax Rate for 2022-2023** |
|---|---|
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |

App. 021

| | |
|---|---|
| Category | I. ACTION ITEMS |
| Type | Action |
| Recommended Action | ADMINISTRATION RECOMMENDATION: I move that the Board approve the property tax rate be increased by the adoption of a tax rate of $1.0626, which is effectively a 23.07 percent increase in the tax rate. |

*BACKGROUND INFORMATION:*

Update:
Please note that the tax rate being proposed ($1.0626) is lower than last year's tax rate ($1.1336) and we will see an increase in total tax revenue due to rising property values.  However, due to the fact that the No New Revenue Rate (.8634) is lower than our proposed rate, we are required by Texas Education Code to adopt the attached resolution.

The Notice of Public Meeting to Discuss Budget and Proposed Tax Rate was published in the Round Rock Leader on June 6, 2022. The budget for the 2022-23 fiscal year was adopted by the Board on June 16, 2022. At the time the budget was adopted, we only had estimated property values which were assumed to increase by 13.0 percent. In late July, taxable values were certified and Round Rock ISD's values increased 8.80 percent. The higher certified values did not change the Maintenance and Operations (M&O) maximum compressed rate from $0.8046.

The proposed, total tax rate for 2022-23 for Round Rock ISD is $1.0626. This is comprised of an M&O rate of $0.8546 ($0.8046 Tier 1 and $0.05 golden pennies) and $0.2080 for debt service. This is a decrease of $0.0710 (6.26%) of the total tax rate for 2021-22 of $1.1336 ($0.8936 general operating and $0.2400 debt service).

The following table shows the change in total tax for various taxable values. Taxable values on homestead properties can't increase more than 10 percent per year:

| Taxable Value 2021-22 | Taxable Value 2022-23 | Change in Tax ($) | Change in Tax (%) |
|---|---|---|---|
| $300,000 | $330,000 | $106 | 3.1% |
| 400,000 | 440,000 | 141 | 3.1% |
| 500,000 | 550,000 | 176 | 3.1% |
| 600,000 | 660,000 | 212 | 3.1% |
| 700,000 | 770,000 | 247 | 3.1% |
| 800,000 | 880,000 | 282 | 3.1% |
| 900,000 | 990,000 | 317 | 3.1% |
| 1,000,000 | 1,100,000 | 353 | 3.1% |

File Attachments
I1.2021 Tax Rate Calculation Worksheet School Districts without chapter 313 agreements.pdf (7,315 KB)
I1.2022 TAX RATE LEVY.pdf (669 KB)
I1.Resolution-Tax Rate Adoption 2022.pdf (100 KB)

| | |
|---|---|
| **Subject** | **2. Discussion and Possible Action on Goal Progress Measures, Constraint, Constraint Progress Measures and Monitoring Calendar (Student Outcomes)** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | I. ACTION ITEMS |
| Type | Action |

| Recommended Action | ADMINISTRATION RECOMMENDATION: I move that the Board adopt Goal Progress Measures 4.1 and 4.2 and Constraint Progress Measures 1.1, 1.2, 2.1, 3.1, and 3.2 and the Monitoring Calendar as presented. |
|---|---|

*BACKGROUND INFORMATION:*

On August 16, 2022 the Board approved Goal 4, Constraints and Board Constraints. The Goal Progress Measures (GPM's) and Constraint Progress Measures (CPM's) are provided here for review and approval. In addition, the Monitoring Calendar is attached for Board approval.

File Attachments
I2.9.15.22 LSG Updates and Potential Action Items (1).pdf (547 KB)
I2.Board Monitoring Calendar Draft.pdf (83 KB)

| **Subject** | **3. Approval of Board Operating Procedures** |
|---|---|
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | I. ACTION ITEMS |
| Type | Action |
| Recommended Action | ADMINISTRATION RECOMMENDATION: I move that the Board approve the Board Operating Procedures as presented with an adoption date of September 15, 2022. |

*BACKGROUND INFORMATION:*

On August 16, 2022, the Board discussed the Board Operating Procedures and proposed the attached revisions.

File Attachments
I3.BOP 4-2022 Redline Version- Board 9.15.22.pdf (947 KB)
I3.BOP 9.15.22.pdf (507 KB)

| **Subject** | **4. Waive First Reading and Adoption of Local Policies BBF, BDAA, BDD, BE, BED and BJCD** |
|---|---|
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | I. ACTION ITEMS |
| Type | Action |
| Recommended Action | ADMINISTRATION RECOMMENDATION: I move that the Board waive first reading and adopt Local Policies BBF, BDAA, BDD, BE, BED and BJCD as presented with an adoption date of September 15, 2022. |

*BACKGROUND INFORMATION:*

This agenda item was moved from the August 16th Board meeting to align with the Board Operating Procedures. The proposed policy revisions are attached.

File Attachments
I4.BBF(LOCAL).pdf (132 KB)
I4.BDAA(LOCAL).pdf (262 KB)

App. 023

I4.BDD(LOCAL).pdf (108 KB)
I4.BE(LOCAL).pdf (150 KB)
I4.BED(LOCAL).pdf (129 KB)
I4.BJCD(LOCAL).pdf (131 KB)

| | |
|---|---|
| **Subject** | **5. Waive First Reading and Adoption of TEA Model Policy EFB as requested by Trustee Weston or TASB Policies EFA (Local) and EFB (Local)** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | I. ACTION ITEMS |
| Type | Action |
| Recommended Action | ADMINISTRATION RECOMMENDATION: I move that the Board waive first reading and adopt Policies EFA (Local) and EFB (Local) as presented with an adoption date of September 15, 2022. |

*BACKGROUND INFORMATION:*

TASB Policies EFA (LOCAL) and EFB (LOCAL) are part of the regular TASB Policy Manual updates. The first reading of updates to the full Policy Manual will be brought to the Board during the October 2022 Regular Board meeting.

Trustee Weston requested earlier consideration of Policy EFB based on the TEA Model Policy. The Administration is accommodating this request and is bringing the companion policy at the same time.

File Attachments
I5.EFB(L)-ALT.pdf (201 KB)
I5.Current-EFA(LOCAL).pdf (116 KB)
I5.TEA-efb-local-library-materials.pdf (228 KB)
I5.EFA(L)-A (1).pdf (190 KB)

| | |
|---|---|
| **Subject** | **6. Discussion and Possible Action on the Round Rock ISD Safety and Security Committee Board Representatives - Trustee Weston** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | I. ACTION ITEMS |
| Type | Action, Discussion |

## J. BOARD BUSINESS

| | |
|---|---|
| **Subject** | **1. Board Announcements** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | J. BOARD BUSINESS |
| Type | Information |

| | |
|---|---|
| **Subject** | **2. Request for Future Agenda Items** |

| | |
|---|---|
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | J. BOARD BUSINESS |
| Type | Information |

| | |
|---|---|
| **Subject** | **3. Calendar RSVP's - Trustee Feller** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | J. BOARD BUSINESS |
| Type | Information |

## K. CLOSED SESSION

| | |
|---|---|
| **Subject** | **1. Pursuant to Texas Government Code Sections 551.072, the Board will meet to discuss and deliberate on the purchase, exchange, lease, or value of real property and pursuant to Texas Government Code 551.071 the Board may seek legal advice regarding the proposed conveyance/sale of land.** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | K. CLOSED SESSION |
| Type | Information |

Such closed or executive meeting or session as authorized by the Texas Open Meetings Act, Texas Government Code Section 551.001 et seq., will be held by the School Board at the date and place given in this Notice as soon after the commencement of the meeting covered by the Notice as the School Board may conveniently meet in such closed or executive meeting or session concerning any and all purposes permitted by the Act, including, but not limited to the above mentioned sections and purposes.

Following the Closed Session, the Board will reconvene in Open Session and may take action on any item discussed in Closed Session.

| | |
|---|---|
| **Subject** | **2. Pursuant to Texas Government Code Sections 551.071 and 551.076, the Board will review, deliberate and discuss the District and Board safety and security measures, Emergency Operations Plan (EOP).** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | K. CLOSED SESSION |
| Type | Information |

Such closed or executive meeting or session as authorized by the Texas Open Meetings Act, Texas Government Code Section 551.001 et seq., will be held by the School Board at the date and place given in this Notice as soon after the commencement of the meeting covered by the Notice as the School Board may conveniently meet in such closed or executive meeting or session concerning any and all purposes permitted by the Act, including, but not limited to the above mentioned sections and purposes.

Following the Closed Session, the Board will reconvene in Open Session and may take action on any item discussed in Closed Session.

App. 025

| | |
|---|---|
| **Subject** | **3. Pursuant to Texas Government Code Sections 551.071 and 551.074, and as requested by Trustee Weston, the Board will discuss, deliberate and consult with District General Counsel regarding pending litigation.** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | K. CLOSED SESSION |
| Type | Information |

Such closed or executive meeting or session as authorized by the Texas Open Meetings Act, Texas Government Code Section 551.001 et seq., will be held by the School Board at the date and place given in this Notice as soon after the commencement of the meeting covered by the Notice as the School Board may conveniently meet in such closed or executive meeting or session concerning any and all purposes permitted by the Act, including, but not limited to the above mentioned sections and purposes.

Following the Closed Session, the Board will reconvene in Open Session and may take action on any item discussed in Closed Session.

| | |
|---|---|
| **Subject** | **4. Pursuant to Texas Government Code Section 551.071, and as requested by Trustee Weston, the Board will discuss, deliberate and consult with District General Counsel regarding student surveys.** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | K. CLOSED SESSION |
| Type | Information |

Such closed or executive meeting or session as authorized by the Texas Open Meetings Act, Texas Government Code Section 551.001 et seq., will be held by the School Board at the date and place given in this Notice as soon after the commencement of the meeting covered by the Notice as the School Board may conveniently meet in such closed or executive meeting or session concerning any and all purposes permitted by the Act, including, but not limited to the above mentioned sections and purposes.

Following the Closed Session, the Board will reconvene in Open Session and may take action on any item discussed in Closed Session.

| | |
|---|---|
| **Subject** | **5. Pursuant to Texas Government Code Sections 551.071 and 551.074, the Board will consult with attorney to discuss the duties, roles and responsibilities of a public officer or employee.** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | K. CLOSED SESSION |
| Type | Information |

Such closed or executive meeting or session as authorized by the Texas Open Meetings Act, Texas Government Code Section 551.001 et seq., will be held by the School Board at the date and place given in this Notice as soon after the commencement of the meeting covered by the Notice as the School Board may conveniently meet in such closed or executive meeting or session concerning any and all purposes permitted by the Act, including, but not limited to the above mentioned sections and purposes.

Following the Closed Session, the Board will reconvene in Open Session and may take action on any item discussed in Closed Session.

App. 026

## L. CALL BACK TO ORDER/EXECUTIVE SESSION MOTIONS

| | |
|---|---|
| **Subject** | **1. Call Back to Order/Executive Session Motions** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | L. CALL BACK TO ORDER/EXECUTIVE SESSION MOTIONS |
| Type | Information |

## M. THE BOARD RESERVES THE RIGHT TO ENTER INTO CLOSED SESSION ON ANY AGENDA ITEM AS PERMITTED BY THE TEXAS OPEN MEETINGS ACT, SECTION 551.071 ET SEQ.

| | |
|---|---|
| **Subject** | **1. The Board reserves the right to enter into closed session on any agenda item as permitted by the Texas Open Meetings Act, Section 551.071 et seq.** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | M. THE BOARD RESERVES THE RIGHT TO ENTER INTO CLOSED SESSION ON ANY AGENDA ITEM AS PERMITTED BY THE TEXAS OPEN MEETINGS ACT, SECTION 551.071 ET SEQ. |
| Type | |

## N. ADJOURNMENT

| | |
|---|---|
| **Subject** | **1. Adjournment** |
| Meeting | Sep 15, 2022 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES REGULAR BOARD MEETING |
| Category | N. ADJOURNMENT |
| Type | Information |

On this the 12th day of September 2022 at 5:00 p.m., a copy of this notice was posted on the Round Rock ISD website.



**ROUND ROCK**
INDEPENDENT SCHOOL DISTRICT

ROUND ROCK INDEPENDENT SCHOOL DISTRICT
Round Rock, Texas

A Regular Board Meeting of the Board of Trustees was held on Thursday, September 15, 2022, commencing at 5:30 p.m. at the Round Rock High School 100 Lecture Hall, located at 300 N. Lake Creek Drive, Round Rock, TX 78681. Notice is hereby provided that a quorum of at least four Trustees will be physically present at the meeting location and the Board intends to have a quorum present at such location, but up to three Trustees may attend the meeting by videoconference call as permitted by Tex. Gov't Code Section 551.127.

| | |
|---|---|
| Call to Order | President Amber Feller called the meeting to order at 5:30 p.m. |
| Roll Call | President  Amber Feller, Vice President Tiffanie N. Harrison, Secretary Amy Weir, Cory Vessa, Dr. Mary Bone, Danielle Weston, Dr. Kevin R. Johnson and Dr. Hafedh Azaiez, Superintendent of Schools. |
| | *Trustee Bone attended virtually.* |
| | *Trustee Bone left the meeting at 10:49 p.m.* |
| Absent | None. |
| Pledge of Allegiance and Texas Pledge | The Board and audience recited the Pledge of Allegiance and Texas Pledge. |
| Students and Staff Recognitions | The following staff and students were recognized: |

**Student Recognition**

- **Canyon Vista MS** - 2nd Place String Orchestra, Texas Music Educators Association Honor Orchestra Competition
- **Canyon Vista MS** - 3rd Place Full Orchestra - Texas Music Educators Association Honor Orchestra Competition
- **Westwood HS Orchestra** - 3rd Place Full Orchestra - Texas Music Educators Association Honor Orchestra Competition

**Suicide Prevention Awareness Month –** Jenny LaCoste-Caputo, Chief of Public Affairs and Communications highlighted that September is Suicide Prevention Awareness month.

**Staff Introductions**

| New Principals Introduction |
|---|
| Joe Lee Johnson ES - Karl Unger |
| Pond Springs ES - Sjoukje Brown |
| Sommer ES - Brooke Elarms |
| Grisham MS - Kyla Mills |
| Ridgeview MS - Marisa Ramirez |
| Cedar Ridge HS - Jonathan Smith |

**Exhibit 7**

App. 028

| McNeil HS - Dr. Mack O. Eagleton |
| Westwood HS - Erin Campbell |

**Public Comments**          The following citizens spoke during Public Comments:

- *Paige Elliott*
- *Madeline Baird*
- *Jaiden Johnson*
- *Denise Ray*
- *Jaye Price*
- *Lyndy Dower*
- *Jeremy Story*
- *John Keagy*
- *Mark Adams*
- *Mark Costenbader*
- *Christie Slape*
- *Elena Lozano*
- *Teresa Blanton*
- *Keryn Hawthorne*
- *Don Zimmerman*
- *Kristi Davis*
- *Linda Avila*
- *Jill Farris*
- *Laurie Kent*
- *Melissa Waelchli*
- *Kara Angell*
- *Tammy Conrad*
- *Lindsey Ledyard*
- *Danita Medford*
- *Emily Hersh*
- *Eve Margolis*
- *Chuy Zarate*
- *Meghna Roy*
- *Amanda Erickson*
- *Rebecca Molis*
- *Orlando Salinas*
- *Jennifer Balch*
- *Katie Kizer*
- *Gina DePuy*
- *Jack Chiles*
- *Chelsea Gahran*
- *Gisele Schaefer*
- *Linda Avila*

- *Deanna Dawson*
- *Benjamin Sterling*
- *Fabian Cuero*
- *Maryam Zafar*

*The Board recessed at 7:12 p.m. President Feller called the meeting back to order at 7:20 p.m.*

**Superintendent Reports**

- *2022-23 Academic Year Updates and Highlights* – Dr. Hafedh Azaiez, Superintendent of Schools provided some updates and highlights about the current school year. The following staff members also presented:
  - o  Eddie Curran, Chief of Human Resource Services
  - o  Chief Dennis Weiner, RRISD Police Department
  - o  Ryan Smith, Chief of Teaching and Learning
  - o  Terry Worcester, Chief Operating Officer

**Discussion Items**

Agenda Item No. G1 – Board Student Outcome Goals Time Tracker
Trustee Amy Weir announced that out of 509 minutes of meetings in the month of August, the Board spent 181 minutes on student outcomes which is 35.56% of the time.

Agenda Item No. G2 – TEA Monthly Monitor Report – Dr. David Faltys, TEA Monitor announced that since the Board received the August monitoring report today, he would present it at next month's Board meeting to allow the Board time to review it.

**Consent Action Items**

**Motion:**
Amy Weir moved that the Board approve Agenda Items No. H1, H2, H3, H4 and H5 by consent. Tiffanie Harrison seconded the motion.

Agenda Item No. H1 – Approval of Board Minutes
The Board approved the minutes for the Board meetings held on August 16, 18, 24, 30 and September 8, 2022 as presented.

Agenda Item No. H2 – Adoption of Resolution for Extension Agents of Travis/Williamson Counties as Adjunct Faculty for 4-H Members' Extracurricular Participation
The State Board of Education passed an amendment to 19 TAC Chapter 129.21 (k)(1) and the Students Attendance Accounting for State Funding Purpose, June 9, 1994, that allows public school students to be considered "in attendance" when participating in off-campus activities with an adjunct staff member of the school district.  This amendment provides local school boards the opportunity to recognize County Extension Agents as adjunct staff members and to recognize county students' participation in 4-H/Extension educational activities as "in attendance for Foundation program purposes."

App. 030

Extension agents for Travis County and Williamson County have requested that the Round Rock ISD Board of Trustees recognize the Extension Agents of Travis County and Williamson County as adjunct faculty and recognize currently enrolled 4-H members as approved for recognition and eligible for extracurricular status consideration.
The Board adopted the Resolution for Extension Agents (AgriLife employees) of Travis County and Williamson County be recognized as adjunct faculty of Round Rock ISD and that currently enrolled 4-H members under their supervision be eligible for extracurricular participation and subject to all rules and regulations set forth for extracurricular participation.

Agenda Item No. H3 – Approval of RRISD's RR Chamber Board of Directors Representative
The Round Rock Chamber by-laws allow the Round Rock Board of Trustees to select the school district representative to the Round Rock Chamber of Commerce Board of Directors. The Board of Trustees is to select a School District Trustee or the Superintendent as the Chamber representative. The chamber by-laws read as follows:
"One (1) Director appointed for a term of one (1) fiscal year by the board of Trustees of the Round Rock Independent School District and approved by the Board by the last regular meeting in the third (3rd) quarter of the fiscal year. Such designee shall be a Trustee or the Superintendent of Schools."
The term of appointment is January through December however, the Round Rock Chamber Board of Directors approves the appointees for 2023 in September.
The Board appointed Dr. Hafedh Azaiez as the District's Representative to the Round Rock Chamber of Commerce Board of Directors.

Agenda Item No. H4 – Approval of the Memorandum of Understanding for the Travis County Juvenile Justice Alternative Education Program (JJAEP) for the 2022-23 School Year
Round Rock Independent School District, along with other Travis County public schools, participates in a cooperative arrangement with the Travis County Juvenile Board to provide a Juvenile Justice Alternative Education Program (JJAEP). The goals of this program are education, discipline, and rehabilitation for students who have been expelled for campus law violations.
In compliance with the Texas Education Code, Section 37.011, a Memorandum of Understanding (MOU) is jointly developed and reviewed on a regular basis. A copy of the MOU and amendment summary are attached.
The financial assessment for each district is based on the number of days the ISD used during a specific time period in the previous school year. In order for RRISD to continue this program, Board action is needed annually to approve the MOU.

The Board approved the Memorandum of Understanding for the Travis County Juvenile Justice Alternative Education Program for the 2022-23 school year as presented.

