UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERINTENDENT HAFEDH AZAIEZ, | § | CIVIL ACTION NO. |
| TRUSTEES AMBER FELLER, TIFFANIE | § | 1:22-cv-00448-DAE |
| HARRISON, AMY WEIR, JUN XIAO, CORY | § | |
| VESSA; OFFICERS JEFFREY YARBROUGH, | § | |
| JAMES WILLIBY, DEBORAH GRIFFITH, | § | |
| MILTON POPE, FRANK PONTILLO, RON | § | |
| COLE, CHIEF DENNIS WEINER, and CARLA | § | |
| AMACHER, individually, and ROUND ROCK | § | |
| INDEP. SCHOOL DISTRICT, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS ROUND ROCK INDEPENDENT SCHOOL DISTRICT,
SUPERINTENDENT HAFEDH AZAIEZ, AMBER FELLER LANDRUM, TIFFANIE
HARRISON, AMY WEIR, JUN XIAO, CORY VESSA, JEFFREY YARBROUGH,
LAUREN GRIFFITH, MILTON POPE, AND FRANK PONTILLO'S
ANSWER TO PLAINTIFF JEREMY STORY'S THIRD AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants Round Rock Independent School District ("Round Rock ISD" or the "District"), District Superintendent Dr Hafedh Azaiez, Trustees Amber Feller Landrum, Tiffanie Harrison, and Amy Weir, former Trustees Jun Xiao and Cory Vessa, and current and former Round Rock ISD Police Department officers Jeffrey Yarbrough, Lauren Griffith, Milton Pope, and Frank Pontillo (collectively, the "Round Rock ISD Defendants"), and file this Answer to Plaintiff Jeremy Story's Third Amended Complaint. In support, the Round Rock ISD Defendants would respectfully show this Court the following:

## STATEMENT REGARDING PENDING MOTIONS TO DISMISS

Round Rock ISD former Assistant Chief of Police James Williby filed a motion to dismiss and seeks dismissal of all claims Story asserts against him. *See* Dkt. 51, *James Williby's Motion to Dismiss and Jeffrey Yarbrough's Partial Motion to Dismiss Plaintiff Jeremy Story's Third Amended Complaint and Brief in Support*. Because Assistant Chief Williby seeks dismissal of all claims asserted against him, he is not a party to this Answer.

Current Round Rock ISD Trustees Amber Feller Landrum ("Landrum"), Tiffanie Harrison, and Amy Weir and former Round Rock ISD Trustees Jun Xiao and Cory Vessa (collectively, the "Trustee Defendants") filed a *Partial Motion to Dismiss Plaintiff Jeremy Story's Third Amended Complaint* seeking dismissal of Story's Texas Open Meetings Act claims against them under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See* Dkt. 52. In that motion, Trustee Landrum sought dismissal of Story's Fourteenth Amendment claims against her, and Trustee Weir sought dismissal of Story's Fourth Amendment claims against her. This Answer is filed by the Trustee Defendants subject to and without waiving any of the arguments set forth in the *Trustee Defendants' Partial Motion to Dismiss Plaintiff Jeremy Story's Third Amended Complaint and Brief in Support. See id.*

Round Rock ISD's former Chief of Police, Jeffrey Yarbrough also filed a *Partial Motion to Dismiss Jeremy Story's Third Amended Complaint* seeking dismissal of Story's 42 U.S.C. § 1983 Fourth and Fourteenth Amendment claims and all failure to supervise claims against him. *See* Dkt. 51. This Answer is filed by Chief Yarbrough subject to and without waiving any of the arguments set forth in *James Williby's Motion to Dismiss and Jeffrey Yarbrough's Partial Motion to Dismiss Plaintiff Jeremy Story's Third Amended Complaint and Brief in Support. See id.*

Round Rock ISD and Dr. Azaiez also filed a *Partial Motion to Dismiss Jeremy Story's Third Amended Complaint. See* Dkt. 53. In that partial motion, Round Rock ISD seeks dismissal of Story's First

Amendment retaliation claim, all First Amendment claims arising from the August 16, 2021 Round Rock ISD Board Meeting, and all claims arising from the September 2022 homecoming football game at Round Rock High School ("RRHS"). Dr. Azaiez also seeks dismissal of Story's First Amendment claims related to the September 2022 homecoming football game at RRHS. In addition, Dr. Azaiez seeks dismissal of any Texas Open Meetings Act claims against him. And RRISD and Dr. Azaiez seek dismissal of any requested injunction against them for purported violations of the Texas Open Meetings Act. *Id.*

## PREFATORY STATEMENT

The form of this Answer corresponds to the headings and paragraph numbering of Plaintiff Jeremy Story's Third Amended Complaint, Dkt. 49 (the "Complaint"). References to the headings or paragraph numbers in the Complaint are not to be deemed as an agreement with any assertion in the Complaint but are solely intended to provide the Court with an accurate point of reference. The Round Rock ISD Defendants respond in a manner that corresponds with each of the numbered paragraphs in the Complaint as follows:

## ANSWER

The unnumbered paragraphs on page 1 of the Complaint state only what Story complains about and alleges in this lawsuit, and do not contain any facts to which an admission or denial is required. To the extent any admission or denial is required, the Round Rock ISD Defendants admit that Story accurately depicts the nature of his claims and some of the changes between the Second and Third Amended Complaints but deny the substance of Story's allegations.

## I.    JURISDICTION

1.    The Round Rock ISD Defendants admit that this Court has jurisdiction over Story's claims because he presents a federal question. The Round Rock ISD Defendants deny that Story

asserts any claim or establishes the Court's jurisdiction under any section of Chapter 42 of the United States Code other than 42 U.S.C. § 1983.

2.     The Round Rock ISD Defendants admit that this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Story's Texas Open Meetings Act claims. The Round Rock ISD Defendants deny that Story asserts any Texas Education Code claims against them. The Round Rock ISD Defendants deny that this Court has subject-matter jurisdiction over Story's Texas Open Meetings Act claims, or any claim for a violation of the school laws of the State of Texas, Titles I and II of the Texas Education Code.

3.     The Round Rock ISD Defendants deny the allegations in Paragraph 3 of the Complaint.

## II.    VENUE

4.     The Round Rock ISD defendants admit that venue is proper in this Court. The Round Rock ISD Defendants deny that they all reside in Williamson County, Texas.

## III.    PARTIES

5.     The Round Rock ISD Defendants are without information sufficient to admit or deny the allegations in Paragraph 5 of the Complaint.

6.     The Round Rock ISD Defendants admit the allegations in Paragraph 6 of the Complaint.

7.     The Round Rock ISD Defendants deny that the District is "incorporated." The Round Rock ISD Defendants admit the remaining allegations in Paragraph 7 of the Complaint.

8.     The Round Rock ISD Defendants admit the allegations in Paragraph 8 of the Complaint.

9.     The Round Rock ISD Defendants deny that Jun Xiao and Cory Vessa currently serve as Trustees for the District. Former Trustee Xiao resigned from Round Rock ISD's Board of Trustees

(the "Board") in June 2022 and was replaced on July 25, 2022. Former Trustee Vessa was not re-elected to serve on the Board in November 2022. Former Trustees Xiao and Vessa can be served through counsel. The Round Rock ISD Defendants admit the remaining allegations in Paragraph 9 of the Complaint.

10.    The Round Rock ISD Defendants deny that former Police Chief Yarbrough and former Assistant Police Chief James Williby currently work for Round Rock ISD. The Round Rock ISD Defendants also deny that Chief Yarbrough, Assistant Chief Williby, Detective Sergeant Lauren Griffith, Sergeant Milton Pope, and Officer Frank Pontillo (collectively, the "Officer Defendants") violated Story's rights or were "well aware" of a deprivation of rights. Chief Yarbrough and Assistant Chief Williby may be served through counsel. The Round Rock ISD Defendants admit the remaining allegations in Paragraph 10 of the Complaint.

11.    The Round Rock ISD Defendants admit that the Complaint attempts to assert certain First Amendment claims against Dr. Azaiez, Round Rock ISD police officer Ron Cole, current Round Rock ISD Police Chief Dennis Weiner, and former District Area Superintendent Carla Amacher arising from events that took place at the September 16, 2022 homecoming football game at Round Rock High School. The Round Rock ISD Defendants assert that the September 19, 2022 email sent from Round Rock ISD's General Counsel Cynthia Hill to the candidates running for Trustee in the November 2022 election speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12.    Paragraph 12 of the Complaint addresses solely naming conventions used by Story in the Complaint; therefore, no admission or denial is required.

## IV.    FACTUAL BACKGROUND

A.    **"Defendants' illegal hiring practice leads to massive controversy." [1]**

13.    The Round Rock ISD Defendants are without sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint; therefore, they are denied.

14.    The Round Rock ISD Defendants admit that at a June 14, 2021 Called Board Meeting of the Round Rock ISD Board, the Board voted to adopt the resolution and to employ Dr. Azaiez under a negotiated contract as the Superintendent of Round Rock ISD, effective July 5, 2021. The Round Rock ISD Defendants admit that five Trustees voted in favor of employing Dr. Azaiez as Superintendent, and two Trustees voted against employing Dr. Azaiez as Superintendent. The Round Rock ISD Defendants admit that during the public comment portion of the June 14, 2021 Called Board Meeting, some members of the public voiced opposition to Dr. Azaiez's hiring. The June 14, 2021 Called Board Meeting was recorded, and the recording of the meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.    The Round Rock ISD Defendants admit that some Trustees and District employees had spoken to Dr. Azaiez before the June 14, 2021 vote but deny that anything about this communication was improper or unlawful. The recording of the June 14, 2021 Called Board Meeting speaks for itself and reflects the statements of the two Trustees who voted against hiring Dr. Azaiez. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16.    The Round Rock ISD Defendants admit that then-Board President Amy Weir had communications with Dr. Azaiez before June 14, 2021 to negotiate a proposed employment contract with him, as directed and authorized by the Board at the May 21, 2021 Called Board Meeting. The Round Rock ISD Defendants deny that there was anything improper or unlawful about Trustee Weir's

---

[1]    To the extent an admission or denial to Section IV, A of the Complaint is required, the Round Rock ISD Defendants deny they engaged in any "illegal hiring practice" and deny that any such practice led to "massive controversy."

communications with Dr. Azaiez. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17.     The Round Rock ISD Defendants are without sufficient information to admit or deny what Diane Cox, who is not a Round Rock ISD employee or current official, did or did not do. The Round Rock ISD Defendants therefore deny the allegations regarding any specific act or action of Diane Cox. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

18.     The Round Rock ISD Defendants are without information sufficient to admit or deny what Story learned in July 2021; therefore, the Round Rock ISD Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     The Round Rock ISD Defendants admit that the Board held a Public Hearing and Regular Board Meeting on June 17, 2021. The Round Rock ISD Defendants admit that the Board held Called Board Meetings on June 19, 2021, July 15, 2021, and August 16, 2021. The Round Rock ISD Defendants also admit that the Board did not have a regular board meeting in July 2021. The Round Rock ISD Defendants, however, deny that Story lacked opportunities to raise his concerns at public Board meetings, including the June 17, 2021 meeting, the June 19, 2021 meeting, and the August 19, 2021 Regular Board Meeting. The Round Rock ISD Defendants deny any further allegations or implications in Paragraph 19 of the Complaint.

