UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY,<br><br>*Plaintiffs*,<br><br>v.<br><br>SUPERINTENDENT HAFEDH AZAIEZ, TRUSTEES AMBER FELLER, TIFFANIE HARRISON, AMY WEIR, JUN XIAO, CORY VESSA; OFFICERS JEFFREY YARBROUGH, JAMES WILLIBY, DEBORAH GRIFFITH, MILTON POPE, FRANK PONTILLO, RON COLE, CHIEF DENNIS WEINER, and CARLA AMACHER, individually, and ROUND ROCK INDEP. SCHOOL DISTRICT,<br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br>1:22-cv-00448-DAE |

**DEFENDANTS' RESPONSE TO PLAINTIFF JEREMY STORY'S MOTION FOR LEAVE TO FILE SUPPLEMENT TO THIRD AMENDED COMPLAINT**

**THOMPSON & HORTON LLP**

**KATHRYN E. LONG**
State Bar No. 24041679
klong@thompsonhorton.com

**K. ADAM ROTHEY**
State Bar No. 24051274
arothey@thompsonhorton.com

500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(972) 692-8334 – Facsimile

**ATTORNEYS FOR DEFENDANTS**

**SUMMARY OF RESPONSE**

Nearly two years into this lawsuit, with briefing complete on all pending motions to dismiss Plaintiff Jeremy Story's Third Amended Complaint, Story now seeks to supplement his Third Amended Complaint through his Motion for Leave to File Supplement (Dkt. 79, the "Motion"; Dkt. 79-1, the "Supplement") under Federal Rule of Civil Procedure 15(d). The Motion should be denied because the Supplement addresses only events that occurred prior to when Story filed his Third Amended Complaint, whereas Rule 15(d) permits supplementation only as to "transactions, occurrences, or events" that occurred after the date of the pleading to be supplemented. Even if the Supplement addressed new events, it should also be denied because Story fails to justify his undue delay in filing the Motion and Supplement, which would prejudice all Defendants by further postponing rulings on their pending motions and partial motions to dismiss. Finally, the Court should deny the Motion because the vague and conclusory allegations in the Supplement do not counter the arguments raised by Defendants in their pending motions and partial motions to dismiss, and the Supplement is therefore futile.

**PROCEDURAL HISTORY**

On May 11, 2022, Story filed his Verified Original Complaint and Application for Preliminary Injunctive Relief. *See* Dkt. 1. In response to motions to dismiss by the Defendants, Story filed his First Amended Complaint and Application for Preliminary Injunctive Relief on August 22, 2022, and the Defendants again moved to dismiss. *See* Dkts. 15, 16, 17, 20. On July 26, 2023, this Court entered its Order Granting in Part and Denying in Part Defendants' Motions to Dismiss and granted Story leave to amend with a caution that "in filing an amended complaint, Plaintiffs must present facts to support any allegation made." Dkt. 43, p. 47. Thereafter, Story filed his Second Amended Complaint on August 25, 2023, wherein he asserted a wholly new claim against several new defendants related to a September 2022 alleged incident in the Round Rock High School ("RRHS") parking lot during the

1

homecoming game (the "Homecoming Incident"). *See* Dkt. 44. Story then filed his Third Amended Complaint by agreement on October 5, 2023, to purportedly "simplify matters and remove ambiguities" remaining in the Second Amended Complaint. *See* Dkt. 49.

On October 27, 2023, Defendants Round Rock Independent School District ("RRISD"), RRISD Trustees Amber Feller Landrum, Tiffanie Harrison, and Amy Weir and former RRISD Trustees Jun Xiao and Cory Vessa (the "Trustee Defendants"), Superintendent Dr. Hafedh Azaiez, former RRISD Police Chief Jeffrey Yarbrough, and former RRISD Assistant Police Chief James Williby filed Motions to Dismiss or Partially Dismiss the Third Amended Complaint. Dkts. 51, 52, 53. Briefing on these motions concluded in November 2022. *See* Dkts. 58, 59, 60.

