UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY,<br><br>*Plaintiffs*,<br><br>v.<br><br>SUPERINTENDENT HAFEDH AZAIEZ, TRUSTEES AMBER FELLER, TIFFANIE HARRISON, AMY WEIR, JUN XIAO, CORY VESSA; OFFICERS JEFFREY YARBROUGH, JAMES WILLIBY, DEBORAH GRIFFITH, MILTON POPE, FRANK PONTILLO, RON COLE, CHIEF DENNIS WEINER, and CARLA AMACHER, individually, and ROUND ROCK INDEP. SCHOOL DISTRICT,<br><br>*Defendants*. | §§§§§§§§§§§§§§§§§ | CIVIL ACTION NO.<br>1:22-cv-00448-DAE |

**DEFENDANTS' RESPONSE TO PLAINTIFF JEREMY STORY'S
SECOND MOTION FOR LEAVE TO FILE SECOND SUPPLEMENT**

**KATHRYN E. LONG**
State Bar No. 24041679
klong@thompsonhorton.com

**K. ADAM ROTHEY**
State Bar No. 24051274
arothey@thompsonhorton.com

**IBRAHIM N. YASEEN**
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

**ATTORNEYS FOR THE ROUND
ROCK ISD DEFENDANTS**

**SUMMARY OF RESPONSE**

At the April 11, 2023 hearing on Defendants' motions to dismiss, this Court specifically admonished Plaintiff Jeremy Story that his pleadings already contained excessive amounts of supposition, conjecture, and conclusory allegations of a conspiracy against him, and that the Court could not take his allegations as true if there was no basis for them. *See* Dkt. 42, p. 29:6–30:14. Despite the Court's admonition, Story now files his Second Motion for Leave to File Second Supplement (Dkt. 83, the "Motion"; Dkt. 83-1, the "Second Supplement"), which only adds to Story's unsupported allegations of a conspiracy with information that has no relevance to any of his pleaded claims or the Defendants' pending motions and partial motions to dismiss. Like his motion for leave to file his first supplement (Dkt. 79), this Motion should be summarily denied as futile because the allegations in the Second Supplement completely lack relevance. The Second Supplement should also be denied because it would unduly prejudice Defendants by further delaying the resolution of their pending motions and partial motions to dismiss. Finally, the Second Supplement should be denied because, at its core, it largely discusses incidents that took place before Story filed his Third Amended Complaint, whereas Rule 15(d) allows parties to supplement regarding only "transactions, occurrences, or events" that occurred after the date of the pleading to be supplemented.

**PROCEDURAL HISTORY**

On May 11, 2022, Story filed his Verified Original Complaint and Application for Preliminary Injunctive Relief. *See* Dkt. 1. In response to motions to dismiss by the Defendants, Story filed his First Amended Complaint and Application for Preliminary Injunctive Relief on August 22, 2022, and the Defendants again moved to dismiss. *See* Dkts. 15–17, 20. On July 26, 2023, this Court entered its Order Granting in Part and Denying in Part Defendants' Motions to Dismiss and granted Story leave to amend with a caution that "in filing an amended complaint, Plaintiffs must present facts to support any allegation made." Dkt. 43, p. 47. Thereafter, Story filed his Second Amended Complaint on August

25, 2023, and asserted new claims against Trustees Amy Weir and Amber Feller Landrum, and wholly new claims against several new defendants related to a September 2022 alleged incident in the Round Rock High School ("RRHS") parking lot during the homecoming game (the "Homecoming Incident"). *See* Dkt. 44. Story then filed his Third Amended Complaint by agreement on October 5, 2023, to purportedly "simplify matters and remove ambiguities" remaining in the Second Amended Complaint. *See* Dkt. 49. Story did not serve any of the new defendants at that time.

On October 27, 2023, Defendants Round Rock Independent School District ("RRISD"), RRISD Trustees Landrum, Tiffanie Harrison, and Weir and former RRISD Trustees Jun Xiao and Cory Vessa (the "Trustee Defendants"), Superintendent Dr. Hafedh Azaiez, former RRISD Police Chief Jeffrey Yarbrough, and former RRISD Assistant Police Chief James Williby filed Motions to Dismiss or Partially Dismiss the Third Amended Complaint. Dkts. 51–53. Briefing on these motions concluded in November 2022. *See* Dkts. 56–60.

