UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JEREMY STORY,** § | |
| *Plaintiff* § | |
| § | |
| v. § | No. 1:22-CV-00448-DAE |
| § | |
| **HAFEDH AZAIEZ,** § | |
| **SUPERINTENDENT, ET AL.,** § | |
| *Defendants* § | |

# ORDER

Plaintiff Jeremy Story moved for leave to supplement his Third Amended Complaint (Dkt. 49) pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. Dkt. 79. After Defendants responded opposing to the request, Dkt. 81, Story filed a second motion seeking to supplement his Third Amended Complaint even further, Dkt. 83, which the Defendants likewise opposed, Dkt. 86. The District Judge referred the motions to the undersigned for disposition. After considering the parties' filings, the record, and the applicable law, the Court **DENIES** Plaintiff's motions, Dkts. 79, 83.

## I.     LEGAL STANDARD

Rule 15(d), applicable to supplemental pleadings, provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

1

When determining whether to allow supplementation under Rule 15(d), a court must weigh several factors: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party; and (4) futility. *Middaugh v. InterBank*, No. 6:19-CV-052-H-BU, 2021 WL 1100425, at *11 (N.D. Tex. Mar. 23, 2021); *Mangwiro v. Napolitano*, 939 F. Supp. 2d 639, 648 (N.D. Tex. 2013), *aff'd sub nom. Mangwiro v. Johnson*, 554 F. App'x 255 (5th Cir. 2014). Whether to grant a motion to supplement is within the discretion of the district court. *Haggard v. Bank of Ozarks Inc.*, 668 F.3d 196, 202 (5th Cir. 2012); *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). "While the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide. Rule 15(d) is clear that the court *may* permit a supplemental pleading setting forth changed circumstances." *Burns*, 158 F.3d at 343.

## II. DISCUSSION

Story's motions seek leave to supplement his Third Amended Complaint with 2 declarations, from himself, along with exhibits supporting the representations he makes in his declarations. *See* Dkts. 79-1, 83-1. If granted, the proposed supplement would add a total of 39 pages of material (declarations and exhibits) to his complaint. Story contends these supplemental materials further support his existing claims as described in the complaint and show a pattern of wrongs to overcome qualified immunity.

Among other things, Story's motion seeks to add declaration testimony and exhibits related to:

- Content-based speech discrimination as "favored speech" by other groups, who Story contents were allowed to distribute flyers without going through a preclearance process. For example, he states that "during the case that reversed Roe v. Wade, pro-abortion students and adult activists were allowed to distribute flyers …." Moreover, he contends Defendant Round Rock ISD (RRISD) "allowed yard signs in front of school to promote adoption of the Voter-Approval Tax Rate Election (VATRE)" but did not allow "flyers or speech against the VATRE on school grounds." Dkt. 79-1, at 3-4.

- "[D]igital flyers" RRISD delivers via an online platform related to non-school activities while denying Story the ability to distribute his flyers. *Id.* at 4-5.

- RRISD's regularly allowing "[f]lyers by outside organizations … to be put on cars in the parking lot before football games with no prior superintendent approval." *Id.* at 5.

- RRISD's no longer allowing for public comment on issues outside of the set agenda for school-board meetings. *Id.* at 7.

- Story's being restricted to using a private web form to report police abuses. *Id.*

- The District's dismissing a grievance that Story filed related to alleged First Amendment violations by RRISD. *Id.* at 4.

3

- RRISD's alleged concealing of an independent investigative report condemning the culture and climate of the RRISD police; and the School Board's decision to table discussion regarding the release of the report. Dkt. 83-1, at 3-4.

- The report itself, which Story states outlines the Board's custom and practice of interfering and manipulating police investigations and includes a characterization of the Board as "toxic, very divided, a lot of tension, chaotic, lack of leadership, full off favoritism, no organization, top down, intimidating, disorganized, no two-way communication, a lack of trust, unstable, hostile, full of drama and mentally draining." *Id.* at 3, 13.

- A letter from the Williamson County Judge's Office, Emergency Services Department, the Technology Services Department, and the Williamson County Sheriff's Office expressing their concern with the choice of RRISD to end their relationship with the Sheriff's department in favor of having their own internal dispatching service. *Id.* at 4.

