AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| Jeremy Story )<br>*Plaintiff* )<br>v. )<br>Superintendent Hafedh Azaiez et al. )<br> )<br>*Defendant* ) | Civil Action No. 1:22-cv-448<br><br>(If the action is pending in another district, state where:<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Office of the Attorney General of Texas, Facilities Security Desk, Price Daniel Building, 209 West 14th Street, Austin, Texas 78701

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto.

| Place: Thompson & Horton LLP<br>8300 N. MoPac Expressway, Suite 220<br>Austin, Texas 78759 | Date and Time:<br>09/16/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

*CLERK OF COURT*

OR

_____        /s/ *Adam Rothey*
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Round Rock Independent School District, et al.                     , who issues or requests this subpoena, are:

Adam Rothey, arothey@thompsonhorton.com, 469-421-6623
Kathryn E. Long, klong@thompsonhorton.com, 972-853-5115
8300 N. MoPac Expressway, Suite 220, Austin, Texas 78759

**Exhibit "1"**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-448

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

Case 1:22-cv-00448-DAE   Document 93-1   Filed 08/09/24   Page 3 of 8

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

**EXHIBIT A TO SUBPOENA**
**TO THE OFFICE OF THE TEXAS ATTORNEY GENERAL**

**Instructions Applicable to Exhibit A**

Any electronic documents responsive to this Subpoena shall be produced in PDF or TIFF image file format, with extracted text (the ASCII text of an electronic document file), and with a load file that identifies, among other things, any parent-child relationship existing between a document and its attachments. If, upon review of a produced document in PDF/TIFF image format, Round Rock Independent School District ("Round Rock ISD" or the "District") determines that the production of the native file (e.g., Microsoft Excel files, Microsoft Access files, and/or other databases and associated files) is necessary because the PDF/TIFF image does not properly capture the contents of the document, the document shall be produced in its native electronic format.

**Definitions Applicable to Exhibit A**

In responding to this Subpoena, the following definitions shall apply, regardless of whether upper or lowercase letters are used:

1. The terms "you," "your," or "Attorney General" shall mean the Office of the Texas Attorney General and all its divisions, as well as its present and former officers, agents, employees, attorneys, representatives, heirs and assigns.

2. The terms "Round Rock ISD" or "District" shall mean the Round Rock Independent School District and its present and former trustees, agents, employees, attorneys, representatives, heirs and assigns.

3. The term "Jeremy Story" shall mean Jeremy Wade Story, whose date of birth is June 20, 1975, whose Texas Driver's License number is 14366798, and whose partial Social Security Number is ***-**-1803.

4. "And" shall mean "and/or."

5. "Communication" or "Communications" shall mean any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: (1) written contact, whether by letter, memoranda, e-mail, telegram, telex, or other document; (2) oral contact, whether by face-to-face meetings, telephone conversations or otherwise; and (3) nonverbal acts intended to communicate or convey any meaning, understanding, or other message.

2

6. "Document" refers to all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, electronic mail, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office Communications, offers, notations of any sort regarding conversations, telephone calls, meetings or other Communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, video or audio recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronically stored information as referenced in the Federal Rules of Civil Procedure. To the extent Documents are produced pursuant to this discovery request, all Documents should be produced without alteration and with any and all exhibits and attachments thereto.

7. "Or" shall mean "and/or."

8. "Reflect," "Reflects," or "Reflecting" shall mean, in addition to its customary and usual meaning, evidencing, showing or recording.

9. "Relate," or "Relates," or "Relating" shall mean, in addition to its customary and usual meaning, discussing, referring to, pertaining, reflecting, showing, or recording.

10. If any document or communication has been destroyed, the Attorney General is requested to designate a person or persons to detail the circumstances of and reasons for such destruction and to produce all documents which relate to either the circumstances of, or reasons for, such destruction.

11. Confidential information, such as Jeremy Story's Social Security number, driver's license number, and date of birth are not requested and may be redacted. Other information the Attorney General believes is confidential may be designated "Confidential."

12. Any documents or communications withheld on a claim of privilege must be preserved. If any documents or communications are withheld or other information is withheld pursuant to a claim of privilege or subject to protection as trial-preparation material, you shall:

    a. expressly state the privilege, privileges, or other protection asserted; and

    b. describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

13. Unless otherwise indicated, these document requests cover the time period beginning May 1, 2021, and continuing thereafter.

