IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS − AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERINTENDENT HAFEDH AZAIEZ, | § | CIVIL ACTION NO. |
| TRUSTEES AMBER FELLER, TIFFANIE | § | 1:22-cv-00448-DAE |
| HARRISON, AMY WEIR, JUN XIAO, CORY | § | |
| VESSA; OFFICERS JEFFREY YARBROUGH, | § | |
| JAMES WILLIBY, DEBORAH GRIFFITH, | § | |
| MILTON POPE, FRANK PONTILLO, RON | § | |
| COLE, CHIEF DENNIS WEINER, and CARLA | § | |
| AMACHER, individually, and ROUND ROCK | § | |
| INDEP. SCHOOL DISTRICT, | § | |
| | § | |
| *Defendants.* | § | |

---

## JOINT MOTION TO EXTEND
## DISCOVERY AND DISPOSITIVE MOTION DEADLINES

---

**NORRED LAW, PLLC**

**WARREN G. NORRED**
State Bar No. 24045094
wnorred@norredlaw.com

**SOLOMON G. NORRED**
State Bar No. 24138007
sgn@norredlaw.com

515 East Boarder Street
Arlington, Texas 76010
(817) 704-3984 – Telephone
(817) 524-6686 – Facsimile

**ATTORNEYS FOR PLAINTIFF**

**THOMPSON & HORTON LLP**

**KATHRYN E. LONG**
State Bar No.24041679
klong@thompsonhorton.com

**K. ADAM ROTHEY**
State Bar No. 24051274
arothey@thompsonhorton.com

**IBRAHIM N. YASEEN**
State Bar No. 24137674
iyaseen@thompsonhorton.com

500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

**ATTORNEYS FOR DEFENDANTS**

## SUMMARY OF ARGUMENT

Plaintiff Jeremy Story and the Defendants (together, the "Parties") jointly move the Court to extend the discovery and dispositive motion deadlines in the Scheduling Order, Dkt. 65, by three months. Good cause exists to grant this Motion. Since the court entered the Scheduling Order, Story and the Defendants have worked diligently to comply with the Scheduling Order, while also expending significant effort to brief dismissal arguments on the many claims against the many defendants in this lawsuit. The prolonged pleadings stage has left the Parties with only a few months to conduct further discovery and file dispositive motions as to the number of remaining claims and defendants.

Extensions of the discovery and dispositive motion deadlines are paramount to the Parties' ability to fully develop their claims and defenses and assist the Court with disposition of the case. Extension of the discovery deadline will ensure sufficient time for the Parties to timely conduct sufficient discovery to support their claims and defenses and the future filing of any dispositive motions. The extension of the dispositive motion deadlines will allow the Parties sufficient time to fine-tune any arguments to be asserted therein and conduct discovery in support thereof. This joint request will also not prejudice any party or impact any other deadlines in the Scheduling Order other than the deadlines this Motion seeks to extend. Therefore, the Parties jointly request, with good cause, three-month extensions of the discovery completion deadline from January 31, 2025, to April 30, 2025, and of the dispositive motion deadline from March 31, 2025, to June 30, 2025.

## RELEVANT PROCEDURAL HISTORY

On May 11, 2022, Story filed his Verified Original Complaint and Application for Preliminary Injunctive Relief. *See* Dkt. 1. In response to motions to dismiss filed by the Defendants on July 18, 2022, Story filed his First Amended Complaint and Application for Preliminary Injunctive Relief on August 22, 2022. *See* Dkts. 15–17, 20. On July 26, 2023, the Court entered its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, while granting Story leave to amend and

explaining that the Court would "revisit the application of qualified immunity at the summary judgment stage on a complete record." *See* Dkt. 43, p. 43; *see also* Dkts. 25–27. Story then filed his Second Amended Complaint on August 25, 2023, asserting new claims against Trustees Amy Weir and Amber Feller Landrum, and new claims against several new defendants allegedly arising out of a September 2022 incident in the Round Rock High School parking lot during the homecoming game. *See* Dkt. 44. Thereafter, on October 5, 2023, Story filed his Third Amended Complaint. Dkt. 49.

