UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERINTENDENT HAFEDH AZAIEZ, | § | |
| TRUSTEES AMBER FELLER, TIFFANIE | § | |
| HARRISON, AMY WEIR, JUN XIAO, | § | CIVIL ACTION NO. 1:22-cv-00448-DAE |
| CORY VESSA; OFFICERS JEFFREY | § | |
| YARBROUGH, JAMES WILLIBY, | § | |
| DEBORAH GRIFFITH, MILTON POPE, | § | |
| FRANK PONTILLO, RON COLE, CHIEF | § | |
| DENNIS WEINER, and CARLA | § | |
| AMACHER, individually, and ROUND | § | |
| ROCK INDEP. SCHOOL DISTRICT, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT ROUND ROCK INDEPENDENT SCHOOL DISTRICT'S
NOTICE OF SUBPOENA TO THIRD PARTY
WILLIAMSON COUNTY, TEXAS**

Please take notice that, in accordance with Rules 34 and 45 of the Federal Rules of Civil Procedure, Defendant Round Rock Independent School District intends to serve a subpoena to produce documents and/or tangible items on Williamson County, Texas. A copy of the subpoena is attached hereto as Exhibit "1." The subpoena will require production, inspection and copying to take place at the office of Thompson & Horton, 8300 N. MoPac Expressway, Suite 220, Austin, Texas 78759 on or before November 1, 2024, and continuing until the inspection and copying is completed. All parties and their attorneys are invited to inspect and copy the documents produced at a time mutually convenient to the parties. The subpoena will be served upon Williamson County, Texas, through its counsel Gunnar Seaquist, Bickerstaff Heath Delgado Acosta LLP, 1601 South MoPac Expressway, Suite C400, Austin, Texas 78746 on October 1, 2024.

Dated: September 27, 2024

Respectfully submitted,

*/s/ Adam Rothey*
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

IBRAHIM N. YASEEN
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 25, 2024, a true and correct copy of this document has been served upon all parties via the Court's electronic filing system:

Warren V. Norred
warren@norredlaw.com
Solomon G. Norred
sgn@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, TX 76010

Stephen D. Casey
CASEY LAW OFFICE, P.C.
P.O. Box 2451
Round Rock, TX 78680
stephen@caseylawoffice.us

*/s/ Adam Rothey*
K. ADAM ROTHEY

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Western District of Texas

| | |
|---|---|
| Jeremy Story | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:22-cv-448-DAE |
| Superintendent Hafedh Azaiez et al. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | )                                                          ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Williamson County, Texas, c/o Gunnar Seaquist, Bickerstaff Heath Delgado Acosta LLP, 1601 South MoPac
Expressway, Suite C400, Austin, Texas 78746

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: See Exhibit A, attached hereto.

| Place:   Thompson & Horton LLP | Date and Time: |
|---|---|
| 8300 N. MoPac Expressway, Suite 220 Austin, Texas 78759 | 11/01/2024 10:00 am |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date: _____

*CLERK OF COURT*

OR

_____                    */s/ Adam Rothey*
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Round Rock Independent School District, et al.                                                    , who issues or requests this subpoena, are:
Kathryn E. Long, klong@thompsonhorton.com, 972-853-5115
K. Adam Rothey, arothey@thompsonhorton.com. 972-853-5115
500 North Akard Street, Suite 3150, Dallas, Texas 75201

## Exhibit "1"

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:22-cv-448-DAE

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

## EXHIBIT A TO SUBPOENA TO
## WILLIAMSON COUNTY, TEXAS

### <u>Instructions Applicable to Exhibit A</u>

Any electronic documents responsive to this Subpoena shall be produced in PDF or TIFF image file format, with extracted text (the ASCII text of an electronic document file), and with a load file that identifies, among other things, any parent-child relationship existing between a document and its attachments. If, upon review of a produced document in PDF/TIFF image format, Round Rock Independent School District ("Round Rock ISD" or the "District") determines that the production of the native file (e.g., Microsoft Excel files, Microsoft Access files, and/or other databases and associated files) is necessary because the PDF/TIFF image does not properly capture the contents of the document, the document shall be produced in its native electronic format.

