IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
(WACO DIVISION)

| | |
|---|---|
| JEREMY STORY,<br><br>              *Plaintiff*,<br><br>v.<br><br>SUPERINTENDENT HAFEDH AZAIEZ, et al.<br><br>              *Defendants.* | Case No. 1:22-cv-00448-DAE |

### UNOPPOSED MOTION TO EXTEND SCHEDULING ORDER DEADLINES

Plaintiff Jeremy Story hereby files this unopposed motion to extend the discovery and dispostive motion deadline, originally outlined, Dkt. 65, and extended by this Court, Dkt. 96, for thirty (30) days, and for good cause would show this Court:

### Summary of Motion

On March 31, 2025, he changed counsel and designated Stephen Casey as his lead counsel. Former lead counsel Norred Law had been managing the case and Stephen Casey, while noticed as local counsel to this District, had not been involved in litigation. It is more efficient to have Mr. Casey locally as lead counsel and needs sufficient time to review the relevant pleadings and assess the case to complete the initial discovery. Extending those two deadlines will not materially affect the other deadlines in the case. This motion is unopposed by Defendants' counsel.

### Relevant Procedural History

On May 11, 2022, Story filed his Verified Original Complaint and Application for Preliminary Injunctive Relief. *See* Dkt. 1. In response to motions to dismiss filed by the Defendants on July 18, 2022, Story filed his First Amended Complaint and Application for Preliminary Injunctive Relief on August 22, 2022. *See* Dkts. 15–17, 20. On July 26, 2023, the Court entered its

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, while granting Story leave to amend and explaining that the Court would "revisit the application of qualified immunity at the summary judgment stage on a complete record." *See* Dkt. 43, p. 43; *see also* Dkts. 25–27. Story then filed his Second Amended Complaint on August 25, 2023, asserting new claims against Trustees Amy Weir and Amber Feller Landrum, and new claims against several new defendants allegedly arising out of a September 2022 incident in the Round Rock High School parking lot during the homecoming game. *See* Dkt. 44. Thereafter, on October 5, 2023, Story filed his Third Amended Complaint. Dkt. 49.

After complete briefing on Defendants' various Motions to Dismiss involving qualified immunity and other defenses, briefing concluded on April 23, 2024. *See* Dkts. 78, 80. Following this was as briefing on Story's leave to supplement his pleadings, which were referred to Magistrate Judge Howell, who denied the motions. *See* Dkt. 91.

The order and pleadings stage is closed. Undersigned counsel has the bandwidth to process this case expeditiously, and has contacted opposing counsel, who is not unopposed to this thirty-day extension to permit new lead counsel to direct the litigation.

## Arguments and Authorities

Under the Federal Rules of Civil Procedure, the Court has broad discretion to extend or modify existing scheduling order deadlines for good cause. *See* FED. R. CIV. P. 16(b)(4). To satisfy the good cause standard, the "party seeking relief [must] show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003); *Valcho v. Dall. County. Hosp. Dist.*, 658 F. Supp. 2d 802, 814 (N.D. Tex. 2009). ("To meet the good cause standard, the party must show that, despite h[is] diligence, []he could not reasonably have met the scheduling order deadline."). Therefore, parties seeking modification of a scheduling order must show that, despite

diligent action, they will still be unable to meet the deadline sought to be extended. See *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). Courts consider the following four factors to determine whether good cause exists: (1) the justification for extension; (2) the importance of the extension to the moving party; (3) prejudice to the nonmovant; and (4) the availability of a continuance to cure any such prejudice. See e.g., Million v. Exxon Mobil Corp., 837 Fed. Appx. 263, 266 (5th Cir. 2020); Filgueira v. U.S. Bank Nat. Ass'n, 734 F.3d 420, 422 (5th Cir. 2013).

The extension is justified because of the change in lead counsel. Given the shift in counsel, undersigned counsel needs a brief period to get up to speed on the case and send out discovery. The discovery is important to the case so that it gets resolved on the merits. In discussions with former lead counsel, Plaintiff made a career change and relocated his family across the months across the November though January months, making coordination in the litigation difficult; as a result, this extension is important to recognize the real-world effects of these changes on Plaintiff.

There are no current trial deadlines, and this motion is not opposed by Defendants; thus, the case should not require a continuance as there is no real prejudice to the parties. Thus, Plaintiff prays that for good cause shown this Court grant his unopposed motion to extend the discovery deadline to May 31, 2025, and the dispositive motion deadline to July 31, 2025.

Respectfully submitted,

CASEY LAW OFFICE, P.C.
By:/s/ *Stephen Casey*
Stephen Casey
Texas Bar No. 24065015
stephen@caseylawoffice.us
P.O. Box 2451
Round Rock, TX 78680
P: 512-257-1324
F: 512-853-4098

*Attorney for Plaintiff Jeremy Story*

### CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2025, a true and correct copy of the foregoing *Plaintiff's Notice of Lead Attorney Designation* was served via the court's electronic filing system on all parties seeking service.

<u>*/s/ Stephen Casey*</u>
Stephen Casey