IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS − AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY,<br><br>    *Plaintiffs*,<br><br>v.<br><br>SUPERINTENDENT HAFEDH AZAIEZ,<br>TRUSTEES AMBER FELLER, TIFFANIE<br>HARRISON, AMY WEIR, JUN XIAO, CORY<br>VESSA; OFFICERS JEFFREY YARBROUGH,<br>JAMES WILLIBY, DEBORAH GRIFFITH,<br>MILTON POPE, FRANK PONTILLO, RON<br>COLE, CHIEF DENNIS WEINER, and CARLA<br>AMACHER, individually, and ROUND ROCK<br>INDEP. SCHOOL DISTRICT,<br><br>    *Defendants*. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br>1:22-cv-00448-DAE |

## JOINT MOTION TO EXTEND MEDIATION DEADLINE

### SUMMARY OF MOTION

On March 31, 2025, Plaintiff filed a notice designating Stephen Casey as lead counsel in his case. Prior to that time, Plaintiff's lead counsel had been Warren Norred. Defendants' counsel had been communicating with Mr. Norred about scheduling a mediation in this case prior to the current April 18, 2025 mediation deadline. Unfortunately, Defendants' counsel could not secure available mediation dates from Mr. Norred prior to Mr. Casey's designation as lead counsel. Now that Plaintiff has switched his designation of lead counsel to Mr. Casey, the parties will need additional time to allow Mr. Casey to get up to speed on the case and secure a mutually-agreeable mediation date. The Court recently granted Plaintiff's motion to extend the discovery deadline to May 31, 2025, and the dispositive motion deadline to July 31, 2025. The parties now jointly ask that the Court also extend the mediation deadline from April 18, 2025 to June 18, 2025, so that the parties may complete discovery and be best positioned to participate meaningfully in mediation.

## ARGUMENT AND AUTHORITIES

Under the Federal Rules of Civil Procedure, the Court has broad discretion to extend or modify existing scheduling order deadlines for good cause. *See* FED. R. CIV. P. 16(b)(4). To satisfy the good cause standard, the "party seeking relief [must] show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003); *Valcho v. Dall. County. Hosp. Dist.*, 658 F. Supp. 2d 802, 814 (N.D. Tex. 2009). ("To meet the good cause standard, the party must show that, despite h[is] diligence, []he could not reasonably have met the scheduling order deadline."). Therefore, parties seeking modification of a scheduling order must show that, despite diligent action, they will still be unable to meet the deadline sought to be extended. See *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003). Courts consider the following four factors to determine whether good cause exists: (1) the justification for extension; (2) the importance of the extension to the moving party; (3) prejudice to the nonmovant; and (4) the availability of a continuance to cure any such prejudice. *See e.g., Million v. Exxon Mobil Corp.*, 837 Fed. Appx. 263, 266 (5th Cir. 2020); *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

Good cause exists to extend the mediation deadline because of the change in lead counsel for Plaintiff. Given the change in lead counsel designation, Plaintiff's new lead counsel needs additional time to get up to speed on the case, participate in discovery, and prepare to meaningfully participate in mediation. Additionally, the available mediators are largely booked weeks in advance, meaning the parties cannot reasonably select a mutually-agreeable mediation date prior to the Court's existing mediation deadline. There are no current trial deadlines and both parties jointly move for the requested extension. Thus, no party is prejudiced by the extension. The parties, therefore, respectfully request that this Court grant their joint request for an extension of the mediation deadline to June 18, 2025.

Respectfully submitted,

/s/ *Adam Rothey*
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

IBRAHIM YASEEN
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

**ATTORNEYS FOR DEFENDANTS**

/s/ *Stephen Casey*
CASEY LAW OFFICE, P.C.
Stephen Casey
Texas Bar No. 24065015
stephen@caseylawoffice.us
P.O. Box 2451
Round Rock, TX 78680
P: 512-257-1324
F: 512-853-4098

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 15, 2025, a true and correct copy of this document has been served upon all parties via the Court's electronic filing system:

Stephen D. Casey
CASEY LAW OFFICE, P.C.
P.O. Box 2451
Round Rock, Texas 78680
stephen@caseylawoffice.us

Warren V. Norred
Solomon G. Norred
NORRED LAW, PLLC
515 E. Border St.
Arlington, TX 76010
wnorred@norredlaw.com

/s/ *Adam Rothey*
K. ADAM ROTHEY

3