IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS − AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY,<br><br>　　*Plaintiffs*,<br><br>v.<br><br>SUPERINTENDENT HAFEDH AZAIEZ, TRUSTEES AMBER FELLER, TIFFANIE HARRISON, AMY WEIR, JUN XIAO, CORY VESSA; OFFICERS JEFFREY YARBROUGH, JAMES WILLIBY, DEBORAH GRIFFITH, MILTON POPE, FRANK PONTILLO, RON COLE, CHIEF DENNIS WEINER, and CARLA AMACHER, individually, and ROUND ROCK INDEP. SCHOOL DISTRICT,<br><br>　　*Defendants*. | §§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO.<br>1:22-cv-00448-DAE |

### THE ROUND ROCK ISD DEFENDANTS' MOTION TO COMPEL PLAINTIFF JEREMY STORY'S ANSWERS TO INTERROGATORIES AND FOR COSTS, AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES SENIOR DISTRICT JUDGE DAVID J. EZRA:

Defendants Carla Amacher, Ron Cole, Lauren Griffith (incorrectly named Deborah Griffith), Frank Pontillo, Milton Pope, and Dennis Weiner (collectively, the "Round Rock ISD Defendants") file this Motion to Compel Plaintiff Jeremy Story to answer their written interrogatories under Federal Rules of Civil Procedure 33 and 37. The Round Rock ISD Defendants also request that the Court grant them the fees and costs incurred in filing this Motion under Federal Rule of Civil Procedure 37. In support, the Round Rock ISD Defendants would respectfully show the Court the following:

### I.
### SUMMARY OF ARGUMENT

On March 24, 2025 and March 26, 2025, Amacher, Cole, Griffith, Pontillo, Milton Pope, and Weiner each served written interrogatories to Story. Story's deadlines to answer the interrogatories were April 23, 2025, and April 25, 2025. Story neither sought an extension nor timely responded.

Despite the good faith attempts of the Round Rock ISD Defendants to obtain answers to their interrogatories, they have yet to receive Story's answers. The Round Rock ISD Defendants, therefore, move the Court to compel Story to provide his answers to the interrogatories, without objections, on an expedited basis.

Under the Court's May 15, 2025 Order, discovery in this case closes on June 15, 2025. *See* Dkt. 106. Story's deposition is scheduled to take place on June 11, 2025. Under the Court's April 1, 2025 Order, the current dispositive motion deadline is July 31, 2025. *See* Dkt. 104. Story's answers to the interrogatories are necessary for the Round Rock ISD Defendants to conduct any additional discovery, including Story's deposition, and to timely prepare a dispositive motion based on knowledge of the contentions Story makes against each of these individual defendants. The Round Rock ISD Defendants also request their reasonable and necessary attorneys' fees and costs associated with this Motion as allowed under Federal Rule of Civil Procedure 37.

## II.
## PROCEDURAL BACKGROUND

On February 15, 2024, the Court entered a Scheduling Order, setting the discovery deadline as January 31, 2025. Dkt. 65. On September 23, 2024, the Court extended the discovery deadline to April 30, 2025. Dkt. 96; *see also* Dkt. 95. On April 1, 2025, the Court again extended, by text order, the discovery deadline to May 31, 2025 and the dispositive motion deadline to July 31, 2025. *See* Dkt. 104. Based on Story's Unopposed Motion to Extend, on May 2, 2025, the Court entered another text order, extending the discovery deadline to June 15, 2025. *See* Dkt. 106.

On March 24, 2025, the Round Rock ISD Defendants served: (1) Dr. Carla Amacher's First Set of Interrogatories to Plaintiff Jeremy Story; (2) Defendant Ron Cole's First Set of Interrogatories to Plaintiff Jeremy Story; and (3) Defendant Dennis Weiner's First Set of Interrogatories to Plaintiff Jeremy Story. *See* App. 1–32. Story's deadline to respond to Amacher, Cole, and Weiner's interrogatories was <u>April 23, 2025</u>.