Agenda Item No. H5 – Approval of T-TESS Appraisers
The Board of Trustees approves the list of district administrators who evaluate teachers through the Texas Teacher Evaluation Support System. The Board approved the list of T-TESS Appraisers for the 2022-2023 school year as presented.

Yeas:                    All Board Members present voted "Yes".

Nays:                    None.

                         Motion passed 7:0.

Agenda Item No. I1       **Motion:**
Adoption of Resolution Setting   Amy Weir moved that the Board approve the property tax rate be increased
Tax Rate for 2022-2023   by the adoption of a tax rate of $1.0626, which is effectively a 23.07 percent increase in the tax rate and that the Board adopt the resolution setting the tax rate for the 2022-2023 school year. Tiffanie Harrison seconded the motion.

                         **Motion to Call the Question:**
                         Tiffanie Harrison moved to call the question. Amy Weir seconded the motion.

Yeas:                    Amber Feller, Tiffanie Harrison, Amy Weir, Cory Vessa, Kevin Johnson.

Nays:                    Mary Bone, Danielle Weston.

                         Motion to Call the Question passed 5:2.

                         **Motion:**
                         Amy Weir moved that the Board approve the property tax rate be increased by the adoption of a tax rate of $1.0626, which is effectively a 23.07 percent increase in the tax rate and that the Board adopt the resolution setting the tax rate for the 2022-2023 school year. Tiffanie Harrison seconded the motion.

Yeas:                    Amber Feller, Tiffanie Harrison, Amy Weir, Cory Vessa, Kevin Johnson.

Nays:                    Mary Bone, Danielle Weston.

                         Motion passed 5:2.

App. 032

| Agenda Item No. I2<br>Discussion and Possible Action on Goal Progress Measures, Constraint, Constraint Progress Measures and Monitoring Calendar (Student Outcomes) | **Motion:**<br>Amy Weir moved that the Board adopt Goal Progress Measures 4.1 and Constraint Progress Measures 1.1, 1.2, 2.1, 3.1, and 3.2 and the Monitoring Calendar as presented with the addition of the Board Evaluation date as discussed. Amber Feller seconded the motion. |
|---|---|
| Yeas: | Amber Feller, Tiffanie Harrison, Amy Weir, Cory Vessa, Mary Bone, Kevin Johnson. |
| Nays: | Danielle Weston. |
| | Motion passed 6:1. |
| | *The Board recessed at 9:27 p.m. President Feller called the meeting back to order at 9:37 p.m.* |
| Agenda Item No. I3<br>Approval of Board Operating Procedures | **Motion:**<br>Amy Weir moved that the Board approve the Board Operating Procedures with changes as discussed with an adoption date of September 15, 2022. Tiffanie Harrison seconded the motion. |
| Yeas: | All Board Members present voted "Yes". |
| Nays: | None. |
| | Motion passed 7:0. |
| Agenda Item No. I4<br>Waive First Reading and Adoption of Local Policies BBF, BDAA, BDD, BE, BED and BJCD | **Motion:**<br>Amy Weir moved that the Board waive first reading and adopt Local Policies BBF, BDAA, BDD, and BJCD with changes as discussed with an adoption date of September 15, 2022. Tiffanie Harrison seconded the motion. |
| Yeas: | All Board Members present voted "Yes". |
| Nays: | None. |
| | Motion passed 7:0. |
| | **Motion:**<br>Amy Weir moved that the Board waive first reading and adopt Local Policy BE as presented with an adoption date of September 15, 2022. Tiffanie Harrison seconded the motion. |
| Yeas: | Amber Feller, Tiffanie Harrison, Amy Weir, Cory Vessa, Kevin Johnson. |
| Nays: | Mary Bone, Danielle Weston. |
| | Motion passed 5:2. |

| | |
|---|---|
| Agenda Item No. I5<br>Waive First Reading and Adoption of TEA Model Policy EFB as requested by Trustee Weston or TASB Policies EFA (Local) and EFB (Local) | The motion was rescinded. The Board will place this item on a future Board meeting agenda. |
| Agenda Item No. I6<br>Discussion and Possible Action on the Round Rock ISD Safety and Security Committee Board Representatives - Trustee Weston | **Motion:**<br>Mary Bone moved to appoint Danielle Weston to the School Safety and Security Committee in replacement of Amy Weir effective immediately. Danielle Weston seconded the motion. |

| | |
|---|---|
| | **Substitute Motion:**<br>Cory Vessa moved to table the vote until Trustee Harrison can ask questions in closed session. Tiffanie Harrison seconded the motion. |
| Yeas: | Amber Feller, Tiffanie Harrison, Amy Weir, Cory Vessa, Kevin Johnson. |
| Nays: | Mary Bone, Danielle Weston. |
| | Substitute Motion passed 5:2. |
| | *Trustee Bone left the meeting at 10:49 p.m.* |
| Board Business/Request for Future Agenda Items/Calendar RSVP's | *Upcoming Meetings:* |

- September 20, Called Board Meeting-Grievances & Superintendent Summative Evaluation
- September 29, Called Board Meeting-Grievances
- October 5, Called Board Meeting-Academic Workshop
- October 20, Regular Board Meeting

Trustee Johnson made a statement asking for civility among voters, supporters and the community as we enter into the height of the election season.

Trustee Weston acknowledged that this is Freedom Week and that last week was the 21st Anniversary of 911. She also mentioned that September is Suicide Awareness Prevention month and that 988 is now the new hotline number.

Ms. Feller announced that beginning in November, the Board will hold the second Thursday of the month for a Board meeting to hear pending grievances. The meeting will be canceled if there are no pending grievances. She also announced that the December Regular Board

meeting date will change from Thursday the 15ᵗʰ to Tuesday, the 13ᵗʰ of December. The same change will happen for the June Regular Board meeting. She also mentioned that the Board will be attending the TASA/TASB Convention this coming weekend in San Antonio, TX.

Dr. Azaiez mentioned that a review of the Emergency Operations Plan (EOP) must be done every three years however, moving forward, Round Rock ISD will be reviewing and updating it annually. He also thanked the Board for approving the tax rate and assured the Board and the public that the administration will continue to be good stewards of tax dollars and will continue to prioritize classroom instruction, safety and security as well as recruitment and retention of teachers and staff by offering competitive salaries. He also mentioned that the district is aware of the recent student deaths at Hays CISD related to fentanyl overdoses. He notified the Board that the district has already created messaging to call awareness to the dangers of fentanyl and related drug use, which is being displayed currently at high school digital monitors. The Communications department will prepare additional outreach efforts that will launch in the near future.

**Closed Session**

President Amber Feller called the Board into Closed Session at 11:02 p.m. for purposes permitted by the Texas Open Meetings Act, Texas Government Code 551.001 et seq. to:

1. Pursuant to Texas Government Code Sections 551.072, the Board will meet to discuss and deliberate on the purchase, exchange, lease, or value of real property and pursuant to Texas Government Code 551.071 the Board may seek legal advice regarding the proposed conveyance/sale of land.
2. Pursuant to Texas Government Code Sections 551.071 and 551.076, the Board will review, deliberate and discuss the District and Board safety and security measures, Emergency Operations Plan (EOP).
3. Pursuant to Texas Government Code Sections 551.071 and 551.074, and as requested by Trustee Weston, the Board will discuss, deliberate and consult with District General Counsel regarding pending litigation.
4. Pursuant to Texas Government Code Section 551.071, and as requested by Trustee Weston, the Board will discuss, deliberate and consult with District General Counsel regarding student surveys.
5. Pursuant to Texas Government Code Sections 551.071 and 551.074, the Board will consult with attorney to discuss the duties, roles and responsibilities of a public officer or employee.

**Reconvene Meeting**

The Board reconvened from Closed Session on September 16, 2022 at 12:47 a.m.

*Round Rock Independent School District*
*Regular Board Meeting, September 15, 2022*                                      *Page 9 of 10*

| Agenda Item No. K1<br>The Board will meet to discuss and deliberate on the purchase, exchange, lease, or value of real property and pursuant to Texas Government Code 551.071 the Board may seek legal advice regarding the proposed conveyance/sale of land | **Motion:**<br>Amy Weir moved that the Board approve by resolution the disposal of Round Rock ISD properties, in accordance with Texas Local Government Code Sec. 272.001 authorizing preparation, marketing and sale of surplus properties as discussed in closed session.  Cory Vessa seconded the motion. |
|---|---|
| Yeas: | Amber Feller, Tiffanie Harrison, Amy Weir, Cory Vessa, Danielle Weston, Kevin Johnson. |
| Nays: | None. |
| | Motion passed 6:0. |
| Agenda Item No. K2<br>The Board will review, deliberate and discuss the District and Board safety and security measures, Emergency Operations Plan (EOP) | **Motion:**<br>Amy Weir moved that the Board approve the District's Emergency Operations Plan (EOP) as discussed in closed session.  Tiffanie Harrison seconded the motion. |
| Yeas: | Amber Feller, Tiffanie Harrison, Amy Weir, Cory Vessa, Kevin Johnson. |
| Nays: | None. |
| Abstain: | Danielle Weston. |
| | Motion passed 5:0:1. |
| Agenda Item No. I6<br>Discussion and Possible Action on the Round Rock ISD Safety and Security Committee Board Representatives - Trustee Weston | **Motion:**<br>Mary Bone moved to appoint Danielle Weston to the School Safety and Security Committee in replacement of Amy Weir effective immediately. Danielle Weston seconded the motion. |
| | **Substitute Motion:**<br>Cory Vessa moved that if either of the Trustees assigned to the Safety and Security committee are unable to attend a meeting, they notify another Trustee to attend in their place. Tiffanie Harrison seconded the motion. |
| Yeas: | Amber Feller, Tiffanie Harrison, Amy Weir, Cory Vessa, Kevin Johnson. |
| Nays: | Danielle Weston. |
| | Substitute Motion passed 5:1. |

App. 036

**Round Rock Independent School District**
*Regular Board Meeting, September 15, 2022*

President Feller asked the Board if there were any objections to adjourn the meeting. Hearing none, the meeting adjourned on September 16, 2022 at 12:49 a.m.

These minutes approved the 20th day of October 2022.


Amber Feller
President

Amy Weir
Secretary



**Tuesday, September 20, 2022**
**ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING**

**CALLED BOARD MEETING**
**TIME: 5:30 P.M.**
**LOCATION: Round Rock High School 100 Lecture Hall, 300 N Lake Creek Drive, Round Rock, TX 78681**
**Notice is hereby provided that a quorum of at least four Trustees will be physically present at the meeting location and the Board intends to have a quorum present at such location, but up to three Trustees may attend the meeting by videoconference call as permitted by Tex. Gov't Code Section 551.127.**
**Board of Trustees meetings are live streamed on the Round Rock ISD website https://roundrockisd.org/about-rrisd/board-of-trustees/board-meetings/**
**\*\*\*In an effort to improve safety and security, Round Rock ISD will be enforcing its clear bag policy for large-scale events at Board of Trustees meetings.\*\*\***

**A. CALL TO ORDER**

1. Call to Order

**B. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE**

1. Pledge of Allegiance and Texas Pledge

**C. PUBLIC COMMENTS TO AGENDA ITEMS ONLY**

1. The Board will afford members of the public an opportunity to speak on items listed on the Board agenda. Individuals wishing to address the Board must sign up between 2:30 p.m. on September 19, 2022 and 2:30 p.m. on September 20, 2022. Speakers may request a translator if they plan to deliver their remarks in a language other than English by emailing community_relations@roundrockisd.org at least eight hours prior to the start of the meeting.
https://forms.gle/1jtNY3AW1X6TBZGM7

2. La Mesa Directiva brindará a los miembros del público la oportunidad de presentar comentarios sobre los temas incluidos en la agenda de la Junta. Las personas que deseen dirigirse a la Mesa Directiva deben registrarse entre las 2:30 p.m. el 19 de septiembre de 2022 y las 2:30 p.m. el 20 de septiembre de 2022. Los oradores pueden solicitar un traductor si planean presentar sus comentarios en un idioma que no sea inglés enviando un correo electrónico a community_relations@roundrockisd.org al menos ocho horas antes del inicio de la reunión.
https://forms.gle/1jtNY3AW1X6TBZGM7

**D. CLOSED SESSION**

1. Pursuant to Texas Government Code 551.071, 551.074, 551.082, and 551.0821, the Board will discuss, deliberate and consider the Level III parent complaint of R.S.

2. Pursuant to Texas Government Code 551.074, the Board will meet to discuss, deliberate and conduct the continuation of the summative evaluation of the Superintendent and discuss the Superintendent's employment contract.

**E. CALL BACK TO ORDER/EXECUTIVE SESSION MOTIONS**

1. Call Back to Order/Executive Session Motions

**F. ACTION ITEM**

1. Consider and take possible action on an amendment(s) to the Superintendent's employment contract and possible performance and incentive payment.

**G. ADJOURNMENT**

1. Adjournment

**Exhibit 8**                    App. 038



## ROUND ROCK INDEPENDENT SCHOOL DISTRICT
### Round Rock, Texas

A Called Board Meeting of the Board of Trustees was held on Tuesday, September 20, 2022, commencing at 5:30 p.m. at the Round Rock High School 100 Lecture Hall, located at 300 N. Lake Creek Drive, Round Rock, TX 78681. Notice is hereby provided that a quorum of at least four Trustees will be physically present at the meeting location and the Board intends to have a quorum present at such location, but up to three Trustees may attend the meeting by videoconference call as permitted by Tex. Gov't Code Section 551.127.

| | |
|---|---|
| Call to Order | President Amber Feller called the meeting to order at 5:30 p.m. |
| Roll Call | President Amber Feller, Vice President Tiffanie N. Harrison, Secretary Amy Weir, Cory Vessa, Dr. Mary Bone, Danielle Weston, Dr. Kevin R. Johnson and Dr. Hafedh Azaiez, Superintendent of Schools. |
| Absent | None. |
| Pledge of Allegiance and Texas Pledge | The Board and audience recited the Pledge of Allegiance and Texas Pledge. |
| Closed Session | President Amber Feller called the Board into Closed Session at 5:38 p.m. for purposes permitted by the Texas Open Meetings Act, Texas Government Code 551.001 et seq. to: |

1. Pursuant to Texas Government Code 551.071, 551.074, 551.082, and 551.0821, the Board will discuss, deliberate and consider the Level III parent complaint of R.S.

| | |
|---|---|
| Reconvene Meeting | The Board reconvened from Closed Session at 5:58 p.m. |
| Agenda Item No. D1<br>The Board will discuss, deliberate and consider the Level III parent complaint of R.S. | **Motion:**<br>Danielle Weston moved that the Board obtain a written legal opinion from Board Counsel regarding the prohibition of speakers during public comment at tonight's Board meeting with regard to agenda item D1 as discussed in closed session with regard to FERPA. Mary Bone seconded the motion. |
| | **Substitute Motion:**<br>Cory Vessa moved that the Board obtain a written legal opinion and provide it in the certified agenda for this meeting. Danielle Weston seconded the motion. |
| Yeas: | Cory Vessa, Mary Bone, Danielle Weston. |
| Nays: | Amber Feller, Tiffanie Harrison, Amy Weir, Kevin Johnson. |
| | Substitute Motion failed 3:4. |

**Exhibit 9**

App. 039

| Public Comments to Agenda Items Only | <ul><li>*Lindsey Ledyard*</li><li>*Ginny Gustin*</li><li>*Marshall Sprigg*</li><li>*Rebecca Molis*</li><li>*Alicia Markum*</li><li>*Ken Madsen*</li><li>*Kyle Craig*</li><li>*Mark Costenbader*</li><li>*Fabian Cuero*</li><li>*Rob Lelm*</li><li>*Katherine Leach*</li><li>*Amy Sousa*</li><li>*Craig Beers*</li></ul> |

Closed Session *(continued)*

President Amber Feller called the Board into Closed Session at 6:18 p.m. for purposes permitted by the Texas Open Meetings Act, Texas Government Code 551.001 et seq. to:

1.  Pursuant to Texas Government Code 551.071, 551.074, 551.082, and 551.0821, the Board will discuss, deliberate and consider the Level III parent complaint of R.S.

Reconvene Meeting

The Board reconvened from Closed Session at 7:16 p.m.

Closed Session *(continued)*

President Amber Feller called the Board into Closed Session at 7:17 p.m. for purposes permitted by the Texas Open Meetings Act, Texas Government Code 551.001 et seq. to:

2.  Pursuant to Texas Government Code 551.074, the Board will meet to discuss, deliberate and conduct the continuation of the summative evaluation of the Superintendent and discuss the Superintendent's employment contract.

Reconvene Meeting

The Board reconvened from Closed Session at 9:30 p.m.

Agenda Item No. F1
Consider and take possible action on an amendment(s) to the Superintendent's employment contract and possible performance and incentive payment

**Motion:**
Tiffanie Harrison moved that the Board award the Superintendent an incentive and performance payment to $28,900 as required and earned under the Superintendent's contract. Amy Weir seconded the motion.

Yeas:

Amber Feller, Tiffanie Harrison, Amy Weir, Cory Vessa, Kevin Johnson.

Nays:

Mary Bone, Danielle Weston.

Motion passed 5:2.

App. 040

*Round Rock Independent School District*
*Called Board Meeting, September 20, 2022*

**Motion:**
Tiffanie Harrison moved that the Superintendent's contract term be extended for a one-year period ending June 30, 2025 and that the President of the Board of Trustees is authorized to enter into an amendment to the Superintendent's contract reflecting the actions of the Board of Trustees. Amy Weir seconded the motion.

Yeas:           Amber Feller, Tiffanie Harrison, Amy Weir, Kevin Johnson.

Nays:           Mary Bone, Danielle Weston.

Abstain:        Cory Vessa.

                Motion passed 4:2:1.

President Feller asked the Board if there were any objections to adjourn the meeting. Hearing none, the meeting adjourned at 9:35 p.m.

These minutes approved the 17th day of November 2022.


Amber Feller
President


Amy Weir
Secretary

App. 041



**Monday, August 21, 2023**
**ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES PUBLIC HEARING ON 2023-2024 ROUND ROCK INDEPENDENT SCHOOL DISTRICT PROPOSED TAX RATE**

**Public Hearing on 2023-2024 Round Rock Independent School District Proposed Tax Rate**
**TIME: 5:30 P.M.**
**LOCATION: Round Rock High School 100 Lecture Hall, 300 N Lake Creek Drive, Round Rock, TX 78681**
**Notice is hereby provided that a quorum of at least four Trustees will be physically present at the meeting location and the Board intends to have a quorum present at such location, but up to three Trustees may attend the meeting by videoconference call as permitted by Tex. Gov't Code Section 551.127.**
**Board of Trustees meetings are live streamed on the Round Rock ISD website**
**https://roundrockisd.org/about-rrisd/board-of-trustees/board-meetings/**

## A. ORDER OF BUSINESS

| | |
|---|---|
| **Subject** | **1. Order of Business** |
| Meeting | Aug 21, 2023 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES PUBLIC HEARING ON 2023-2024 ROUND ROCK INDEPENDENT SCHOOL DISTRICT PROPOSED TAX RATE |
| Category | A. ORDER OF BUSINESS |
| Type | Procedural |

The Board intends to give all citizens an opportunity to participate in the discussion of public business which is being considered and decided by the Board. In order to provide full information and the right of participation to the public, the following is the order of business for regular Board meetings. The presiding officer with the consensus of members present may change the order of business.

## B. CALL TO ORDER

| | |
|---|---|
| **Subject** | **1. Call to Order** |
| Meeting | Aug 21, 2023 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES PUBLIC HEARING ON 2023-2024 ROUND ROCK INDEPENDENT SCHOOL DISTRICT PROPOSED TAX RATE |
| Category | B. CALL TO ORDER |
| Type | Procedural |

Announcement by the chairman as to the presence of a quorum, that the meeting has been duly called, and that the notice of the meeting has been posted for time and in the manner required by law.