20.     The Round Rock ISD Defendants admit that the Board has adopted a policy, BED (Local), that addresses public participation at Board meetings. The Board adopted a version of BED (Local) that was issued on March 3, 2021 and, then, adopted an updated version of BED (Local) that was issued on December 6, 2022. The Round Rock ISD Board policy BED (Local) speaks for itself.

21.     The Round Rock ISD Defendants admit that in July 2021, certain Trustees received communications from Story and other members of the public regarding Dr. Azaiez. These

communications speak for themselves. The Round Rock ISD Defendants are without sufficient information to admit or deny whether Story was "personally in contact with Aldrich"; therefore, they deny these allegations. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 21 of the Complaint.

22.     The Round Rock ISD Defendants admit that Dr. Azaiez contemplated seeking a protective order against "Aldrich," also known as Vanessa Ruiz. Any purported affidavit signed by Dr. Azaiez speaks for itself. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 22 of the Complaint.

23.     The Round Rock ISD Defendants admit that "Aldrich" filed an "Application for a Protective Order." The "Application for a Protective Order" speaks for itself. The Round Rock ISD Defendants admit that the Court entered a "Temporary Ex Parte Protective Order and Order Setting Hearing." This Order speaks for itself. The Round Rock ISD Defendants deny any remaining allegations or implications in Paragraph 23 of the Complaint.

1.     ***"Trustee Defendants illegally refuse to address Azaiez's bad acts."*** [2]

24.     The Round Rock ISD Defendants admit that Story sent emails on July 30, 2021 and August 2, 2021 to Round Rock ISD's Trustees. The July 30, 2021 and August 2, 2021 emails speak for themselves. The Round Rock ISD Defendants admit that Story was present at the District's offices to personally videorecord the attempts to serve Dr. Azaiez with the "Temporary Ex Parte Protective Order and Order Setting Hearing." The Round Rock ISD Defendants deny any remaining allegations or implications in Paragraph 24 of the Complaint.

---

[2]     To the extent an admission or denial to Section IV, A, 1 of the Complaint is required, the Round Rock ISD Defendants deny that the Trustee Defendants engaged in any illegal action and deny that Dr. Azaiez engaged in "bad acts" as alleged in the Complaint.

25.     The Round Rock ISD Defendants admit that Dr. Azaiez was served with the "Temporary Ex Parte Protective Order and Order Setting Hearing" before Story sent the July 30, 2021 and August 2, 2021 emails. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26.     The Round Rock ISD Defendants are without information sufficient to admit or deny why Trustees Weston and Bone requested a "special meeting" or the timing of their request in relation to if or when they heard unspecified allegations regarding Dr. Azaiez; therefore, these allegations are denied. The Round Rock ISD Defendants deny that Board policy BED (Local) "requires the board president to call a meeting whenever two trustees request such a meeting."

27.     The Round Rock ISD Defendants admit that there was a Called Board Meeting on June 19, 2021, and that the Board voted again at this June 19, 2021 meeting to employ Dr. Azaiez under a negotiated contract as the Superintendent of Round Rock ISD effective July 5, 2021. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

> 2.     **"Defendants unconstitutionally silence opposing viewpoints at the August 16 meeting."** [3]

28.     The Round Rock ISD Defendants admit that the Board held a Called Board Meeting on August 16, 2021. The Round Rock ISD Defendants further admit that the Agenda for the August 16, 2021 Called Board Meeting had two items for "Discussion and Possible Action": (1) Adoption of Resolution for Employee COVID-19 Positive Extended Eave During Covid-19 Pandemic; and (2) Fall 2021 COVID-19 Health and Safety Protocols. The Agenda for the August 16, 2021 Called Board Meeting speaks for itself.

29.     The Round Rock ISD Defendants admit that the August 16, 2021 Board meeting was a "Called Meeting," which is a "Special Meeting" and not a "Regular Meeting." The Round Rock ISD

---

[3]     To the extent an admission or denial to Section IV, A, 2 of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

Defendants further admit that because the August 16, 2021 Board meeting was a "Called Meeting," public comment was limited to items on the agenda posted with notice of the meeting, as stated in Board policy BED (Local). The Round Rock ISD Defendants deny any remaining allegations in Paragraph 29 of the Complaint.

30.    The Round Rock ISD Defendants admit that, on August 16, 2021, Sergeant Griffith was in the parking lot outside the location where the August 16, 2021 Called Board Meeting was taking place. The Round Rock ISD Defendants further admit that Sergeant Griffith observed Story in the parking lot before the August 16, 2021 Called Board Meeting. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 30 of the Complaint.

31.    The Round Rock ISD Defendants admit that during the August 16, 2021 Called Board Meeting, Chief Yarbrough approached Story because he observed and/or heard Story disrupting the meeting and asked to speak with Story outside the meeting room. The Round Rock ISD Defendants also admit that Story denied that he disrupted the meeting and began pointing fingers at other individuals Story purportedly believed had disrupted the meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 31 of the Complaint.

32.    The Round Rock ISD Defendants admit that Story spoke during public comment at the August 16, 2021 Called Board Meeting and admit that Story's comments and interactions with the Trustees occurred between the 2:47:10 and 2:49:35 mark of the recording of the August 16, 2021 Called Board Meeting, as alleged in footnote 7 of the Complaint. The recording of the August 16, 2021 Called Board Meeting speaks for itself and reflects a depiction of both Story's comments and his interactions with the Trustees. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33.    Story's statements during public comment at the August 16, 2021 Called Board Meeting, as well as the comments of others during the public comment portion of the meeting are

available within the recording of the August 16, 2021 Called Board Meeting. That recording speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34.     Story's comments and interactions with the Trustees at the August 16, 2021 Called Board Meeting occurred between the 2:47:10 and 2:49:35 mark of the recording of the August 16, 2021 Called Board Meeting. This recording speaks for itself. The Round Rock ISD Defendants admit that Sergeant Milton Pope and Officer Frank Pontillo escorted Story from the August 16, 2021 Called Board Meeting after Story repeatedly refused to comply with the directives from then-Board President Weir that he could not speak about matters that were not posted on the Agenda for the August 16, 2021 Called Board Meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35.     The Round Rock ISD Defendants admit that Trustees Harrison, Landrum, and Weir believed that Story's comments were not related to an item posted on the Agenda for the August 16, 2021 Called Board Meeting. Any comments by Trustees Harrison, Landrum, and Weir are reflected in the recording of the August 16, 2021 Called Board Meeting, and the recording speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

36.     The comments of others during the public comment portion of the August 16, 2021 Called Board Meeting, including those purportedly quoted in Paragraphs 36(a) through 36(f), are contained within the recording of the meeting. That recording speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 36 of the Complaint.

37.     The comments of others during the public comment portion of the August 16, 2021 Called Board Meeting, the directives of then-Board President Weir to speakers who diverted from the topics posted on the Agenda for the meeting, and the response of the public commenters to those directives are reflected in the recording of the August 16, 2021 Called Board Meeting. The recording

speaks for itself. The Round Rock ISD Defendants admit that no other speaker was removed from the meeting room at the August 16, 2021 Called Board Meeting because no other speaker refused directives to quit speaking about topics that were not posted on the Agenda for the meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38.    The Round Rock ISD Defendants admit that Story filed a complaint with the District and submitted it electronically to Assistant Chief Williby on or about August 18, 2021. The Round Rock ISD Defendants are without sufficient information to admit or deny the allegations in Paragraph 38 of the Complaint regarding Story's purported complaints, reports, or discussions with the Williamson County Attorney's Office, the Round Rock Pollice, the Williamson County Sheriff's office, or the Texas Education Agency ("TEA"); therefore, they deny those allegations.

39.    The Round Rock ISD Defendants deny that Chief Yarbrough made any threats to Story at the August 16, 2021 Called Board Meeting. The Round Rock ISD Defendants admit that Story spoke with Chief Yarbrough on August 19, 2021 at the Regular Board Meeting while the Trustees were in closed session. Chief Yarbrough has a recording of the conversation with Story on August 19, 2021, and the recording speaks for itself.

### 3.    *"RRISD turns a blind eye to Azaiez's immoral acts and Story's grievances."* [4]

40.    The Round Rock ISD Defendants admit that Story submitted a grievance form to the District's legal department in or around early-mid September 2021. The District registered receipt on September 16, 2021. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 40 of the Complaint.

41.    The Round Rock ISD Defendants admit that the District held an August 23, 2021 special meeting of the Board. The Round Rock ISD Defendants admit that the "Agenda Item Details"

---

[4]    To the extent an admission or denial to Section IV, A, 3 of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

for the August 23, 2021 meeting changed but deny that the overall Agenda for the meeting changed and deny that the change was anything more than a correction. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42.     The Round Rock ISD Defendants admit that Story submitted a grievance form to the District's legal department in or around early-mid September 2021. The District registered receipt on September 16, 2021. The grievance document speaks for itself. The Round Rock ISD Defendants are without sufficient information to admit or deny Story's reasons for submitting the grievance to the legal department, including the reasons for the timing of the submission. These allegations are therefore denied. The Round Rock ISD Defendants admit that Assistant Chief Williby and the Round Rock ISD Police Department could not investigate the complaint Story submitted to Assistant Chief Williby because the complaint contained allegations against Chief Yarbrough, Dr. Azaiez, and Round Rock ISD Trustees. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 42 of the Complaint.

43.     The Round Rock ISD Defendants are without information sufficient to admit or deny the allegations in Paragraph 43 of the Complaint; therefore, they deny these allegations.

**B.     Defendants fail to allow the public into their Sept. 14th board meeting. [5]**

        *1.     **"The Trustee Defendants unconstitutionally threaten free speech"** [6]*

44.     The Round Rock ISD Defendants admit that the District held a Regular Board Meeting on September 14, 2021. The Round Rock ISD Defendants further admit that a "Discussion and Possible Action Item" on the Agenda for the September 14, 2021 Regular Board Meeting was "COVID-19 Health and Safety Protocols" and that the "Agenda Item Details" included a proposed

---

[5]     To the extent an admission or denial to Section IV, B of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

[6]     To the extent an admission or denial to Section IV, B, 1 of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

"Mask Matrix" which would tie the District's mask protocols to the "COVID stages" set forth by Travis and Williamson County health authorities.