The newly-named defendants in the Second and Third Amended Complaints—Chief Dennis Weiner, Detective Ron Cole, and Dr. Carla Amacher (the "Homecoming Defendants")—filed their Motion to Dismiss Jeremy Story's Third Amended Complaint on April 2, 2024. *See* Dkt. 74. Story filed his response to the Homecoming Defendants' Motion to Dismiss on April 16, 2024, and briefing concluded on that motion on April 23, 2024. Dkts. 78, 80. Story filed the Motion and Supplement on April 16, 2024, at the same time he filed his response to the Homecoming Defendants' Motion to Dismiss. Dkt. 79.

## ARGUMENT AND AUTHORITIES

**I.  Standard for supplementing under Rule 15(d).**

In both the Motion and Supplement, Story affirms that he is seeking to supplement the Third Amended Complaint "pursuant to Rule 15(d)." Dkt. 79, 79-1. Rule 15(d) states that "[o]n motion and reasonable notice, the court may, on its terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented," FED. R. CIV. P. 15(d) (emphasis added); *see also Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998) (affirming denial of leave to supplement complaint because "nothing ha[d]

2

changed" since the filing of the original complaint). Unlike motions to amend under Rule 15(a) where leave should be freely granted, "motions to supplement [under Rule 15(d)] need not be freely granted." *Smith v. Herbert*, 533 F. App'x 479, 483–84 (5th Cir. 2013) (citing *Burns*, 158 F.3d at 343; *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983)); *see also Schwarzer v. Hernandez*, No. 21-40018, 2022 WL 1714633, at *1 (5th Cir. May 27, 2022) (affirming denial of leave to supplement); *Lowrey v. Beach*, 708 F. App'x 194, 195 (5th Cir. 2018) (affirming denial of leave to supplement); *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010) (affirming denial of leave to supplement); *Haralson v. Campuzano*, 356 F. App'x 692, 699 (5th Cir. 2009) (affirming denial of leave to supplement); *Beltran v. United States*, No. EP-18-CV-305-KC-MAT, 2019 WL 9094565, at *2 (W.D. Tex. Aug. 7, 2019) (denying leave to supplement); *Burgess v. Bank of Am., N.A.*, No. 5:14-cv-00495-DAW, 2014 WL 5461803, at *1 (W.D. Tex. Oct. 27, 2014) (denying leave to supplement). Additionally, a court weighs several other factors when considering whether to allow supplementation under Rule 15(d): "(1) undue delay, bad faith or dilatory motive on part of the movant; (2) undue prejudice to the opposing party; and (3) futility." *Mangwiro v. Napolitano*, 939 F. Supp. 2d 639, 648 (N.D. Tex. 2013).

II. **Story's Motion should be denied because the Supplement does not discuss any transaction, occurrence, or event that happened after he filed his Third Amended Complaint.**

In the Motion, Story claims that "since the filing of the [Third Amended] Complaint, [he] has discovered additional facts that generate new factual allegations" in support of his claims related to the Homecoming Incident in September 2022. Dkt. 79 ¶ 4; *see also* Dkt. 79-1, Declaration p. 1. But while Story alleges he only recently discovered the additional alleged facts contained in the Supplement, neither the Motion nor the Supplement demonstrate that the alleged facts constitute a "transaction, occurrence, or event" that occurred *after* Story filed his Third Amended Complaint as is required to meet his burden for seeking to supplement. *See* FED. R. CIV. P. 15(d). Moreover, neither

the Motion nor the Supplement demonstrate why Story could not have included the proposed allegations in the Third Amended Complaint at the time it was filed in October 2023.

For example, the Supplement generically alleges that "[o]utside groups meet in school and flyers are distributed when groups rent school premises" and that these flyers "are not all run through the RRISD Superintendent." Dkt. 79-1, Declaration p. 1 ¶ 2. Aside from being vague and conclusory, Story offers no evidence that this generic allegation reflects a transaction, occurrence, or event that occurred after Story filed his Third Amended Complaint. Next, the Supplement references the "court case that reversed Roe v. Wade" as an instance where pro-abortion students and activists "were allowed to distribute flyers in and around the schools," purportedly without Superintendent authorization. *Id.* pp. 1–2 ¶ 3. The Court can take judicial notice of the fact that the case referenced, *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), was decided more than a year before Story filed his Third Amended Complaint. The same holds true for Story's other alleged "examples" of disparate treatment with respect to distribution of nonschool materials on school premises, none of which Story affirms occurred after he filed his Third Amended Complaint.[1] *See id.* pp. 2–3 ¶¶ 4–8.