In February and March 2024, Story finally served, or obtained waiver of service for the newly-named defendants in the Second and Third Amended Complaints—Chief Dennis Weiner, Detective Ron Cole, and Dr. Carla Amacher (the "Homecoming Defendants"). The Homecoming Defendants filed their Motion to Dismiss Jeremy Story's Third Amended Complaint on April 2, 2024. *See* Dkt. 74. Story filed his response to the Homecoming Defendants' Motion to Dismiss on April 16, 2024, and briefing concluded on that motion on April 23, 2024. Dkts. 78, 80. Story filed his Motion for Leave to File Supplement to Plaintiff's Third Amended Complaint on April 16, 2024, at the same time he filed his response to the Homecoming Defendants' Motion to Dismiss. Dkt. 79. The Defendants filed their response to that motion for leave to file supplement on April 30, 2024, and Story did not file a reply. *See* Dkt. 81. Story filed the Motion and Second Supplement on May 24, 2024. *See* Dkt. 83; Dkt. 83-1.

**ARGUMENT AND AUTHORITIES**

**I.     Overview of the Second Supplement.**

The Second Supplement and its attached exhibits discuss allegations related to internal investigations into personnel matters involving District police officers, a letter from Chief Weiner to Superintendent Azaiez and the Board's response and reaction thereto, the District's promotion of Defendant Lauren Griffith to Interim Police Chief, and the District police department's adoption of a self-dispatch policy, as well as brief discussion of Story's efforts to obtain the District police investigation report. *See* Dkt. 83-1, Exhibits 1–8. None relate to Story or his claims against Defendants.

More specifically, the Second Supplement attaches a 2023 investigative report commissioned by the District to look into the culture and climate of the District's police department. *Id.*, Exhibit 5. The investigative report evaluated complaints regarding Chief Weiner related to: his process for hiring an allegedly unqualified Behavioral Health Department director; allegedly improper comments about age and mental health; and allegedly improper use of therapy dogs on school campuses. *Id.* The investigative report purportedly substantiated some but not all of the allegations made. *Id.* The Second Supplement also purports to contain an April 30, 2024, letter from Chief Weiner to Dr. Azaiez regarding an alleged sexual assault of a student, which allegedly occurred on April 12, 2024. *Id.*, Exhibit 2. The Second Supplement purports to highlight disagreement between District Trustees over the Board's response to Chief Weiner's letter, its subject matter, and the related timeline of events. *Id.*, Exhibits 3, 4. The Second Supplement also attaches a screenshot of a news article reporting that the District promoted Defendant Lauren Griffith to Interim Police Chief effective May 14, 2024. *Id.*, Exhibit 6. Additionally, the Second Supplement alleges that the District had planned to "transition to self-dispatch . . . on September 30, 2023" and that Williamson County expressed its reservations about the plan via letter to the District. *Id.*, Exhibit 7. Finally, the Supplement contains messages evidencing Story's attempts to obtain the police investigation report. *Id.*, Exhibit 8.

3

Nothing in the Second Supplement mentions or relates to Story or his claims asserted in this lawsuit or the Defendants' pending motions and partial motions to dismiss, including any individual Defendants' assertion of qualified immunity.

## II. Standard for supplementing under Rule 15(d).

Rule 15(d) states that "[o]n motion and reasonable notice, the court may, on its terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after* the date of the pleading to be supplemented," FED. R. CIV. P. 15(d) (emphasis added); *see also Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998) (affirming denial of leave to supplement complaint because "nothing ha[d] changed" since the filing of the original complaint). Unlike motions to amend under Rule 15(a) where leave should be freely granted, "motions to supplement [under Rule 15(d)] need not be freely granted." *Smith v. Herbert*, 533 F. App'x 479, 483–84 (5th Cir. 2013) (citing *Burns*, 158 F.3d at 343; *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983)); *see also Schwarzer v. Hernandez*, No. 21-40018, 2022 WL 1714633, at *1 (5th Cir. May 27, 2022) (affirming denial of leave to supplement); *Lowrey v. Beach*, 708 F. App'x 194, 195 (5th Cir. 2018) (affirming denial of leave to supplement); *Haralson v. Campuzano*, 356 F. App'x 692, 699 (5th Cir. 2009) (affirming denial of leave to supplement); *Beltran v. United States*, No. EP-18-CV-305-KC-MAT, 2019 WL 9094565, at *3 (W.D. Tex. Aug. 7, 2019) (denying leave to supplement). Additionally, a court weighs several other factors when considering whether to allow supplementation under Rule 15(d): "(1) undue delay, bad faith or dilatory motive on part of the movant; (2) undue prejudice to the opposing party; and (3) futility." *Mangwiro v. Napolitano*, 939 F. Supp. 2d 639, 648 (N.D. Tex. 2013).