To begin with, many of the additional alleged facts occurred before Story filed his Third Amended Complaint. Such facts do not constitute a "transaction, occurrence, or event" that occurred *after* Story filed his Third Amended Complaint. Fed. R. Civ. P. 15(d). For example, Story alleges that during the "court case that that reversed Roe v. Wade pro-abortion students and activists were allowed to distribute flyers in and around the schools," purportedly without Superintendent authorization. Dkt. 79-1, at 3-4. The Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), which this statement appears to reference, was

4

decided more than a year before Story filed his Third Amended Complaint. As to the other instances regarding outside groups who were able to distribute flyers, Story offers no evidence that these occurrences reflect a transaction, occurrence, or event that occurred after Story filed his Third Amended Complaint.

The Court notes that Story has pleaded and argued content-based speech and that he was personally targeted for his beliefs. In denying his motions to supplement, the Court does not find that he has waived the argument that his speech was treated differently from others. Indeed, he pleads content-based discrimination due to his long-hostile history with RRISD, *see, e.g.,* Dkt. 49, at 37-40, and he is not prohibited from pursuing this theory on the alleged First Amendment wrong. Story has pleaded that the Board asked him to stop distributing flyers and that the preclearance was merely a façade to restrict his speech. *Id.* at 31-35. Story argues that counsel for RRISD did not communicate RRISD's position on Parking Lot distribution until September 19, 2022, three days after the September 16, 2022, homecoming game. *Id.*

The Court recognizes Story's argument that he was personally targeted while others were allegedly allowed to engage in such discourse. For example, in Story's Fourteenth Amendment claim, he asserts that his right to equal protection by treating him differently than she treated other speakers. *Id.* at 49-51. He argues that Defendant's speech policies were employed against Story's disfavored content. *Id.* However, because the new additional allegations in the motion to supplement occurred before Story filed his Third Amended Complaint, they may not be reviewed under Rule 15(d).

5

Story's motion suffers the same timeliness issue with respect to his allegation that the District attempted to conceal the investigative report into the RRISD police Department. The letter Story attaches to his declaration is dated June 13, 2023, several months prior to the Third Amended Complaint. Dkt. 79-1, at 9. But Story waited to make these allegations until April 2, 2024, when he sought out "additional facts" regarding the alleged police report, which he concedes were "common knowledge among the RRISD and its critics." Dkt. 79, at 2. This undue delay and lack of diligence in moving to supplement further supports the Court denying his motions to supplement.

The supplemental allegations are also futile—they are untethered to his current claims pending before the Court, merely seeking to add allegations for every alleged wrong committed by the District, regardless of whether these instances had any impact on Story's asserted claims. *Lewis v. Knuston*, 699 F.2d 230, 239 (5th Cir. 1983) (affirming denial of leave to amend and noting "the district court should consider whether … the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action"). Story attempts to tie out-of-context quotes from the RRISD-police investigative to claims in the Third Amended Complaint. *See* Dkt. 83, at 2. But the Report describes various malpractices by the police department that do not bear on his Fourth and First Amendment claims. As an example, the report evaluated complaints regarding Chief Weiner related to: his process for hiring an allegedly unqualified Behavioral Health Department director; allegedly improper comments

made about police officers; and allegedly improper use of therapy dogs on school campuses. Dkt. 83-1, at 13-15. Story also includes a letter from Chief Weiner to Dr. Azaiez regarding an alleged sexual assault of a student, which allegedly occurred on April 12, 2024. *Id.* at 20-22. None of these claims, however, nor the other allegations in the second supplement, mentions or relates to Story or his claims asserted in this lawsuit or the Defendants' pending motions and partial motions to dismiss. The report summarizing the District's internal investigation into its police department addresses only unrelated issues regarding the culture of the District's police department. The materials bear no factual relevance to Story's claims, rendering his requested supplementation futile.

This case is over two years old and still remains at the pleadings stage. Because the proposed supplements do not meet the standard required by Rule 15(d), and because the proposed supplementations fail to add any additional relevant allegations, the Court denies Story's motions. Concluding otherwise would only further delay the disposition of the claims against Defendants, thereby causing them undue prejudice. *Serafine v. Slayton*, No. A-20-cv-1249-RP, 2021 WL 4442817, at *2 (W.D. Tex. Sept. 27, 2021) (denying motion for leave to supplement because leave to amend had already been granted, second motions to dismiss were pending, and permitting supplement would "unduly delay this case and prejudice Defendants").

### III. ORDER

For the foregoing reasons, the Court **DENIES** Plaintiff's motions to supplement his Third Amended Complaint, Dkts. 79, 83.

7

SIGNED June 25, 2024.

                                              DUSTIN M. HOWELL
                                              UNITED STATES MAGISTRATE JUDGE