## Documents Requested from the Office of the Texas Attorney General

1. All documents and communications created, received, sent, or maintained by the Attorney General referring or relating to requests for public information by Jeremy Story.

2. All documents and communications provided to Jeremy Story by the Attorney General in response to requests for public information by Jeremy Story.

3. All communications (and related documents) between the Attorney General and Jeremy Story referring or relating to Round Rock ISD.

4. All communications (and related documents) between the Attorney General and Jeremy Story referring or relating to Round Rock ISD Superintendent Dr. Hafedh Azaiez.

5. All communications (and related documents) between the Attorney General and Jeremy Story referring or relating to any current or former Round Rock ISD Board Trustee (including Amber Feller Landrum, Amy Weir, Tiffanie Harrison, Jun Xiao, Cory Vessa, Mary Bone, and Danielle Weston).

6. All communications (and related documents) between the Attorney General and Jeremy Story referring or relating to any current or former Round Rock ISD employee (including former Round Rock ISD Area Superintendent Dr. Carla Amacher, and Round Rock ISD Police Department employees, such as former Chief Jeffrey Yarbrough, former Chief Dennis Weiner, former Assistant Chief James Williby, Interim Chief Lauren Griffith, Detective Ron Cole, and Officers Frank Pontillo, Milton Pope, and Connie Garza).

7. All documents and communications created, received, sent, or maintained by the Attorney General referring or relating to complaints by Jeremy Story against Round Rock ISD.

8. All documents and communications created, received, sent, or maintained by the Attorney General referring or relating to complaints by Jeremy Story against Dr. Hafedh Azaiez.

9. All documents and communications created, received, sent, or maintained by the Attorney General referring or relating to complaints by Jeremy Story against any current or former Round Rock ISD Board Trustee (including those listed in Request No. 5 above).

10. All documents and communications created, received, sent, or maintained by the Attorney General referring or relating to complaints by Jeremy Story against any current or former Round Rock ISD employee (including those listed in Request No. 6 above).

11. All documents and communications created, received, sent, or maintained by the Attorney General referring or relating to complaints by anyone other than Jeremy Story against Round Rock ISD, Dr. Hafedh Azaiez, any current or former Round Rock ISD Board Trustee (including those identified in Request No. 5 above), or any current or former Round Rock ISD employee (including those identified in Request No. 6 above), regarding the District's treatment of Jeremy Story at the August 16, 2021, meeting of the District's Board of Trustees.

12. All documents and communications created, received, sent, or maintained by the Attorney General referring or relating to complaints by anyone other than Jeremy Story against Round Rock ISD, Dr. Hafedh Azaiez, any current or former Round Rock ISD Board Trustee (including those identified in Request No. 5 above), or any current or former Round Rock ISD employee (including those identified in Request No. 6 above), regarding the District's treatment of Jeremy Story at the September 14, 2021, meeting of the District's Board of Trustees.

13. All documents and communications created, received, sent, or maintained by the Attorney General referring or relating to complaints by anyone other than Jeremy Story against Round Rock ISD, Dr. Hafedh Azaiez, any current or former Round Rock ISD Board Trustee (including those identified in Request No. 5 above), or any current or former Round Rock ISD employee (including those identified in Request No. 6 above), regarding Jeremy Story's efforts to distribute campaign materials on or about September 16, 2022 at the Round Rock High School Homecoming football game.

14. All communications between the Attorney General and anyone at Williamson County or any of its affiliated agencies, departments, divisions, courts, or offices (including the Williamson County Attorney's Office, the Williamson County Commissioner's Court, the Williamson County Sheriff's Department, or the Williamson County Jail) referring or relating to Jeremy Story or complaints by Jeremy Story against Round Rock ISD, Dr. Hafedh Azaiez, any current or former Round Rock ISD Board Trustee (including those listed in Request No. 5 above), or any current or former Round Rock ISD employee (including those listed in Request No. 6 above).

15. All documents and communications created, received, sent, or maintained by the Attorney General referring or relating to Jeremy Story's arrest by the Williamson County Sheriff's Department on or about September 17, 2021.