On October 27, 2023, Defendants Round Rock Independent School District ("RRISD" or the "District"), District Trustees Landrum, Weir, and Tiffanie Harrison, and former Trustees Jun Xiao and Cory Vessa (the "Trustee Defendants"), Superintendent Dr. Hafedh Azaiez, former District Police Chief Jeffrey Yarbrough, and former District Assistant Police Chief James Williby filed Motions to Dismiss or Partially Dismiss the Third Amended Complaint. Dkts. 51–53. In those motions, the individual defendants asserted defenses of qualified immunity. *See* Dkts. 51–53. Briefing on these motions concluded in November 2022. *See* Dkts. 58–60. Story eventually obtained service for Chief Dennis Weiner, Detective Ron Cole, and Dr. Carla Amacher (the "Homecoming Defendants"), newly-named in the Second and Third Amended Complaints, in February and March 2024. On February 15, 2024, the Court entered the Scheduling Order. *See* Dkt. 65. On April 2, 2024, the Homecoming Defendants filed their Motion to Dismiss Jeremy Story's Third Amended Complaint, asserting qualified immunity defenses, among others. *See* Dkt. 74. Story filed his response to the Homecoming Defendants' Motion to Dismiss on April 16, 2024, and briefing concluded on that motion on April 23, 2024. *See* Dkts. 78, 80.

On April 16, 2024, Story filed a Motion for Leave to File Supplement and concurrently filed his response to the Homecoming Defendants' Motion to Dismiss. *See* Dkts. 78–79. The Defendants filed their response to that motion for leave to file supplement on April 30, 2024. *See* Dkt. 81. Story then filed his Second Motion for Leave to File Second Supplement and Second Supplement on May

24, 2024, and the Defendants filed their response thereto on June 7, 2024. *See* Dkts. 83, 83-1, 86. Briefing on the second motion for leave concluded on June 14, 2024. *See* Dkt. 89. On June 17, 2024, the Court referred briefing on both motions to supplement to Magistrate Judge Dustin M. Howell, who denied Story's motions on June 25, 2024. *See* Dkt. 91.

After the Parties' diligent efforts to plead their respective positions, and comply with the Scheduling Order, on July 19, 2024, the Court entered its Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (the "Order"). *See* Dkt. 92. In the Order, the Court identified Story's viable claims and again explained that "the qualified immunity issue will be considered on a full evidentiary record either at the summary judgment stage or at trial." *See* Dkt. 92, p. 54. With the Order bringing the pleading stage to a close, the Parties have just over eight months under the Scheduling Order to conduct all discovery and draft and file all dispositive motions in what remains a multidefendant lawsuit with dozens of claims. *See* Dkts. 65, 92.

## ARGUMENT AND AUTHORITIES

### I.     Standard for modifying existing scheduling orders under Rule 16(b)(4).

Under the Federal Rules of Civil Procedure, the Court has broad discretion to extend or modify existing scheduling order deadlines for good cause. *See* FED. R. CIV. P. 16(b)(4). To satisfy the good cause standard, the "party seeking relief [must] show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003); *Valcho v. Dall. County. Hosp. Dist.*, 658 F. Supp. 2d 802, 814 (N.D. Tex. 2009). ("To meet the good cause standard, the party must show that, despite h[is] diligence, []he could not have met the scheduling order deadline."). Therefore, parties seeking modification of a scheduling order must show that, despite diligent action, they will still be unable to meet the deadline sought to be extended. See *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). Courts consider the following four factors to

determine whether good cause exists: (1) the justification for extension; (2) the importance of the extension to the moving party; (3) prejudice to the nonmovant; and (4) the availability of a continuance to cure any such prejudice. *See e.g., Million v. Exxon Mobil Corp.*, 837 Fed. Appx. 263, 266 (5th Cir. 2020); *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