### <u>Definitions Applicable to Exhibit A</u>

In responding to this Subpoena, the following definitions shall apply, regardless of whether upper or lowercase letters are used:

1.    The term "Williamson County" shall mean Williamson County, Texas and all its departments, offices, and divisions—including but not limited to the Williamson County Judge, Williamson County Commissioners Court, Williamson County Attorney, Williamson County Magistrate's Office, and Williamson County Sheriff—as well as all its present and former agents, employees, attorneys, representatives, heirs and assigns.

2.    The term "Williamson County Attorney" shall mean the Williamson County Attorney's Office and all its divisions, as well as all its present and former agents, employees, attorneys, representatives, heirs and assigns.

3.    The terms "Williamson County Magistrate" or "Williamson County Magistrate Judge Alexandra Gauthier" shall mean the Williamson County Magistrate's Office and its present and former judges, agents, employees, attorneys, representatives, heirs and assigns.

4.    The term "Williamson County Sheriff" shall mean the Williamson County Sheriff's Office and its present and former officers, agents, employees, attorneys, representatives, heirs and assigns.

5.    The term "Williamson County Judge" shall mean the Williamson County Judge of the Williamson County Commissioner's Court and its present and former judges, agents, employees, attorneys, representatives, heirs and assigns.

6.    The term "Round Rock ISD" or "District" shall mean the Round Rock Independent School District and its present and former trustees, agents, employees, attorneys, representatives, heirs and assigns.

7.    The terms "Jeremy Story" or "Story" shall mean Jeremy Wade Story, whose date of birth is ████████, whose Texas Driver's License number is ████████, and whose partial Social Security Number is ████████.

8.    The terms "Dustin Clark" or "Clark" shall mean Dustin Kansas Clark, whose date of birth is ████████, and whose Texas Driver's License number is ████████.

9.    The term "Jail" shall mean the Williamson County Jail and its present and former officers, agents, employees, attorneys, representatives, heirs and assigns.

10.    "And" shall mean "and/or."

11.    "Communication" or "Communications" shall mean any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: (1) written contact, whether by letter, memoranda, e-mail, telegram, telex, or other document; (2) oral contact, whether by face-to-face meetings, telephone conversations or otherwise; and (3) nonverbal acts intended to communicate or convey any meaning, understanding, or other message.

12.    "Document" refers to all writings of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, memoranda, notes, diaries statistics, letters, electronic mail, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office Communications, offers, notations of any sort regarding conversations, telephone calls, meetings or other Communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. The term "Document" expressly includes electronically stored information as referenced in the Federal Rules of Civil Procedure. To the extent Documents are produced pursuant to this discovery request, all Documents should be produced without alteration and with any and all exhibits and attachments thereto.

13.    "Or" shall mean "and/or."

14.    "Reflect," "Reflects," or "Reflecting" shall mean, in addition to its customary and usual meaning, evidencing, showing or recording.

15.    "Relate," or "Relates," or "Relating" shall mean, in addition to its customary and usual meaning, discussing, referring to, pertaining, reflecting, showing, or recording.

16.    If any document or communication has been destroyed, you are requested to designate

a person or persons to detail the circumstances of and reasons for such destruction and to produce all documents which relate to either the circumstances of, or reasons for, such destruction.

17.     Confidential information, such as Jeremy Story's or Dustin Clark's Social Security Numbers, driver's license number, and dates of birth are not requested and may be redacted. Other information that you believe is confidential may be designated "Confidential."