On March 26, 2025, the Round Rock ISD Defendants served: (1) Defendant Laura Griffith's First Set of Interrogatories to Plaintiff Jeremy Story; (2) Defendant Frank Pontillo's First Set of Interrogatories to Plaintiff Jeremy Story, and (3) Defendant Milton Pope's First Set of Interrogatories to Plaintiff Jeremy Story. *See* App. 33–69. Story's deadline to respond to Griffith, Pontillo, and Pope's interrogatories was April 25, 2025.

Story never asked for an extension of time to respond to these written discovery requests. On April 28, 2025—almost one month ago—counsel for Story emailed counsel for the Round Rock ISD Defendants, advising that Story had sent him his "drafted responses . . . on Thursday," April 24, 2025. *See* App. 70. Counsel for Story advised counsel for the Round Rock ISD Defendants that he was "getting to them" that day would "likely have them done by Wednesday, for sure by Friday," May 2, 2025. *Id.* But May 2 came, and Story never served any answers.

On May 15, 2025, counsel for the Round Rock ISD Defendants emailed Story's counsel requesting that Story provide his answers to the interrogatories by Monday, May 19, 2025, to avoid the need for the Round Rock ISD Defendants to seek the Court's intervention. *See* App. 75–76. In response, Story's counsel stated, "[a]bsolutely yes" and he was "completing it." App. 75. Yet again, the Round Rock ISD Defendants did not receive any answers by May 19, 2025.

On May 16, 2025, instead of providing his late interrogatory answers, Story served fourteen sets of written discovery (both interrogatories and requests for production)[1] and requested no less than fourteen depositions. *See* App. 78 (without attachments);[2] App. 81–82. In response, on May 17, 2025, counsel for the Round Rock ISD Defendants advised Story's counsel via email that the Round

---

[1]  Story subsequently withdrew the written discovery requests to James Williby, who has been dismissed from this lawsuit, based on the Round Rock ISD Defendants' request.

[2]  The written discovery requests are approximately 107 pages. The Round Rock ISD Defendants have, therefore, not attached them to this Motion.

Rock ISD Defendants had been waiting weeks to receive Story's answers before seeking a date for Story's deposition. *See* App. 81.

On May 19, 2025, counsel for Story and for the Round Rock ISD Defendants conducted a Zoom conference, during which counsel for the Round Rock ISD Defendants again pressed about Story's failure to provide his answer to the Interrogatories. *See* App. 84–85. Despite assurances from Story's counsel that he would produce the answers later that week, the answers were not forthcoming.

Counsel for the Round Rock ISD Defendants followed up again via email on May 27, 2025 and requested the interrogatory answers by noon on May 28, 2025. *Id.* There was no response. As a result, counsel prepared this Motion.

On May 29, 2025 at 8:04 a.m., counsel for the Round Rock ISD Defendants sent an email to Story's counsel with an attached draft of this Motion seeking to confer regarding the Motion and relief requested. *See* App. 87–88. Story's counsel did not advise whether he was opposed or unopposed to the Motion. *See* App. 86–87. At 12:55 p.m. on May 29, 2025, Story's counsel emailed and stated that he "anticipate[d]" sending the interrogatory answers "later this evening or early tomorrow." App. 86. It is now after 5:00 p.m. on Friday, May 30, 2025. As of the filing of this Motion, the Round Rock ISD Defendants have received no answers to Amacher, Cole, Weiner, Griffith, Pontillo, or Pope's interrogatories—much less answers to all of them. Counsel for the Round Rock ISD Defendants have attempted in good faith to obtain this discovery without the need to involve this Court. But their patience efforts have not resulted in Story complying with his discovery obligations.

The parties now have fewer than seventeen days until the close of all discovery. And Story's deposition is scheduled for June 11. Given that Round Rock ISD Defendants' patience and efforts have been for naught and given the impending discovery deadline and need to obtain this information to depose Story, the Round Rock ISD Defendants have no choice but to move the Court to enter an

order compelling Story respond. Despite repeated assurances that the interrogatory answers were forthcoming, the Round Rock ISD Defendants have received nothing.