## C. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE

| | |
|---|---|
| **Subject** | **1. Pledge of Allegiance and Texas Pledge** |
| Meeting | Aug 21, 2023 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES PUBLIC HEARING ON 2023-2024 ROUND ROCK INDEPENDENT SCHOOL DISTRICT PROPOSED TAX RATE |
| Category | C. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE |
| Type | Procedural |

**Exhibit 10**                                    App. 042

## D. PUBLIC COMMENTS TO AGENDA ITEM E. ONLY

| | |
|---|---|
| **Subject** | **1. The Board will afford members of the public an opportunity to speak on items listed on the Board agenda. You may either sign up to speak in person or record your testimony by calling 512-488-0785 from 2:00 p.m. the day before the meeting until 2:00 p.m. the day of the meeting. Individuals wishing to address the Board in person must sign up between 4:45 p.m. and 5:30 p.m. at the meeting location. Speakers may request a translator if they plan to deliver their remarks in a language other than English by emailing community_relations@roundrockisd.org at least eight hours prior to the start of the meeting.** |
| Meeting | Aug 21, 2023 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES PUBLIC HEARING ON 2023-2024 ROUND ROCK INDEPENDENT SCHOOL DISTRICT PROPOSED TAX RATE |
| Category | D. PUBLIC COMMENTS TO AGENDA ITEM E. ONLY |
| Type | Information |

| | |
|---|---|
| **Subject** | **2. La Mesa Directiva brindará a los miembros del público la oportunidad de hablar sobre los temas incluidos en la agenda de la Junta. Puede registrarse para hablar en persona o grabar su testimonio llamando al 512-488-0785 entre las 2:00 p.m. el día antes de la junta hasta las 2:00 p.m. el día de la junta. Las personas que deseen dirigirse a la Mesa en persona deben registrarse entre las 4:45 p.m. y 5:30 p.m. en el lugar de la reunión. Los oradores pueden solicitar un traductor si planean presentar sus comentarios en un idioma que no sea inglés enviando un correo electrónico a community_relations@roundrockisd.org al menos ocho horas antes del inicio de la reunión.** |
| Meeting | Aug 21, 2023 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES PUBLIC HEARING ON 2023-2024 ROUND ROCK INDEPENDENT SCHOOL DISTRICT PROPOSED TAX RATE |
| Category | D. PUBLIC COMMENTS TO AGENDA ITEM E. ONLY |
| Type | Information |

## E. PUBLIC HEARING: 2023-2024 ROUND ROCK INDEPENDENT SCHOOL DISTRICT PROPOSED TAX RATE

| | |
|---|---|
| **Subject** | **1. Public Hearing: 2023-2024 Round Rock Independent School District Proposed Tax Rate** |
| Meeting | Aug 21, 2023 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES PUBLIC HEARING ON 2023-2024 ROUND ROCK INDEPENDENT SCHOOL DISTRICT PROPOSED TAX RATE |
| Category | E. PUBLIC HEARING: 2023-2024 ROUND ROCK INDEPENDENT SCHOOL DISTRICT PROPOSED TAX RATE |
| Type | Discussion |

> File Attachments
> E1.2023 Tax Rate Calculation Worksheet – School Districts without chapter 313 agreements.pdf (3,961 KB)
> E1.Rev.2023 TAX RATE ADOPTION.pdf (1,402 KB)

## F. ADJOURNMENT

| **Subject** | **1. Adjournment** |
|---|---|
| Meeting | Aug 21, 2023 - ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES PUBLIC HEARING ON 2023-2024 ROUND ROCK INDEPENDENT SCHOOL DISTRICT PROPOSED TAX RATE |
| Category | F. ADJOURNMENT |
| Type | Information |

On this the 18th day of August 2023 at 5:00 p.m., a copy of this notice was posted on the Round Rock ISD website.

**App. 044**



**ROUND ROCK**
INDEPENDENT SCHOOL DISTRICT

ROUND ROCK INDEPENDENT SCHOOL DISTRICT
Round Rock, Texas

A Called Board Meeting of the Board of Trustees was held on Monday, August 21, 2023, commencing at 6:00 p.m. at the Round Rock High School 100 Lecture Hall, located at 300 N. Lake Creek Drive, Round Rock, TX 78681. Notice is hereby provided that a quorum of at least four Trustees will be physically present at the meeting location and the Board intends to have a quorum present at such location, but up to three Trustees may attend the meeting by videoconference call as permitted by Tex. Gov't Code Section 551.127.

| | |
|---|---|
| Call to Order | President Amber Feller called the meeting to order at 6:20 p.m. |
| Roll Call | President Amber Feller, Vice President Tiffanie N. Harrison, Secretary Amy Weir, Dr. Mary Bone, Danielle Weston, Alicia Markum, Chuy Zárate and Dr. Hafedh Azaiez, Superintendent of Schools. |
| Absent | None. |
| Pledge of Allegiance and Texas Pledge | The Board and audience recited the Pledge of Allegiance and Texas Pledge. |

Public Comments to Agenda Items Only

In-Person Public Comments:

- *Noe Gutierrez*
- *Rebecca Molis*
- *Jennifer White*
- *Christie Slape*
- *Gina DePuy*
- *Lindsey Ledyard*
- *Jaime Wilkins*
- *Tammy Conrad*
- *Eve Margolis*
- *Jill Farris*
- *Krista Laine*

Recorded Public Comments:

- *Matt*
- *Amanda Erickson*
- *Jeremy Story*

**Exhibit 11**

| | |
|---|---|
| Agenda Item No. D1<br>Adoption of Order Setting Tax Rate | **Motion:**<br>Amy Weir moved that the Board adopt the Order setting a total property tax rate of $0.9190 per $100 of taxable assessed valuation, which will be comprised of a maintenance and operations rate of $0.7210 and an interest and sinking rate of $0.1980 per $100 taxable assessed valuation. Alicia Markum seconded the motion. |

Yeas:                               Amber Feller, Amy Weir, Tiffanie Harrison, Alicia Markum, Chuy Zárate.

Nays:                               Mary Bone, Danielle Weston.

Motion passed 5:2.

| | |
|---|---|
| Agenda Item No. D2<br>Adoption of Order Calling Voter-Approval Tax Rate Election | **Motion:**<br>Alicia Markum moved that the Board adopt the Order Calling Voter-Approval Tax Rate Election as presented. Chuy Zárate seconded the motion. |
| | **Motion to Call the Question:**<br>Tiffanie Harrison moved to Call the Question. Amy Weir seconded the motion. |

Yeas:                               Amber Feller, Amy Weir, Tiffanie Harrison, Alicia Markum, Chuy Zárate.

Nays:                               Mary Bone, Danielle Weston.

Motion to Call the Question passed 5:2.

**Motion:**
Alicia Markum moved that the Board adopt the Order Calling Voter-Approval Tax Rate Election as presented. Chuy Zárate seconded the motion.

Yeas:                               Amber Feller, Amy Weir, Tiffanie Harrison, Alicia Markum, Chuy Zárate.

Nays:                               Mary Bone, Danielle Weston.

Motion passed 5:2.

App. 046

**Round Rock Independent School District**
*Called Board Meeting, August 21, 2023*                                                    *Page 3 of 7*

Agenda Item No. D3
Adoption of Resolution
Approving Travis County
Voting Equipment

**Motion:**
Amy Weir moved that the Board adopt the Resolution Approving Travis County Voting Equipment as presented. Chuy Zárate seconded the motion.

Yeas:                          Amber Feller, Amy Weir, Tiffanie Harrison, Alicia Markum, Chuy Zárate.

Nays:                          None.

Abstain:                       Mary Bone, Danielle Weston.

                               Motion passed 5:0:2.

                               *The Board recessed at 7:20 p.m. President Feller called the meeting back to order at 7:30 p.m.*

**Board Counsel Interviews**      Interview law firms to serve as Board Counsel - Interview, discuss, deliberate and possibly take action to select Board Counsel following the RRISD Request for Qualifications process.

                               The Board interviewed law firms in the following order:

                               - *Eichelbaum, Wardell Hansen Powell & Mehl*
                               - *Leon Alcala*
                               - *O'Hanlon, Demerath & Castillo*
                               - *Escamilla & Poneck*

                               *The Board recessed at 9:48 p.m. President Feller called the meeting back to order at 10:05 p.m.*

                               *The Board recessed at 10:41 p.m. President Feller called the meeting back to order at 10:48 p.m.*

Agenda Item No. E1
The Board will interview,
discuss, deliberate and possibly
take action to select Board
Counsel

**Motion:**
Tiffanie Harrison moved that the Board authorize the Board President to negotiate a contract with Leon Alcala for School Board Legal Counsel. Amy Weir seconded the motion.

Yeas:                          All Board Members present voted "Yes".

Nays:                          None.

                               Motion passed 7:0.

Closed Session                 The Board did not go into Closed Session.

App. 047

Agenda Item No. F2
The Board will continue to discuss, deliberate and consult with District General Counsel regarding pending litigation

**Motion:**
Mary Bone moved that in response to federal Judge David Ezra's order dated July 26, 2023, which implicates and embroils Amber Landrum formerly Amber Feller in First Amendment violations and violations of Texas Open Meetings Act also due to her utilization of public funds to pay for individual representation without Board approval and due to these actions the Board believes that Amber Landrum cannot place the best interest of the district and students above her individual issues that the Board add an agenda item formally requesting that Amber Landrum resign from her place on the Round Rock ISD Board of Trustees and pay back all public funds expended on the Federal case for her individual benefit. Danielle Weston seconded the motion.

**Motion to Call the Question:**
Tiffanie Harrison moved to Call the Question. Amy Weir seconded the motion.

Yeas:                          Amber Feller, Amy Weir, Tiffanie Harrison, Alicia Markum, Chuy Zárate.

Nays:                          Mary Bone, Danielle Weston.

Motion to Call the Question passed 5:2.

**Motion:**
Mary Bone moved that in response to federal Judge David Ezra's order dated July 26, 2023, which implicates and embroils Amber Landrum formerly Amber Feller in First Amendment violations and violations of Texas Open Meetings Act also due to her utilization of public funds to pay for individual representation without Board approval and due to these actions the Board believes that Amber Landrum cannot place the best interest of the district and students above her individual issues that the Board add an agenda item formally requesting that Amber Landrum resign from her place on the Round Rock ISD Board of Trustees and pay back all public funds expended on the Federal case for her individual benefit. Danielle Weston seconded the motion.

Yeas:                          Mary Bone, Danielle Weston.

Nays:                          Amy Weir, Tiffanie Harrison Alicia Markum, Chuy Zárate.

Abstain:                       Amber Feller.

Motion failed 2:4:1.

App. 048

**Motion:**
Mary Bone moved that in response to federal Judge David Ezra's order dated July 26, 2023, which implicates and embroils Tiffanie Harrison in First Amendment violation and violation of Texas Open Meetings Act also due to her utilization of public funds to pay for individual representation without Board approval and due to these actions the Board believes Tiffanie Harrison has not and cannot place the best interest of the district and students above her individual issues that the Board add an agenda item to formally request that Tiffanie Harrison resign from her place on the Round Rock ISD Board of Trustees and pay back all public funds expended on the Federal case for her individual benefit. Danielle Weston seconded the motion.

**Motion to Call the Question:**
Tiffanie Harrison moved to Call the Question. Chuy Zárate seconded the motion.

| | |
|---|---|
| Yeas: | Amber Feller, Amy Weir, Tiffanie Harrison Alicia Markum, Chuy Zárate. |
| Nays: | Mary Bone, Danielle Weston. |

Motion to Call the Question passed 5:2.

**Motion:**
Mary Bone moved that in response to federal Judge David Ezra's order dated July 26, 2023, which implicates and embroils Tiffanie Harrison in First Amendment violation and violation of Texas Open Meetings Act also due to her utilization of public funds to pay for individual representation without Board approval and due to these actions the Board believes Tiffanie Harrison has not and cannot place the best interest of the district and students above her individual issues that the Board add an agenda item to formally request that Tiffanie Harrison resign from her place on the Round Rock ISD Board of Trustees and pay back all public funds expended on the Federal case for her individual benefit. Danielle Weston seconded the motion.

| | |
|---|---|
| Yeas: | Mary Bone, Danielle Weston. |
| Nays: | Amber Feller, Amy Weir, Alicia Markum, Chuy Zárate. |
| Abstain: | Tiffanie Harrison. |

Motion failed 2:4:1.

App. 049

**Motion:**
Mary Bone moved that the Board schedule a meeting for August 25, 2023 to consider termination of the Superintendent Hafedh Azaiez on the basis of the Federal Judge David Ezra's order related to the violation claims of First Amendment and TOMA for his misuse of public funds to represent himself and Trustees as individuals in the same Federal case without Board approval and to discuss that Hafedh Azaiez pay back all public funds he authorized to spend without Board approval. Danielle Weston seconded the motion.

**Motion to Call the Question:**
Amy Weir moved to Call the Question. Tiffanie Harrison seconded the motion.

Yeas:                 Amber Feller, Amy Weir, Tiffanie Harrison Alicia Markum, Chuy Zárate.

Nays:                 Mary Bone, Danielle Weston.

Motion to Call the Question passed 5:2.

**Motion:**
Mary Bone moved that the Board schedule a meeting for August 25, 2023 to consider termination of the Superintendent Hafedh Azaiez on the basis of the Federal Judge David Ezra's order related to the violation claims of First Amendment and TOMA for his misuse of public funds to represent himself and Trustees as individuals in the same Federal case without Board approval and to discuss that Hafedh Azaiez pay back all public funds he authorized to spend without Board approval. Danielle Weston seconded the motion.

Yeas:                 Mary Bone, Danielle Weston.

Nays:                 Amber Feller, Amy Weir, Tiffanie Harrison, Alicia Markum, Chuy Zárate.

Motion failed 2:5.

**Motion:**
Mary Bone moved that the Board file a Texas Bar complaint against the attorney for his role in the September 14, 2021 Board meeting that is referenced in the pending litigation federal order.  Danielle Weston seconded the motion.

Yeas:                 Mary Bone, Danielle Weston.

Nays:                 Amber Feller, Amy Weir, Tiffanie Harrison, Alicia Markum, Chuy Zárate.

Motion failed 2:5.

App. 050

**Motion:**
Danielle Weston moved that the Board make public the six contracts for representation signed by individuals on this Board and the Superintendent with the law firm regarding the pending litigation on this agenda item tonight. Mary Bone seconded the motion.

Yeas:                     Mary Bone, Danielle Weston.

Nays:                     Amber Feller, Amy Weir, Tiffanie Harrison, Alicia Markum, Chuy Zárate.

Motion failed 2:5.

President Feller asked the Board if there were any objections to adjourn the meeting. Hearing none, the meeting adjourned at 11:27 p.m.

These minutes approved the 21st day of September 2023.

Amber Feller
President

Amy Weir
Secretary

App. 051



## ROUND ROCK
### INDEPENDENT SCHOOL DISTRICT

### Wednesday, September 27, 2023
### ROUND ROCK INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES CALLED BOARD MEETING

**CALLED BOARD MEETING**
**TIME: 6:00 P.M.**
**LOCATION: Round Rock High School 100 Lecture Hall, 300 N Lake Creek Drive, Round Rock, TX 78681**
**Notice is hereby provided that a quorum of at least four Trustees will be physically present at the meeting location and the Board intends to have a quorum present at such location, but up to three Trustees may attend the meeting by videoconference call as permitted by Tex. Gov't Code Section 551.127.**
**Board of Trustees meetings are live streamed on the Round Rock ISD website**
**https://roundrockisd.org/about-rrisd/board-of-trustees/board-meetings/**

### A. CALL TO ORDER

1. Call to Order

### B. PLEDGE OF ALLEGIANCE AND TEXAS PLEDGE

1. Pledge of Allegiance and Texas Pledge

### C. PUBLIC COMMENTS TO AGENDA ITEMS ONLY

1. The Board will afford members of the public an opportunity to speak on items listed on the Board agenda. You may either sign up to speak in person or record your testimony by calling 512-488-0785 from 2:00 p.m. the day before the meeting until 2:00 p.m. the day of the meeting. Individuals wishing to address the Board in person must sign up between 5:15 p.m. and 6:00 p.m. at the meeting location. Speakers may request a translator if they plan to deliver their remarks in a language other than English by emailing community_relations@roundrockisd.org at least eight hours prior to the start of the meeting.

2. La Mesa Directiva brindar a los miembros del publico la oportunidad de hablar sobre los temas incluidos en la agenda de la Junta. Puede registrarse para hablar en persona o grabar su testimonio llamando al 512-488-0785 entre las 2:00 p.m. el dia antes de la junta hasta las 2:00 p.m. el dia de la junta. Las personas que deseen dirigirse a la Mesa en persona deben registrarse entre las 5:15 p.m. y 6:00 p.m. en el lugar de la reunion. Los oradores pueden solicitar un traductor si planean presentar sus comentarios en un idioma que no sea ingles enviando un correo electronico a community_relations@roundrockisd.org al menos ocho horas antes del inicio de la reunion.

### D. CLOSED SESSION

1. Pursuant to Texas Government Code Sections 551.071 and 551.074, the Board will meet to discuss, deliberate and conduct the summative evaluation of the Superintendent and discuss the Superintendent's employment contract.

### E. CALL BACK TO ORDER/EXECUTIVE SESSION MOTIONS

1. Call Back to Order/Executive Session Motions

### F. ACTION ITEMS

1. Consider and take possible action on an amendment(s) to the Superintendent's employment contract and possible performance and incentive payment.

### G. ADJOURNMENT

1. Adjournment

# Exhibit 12

App. 052



**ROUND ROCK**
INDEPENDENT SCHOOL DISTRICT

ROUND ROCK INDEPENDENT SCHOOL DISTRICT
Round Rock, Texas

A Called Board Meeting of the Board of Trustees was held on Wednesday, September 27, 2023, commencing at 6:00 p.m. at the Round Rock High School 100 Lecture Hall, located at 300 N. Lake Creek Drive, Round Rock, TX 78681. Notice is hereby provided that a quorum of at least four Trustees will be physically present at the meeting location and the Board intends to have a quorum present at such location, but up to three Trustees may attend the meeting by videoconference call as permitted by Tex. Gov't Code Section 551.127.

| | |
|---|---|
| Call to Order | President Amber Feller called the meeting to order at 6:00 p.m. |
| Roll Call | President Amber Feller, Vice President Tiffanie N. Harrison, Secretary Amy Weir, Alicia Markum, Chuy Zárate and Dr. Hafedh Azaiez, Superintendent of Schools. |

*Trustee Harrison attended virtually.*
*Trustee Harrison left the meeting at 8:12 p.m.*

| | |
|---|---|
| Absent | Dr. Mary Bone, Danielle Weston. |
| Pledge of Allegiance and Texas Pledge | The Board and audience recited the Pledge of Allegiance and Texas Pledge. |
| Public Comments to Agenda Items Only | In person comments: |

- *Jill Farris*
- *Laura Unnasch*

Recorded comments:

- *Heidi Goldman*
- *Dara Patel*
- *Didi*
- *Jennifer White*
- *Elizabeth Glelm*
- *Jennifer Faulkner*
- *Annie Cary*
- *Tracy McGee*
- *Amy Hoffman*
- *Leslie Nightberg*
- *Taxpayer*
- *Paula Rohan*
- *Jeremy Story*

**Exhibit 13**

*Round Rock Independent School District*
*Called Board Meeting, September 27, 2023*                                    *Page 2 of 2*

| | |
|---|---|
| Closed Session | President Amber Feller called the Board into Closed Session at 6:25 p.m. for purposes permitted by the Texas Open Meetings Act, Texas Government Code 551.001 et seq. to: |

1. Pursuant to Texas Government Code Sections 551.071 and 551.074, the Board will meet to discuss, deliberate and conduct the summative evaluation of the Superintendent and discuss the Superintendent's employment contract.

| | |
|---|---|
| Reconvene Meeting | The Board reconvened from Closed Session at 8:10 p.m. |
| Agenda Item No. D1 Consider and take possible action on an amendment(s) to the Superintendent's employment contract and possible performance and incentive payment | **Motion:** Amy Weir moved that the Superintendent's contract term be extended for a one-year period ending June 30, 2026 and that the President of the Board of Trustees is authorized to enter into an amendment to the Superintendent's contract reflecting the actions of the Board of Trustees. Alicia Markum seconded the motion. |
| Yeas: | All Board Members present voted "Yes." |
| Nays: | None. |

Motion passed 5:0.