45.     The Round Rock ISD Defendants admit that there were around 18 chairs for the public, spaced at least six-feet apart, in the meeting room at the September 14, 2021 Regular Board Meeting. The Round Rock ISD Defendants, however, deny that those were the only chairs in the meeting room and deny that a grand total of 18 people could be in the room at the time. The Round Rock ISD Defendants admit that the meeting room for the September 14, 2021 Regular Board Meeting, when it is not set up for a Board meeting,  has a capacity of 375 under the fire code. The Round Rock ISD Defendants, however, deny that when the room is set up for a Board meeting that there is a 375-person capacity. The Round Rock ISD Defendants admit that there was another room where members of the public could watch the live video of the September 14, 2021 Regular Board Meeting, as alleged in footnote 19 of the Complaint, and that those signed up for public comment could enter the room to present public comment. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 45 of the Complaint, including in footnote 19.

46.     The Round Rock ISD Defendants admit that at the September 14, 2021 Regular Board Meeting, only members of the public who were seated in the 18 chairs in the meeting or members of the public who were presenting public comment at the time, were allowed in the meeting room. The Round Rock ISD Defendants, however, deny that these were the only members of the public ever in the meeting room. The Round Rock ISD Defendants admit that Story was not allowed in the meeting room at the September 14, 2021 Regular Board Meeting when he tried to enter because the 18 chairs were already occupied, and he was not next on the list to present public comment. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 46 of the Complaint.

47.     The Round Rock ISD Defendants admit that the Board did not take any action at the September 14, 2021 Regular Board Meeting regarding COVID-19 safety protocols, including with

respect to any mask requirements or the mask matrix. The Round Rock ISD Defendants admit that the September 14, 2021 Regular Board Meeting was cut short for safety concerns, which included issues and disruption occurring both inside and outside the meeting room. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 47 of the Complaint.

48.     Then-Board President Weir's comments at the September 14, 2021 Regular Board Meeting are captured on the recording of the meeting. The recording of the September 14, 2021 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 48 of the Complaint.

49.     Then-Board President Weir's comments at the September 14, 2021 Regular Board Meeting are captured on the recording of the meeting. The recording of the September 14, 2021 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants deny that then-Board President Weir threatened any attendees at the September 14, 2021 Regular Board Meeting and deny any remaining allegations or implications in Paragraph 49 of the Complaint.

50.     Trustee Bone's and Dr. Azaiez's comments at the September 14, 2021 Regular Board Meeting are captured on the recording of the meeting. The recording of the September 14, 2021 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants deny any remaining allegations or implications in Paragraph 50 of the Complaint.

51.     The proceedings at the September 14, 2021 Regular Board Meeting are captured on the recording of the meeting. The recording of the September 14, 2021 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants admit that there was no procedural vote listed on the Agenda for the September 14, 2021 Regular Board Meeting regarding COVID-19 social distancing measures, such as seating capacity limitations. The Round Rock ISD Defendants deny that the Board engaged in any improper vote at the September 14, 2021 Regular Board Meeting, and specifically deny

the Board violated the Texas Open Meetings Act. The Round Rock ISD Defendants deny any remaining allegations or implications in Paragraph 51 of the Complaint.

52.    The Round Rock ISD Defendants admit that Trustees Weston and Bone left the September 14, 2021 Regular Board Meeting early. The Round Rock ISD Defendants are without sufficient information to admit or deny why Trustees Weston and Bone left the meeting early. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 52 of the Complaint.

53.    The Round Rock ISD Defendants are without sufficient information to admit or deny what "Story asserts," as alleged in Paragraph 53 of the Complaint; therefore, these allegations are denied. The Round Rock ISD Defendants deny the substance of Story's purported "assert[ions]," in Paragraph 53 of the Complaint, and denies that the images on page 14 of the Complaint are accurate or proper comparisons for the seating arrangement at the September 14, 2021 Regular Board Meeting.

54.    The Round Rock ISD Defendants deny the allegations in Paragraph 54 of the Complaint.

55.    The Round Rock ISD Defendants admit that the Board was comprised of the same Trustees on September 14, 2021 and September 22, 2021. The Round Rock ISD Defendants further admit that the District held a Regular Board Meeting on September 14, 2021 and a Called Board Meeting on September 22, 2021. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 55 of the Complaint.

56.    The Round Rock ISD Defendants admit that the District's administration established seating capacity limitations for Board meetings at Round Rock ISD, including those at the September 14, 2021 Regular Board Meeting. The Round Rock ISD Defendants further admit that individuals of a variety of different opinions were present both inside the meeting room, in the overflow room, and outside the meeting room at the September 14, 2021 Regular Board Meeting. The Round Rock ISD Defendants are without sufficient information to admit or deny whether "the crowd" was "even,

based on the crowd reaction to speakers making different points," as alleged in Paragraph 56 of the Complaint; therefore, these allegations are denied. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 56 of the Complaint.

      2.    ***"Trustee Defendants unconstitutionally prohibited free speech outside the meeting."***[7]

57.    The Round Rock ISD Defendants admit that there were only around 18 chairs in the meeting room for members of the public at the September 14, 2021 Regular Board Meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 57 of the Complaint.

58.    The Round Rock ISD Defendants admit that the District held a Called Board Meeting on September 22, 2021 at a different and larger location—an auditorium—than the meeting room where the September 14, 2021 Regular Board Meeting was held. The Round Rock ISD Defendants admit that there was not an 18-chair seating capacity limitation at the September 22, 2021 Called Board Meeting. The Round Rock ISD Defendants admit that the Agenda for the September 22, 2021 Called Board Meeting listed "Discussion and Possible Action Items" that included a "Resolution to Censure Trustee Mary Bone" and "Resolution to Censure Trustee Danielle Weston," as alleged in footnote 21 of the Complaint. The public comments presented at the September 22, 2021 Called Board Meeting, and the manner in which the Board addressed such public comments, are captured on the recording of the meeting. The recording of the September 22, 2021 Called Board Meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 58 of the Complaint and footnote 22.

59.    The Round Rock ISD Defendants admit that there have been Board meetings that occurred in the same meeting room as the September 14, 2021 Regular Board Meeting and that on

---

[7]    To the extent an admission or denial to Section IV, B, 2 of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

other occasions more members of the public were allowed in the meeting room. It is unclear the time period referenced with the phrase "[d]uring this time," in Paragraph 59 of the Complaint. As a result, the Round Rock ISD Defendants are without sufficient information to admit or deny any other allegations or implications in Paragraph 59 of the Complaint.

60.    The Round Rock ISD Defendants admit that Sergeant Pope and Officer Pontillo stood at a set of doors into the meeting room at the September 14, 2021 Regular Board Meeting. The Round Rock ISD Defendants further admit that Sergeant Pope and Officer Pontillo blocked Story's access to the meeting room because all chairs were full, and his name had not been called for public comment. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 60 of the Complaint.

61.    The Round Rock ISD Defendants admit that Sergeant Pope and Officer Pontillo stood at a set of doors into the meeting room at the September 14, 2021 Regular Board Meeting, to ensure there was appropriate social distancing in the meeting room. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 61 of the Complaint.

62.    The Round Rock ISD Defendants admit that at the September 14, 2021 Regular Board Meeting, Story, Dustin Clark, and other members of the public challenged Round Rock ISD police officers for approximately 45 minutes and demanded to be allowed into the meeting room. The Round Rock ISD Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 62 of the Complaint; therefore, they are denied.

63.    The Round Rock ISD Defendants deny the allegations in Paragraph 63 of the Complaint.

64.    The Round Rock ISD Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     The Round Rock ISD Defendants admit that when individuals listed for public comment were called to speak at the September 14, 2021 Regular Board Meeting, these individuals were allowed into the meeting room. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 65 of the Complaint.

66.     The Round Rock ISD Defendants admit that, at the September 14, 2021 Regular Board Meeting, Story pushed the officers to try and enter the meeting on multiple occasions and admit that Sergeant Pope and Officer Pontillo stood in front of the doors. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 66 of the Complaint.

67.     The Round Rock ISD Defendants are without sufficient information to admit or deny the allegations in Paragraph 67 of the Complaint; therefore, the allegations are denied.

68.     The Round Rock ISD Defendants admit that Officer Sam Chavez cited Texas Education Code section 37.105 to members of the public at the September 14, 2021 Regular Board Meeting. The Round Rock ISD Defendants are without information sufficient to admit or deny the exact recitation regarding section 37.105 Chavez made to the public. Therefore, these allegations are denied. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 68 of the Complaint.

69.     Texas Education Code section 37.105(a) speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 69 of the Complaint.

70.     The Round Rock ISD Defendants admit that Chief Yarbrough referenced Texas Education Code section 37.105 in his conversation with Story at the August 19, 2021 Regular Board Meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 70 of the Complaint.

71.     The Round Rock ISD Defendants deny the allegations in Paragraph 71 of the Complaint.

72.    The Round Rock ISD Defendants are without sufficient information to admit or deny what Story or unidentified "others" stated to Sergeant Pope or Officer Pontillo while these officers stood in front of the doors to the meeting room at the September 14, 2021 Regular Board Meeting. Therefore, the Round Rock ISD Defendants deny these allegations.

73.    The Round Rock ISD Defendants admit that at the September 14, 2021 Regular Board Meeting, Story and other members of the public shouted at length at Sergeant Pope and Officer Pontillo. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 73 of the Complaint.

74.    The Round Rock ISD Defendants are without sufficient information to admit or deny the allegations in Paragraph 74 regarding what an unidentified person purportedly read to Sergeant Pope and Officer Pontillo at the September 14, 2021 Regular Board Meeting. Therefore, these allegations are denied. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 74 of the Complaint.

75.    The Round Rock ISD Defendants admit that certain members of the public shouted at Round Rock ISD police officers at the September 14, 2021 Regular Board Meeting for a significant length of time. The Round Rock ISD Defendants are without sufficient information to admit or deny the allegations in footnote 23 of the Complaint regarding whether the events outside the meeting room at the September 14, 2021 Regular Board Meeting were recorded, or whether the recordings are available for examination. Therefore, these allegations are denied. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 75 of the Complaint.

76.    The Round Rock ISD Defendants admit that certain Round Rock ISD personnel were allowed into the meeting room at the September 14, 2021 Regular Board Meeting. The Round Rock ISD Defendants also admit that the District advised members of the public that there was limited seating capacity in the meeting room and that only members of the public sitting in the chairs placed

in the room or who were making public comment at the time could be allowed in the meeting room due to social distancing as a COVID-19 precaution. The Round Rock ISD Defendants also admit that some members of the public brought their own chairs to the September 14, 2021 Regular Board Meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 76 of the Complaint.