Story also alleges that "[i]n the last two months," he learned that there is "further evidence of RRISD's police practices" in the form of an investigative report "commissioned by RRISD into the overall culture and climate of the RRISD police department." Dkt. 79-1, Declaration p. 3 ¶ 9. Story claims he has tried to obtain the alleged report through a public records request but that the District responded indicating that it had sought guidance from the Texas Attorney General regarding whether such information was excepted from disclosure. *Id.* Despite the fact that Story alleges he only became aware of the alleged report within the last few months, he does not allege that the existence of any

---

[1] Additionally, with respect to at least the Supplement's discussion of distribution of materials regarding RRISD's Voter-Approval Tax Rate Election and bond proposal, the Supplement itself demonstrates that those were District-generated materials for District-called elections, not nonschool materials like those at issue in Story's Third Amended Complaint.

4

alleged report or the nature of any of its contents occurred since the filing of his Third Amended Complaint. On the contrary, the letter Story attaches to his Declaration as evidence of the District's efforts to seek guidance from the Texas Attorney General regarding a similar request for public information regarding the alleged police report is dated June 13, 2023, several months prior to the Third Amended Complaint. *See* Dkt. 79-1, Declaration Ex. 1-B. As a result, Story's Supplement demonstrates that it does not concern any transaction, occurrence, or event that occurred since the filing of the Third Amended Complaint.[2] Story has failed to meet his burden to supplement under Rule 15(d).

**III.   Even if Story's Supplement concerned events that occurred after he filed his Third Amended Complaint, Story offers no suitable justification for his late filing of the Motion and Supplement, which will prejudice Defendants to the extent it further delays resolution of their motions to dismiss.**

The Motion and Supplement purportedly allege "new fact[s]"—some of which patently occurred several years ago—without an explanation of why the Motion and Supplement could not have been brought sooner. *See* Dkt. 79 & 79-1. Indeed, Story's Supplement demonstrates that he waited at least until April 2, 2024, to even seek out "additional facts" regarding the alleged police report, which he concedes were "common knowledge among . . . 'everyone.'" *See* Dkt. 79-1, pp. 1–2 ¶ 3, Ex. 1-A. "Given this undue delay and lack of diligence in moving to supplement," Story must show that his failure to supplement earlier was because of "oversight, inadvertence, or excusable neglect." *See Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982), *rev'd on other*

---

[2]   Story's only potential allegation of a transaction, occurrence, or event occurring since the Third Amended Complaint is a purported "recent" change to public comment procedure at Board meetings that restricts public comment to items on the agenda. Dkt. 79-1, Declaration p. 5 ¶¶ 16–17. Story also alleges that non-agenda comments are made through a web forum and that the web forum has received reports of police abuses that he claims are the "building blocks for the [police] report" that he attempted to obtain from the District. What these allegations have to do with Story's claims related to the Homecoming Incident is not easily deciphered. Regardless, Story's allegations regarding recent changes to public comment procedures and the resulting web forum complaints cannot be the "building blocks" of an alleged report that the District purportedly discussed with the Texas Attorney General in the summer of 2023.

5

*grounds*, 460 U.S. 1007, 103 S. Ct. 1245 (1983) (citing *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)).[3] But Story "has not advanced . . . any reasons meeting [his] burden." *Chemetron*, 682 F.2d at 1149.