A supplemental pleading is futile if it adds nothing of substance to the original allegations or is not germane to the original causes of action or would still fail to state a claim upon which relief could be granted. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (explaining that "to determine futility, [courts] will apply the same standard of legal sufficiency as under Rule 12(b)(6)")

4

(internal citations and quotation marks omitted); *Lewis*, 699 F.2d at 239 (explaining that "the district court should consider whether . . . the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action"); *see also Back v. Tex. Dep't of Criminal Justice Corr. Institutions Div.*, 716 F. App'x 255, 257 (5th Cir. 2017) (affirming denial of leave to supplement because the "proposed supplemental complaint sought to reurge and/or reframe matters already before the district court"); *Beltran*, 2019 WL 9094565, at *2 (holding that "granting leave to add these claims to this lawsuit in a supplemental pleading would be futile because they would fail to state a claim upon which relief could be granted").

### III. The Motion should be denied because the Second Supplement is futile.

The Second Supplement purports to raise allegations regarding "improper behavior of RRISD police" and "further evidence of RRISD's police practices." Dkt. 83, p. 1 ¶ 1. At most, Story alleges the Second Supplement is relevant because it "shows a pattern of activity . . . that eliminates [Defendants'] immunity defense." *Id.*, p. 3, ¶ 11. But Story has not and cannot demonstrate how the allegations in the Second Supplement are relevant to any Defendants' assertion of qualified immunity, much less Story's claims or the pending motions and partial motions to dismiss. As a result, it should be denied as futile. *See e.g., Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1193–94 (5th Cir. 1982), *rev'd on other grounds*, 460 U.S. 1007, 103 S. Ct. 1245 (1983)[1]; *Hoggat v. Allstate Ins. By Dyson*, 849 F. App'x 74, 76–77 (5th Cir. 2021) (affirming denial of leave to supplement on the grounds of futility); *Connor v. Castro*, 719 F. App'x 376, 380 (5th Cir. 2018) (affirming denial of leave to supplement a

---

[1] In analyzing the grounds for denial of leave to supplement a pleading, the *Chemetron* Court "rel[ied] on Rule 15(a) cases, since [Rules 15(a) and 15(d)] are treated alike in evaluating a trial judge's exercise of discretion." *Chemetron*, 682 F.2d at 1193–94; *see also Tomasella v. Div. of Child Support*, No. 3:20-CV-476-S-BH, 2021 WL 3710659, at *2 (N.D. Tex. Aug. 20, 2021) (explaining that "[j]udicial decisions to grant or deny Rule 15(d) motions to supplement pleadings are generally based on the same factors of fairness courts weigh when considering motions to amend pleadings under Rule 15(a)"); *Hyde v. Hoffman-La Roche Inc.*, No. 3:04-CV-1473-B ECF, 2008 WL 2923818, at * 3 (N.D. Tex. July 30, 2008) (explaining that the Rule 15(d) analysis is "based on the same factors of fairness" as Rule 15(a)); *Rainey v. Herrera*, 2007 WL 2142091, at *1 (S.D. Tex. 2007 July 25, 2007) (using Rule 15(a) factors to deny leave to supplement).

complaint because the supplementation "would be futile"); *Haggard v. Bank of Ozarks, Inc.*, 668 F.3d 196, 202 (5th Cir. 2012) (affirming denial of Rule 15(d) motion to supplement on futility grounds).

At the outset, Story cites no case law explaining why any purported "pattern of activity" described in the Second Supplement is legally relevant to any Defendants' qualified immunity defense. In general, a "pattern of activity" is not an element of the defense of qualified immunity with respect to any Defendant. Rather, Defendants are "entitled to qualified immunity if [their] 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Longoria v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 264 (5th Cir. 2019) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).[2] Nothing in the Second Supplement is relevant to whether any individual Defendant's conduct with respect to Story violated a clearly established right of which a reasonable person would have known.

For example, with respect to Story's claims against the Homecoming Defendants, the Second Supplement's allegations do nothing to address whether the law was clearly established that requiring prior review of non-school materials, when content neutral, before distributing them in a high school parking lot, violates a member of the public's constitutional rights. *See* Dkts. 53, pp. 16–17; 74, pp. 13–15. The Second Supplement's allegations likewise do not address whether the Homecoming Defendants' reliance on Board policy GKDA (Local) was clearly unreasonable under the circumstances or whether the Homecoming Defendants were motivated by anything other than Story's failure to abide by the requirements of GKDA (Local) in requesting that he cease distributing