II.     **Despite their diligent efforts to comply with the Scheduling Order, extended briefing regarding the numerous claims and defendants, including assertions of qualified immunity, has left the Parties without the ability to satisfy the remaining discovery and dispositive motions deadlines.**

Since the Court entered the Scheduling Order, the Parties have diligently and in good faith attempted to satisfy the discovery and dispositive motions deadlines under the Scheduling Order, Dkt. 65. As of the date of this filing, the Parties have served their initial disclosures, the Defendants have served on Story a set of discovery requests to which he has responded, the Defendants have served third party discovery requests on the Texas Attorney General, and Story has also engaged in his third-party discovery efforts. The Parties have also served their attorney fee expert designations. However, despite the Parties' efforts to satisfy the deadlines in the Scheduling Order, the amendments and supplements to the Complaint required the Parties to devote substantial time to resolve the issues raised therein and obtain clarification from the Court about Story's viable claims and the Defendants' viable qualified immunity defenses. *See* Dkts. 74, 78–80, 83, 83-1, 86, 89, 91–92.

Of particular relevance, in February and March 2024, Story served or obtained service for the Homecoming Defendants, who were named in the Second and Third Amended Complaints. *See* Dkts.44, 49. In response, the Homecoming Defendants moved to dismiss the Third Amended Complaint on qualified immunity grounds, and briefing concluded on that motion on April 23, 2024. *See* Dkt. 74. Additionally, on April 16, 2024, and May 24, 2024, Story twice sought leave to file a supplement to overcome the qualified immunity defenses asserted by the Defendants. *See* Dkts. 79, 83, 83-1. The Defendants filed responses to both motions, and briefing concluded on both of Story's efforts to supplement on June 14, 2024. *See* Dkts. 81, 86.

During this lengthy pleadings stage, the Parties sought further guidance from the Court regarding the viability of the asserted defenses of qualified immunity because a pending assertion of qualified immunity also protects against related discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684-686 (2009) (recognizing that qualified immunity protects governments officials against related discovery); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) to explain that discovery should not be allowed until the threshold question of qualified immunity is resolved); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1131 (5th Cir. 2024) (explaining that parties asserting qualified immunity "are immune from discovery that is 'avoidable or overly broad'"); *Carswell v. Camp*, 54 F. 4th 307, 311 (5th Cir. 2022) (explaining that "one of the most important benefits of the qualified immunity defense is 'protection from pretrial discovery, which is costly, time-consuming, and intrusive'"). Proceeding with discovery on claims where qualified immunity might later be upheld would violate the very protection the doctrine affords. *See Siegert*, 500 U.S. at 232; *Forsyth*, 472 U.S. at 526; *Asante-Chioke*, 103 F.4th at 1131. With this principle in mind and while working diligently to comply with the Scheduling Order's deadlines, the pleadings stage served to clarify which claims may proceed to discovery and which defenses protected against it. *See Iqbal*, 556 U.S. at 684-686; *Asante-Chioke*, 103 F.4th at 1131; *Carswell*, 54 F. 4th at 311;.

Given the significant time spent addressing these intricacies, the breadth of this case, the Parties' diligent efforts to comply thus far with the Scheduling Order, and the short period between the close of the pleadings stage and relevant deadlines, an extension is necessary to allow the Parties time to meet the discovery and dispositive motion deadlines. *See e.g., Mendez v. Joeris Gen. Contractors, Ltd.*, No. SA-12-CA-0608-XR, 2013 WL 5441775, at *3 (W.D. Tex. Sept. 27, 2013) (finding good cause to amend the scheduling order when extension was important to moving party, would not

prejudice nonmoving party, and no continuance was required); *C.R. v. Am. Inst. for Foreign Study, Inc.*, No. SA-12-CA-1046-XR, 2013 WL 5157699, at *7 (W.D. Tex. Sept. 12, 2013) (finding good cause to amend the scheduling order when extension was important to the moving party and did not prejudice nonmoving party). The Parties' request for extensions of the discovery and dispositive deadlines is not a result of the Parties' failure to diligently prosecute their cases. Instead, it comes from a combination of the unique breadth of this lawsuit, the Parties' diligent efforts to adequately plead their claims and defenses, and the rather brief period the Parties have had to ascertain the claims actually advancing to discovery, designate their expert witnesses, and file dispositive motions.