18.     Any documents or communications withheld on a claim of privilege must be preserved. If any documents or communications are withheld or other information is withheld pursuant to a claim of privilege or subject to protection as trial-preparation material, you shall:

> a.     expressly state the privilege, privileges, or other protection asserted; and
>
> b.     describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

19.     Unless otherwise indicated, these document requests cover the time period beginning May 1, 2021, and continuing thereafter.

## DOCUMENTS REQUESTED

1.    Documents and communications related to the warrant applications for the arrests of Jeremy Story and Dustin Clark submitted on or about September 17, 2021.

2.    Documents and communications related to the issuance of the warrants for arrests of Jeremy Story and Dustin Clark by Williamson County Magistrate Judge Alexandra Gauthier on or about September 17, 2021.

3.    Documents related to the prosecutions of Jeremy Story and Dustin Clark by the Williamson County Attorney for violations of Texas Penal Code Section 38.13, Hindering Proceedings by Disorderly Conduct, including:

      a.    Pleadings filed in the cases against Jeremy Story and Dustin Clark;

      b.    Any discovery exchanged between the Williamson County Attorney and Jeremy Story or Dustin Clark;

      c.    Evidence gathered by the Williamson County Attorney in support of the prosecutions of Jeremy Story or Dustin Clark; and

      d.    Communications between the Williamson County Attorney and counsel for Jeremy Story or Dustin Clark.

4.    Documents related to the disposition of the Williamson County Attorney's prosecutions of Jeremy Story and Dustin Clark.

5.    Data showing the number of prosecutions by the Williamson County Attorney for violations of Texas Penal Code Section 38.13, Hindering Proceedings by Disorderly Conduct in the ten years immediately preceding Story's prosecution.

6.    Data showing the disposition of all prosecutions by the Williamson County Attorney for violations of Texas Penal Code Section 38.13, Hindering Proceedings by Disorderly Conduct in the ten years immediately preceding Story's prosecution.

7.    Documents and communications related to the arrests and detentions of Jeremy Story and Dustin Clark by the Williamson County Sheriff on or about September 17, 2021, including communications with the Williamson County Magistrate, the Williamson County Judge, or any other Williamson County employee or official.

8.    Documents and communications related to booking Jeremy Story and Dustin Clark in the Williamson County Jail on or about September 17, 2021, including any issuance of bail/bond, booking protocols (including COVID-19 booking protocols) of the Jail, and their release from Jail.

9.    Video or audio recordings related to the arrests or detentions of Jeremy Story and Dustin Clark on or about September 17, 2021, including bodycam footage.

10.     COVID-19 policies or procedures regarding jailing/booking in effect at the time of the arrests of Jeremy Story and Dustin Clark on or about September 17, 2021.

11.     Data showing the number of arrests made by the Williamson County Sheriff for violations of Texas Penal Code Section 38.13, Hindering Proceedings by Disorderly Conduct in the ten years immediately preceding Story's arrest on or about September 17, 2021.

12.     Documents and communications evidencing or relating to any complaints, reports, grievances, or requests for public information by Jeremy Story or Dustin Clark to Williamson County regarding their arrests or detentions on or about September 17, 2021, or their treatment by Round Rock ISD, including:

       a.     Story's complaint to John McKinney at the Williamson County Attorney's Office on or about August 18, 2021, and any subsequent investigation; and

       b.     Story's report to the Williamson County Sheriff on August 18, 2021, and any subsequent investigation.

13.     Communications between Williamson County employees or officials regarding Jeremy Story or Dustin Clark and their complaints against Round Rock ISD, as well as related documents.

14.     Text or other communications between the Williamson County Judge and anyone at Round Rock ISD related to Jeremy Story or Dustin Clark.

15.     Communications between anyone at Williamson County and Round Rock ISD Trustees Danielle Weston or Mary Bone regarding Jeremy Story or Dustin Clark.

16.     Documents and communications evidencing or reflecting all requests for public information by Jeremy Story or Dustin Clark to Williamson County, including all documents and communications Williamson County produced or sent to Story or Clark in response to those public information requests.