## III.
## ARGUMENT AND AUTHORITIES

**A.     The Court should compel Story to answer the interrogatories under Rule 33.**

Federal Rule of Civil Procedure 33(b)(2) requires a party to serve his objections and answers to interrogatories within thirty days after being served. FED. R. CIV. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). Under Federal Rule of Civil Procedure 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . . if a party fails to answer an interrogatory submitted under Rule 33[.]"FED. R. CIV. P. 37(a)(3)(B)(iii).

Story has wholly failed to answer the Round Rock ISD Defendant's interrogatories either by objection or other answer. As a result, the Court should compel him to answer. A motion to compel is warranted where a party has failed to answer interrogatories. *See, e.g., Rhodes v. Vandyke*, No. MO: 17-CV-00114-DC, 2018 WL 7350765 (W.D. Tex. May 1, 2018). Counsel for the Round Rock ISD Defendants has attempted to contact and confer with Story's counsel numerous times regarding Story's failure to timely answer the interrogatories, as set forth above. Story's counsel has either made representations upon which he did not deliver regarding providing Story's answers to the interrogatories, or failed to respond to counsel for the Round Rock ISD Defendants. *See generally* App. 70–89. Accordingly, the Round Rock ISD Defendants ask the Court to compel Story to answer all interrogatories.

**B.     Story has waived his objections to the Interrogatories.**

Because he failed to timely answer the interrogatories, Story has waived any and all objections to the interrogatories unless the Court finds good cause to excuse his failure. Rule 33(b)(4) states that, as to interrogatories, "[a]ny ground not stated in a timely objection is waived unless the court, for good

cause, excuses the failure." FED. R. CIV. P. 33(b)(4). "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *Dorrough v. Mullikin*, 563 F.2d 187, 191 (5th Cir. 1977). Indeed, "[a]ny other result would . . . completely frustrate the time limits contained in the Federal Rules and give license to litigants to ignore the time limits for discovery without any adverse consequences." *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, No. H-07-2426, 2008 WL 2036816, at *5 (S.D. Tex. May 9, 2008).

But waiver is not automatic. *Enron Corp. Savings Plan v. Hewitt Assocs., LLC*, 258 F.R.D. 149, 156 (S.D. Tex. 2009). Courts look to the "circumstances behind the failure," specifically, whether the failure was "inadvertent, defiant, or part of a larger calculated strategy of noncompliance" and consider "any resulting prejudice and the need to preserve the integrity of the rules." *RE/MAX Int'l, Inc.*, 2008 WL 2036816, at *5.

Here, Story's failure to provide his answers to the interrogatories was not a result of inadvertence or mistake. As set forth in the Procedural Background above, Story's counsel was aware the deadline had passed to answer the Round Rock ISD Defendants' interrogatories. *See, e.g.*, App. 70–71. In fact, Story's counsel advised that "Story [had] sent his drafted responses to [him] on Thursday," April 24, 2025, and that he would "likely have them done by Wednesday, for sure by Friday," May 2, 2025. App. 70. Counsel for the Round Rock ISD Defendants followed up with Story's counsel multiple times to obtain the answers to interrogatories to no avail. *See, e.g.*, App. 75–89.

Furthermore, with fewer than seventeen days remaining before the discovery deadline, there is little time remaining for the Round Rock ISD Defendants to evaluate the objections, ascertain their validity, and seek Court intervention if necessary to overrule the objections. The Round Rock ISD Defendants, therefore, ask the Court to find that Story waived any objections he had to the interrogatories.

**C.     Sanctions are warranted under Federal of Civil Procedure 37.**

Rule 37 of the Federal Rules of Civil Procedure allows a party to move for an order compelling discovery responses and authorizes sanctions for the nonmovant's failure to provide the requested information through discovery. FED. R. CIV. P. 37. Specifically, Rule 37(a)(5)(A) provides that if a motion to compel a discovery response "is granted—or if the . . . requested discovery is provided after the motion was filed—the court *must,* after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A) (emphasis added). The Court only has discretion to not award the successful moving party is costs where (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," (2) the opposing party's nondisclosure, response, or objection was substantially justified," or (3) "other circumstances make an award of expenses unjust." *Stovall v. Raider Pressure Pumping, LLC*, No. 7:17-CV-00007-DC-RCG, 2019 WL 2098122, at*2 (W.D. Tex. Jan. 15, 2019) (slip op.) (citing FED. R. CIV. P. 37(a)(5)(A)(i)–(iii)).