President Amber Feller called the Board into Closed Session at 8:11 p.m. for purposes permitted by the Texas Open Meetings Act, Texas Government Code 551.001 et seq. to:

1. Pursuant to Texas Government Code Sections 551.071 and 551.074, the Board will meet to discuss, deliberate and conduct the summative evaluation of the Superintendent and discuss the Superintendent's employment contract.

| | |
|---|---|
| Reconvene Meeting | The Board reconvened from Closed Session at 9:04 p.m. |

President Feller asked the Board if there were any objections to adjourn the meeting. Hearing none, the meeting adjourned at 9:04 p.m.

These minutes approved the 19th day of October 2023.

Amber Feller
President

Amy Weir
Secretary

App. 054

ROUND ROCK INDEPENDENT SCHOOL DISTRICT
SUPERINTENDENT CONTRACT

This Superintendent Contract ("Contract") is made and entered into pursuant to Section 11.201(b) of the Texas Education Code on the date set out between the Round Rock Independent School District, hereinafter referred to as ("District"), and Dr. Hafedh Azaiez, hereinafter referred to as ("Superintendent").

1. TERM.

The District, in consideration for the promises of Superintendent herein contained, hereby employs, and Superintendent hereby accepts employment as Superintendent of Schools for a term commencing July 5, 2021, and ending June 30, 2024. The District may, by action of the Board, and with the consent of the Superintendent, extend the term of this Contract as permitted by state law.

2. PROFESSIONAL CERTIFICATION AND RESPONSIBILITIES OF SUPERINTENDENT.

a. Certification. Superintendent shall hold a valid and appropriate certificate to act as Superintendent of Schools in the State of Texas throughout the term of this Contract.

b. Duties. Superintendent shall have charge of the administration of schools under the direction of the Board of Trustees ("Board"). The Superintendent shall be the chief executive officer of the District, shall direct and assign teachers and other employees of the schools under the Superintendent's supervision; shall organize, reorganize and arrange the administrative and supervisory staff, including instruction and business affairs, as best serves the District; shall from time to time recommend policies, rules and procedures beneficial to the District; and in general perform all duties incident to the office of the superintendent under and consistent with the Constitution, laws and regulations of the State of Texas and Texas Education Agency and the policies of the Board, and such other duties as may be lawfully prescribed by the Board. Trustees will refer criticisms, complaints and suggestions to the Superintendent and direct the Superintendent consistent with requirements of applicable law and policy. The Board

1

**Exhibit 14**

App. 055

and the Superintendent shall maintain a working relationship that is in the best interests of the District. The Board shall provide the Superintendent with periodic opportunities to discuss the Board/Superintendent relationship.

c. The Superintendent shall attend all Board meetings (and closed sessions as requested by the Board) and all Board and citizen committee meetings and provide administrative recommendations on each item of District business considered by each of these groups.

d. Residence Requirement. The Superintendent's principal residence shall be within the District during the entire term of this Contract.

e. Reassignment. The Superintendent cannot be reassigned from the position of superintendent to another position without the Superintendent's express written consent.

f. Teaching/Consulting/Other Work Opportunities. The Board expects the Superintendent to devote his full attention and efforts into the performance of the duties of Superintendent, but the Board may consider permitting the Superintendent to perform other work ("Teaching/Consulting/Other Work"). Before the Board will consider approving such Teaching/Consulting/Other Work, the Superintendent must request Board consent before applying and/or accepting any Teaching/Consulting/Other Work, whether paid or unpaid, and the Board may approve or reject the request by determining such Teaching/Consulting/Other Work furthers the interests of the District. The Superintendent's request must specify the employer/organization, position and duties, time and duration, any compensation, and the source of the compensation, how the Superintendent proposes to perform the Teaching/Consulting/Other Work duties (use vacation or leave or otherwise), and any actual or potential conflicts.

g. Communication. District matters may involve sensitive information, so when communicating with Trustees, the Superintendent agrees not "copy" the Superintendent's personal attorney or any party not legally associated with the District such as District employees and District consultants without first disclosing a need to do so and obtaining Board approval.

h. Conflicts of Interest. The Superintendent will disclose any items of over $100 in

2

value (financial or otherwise, gift or otherwise) and any items in an annual cumulative amount of over $500 in value (financial or otherwise, gift or otherwise) the Superintendent receives as Superintendent or by virtue of being Superintendent, including the source of any such items of value. Per state law, this section does not include meals accepted as a guest.

i. <u>Participation in Board of Trustee Elections</u>. The parties acknowledge and accept that a successful Board/Superintendent relationship is founded on trust and the Superintendent shall not become involved in Trustee elections financially or in any manner other than ensuring for the proper conduct of the election as stipulated in an election order.

3. <u>COMPENSATION</u>.

a. District shall pay Superintendent an annual salary of $350,000, which salary will be paid in twelve (12) equal monthly payments.

b. The Board retains the right to make adjustments in the salary of the Superintendent at a time and in a manner consistent with the Texas Constitution and Board policy and when the fiscal condition of the District and the performance of the Superintendent warrant such adjustments; provided, however, in no event shall the Superintendent be paid less than the salary set forth in Section 3(a) of this Contract except by mutual agreement of the two parties or as required or permitted by law. Such adjustments, if any, require Board action in compliance with law. In such event, the parties agree to provide their best efforts and reasonable cooperation to execute a new contract or amendment incorporating the adjusted salary. Because the Superintendent holds a unique position and may receive periodic increases as part of this Contract, the Superintendent shall not be eligible automatically included in any cost-of-living or other across-the-board salary increases provided to other District employees.

c. The District will provide the Superintendent medical insurance including health, hospitalization, vision coverage, life insurance and dental by providing the plan available to all full-time employees of the District. The Superintendent may purchase additional insurance coverage and coverage for the Superintendent's immediate family pursuant to the insurance plans in effect for the District.

App. 057

d.  The District will pay the membership fees of the Superintendent for the following professional organizations: the Texas Association of School Administrators, the American Association of School Administrators and the Association for Supervision and Curriculum Development. The District may pay the membership fees of other professional organizations with the approval of the Board.

e.  The District will pay the Superintendent a yearly automobile expense allowance in the amount of $8,400 payable monthly in lieu of regular use of any District vehicle.

f.  The District will provide a cell phone allowance covering phone and data charges as provided to other administrators within the District.

g.  The District expects and encourages the continuing professional growth of the Superintendent, and in its encouragement the Board will permit the Superintendent a reasonable number of professional days per year to participate in in-state or national seminars, courses, programs, informational meetings and other activities the Superintendent deems appropriate. All necessary and reasonable fees and expenses pertinent to said activities will be paid by the District.

h.  <u>Performance/Incentive Bonus.</u> Upon completing the Superintendent's annual performance evaluation for each year of this Contract, the District shall pay the Superintendent as salary, on or before December 31 of each year of the Contract, an additional Salary Performance/Incentive bonus up to $40,000 per year at the sole discretion of the Board, payable only in the event the Superintendent meets the Lone Start Governance ("LSG") goals and constraints established by the Board and the Superintendent pursuant to Section 6 of this Contract. The Board will determine the weight to assign the Goal and Goal Progress Measures and the Constraint and Constraint Progress Measures when the LSG Goals and Constraints are approved pursuant to Section 6 of this Contract.

i.  The District recognizes that in the course of performance of duties, the Superintendent may be the subject of litigation, including administrative processes (for example, any proceedings involving the State Board of Educator Certification). The District shall provide legal counsel selected by mutual agreement of the District and the Superintendent to represent the Superintendent in any litigation and administrative actions arising out of or alleged to arise out of the Superintendent's

4

duties with the District, without regard to whether the allegations are made against the Superintendent in an official or individual capacity. However, this paragraph does not apply if the Superintendent is found to have committed official misconduct, or committed a willful or wrongful act or omission, or an act or omission constituting gross negligence, or acted in bad faith, with conscious indifference or reckless disregard, or with intent to violate a person's clearly established legal rights, or engaged in criminal conduct. The District's obligations under this paragraph shall survive the termination of this Contract.

j.  Widespread Salary Reduction. If the Board implements a widespread salary reduction under Texas Education Code section 21.4032, the Superintendent' s annual salary shall be reduced by the percent or fraction of a percent that is equal to the average percent or fraction of a percent by which teacher salaries have been reduced.

k.  Furlough. If the Board implements a furlough under Texas Education Code section 21.4021, the Superintendent shall be furloughed for the same number of days as other contract personnel and the Superintendent's salary shall be reduced in proportion to the number of furlough days.

4.  VACATION AND LEAVE.

Superintendent shall be entitled to all benefits applicable to twelve (12) month administrative employees as incident to their employment relationship with the District, including but not limited to illness benefits and leaves, but not including vacation leaves. The Superintendent shall accrue vacation days based upon twenty (20) days per calendar year of employment. Accrued but unused vacation days, up to a maximum of forty (40) days shall accumulate and carry forward from year to year during the term of this Contract.

At the sole option of the Superintendent, either at the end of each year of the term of this Contract, at retirement, or when the Contract is terminated, either voluntarily or involuntarily, the District shall pay in a lump sum to the Superintendent any accrued but unused vacation days at the Superintendent's daily rate of pay as of the payment date calculated on a two hundred twenty-six (226) day work year. However, the maximum accrued but unused vacation days paid upon termination or at any one time shall not exceed forty (40) days. This provision is intended to compensate the Superintendent for vacation days which the Superintendent has been unable to

use because of the requirements of attending to the business of the District.

5.   ANNUAL PHYSICAL EXAMINATION.

The Superintendent shall undergo a comprehensive medical examination at least once each year throughout the term of this Contract, the cost of the medical examination to be paid by the District, and shall provide to the Board a statement certifying the physical competency of the Superintendent to perform the duties of Superintendent. Such statement shall be maintained in the files of the Board and shall be treated as confidential. The medical examination shall be conducted by a physician of the Superintendent's choosing who is licensed to practice under the Medical Practice Act of the State of Texas.

6.   GOALS AND OBJECTIVES.

Within three (3) months after the Superintendent commences duties under this Contract, the Board and the Superintendent shall meet and agree upon goals and objectives for the Superintendent and the District based on the standards set forth by the Texas Education Agency in Lone Star Governance. Thereafter, prior to commencement of each school year, the Superintendent and Board shall meet to establish District goals and objectives for the ensuing school year. These goals and objectives shall be reduced to writing and be among the criteria by which the Superintendent is evaluated as hereafter provided.

7.   EVALUATION.

The Board, as provided in District policy and state law, will evaluate the Superintendent. Evaluations will be based primarily on the Superintendent's achievement of the Lone Star Governance goals and objectives established under Section 6 and on performance of the duties set out in State law and Board policies. The Board is not prohibited from evaluating the Superintendent at other times, as it may deem appropriate. The Board will conduct an initial evaluation of the Superintendent at a mutually agreed upon time during a period of one (1) year after commencement of this Contract. This initial evaluation will be for the purpose of determining the Superintendent's progress in leading the District and meeting the LSG goals and objectives of the Board. After the initial evaluation, the Board may consider extension of the term of this Contract. Unless the Superintendent requests otherwise in writing, the evaluation of

6

the Superintendent shall be in closed session and shall be considered confidential to the extent required by law. Nothing herein shall prohibit the Board or Superintendent from sharing the content of the Superintendent's evaluation with their respective legal counsel. Because LSG goals and objectives will serve as the primary tool of the Superintendent's performance, the parties acknowledge and accept that nothing herein shall prohibit the Board or Superintendent from sharing with the public the results of the Superintendent's performance related to the LSG goals and objectives. In the event the Board deems that LSG and the LSG evaluation instrument, format or procedure is to be modified by the Board and such modifications would require new or different performance expectations, the Superintendent shall be provided a reasonable period to demonstrate such expected performance before being evaluated.

8.  <u>TERMINATION OF EMPLOYMENT.</u>

   a.   <u>Discharge for Good Cause or Nonrenewal.</u>

   The Superintendent may be discharged for good cause under this Contract or nonrenewed in accordance with state law and applicable Board policies pertaining to termination or nonrenewal of the Superintendent, as may be modified by the Board from time to time, either in this Contract or after commencement of this Contract. To the extent allowed by law, the Superintendent voluntarily and expressly waives the right to notice by any particular date in advance of the ending date of this Contract of the proposed nonrenewal of this Contact and voluntarily and expressly waives any right to reappointment to an additional year or an additional contract term if notice of proposed nonrenewal is not given by the date prescribed in advance of the last day of instruction in a school year. Any requirements in law or policy that an administrator make a recommendation to the Board regarding termination or nonrenewal shall not be applicable to this Contract. All other provisions of the process for discharge or nonrenewal of the Superintendent's Contract shall be those contained in the policies of the Board, as modified herein and state law. If the Board determines that this Contract shall be terminated based upon an allegation of good cause, the Board shall give written notice to the Superintendent of such proposed termination as required by law before the date of the proposed termination to include reasonably specific notice

7

of the reasons for such proposed termination. The Superintendent may request a hearing on the proposed termination before an independent hearing examiner. The independent hearing examiner shall be chosen by agreement of the Board and the Superintendent, or if they are unable to agree, shall be chosen by the Commissioner of Education. The conduct of the hearing, the recommendation of the hearing examiner and the consideration and decision by the Board shall follow the procedures set out in the Education Code and District policy.

The term "good cause" for termination of this Contract shall mean:

(i)     failure to fulfill duties or responsibilities as set forth under the terms and conditions of this Agreement;

(ii)    incompetence or inefficiency in the performance of required or assigned duties as documented by evaluations, supplemental memoranda, or other written communication from the Board; provided, however that the terms and conditions of this paragraph shall not justify good cause unless the Board has provided Superintendent a reasonable opportunity to remediate any incompetency or inefficiency;

(iii)   insubordination or failure to comply with lawful written Board directives;

(iv)    failure to comply with written Board policies or District administrative regulations;

(v)     neglect of duties;

(vi)    drunkenness or excessive use of alcoholic beverages;

(vii)   illegal use of drugs, hallucinogens, or other substances regulated by the Texas Controlled Substances Act;

(viii)  conviction of a felony or crime involving moral turpitude;

(ix)    failure to meet the District's standards of professional conduct;

(x)     failure to comply with reasonable District professional development requirements regarding advanced course work or professional development;

(xi)    disability, not otherwise protected by law, that substantially impairs Superintendent's performance of required duties;

(xii)   immorality, which is conduct not in conformity with the accepted moral

8

standards of the community encompassed by the District.  Immorality is not confined to sexual matters, but includes conduct inconsistent with rectitude or indicative of corruption, indecency or depravity;

(xiii)   assault;

(xiv)   knowingly falsifying records or documents related to the District's activities;

(xv)    any material misrepresentation of facts knowingly made to the Board or other District officials in the conduct of the District's business;

(xvi)   failure to fulfill requirements for superintendent certification;

(xvii)  failure to fulfill the requirements of a deficiency plan under an emergency plan;

(xix)   failure to report to the Board any arrest, conviction or deferred adjudication for any felony or any crime involving moral turpitude;

(xx)    falsification of required information on an employment application; or

(xxi)   any other reason constituting "good cause" under Texas law as determined by the Board.

b.     Retirement of the Superintendent.
The Superintendent may retire in accordance with applicable state law and local District policies.

c.     Death of Superintendent.
The Contract shall terminate on the death of the Superintendent except that all accrued rights and obligations of the District regarding benefits after death shall continue as set out in the Contract and in Board policies.

d.     Mutual Agreement.
This Contract may be terminated by mutual written agreement of and signed by the parties.

9.  RENEWAL OF CONTRACT.

Renewal or nonrenewal of this Contract shall be in accordance with state law, this Contract and Board policy, as it now exists or may hereafter be amended as permitted by the Texas Constitution.  The Superintendent must give the Board President advance written notice

9

before applying for another employment opportunity, including one that may supplant the current Superintendent position. Such notice must identify the potential employer and position. The Superintendent must also regularly keep the Board President apprised on the status of such application or as otherwise requested by the Board President.

10. SAVINGS CLAUSE.

This Contract is subject to all applicable federal and state laws, rules, and regulations. Invalidity of any portion of this Contract under the laws of the State of Texas or of the United States shall not affect the validity of the remainder of the Contract.

11. NO RIGHT OF TENURE.

The Board has not adopted any policy, rule, regulation, law, or practice providing for tenure. No right of tenure is created by this Contract. No property interest, express or implied, is created in continued employment beyond the Contract term other than as created by law.

12. CONFLICTS.

In the event of any conflict between the terms, conditions and provisions of this Contract and the provisions of the Board's policies, or any permissive state or federal law, then, unless otherwise prohibited by law, the terms of this Contract shall take precedence over the contrary provisions of the Board's policies or any such permissive law during the term of this Contract.

13. MOVING AND RELOCATION EXPENSE.

In connection with the relocation of the Superintendent and the Superintendent's family to the District, the District shall provide to the Superintendent $10,000 for necessary and reasonable expenses incurred in moving the Superintendent's family and belongings and for travel and temporary housing expenses.

14. COMPLETE AGREEMENT.

This Contract embodies the entire agreement between the parties hereto, supersedes all other agreements whether oral or in writing, and cannot be varied except by written agreement of the undersigned parties.

10

15. <u>CONTROLLING LAW</u>.

This Contract shall be governed by the laws of the State of Texas, and it shall be performable in Williamson County, Texas, unless otherwise provided by law.

Dated to be effective the _14th_ day of _June_ , 2021.

ROUND ROCK INDEPENDENT SCHOOL DISTRICT

By: _____
    Ms. Amy Weir, President
    Board of Trustees

By: _____
    Hafedh Azaiez,
    Superintendent of Schools

11

performable in Williamson County, Texas, unless otherwise provided by law.

Dated to be effective the 19th day of June, 2021.

ROUND ROCK INDEPENDENT SCHOOL DISTRICT

By: _____
    Ms. Amy Weir, President
    Board of Trustees

By: _____
    Hafedh Azaiez,
    Superintendent of Schools

## RESOLUTION OF THE BOARD OF TRUSTEES
## ROUND ROCK INDEPENDENT SCHOOL DISTRICT

**WHEREAS**, the Round Rock Independent School District Board of Trustees has conducted a search and interviewed candidates for the position of Superintendent;

**WHEREAS**, on May 21, 2021, the Board of Trustees named Dr. Hafedh Azaiez as sole finalist for the position of Superintendent of the Round Rock Independent School District; and

**WHEREAS**, the mandatory 21-day waiting period required by Texas law has expired.

**NOW, THEREFORE, IT IS ORDERED**:

1.      Dr. Hafedh Azaiez is employed as Superintendent of the Round Rock Independent School District for a period beginning July 5, 2021 and ending June 30, 2024 for a base salary of $350,000 and benefits including life and health insurance, expense allowances, performance/incentive payments, a moving expense allowance, and other benefits available to District personnel.

2.      Employment of Dr. Azaiez is subject to execution of a contract by Dr. Azaiez and the President of the Board of Trustees.