77.    The Round Rock ISD Defendants admit that for most of, if not all of, the September 14, 2021 Regular Board Meeting, Assistant Chief Williby was in the meeting room. The Round Rock ISD Defendants also admit that Sergeant Pope and Officer Pontillo stood at a set of doors to the meeting room to ensure compliance with the COVID-19 social distancing in the meeting room, which meant there was a limit to the number of members of the public allowed into the meeting room at a given time. The Round Rock ISD Defendants are without sufficient information to admit or deny whether Story's back was cut or that he bled on his shirt. Therefore, these allegations are denied. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 77 of the Complaint.

78.    The Round Rock ISD Defendants are without sufficient information to admit or deny what witnesses might state in testimony at any trial as alleged in Paragraph 78 of the Complaint. Therefore, these allegations are denied. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 78 of the Complaint.

79.    The Round Rock ISD Defendants deny the allegations in Paragraph 79 of the Complaint.

80.    The Round Rock ISD Defendants admit that Chief Yarbrough and Assistant Chief Williby were present at the September 14, 2021 Regular Board Meeting. The Round Rock ISD Defendants admit that the District's police officers were in Assistant Chief Williby's and Chief Yarbrough's chain of command. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 80 of the Complaint.

### 3. *"Trustee Defendants unconstitutionally prohibited Free Speech inside the meeting."*[8]

81.     The Round Rock ISD Defendants admit that the District's administration made the operational decision to limit seating capacity in the meeting room at the September 14, 2021 Regular Board Meeting as a COVID-19 safety precaution to ensure social distancing. The Round Rock ISD Defendants admit that then-Board President Weir stated at the September 14, 2021 Regular Board Meeting that the District's administration had made this decision. The recording of the September 14, 2021 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 81 of the Complaint.

82.     The Round Rock ISD Defendants admit that, at the September 14, 2021 Regular Board Meeting, Trustees Bone and Weston challenged the seating capacity limitation in the meeting room. The recording of the September 14, 2021 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 82 of the Complaint.

83.     The Round Rock ISD Defendants admit that at some point during the September 14, 2021 Regular Board Meeting, then-Board President Weir referenced Texas Penal Code sections 38.13 and 42.05. The recording of the September 14, 2021 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 83 of the Complaint.

84.     The recording of the September 14, 2021 Regular Board meeting speaks for itself and reflects the discussions at the meeting, the legal counsel provided by Doug Poneck, and any motions and votes taken by the Trustees. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 84 of the Complaint.

---

[8]     To the extent an admission or denial to Section IV, B, 3 of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

85.     The Round Rock ISD Defendants admit that the issue of limited seating capacity was not specifically listed on the Agenda for the September 14, 2021 Regular Board Meeting, as an action item or otherwise. The Round Rock ISD Defendants, however, noted that "Board Operating Procedures" was on the list of "Discussion Items," and "COVID-19 Health and Safety Protocols" was listed for "Discussion and Possible Action Item." The recording of the September 14, 2021 Regular Board meeting speaks for itself and reflects the statements by Trustees at the meetings, and any motions and votes taken by the Trustees. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 85 of the Complaint.

86.     The Round Rock ISD Defendants admit that the District enforced the limited seating capacity throughout the September 14, 2021 Regular Board Meeting. The Round Rock ISD Defendants also admit that Trustees Weston and Bone left the meeting before it concluded. The Round Rock ISD Defendants are without sufficient information to admit or deny why Trustees Weston and Bone left the September 14, 2021 Regular Board Meeting early. These allegations are therefore denied. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 86 of the Complaint.

87.     The recording of the September 14, 2021 Regular Board Meeting speaks for itself and reflects the statements of Trustees and those making public comment during the meeting. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 87 of the Complaint.

88.     The Round Rock ISD Defendants admit that Dustin Clark repeatedly interrupted the September 14, 2021 Regular Board Meeting and shouted numerous comments from the audience outside of any designated time for him to make public comment. The Round Rock ISD Defendants also admit that after Clark had repeatedly disrupted the meeting, and after he continued to do so despite multiple warnings, then-Board President Weir directed Assistant Chief Williby to remove Clark from the meeting room. Clark's exclamations may be audible on the recording of the September 14,

2021 Regular Board Meeting, and the recording speaks for itself. To the extent Clark's exclamations are not audible, the Round Rock ISD Defendants are without sufficient information to admit or deny what Clark stated. These allegations are therefore denied. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 88 of the Complaint.

89.     The Round Rock ISD Defendants admit that the Trustees voted to set a tax rate at the September 14, 2021 Regular Board Meeting. Texas Education Code section 44.004(f), referenced in footnote 25 of the Complaint, speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 89 of the Complaint.

90.     The recording of the September 14, 2021 Regular Board Meeting speaks for itself and reflects any questions asked by the Trustees of the Board's attorney and any response by the Board's attorney.

91.     The Round Rock ISD Defendants admit that on several occasions in the recording of the September 14, 2021 Regular Board Meeting, you can hear people shouting: "Let us in." The recording of the September 14, 2021 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 91 of the Complaint.

92.     The recording of the September 14, 2021 Regular Board Meeting speaks for itself and reflects what occurred at the meeting, including the statements made during public comment. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 92 of the Complaint.

93.     The purported "press release" referenced in Paragraph 93, footnote 27, and Exhibit 12 to the Complaint purports to be a statement from Trustees Weston and Bone. The Round Rock ISD Defendants therefore deny the allegations in Paragraph 93 of the Complaint regarding an alleged "press release" issued by the Board. The Round Rock ISD Defendants are without sufficient information to admit or deny the allegations in Paragraph 93 of the Complaint regarding whether Story called the Round Rock Police Department or what he said to the Round Rock Police

Department. These allegations are therefore denied. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 93 of the Complaint.

        **4.**        ***"Defendants cause arrest of Plaintiff Story with trumped-up charges."***[9]

94.      The Round Rock ISD Defendants admit that Story submitted a complaint to the Round Rock ISD Police Department. Story's complaint speaks for itself. The Round Rock ISD Defendants are without sufficient information to admit or deny whether Story attempted to file reports with the Round Rock Police Department or the Williamson County Sheriff or Williamson County District Attorney. These allegations in Paragraph 94 of the Complaint are therefore denied.

95.      The Round Rock ISD Defendants admit that, on September 17, 2021, Williamson County issued a Warrant of Arrest for Story for "Hindering Proceedings by Disorderly Conduct." The Warrant of Arrest for Story speaks for itself. The Round Rock ISD Defendants also admit that, on September 17, 2021, Williamson County issued a Warrant of Arrest for Clark for "Hindering Proceedings by Disorderly Conduct." The Warrant of Arrest for Clark speaks for itself. The Round Rock ISD Defendants further admit that "Hindering Proceedings by Disorderly Conduct" is a Class A misdemeanor in Texas. Texas Penal Code section 38.13, referenced in footnote 28 of the Complaint, speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 95 of the Complaint.

96.      The Round Rock ISD Defendants are without sufficient information to admit or deny what "Plaintiffs" learned; therefore, they deny these allegations. The Round Rock ISD Defendants deny substance of the allegations as to what "Plaintiffs' learned" as set forth in Paragraph 96 of the Complaint.

---

[9]      To the extent an admission or denial to Section IV, B, 4 of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

**C.    The RRISD Board showed at its September 22 meeting that it cavalierly violates the Open Meetings Act and prefers some speakers over others.** [10]

97.    The Round Rock ISD Defendants admit that the Board held a Called Board Meeting on September 22, 2021. The Round Rock ISD Defendants admit that the Agenda for the September 22, 2021 Called Board Meeting included a "Resolution to Censure Trustee Mary Bone" and a "Resolution to Censure Trustee Danielle Weston" as "Discussion and Possible Action Items." The Agenda for the September 22, 2021 Called Board Meeting, the "Resolution of the Round Rock Independent School District Board of Trustees to Censure Trustee Mary Bone," and the "Resolution of the Round Rock Independent School District Board of Trustees to Censure Trustee Danielle Weston," speak for themselves. The Round Rock ISD Defendants also admit that on September 22, 2021, before the Called Board Meeting, a District Court in Williamson County, Texas entered an Order Granting Temporary Restraining Order in Cause No. 21-1561-C395, *Danielle Weston and Mary Bone v. Round Rock Independent School District, et al.*, in the 395th Judicial District Court of Williamson County, Texas. The Order Granting Temporary Restraining Order speaks for itself. The September 22, 2021 Called Board Meeting was recorded, and the recording speaks for itself. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 97 of the Complaint.

98.    The recording of the September 22, 2021 Called Board Meeting speaks for itself and reflects the statements of then-Board President Weir and individuals making public comment. To the extent there are any remaining allegations in Paragraph 98 of the Complaint, the allegations are denied.

99.    The recording of the September 22, 2021 Called Board Meeting speaks for itself. To the extent there are any remaining allegations in Paragraph 99 of the Complaint, the allegations are denied.

---

[10]    To the extent an admission or denial to Section IV, C of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

100.    The Round Rock ISD Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    The recording of the September 22, 2021 Called Board Meeting speaks for itself and reflects the statements of then-Board President Weir and individuals making public comment. To the extent there are any remaining allegations in Paragraph 101 of the Complaint, the allegations are denied.

102.    The Round Rock ISD Defendants admit that Mr. Hernandez was not arrested. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 102 of the Complaint.

103.    The Round Rock ISD Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    The Round Rock ISD Defendants admit that the District held a Called Board Meeting on January 6, 2022, which was recorded. The recording of the January 6, 2022 meeting speaks for itself and reflects any statements made by Board President Landrum. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 104 of the Complaint.

105.    The Round Rock ISD Defendants admit that Trustee Weir no longer serves as the Board President and admits that Trustee Landrum now serves as Board President. The Round Rock ISD Defendants admit that Trustee Harrison serves as the Board Secretary and keeps time during the public comment portion of Board meetings. The Round ISD Defendants further admit that, since September 2021, no one has been arrested as a result of their behavior at a Board meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 105 of the Complaint.

106.    The Round Rock ISD Defendants deny the allegations in Paragraph 106 of the Complaint.

107.    The Round Rock ISD Defendants admit that Story was arrested. The Round Rock ISD Defendants are without sufficient information to admit or deny whether Story was ever jailed.

These allegations are therefore denied. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 107 of the Complaint.

108.    The Texas Open Meetings Act, Texas Government Code, §§ 551.001, *et seq.*, including section 551.005, speaks for itself. The Round Rock ISD Defendants admit that trustees serving on the boards of Texas public schools are required to comply with the Texas Open Meetings Act. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 108 of the Complaint.