On the contrary, a review of the Motion, Supplement, and supporting exhibits reveals no justification for why Story waited over six months after filing his Third Amended Complaint, and *after* briefing on all the motions to dismiss his Third Amended Complaint was completed, to supplement his pleadings to assert "new factual allegations" that were purportedly known by "everyone." *See* Dkt. 79, p. 1-2 (internal quotation marks omitted). "Given this undue delay and lack of diligence in moving to supplement," and the resulting prejudice to the Defendants if briefing on their motions to dismiss is reopened or rulings on their motions to dismiss are postponed, the Motion should be denied. *Chemetron*, 682 F.2d at 1149; *see also Haralson*, 356 F. App'x at 699 (affirming denial of leave to supplement when it "would delay the disposition of the claims against [non-movants], thereby causing them prejudice"); *Serafine v. Slayton*, No. A-20-cv-1249-RP, 2021 WL 4442817, at *2 (W.D. Tex. Sept. 27, 2021) (denying motion for leave to supplement second amended complaint because leave to amend had already been granted and second motions to dismiss were pending and permitting supplement would "unduly delay this case and prejudice Defendants").

---

[3] In analyzing the grounds for denial of leave to supplement a pleading, the *Chemetron* Court "rel[ied] on Rule 15(a) cases, since [Rules 15(a) and 15(d)] are treated alike in evaluating a trial judge's exercise of discretion." *Chemetron*, 682 F.2d at 1193–94; *see also Tomasella v. Div. of Child Support*, No. 3:20-CV-476-S-BH, 2021 WL 3710659, at *2 (N.D. Tex. Aug. 20, 2021) (explaining that "[j]udicial decisions to grant or deny Rule 15(d) motions to supplement pleadings are generally based on the same factors of fairness courts weigh when considering motions to amend pleadings under Rule 15(a)"); *Hyde v. Hoffman-La Roche Inc.*, No. 3:04-CV-1473-B ECF, 2008 WL 2923818, at * 3 (N.D. Tex. July 30, 2008) (explaining that the Rule 15(d) analysis is "based on the same factors of fairness" as Rule 15(a)); *Rainey v. Herrera*, 2007 WL 2142091, slip op. at 1 (S.D. Tex. 2007 July 25, 2007) (using Rule 15(a) factors to deny leave to supplement).

**IV.     Even if Story had met his burden and timely sought to supplement his Third Amended Complaint, the Motion should be denied because the Supplement is futile.**

The Motion should also be denied because the Supplement offers no new well-pleaded allegations relevant to the pending motions and partial motions to dismiss and is therefore futile. *See e.g., Chemetron*, 682 F.2d at 1193–94 (relying on a Rule 15(a) analysis); *Hoggat v. Allstate Ins. By Dyson*, 849 F. App'x 74, 76–77 (5th Cir. 2021) (affirming denial of leave to supplement on the grounds of futility); *Connor v. Castro*, 719 F. App'x 376, 380 (5th Cir. 2018) (affirming denial of leave to supplement a complaint because the supplementation "would be futile"); *Haggard v. Bank of Ozarks, Inc.*, 668 F.3d 196, 202 (5th Cir. 2012) (affirming denial of Rule 15(d) motion to supplement on futility grounds).

A supplemental pleading is futile if it would still fail to state a claim upon which relief could be granted. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) (explaining that "to determine futility, [courts] will apply the same standard of legal sufficiency as under Rule 12(b)(6)") (internal citations and quotation marks omitted); *Lewis v. Knuston*, 699 F.2d 230, 239 (5th Cir. 1983) (explaining that "the district court should consider whether . . . the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action"); *see also Back v. Tex. Dep't of Criminal Justice Corr. Institutions Div.*, 716 F. App'x 255, 257 (5th Cir. 2017) (affirming denial of leave to supplement because the "proposed supplemental complaint sought to reurge and/or reframe matters already before the district court"); *Beltran*, 2019 WL 9094565, at *2 (holding that "granting leave to add these claims to this lawsuit in a supplemental pleading would be futile because they would fail to state a claim upon which relief could be granted"). Here, the Supplement is largely comprised of vague and conclusory allegations that are not entitled to a presumption of truth. These vague and conclusory allegations do not state an independent claim for relief and do not add facts that would defeat the pending motions and partial motions to dismiss. As a result, granting leave to file the Supplement would be futile.