---

[2] A pattern of prior acts similar to what transpired against Story might be relevant to establishing supervisor liability against former Chief Yarbrough and former Assistant Chief Williby under a theory that they acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by subordinates. *See* Dkts. 43, p. 29; 51, pp. 7–11. But the Second Supplement relates to events that transpired after Yarbrough and Williby left RRISD and does not contain any allegations that demonstrate a pattern of prior acts similar to Story's allegations that he was improperly removed from Board meetings and subsequently arrested in violation of his First and Fourth Amendment rights. As a result, the alleged occurrences described in the Second Supplement are irrelevant to whether a pattern of prior acts demonstrate deliberate indifference to violations of Story's constitutional rights by Yarbrough and Williby.

campaign materials. *See* Dkt. 83-1; *see also* Dkts. 53, pp. 16–17; 74, pp. 13–15. In fact, the Second Supplement does not even mention GKDA (Local) or the District's application of GKDA (Local) to Story. As a result, the Second Supplement is wholly irrelevant to the Homecoming Defendants' assertion of qualified immunity regarding Story's claims related to the application of GKDA (Local) to his distribution of campaign materials in a high school parking lot.

With respect to Story's original claims regarding his removal from Board meetings in 2021 and subsequent arrest, the Second Supplement's allegations are likewise irrelevant to the individual Defendants' assertions of qualified immunity. For instance, nothing in the Second Supplement bears on whether the individual Defendants' application of the limited public comment rule in Board policy BED (Local) to Story's speech violated a clearly established constitutional right and was objectively unreasonable in light of that clearly established right. *See* Dkts. 25, pp. 15–18; 26, pp. 4–5; 52, pp. 17–18. Again, the Second Supplement does not even mention BED (Local) or the District's application of BED (Local) to Story. The Second Supplement is also irrelevant to the issues of whether any of the Defendants violated Story's clearly established constitutional rights by: removing Story from Board meetings where he violated District policy and where reasonable suspicion existed as to whether he had committed a crime; completing warrant affidavits supported by probable cause as confirmed by an independent magistrate; or using minimal force to repel Story's efforts to enter a meeting in violation of police officer instructions. *See* Dkts. 25, pp. 15–18; 26, pp. 4–5.[3]

---

[3] It could be argued that a "pattern of activity" might be relevant to whether Story can demonstrate that the District had, by evidence of the pattern, an "official policy, custom, or practice" that would give rise to District liability under *Monell*. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 709 (1989); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir.2003); *see also* Dkts. 53, pp. 17–19; 58, pp. 4–5 (discussing the failure to plead facts supporting the imposition of *Monell* liability against RRISD). But the allegations in the Second Supplement have nothing to do with Story's claims and do not discuss, much less demonstrate, an alleged pattern of unconstitutionally prohibiting political speech or creating false arrest affidavits.

Indeed, aside from their legal irrelevance to the questions of qualified immunity or entity liability, the allegations in the Second Supplement bear no factual relation to any of Story's claims whatsoever. As discussed above (*see supra* Section I), the report summarizing the District's internal investigation into its police department addresses only unrelated issues regarding the culture of the District's police department and reports regarding Chief Weiner's management of the department. *See* Dkt. 83-1, Exhibit 5. But that internal investigation report mentions neither Story, BED (Local), GKDA (Local), nor the District's application of BED (Local) or GKDA (Local) to anyone. *See id.* Additionally, the letter from Chief Weiner to Superintendent Azaiez addresses only a specific incident of an alleged sexual assault, the District's alleged response, and Chief Weiner's purported frustration with the alleged delayed reporting of crimes within the District and what Weiner perceived to be too much oversight exercised over his department by the District. *See id.*, Exhibits 2–4. Again, the letter does not reference Story or anything related to Story's claims. Additionally, the screenshots of Facebook posts made by Trustee Danielle Weston and Trustees Landrum, Vice President Harrison, and Secretary Alicia Markum address only the letter from Chief Weiner to Superintendent Azaiez and a closed session board meeting related to that letter. *See id.*, Exhibits 3, 4.

The screenshot of a recent news article depicting the District's statement naming a new interim chief of police is also irrelevant to Story's claims. *See id.*, Exhibits 3, 4. The screenshot relates only to the District's announcement of a personnel change regarding Defendant Lauren Griffith, not to Story, Story's claims, or any District policy. Finally, the Second Supplement's inclusion of a letter from Williamson County to the District expressing the County's concern over the District's changes to its police dispatch policy, likewise, fails to even touch upon Story, any purported clearly established constitutional right, or any relevant policy of the District. *See id.*, Exhibit 7. Thus, the investigation report, letters, and screenshots contained in the Second Supplement likewise bear no factual relevance to Story's claims making supplementation futile.