### III.    The Motion should be granted because it is supported by good cause.

This Motion to secure extensions of the discovery, and dispositive motion deadlines is supported by good cause. Here, the Parties have thoroughly briefed their respective claims and defenses, while making good faith efforts to comply with the deadlines set forth in the Scheduling Order. *See* Dkts. 74, 78–81, 83, 83-1, 86. As described above, despite their best efforts to comply, the Parties remain unlikely to meet the remaining discovery and dispositive motion deadlines without the requested three month extension. Because this joint request will serve all sides by providing the opportunity to adequately develop their arguments, the Court's granting of the Motion will not prejudice any party. All parties agree that they will require additional time to complete tasks, such as conducting depositions, serving further written discovery, and preparing any dispositive motions to be filed. Further, because the Parties bring this Motion jointly, no party would be prejudiced, and no trial or other continuance is necessary to remedy any potential prejudice. *See* e.g., *Million v. Exxon Mobil Corp.*, 837 Fed. Appx. 263, 266 (5th Cir. 2020); *Filgueira*, 734 F.3d at 422. Accordingly, the Parties have demonstrated good cause to support the requested extensions, and request that the Motion be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff Jeremy Story and all Defendants respectfully request that this Court modify the Scheduling Order and extend the discovery completion deadline to April 30, 2025, and the dispositive motion filing deadline to June 30, 2025.

Respectfully submitted,

| | |
|---|---|
| */s/ Adam Rothey* | */s/Warren V./ Norred* |
| KATHRYN E. LONG | WARREN V. NORRED |
| State Bar No. 24041679 | State Bar No. 24045094 |
| klong@thompsonhorton.com | wnorred@norredlaw.com |
| | |
| K. ADAM ROTHEY | SOLOMON G. NORRED |
| State Bar No. 24051274 | State Bar No. 24138007 |
| arothey@thompsonhorton.com | sgn@norredlaw.com |
| | |
| IBRAHIM YASEEN | **NORRED LAW, PLLC** |
| State Bar No. 24137674 | 515 East Border Street |
| iyaseen@thompsonhorton.com | Arlington, Texas 76010 |
| | (817) 704-3984 |
| **THOMPSON & HORTON LLP** | (817) 524-6686 |
| 500 North Akard Street, Suite 3150 | |
| Dallas, Texas 75201 | **ATTORNEYS FOR PLAINTIFF** |
| (972) 853-5115 – Telephone | |
| (713) 583-8884 – Facsimile | |
| | |
| **ATTORNEYS FOR DEFENDANTS** | |

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he conferred with Plaintiff Jeremy Story's counsel, Warren Norred, via email on September 10, 2024 and again on September 18, 2024, regarding the relief requested in this Joint Motion. Mr. Norred indicated that Mr. Story joins in the Motion and in the request for the relief being sought.

/s/  *Adam Rothey*
K. ADAM ROTHEY

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 18, 2024, a true and correct copy of this document has been served upon all parties via the Court's electronic filing system:

Warren V. Norred
Solomon G. Norred
NORRED LAW, PLLC
515 E. Border St.
Arlington, TX 76010
wnorred@norredlaw.com

Stephen D. Casey
CASEY LAW OFFICE, P.C.
P.O. Box 2451
Round Rock, Texas 78680
stephen@caseylawoffice.us

/s/  *Adam Rothey*
K. ADAM ROTHEY