Counsel for the Round Rock ISD Defendants contacted Story's counsel at least five times since April 28, 2025, via email or Zoom conference, regarding Story's failure to provide answers to the interrogatories. *See* App. 70–89. Despite waiting more than a month after Story's deadline to answer the interrogatories, the Round Rock ISD Defendants have received no answers. Story, therefore, cannot show that the Round Rock ISD Defendants filed this Motion before making a good faith attempt to obtain the answers to the interrogatories.

Further, Story's failure to respond to the Round Rock ISD Defendants' request and communications prevents Story from showing either of the final two considerations that would excuse him from the otherwise mandatory requirement that he pay the Round Rock ISD Defendants' costs in filing this Motion. Story did not simply fail to respond to a single interrogatory. Story completely

failed to answer all of the interrogatories propounded by the Round Rock ISD Defendants. Such a complete disregard for providing the opposing party the information to which it is entitled shows no substantial justification for the failure or other circumstances that would make an award of expenses unjust. *See e.g., Rhodes*, 2018 WL 7350765, at *2 (finding "no factor under Rule 37(a)(5)(i)–(iii) that would preclude the Court from awarding expenses" where the nonmovant entirely failed to respond to written discovery under Rule 26). Therefore, the Round Rock ISD Defendants request that the Court award them the reasonable attorneys' fees and costs incurred in preparing this Motion and attempting to obtain the information that Story is required to provide.

## IV.
## CONCLUSION

For the foregoing reasons, the Court should grant the Motion and enter an Order compelling Story's written answers to the Round Rock ISD Defendants' interrogatories, without objections, on an expedited basis. The Round Rock ISD Defendants further request their reasonable and necessary attorney's fees and costs in connection with this Motion. The Round Rock ISD Defendants pray for such other and further relief to which they may justly entitled.

          Respectfully submitted,

          */s/    Kathryn E. Long*
          KATHRYN E. LONG
          State Bar No. 24041679
          klong@thompsonhorton.com

          K. ADAM ROTHEY
          State Bar No. 24051274
          arothey@thompsonhorton.com

          IBRAHIM YASEEN
          State Bar No. 24137674
          iyaseen@thompsonhorton.com

          **THOMPSON & HORTON LLP**
          500 North Akard Street, Suite 3150
          Dallas, Texas 75201
          (972) 853-5115 – Telephone
          (713) 583-8884 – Facsimile

          **ATTORNEYS FOR THE ROUND ROCK ISD DEFENDANTS**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that she emailed Plaintiff Jeremy Story's Counsel, Stephen D. Casey, on May 29, 2025, attaching a draft of this Motion and to confer regarding the Motion and the relief sought herein. Mr. Casey did not indicate if he was opposed or unopposed to the Motion and requested relief. Instead, he stated that the information this Motion seeks to compel would be provided by later on May 29, 2025 or early on May 30, 2025. By the end of the business day on May 30, 2025, the undersigned counsel for the Round Rock ISD Defendants had not received any of the information sought in this Motion. Therefore, this Motion is filed as opposed.

          */s/    Kathryn E. Long*
          KATHRYN E. LONG

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on May 30, 2025, a true and correct copy of this document has been served upon all parties via the Court's electronic filing system:

| | |
|---|---|
| Stephen D. Casey | Warren V. Norred |
| CASEY LAW OFFICE, P.C. | Solomon G. Norred |
| P.O. Box 2451 | NORRED LAW, PLLC |
| Round Rock, Texas 78680 | 515 E. Border St. |
| stephen@caseylawoffice.us | Arlington, TX 76010 |
| | warren@norredlaw.com |

                                                               */s/    Kathryn E. Long*
                                                                KATHRYN E. LONG