3.      The President of the Board of Trustees is authorized to sign the contract on behalf of the Board of Trustees.

Dated this 19th day of June, 2021.

ROUND ROCK INDEPENDENT
SCHOOL DISTRICT

By: _____
Amy Weir, President
Board of Trustees

App. 067

FIRST AMENDMENT TO THE
ROUND ROCK INDEPENDENT SCHOOL DISTRICT
FIRST AMENDMENT TO SUPERINTENDENT CONTRACT

This First Amendment to the Contract between Round Rock Independent School District and Dr. Hafedh Azaiez, with the original Contract having an effective date of July 5, 2021is as follows:

1. Extension of Contract Term. Pursuant to Section 1 of the Contract, the term of the Contract is extended to June 30, 2025.

2. Incentive and Performance Payment. Pursuant to Section 3(h) of the Contract, the Board of Trustees has determined that, based on the Superintendent meeting the Lone Star Governance ("LSG") goals and constraints established by the Board and the Superintendent for the 2021-2022 school year and pursuant to Section 6 of the Contract, the School District shall make a one-time Salary Performance/Incentive bonus payment of $28,900.00. This Salary Performance/Incentive bonus payment shall be paid on or before December 31, 2022.

This First Amendment is approved the 20 day of September 2022 to be effective the 21 day of September, 2022.

ROUND ROCK INDEPENDENT SCHOOL DISTRICT

By: _____     Date: 10/6/22
Amber Feller, President, Board of Trustees

By: _____     Date: 10/6/22
Dr. Hafedh Azaiez, Superintendent of Schools

App. 068

**SECOND AMENDMENT TO THE
ROUND ROCK INDEPENDENT SCHOOL DISTRICT
SUPERINTENDENT CONTRACT**

This Second Amendment to the Contract between Round Rock Independent School District and Dr. Hafedh Azaiez, with the original Contract having an effective date of July 5, 2021, is as follows:

1. <u>Extension of Contract Term</u>. Pursuant to Section 1 of the Contract, the term of the Contract is extended to June 30, 2026.

This Second Amendment is approved the 27th day of September 2023 to be effective the 28th day of September 2023.

ROUND ROCK INDEPENDENT SCHOOL DISTRICT

By: _Amber Feller Landrum_                    Date: _10/23/23_
    Amber Feller Landrum, President, Board of Trustees

By: _Hafedh Azaiez_                    Date: _10/20/23_
    Dr. Hafedh Azaiez, Superintendent of Schools

App. 069



|  |  |
|---|---|
| Houston | Kathryn E. Long |
| **Dallas** | Partner |
| Austin | |
| Fort Worth | |

(972) 734-5613 Office
(972) 534-1645 Fax

klong@thompsonhorton.com

Thompson & Horton LLP
500 N. Akard Street, Suite 3150
Dallas, Texas 75201-3302

September 5, 2023

*Via Email:* wnorred@norredlaw.com

Warren V. Norred, P.E.
Norred Law, PLLC
515 East Border Street
Arlington, Texas 76010

Re:     Civil Action No. 1:22-cv-00448-RP, *Story v. Round Rock ISD, et al.*; In the United
        States District Court, Western District of Texas, Austin Division

Dear Mr. Norred:

I write on behalf of the Round Rock ISD Defendants[1] regarding Plaintiff Jeremy Story's *Second Amended Complaint*, ECF 44, filed August 25, 2023 in the above-referenced matter (the "Complaint"). The purpose of this letter is to identify the numerous pleading deficiencies in the Complaint and provide Story with an opportunity to cure those deficiencies in a way that complies with the obligations of Federal Rule of Civil Procedure 11.

As you know, in the July 26, 2023 *Order Granting in Part and Denying in Part Defendants' Motions to Dismiss*, (the "July 26, 2023 Order"), the Court stated that Story's First Amended Complaint "ha[d] elements of at least two types of 'shotgun pleading' that tend to cloud the legal and factual issues in a case[.]" *See* ECF 43, p. 11, n.2. The Court noted that as a result, the Round Rock ISD Defendants and the Court "ha[d] been tasked with deciphering which claims apply to the various defendants." *See id.* The Court "cautioned" that in any amended complaint Story "must present facts to support any allegations made." *Id.*, p. 47.

While the Complaint states the amendment is to "simplify[ ] claims" and add "facts in support of Story's First Amendment claim," the amended pleading actually further complicates

---

[1]     The Round Rock ISD Defendants include Trustees Amber Feller Landrum, Tiffanie Harrison, and Amy Weir, and former Trustees Jun Xiao and Cory Vessa (the "Trustee Defendants"); Superintendent Dr. Hafedh Azaiez; Round Rock ISD Police Department's former Chief Jeffrey Yarbrough, former Assistant Chief James Williby, Detective Sergeant Lauren Griffith, Sergeant Milton Pope, Officer Frank Pontillo, and former Sergeant Samuel Chavez (the "Officer Defendants") (collectively, Round Rock ISD, the Trustee Defendants, Dr. Azaiez, and the Officer Defendants are referred to as the "Round Rock ISD Defendants").

**Exhibit B**

Warren V. Norred, P.E.
September 5, 2023
Page 2

the very issues the Court raised at the April 11, 2023 hearing, and in the July 26, 2023 Order. The Complaint remains largely indecipherable and instead of narrowing the scope of issues, it expands the lawsuit including adding previously un-named defendants, asserting new claims, and discussing events wholly unrelated and irrelevant to the claims asserted in this case. Furthermore, the number of factual contentions in the 61-page Complaint that have no evidentiary support—or that are conclusively negated by evidence in the public domain and of which Story is aware and/or had the "reasonable opportunity" to discover through a quick Google search—are too numerous to identify.[2] This persists despite the Court's prior admonition and caution. ECF 43, p. 47.

Consequently, the Round Rock ISD Defendants ask Story to carefully amend his *Second Amended Complaint* to delete the factual contentions that lack evidentiary support, non-suit/dismiss the legal claims the Court previously dismissed in its July 26, 2023 and the new claims Story asserts in his Complaint, and address the following twelve specific matters, each of which are discussed fully below, to comply with the Court's caution in the July 26, 2023 Order and the admonition regarding "shotgun pleading":

1.  Dismiss Story's Texas Open Meetings Act claim regarding the hiring of Dr. Azaiez.

2.  Dismiss Story's Texas Open Meetings Act claim regarding the September 14, 2021 Board Meeting seeking to void the tax rate vote and/or enjoin Round Rock ISD from collecting taxes under the tax rate established in the vote.

3.  Dismiss Sergeant Samuel Chavez from the case.

4.  Dismiss Assistant Chief James Williby from the case.

5.  Dismiss all claims against Chief Jeffrey Yarbrough except for Story's First Amendment retaliation claim.

6.  Dismiss all 42 U.S.C. § 1983 claims against Round Rock ISD.

7.  Dismiss all claims related to Homecoming 2022.

8.  Make clarifications in the "Causes of Action" section of the Complaint to specify which of the Round Rock ISD Defendants Story asserts each claim against.

---

[2]     While this letter will identify a number of contentions lacking evidentiary support, as but one example, Story cites the comments of "Noah Schwartz" at a May 19, 2022 Board Meeting that he alleges "clearly violated the Trustee Defendants' hate speech rule" when "Schwartz" called "those who believe in the traditional family as white supremacists, racists, and terrorists" and that "such people should have their kids taken away." ECF 44, ¶ 171. Story knows, however, that "Schwartz" is actually Alex Strenger, who *performs* at public meetings, often as parody (what Strenger refers to as "culture-jamming"). Story knows this because shortly after the May 19, 2022 Board Meeting, he appeared with Strenger on "Convos On the Pedicab." *See* https://www.youtube.com/watch?v=d4h21gt8KGg. In that recorded podcast, Story noted that Strenger uses "parody and . . . hyperbole to make a point in public forums of the things that people need to be thinking [inaudible] about." Story admitted in the video that when Strenger came to the Round Rock ISD meeting he was doing "parody." This is a far cry from the violation of a "hate speech rule" alleged in the Complaint, and Story is no doubt aware that his allegation regarding "Schwartz" falsely represents reality.

Warren V. Norred, P.E.
September 5, 2023
Page 3

9. Delete the "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," including the references to Story's various grievance proceedings and other purported Texas Open Meetings Act violations.

10. Remove Dustin Clark's name from the caption and change confusing references to "Plaintiffs" and allegations related to Clark that are no longer relevant to the case.

11. Remove any remaining references to 42 U.S.C. § 1985 and any alleged conspiracy.

12. Re-number the paragraphs in the Complaint and the labels on subsections D-H of Section VII, "Causes of Action."

The Round Rock ISD Defendants believe that these and other changes are necessary to adhere to the Court's admonition in the July 26, 2023 Order regarding "shotgun pleading," the Court's cautioning to Story about the need for facts to support any claim, and Rule 11. Please advise no later than **Friday, September 8, 2023 at 5:00 p.m.** whether Story will agree to make any or all of the requested changes and file an amended pleading so that the parties can apprise the Court that an amended pleading will be filed and that the Round Rock ISD Defendants will answer or otherwise respond after that time.

**1. Dismiss Story's Texas Open Meetings Act claim regarding the hiring of Dr. Azaiez.**

The Court previously dismissed Story's Texas Opens Meeting Act ("TOMA") claim with respect to Dr. Azaiez's hiring. *See* ECF 43, p. 45. Nonetheless, Story does not delete this claim but advances a new theory. It lacks merit.

There are five distinct and dispositive grounds which warrant Story's voluntary dismissal of this claim, which are discussed in detail below. *First*, the Court found the notice for the May 21, 2021 and June 14, 2021 Board meetings complied with TOMA. The votes to name Dr. Azaiez the lone finalist for Superintendent and to enter an employment contract with him were conducted in open session. Thus, the *actions* taken did not violate TOMA. *Second*, Story's new allegations and the text messages and emails in Exhibits 24 and 25 do not reflect a TOMA violation. There was undeniably no action taken by the Board in these communications. *Third*, even if the pre-June 14, 2021 emails did violate TOMA, the Board voted in open session to adopt Dr. Azaiez's contract at the properly-noticed June 14, 2021 Board meeting. Story, therefore, cannot show any basis to void Dr. Azaiez's contract. *Fourth*, assuming the June 14, 2021 vote to adopt Dr. Azaiez's contract was somehow improper, by voting again in open session at the properly-noticed June 19, 2021 Board meeting, the Board ratified Dr. Azaiez's employment contract. As a result, there is no justiciable controversy regarding the contract voted on at the June 14, 2021 Board meeting. Voiding that prior action would have no consequence. *Fifth*, if somehow Story could overcome these unequivocal factual and legal bars to his claims, the Board has already amended Dr. Azaiez's contract and extended his employment for an additional year. As a result, Story's request to void Dr. Azaiez's initial contract would have no consequence or effect and his claim is moot.

Warren V. Norred, P.E.
September 5, 2023
Page 4

There are indisputable facts regarding the open and public process used by Round Rock ISD's Board to hire Dr. Azaiez. As you know from publicly- available information, as well as prior Court filings,[3] the Board held a Called Board Meeting on May 21, 2021. The Agenda noted that the Board would meet in closed session to "deliberate applicants for Superintendent, including the possibility of naming finalists for the position." The Agenda also listed an Action Item: "Consider naming the finalist for the Superintendent position."[4] As the May 21, 2021 Board Meeting minutes and public video of the meeting reflect, Trustee Weir "moved that the Board of Trustees designate Dr. Hafedh Azaiez as the sole finalist being considered for the position of superintendent of the Round Rock Independent School District and that the Board make the final decision on employment of the superintendent after June 11, 2021 and that the Board President be authorized to negotiate a proposed contract with the superintendent subject to Board approval of a final superintendent contract."[5] The motion passed 5-2.

Then, on June 14, 2021, Round Rock ISD's Board held another Called Board Meeting.[6] The June 14, 2021 Board Meeting Agenda noted that the Board would meet in closed session "to deliberate the appointment and employment of a superintendent for the District." Section F of the Agenda had an item titled "Superintendent Contract" which stated: "Adoption of Resolution Employing the Superintendent of the Round Rock Independent School District."[7] At that meeting, in open session, there was a motion "to adopt the resolution and to employ Dr. Hafedh Azaiez, under the negotiated contract, as the Superintendent of the Round Rock Independent School District effective July 5, 2021."[8] The motion passed 5-2.

And as you know, based on Paragraph 24 of the Complaint, on June 19, 2021, Round Rock ISD's Board held another Called Board Meeting.[9] Item D on the Agenda was titled "Superintendent Contract" and stated: "Adoption of Resolution Employing the Superintendent of the Round Rock Independent School District." At the June 19, 2021 Meeting, a trustee moved to adopt the resolution and to employ Dr. Hafedh Azaiez under the negotiated contract as the Superintendent of the Round Rock Independent School District effective July 5, 2021.[10] This motion passed 5-1.

Despite this lawful, open, and public process, Story alleged the Trustee Defendants violated TOMA regarding the hiring of Dr. Azaiez. But the Court previously found that Story stated no

---

[3]     *See Appendix in Support of the Round Rock ISD Defendants' Motions to Dismiss*, ECF 17-1 and the *Appendix in Support of Round Rock ISD's Motions to Dismiss Plaintiff's First Amended Complaint*, ECF 27-1. *See* **Exhibit A**, which contains the May 21, 2021 Called Board Meeting Agenda, the May 21, 2021 Called Board Meeting Minutes, and the June 14, 2021 Called Board Meeting Minutes.

[4]     *See* **Exhibit A**, App. 1–3.

[5]     *Id.*, App. 4-5; *see also* https://roundrockisdtx.new.swagit.com/videos/121892 at 1:40–2:35

[6]     *See* **Exhibit B**, June 14, 2021 Called Board Meeting Agenda.

[7]     The Minutes show that Story spoke at this meeting. *See* **Exhibit A**, App. 6.

[8]     *Id.*; *see also* https://roundrockisdtx.new.swagit.com/videos/129361 at 1:17–1:18.

[9]     *See* **Exhibit C**, June 19, 2021 Round Rock ISD Called Board Meeting Agenda.

[10]    *See* https://roundrockisdtx.new.swagit.com/videos/129365 at 11:50–13:15.

Warren V. Norred, P.E.
September 5, 2023
Page 5

plausible TOMA violation. The Court found the notice provided by the Board in the May 21, 2021 Board Meeting Agenda complied with TOMA requirements. ECF 43, pp. 45–46. The Court also held that Story's "arguments regarding a 'walking quorum' do not contain any well-pleaded facts that a quorum of the Board met, considered, deliberated, or voted regarding Azaiez's employment outside of a properly noticed public meeting." *Id.*, p. 46.

Story's amended pleading lacks any facts to correct these deficiencies and, instead, pleads facts that affirmatively demonstrate additional legal bars to Story's claim. In the Complaint, Story no longer claims TOMA violations based on the notice in the Agenda or the openness of the lawfully-called Board meetings where Round Rock ISD's Board voted to name Dr. Azaiez the lone finalist for Superintendent and voted to extend him an employment contract. See ECF 44, ¶ 230. [11] Rather, he now alleges that the Trustee Defendants violated TOMA by using "secret meetings to arrange for the hiring of Azaiez . . . and springing his sudden appearance when he was hired." *Id.* Story cites Exhibits 24 and 25 to the Complaint and alleges that "Weir initiat[ed]  a board discussion via email with the other six trustees regarding the hiring of Superintendent Azaiez." *Id.*, ¶ 159. And that Trustee Xiao "initiat[ed]" an unspecified "board discussion via email with all board members while also trying to involve the TEA Commissioner and a Texas State Board of Education member." *Id.*, ¶ 160 (citing Exhibit 25). The Complaint also alleges that Trustees Weir, Landrum, Harrison, Vessa, and Xiao "collaborat[ed] together in discussion with the Superintendent while leaving Trustees Bone and Weston out." *Id.*, ¶ 161 (citing Exhibit 24). The Complaint concludes that "[a]ll of these incidents show the individual Trustee Defendants violating the Texas Open Meetings Act by conducting school business using a walking quorum, at best." *Id.*, ¶ 162. Not so.

Exhibits 24 and 25, however, do not show a TOMA violation that would support the request to void Dr. Azaiez's contract. They do not show that the Board "met, considered, deliberated, or voted regarding Azaiez's employment outside of a properly noticed public meeting." ECF 43, p. 46. As an initial matter, the text messages in Exhibit 24 were sent on August 30, 2021—more than two months *after* the Board voted in June 2019 to adopt the employment contract with Dr. Azaiez. These text messages are also between only Dr. Azaiez and then-Board President Amy Weir, not a quorum of the Board. Moreover, the text messages demonstrate that Dr. Azaiez's employment with Round Rock ISD was not discussed. Indeed, it is apparent on the face of these text messages that Dr. Azaiez was already working as the District's Superintendent at the time these text messages were sent. Specifically, in Exhibit 24, Dr. Azaiez is discussing "Team of 8" training— School Board Member Training for Team Building. And the only thing the text messages evinces is that three Board members—not a four-member quorum of the Board—might meet with Dr. Azaiez (who was already Superintendent) and "AJ," referring to AJ Crabill who was the Deputy Commissioner of Education with the Texas Education Agency at the time and who now serves as the Director of Governance for the Council of the Great City Schools.[12] Thus, Exhibit 24 does not show an impermissible meeting of a *quorum* of Round Rock ISD's Board, as defined in Texas

---

[11]     Story "NOTE[s]," that "[t]he issue is not that Azaiez was hired at a meeting, but that he was hired before the meeting with a secret walking quorum of discussing, and the meeting was a mere ruse." ECF 44, ¶ 230.

[12]     *See* Council of the Great City Schools Our Staff AJ Crabill.

Warren V. Norred, P.E.
September 5, 2023
Page 6

Government Code § 551.001(4), to state a TOMA violation—much less a quorum to deliberate or act regarding hiring Dr. Azaiez or approving his contract.

Likewise, the June 15, 2021 emails in Exhibit 25 from a Round Rock ISD community member to the Trustees and Round Rock ISD Executive Director of Communications and Community Relations Jenny Caputo's response, do not show "secret meetings to arrange for the hiring of Azaiez." ECF 44, ¶ 230; ECF 44-1, Page 234. Notably, the Court already rejected Story's allegations regarding Trustee Weir and Caputo planning for Dr. Azaiez to attend the June 14, 2021 Board meeting as showing a plausible TOMA violation. As the indisputable timeline shows, the Board had already voted on May 21, 2021 to name Dr. Azaiez as the lone finalist for Round Rock ISD Superintendent and authorized Trustee Weir to negotiate a contract with him. The contract was, therefore, already negotiated at arm's length between Dr. Azaiez and Trustee Weir, on behalf of the Board, and the only thing remaining was for the Board to vote to adopt the contract. It is typical in such circumstances for the lone finalist to be present at the subsequent Board meeting.[13] As Caputo correctly explained in her email:

> It is customary for the sole finalist to be on premises or nearby in this type of situation to be available to address the Board and community in the event they are officially appointed. Typically the candidate is not in the room prior to the vote to avoid an uncomfortable situation for both parties if the finalist is not ultimately chosen.

ECF 44-1, Exhibit 25, p. 234.

Similarly, Trustee Weir's June 12, 2021 email to the Trustees does not constitute a TOMA violation or support any request to void Dr. Azaiez's contract. The email neither reflects any deliberation among the Trustees nor vote regarding Dr. Azaiez's contract. *See* ECF 44–1, Exhibit 25, p. 236–238. And Trustee Xiao's email was in response to a community member whose name is properly redacted where other Trustees happened to be copied when he errantly hit "reply all." *Id.*, p. 240. The email neither constitutes deliberation about nor vote on Dr. Azaiez's contract.