**D.    The District treats Story's grievances unequally.** [11]

109.    The Round Rock ISD Defendants deny the allegations in Paragraph 109 of the Complaint.

> ***1.    "Grievance hearing on 10/13/22-related to board meeting removal and abuse of Story."*** [12]

110.    The Round Rock ISD Defendants admit that Story filed a grievance in early-mid September 2021. The Round Rock ISD Defendants also admit that his grievance submission, sent by email, was errantly designated spam and did not arrive in the proper inbox. The Round Rock ISD Defendants further admit Story's grievance was set for hearing before the Board on October 13, 2022. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 110 of the Complaint.

111.    Round Rock ISD Board policy GF (Local) and legally-referenced policy GKA (Legal) speak for themselves. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 111 of the Complaint.

---

[11]    To the extent an admission or denial to Section IV, D of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

[12]    To the extent an admission or denial to Section IV, D, 1 (mislabeled IV, D, i) of the Complaint is required, the Round Rock ISD Defendants admit that Story's grievance was set to be heard on October 13, 2022. The grievance speaks for itself. The Round Rock ISD Defendants deny any abuse of Story.

112.    The Round Rock ISD Defendants deny the allegations in Paragraph 112 of the Complaint.

113.    Round Rock ISD Board legally-referenced policy GKA (Legal) speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 113 of the Complaint.

114.    Round Rock ISD Board legally-referenced policy GKA (Legal) speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 114 of the Complaint.

115.    The Round Rock ISD Defendants admit that Story's grievance was set for hearing at the October 13, 2022 Called Board Meeting and admit that it was scheduled to take place in closed session. The open portion of the October 13, 2022 Called Board Meeting was recorded, and the recording speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 115 of the Complaint.

116.    The Round Rock ISD Defendants admit that Story's October 13, 2022 grievance hearing did not take place. The Round Rock ISD Defendants admit that Trustees Weir, Landrum, and Harrison and former Trustee Vessa properly recused themselves from the grievance hearing because the grievance was filed, in part, against them and because there was pending litigation regarding the subject matter of Story's grievance. The Round Rock ISD Defendants admit that former Trustee Xiao had already resigned as a Trustee prior to the October 13, 2022 Called Board Meeting. The Round Rock ISD Defendants further admit that after the four Trustees recused themselves from the grievance hearing, Trustee Landrum determined there was no quorum of the Board to hear Story's grievance. The recording of the October 13, 2022 Called Board Meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 116 of the Complaint.

117.    The Round Rock ISD Defendants admit that at the October 13, 2022 Called Board Meeting, Trustees Weir, Landrum, and Harrison and former Trustee Vessa properly recused themselves from the grievance hearing because the grievance was filed, in part, against them and

because there was pending litigation regarding the subject matter of Story's grievance. The Round Rock ISD Defendants further admit that after the four Trustees recused themselves from the grievance hearing, Trustee Landrum determined there was no quorum of the Board to hear Story's grievance. The recording of the October 13, 2022 Called Board Meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 117 of the Complaint.

118.     The Round Rock ISD Defendants admit that, after the election of three new Trustees in November 2022, the District communicated with one of Story's attorneys to schedule a grievance hearing. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 118 of the Complaint.

### 2.     *"Second Attempt at Grievance hearing on January 12, 2023."* [13]

119.     The Round Rock ISD Defendants admit that the District's General Counsel, Cindy Hill, worked with Story's lawyer to reschedule his grievance, and admit that two of Story's grievances were set for hearing at the January 12, 2023 Called Board Meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 119 of the Complaint.

120.     The Round Rock ISD Defendants admit that, at the January 12, 2023 Called Board Meeting, Trustee Weir recused herself from both of Story's grievances, and that Trustee Landrum recused herself from one of Story's grievances. The Round Rock ISD Defendants admit that Trustee Harrison was not in attendance at the January 12, 2023 Called Board Meeting. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 120 of the Complaint.

121.     The Round Rock ISD Defendants admit that Trustee Landrum recused herself from considering one of Story's grievances and admit that Trustee Landrum participated in a vote regarding

---

[13]     To the extent an admission or denial to Section IV, D, 2 (mislabeled IV, D, ii) of the Complaint is required, the Round Rock ISD Defendants admit that Story's grievance was set to be heard on January 12, 2023. The Round Rock ISD Defendants deny any remaining allegations in the title to Section VII, D, 2 of the Complaint.

who would serve as presiding officer of Story's grievance. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 121 and footnote 32 of the Complaint.

122.    The Round Rock ISD Defendants admit that TEA had previously sent David Faltys, to serve as a monitor to Round Rock ISD with respect to matters unrelated to this lawsuit. The Round Rock ISD Defendants further admit that Trustees Landrum and Weir were District Trustees at the time the TEA sent a monitor to the District. The Round Rock ISD Defendants admit that the stated reason the TEA sent a monitor to the District was because a previous Trustee presided over a grievance hearing when the Trustee may have had a conflict of interest and should have recused themselves. The Round Rock ISD Defendants are without sufficient information to admit or deny the remaining allegations in footnote 32 of the Complaint. These allegations are therefore denied. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 122 of the Complaint.

123.    The Round Rock ISD Defendants admit that Story filed two grievances, that one of these grievances has not been heard or ruled on by the Board, and that this is the oldest grievance that remains open with the District. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 123 of the Complaint.

### 3.    *"Grievance on Homecoming Incident also treated unequally."*[14]

124.    The Round Rock ISD Defendants admit that at the January 12, 2023 Called Board Meeting, the Board was scheduled to hear Story's grievance related to a Fall 2022 incident at the Round Rock High School homecoming football game. The Round Rock ISD Defendants admit that Trustee Weir recused herself from considering the grievance and admit that Trustee Weir was a witness with respect to the grievance. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 124 of the Complaint.

---

[14]    To the extent an admission or denial to Section IV, D, 3 (mislabeled VI, D, iii) of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

125.    The Round Rock ISD Defendants admit that the packets of information provided to Story and the Board regarding Story's grievance related to the homecoming game differed. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 125 of the Complaint.

126.    The Round Rock ISD Defendants admit that the differing packets of information to the hearing regarding Story's homecoming-related grievance created confusion and resulted in the postponement of the hearing regarding Story's grievance. The Round Rock ISD Defendants admit that there has been no further action on this grievance. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 126 of the Complaint.

127.    The Round Rock ISD Defendants admit that Area Superintendent Carla Amacher resigned her employment with the District. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 127 of the Complaint.

128.    The Round Rock ISD Defendants admit that the general practice is for grievance packets to be the same for the grievant and for the Board, so long as the information shared with the Board can lawfully be shared with the grievant. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 128 of the Complaint.

### E.    "NEW – September 16ᵗʰ, 2022, Homecoming Game First Amendment Violation." [15]

129.    The Round Rock ISD Defendants admit that Story was present outside the stadium at the September 16, 2022 homecoming football game at Round Rock High School. The Round Rock ISD Defendants admit that the public could attend the game if they paid the price of admission. The Round Rock ISD Defendants are without sufficient information to admit or deny whether Story actually attended the game. These allegations are therefore denied. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 129 of the Complaint.

---

[15]    To the extent an admission or denial to Section IV, E of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

130.    The Round Rock ISD Defendants admit that Story and other members of the public (who may or may not have been parents of District students) passed out fans in a parking lot on Round Rock High School's campus that was near the football stadium. The Round Rock ISD Defendants admit that the "fans" were similar, if not the same, as the sign in the image on page 31 of the Complaint and listed the names of five candidates for the District's Board and had checked boxes next to the names. The Round Rock ISD Defendants deny that the image on page 31 of the Complaint was taken at the football game and deny any remaining allegations in Paragraph 130 of the Complaint.

131.    The Round Rock ISD Defendants are without information sufficient to admit or deny the allegations in Paragraph 131 of the Complaint. The allegations in Paragraph 131 are therefore denied.

132.    The Round Rock ISD Defendants are without sufficient information to admit or deny the allegations in Paragraph 132 of the Complaint. The allegations in Paragraph 132 are therefore denied.

133.    The Round Rock ISD Defendants admit that a member of Round Rock ISD's security service, Connie Garza, briefly interacted with Story on September 16, 2022 in the parking lot outside the Round Rock High School homecoming football game. At one point, Garza clarified to Story that she was told to tell the group not to distribute the signs/fans. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 133 of the Complaint.

134.    The Round Rock ISD Defendants deny the allegations in Paragraph 134 of the Complaint.

135.    The Round Rock ISD Defendants are without sufficient information to admit or deny who was with Story during his interactions with Garza. These allegations are therefore denied. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 135 of the Complaint.

136.    The Round Rock ISD Defendants admit that Officer Ron Cole approach Story and others who were handing out the flyers/signs. The Round Rock ISD Defendants deny that when Officer Cole first spoke with Story and others that he had a "team of officers" with him. The Round Rock ISD Defendants admit that Officer Cole asked Story and others who were handing out the flyers/signs to "desist," and admit that Officer Cole did not "command" them to stop passing out flyers or to leave. The Round Rock ISD Defendants deny that Officer Cole asked Story or the others who were passing out flyers to leave. The Round Rock ISD Defendants admit that Officer Cole stated that he was advised by the Superintendent that what Story and others were doing—passing out the campaign flyers—was against the law. The Round Rock ISD Defendants admit that, later, additional Round Rock ISD police officers were present in the parking lot outside the Round Rock High School homecoming football game. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 136 of the Complaint.

137.    The Round Rock ISD Defendants admit that Officer Cole could not identify the law the distribution of the fans/signs violated and stated that he did not enforce Board policy. The Round Rock ISD Defendants admit that Officer Cole stated that he was not asking Story and others to leave, but only requesting that they "desist"—that is, stop passing out the fans/signs. The Round Rock ISD Defendants also admit that Officer Cole verbally agreed with Story's statement that Story and others were being polite. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 137 of the Complaint.

138.    The Round Rock ISD Defendants deny the allegations in Paragraph 138 of the Complaint.

139.    The Round Rock ISD Defendants admit that then-Area Superintendent Dr. Carla Amacher spoke with Story and told Story and those with the group that the conduct violated Board policy GKDA (Local). The Round Rock ISD Defendants also admit that Dr. Amacher repeatedly

asked Story and those with him to stop passing out the fans/signs and asked if they were leaving. The Round Rock ISD Defendants admit that RRISD General Counsel, Cindy Hill's name was invoked when identifying the Board policy that was violated by passing out the fans/signs. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 138 of the Complaint.

140.    The Round Rock ISD Defendants admit that after Dr. Amacher asked them to stop passing out the fans/signs and stated the Board policy Story's and others' actions violated, Officer Cole explained that the District was demanding that they stop distributing the fans/signs. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 140 of the Complaint.