Moreover, even if the Supplement's generic allegations regarding the distribution of "[f]lyers by outside organizations . . . with no prior superintendent approval" and the lack of "subsequent attempt to remove such flyers" are true, Story has still failed to demonstrate how they are relevant to his pending First Amendment claim regarding the Homecoming Incident. In particular, these allegations do not address: (1) whether the RRHS parking lot is a public forum; (2) the content neutrality of and reasonable, time, place, and manner restrictions imposed by GKDA (Local); and (3) the application of GKDA (Local) to Story by the Homecoming Defendants. *See* Dkt. 74, pp. 4–15. Indeed, the Supplement does not allege any specific prior incidents involving the Homecoming Defendants or Dr. Azaiez that would support Story's argument that their conduct was motivated by the content of Story's speech as opposed to his violation of District policies. *See* Dkt. 80, pp. 5–6 (discussing the failure to plead facts plausibly suggesting discriminatory intent on behalf of the Homecoming Defendants). The Supplement also does not contain any allegations supporting Story's argument that the District opened the RRHS parking lot for indiscriminate use by the general public. *See id.*, pp. 1–5. Thus, these allegedly "new facts" fail to plausibly demonstrate that a First Amendment violation occurred or that the Homecoming Defendants and Dr. Azaiez are not entitled to qualified immunity.

And with respect to RRISD, none of the new allegations show past action of the Board, or a Board policy, custom, or practice that would support liability against RRISD for the Homecoming Incident under the *Monell* liability standard. *See* Dkts. 53, pp. 17–19; 58, pp. 4–5 (discussing the failure to plead facts supporting the imposition of *Monell* liability against RRISD). For example, the Supplement does not allege that the Board was aware that Story was distributing anything or that he was asked to stop doing so. The Supplement also does not contain well-pleaded facts that the Homecoming Defendants' alleged conduct—a purported deviation from GKDA (Local)—was the result of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by

the Board, as a body corporate. The Supplement also does not allege facts suggesting that the Homecoming Defendants or Dr. Azaiez were final policymakers for the District. The Supplement also does not allege well-pleaded facts demonstrating that the Homecoming Defendants acted pursuant to a well-settled custom or practice of employees purportedly violating GKDA (Local) in a similar manner that infringes on free speech rights. *See Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009) (concluding that twenty-seven complaints of excessive force over a three year period did not constitute a custom that represents official policy where the complaints lacked similarity and specificity); *Pineda v. City of Hous.*, 291 F.3d 325, 329 (5th Cir. 2002) (eleven instances of warrantless entry did not support a pattern of unconstitutional warrantless entry). Further, the Supplement's allegations regarding an alleged report describing suspected misconduct by RRISD police and the RRISD Board of Trustees' curtailment of board meeting discussion to only those items related to the agenda do nothing to address whether Story fell victim to discrimination during the Homecoming Incident. *See* Dkt. 79, p. 2, ¶ 5l; 79-1, pp. 1 & 3. Therefore, the Supplement is futile, and the Motion should be denied.

## CONCLUSION

The Court should deny the Motion because: (1) the Supplement does not address transactions, occurrences, or events occurring after Story filed his Third Amended Complaint as required by Rule 15(d); (2) Story does not justify his unreasonable delay in filing the Supplement, which would prejudice all Defendants by further postponing resolution of their pending and fully-briefed motions to dismiss; and (3) the Supplement is futile in any event.

        Respectfully submitted,

        */s/ Kathryn E. Long*
        KATHRYN E. LONG
        State Bar No. 24041679
        klong@thompsonhorton.com

        K. ADAM ROTHEY
        State Bar No. 24051274
        arothey@thompsonhorton.com

        **THOMPSON & HORTON LLP**
        500 North Akard Street, Suite 3150
        Dallas, Texas 75201
        (972) 853-5115 – Telephone
        (972) 692-8334 – Facsimile

        **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 30, 2024, a true and correct copy of this document has been served upon all parties via the Court's electronic filing system:

| | |
|---|---|
| Warren V. Norred | Stephen D. Casey |
| NORRED LAW, PLLC | CASEY LAW OFFICE, P.C. |
| 515 E. Border St. | P.O. Box 2451 |
| Arlington, TX 76010 | Round Rock, TX 78680 |
| warren@norredlaw.com | stephen@caseylawoffice.us |

        */s/ Kathryn E. Long*
        KATHRYN E. LONG