8

In sum, not every purported internal issue at RRISD—even those that may involve the Defendants—relates to Story, this lawsuit, or his pending claims. Given this Court's prior cautions to Story, there is no need to continue to allow him to supplement his pleadings with every random occurrence at the District and attempt to weave them into his conclusory conspiracy allegations.

**IV.    Even if Story's Second Supplement was not futile, Defendants are prejudiced to the extent it further delays resolution of their motions to dismiss.**

The Second Supplement represents Story's second attempt to supplement his already thrice amended Complaint and comes over two years after Story began this lawsuit. Given that this case is over two years old and remains at the pleadings stage and the Second Supplement fails to add any additional relevant allegations to defeat the pending motions and partial motions to dismiss, Story's Second Supplement "would delay the disposition of the claims against [Defendants], thereby causing them prejudice." *Haralson*, 356 F. App'x at 699 (affirming denial of leave to supplement when it "would delay the disposition of the claims against [non-movants], thereby causing them prejudice"); *Chemetron Corp.*, 682 F.2d at 1194 (affirming denial of supplement, in part, on the basis of undue prejudice).

The Motion, Second Supplement, and supporting exhibits offer no support for why Story should be permitted to supplement once more, *after* he has already sought to supplement his Third Amended Complaint and *after* briefing on all motions to dismiss has been completed. This is especially true where the new allegations are of no relevance to any of Story's claims and, at least some, were purportedly known by "everyone" at the time Story filed his Third Amended Complaint. *See* Dkt. 79, p. 1-2. Given the resulting prejudice to Defendants if briefing on their motions to dismiss is reopened or rulings on their motions to dismiss are postponed, the Motion should be denied and Second Supplement should be rejected. *Chemetron*, 682 F.2d at 1149; *see also Haralson*, 356 F. App'x at 699; *Serafine v. Slayton*, No. A-20-cv-1249-RP, 2021 WL 4442817, at *2 (W.D. Tex. Sept. 27, 2021) (denying motion for leave to supplement because leave to amend had already been granted and second motions

9

to dismiss were pending and permitting supplement would "unduly delay this case and prejudice Defendants").

V. **Even if the Motion was not futile and did not unduly prejudice the Defendants, Story's Motion should be denied because the Second Supplement focuses, in part, on events that happened before Story filed his Third Amended Complaint.**

In the Motion, Story asserts that since he filed his first motion for leave, "a police report [] has become public . . . that bears directly on" his claims. *See* Dkts. 83, p. 1; Dkt. 83-1, Exhibit 1. But the investigation summarized in the police report began on October 2, 2023, and regarded conduct occurring prior to that time. *See* Dkt. 83-1, Exhibit 5. Story, however, filed his Third Amended Complaint on October 5, 2023, and neither the Motion nor the Second Supplement demonstrate that the alleged facts in the investigative report constitute a "transaction, occurrence, or event" that occurred *after* Story filed his Third Amended Complaint as is required to meet his burden for seeking to supplement. *See* FED. R. CIV. P. 15(d). In fact, in prior pleadings, Story conceded that he sat on the knowledge of the report for at least several months. *See* Dkt. 79-1, Declaration p. 3 ¶ 9. As a result, the Second Supplement demonstrates that at least with regard to the investigative report, it does not concern any transaction, occurrence, or event that occurred since the filing of the Third Amended Complaint. The same is true as to Williamson County's purported concerns about the District transitioning to a self-dispatch process. Thus, Story's only potential allegations of a transaction, occurrence, or event occurring since the Third Amended Complaint relate to Chief Weiner's letter and the Board's response, and the District's recent appointment of an interim police chief. But as discussed, even if these allegations did relate to more recent occurrences, they have nothing to do with Story's claims. Accordingly, Story has failed to meet his burden to supplement under Rule 15(d), and his Motion should be denied.

Respectfully submitted,

*/s/ Kathryn E. Long*
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

IBRAHIM N. YASEEN
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

**ATTORNEYS FOR THE ROUND ROCK ISD DEFENDANTS**

### CERTIFICATE OF SERVICE

The undersigned certifies that on June 7, 2024, a true and correct copy of this document has been served upon all parties via the Court's electronic filing system:

| | |
|---|---|
| Warren V. Norred | Stephen D. Casey |
| NORRED LAW, PLLC | CASEY LAW OFFICE, P.C. |
| 515 E. Border St. | P.O. Box 2451 |
| Arlington, TX 76010 | Round Rock, TX 78680 |
| warren@norredlaw.com | stephen@caseylawoffice.us |

*/s/ Kathryn E. Long*
KATHRYN E. LONG

11