Regardless, these emails do not support a plausible TOMA claim or entitle Story to the relief he seeks—"an injunction to void the Azaiez contract." ECF 44, ¶ 232; *see also id.*, ¶ 240(d) (asking the Court to nullify the vote to hire Dr. Azaiez and asserting that "he should be considered as a temporary hire until the Board revisits the issue and begins the process again, properly deliberating fully in public"). Rather, TOMA provides that "[a]n *action* taken by a governmental body in violation of this chapter is voidable." TEX. GOV'T CODE § 551.141 (emphasis added). The Complaint—including Exhibits 24 & 25— contains no well-pleaded facts that Round Rock ISD's Board took any *action* in violation of TOMA. Based on the indisputable facts, the Board voted to name Dr. Azaiez the lone finalist and voted to adopt the negotiated employment contract with him at properly-noticed public meetings where the votes took place in open session.

---

[13]     Round Rock ISD has explicitly explained this multiple times in prior briefing, and yet you continue to assert this spurious TOMA claim. *See* ECF 17, pp. 18–20; ECF 27, pp. 17–20; ECF 34, pp. 9–10.

Warren V. Norred, P.E.
September 5, 2023
Page 7

Even *if* there were a prior TOMA violation in emails, the fact that these votes took place in open session means Story cannot show any entitlement to voiding Dr. Azaiez's contract. *See Tex. State Bd. of Public Accountancy*, 366 S.W.3d 751, 764 (Tex. App.—Austin 2012, no pet.) (collecting cases); *Olympic Waste Servs. v. City of Grand Saline*, 204 S.W.3d 496, 504 (Tex. App.—Tyler 2006, no pet.) ("Here, while the discussion . . . in executive session was in violation of the Act, voiding the . . . contract does not follow. The vote awarding the contract . . . took place in open session, after the violation occurred. The vote was not taken in violation of the Act. Therefore, Olympic is not entitled to the remedy of voiding the . . . contract."); *United Indep. Sch. Dist. v. Gonzalez*, 911 S.W.2d 118, 128 (Tex. App.—San Antonio 1995, writ denied) ("[O]nly actions taken in violation of the Open Meetings Act are voidable . . . Thus, even if the executive session violated the Act, which it did not, no action was taken during the executive session. The vote . . . took place in open session, after any alleged violation occurred; that being the case the vote . . . was not taken in violation of the Act.").

If this alone were not enough to show Story has no plausible TOMA claim to the relief he seeks, the fact that the Board took another vote to adopt Dr. Azaiez's contract at the June 19, 2021 Board Meeting constitutes ratification of any prior improper vote and demonstrates there is no justiciable controversy regarding the June 14, 2021 vote. *See City of Combine v. Robinson*, No. 05-10-01384-CV, 2011 WL 3570510, at *3 (Tex. App.—Dallas Aug. 16, 2011, no pet.) ("The vote at the August 9, 2010 meeting ratified actions taken at the July 24, 2010 meeting and, thereby, negated any justiciable controversy as to the validity of the July 24, 2010 vote").

Furthermore, on August 24, 2022 at a Called Board Meeting, Round Rock ISD's Board held a closed session "to discuss, deliberate and conduct the summative evaluation of the Superintendent and discuss the Superintendent's employment contract."[14] There was also an action item to "[c]onsider and take possible action on an amendment[ ] to the Superintendent's employment contract and possible performance and incentive payment." The Board, however, did not vote on the employment contract because the Trustees wanted additional time to conduct Dr. Azaiez's evaluation.[15] Then, on September 20, 2022, the Board held another Called Board Meeting.[16] Once again, the Agenda notified the public of a closed session "to discuss, deliberate, and conduct the continuation of the summative evaluation of the Superintendent and discuss the Superintendent's employment contract."[17] There was also an Action Item to "[c]onsider and take possible action on an amendment[ ] to the Superintendent's employment contract and possible performance and incentive payment."[18] Trustee Harrison moved that the Superintendent's contract term be extended for a one-year period ending June 30, 2025 and that the President of the Board

---

[14]     *See* **Exhibit D**, August 24, 2022 Called Board Meeting Agenda; *see also* August 24, 2022 Board Meeting Video, https://roundrockisdtx.new.swagit.com/videos/179496 at 27:00–29:29.

[15]     *See* https://roundrockisdtx.new.swagit.com/videos/179496 at 28:30–29:29.

[16]     *See* **Exhibit E**, September 20, 2022 Called Board Meeting Agenda; *see also* September 20, 2022 Board Meeting Video, https://roundrockisdtx.new.swagit.com/videos/184819.

[17]     *See* **Exhibit E**; *see also* https://roundrockisdtx.new.swagit.com/videos/184819 at 8:12–8:36.

[18]     *See* **Exhibit E**.

Warren V. Norred, P.E.
September 5, 2023
Page 8

of Trustees is authorized to enter into an amendment to the Superintendent's contract reflecting the actions of the Board of Trustees.[19] The motion passed 4-2-1.

Because the Board voted on September 20, 2022 to extend Dr. Azaiez's employment and to amend his contract, any request to void his initial contract would have no practical effect. As a result, Story's TOMA claim, which asks the Court to void Dr. Azaiez's contract, is moot.

Based on the foregoing, Story's continued pursuit of this factually meritless and legally frivolous claim is unwarranted. The Round Rock ISD Defendants, therefore, request that Story voluntarily dismiss this claim and delete all factual assertions related to this claim (*i.e.*, ¶¶ 14–15, 159–162, 230 & Exhibits 24–25) from his Complaint. If Story will agree to voluntarily dismiss his claim and his request for injunctive relief related to the claim, the Round Rock ISD Defendants will agree to forego their reasonable attorney's fees incurred in defending against this claim. If Story continues to prosecute this baseless claim, the Round Rock ISD Defendants intend to ask the Court to award it costs of litigation and reasonable attorney's fees incurred upon substantially prevailing on this claim, as authorized by Texas Government Code § 551.142(b).

**2.      Dismiss Story's Texas Open Meetings Act claim regarding the September 14, 2021 Board Meeting seeking to void the tax rate vote and/or enjoin Round Rock ISD from collecting taxes under the tax rate established in the vote.**

The Court did not dismiss Story's TOMA claim regarding the September 14, 2021 Board meeting because it found that Story *pleaded* sufficient facts to show that "the Board called for a vote on an item that was not properly noticed[.]" ECF 43, p. 46. The Court based this on Story's demonstrably inaccurate pleading regarding what occurred at the September 14, 2021 Board meeting with the procedural vote in response to the demands of *Trustees Weston and Bone* to appeal the Board President's decision, as chair of the meeting, to enforce the administration's rule regarding seating capacity. The Round Rock ISD Defendants are confident that the indisputable evidence will reveal to the Court that the facts as described by Story are wrong and do not show any TOMA violation.

But Story's TOMA claim related to this September 14, 2021 Board meeting fails and should be dismissed as a matter of fact and law for a separate, distinct reason. **It is moot**. When Story filed this lawsuit on May 11, 2022 and filed his First Amended Complaint on August 22, 2022, the tax rate the Board voted on at the September 14, 2021 Board meeting was still in effect. It no longer is. On September 15, 2022, at the Round Rock ISD Board Meeting, the Board adopted a resolution setting the tax rate for 2022–2023.[20]

With respect to this claim, the only relief Story seeks is "to prevent the District from spending tax dollars collected under the non-public approved tax rate." ECF 44, ¶¶ 232, 240c &

---

[19]      *See* https://roundrockisdtx.new.swagit.com/videos/184819 at 30:15–31:12.

[20]      See **Exhibit F**, September 15, 2022 Board Meeting Agenda; see also September 15, 2022 Board Meeting Video, https://roundrockisdtx.new.swagit.com/videos/184563 at 3:01–3:03.

Warren V. Norred, P.E.
September 5, 2023
Page 9

§ XIII, a. The only relief TOMA allows is to void the action, to "stop, prevent, or reverse a violation or threatened violation" of the Act. *See* TEX. GOV'T CODE §§ 551.141, 551.143(a)–(b). Because the tax rate voted on at the September 14, 2021 Board meeting is no longer in effect and the budget year for which those taxes were used is already over, the relief Story seeks, and any ruling by the Court to void the Board's September 14, 2021 vote, would have no practical legal effect. Accordingly, under well-established law, Story's TOMA claim related to the September 14, 2021 Board meeting is moot. *See Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 760 (Tex. App.—Fort Worth 2010, pet. denied); *Day v. First City Nat'l Bank of Hous.*, 654 S.W.2d 794, 795 (Tex. App.—Houston [14th Dist.] 1983, no writ) (case is moot when the actions sought to be enjoined have been fully performed); *see also In re M.R.J.M.*, 280 S.W.3d 494, 499 (Tex. App.—Fort Worth 2009, no pet.) (op. on reh'g) ("[a]n issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal effect on a then-existing controversy").

Because this matter is moot and any Court ruling would have no practical effect, Story's continued pursuit of this claim is groundless and will only serve the purpose of needlessly increasing the costs of this litigation. The Round Rock ISD Defendants, therefore, request that Story voluntarily dismiss this claim and delete all factual assertions related to this claim from his Complaint. If Story will agree to voluntarily dismiss his claim and his request for injunctive relief related to the claim, the Round Rock ISD Defendants will agree to forego their reasonable attorney's fees incurred in defending against this claim. If Story continues to prosecute this claim, the Round Rock ISD Defendants intend to ask the Court to award it costs of litigation and reasonable attorney's fees incurred upon substantially prevailing on this claim, as authorized by Texas Government Code § 551.142(b).

**3.    Dismiss Sergeant Samuel Chavez from the case.**

In the July 26, 2023 Order, the Court dismissed all claims against Sergeant Chavez.[21] The new allegations about Chavez in the Complaint do nothing to overcome the deficiencies the Court previously pointed out or to state a plausible claim against Chavez.

---

[21]    *See* ECF 43, p. 15 (dismissing claims that BED (Local) was facially unconstitutional); *id.*, p. 17 (dismissing "Story's as-applied challenge" regarding BED (Local) "as to these specific Defendants," which included the "Officer Defendants" other than Pope and Pontillo); *id.*, p. 17 (dismissing Story's prior restraint claim); *id.*, p. 20 & n.3 (noting there is no facial challenge to seating capacity limitations" and finding "Story has stated a claim against" only "the Trustee Defendants and Azaiez as to this rule"); *id.*, p. 23 (dismissing First Amendment retaliation claim against certain Round Rock ISD Defendants stating "Story has not adequately alleged the personal involvement of the Trustee Defendants, Officer Pontillo, Sergeant Chavez, or Assistant Chief Williby. The claim will be dismissed as to these Defendants."); *id.*, p. 24 (finding that "Plaintiffs have stated a claim" for right to petition only "as to the Trustee Defendants and Azaiez"); *id.*, pp. 27, 30 (dismissing Fourth Amendment excessive force claims with instruction to either identify the defendants involved in the excessive force violation or plead an inability to identify a specific defendant); *id.*, p. 31 (finding with respect to Story's Fourth Amendment unreasonable seizure claim that "Story has only alleged the personal involvement of Officers Pope and Pontillo" and stating "Story's claim will be dismissed as to the remaining individual Defendants"); *id.*, p. 36 (discussing Story's Fourth Amendment false arrest claim and stating "Yarbrough, Williby, Pontillo, and Chavez were not alleged to have been involved in the warrant application process for Story's arrest. . . . Thus, only the claims against Griffith and Pope can survive"); *id.*, p. 37 (dismissing the

Warren V. Norred, P.E.
September 5, 2023
Page 10

Story does not assert any First Amendment claims against Chavez.[22] *See* ECF 44, §§ VII, A, D & ¶¶ 197–216. The Complaint also does not state any facts regarding Chavez in relation to Story's Fourteenth Amendment claim to state a claim against him. As the Court noted in its July 26, 2023 Order, "Story has only pled the personal involvement of President Weir, Sergeant Pope, and Officer Pontillo in Story's ejection from the [August 16, 2021 Board] meeting." *See* ECF 43, p. 37. The Complaint does not contain any additional facts that Chavez was personally involved in Story's removal from the August 16, 2021 Board meeting. *See* ECF 44, ¶¶ 37–38 (alleging Pope, Pontillo, and Weir's involvement). Nonetheless, the Complaint concludes: "The actions of Defendant Officers violated Plaintiffs' rights under the Fourth and Fourteenth Amendments." *See id.*, ¶ 217. There are no facts, whatsoever, in the Complaint to state a plausible Fourteenth Amendment claim against Chavez. Indeed, the section addressing Story's Fourteenth Amendment claim does not reference a single action by Chavez. *See id.*, ¶¶ 217–222. Accordingly, there is no basis to continue asserting this claim against Chavez.

Similarly, the Complaint states no facts regarding Chavez in relation to Story's Fourth Amendment excessive force, unreasonable seizure, or false arrest claims. Rather, Story alleges that "Pope and Pontillo intentionally used unreasonable force and seizure" against Story. *Id.*, ¶ 224; *see also id.*, ¶¶ 80, 84 (referencing the "excessive force employed by [ ] Pope and Pontillo"). And he alleges that Griffith signed the arrest warrant "with cooperation of" Pope. *Id.*, ¶ 110. The Complaint does not identify Chavez as an individual involved in using excessive force against Story, as required to state a claim by the Court's Order. *See* ECF 43, p. 27. The Complaint, likewise, does not allege the personal involvement of Chavez in any unreasonable seizure as required to state a claim against him. *Id.*, p. 31. Furthermore, the Complaint contains no facts that Chavez was involved in the warrant application process for Story's arrest to state a claim against Chavez based on the arrest. *Id.*, p. 36.

In sum, the Complaint pleads no facts to state any plausible First, Fourth, or Fourteenth Amendment claim against Chavez. The Complaint references Chavez a mere eight (8) times—two references of which are the inclusion of his name in the style of the case and when identifying who the Officer Defendants are. *See* ECF 44, ¶¶ 9, 71, 72, 74, 77. The only new assertion regarding

---

Fourteenth Amendment claims against certain Round Rock ISD Defendants, stating "Story has only pled the personal involvement of President Weir, Sergeant Pope, and Officer Pontillo in Story's ejection from the meeting. This claim is thus dismissed as to the remaining individual Defendants").

[22]     The Complaint asserts no claim that BED (Local) is facially unconstitutional and asserts only a claim that BED (Local) was unconstitutionally applied against Weir, Pontillo, and Pope. *See* ECF 44, ¶ 198. Similarly, Story previously represented he made no challenge to the constitutionality of the seating capacity limitation at the September 14, 2021 Board Meeting (ECF 43, p. 20, n.3) and does not plead such a claim. Furthermore, the Complaint only asserts a First Amendment claim regarding the seating capacity limitation as applied against "[t]he Trustee Defendants and Defendant Azaiez." *See* ECF 44, ¶ 200; *see also id.*, ¶¶ 201–02 (discussing only actions of Dr. Azaiez and the Trustee Defendants). The Complaint, likewise, does not assert a First Amendment retaliation claim against Chavez. Rather, Story asserts a First Amendment retaliation claim against only the Officer Defendants Pope, Pontillo, Williby, and Griffith. *See id.*, ¶ 203 (discussing actions of Pope and Pontillo and supervision of Williby); *id.*, ¶ 205 (discussing actions of Griffith). And Chavez was not involved in any way in the alleged events regarding Homecoming 2022. Indeed, Chavez was no longer employed by Round Rock ISD. Story does not plead a claim against Chavez regarding Homecoming 2022 and only asserts claims and Round Rock ISD, Dr. Azaiez, Officer Ron Cole, Chief Dennis Weiner, Area Superintendent Dr. Carla Amacher, and Cindy Hill. *See id.*, ¶¶ 10, 212–216).

Warren V. Norred, P.E.
September 5, 2023
Page 11

Chavez in the Complaint is Paragraph 74, where Story alleges: "In reading only half of § 37.105, . . . Chavez demonstrated that he obviously knew what the rest of the unread portion stated, or he would not have stopped reading the statute *mid-sentence.* When Story and others brought this to his attention and showed that the rest of the statute made the law inapplicable, Chavez had no explanation and did not change his behavior." *See id.*, ¶ 74. This does nothing to show that Chavez engaged in any force against Story, participated in the removal of Story from any Board meeting, or was involved in any way with the warrant application that resulted in his arrest.

Because the Complaint does not state a claim against Sergeant Chavez, the Round Rock ISD Defendants ask that Story:

- Delete Sergeant Chavez from the caption/style of the case.

- Delete the reference to Sergeant Chavez in the definition of "Officer Defendants" in Paragraph 9 of the Complaint.

- File a Stipulation of Dismissal dismissing all claims against Chavez with prejudice.

Should Story not amend his pleading to delete Chavez from the case and/or file the requested Stipulation of Dismissal, and Chavez must move the Court to dismiss the claims against him, yet again, Chavez will move the Court to deem him a prevailing party and allow his recovery of attorney's fees and costs against Story under 42 U.S.C. § 1988. If Story will delete the claims against Chavez and agree to the Stipulation of Dismissal, Chavez will agree to forego any request for attorney's fees as a prevailing party under section 1988.

4.     **Dismiss Assistant Chief James Williby from the case.**

In the July 26, 2023 Order, the Court dismissed all claims against Assistant Chief Williby.[23] The Complaint does not contain facts to overcome the deficiencies in the prior pleadings to state a plausible claim against Williby. The "Factual Background" of the Complaint does not contain any additional facts regarding Williby. *Compare* ECF 44, ¶¶ 12–178 *with* ECF 20, ¶¶ 12–148.[24] Despite not pleading any additional facts regarding Williby, Story continues to assert claims against him. Specifically, the Complaint appears to assert a First Amendment retaliation claim against Williby. *See* ECF 44, ¶¶ 203–204. Story alleges in conclusory fashion that his "constitutional rights to petition and free speech without fear of retaliation … was infringed by Officer Defendants Pope, Pontillo, *Williby*, and Griffith." *Id.*, ¶ 203 (emphasis added). The Complaint states that "Officers Pope and Pontillo directly acted to remove Story from a public meeting," but alleges that "Defendant Officer Williby is responsible as their manager, who was present and did not intervene, though he did or should have known better." *Id.*, ¶ 204. But the

---

[23]     *See supra*, n. 21.

[24]     The allegations in the "Factual Background" regarding Williby are substantially the same as those in the First Amended Complaint. *Compare* ECF 44, ¶¶ 41, 43, 45, 54, 63, 71, 80, 83, 95, 102 *with* ECF 20, ¶ 43, 45, 47, 56, 66, 74, 82, 85, 98, 105.

Warren V. Norred, P.E.
September 5, 2023
Page 12

Court already rejected this claim against Williby despite similar allegations, because Story did not "adequately allege[ ] the personal involvement of … Williby." *See* ECF 43, p. 23.

Similarly, although the Complaint does not plead any facts to show that Williby used unreasonable force or seized Story, Story continues to assert Fourth Amendment claims against him for excessive force and unreasonable seizure and alleges that "[a]s the supervisor who was watching the proceedings and responsible for the conduct of Pope and Pontillo, Officer Williby is also responsible for these violations." ECF 44, ¶ 224. But the Court's July 26, 2023 Order noted that Story "did specifically identify Assistant Chief Williby" and alleged that "Williby was watching from inside the meeting room" as Story "was 'bear-hugg[ed] . . . around a pole' and 'slam[med]' to the ground." *See* ECF 43, p. 27 (citing ECF 20, ¶ 80.) Nevertheless, the Court held that Story had not stated a claim against Williby and explained why Story did not state a failure to supervise or train claim against Williby. *Id.*, pp. 27–30. The Complaint does not contain any facts to cure these deficiencies. Among other things, the Complaint does not show that Williby affirmatively participated in  the alleged acts of excessive force or unreasonable seizure or that he implemented an unconstitutional policy. *See id.*, p. 28 (quoting *Gates v. Tex. Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)). And the Complaint does not "identify previous similar incidents or allege any facts that 'the alleged abusive conduct occurred with such frequency' that … Williby [was] on notice that training or supervision was needed. *Id.* p. 30 (citing *Parker v. Blackwell*, 23 F.4th 517, 525 (5th Cir. 2022)).