141.    The Round Rock ISD Defendants admit that, after Story and others did not stop distributing the materials, Dr. Amacher returned and asked Story and the group to leave but advised that they could remain and attend the game if they stopped distributing the fans/signs. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 142 of the Complaint.

142.    The Round Rock ISD Defendants admit that Story stated to the officers that Dr. Amacher had requested simply that they stop passing out flyers and that the officers seemed to accept this explanation. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 142 of the Complaint.

143.    The Round Rock ISD Defendants are without information sufficient to admit or deny whether the members of the group returned the flyers to their cars, whether the members of the group entered the football game, or if any further materials were distributed. These allegations are therefore denied. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 143 of the Complaint.

144.    The Round Rock ISD Defendants admit that on September 19, 2022, the District's General Counsel, Cindy Hill, sent an email to all candidates to serve on the District's Board. The September 19, 2022 email speaks for itself.

145.    The Round Rock ISD Defendants admit that Board policy GKDA (Local) is available online and addresses "Nonschool Use of School Facilities: Distribution of Nonschool Literature," which includes the distribution of nonschool literature on school campuses and premises. GKDA (Local) speaks for itself. The Round Rock ISD Defendants deny any remaining allegations or implications in Paragraph 145 of the Complaint.

146.    Round Rock ISD Board policy GKDA (Local) speaks for itself. The Round Rock ISD Defendants deny any remaining allegations or implications in Paragraph 146 of the Complaint.

147.    Round Rock ISD Board policy GKDA (Local) speaks for itself. The Round Rock ISD Defendants deny any remaining allegations or implications in Paragraph 147 of the Complaint.

148.    Round Rock ISD Board policy GKDA (Local) speaks for itself. The Round Rock ISD Defendants deny any remaining allegations or implications in Paragraph 148 of the Complaint.

149.    The Round Rock ISD Defendants are without sufficient information to admit or deny how Story "has defended" his distribution. These allegations are therefore denied. To the extent necessary, the Round Rock ISD Defendants deny the substance of the allegations in Paragraph 149 of the Complaint.

150.    The Round Rock ISD Defendants deny the allegations in Paragraph 150 of the Complaint.

F.    **"Trustee Defendants violated TOMA by their joint appearance at the Texas State Legislature and exclusion of the disfavored trustees."** [16]

151.    The Round Rock ISD Defendants admit that, during the 2023 legislative session, three of the Trustee Defendants traveled, separately, to Austin and one or more Trustees provided information to the state legislature. The Round Rock ISD Defendants admit that Trustees Bone and

---

[16]    To the extent an admission or denial to Section IV, F of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

Weston were also present at the state capitol for the legislative session. The Round Rock ISD Defendants admit that there was no public announcement about plans for any Trustee to testify before the legislature. The Round Rock ISD Defendants are without information sufficient to admit or deny what Trustees Bone and Weston knew. These allegations are therefore denied. The Round Rock ISD Defendants admit that Trustees Mary Bone and Danielle Weston provided Story with "Declarations" and that those Declarations are submitted as Exhibits to the Complaint. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 151 of the Complaint.

152.    The Trustee Defendants deny the allegations in Paragraph 152 of the Complaint.

153.    The Round Rock ISD Defendants admit that the Round Rock ISD Defendants have engagement agreements with counsel, the substance of which are privileged and confidential. The Round Rock ISD Defendants are without sufficient information to admit or deny what Story learned from the District's May 18, 2023 Regular Board Meeting. These allegations are therefore denied. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 153 of the Complaint.

154.    The May 18, 2023 Regular Board Meeting was recorded, and the recording contains the motions and statements of the Trustees at the meeting. The recording of the May 18, 2023 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 154 of the Complaint.

155.    The June 12, 2021 email from Trustee Weir included in Exhibit 19 to the Complaint speaks for itself. The Round Rock ISD Defendants are without information sufficient to admit or deny how Story "acquired" this email. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 155 of the Complaint.

156.    The June 12, 2021 email from former Trustee Xiao to a member of the public, on which the other Trustees, the Texas State Commissioner of Education, and the TEA were copied,

which is included in Exhibit 19 to the Complaint, speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 156 of the Complaint.

157.    The text messages between Trustee Weir and Dr. Azaiez included as Exhibit 20 to the Complaint speak for themselves. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 157 of the Complaint.

158.    The Round Rock ISD Defendants deny the allegations in Paragraph 158 of the Complaint.

**G.    "Trustee Defendants infringe free speech and right to petition as a custom to control RRISD board meetings."** [17]

159.    The Round Rock ISD Defendants admit that Trustee Landrum presided at the District's June 8, 2023 Called Board Meeting and that Story spoke in public comment at the meeting. The Round Rock ISD Defendants also admit that the Agenda for the June 8, 2023 Called Board Meeting included a "Closed Session" item, E.3. to "consult with its attorney to discuss the duties, roles and responsibilities of a public officer and employees including discussion of Board Operating Procedures, Conduct During Board Meetings, Section G.1.b. and possible section G.1.c with regard to Trustee Bone." The Agenda for the June 8, 2023 Called Board Meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 159 of the Complaint.

160.    The Round Rock ISD Defendants admit that Story signed up to speak at the June 8, 2023 Called Board Meeting on Closed Session item, E.3, and admit that Story spoke during public comment at the meeting. The recording of the June 8, 2023 Called Board Meeting speaks for itself. The Round Rock ISD Defendants also admit that when Story began speaking on an item that was not on the Agenda, Trustee Landrum advised him to "make sure to stay on the agenda," and later stated

---

[17]    To the extent an admission or denial to Section IV, G of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

to him that the subject on which he was speaking was "not on the agenda." The Round Rock ISD Defendants deny any remaining allegations in Paragraph 160 of the Complaint.

161.    The recording of the June 8, 2023 Called Board Meeting speaks for itself. The recording of the May 18, 2023 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants are without sufficient information to admit or deny what Story's argument was going to be at the June 8, 2023 Called Board Meeting or what Story believed was the reason Trustee Bone was purportedly being subjected to censure. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 161 of the Complaint.

162.    The Round Rock ISD Defendants deny the allegations in Paragraph 162 of the Complaint.

163.    The Round Rock ISD Defendants admit that Trustee Zarate made a point of order during Story's public comment at the June 8, 2023 Called Board Meeting. The recording of the meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 163 of the Complaint.

164.    The Round Rock ISD Defendants admit that, at the June 8, 2023 Called Board Meeting, there was discussion in open session regarding Closed Session Agenda item E.3. The recording of the meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 164 of the Complaint.

165.    The Round Rock ISD Defendants admit that at the District's January 20, 2022 Regular Board Meeting, the Board passed a "Resolution Condemning Actions That Divide Our Community and Incite Hatred." The "Resolution" speaks for itself. The Round Rock ISD Defendants deny that that resolution "target[ed] their opponents" as alleged in Paragraph 165 of the Complaint. The Round Rock ISD Defendants admit that Trustee Landrum issues a statement at every District Board meeting right before public comment begins. The recordings of the Board meetings speak for themselves and

reflect the complete statement Trustee Landrum makes before public comment begins. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 165 of the Complaint.

166. Paragraph 166 does not reference specific meetings where the alleged statements and actions took place. Consequently, the Round Rock ISD Defendants are without sufficient to admit or deny the allegations in Paragraph 166 of the Complaint. The Round Rock ISD Defendants therefore deny the allegations.

167. The recording of the District's May 19, 2022 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants admit that the man who called himself "Noah Schwartz" at the May 19, 2022 Regular Board Meeting was actually Alex Strenger, as alleged in footnote 33. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 167 and footnote 33 of the Complaint.

168. The Round Rock ISD Defendants admit that the May 19, 2022 Board meeting was a Regular Board Meeting and admit that Clark spoke during public comment at the May 19, 2022 Regular Board Meeting. The recording of the District's May 19, 2022 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 168 of the Complaint.

169. The recording of the District's May 19, 2022 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 169 of the Complaint.

170. The recording of the District's May 19, 2022 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 170 of the Complaint.

171. The Round Rock ISD Defendants admit that Sergeant Griffith obtained some information from Sergeant Pope regarding the August 16, 2021 Called Board Meeting for use in the September 17, 2021 Affidavit for Warrant of Arrest and Detention of Story. The Round Rock ISD Defendants also admit that "Round Rock ISD News" published a story on the District's website on

June 18, 2021 titled "Connections Not Divisions – June is Pride Month." The Round Rock ISD Defendants admit that Sergeant Griffith was quoted in the story. The June 18, 2021 story published on "Round Rock ISD News" speaks for itself. The Round Rock ISD Defendants are without sufficient information to admit or deny the allegations regarding what Story "learned." The Round Rock ISD Defendants deny the remaining allegations in Paragraph 171 of the Complaint.

172.    The Round Rock ISD Defendants are without sufficient information to admit or deny how Story is "known . . . in the community." In addition, without specificity, the Round Rock ISD Defendants cannot possibly ascertain every statement Story has made at any Board meeting during public comment or other comments he made at the Board meetings. Consequently, the Round Rock ISD Defendants are without sufficient information to admit or deny these allegations. The Round Rock ISD Defendants therefore deny the allegations in Paragraph 172 of the Complaint.

173.    The Round Rock ISD Defendants deny the allegations in Paragraph 173 of the Complaint.

174.    The references to case law in Paragraph 174 of the Complaint require no admission or denial. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 174 of the Complaint.

## V.    PROPOSITIONS OF LAW FOR PLAINTIFF'S § 1983 CLAIMS

175.    42 U.S.C. § 1983 speaks for itself.

176.    Paragraph 176 of the Complaint cites purported propositions of law and case law, not any factual statements. Therefore, no admission or denial is required.

177.    Paragraph 177 of the Complaint cites purported propositions of law and case law, not any factual statements. Therefore, no admission or denial is required.

**A.     "School Districts are liable under § 1983 for constitutional violations."** [18]

178.    Paragraph 178 of the Complaint cites purported propositions of law and case law, not any factual statements. Therefore, no admission or denial is required.

179.    Paragraph 179 of the Complaint cites purported propositions of law and case law, not any factual statements. Therefore, no admission or denial is required.

180.    Paragraph 180 of the Complaint cites purported propositions of law and case law, not any factual statements. Therefore, no admission or denial is required.

**B.     "Supervisors may be held liable for their own actions under § 1983."** [19]

181.    Paragraph 181 of the Complaint cites purported propositions of law and case law, not any factual statements. Therefore, no admission or denial is required.

**C.     "Police may be held individually liable under § 1983."** [20]

182.    Paragraph 182 of the Complaint cites purported propositions of law and case law, not any factual statements. Therefore, no admission or denial is required.