While the Complaint does plead new facts regarding state required school resource officer training, there are no pleaded facts that Pope and Pontillo had not received this training. *See* ECF 44, ¶ 84.[25] And the Complaint pleads it was the "District's failure"—not Williby's failure. *Id.* Furthermore, you raised this exact argument at the April 11, 2023 hearing regarding the Round Rock ISD Defendants' motions to dismiss and the Court soundly rejected it. *See infra*, pp. 13–14. Indeed, the Court noted that this required training was for police officers serving as school resource officers on school campuses, not training regarding providing law enforcement at a public meeting relating to general interactions with the public, which is akin to the normal training all police officers receive, not school district training. *See* ECF 42 at 33:1–13. Moreover, even if applicable, none of these additional facts regarding training mention Williby at all. ECF 44, ¶¶ 84–87.

Because the Complaint does not state a plausible claim against Assistant Chief Williby, the Round Rock ISD Defendants ask that Story:

- Delete Assistant Chief Williby from the caption/style of the case.

- Delete the reference to Assistant Chief Williby in the definition of "Officer Defendants" in Paragraph 9 of the Complaint.

- File a Stipulation of Dismissal dismissing all claims against Assistant Chief Williby with prejudice.

---

[25]    As discussed more *infra*, Pope and Pontillo *have* received this training.

Warren V. Norred, P.E.
September 5, 2023
Page 13

Should Story not amend his pleading to delete Williby from the case and/or file the requested Stipulation of Dismissal, and Williby must move the Court to dismiss the claims against him, yet again, Williby will move the Court to allow his recovery of attorneys' fees and costs against Story as a prevailing party under 42 U.S.C. § 1988. If Story will delete the claims against Williby and agree to file a Stipulation of Dismissal, Williby will agree to forego any request for attorney's fees as a prevailing party under section 1988.

5.      **Dismiss all claims against Chief Jeffrey Yarbrough except for Story's First Amendment retaliation claim.**

The Court dismissed without prejudice all claims against Chief Yarbrough except for Story's First Amendment retaliation claim.[26] In the Complaint, Story re-asserts claims against Yarbrough under the Fourteenth Amendment and alleges that "[Yarbrough] and the District are liable for a failure to train[.]" ECF 44, § VII, E, ¶ 219. Story does not appear to assert any Fourth Amendment claims against Yarbrough. *Id.*, § VII, F & ¶¶ 223–228.

The Round Rock ISD Defendants ask that Story non-suit, dismiss, or delete his Fourteenth Amendment claims against Yarbrough. In the Complaint, Story attempts to re-assert a failure to train claim against Yarbrough. As with Williby, the Court rejected that claim, which was previously asserted in the context of Story's Fourth Amendment claims. *See* ECF 43, pp. 28–30. The Complaint does not cure those deficiencies. Indeed, Story's only new allegations include: (1) the reference to school resource officer training in Paragraph 84 that was previously rejected by the Court at the April 11, 2023 hearing; (2) that Yarbrough's purported admission that his officers did not have proper *SRO* training "show[ed] an awareness of the deficiency of training" that he did not "remedy" which "naturally leads to treatment of parents as criminals," ECF 44, ¶ 85, allegations the Court already rejected; (3) that "Yarbrough should be held accountable for his negligence in training because he was part of the effort to create the RRISD police force," *see id.*, ¶ 86; and (4) that because he "was aware and indifferent of this deficiency, he . . . [is] liable for a failure to train under the Fourteenth Amendment." *Id.*, ¶ 219.

The Court, however, already found Yarbrough's purported admission regarding the absence of SRO training, required by the Occupations Code, did not support a failure to train claim in this case. *See* ECF 43, pp. 28–30. The Court stated at the April 11, 2023 hearing:

> You have to remember something now, this is a public meeting. We're not talking here about officers who go about working day in and day out in a school, okay, with a school setting. That's a totally different situation. That's what you're talking about. When you're talking about a public meeting, you're talking about people – it doesn't matter whether it's a school meeting or it's a City Council meeting or what kind of meeting it is, you don't have to have specialized law enforcement training as a school resource officer just because the subject matter of the meeting happens to

---

[26]      *See supra*, n.21.

Warren V. Norred, P.E.
September 5, 2023
Page 14

> be something to do with the school. School resource officer is working in
> the school and they should have specialized training, but that's not what
> we're talking about here."

ECF 42 at 33:1–13.

Accordingly, Story's new allegations are of no moment to the plausibility of his Fourteenth Amendment claim against Yarbrough. And none of the new allegations "identify previous similar incidents or allege any facts that 'the alleged abusive conduct occurred with such frequency' that Yarbrough . . . [was] on notice that training or supervision was needed." ECF 43, p. 30.

Furthermore, Story's allegations regarding a lack of training for Round Rock ISD officers are demonstrably false. Chief Yarbrough, Assistant Chief Williby, Detective Griffith, Sergeant Chavez, Sergeant Pope, and Officer Pontillo *all* had substantial school resource officer training, more than required by the State of Texas, including school resource officer training conducted by the Texas School Safety Center at Texas State University.[27] In addition, all Round Rock ISD police officers are trained during in-service on Round Rock ISD's Four Pillars of Service, which teaches training standards far above what the state mandates. The Four Pillar of Service Are: 1) Safety and Security; 2) Equity; 3) Behavioral Health; and 4) Student Advocacy. Chief Yarbrough discussed this acclaimed approach to school policing in a video around December 2020.[28] In fact, for his

---

[27]     Sergeant Griffith has been a Master Peace Officer since June 2019. She received "School Resource Officer" training from the Texas Association of School Resource Officers in August 2020, "School Based Law Enforcement Training General" from Texas State University Texas School Safety Center in June 2019, "Basic SRO (NASRO)" and "Advanced SRO (NASRO)" training from the Texas Association of School Resource Officers in August 2018, "School Based Law Enforcement Training General" from the Texas Municipal Police Association in June 2018, and "School Based Law Enforcement Training General" from Texas State University Texas School Safety Center in June 2018. Sergeant Griffith's Texas Commission on Law Enforcement ("TCOLE") Personal Status Report identifies the substantial training courses she completes each year to provide additional training as a peace officer and to assist in her role as law enforcement for a school district. Sergeant Pope is also certified as a Master Peace Officer since October 2020. On July 7, 2021, one month before the events giving rise to Story's claims, Sergeant Pope received "Advanced SRO (NASRO)" training from the Texas Association of School Resource Officers. Sergeant Pope previously received substantial other school-related training including, by way of example, "OSS School Resource and Security Officer" training in September 2016, "OSS-De-Escalation of Force" training in March 2017, state mandated "School Based LE Training" in May 2017, "De-escalation Tech' training in June 2018, "School Based Law Enforcement Training General," in March 2021, numerous trainings on "Active Shooter Response" and other training related to juveniles and children. Sergeant Pope's TCOLE Personal Status Report identifies the substantial training he has completed each year that provides up-to-date training on key issues facing school district law enforcement. Similarly, Officer Pontillo has been certified as a Master Peace Officer since November 2009. Less than one month before the events giving rise to this lawsuit, Officer Pope received state mandated "School Based LE Training" from the Texas State University Texas School Safety Center. He previously received state mandated "School Based LE Training" in August 2016 from Mesquite Police Academy and "School Based Law Enforcement Training General" in June 2016, July 2015, August 2013, and November 2012, from Texas State University Texas School Safety Center. Officer Pope's TCOLE Personal Status Report show his completion of copious training to serve as a police officer for Round Rock ISD. Chief Yarbrough's and Assistant Chief Williby's TCOLE Personal Status Reports likewise reflect the substantial training they have received to serve as law enforcement for public school districts. We would be glad to show you the Officer Defendants' training records that conclusively disprove the facts regarding training that Story asserts in the Complaint.

[28]     *See* https://www.facebook.com/watch/?v=228997545308358 (Dec. 2020 video of Chief J. Yarbrough regarding Four Pillars of Service); *see also* https://www.youtube.com/watch?v=rZH1ytd78VE (April-May 2023 video

Warren V. Norred, P.E.
September 5, 2023
Page 15

work to establish the Four Pillars model, Chief Yarbrough was awarded the Law Enforcement Achievement Award by the Texas Commission on Law Enforcement.[29] And this school policing model has attracted interest statewide and across the nation because of its innovative, reform-oriented approach.[30] In light of the extensive and exemplary training received and implemented within the Round Rock ISD Police Department, Story's allegations are false and serve the sole purpose of harassing these highly-trained police officers, in violation of Rule 11.

Because the Complaint does not state any plausible claim against Chief Yarbrough other than a First Amendment retaliation claim, the Round Rock ISD Defendants ask that Story:

- Change the heading of mis-labeled Section VII, E of the Complaint, and ensure that Chief Yarbrough is not included among the Round Rock ISD Defendants against whom Story alleges a Fourteenth Amendment or Fourth Amendment claim.

- Delete Paragraphs 84, 85, 86, and 219 from the Complaint as there are no plausible claims to which these facts are connected.

## 6.   Dismiss all 42 U.S.C. § 1983 claims against Round Rock ISD and dismiss Round Rock ISD as a defendant in this lawsuit.

In the July 26, 2023 Order, the Court dismissed all section 1983 claims against Round Rock ISD, because of the absence of a policy or custom of the Board that caused a violation of his constitutional rights. ECF 43, pp. 37–39. The Court also dismissed any failure to train or supervise claim against the District. *Id.*, pp. 40–41. The additional allegations in the Complaint do nothing to cure the factual and legal deficiencies in Story's claims against Round Rock ISD.

While the Complaint only alleges that Trustee Weir and Pope and Pontillo violated Story's First Amendment rights at the August 16, 2021 Board Meeting, Story still seeks economic damages and injunctive relief against Round Rock ISD "itself" for this claim. ECF 44, ¶ 198–90. But Story states no facts to show Round Rock ISD's Board, as final policymaker, promulgated an unconstitutional policy or engaged in a widespread custom or practice of applying BED (Local) in a way to violate constitutional rights. The Court already found that BED (Local) did not violate the First Amendment on its face. And Story pleads no facts of *prior* constitutional violations based on the use of BED (Local) to show that a custom or practice fairly attributable to the Board was the moving force behind a violation of his constitutional rights. Thus, this claim against Round Rock ISD should be voluntarily dismissed.

Story also seems to reassert a First Amendment retaliation claim against Round Rock ISD. He pleads that "[i]n an ineffectual attempt to ratify an action, the board voted illegally that their

---

of Chief D. Weiner regarding Four Pillars of Service); https://police.roundrockisd.org/ (information regarding Four Pillars of school policing).

[29]    *See* RRISD News Re Chief Yarbrough TCOLE Award.

[30]    *See* RRISD News Re School Policing Model.

Warren V. Norred, P.E.
September 5, 2023
Page 16

seating 'rules' constitute a policy, the enforcement of which directly caused Plaintiffs' injuries. Thus, this policy is necessarily attributable to the policy maker. *See Pineda v. City of Houston*, 291 F.3d 325, 330–31 (5th Cir. 2002)." *Id.*, ¶ 207. This Board vote occurred at the September 14, 2021 Board Meeting. But a one-time vote by a majority of the Board to enforce an administrative rule does not constitute a Board adopted policy to support *Monell* liability. Moreover, Story's First Amendment retaliation claim was predicated on a false arrest. That arrest was based on Story's conduct at the August 16, 2021 Board meeting. It is temporally impossible that the Board's September 14, 2021 vote—even if it were a *policy*—caused a purportedly retaliatory arrest based on conduct at the prior Board meeting. As a result, the new allegations do nothing to show *Monell* liability to state a section 1983 claim against Round Rock ISD.

The Complaint also contains no new allegations to show a Board policy or custom caused a violation of Story's Fourteenth or Fourth Amendment rights. While the Complaint adds new allegations regarding school resource officer training (ECF 44, ¶¶ 84), which is discussed above, these allegations are demonstrably and conclusively false, and the Court already rejected this as a basis for liability against the District. ECF 43 at 28–30, ECF 42 at 33:1–13. Story's allegations regarding the requirement in Texas Education Code § 37.108 for a multi-hazard emergency operations plan do nothing to show a failure to train was the cause of a violation of his Fourteenth or Fourth Amendment rights. ECF 44, ¶ 87. Indeed, this statute is completely inapplicable to the events that occurred at the August 16, 2021 and September 14, 2021 meetings. Section 37.108(a) requires school districts to have a plan to provide for: (1) training in responding to emergencies for district employees; (2) measures to ensure district employees have classroom access to a telephone, including a cellular telephone, or other electronic communication device to allow for immediate contact with law enforcement, fire departments, and other emergency services and agencies; (3) measures to ensure district communications technology and infrastructure are adequate to allow for communication during an emergency; (4) mandatory school drills and exercises to prepare district students and employees for responding to emergencies; (5) measures to ensure coordination with the Department of State Health Services and emergency management agencies and personnel in the event of an emergency; and (6) the implementation of a safety and security audit. TEX. GOV'T CODE § 37.108.

Story's alleged constitutional injuries did not occur due to a lack of training related to a multi-hazard emergency operations plan. The alleged injuries did not occur in the context of an emergency, but a routine public meeting. Any lack of training or purported deficiency in training required by Section 37.108 has no relationship to, much less caused, Story's injuries. But even if Section 37.108 training were relevant, which it is not, Story pleads no facts that the Officer Defendants did not receive such training or that their training was deficient. ECF 44, ¶ 87. Story cannot viably plead such facts because the training records reveal that Round Rock ISD police officers receive such training. Even if he did assert that the Officer Defendants did not receive such training, or such training was inadequate, the Complaint pleads no facts to show the Board was aware of an absence of such training or that the absence of such training, or any deficiency of such training, would result in constitutional violations. And Story pleads no facts of prior constitutional violations stemming from a lack of Section 37.108 training to show the Board knew of such deficiency and responded with deliberate indifference to state a section 1983 claim against the District.

Warren V. Norred, P.E.
September 5, 2023
Page 17

Story's newly-asserted First Amendment claim against Round Rock ISD surrounding the dissemination of campaign literature at the September 16, 2022 Round Rock High School Homecoming football game fails for the same reasons the Court previously dismissed Story's other section 1983 claims. Story pleads no facts to show a Board policy or custom was the cause of a violation of his First Amendment rights. In fact, the Complaint affirmatively negates the existence of a claim by specifically alleging that the purported actions of Dr. Azaiez, Officer Ron Cole, Chief Dennis Weiner, and Dr. Carla Amacher "violated the plain meaning of [ ] Board Policy GKDA (Local)." ECF 44, ¶ 213. According to Story, rather than a Board policy *causing* a violation of his rights as is required to state a claim against Round Rock ISD, it was the individual employees' failure to follow that policy that caused the violation. As the Court previously stated, an independent school district cannot be held vicariously liable under section 1983 for the acts of its employees. ECF 43, p. 37. And Story does not plead facts regarding prior instances of similar First Amendment violations to show a Board custom. He asserts no other theory of liability to state a plausible claim against Round Rock ISD related to events at the September 16, 2022 Homecoming football game.

Because the Complaint does not cure the deficiencies in Story's previously asserted section 1983 claims against the District and his newly-asserted claim fails for the same reasons, the Round Rock ISD Defendants ask Story to voluntarily dismiss all claims against Round Rock ISD with prejudice[31] and delete Round Rock ISD as a defendant in this lawsuit.

**7.     Dismiss all claims related to Homecoming 2022.**

Story asserts new First Amendment claims in the Complaint related to events that occurred at the September 16, 2022 Homecoming football game at Round Rock High School. *See* ECF 44, ¶¶ 10, 133–154 (§ IV, E), 212–216. It is unclear against whom Story asserts these claims, but in Paragraph 216 Story states that he "ascribes liability for this violation of the First Amendment to RRISD and Azaiez[.]" *Id.*, ¶ 216. As set forth in Section 6 above, he does not—and *cannot*—state such a claim against the District.

Story complains that Round Rock ISD personnel violated his right to free speech by "interfering with his distribution of [ ] campaign fans." *Id.*, ¶ 214. Story's Complaint on its face shows there was no violation of his First Amendment rights. Story references a September 19, 2022 email from the District's General Counsel explaining that Board policy GKDA (Local) requires that written materials "not sponsored by the District, or by a District-affiliated school-support organization shall not be . . . circulated, distributed, or posted on any District premises by . . . persons or groups not associated with the District, except in accordance with this policy." *Id.*, ¶ 148 & ECF 44-1, Exhibits 20 & 21. GKDA (Local) provides that "[a]ll nonschool literature intended for distribution on school campuses or other District premises . . . shall be submitted to

---

[31]     Story does not assert any other claims against Round Rock ISD. He does not assert a TOMA claim against Round Rock ISD. Rather, he complains about the "Trustee Defendants" and the "named Individual Defendant board members" violating TOMA. ¶¶ 230–231.

Warren V. Norred, P.E.
September 5, 2023
Page 18

the Superintendent or designee for prior review" and sets forth the process and requirements for doing so. *See* ECF 44-1, Exhibit 20.

A football game is not a public forum and the District's parking lot near the stadium is not a public forum. By hosting a football game, Round Rock ISD has not opened up their facilities and premises to create a public forum. Even if the football game and the District's parking lot were a limited public forum, time, place, and manner restrictions on speech are perfectly permissible so long as the restrictions are viewpoint neutral. And that is exactly what happened here.

It is undisputed that individuals were handing out campaign flyers at the Homecoming game—written materials not sponsored by the District. It is also undisputed that the individuals handing out campaign flyers had not received prior approval to do so. There are no allegations that Round Rock ISD allowed other individuals to distribute written materials at the Homecoming game or that the District previously waived the prior review requirements of GKDA (Local) for those with different views. Indeed, there are no pleaded facts that would show the prior review process was anything but viewpoint neutral or that it was applied in any way that discriminated based on viewpoint. Accordingly, these events do not constitute a First Amendment violation.

Story's efforts to plead around these bars to state a First Amendment claim lack candor to the Court. Story alleges that "[t]hough GKDA (Local) does not define 'premises,' GKA does define 'premises' and explicitly excludes parking lots as the District's premises[,]" and that "[t]his is the only definition of 'premises' in the entirety of the school district's policies." ECF 44, ¶ 153b. The Complaint asserts that "GKA (Legal) defines premises as 'in a building or portion of a building[,]'" and that "[t]he policy goes further to specifically exclude parking lots by stating the premises 'does not include any public or private driveway, street, sidewalk or walkway, parking lot, parking garage, or other parking area.'" *Id.* These allegations are misleading, at best.

GKA (Legal) expressly limits the definition of "premises," which is the definition in Texas Penal Code § 46.03(c)(4), to the GKA policy itself.[32] Therefore, the definition of "premises" in GKA (Legal) does not apply to GKDA (Local). Moreover, the definition of "premises" in GKA (Legal) relates to prohibitions on the *possession of weapons*, not other activities on school premises. *Id.* And, contrary to the Complaint's assertion, GKA (Legal) is not the only "policy" that defines premises; several Round Rock ISD Board policies do. In fact, GKC (Legal) defines "premises" as "a building or portion of a building and the grounds on which the building is located, including any public or private driveway, street, sidewalk or walkway, *parking lot*, or parking garage on the grounds."[33] Story's reliance on GKA (Legal) to assert that the parking lot next to the football stadium is not Round Rock ISD premises misrepresents the District's policies.

The Complaint also asserts that Story "implicitly received permission" to distribute the campaign flyers at the Homecoming game because the Round Rock High School principal passed

---

[32]     *See* **Exhibit G**, GKA (Legal).