## VI.     COMMON FACTS AND LEGAL BASIS FOR CLAIMS

183.    The Round Rock ISD Defendants admit that, with respect to the allegations in the Complaint, they were acting under color of state law and were either employed by the District at the time or performing their official duties as District personnel or Board trustees. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 183 of the Complaint.

184.    The Round Rock ISD Defendants admit that they know that the District's Board "meetings," as defined by the Texas Open Meetings Act, are open to the public and that citizens have the right to speak during public comment of Board meetings as defined in the Open Meetings Act

---

[18]     Section V, A states a purported proposition of law, to which no admission or denial is required.

[19]     Section V, B states a purported proposition of law, to which no admission or denial is required.

[20]     Section V, C states a purported proposition of law, to which no admission or denial is required.

within the confines of lawful District Board policies. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 184 of the Complaint.

185.    The Round Rock ISD Defendants deny the allegations in Paragraph 185 of the Complaint.

186.    The Round Rock ISD Defendants deny the allegations in Paragraph 186 of the Complaint.

187.    The Round Rock ISD Defendants deny the allegations in Paragraph 187 of the Complaint.

188.    The Round Rock ISD Defendants deny the allegations in Paragraph 188 of the Complaint.

189.    The Round Rock ISD Defendants admit that none of them has admitted any wrongdoing and that none of them have admitted that any of the actions regarding Story were unlawful. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 189 of the Complaint.

190.    The Round Rock ISD Defendants deny the allegations in Paragraph 190 of the Complaint.

191.    The Round Rock ISD Defendants admit that they have not imposed any COVID-19 seating limits for almost two years and admit that they have not used a purported "18-Seat Rule" since the September 14, 2021 Regular Meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 191 of the Complaint.

192.    The Round Rock ISD Defendants deny they are liable to Story. The remaining allegations in Paragraph 192 of the Complaint are purported propositions of law and citations to case law, to which no admission or denial is required.

## VII.    CAUSES OF ACTION

**A.**    **"Defendants Azaiez, Feller, Harrison, Weir, Xiao, Vessa, Pope, Pontillo, Williby, and Yarbrough violated Story's rights protected by the First Amendment, enforced through the 14th Amendment and 42 U.S.C. § 1983."** [21]

The First Amendment of the United States Constitution's Bill of Rights speaks for itself.

193.    Paragraph 193 of the Complaint cites purported propositions of law and case law, not any factual statements. Therefore, no admission or denial is required.

> **1.    *"Defendants Weir, Pope. Pontillo, and Yarbrough violated Story's First Amendment Right to Petition and Free Speech by use of RRISD's 'BED Local' Policy as applied (Aug. meeting)."* [22]**

194.    The Round Rock ISD Defendants admit that Story was properly and lawfully removed from the August 16, 2021 Called Board Meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 194 of the Complaint.

195.    The Round Rock ISD Defendants admit that Story seeks economic damages and certain injunctive relief in this lawsuit. The Round Rock ISD Defendants deny he is entitled to such relief and deny any remaining allegations in Paragraph 195 of the Complaint.

> **2.    *"Defendants Trustee Defendants, Dr. Azaiez, Williby, and Yarbrough use of the 18-Seat Rule violated Story's First Amendment Right to Petition and Free Speech and TOMA (Sept. meeting)."* [23]**

196.    The Round Rock ISD Defendants deny the allegations in Paragraph 196 of the Complaint.

197.    The Round Rock ISD Defendants admit that the administration implemented the seating limitation at the September 14, 2021 Regular Board Meeting but deny that Dr. Azaiez

---

[21]    To the extent an admission or denial to Section VII, A of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

[22]    To the extent an admission or denial to Section VII, A, 1 of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

[23]    To the extent an admission or denial to Section VII, A, 2 of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

"admitted that he implemented" the seating capacity limitation. The recording of the September 14, 2021 Regular Board Meeting speaks for itself. The Round Rock ISD Defendants admit that members of the public were told they had to sit in the seats provided by the District and could not use their own chairs. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 197 of the Complaint.

198.     The Round Rock ISD Defendants admit that the September 14, 2021 Regular Board Meeting was a public meeting. The Round Rock ISD Defendants also admit that one "Action Item[ ]" on the Agenda for the September 14, 2021 Regular Meeting was "Adoption of Resolution Setting Tax Rate for 2021–2022." The Round Rock ISD Defendants also admit that the Board voted to adopt the resolution and set the tax rate for 2021–2022 at the September 14, 2021 Regular Board Meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 198 of the Complaint.

199.     The Round Rock ISD Defendants deny the allegations in Paragraph 199 of the Complaint.

### 3.     *"Defendants Azaiez, Yarbrough, Pope, Pontillo, Williby, and Griffith violated Story's right to exercise rights without retaliation."* [24]

200.     The Round Rock ISD Defendants deny the allegations in Paragraph 200 of the Complaint.

201.     The Round Rock ISD Defendants admit that Sergeant Pope and Officer Pontillo removed Story from the meeting room at the August 16, 2021 Called Board Meeting. The Round Rock ISD Defendants admit that Williby, as the District's Assistant Chief of Police at the time, was in Sergeant Pope's and Officer Pontillo's chain of command. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 201 of the Complaint.

---

[24]     To the extent an admission or denial to Section VII, A, 3 of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

202.    The Round Rock ISD Defendants admit that Sergeant Griffith played no role in the removal of Story from the August 16, 2021 Called Board Meeting. The Round Rock ISD Defendants also admit that Sergeant Griffith prepared and signed the September 17, 2021 "Affidavit for Warrant of Arrest and Detention" for Story. The Round Rock ISD Defendants admit that Sergeant Griffith obtained certain information from Sergeant Pope for the "Affidavit for Warrant of Arrest and Detention." The Round Rock ISD Defendants admit that, in a subsequent document, Sergeant Griffith noted she would be collecting witness statements from Trustees Weir, Landrum, and Feller. The Round Rock ISD Defendants also admit that Sergeant Griffith never interviewed Trustees Bone or Weston, or any other Trustee, with respect to Story's arrest, the "Affidavit for Warrant of Arrest and Detention," or any Supplemental Report. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 202 of the Complaint.

203.    The Round Rock ISD Defendants deny the allegations in Paragraph 203 of the Complaint.

204.    The Round Rock ISD Defendants deny the allegations in Paragraph 204 of the Complaint.

205.    The recording of the August 16, 2021 Called Board Meeting speaks for itself. The Round Rock ISD Defendants admit that one or more of the Round Rock ISD Defendants cited Texas Penal Code section 42.05 at the August 16, 2021 Called Board Meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 205 of the Complaint.

206.    The Round Rock ISD Defendants deny the allegations in Paragraph 206 of the Complaint.

207.    The Round Rock ISD Defendants admit that Chief Yarbrough was not involved in the removal of Story from the meeting room at the August 16, 2021 Called Board Meeting. The Round Rock ISD Defendants admit that Chief Yarbrough spoke with Trustees, staff, and/or other police

officers at times before and during the August 16, 2021 Called Board Meeting. The Round Rock ISD

Defendants also admit that Chief Yarbrough and Story had a conversation at the August 19, 2021

Regular Board Meeting outside the meeting room. That conversation is recorded, and the recording

speaks for itself. The recording of the August 16, 2021 Called Board Meeting also speaks for itself.

The Round Rock ISD Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

**D.[25]    "RRISD, Azaiez, Officer Cole, Chief Weiner, and Amacher violated Story's First Amendment Right to Freedom of Speech at the Homecoming Event."** [26]

208.    The First Amendment of the United States Constitution's Bill of Rights speaks for

itself.

209.    The Round Rock ISD Defendants admit that, in the campus parking lot at the

September 16, 2022 Round Rock High School homecoming football game, Officer Cole and Dr.

Amacher asked Story to cease distribution of an unauthorized fan/sign that listed the names of certain

candidates for the Round Rock ISD Board. The Round Rock ISD Defendants admit that Officer Cole

stated that Dr. Azaiez had stated Story's actions violated the law or Board policy. Round Rock ISD

Board policy GKDA (Local) speaks for itself. The Round Rock ISD Defendants deny the remaining

allegations in Paragraph 209 of the Complaint.

210.    The Round Rock ISD Defendants admit that the District's General Counsel, Cindy

Hill, sent an email on September 19, 2022 to the candidates who were running to serve as trustees on

the District's Board. The September 19, 2022 email speaks for itself. The Round Rock ISD Defendants

deny the remaining allegations in Paragraph 210 of the Complaint.

---

[25]    The Complaint does not contain a Section VII, B or VII, C and, instead skips from Section VII, A to VII, D.

[26]    To the extent an admission or denial to Section VII, D of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

211.    Paragraph 211 of the Complaint cites purported propositions of law and case law, to which no admission or denial is required. The Round Rock ISD Defendants deny that these cases demonstrate anything improper or unlawful about the actions taken by District employees at the September 16, 2022 homecoming football game. The Round Rock ISD Defendants deny any remaining allegations in Paragraph 211 of the Complaint.

212.    The Round Rock ISD Defendants deny the allegations in Paragraph 212 of the Complaint.

**E.    "Defendants Weir, Feller, Pope, Pontillo, Williby, and Yarbrough violated Story's Right to Equal Protection and Due Process protected by the Fourteenth Amendment and 42 U.S.C. § 1983."** [27]

The Fourteenth Amendment to the United States Constitution speaks for itself.

213.    The Round Rock ISD Defendants admit that Sergeant Pope, Officer Pontillo, Assistant Chief Williby, and Chief Yarbrough were acting under color of state law with respect to the matters at issue in the Complaint and were performing duties as law enforcement officers for the District's Police Department. The Round Rock ISD Defendants deny  the remaining allegations in Paragraph 213 of the Complaint.

214.    The recording of the August 16, 2021 Called Board Meeting speaks for itself. The Round Rock ISD Defendants admit that, after multiple warnings, Trustee Weir stated at the August 16, 2021 Called Board Meeting that Story needed to be removed from the meeting room and admit that Sergeant Pope and Officer Pontillo removed Story from the meeting room at the August 16, 2021 Called Board Meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 214 of the Complaint.

---

[27]    To the extent an admission or denial to Section VII, E of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

215.    The Round Rock ISD Defendants admit that Trustee Landrum properly recused herself from considering Story's grievance that related to the allegations in this lawsuit in which Story has asserted claims against her. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 215 of the Complaint.

216.    The Round Rock ISD Defendants deny the allegations in Paragraph 216 of the Complaint.

217.    The Round Rock ISD Defendants admit that Chief Yarbrough was present at the August 16, 2021 Called Board Meeting and at the September 14, 2021 Regular Board Meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 217 of the Complaint.