[33]     *See* **Exhibit H**, GKC (Legal) (emphasis added); *see also* **Exhibit I**, CLA (Legal) (citing the definition of "premises in Texas Health & Safety Code § 481.134 and Texas Education Code § 37.086(a)(1) and stating that "'[p]remises means real property and all buildings and appurtenances pertaining to the real property'").

Warren V. Norred, P.E.
September 5, 2023
Page 19

by, gave him a "cordial greeting," and did not halt the distribution of materials. *See* ECF 44, ¶ 153a. But this dog will not hunt. GKDA (Local)'s discussion of *prior* review details what an individual must do to obtain *prior approval* of the "Superintendent or designee" including providing the "name of the person or organization sponsoring the distribution," and noting that the "Superintendent or designee shall approve or reject submitted materials within five school days of the time the materials were received." This process contemplates actual *prior* review and affirmative approval of the material for distribution, which undeniably did not occur here.[34]

In sum, Round Rock ISD's viewpoint neutral prior review process did not violate Story's First Amendment rights. His claim lacks both factual and legal merit and this claim—and all pleaded facts regarding the Homecoming game—should be deleted from the Complaint.

8. **Make clarifications in the "Causes of Action" section of the Complaint to specify which of the Round Rock ISD Defendants Story asserts each claim against.**

In the Complaint, Story continues elements of "shotgun pleading" by "failing to specify which of the Round Rock ISD Defendants each claim is brought against." *See* ECF 43, n.2. Specifically, in the header for "Causes of Action," Section A, Story states that "***Defendants*** violated Story's rights protected by the First Amendment." *See* ECF 44, § VII, A (emphasis added). He does not specify which of the defendants he asserts First Amendment claims against. Similarly, in Section VII, A, 1, Story states, "***Defendants*** violated Story's First Amendment Right to Petition and Free Speech by use of RRISD's 'BED Local' Policy as applied." *Id.*, § VII, A, 1 (emphasis added). In the paragraphs under Section VII, A, 1, however, Story only complains about actions by Trustee Weir and Pope and Pontillo. *Id.*, ¶ 198. Furthermore, Story inexplicably states that he seeks "economic damages and injunctive relief . . . against RRISD itself." *Id.* But Story does not plead any facts to establish *Monell* liability against the District in Section VII, A, 1.

Similarly, the title to Section VII, A, 2 states "***Defendants*** use of the 18-Seat Rule violated Story's First Amendment Right to Petition and Free Speech and the Texas Open Meetings Act." *Id.*, § VII, A, 2 (emphasis added). But in the paragraphs within Section VII, A, 2, Story only complains about actions of the Trustee Defendants and Dr. Azaiez. *Id.*, ¶¶ 200–202. And, notably, Story's TOMA claim cannot be asserted against Dr. Azaiez. Indeed, Texas Government Code § 551.142(a) provides that a person "may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of this chapter by ***members of a governmental body***." TEX. GOV'T CODE § 551.142(a) (emphasis added). Courts interpret this section to afford a person the ability to seek mandamus or injunctive relief against members of the governmental body or the governmental body itself. Because Dr. Azaiez is neither a member of Round Rock ISD's Board of Trustees—the governmental body—nor is he the governmental body itself, there is no TOMA claim that can be asserted against him.

Story's failure to specify which defendants he asserts each claim against continues in Section VII, A, 3 where he states, "***Defendants*** violated Story's right to exercise rights without

---

[34]      It is also difficult to ascertain how the General Counsel's email to "Candidates," violated *Story's* First Amendment rights as Story was not a "candidate," and the email was not sent to him. *See* ECF 44, ¶ 148.

Warren V. Norred, P.E.
September 5, 2023
Page 20

retaliation." ECF 44, § VII, A, 3 (emphasis added). In the paragraphs under Section VII, A, 3, Story only complains about the actions of Trustee Weir, Pope, Pontillo, Williby, Griffith, and Yarbrough. *Id.*, ¶¶ 203–211. Nonetheless, Story refers generically to the "Defendants' above-described retaliatory actions," the "Individual Defendants have mentioned Texas Penal Code § 42.05," and states in conclusory fashion that "Story has been targeted by both the RRISD Trustee Defendants, … Azaiez, and his military arm, the RRISD Police." *Id.*, ¶¶ 206, 208–209.[35]

While the heading of Section VII, D appears to limit Story's claims to only Round Rock ISD, Officer Cole, Chief Weiner, Dr. Amacher, and Ms. Hill, the paragraphs under this Section include an allegation that "Defendants violated Story's exercise of free speech." ECF 44, ¶¶ 214. Even more confusingly, Paragraph 216 states that "Story asserts Pope and Pontillo, the only Round Rock ISD Defendants this claim is asserted against, including if Story actually makes a legal claim against Officer Cole, Chief Weiner, Dr. Amacher, and Ms. Hill.

The heading of Section VII, E states "**Defendants** Violated Plaintiffs' Right to Due Process Protected by the Fourteenth Amendment and 42 U.S.C. § 1983. *Id.*, § VII, E (emphasis added). Story does not clarify the defendants against whom he asserts this claim. Based on Paragraph 218, it *appears* that Story asserts this claim against Trustee Weir and Pope and Pontillo, the only Round Rock ISD Defendants against whom the Court previously found Story had stated a claim. *See* ECF 43, p. 37. At the same time, Story references the "Defendant Officers" in Paragraph 217—without specifying whom—and refers vaguely to "Defendants act[ing] out of spite to punish the Plaintiff" in Paragraph 222, without identifying the specific defendants' actions of which Story complains. ECF 44, ¶¶ 217, 222.

Story continues his failure to specify which of the Round Rock ISD he asserts his claims against in the heading of Section VII, F. This heading states "**Defendants** Violated Plaintiff's Right to be Free of Unreasonable Arrest and Excessive Force under the Fourth Amendment and § 1983, 1985." *Id.*, § VII, F (emphasis added). But Story does not specifically state which Round Rock ISD Defendants he asserts the excessive force claim against, which defendants he asserts the unreasonable seizure claim against (or if he even continues to assert such a claim), and which defendants he asserts a false arrest claim against. While Story has now alleged that Pope and Pontillo allegedly used excessive force against him, he does not affirmatively state his excessive force claims are limited to these two officers.[36] And as the Court previously held, Story "only

---

[35]     As discussed *supra*, pp. 11–13, despite listing Williby in this section, Story does nothing to cure the pleading deficiencies in his legal claims against Williby. Similarly, as discussed *supra*, pp. 15–16, Story's allegations against Round Rock ISD in Paragraph 207 do nothing to cure the deficiencies in his pleading against the District.

[36]     Continuing on the theme of harassing allegations against Round Rock ISD police, there are multiple, publicly-available videos of this incident that conclusively demonstrate Story's allegations about Pope and Pontillo are false. The videos show Story repeatedly trying to force his way into a Board meeting in unlawful defiance of remarkably composed and well-behaved law enforcement. While trying to push his way through on multiple occasions he often clings to a pole dividing the doors. And with respect to his alleged injuries, it is clear that they are self-inflicted, since in one instance of trying to force his way through the officers, video evidence shows Story dramatically throws his hands in the air, makes his body limp, and slides down the pole scratching his back before flopping on the floor. *See* https://www.youtube.com/watch?v=4sM-OtJkVeY. In fact, instead of "slamming [Story] to the ground" (ECF 44, ¶ 80), the video shows that the officers tried to hold Story up to prevent him from falling but were unable to

Warren V. Norred, P.E.
September 5, 2023
Page 21

alleged the personal involvement of Officers Pope and Pontillo" with respect to the unreasonable seizure. ECF 43, p. 31. But Story does not state who this claim is limited to. Similarly, the Court previously stated that only Griffith and Pope were "involved in the warrant application process for Story's arrest" to state a false arrest claim. *Id.*, p. 36. The Complaint, however, does not explicitly state who the "unreasonable arrest" claims are asserted against. In fact, Paragraph 226 generically and broadly refers to "Defendants . . . violat[ing] obvious, well-established rights." ECF 44, ¶ 226.

The Complaint also includes all "Defendants" in the headings related to Story's TOMA claims. ECF 44, §§ VII, G & VII, H. Story needs to specify against whom he asserts the TOMA claims.

Accordingly, the Round Rock ISD Defendants ask Story to:

- Change the heading for Section VII, A to identify against which Round Rock ISD Defendants Story asserts First Amendment claims.

- Change the heading for Section VII, A, I to specify that this claim is asserted only against Trustee Weir and Pope and Pontillo.

- Delete the reference in Paragraph 198 that Story "seek[s] economic damages and injunctive relief . . . against RRISD itself."

- Change the heading for Section VII, A, 2 to specify that these First Amendment claims are only asserted against the Trustee Defendants and Dr. Azaiez and the TOMA claims are only asserted against the Trustee Defendants.

- Change the heading for Section VII, A, 3 to specify that Story's First Amendment retaliation claims do not apply to all Round Rock ISD Defendants but are asserted against only specific individuals.

- Change the heading to the mis-labeled Section VII, D to the extent Story's claims are only against Round Rock ISD and Dr. Azaiez, as stated in Paragraph 216 *or* amend or delete Paragraph 216 so there is no confusion about which Round Rock ISD Defendants the claims are actually asserted against.

- Remove the generic and global reference to "Defendants" in Paragraph 214 to identify which Round Rock ISD Defendants Story contends "interfere[ed] with his distribution of campaign fans."

---

do so due to Story's dramatic flopping. While the Court indicated at the hearing that it would not consider this publicly-available video at the motion to dismiss stage, that does not grant license to misrepresent reality solely for the purpose of needlessly increasing the cost of litigation in violation of Rule 11.

Warren V. Norred, P.E.
September 5, 2023
Page 22

- Change the heading to the mis-labeled Section VII, E to specify that Story's Fourteenth Amendment due process claims do not apply to all Round Rock ISD Defendants, but are asserted against only specific individuals.

- Remove the generic and global reference to "Defendant Officers" in Paragraph 217 to identify which Round Rock ISD police officers allegedly violated Story's Fourteenth Amendment rights.

- Remove the reference to the Fourth Amendment and "unreasonable arrest" in Paragraph 217 as mis-labeled Section VII, E relates to the Fourteenth Amendment and unequal application of BED (Local) at the August 16, 2021 Board meeting. *See* ECF 43, p. 36–37. These allegations should be asserted, if at all, in the mislabeled Section VII, F.

- Remove the generic and global reference to "Defendants" in Paragraph 222 to identify which Round Rock ISD Defendants Story is referencing.

- Change the heading to mis-labeled Section VII, F to specify that Story's Fourth Amendment excessive force claim applies only to Pope and Pontillo, to state whether he continues to assert an unreasonable seizure claim and against whom, and to specify that his false arrest claim applies only to Griffith and Pope.

- Change the headings to mis-labeled Sections VII, G and H to change the global reference to "Defendants" to identify the Round Rock ISD Defendants against whom Story asserts these claims—ostensibly, the Trustee Defendants.

- Change the global references to "Defendants" in Section VIII, "Application for Injunctive Relief," to the specific Round Rock ISD Defendants against whom Story seeks the particular relief.

**9.     Delete the "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," including the references to Story's various grievance proceedings and other purported Texas Open Meetings Act violations.**

In the July 26, 2023 Order when addressing Story's "shotgun pleading," the Court noted Story's "inclusion of 'conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.'" ECF 43, p. 11, n.2. The Complaint does not delete the prior immaterial facts and, instead, adds new facts that are unconnected to Story's claims. The Round Rock ISD Defendants ask that you review the Complaint and make any and all necessary deletions. It is a monumental task to identify all the immaterial facts in the 256-paragraph Complaint, the following are some of the most glaring examples:

- Paragraphs 14–15, 29—the process used to hire Dr. Azaiez;

Warren V. Norred, P.E.
September 5, 2023
Page 23

- The sheer volume of personal allegations against Dr. Azaiez in comparison to their connection to any claim asserted;

- Paragraphs 84–86—allegations regarding school resource officer training which is not tied to officers' conduct at public meetings;

- Paragraph 87—allegations regarding Texas Education Code § 37.108 and the multi-hazard emergency operations plan and training;

- Paragraphs 105–106—allegations regarding a TEA report from a third-party, a TEA investigation, and TEA sending a monitor to Round Rock ISD;

- Paragraphs 109, 111, 113—allegations regarding Williamson County personnel;

- Paragraphs 114–121—allegations regarding a September 22, 2021 Board meeting that has no connection to Story's claims;

- Paragraphs 126–132—allegations regarding Story's various internal grievances that are immaterial and unconnected to his claims;

- Paragraphs 155–158, 163–168—allegations regarding purported TOMA violations and Board meetings in 2023 for which Story asserts no claims and which occurred around 18 months after the alleged violations of his rights;

- Paragraphs 169–174, 177—allegations regarding the Board's January 2022 anti-hate resolution and application of the resolution, all of which occurred after the purported constitutional violations of which Story complains;

- Paragraphs 175–176—allegations regarding any alleged religious bias as Story asserts no religious discrimination or First Amendment freedom of religion claims.

The Round Rock ISD Defendants ask Story to delete these paragraphs from his Complaint because they are immaterial and/or unconnected to his claims. Upon making decisions regarding dismissal of claims requested in this letter, the Round Rock ISD Defendants ask Story to also delete the allegations related to the dismissed claims.

**10.    Remove Dustin Clark's name from the caption and change confusing references to "Plaintiffs" and allegations related to Clark that are no longer relevant to the case.**

The Complaint states that this amendment "remove[s] Clark as a plaintiff" and that "Clark was first listed as a plaintiff in this case, but . . . he here [sic] withdraws all claims and is no longer a plaintiff in this case." *See* EFC 44, p. 1 & ¶ 6. Based on these statements, the Round Rock ISD Defendants ask Story to amend the Complaint as follows:

- Delete Clark from the caption/style of the case.

App. 092

Warren V. Norred, P.E.
September 5, 2023
Page 24

- Delete the references to "Plaintiffs" or "Plaintiffs'" including in the caption, title, and footer of the Complaint. *See* ECF 44, p. 1; p. 4, n.2; p. 11, n.13; p. 18, n.28; p. 28, n.37; p. 45, § 5;p. 52, § E; p. 58, § C; p. 60, § XIII (b) & (d); & ¶¶ 3, 87, 104, 117, 120, 122, 124, 141, 181, 198, 199, 203, 207, 217, 223, 229, 231, 232, 240, 249, 251. Delete any other references or words that show or imply there is more than one Plaintiff remaining in this case. *See, e.g., id.*, ¶ 222 (referring to the "Plaintiff gadflies" and "their temerity").

- Delete allegations regarding Clark that are no longer relevant to Story's claims. *See* EFC 44, p. 59, § IX & ¶ 252.

- Delete the references to "Plaintiffs" in the Order attached as Exhibit 1. *See* ECF 44-1, Exhibit 1.

- Remove the documents regarding Clark's arrest from the Appendix as there remain no claims against the Round Rock ISD Defendants relating to that incident—specifically, ECF 44-1, Exhibit 18 (Page 204–210).

- Agree that Clark will file a Stipulation of Dismissal dismissing all claims against all Round Rock ISD Defendants with prejudice.

If Story and Clark will make the following requested changes *and* file a Stipulation of Dismissal or Non-Suit, dismissing or non-suiting all of Clark's claims with prejudice, the Round Rock ISD Defendants will agree to forego any request for attorney's fees from Clark as a prevailing party under 42 U.S.C. § 1988.

## 11.   Remove any remaining references to 42 U.S.C. § 1985 and any conspiracy.

The Complaint removes Story's 42 U.S.C. § 1985 conspiracy claim and many references to an alleged "conspiracy." The Complaint, however, errantly or inadvertently continues to reference Section 1985 and conspiracy in certain locations. The Round Rock ISD Defendants ask that Story amend the Complaint to delete the following references to Section 1985 and any purported "conspiracy" so there is no doubt that the Section 1985 claim has been deleted and dismissed.

- The reference to § 1985 Section VII, F, p. 53.

- The references to conspiracy, "conspiratorial act," "conspiratorial effort," "conspired," or "co-conspirator" in Paragraphs 14, 14d, 14f, 37, 143, 154, 227.

Warren V. Norred, P.E.
September 5, 2023
Page 25

**12.    Re-number paragraphs and labels on sub-sections D–H of Section VII, "Causes of Action."**

There are misnumbered paragraphs in the Complaint which complicates any Answer that is filed to as well as discovery as the case progresses. The Round Rock ISD Defendants, therefore, ask Story to file an amended pleading with correct paragraph numbering, including to correct the following errors:

- On page 3, there is a paragraph numbered 132 that falls between paragraphs numbered 8 and 9.

- The last paragraph of page 35 is paragraph 143. Then, on page 36, you begin with paragraph 133. As a result, there are two paragraphs labeled 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, and 143.

In addition to the mis-numbered paragraphs, there appear to be mis-labeled headings in Section VII, Causes of Action. Specifically, Section VII begins with sub-section A. *See* ECF 44, p. 48. The Complaint does not contain a Section VII, sub-section B or C. Instead, the Complaint omits these sub-sections and skips straight to Section VII, sub-section D, *id.*, p. 51, and then continues with sub-sections E, F, G, and H. *See id.*, pp. 52, 53, 55. Round Rock ISD also asks Story to correct these mis-identified sub-sections in Section VII, Causes of Action.

**Conclusion and Rule 11**

In conclusion, this letter identifies a significant number of issues with Story's Second Amended Complaint, including your clients' continued pursuit of claims that are not only meritless, but also legally frivolous—including requests for a temporary restraining order and temporary injunction that are without merit due to your delay and the passage of time. I would like to remind you of the requirements of Federal Rule of Civil Procedure 11(b) regarding "Representations to the Court." Rule 11(b) provides that:

> By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

Warren V. Norred, P.E.
September 5, 2023
Page 26

       (3)     the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ; and

       (4)     the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief  or a lack of information.

*See* FED. R. CIV. P. 11(b). As you know, Rule 11(c) authorizes sanctions against both a party and counsel "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." FED. R. CIV. P. 11(c)(1).

      I do not reference Rule 11 lightly. Based on the way Story has presented and continues to present his case—with such great reliance on demonstrably false and salacious facts, most of which are wholly irrelevant to his legal claims—it is difficult to reach any conclusion other than that this lawsuit is brought for improper purposes and largely as a method of harassment. Indeed, the Court already noted that "[t]he only two board members you didn't sue were the ones who voted against having the superintendent hired"—Trustees Danielle Weston and Dr. Mary Bone. ECF 42 at 29:6–14. And that "the ones you did sue were the ones who voted in favor of hiring," which is "not a constitutional violation." *Id.* The Court continued: "just suing somebody because they voted in favor of hiring somebody that your client thinks is a bad person for whatever reason does not withstand scrutiny even under the liberalist pleading standard there is, just doesn't." *Id.* at 29:22–30:3; *see also id.* at 31:9–15 ("so you have to have more here than just simply, you know, we didn't sue these two people because they voted against this superintendent . . . [b]ut we sued these others because they're in a conspiracy because they voted to hire him").

      The Round Rock ISD Defendants therefore request that you make the foregoing changes to the Complaint, dismiss the claims and defendants requested, and further file Stipulations of Dismissal of the defendants and claims addressed in this letter. Please advise by **Friday, September 8, 2023 at 5:00 p.m.** if your clients will voluntarily do so without further action by the Round Rock ISD Defendants. Your failure to do so will result in the Round Rock ISD Defendants seeking attorney's fees as the prevailing party under 42 U.S.C. § 1988, the Texas Open Meetings Act, or for sanctions under Federal Rule of Civil Procedure 11.

      Thank you for your attention to this matter. Please do not hesitate to contact me if you have any questions.

                    Sincerely,

                    Kathryn Long

cc:     Adam Rothey (*of the firm*)