218.    The Round Rock ISD Defendants deny the allegations in Paragraph 218 of the Complaint.

219.    The Round Rock ISD Defendants deny the allegations in Paragraph 219 of the Complaint.

220.    The Round Rock ISD Defendants deny the allegations in Paragraph 220 of the Complaint.

221.    The Round Rock ISD Defendants deny the allegations in Paragraph 221 of the Complaint.

222.    The Round Rock ISD Defendants deny the allegations in Paragraph 222 of the Complaint.

**F.    "Defendants Weir, Pope, Pontillo, and Griffith violated Plaintiff's Fourth Amendment Right to be Free of Unreasonable Arrest and Excessive Force under § 1983, as well as Williby and Yarbrough for their supervisory roles during the RRISD meetings."** [28]

The Fourth Amendment to the United States Constitution speaks for itself.

---

[28]    To the extent an admission or denial to Section VII, F of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

223.    Paragraph 223 sets forth purported propositions of law and cites case law, to which no admission or denial is required.

224.    The recording of the August 16, 2021 Called Board Meeting speaks for itself. The Round Rock ISD Defendants admit that, after multiple warnings, Trustee Weir stated at the August 16, 2021 Called Board Meeting that Story needed to be removed from the meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 224 of the Complaint.

225.    The Round Rock ISD Defendants admit that Assistant Chief Williby was present at the August 16, 2021 Called Board Meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 225 of the Complaint.

226.    The Round Rock ISD Defendants admit that Assistant Chief Williby was present at the August 16, 2021 Called Board Meeting. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 226 of the Complaint.

227.    The Round Rock ISD Defendants deny the allegations in Paragraph 227 of the Complaint.

228.    The Round Rock ISD Defendants deny the allegations in Paragraph 228 of the Complaint.

229.    The Round Rock ISD Defendants admit that Story "asserts" that the actions described in the Complaint "violate the Fourt Amendment's prohibition against unreasonable search and seizure." The Round Rock ISD Defendants, however, deny that Story's assertions have any merit and deny the remaining allegations in Paragraph 229 of the Complaint.

230.    The Round Rock ISD Defendants are without sufficient information to admit or deny the allegations in Paragraphs 230 (a), (b), (c), and (e) regarding the actions or statements of the Williamson County Sheriff, the Williamson County Attorney, Williamson County officials, or the

Williamson County jail. These allegations are therefore denied. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 230, including 230(d), of the Complaint.

231.    The September 17, 2021 Affidavit for Warrant of Arrest and Detention of Story speaks for itself. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 231, including 231(a) through (f), of the Complaint.

**G.    "Azaiez and Trustee Defendants Feller, Harrison, Weir, Xiao, Vessa violated the Texas Open Meetings Act (Tex. Gov't Code § 551)."** [29]

      *1.    "Violations concerning the August RRISD meeting by use of a walking quorum and secret meeting in hiring Azaiez."* [30]

232.    The Round Rock ISD Defendants deny the allegations in Paragraph 232 of the Complaint.

233.    The Round Rock ISD Defendants admit that the Board and all Trustees must comply with the Texas Open Meetings Act and admit that all "meetings" as defined by the Texas Open Meetings Act must be open to the public, unless subject to an exception. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 233 of the Complaint.

      *2.    "Violations concerning the September RRISD Board meeting."* [31]

234.    The Round Rock ISD Defendants admit that there was a seating capacity limit at the September 14, 2021 Regular Board Meeting and that only members of the public who were seated in one of the chairs provided by the District in the meeting room, or whose turn it was to speak during public comment were allowed in the meeting room. The Round Rock ISD Defendants also admit that

---

[29]    To the extent an admission or denial to Section VII, G of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

[30]    To the extent an admission or denial to Section VII, G, 1 of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

[31]    To the extent an admission or denial to Section VII, G, 2 of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

Story was not seated in one of the chairs in the meeting room and, therefore, was required to remain outside the meeting room until it was his turn for public comment, if he was signed up to speak during public comment. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 234 of the Complaint.

### 3.    *"Injunction and attorney fees are appropriate for TOMA violations."* [32]

235.    The Round Rock ISD Defendants admit that Story seeks a permanent injunction in this lawsuit but deny that his request has any merit and denies he is entitled to any injunction. The Round Rock ISD Defendants also admit that the Texas Open Meetings Act allows a court to award attorneys' fees to a prevailing party, including to a defendant governing body or individuals, such as a school district's board of trustees, if they prevail on a Texas Open Meetings Act claim. The Round Rock ISD Defendants admit that the District has not used any seating capacity limitations such as those used at the September 14, 2021 Regular Board Meeting in almost two years. The Round Rock ISD Defendants also admit that there is nothing unlawful about a seating capacity limitation in a public meeting, and that there is nothing in the Texas Open Meetings Act or guidance regarding the Texas Open Meetings Act that would prohibit seating capacity limits. The Round Rock ISD Defendants deny the remaining allegations in Paragraph 235 of the Complaint.

## VIII.   ATTORNEY'S FEES

236.    The Round Rock ISD Defendants deny Story is entitled to attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, or otherwise.

237.    The Round Rock ISD Defendants deny Story is entitled to attorneys' fees, costs, or expenses under Texas Government Code § 551.142(b), or otherwise.

---

[32]    To the extent an admission or denial to Section VII, G, 3 of the Complaint is required, the Round Rock ISD Defendants deny the allegations.

## IX.    DEMAND FOR TRIAL BY JURY

238.    Paragraph 238 contains Story's demand for a jury trial and requires no admission or denial.

## X.    CONDITIONS PRECEDENT

239.    The Round Rock ISD Defendants deny the allegations in Paragraph 239 of the Complaint.

### THE ROUND ROCK ISD DEFENDANTS' AFFIRMATIVE DEFENSES

By way of further answer, the Round Rock ISD Defendants assert the following affirmative defenses as authorized by Rule 8(c) of the Federal Rules of Civil Procedure and reserve the right to amend their Answer with additional defenses if information obtained through discovery or otherwise merits such additional defenses. In asserting the following defenses, the Round Rock ISD Defendants do not admit that the burden of proving the allegations or denials contained in the defenses is upon the Round Rock ISD Defendants, but rather the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations in many of the defenses rests with Story.

1.    The Round Rock ISD Defendants affirmatively plead that the Court lacks subject-matter jurisdiction over certain claims and these claims should be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(1). Specifically, the Court lacks jurisdiction over Story's Texas Open Meetings Act claims and lacks jurisdiction over any claim for alleged violation of Titles I and II of the Texas Education Code.

2.    The Round Rock ISD Defendants affirmatively plead that the Complaint fails to state a claim upon which relief can be granted.

3.    The Round Rock ISD Defendants affirmatively assert that Story has not exhausted administrative remedies to assert any claim for alleged violations of Titles I and II of the Texas Education Code.

4.    The Round Rock ISD Defendants affirmatively plead that the individuals sued by Story enjoy professional immunity under Texas Education Code § 22.0511(a) from any Texas state law claims.

5.    The Round Rock ISD Defendants affirmatively plead that the individuals sued by Story enjoy qualified immunity with respect to Story's claims asserted under 42 U.S.C. § 1983.

6.    The Round Rock ISD Defendants affirmatively plead that Story fails to allege a specific constitutional violation.

7.    The Round Rock ISD Defendants affirmatively plead that none of them violated Story's constitutional rights.

8.    The Round Rock ISD Defendants affirmatively plead that no policy, custom, or practice of the District's Board, as the final policymaker, was the moving force behind any purported violation of Story's constitutional rights.

9.    The Round Rock ISD Defendants affirmatively plead that any act or omission of which Story complains was unrelated to any purportedly protected speech.

10.    The Round Rock ISD Defendants affirmatively plead that Story's removal from the August 16, 2021 Meeting and arrest were reasonable.

11.    The Round Rock ISD Defendants affirmatively plead that there was probable cause for Story's arrest.

12.    The Round Rock ISD Defendants affirmatively plead that to the extent Story can show that any force was used on him, such force was reasonable under the circumstances.

13.    The Round Rock ISD Defendants affirmatively plead that Story can show no injury that resulted directly from the use of force that was excessive to the need.

14.    The Round Rock ISD Defendants affirmatively assert that they did not intentionally discriminate against Story or treat him differently from similarly situated individuals in similar circumstances.

15.    The Round Rock ISD Defendants affirmatively assert that they did not act with deliberate indifference to Story's constitutional rights.

16.    The Round Rock ISD Defendants affirmatively plead that, in the event a factfinder were to determine that their actions were motivated by an illegal factor, they would have made such decisions even in the absence of such factor.

17.    The Round Rock ISD Defendants affirmatively plead that they acted reasonably and prudently under the circumstances and complied with all applicable federal and state laws and regulations.

18.    The Round Rock ISD Defendants affirmatively plead that Story failed to mitigate his damages and his recovery, if any, should be limited to the extent he failed to mitigate his damages.

19.    The Round Rock ISD Defendants affirmatively plead that Story is barred from receiving, or not entitled to receive, punitive damages. Specifically, punitive damages are not available against governmental entities under 42 U.S.C. § 1983, and there are no exceptional circumstances for their recovery against the individual defendants.

20.    The Round Rock ISD Defendants affirmatively assert that they are entitled to any offset of damages.

21.    Story's claims are barred by any other defense that constitutes an avoidance or affirmative defense.

22.    To the extent Story seeks any equitable relief, he is not entitled to a trial by jury.

**ATTORNEYS' FEES AND COSTS**

The Round Rock ISD Defendants seek recovery of attorneys' fees and costs in this matter under 42 U.S.C. § 1988, Texas Government Code § 551.142(b), Federal Rule of Civil Procedure 11, Texas Education Code § 11.161, Texas Education Code § 22.0517, and Chapter 10 of the Texas Civil Practice & Remedies Code.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants Round Rock Independent School District, Superintendent Dr Hafedh Azaiez, Trustees Amber Feller Landrum, Tiffanie Harrison, and Amy Weir, former Trustees Jun Xiao and Cory Vessa, and current and former Round Rock ISD Police Department officers Jeffrey Yarbrough, Lauren Griffith, Milton Pope, and Frank Pontillo, pray that this Court enter a judgment that Plaintiff Jeremy Story takes nothing on his claims against them, and for such other and further relief, both general and special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Kathryn E. Long*
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

**ATTORNEYS FOR THE ROUND ROCK ISD DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 27, 2023, a true and correct copy of this document has been served upon all parties via the Court's electronic filing system:

| | |
|---|---|
| Warren V. Norred | Stephen D. Casey |
| NORRED LAW, PLLC | CASEY LAW OFFICE, P.C. |
| 515 E. Border St. | P.O. Box 2451 |
| Arlington, TX 76010 | Round Rock, TX 78680 |
| warren@norredlaw.com | stephen@caseylawoffice.us |

*/s/ Kathryn E. Long*
KATHRYN E. LONG