| | |
|---|---|
| **From:** | Stefani Simpson |
| **To:** | wnorred@norredlaw.com; stephen@caseylawoffice.us |
| **Cc:** | Katie Long; Adam Rothey; Ibrahim Yaseen; Mindy Irvin |
| **Subject:** | No. 1:22-cv-00448-DAE; Story v. Round Rock ISD, et al. |
| **Date:** | Monday, March 24, 2025 4:39:19 PM |
| **Attachments:** | 3-24-25 Ltr to OC propounding discovery to Plaintiff J. Story.pdf |
| | 3-24-25 Weiner First Set of Interrogatories to Plaintiff.pdf |
| | 3-24-25 Cole First Set of Interrogatories to J. Story.pdf |
| | 3-24-25 Amacher First Set of Interrogatories to Plaintiff.pdf |
| | image001.png |
| | image002.png |

Good afternoon,

Please see attached correspondence in the above-referenced matter, along with written discovery requests to Plaintiff, Jeremy Story.

Thank you,
Stefani Simpson

---

Stefani Simpson, Legal Assistant to
Carlos Lopez, Kathryn Long and Leila Gary
500 North Akard Street, Suite 3150
Dallas, Texas 75201
Main: 972.853.5115   |   Direct: 972.694.4082
ssimpson@thompsonhorton.com   |   www.thompsonhorton.com

**Thompson & Horton LLP**
ATTORNEYS | COUNSELORS

CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges.  Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful.  Please delete this message and any copy of it (in any form) without disclosing it.  If you believe this message has been sent to you in error, please notify the sender by replying to this transmission.  Thank you for your cooperation.

**App. 1**



| | |
|---|---|
| Houston | Kathryn E. Long |
| **Dallas** | Partner |
| Austin | |
| Fort Worth | |
| | (972) 734-5613 Office |
| | (713) 583-8884 Fax |
| | klong@thompsonhorton.com |
| | Thompson & Horton LLP |
| | 500 N. Akard Street, Suite 3150 |
| | Dallas, Texas 75201-3302 |

March 24, 2025

*Via Email:* wnorred@norredlaw.com        *Via Email:* stephen@caseylawoffice.us
Warren V. Norred, P.E.                    Stephen D. Casey
Norred Law, PLLC                          Casey Law Office, P.C.
515 East Border Street                    P.O. Box 2451
Arlington, Texas 76010                    Round Rock, Texas 78680

Re:    Civil Action No. 1:22-cv-00448-DAE, *Story v. Round Rock ISD, et al.*;
       In the United States District Court, Western District of Texas, Austin Division

Dear Counsel:

Attached please find Defendants' written discovery requests to Plaintiff Jeremy Story in the above-referenced matter, which include the following documents:

- Defendant Dennis Weiner's First Set of Interrogatories to Plaintiff Jeremy Story;

- Defendant Ron Cole's First Set of Interrogatories to Plaintiff Jeremy Story; and

- Defendant Dr. Carla Amacher's First Set of Interrogatories to Plaintiff Jeremy Story.

Should you have any questions, please do not hesitate to contact me.  Thank you.

Sincerely,

Kathryn E. Long

Enclosure

cc:    K. Adam Rothey (*Of the Firm*)
       Ibrahim N. Yaseen (*Of the Firm*)

**App. 2**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

JEREMY STORY,

    *Plaintiffs,*

v.

SUPERINTENDENT HAFEDH AZAIEZ,
TRUSTEES AMBER FELLER, TIFFANIE
HARRISON, AMY WEIR, JUN XIAO, CORY
VESSA; OFFICERS JEFFREY YARBROUGH,
JAMES WILLIBY, DEBORAH GRIFFITH,
MILTON POPE, FRANK PONTILLO, RON
COLE, CHIEF DENNIS WEINER, and CARLA
AMACHER, individually, and ROUND ROCK
INDEP. SCHOOL DISTRICT,

    *Defendants.*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO.
1:22-cv-00448-DAE

---

## DR. CARLA AMACHER'S FIRST SET OF INTERROGATORIES
## TO PLAINTIFF JEREMY STORY

---

TO:    Plaintiff Jeremy Story, by and through his attorneys of record, Warren V. Norred and Solomon G. Norred, NORRED LAW, PLLC, 515 E. Border St., Arlington, Texas 76010 and Stephen D. Casey, CASEY LAW OFFICE, P.C., P.O. Box 2451, Round Rock, Texas 78680.

    Dr. Carla Amacher hereby requests that Plaintiff Jeremy Story answer fully and separately in writing, under oath, the following Interrogatories and serve his answers on Defendants' counsel within thirty (30) days after service, in accordance with the Federal Rules of Civil Procedure.

# App. 3

# I.
## DEFINITIONS AND INSTRUCTIONS

1.      To the extent provided by the Federal Rules of Civil Procedure, these interrogatories are intended to be continuing in nature. You are required to supplement your answers when appropriate or necessary.

2.      The terms "you," "your," "Plaintiff," or "Story" shall mean Plaintiff Jeremy Story and his present and former agents, attorneys, representatives, heirs and assigns.

3.      The term "Amacher" shall mean Defendant Dr. Carla Amacher who is a former Area Superintendent for Round Rock Independent School District.

4.      The terms "Round Rock ISD" or the "District" shall mean the Round Rock Independent School District, including its employees, officers, directors, agents, and attorneys.

5.      The term "the Board" shall mean the Round Rock ISD Board of Trustees.

6.      The term "Homecoming Defendants" shall mean former Round Rock ISD Police Department Chief Dennis Weiner, Round Rock ISD Sergeant Ron Cole, and Amacher, collectively.

7.      Unless otherwise noted "Complaint" refers to "Plaintiff's Third Amended Complaint" filed on October 5, 2023, and any subsequent amendments or supplements thereto filed in the above-styled and numbered case.

8.      The term "Lawsuit" shall mean the lawsuit that Story filed against the Homecoming Defendants and others in the United States District Court for the Western District of Texas, Austin Division, Civil Action No. 1:22-cv-00448-DAE.

9.      The term "Homecoming Game" shall mean the September 16, 2022 Homecoming Football Game that occurred at Round Rock High School, as well as your distribution of campaign literature in the Round Rock High School parking lot prior to the Homecoming Game and any other events involving you that transpired in the Round Rock High School parking lot immediately

**App. 4**

preceding or following the Homecoming Game, that are subject of some of Your claims in the Complaint.

10.    The term "GKDA (Local)" refers to Round Rock ISD's Board policy GKDA (Local) issued on May 3, 2017, and included as Exhibit 16 to Story's Appendix in Support of Third Amended Complaint (Dkt. No. 49-1), that is subject of some of Your claims in the Complaint.

11.    The term "person" includes natural persons, corporations, partnerships, joint venturers, unincorporated associations, trusts, government entities and all other legal entities.

12.    The term "communication" or "communicated" means any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever made, including, but not limited to, correspondence, e-mails, or any other form of electronic utterance, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, between two or more persons.

13.    When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and e-mail address and additionally, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

14.    Wherever the word "including" appears, the meaning intended is "including, but not limited to."

15.    The plural includes the singular and vice versa.

16.    The masculine includes the feminine and vice versa.

17.    The term "relating" or "related" shall mean referring to, having any relationship to, pertaining to, evidencing or constituting evidence of, in whole or in part, the subject matter of the request.

**App. 5**

18.     The term "document" includes all types of writings, drawings, graphs, charts, photographs, or phone records. It also includes all means of electronic or magnetic data such as e-mail, text messages, SMS messages, and electronic postings on any social media website, Internet forum or information relayed in any Internet chat room. Any electronic or magnetic data is to be produced, when available, in native electronic format.

19.     The information requested herein does not include communications with your attorney or any documents protected by the attorney-client privilege and/or work product doctrine.

20.     If you fail to respond to any interrogatory in whole or in part on the basis of a claim of privilege, state that information or material responsive to the request has been withheld, describe all information or material withheld in such a manner that, without revealing the privileged information itself or otherwise waiving the privilege, will enable other parties to assess the applicability of the claimed privilege, and identify the specific privilege relied upon by you in withholding each item of information or material responsive to a particular request.

**App. 6**

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:**          If you had any interactions, conversations, or communications with Amacher between May 2021 and September 16, 2022 regarding any matter at issue in the Lawsuit, please identify and describe the interactions, conversations or communications. As part of your Answer, for each interaction, conversation or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 2:**          Identify and describe all interactions, conversations, or communications you had with Amacher on September 16, 2022, including at the Homecoming Game. As part of your Answer, for each interaction, conversation or communication identified, please state: the substance of the interaction, conversation, or communication and identify all witnesses present.

**ANSWER:**

**INTERROGATORY NO. 3:**          Identify and describe all interactions, conversations, or communications you had with Amacher after September 16, 2022 regarding the Homecoming Game or any matter at issue in the Lawsuit. As part of your Answer, for each interaction, conversation or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 4:**          If you contend that GKDA (Local)'s prior review requirement did not apply to the flyers you were distributing or passing out at the Homecoming Game, please state and describe in detail the facts supporting your contention.

**ANSWER:**

**App. 7**

**INTERROGATORY NO. 5:**     If you contend that you or someone else sought prior review under GKDA (Local) of the flyers you were distributing or passing out at the Homecoming Game and obtained explicit or implicit approval from Round Rock ISD's Superintendent or designee, including Round Rock High School Principal Matt Groff as alleged in Paragraph 149 of the Complaint, please state the facts supporting your contention. As part of your Answer, please state whether you contend Amacher was aware of this explicit or implicit approval and the facts supporting that contention.

**ANSWER:**


**INTERROGATORY NO. 6:**     Identify and describe each alleged instance for which you contend Amacher violated your First Amendment free speech rights. As part of your Answer, please state: the date and time of the alleged violation; who was involved in the alleged infringement of speech; where the alleged infringement of speech occurred; how Amacher's actions or omissions violated your First Amendment free speech rights; what occurred immediately before and after each alleged infringement of speech; and the identity of all witnesses who were present or nearby during the time of each alleged infringement of speech.

**ANSWER:**


**INTERROGATORY NO. 7:**     If you contend that Amacher unlawfully infringed on your First Amendment free speech rights at or during the Homecoming Game, state and describe in detail the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 8:**     If you contend that Amacher infringed your First Amendment speech rights at the Homecoming Game because of your viewpoint or the viewpoint expressed by the flyers you were distributing or passing out at the Homecoming Game, state and describe in detail the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 9:**     If you contend that Amacher treated you differently at the Homecoming Game than she treated other individuals handing out nonschool literature on Round Rock ISD premises or property, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify each and every instance you contend that Amacher treated individuals who were handing out nonschool literature on Round Rock ISD premises differently or more favorably than she treated you at the Homecoming Game. With respect to each instance identified, please state: the date it occurred; where it occurred; the nonschool literature being distributed or passed out; who was distributing or passing out the nonschool literature; whether the individual had sought prior review of the nonschool literature under Round Rock ISD Board policy GKDA (Local); and how Amacher treated the individual(s) differently or more favorably than she treated you at the Homecoming Game.

**ANSWER:**

**App. 8**

**INTERROGATORY NO. 10:**    If you contend Amacher's actions towards you at the Homecoming Game were in retaliation for First Amendment protected activity speech in which you had engaged prior to the Homecoming Game, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify the allegedly protected activity or speech for which you contend Amacher was retaliating against you including the date(s) on which you engaged in the alleged protected activity or speech; the nature of the protected activity or speech (e.g., whether it was a written complaint, statement, or other protected activity); how the protected activity or speech was communicated; the substance of the protected activity or speech; and to whom the protected activity or speech was directed.

**ANSWER:**

**INTERROGATORY NO. 11:**    With respect to each allegedly protected activity or speech identified in your Answer to Interrogatory No. 10, if you contend Amacher was aware of such protected activity or speech, state and describe in detail the facts supporting your contention.

**ANSWER:**

**INTERROGATORY NO. 12:**    With respect to each allegedly protected activity or speech identified in your Answer to Interrogatory No. 10, please state and describe in detail the facts showing that Amacher was motivated by such activity or speech with respect to her actions towards you at the Homecoming Game.

**ANSWER:**

**INTERROGATORY NO. 13:**    Identify and describe the facts supporting your contention in Paragraph 139 of the Complaint that Amacher was "unable" to "show the group the policy that was being violated." As part of your Answer, please state whether you contend Amacher could not identify "the policy that was being violated;" identify any document or recording that Amacher could not identify or show people "the policy that was being violated;" and state the basis for your contention that Amacher was allegedly unable to identify or show people the policy that was being violated.

**ANSWER:**

**INTERROGATORY NO. 14:**    If you contend Amacher incorrectly or improperly applied GKDA (Local) to your distribution or passing out of flyers at or during the Homecoming Game, please describe in detail the facts supporting this contention.

**ANSWER:**

**INTERROGATORY NO. 15:**    If you contend that Amacher applied or relied on GKDA (Local) as a pretext to infringe your free speech rights at the Homecoming Game, please describe in detail the facts supporting this contention.

**ANSWER:**

**App. 9**

**INTERROGATORY NO. 16:**     Please describe in detail the facts supporting the allegation in Paragraph 150 of the Complaint that Dr. Hafedh Azaiez and Amacher acted together to "chill [your] speech during [the Homecoming Game]."

**ANSWER:**

**INTERROGATORY NO. 17:**     If you contend that Dr. Hafedh Azaiez instructed or directed Amacher with respect to any of her actions towards you at the Homecoming Game, please describe in detail the facts supporting your contention.

**ANSWER:**

**INTERROGATORY NO. 18:**     Please describe in detail the facts supporting the assertion in Paragraph 139 of your Complaint that Amacher told you "that she was told by legal counsel to admonish [you]." As part of your Answer, please identify any document or recording that supports this assertion.

**ANSWER:**

**INTERROGATORY NO. 19:**     In Paragraph 125 of the Complaint, you allege that Amacher made a "false assault claim" against you. Please identify the "false assault claim," including who made the claim, the date upon which this claim was made, how the claim was made (e.g., orally, in writing, through a formal complaint or grievance), to whom the claim was made, the substance of the claim, and the facts demonstrating the alleged claim was false.

**ANSWER:**

**INTERROGATORY NO. 20:**     If you or your attorneys have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Amacher regarding the Homecoming Game or the allegations against her in this Lawsuit, please describe the statement and/or admission, identify who made the statement and/or admission, provide the date the statement and/or admission was made, and state how the statement or admission was made or communicated, including to whom the statement was made or was communicated.

**ANSWER:**

# App. 10

**INTERROGATORY NO. 21:**    If you or your attorneys have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Round Rock ISD, any current or former employee, official or agent of Round Rock ISD, or any current or former Round Rock ISD parent or student about Amacher, Amacher's actions or omissions with respect to the Homecoming Game, or regarding your allegations against Amacher in this Lawsuit, please describe the statement and/or admission, identify who made the statement and/or admission, provide the date the statement and/or admission was made, and state how the statement or admission was made or communicated, including to whom the statement was made or was communicated.

**ANSWER:**

**INTERROGATORY NO. 22:**    Please identify each and every individual from whom you or your attorneys obtained a written, recorded, or transcribed statement regarding: Amacher; the Homecoming Game; Amacher's actions or omissions with respect to the Homecoming Game; or any other matter related to your claims against Amacher in the Complaint. Please include in your answer the date upon which the statement was obtained, whether the statement was written, recorded, and/or transcribed, the identity of all individuals present when the statement was written, recorded, and/or transcribed, and whether the individual identified gave you oral or written consent for the recording you obtained.

**ANSWER:**

**INTERROGATORY NO. 23:**    If you are seeking an award of any sum of money from Amacher, please identify and describe the conduct of Amacher that allegedly contributed to the damages you allege you sustained, and describe the nature and extent of the damages you allege you have suffered. As part of your Answer, please state the full amount of money you seek from Amacher and describe the manner in which the amount was calculated. Your description should include each element of damage or component of recovery that you seek (e.g., actual, nominal, compensatory, or punitive damages, expenses, costs, attorney's fees, and so forth as alleged in the Complaint), the amount sought for each element or component, the manner in which each element or component of the calculation was determined, the time period over which the amount was computed, and the source of each number used in the calculation.

**ANSWER:**

# App. 11

Respectfully submitted,

/s/ Kathryn E. Long
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

IBRAHIM N. YASEEN
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

**ATTORNEYS FOR**
**DR. CARLA AMACHER**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on March 24, 2025, a true and correct copy of this document has been served upon all parties via email:

Warren V. Norred                        Stephen D. Casey
warren@norredlaw.com                    CASEY LAW OFFICE, P.C.
Solomon G. Norred                       P.O. Box 2451
sgn@norredlaw.com                       Round Rock, TX 78680
NORRED LAW, PLLC                        stephen@caseylawoffice.us
515 E. Border St.
Arlington, TX 76010

/s/ Kathryn E. Long
KATHRYN E. LONG

**App. 12**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERINTENDENT HAFEDH AZAIEZ, | § | CIVIL ACTION NO. |
| TRUSTEES AMBER FELLER, TIFFANIE | § | 1:22-cv-00448-DAE |
| HARRISON, AMY WEIR, JUN XIAO, CORY | § | |
| VESSA; OFFICERS JEFFREY YARBROUGH, | § | |
| JAMES WILLIBY, DEBORAH GRIFFITH, | § | |
| MILTON POPE, FRANK PONTILLO, RON | § | |
| COLE, CHIEF DENNIS WEINER, and CARLA | § | |
| AMACHER, individually, and ROUND ROCK | § | |
| INDEP. SCHOOL DISTRICT, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT RON COLE'S FIRST SET OF INTERROGATORIES TO PLAINTIFF JEREMY STORY

TO:    Plaintiff Jeremy Story, by and through his attorneys of record, Warren V. Norred and Solomon G. Norred, NORRED LAW, PLLC, 515 E. Border St., Arlington, Texas 76010 and Stephen D. Casey, CASEY LAW OFFICE, P.C., P.O. Box 2451, Round Rock, Texas 78680.

Defendant Ron Cole hereby requests that Plaintiff Jeremy Story answer fully and separately in writing, under oath, the following Interrogatories and serve his answers on Defendants' counsel within thirty (30) days after service, in accordance with the Federal Rules of Civil Procedure.

**App. 13**

**I.**
**DEFINITIONS AND INSTRUCTIONS**

1.      To the extent provided by the Federal Rules of Civil Procedure, these interrogatories are intended to be continuing in nature. You are required to supplement your answers when appropriate or necessary.

2.      The terms "you," "your," "Plaintiff," or "Story" shall mean Plaintiff Jeremy Story and his present and former agents, attorneys, representatives, heirs and assigns.

3.      The term "Cole" shall mean Sergeant Ron Cole who is a Sergeant for Round Rock Independent School District's Police Department.

4.      The terms "Round Rock ISD" or the "District" shall mean the Round Rock Independent School District, including its employees, officers, directors, agents, and attorneys.

5.      The term "the Board" shall mean the Round Rock ISD Board of Trustees.

6.      The term "Homecoming Defendants" shall mean former Round Rock ISD Police Department Chief Dennis Weiner, former Round Rock ISD Area Superintendent Dr. Carla Amacher, and Cole, collectively.

7.      Unless otherwise noted "Complaint" refers to "Plaintiff's Third Amended Complaint" filed on October 5, 2023, and any subsequent amendments or supplements thereto filed in the above-styled and numbered case.

8.      The term "Lawsuit" shall mean the lawsuit that Story filed against the Homecoming Defendants and others in the United States District Court for the Western District of Texas, Austin Division, Civil Action No. 1:22-cv-00448-DAE.

9.      The term "Homecoming Game" shall mean the September 16, 2022 Homecoming Football Game that occurred at Round Rock High School, as well as your distribution of campaign literature in the Round Rock High School parking lot prior to the Homecoming Game and any other events involving you that transpired in the Round Rock High School parking lot immediately

**App. 14**

preceding or following the Homecoming Game, that are subject of some of Your claims in the Complaint.

10.     The term "GKDA (Local)" refers to Round Rock ISD's Board policy GKDA (Local) issued on May 3, 2017, and included as Exhibit 16 to Story's Appendix in Support of Third Amended Complaint (Dkt. No. 49-1), that is subject of some of Your claims in the Complaint.

11.     The term "person" includes natural persons, corporations, partnerships, joint venturers, unincorporated associations, trusts, government entities and all other legal entities.

12.     The term "communication" or "communicated" means any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever made, including, but not limited to, correspondence, e-mails, or any other form of electronic utterance, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, between two or more persons.

13.     When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and e-mail address and additionally, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

14.     Wherever the word "including" appears, the meaning intended is "including, but not limited to."

15.     The plural includes the singular and vice versa.

16.     The masculine includes the feminine and vice versa.

17.     The term "relating" or "related" shall mean referring to, having any relationship to, pertaining to, evidencing or constituting evidence of, in whole or in part, the subject matter of the request.

**App. 15**

18.    The term "document" includes all types of writings, drawings, graphs, charts, photographs, or phone records. It also includes all means of electronic or magnetic data such as e-mail, text messages, SMS messages, and electronic postings on any social media website, Internet forum or information relayed in any Internet chat room. Any electronic or magnetic data is to be produced, when available, in native electronic format.

19.    The information requested herein does not include communications with your attorney or any documents protected by the attorney-client privilege and/or work product doctrine.

20.    If you fail to respond to any interrogatory in whole or in part on the basis of a claim of privilege, state that information or material responsive to the request has been withheld, describe all information or material withheld in such a manner that, without revealing the privileged information itself or otherwise waiving the privilege, will enable other parties to assess the applicability of the claimed privilege, and identify the specific privilege relied upon by you in withholding each item of information or material responsive to a particular request.

**App. 16**

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:**      If you had any interactions, conversations, or communications with Cole between May 2021 and September 16, 2022 regarding any matter at issue in the Lawsuit, please identify and describe the interactions, conversations or communications. As part of your Answer, for each interaction, conversation or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 2:**      Identify and describe all interactions, conversations, or communications you had with Cole on September 16, 2022, including at the Homecoming Game. As part of your Answer, for each interaction, conversation or communication identified, please state: the substance of the interaction, conversation, or communication and identify all witnesses present.

**ANSWER:**

**INTERROGATORY NO. 3:**      Identify and describe all interactions, conversations, or communications you had with Cole after September 16, 2022 regarding the Homecoming Game or any matter at issue in the Lawsuit. As part of your Answer, for each interaction, conversation or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 4:**      If you contend that GKDA (Local)'s prior review requirement did not apply to the flyers you were distributing or passing out at the Homecoming Game, please state and describe in detail the facts supporting your contention.

**ANSWER:**

# App. 17

**INTERROGATORY NO. 5:**        If you contend that you or someone else sought prior review under GKDA (Local) of the flyers you were distributing or passing out at the Homecoming Game and obtained explicit or implicit approval from Round Rock ISD's Superintendent or designee, including Round Rock High School Principal Matt Groff as alleged in Paragraph 149 of the Complaint, please state the facts supporting your contention. As part of your Answer, please state whether you contend Cole was aware of this explicit or implicit approval and the facts supporting that contention.

**ANSWER:**

**INTERROGATORY NO. 6:**        Identify and describe each alleged instance for which you contend Cole violated your First Amendment free speech rights. As part of your Answer, please state: the date and time of the alleged violation; who was involved in the alleged infringement of speech; where the alleged infringement of speech occurred; how Cole's actions or omissions violated your First Amendment free speech rights; what occurred immediately before and after each alleged infringement of speech; and the identity of all witnesses who were present or nearby during the time of each alleged infringement of speech.

**ANSWER:**

**INTERROGATORY NO. 7:**        If you contend that Cole unlawfully infringed on your First Amendment free speech rights at or during the Homecoming Game, state and describe in detail the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 8:**        If you contend that Cole infringed your First Amendment speech rights at the Homecoming Game because of your viewpoint or the viewpoint expressed by the flyers you were distributing or passing out at the Homecoming Game, state and describe in detail the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 9:**        If you contend that Cole treated you differently at the Homecoming Game than he treated other individuals handing out nonschool literature on Round Rock ISD premises or property, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify each and every instance you contend that Cole treated individuals who were handing out nonschool literature on Round Rock ISD premises differently or more favorably than he treated you at the Homecoming Game. With respect to each instance identified, please state: the date it occurred; where it occurred; the nonschool literature being distributed or passed out; who was distributing or passing out the nonschool literature; whether the individual had sought prior review of the nonschool literature under Round Rock ISD Board policy GKDA (Local); and how Cole treated the individual(s) differently or more favorably than he treated you at the Homecoming Game.

**ANSWER:**

**App. 18**

**INTERROGATORY NO. 10:**     If you contend Cole's actions towards you at the Homecoming Game were in retaliation for First Amendment protected activity speech in which you had engaged prior to the Homecoming Game, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify the allegedly protected activity or speech for which you contend Cole was retaliating against you including the date(s) on which you engaged in the alleged protected activity or speech; the nature of the protected activity or speech (e.g., whether it was a written complaint, statement, or other protected activity); how the protected activity or speech was communicated; the substance of the protected activity or speech; and to whom the protected activity or speech was directed.

**ANSWER:**

**INTERROGATORY NO. 11:**     With respect to each allegedly protected activity or speech identified in your Answer to Interrogatory No. 10, if you contend Cole was aware of such protected activity or speech, state and describe in detail the facts supporting your contention.

**ANSWER:**

**INTERROGATORY NO. 12:**     With respect to each allegedly protected activity or speech identified in your Answer to Interrogatory No. 10, please state and describe in detail the facts showing that Cole was motivated by such activity or speech with respect to his actions towards you at the Homecoming Game.

**ANSWER:**

**INTERROGATORY NO. 13:**     If you contend Cole incorrectly or improperly applied GKDA (Local) to your distribution or passing out of flyers at or during the Homecoming Game, please describe in detail the facts supporting this contention.

**ANSWER:**

**INTERROGATORY NO. 14:**     If you contend that Cole applied or relied on GKDA (Local) as a pretext to infringe your free speech rights at the Homecoming Game, please describe in detail the facts supporting this contention.

**ANSWER:**

**INTERROGATORY NO. 15:**     Please describe in detail the facts supporting the allegation in Paragraph 150 of the Complaint that Dr. Hafedh Azaiez and Cole acted together to "chill [your] speech during [the Homecoming Game]."

**ANSWER:**

# App. 19

**INTERROGATORY NO. 16:**　　　Please describe in detail the facts supporting the allegation in Paragraph 150 of the Complaint that Cole acted together with Amacher and Weiner to "chill [your] speech during [the Homecoming Game]."

**ANSWER:**

**INTERROGATORY NO. 17:**　　　Please state the facts supporting your contention in Paragraph 136 of the Complaint that Cole stated that he was requesting that you and the group stop passing out flyers "on behalf of Superintendent Azaiez." As part of your Answer, please identify any document or recording that demonstrates Cole made such a statement.

**ANSWER:**

**INTERROGATORY NO. 18:**　　　If you contend that Dr. Hafedh Azaiez instructed or directed Cole with respect to any of his actions towards you at the Homecoming Game, please describe in detail the facts supporting your contention.

**ANSWER:**

**INTERROGATORY NO. 19:**　　　In Paragraph 142 of the Complaint, you allege that "the officers threatened to arrest Story and the group if they refused to leave," please state whether you contend Cole ever threatened to arrest you or the group and describe in detail the facts supporting this contention. As part of your Answer, please identify any document or recording that evidences or reflects that Cole made any threat of arrest.

**ANSWER:**

**INTERROGATORY NO. 20:**　　　If you or your attorneys have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Cole regarding the Homecoming Game or the allegations against him in this Lawsuit, please describe the statement and/or admission, identify who made the statement and/or admission, provide the date the statement and/or admission was made, and state how the statement or admission was made or communicated, including to whom the statement was made or was communicated.

**ANSWER:**

# App. 20

**INTERROGATORY NO. 21:**      If you or your attorneys have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Round Rock ISD, any current or former employee, official or agent of Round Rock ISD, or any current or former Round Rock ISD parent or student about Cole, Cole's actions or omissions with respect to the Homecoming Game, or regarding your allegations against Cole in this Lawsuit, please describe the statement and/or admission, identify who made the statement and/or admission, provide the date the statement and/or admission was made, and state how the statement or admission was made or communicated, including to whom the statement was made or was communicated.

**ANSWER:**

**INTERROGATORY NO. 22:**      Please identify each and every individual from whom you or your attorneys obtained a written, recorded, or transcribed statement regarding: Cole; the Homecoming Game; Cole's actions or omissions with respect to the Homecoming Game; or any other matter related to your claims against Cole in the Complaint. Please include in your answer the date upon which the statement was obtained, whether the statement was written, recorded, and/or transcribed, the identity of all individuals present when the statement was written, recorded, and/or transcribed, and whether the individual identified gave you oral or written consent for the recording you obtained.

**ANSWER:**

**INTERROGATORY NO. 23:**      If you are seeking an award of any sum of money from Cole, please identify and describe the conduct of Cole that allegedly contributed to the damages you allege you sustained, and describe the nature and extent of the damages you allege you have suffered. As part of your Answer, please state the full amount of money you seek from Cole and describe the manner in which the amount was calculated. Your description should include each element of damage or component of recovery that you seek (e.g., actual, nominal, compensatory, or punitive damages, expenses, costs, attorney's fees, and so forth as alleged in the Complaint), the amount sought for each element or component, the manner in which each element or component of the calculation was determined, the time period over which the amount was computed, and the source of each number used in the calculation.

**ANSWER:**

# App. 21

Respectfully submitted,

*/s/ Kathryn E. Long*
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

IBRAHIM N. YASEEN
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

**ATTORNEYS FOR
DETECTIVE RON COLE**

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 24, 2025, a true and correct copy of this document has been served upon all parties via email:

Warren V. Norred                          Stephen D. Casey
warren@norredlaw.com                      CASEY LAW OFFICE, P.C.
Solomon G. Norred                         P.O. Box 2451
sgn@norredlaw.com                         Round Rock, TX 78680
NORRED LAW, PLLC                          stephen@caseylawoffice.us
515 E. Border St.
Arlington, TX 76010

*/s/ Kathryn E. Long*
KATHRYN E. LONG

**App. 22**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERINTENDENT HAFEDH AZAIEZ, | § | CIVIL ACTION NO. |
| TRUSTEES AMBER FELLER, TIFFANIE | § | 1:22-cv-00448-DAE |
| HARRISON, AMY WEIR, JUN XIAO, CORY | § | |
| VESSA; OFFICERS JEFFREY YARBROUGH, | § | |
| JAMES WILLIBY, DEBORAH GRIFFITH, | § | |
| MILTON POPE, FRANK PONTILLO, RON | § | |
| COLE, CHIEF DENNIS WEINER, and CARLA | § | |
| AMACHER, individually, and ROUND ROCK | § | |
| INDEP. SCHOOL DISTRICT, | § | |
| | § | |
| *Defendants*. | § | |

---

## DEFENDANT DENNIS WEINER'S FIRST SET OF INTERROGATORIES TO PLAINTIFF JEREMY STORY

---

TO:    Plaintiff Jeremy Story, by and through his attorneys of record, Warren V. Norred and Solomon G. Norred, NORRED LAW, PLLC, 515 E. Border St., Arlington, Texas 76010 and Stephen D. Casey, CASEY LAW OFFICE, P.C., P.O. Box 2451, Round Rock, Texas 78680.

Defendant Dennis Weiner hereby requests that Plaintiff Jeremy Story answer fully and separately in writing, under oath, the following Interrogatories and serve his answers on Defendants' counsel within thirty (30) days after service, in accordance with the Federal Rules of Civil Procedure.

**App. 23**

---

# I.
## DEFINITIONS AND INSTRUCTIONS

1.     To the extent provided by the Federal Rules of Civil Procedure, these interrogatories are intended to be continuing in nature. You are required to supplement your answers when appropriate or necessary.

2.     The terms "you," "your," "Plaintiff," or "Story" shall mean Plaintiff Jeremy Story and his present and former agents, attorneys, representatives, heirs and assigns.

3.     The term "Weiner" shall mean Defendant Dennis Weiner who previously served as the Chief of Police for Round Rock Independent School District's Police Department.

4.     The terms "Round Rock ISD" or the "District" shall mean the Round Rock Independent School District, including its employees, officers, directors, agents, and attorneys.

5.     The term "the Board" shall mean the Round Rock ISD Board of Trustees.

6.     The term "Homecoming Defendants" shall mean Round Rock ISD Police Department Sergeant Ron Cole, former Round Rock ISD Area Superintendent Dr. Carla Amacher, and Weiner, collectively.

7.     Unless otherwise noted "Complaint" refers to "Plaintiff's Third Amended Complaint" filed on October 5, 2023, and any subsequent amendments or supplements thereto filed in the above-styled and numbered case.

8.     The term "Lawsuit" shall mean the lawsuit that Story filed against the Homecoming Defendants and others in the United States District Court for the Western District of Texas, Austin Division, Civil Action No. 1:22-cv-00448-DAE.

9.     The term "Homecoming Game" shall mean the September 16, 2022 Homecoming Football Game that occurred at Round Rock High School, as well as your distribution of campaign literature in the Round Rock High School parking lot prior to the Homecoming Game and any other events involving you that transpired in the Round Rock High School parking lot immediately

**App. 24**

preceding or following the Homecoming Game, that are subject of some of Your claims in the Complaint.

10.    The term "GKDA (Local)" refers to Round Rock ISD's Board policy GKDA (Local) issued on May 3, 2017, and included as Exhibit 16 to Story's Appendix in Support of Third Amended Complaint (Dkt. No. 49-1), that is the subject of some of Your claims in the Complaint.

11.    The term "person" includes natural persons, corporations, partnerships, joint venturers, unincorporated associations, trusts, government entities and all other legal entities.

12.    The term "communication" or "communicated" means any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever made, including, but not limited to, correspondence, e-mails, or any other form of electronic utterance, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, between two or more persons.

13.    When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and e-mail address and additionally, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

14.    Wherever the word "including" appears, the meaning intended is "including, but not limited to."

15.    The plural includes the singular and vice versa.

16.    The masculine includes the feminine and vice versa.

17.    The term "relating" or "related" shall mean referring to, having any relationship to, pertaining to, evidencing or constituting evidence of, in whole or in part, the subject matter of the request.

**App. 25**

18.     The term "document" includes all types of writings, drawings, graphs, charts, photographs, or phone records. It also includes all means of electronic or magnetic data such as e-mail, text messages, SMS messages, and electronic postings on any social media website, Internet forum or information relayed in any Internet chat room. Any electronic or magnetic data is to be produced, when available, in native electronic format.

19.     The information requested herein does not include communications with your attorney or any documents protected by the attorney-client privilege and/or work product doctrine.

20.     If you fail to respond to any interrogatory in whole or in part on the basis of a claim of privilege, state that information or material responsive to the request has been withheld, describe all information or material withheld in such a manner that, without revealing the privileged information itself or otherwise waiving the privilege, will enable other parties to assess the applicability of the claimed privilege, and identify the specific privilege relied upon by you in withholding each item of information or material responsive to a particular request.

**App. 26**

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:**          If you had any interactions, conversations, or communications with Weiner between May 2021 and September 16, 2022 regarding any matter at issue in the Lawsuit, please identify and describe the interactions, conversations or communications. As part of your Answer, for each interaction, conversation or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 2:**          Identify and describe all interactions, conversations, or communications you had with Weiner on September 16, 2022, including at the Homecoming Game. As part of your Answer, for each interaction, conversation or communication identified, please state: the substance of the interaction, conversation, or communication and identify all witnesses present.

**ANSWER:**

**INTERROGATORY NO. 3:**          Identify and describe all interactions, conversations, or communications you had with Weiner after September 16, 2022 regarding the Homecoming Game or any matter at issue in the Lawsuit. As part of your Answer, for each interaction, conversation or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 4:**          If you contend that GKDA (Local)'s prior review requirement did not apply to the flyers you were distributing or passing out at the Homecoming Game, please state and describe in detail the facts supporting your contention.

**ANSWER:**

**App. 27**

**INTERROGATORY NO. 5:**        If you contend that you or someone else sought prior review under GKDA (Local) of the flyers you were distributing or passing out at the Homecoming Game and obtained explicit or implicit approval from Round Rock ISD's Superintendent or designee, including Round Rock High School Principal Matt Groff as alleged in Paragraph 149 of the Complaint, please state the facts supporting your contention. As part of your Answer, please state whether you contend Weiner was aware of this explicit or implicit approval and the facts supporting that contention.

**ANSWER:**

**INTERROGATORY NO. 6:**        Identify and describe each alleged instance for which you contend Weiner violated your First Amendment free speech rights. As part of your Answer, please state: the date and time of the alleged violation; who was involved in the alleged infringement of speech; where the alleged infringement of speech occurred; how Weiner's actions or omissions violated your First Amendment free speech rights; what occurred immediately before and after each alleged infringement of speech; and the identity of all witnesses who were present or nearby during the time of each alleged infringement of speech.

**ANSWER:**

**INTERROGATORY NO. 7:**        If you contend that Weiner unlawfully infringed on your First Amendment free speech rights at or during the Homecoming Game, state and describe in detail the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 8:**        If you contend that Weiner infringed your First Amendment speech rights at the Homecoming Game because of your viewpoint or the viewpoint expressed by the flyers you were distributing or passing out at the Homecoming Game, state and describe in detail the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 9:**        If you contend that Weiner treated you differently at the Homecoming Game than he treated other individuals handing out nonschool literature on Round Rock ISD premises or property, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify each and every instance you contend that Weiner treated individuals who were handing out nonschool literature on Round Rock ISD premises differently or more favorably than he treated you at the Homecoming Game. With respect to each instance identified, please state: the date it occurred; where it occurred; the nonschool literature being distributed or passed out; who was distributing or passing out the nonschool literature; whether the individual had sought prior review of the nonschool literature under Round Rock ISD Board policy GKDA (Local); and how Weiner treated the individual(s) differently or more favorably than he treated you at the Homecoming Game.

**ANSWER:**

**App. 28**

**INTERROGATORY NO. 10:**       If you contend Weiner's actions towards you at the Homecoming Game were in retaliation for First Amendment protected activity speech in which you had engaged prior to the Homecoming Game, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify the allegedly protected activity or speech for which you contend Weiner was retaliating against you including the date(s) on which you engaged in the alleged protected activity or speech; the nature of the protected activity or speech (e.g., whether it was a written complaint, statement, or other protected activity); how the protected activity or speech was communicated; the substance of the protected activity or speech; and to whom the protected activity or speech was directed.

**ANSWER:**


**INTERROGATORY NO. 11:**       With respect to each allegedly protected activity or speech identified in your Answer to Interrogatory No. 10, if you contend Weiner was aware of such protected activity or speech, state and describe in detail the facts supporting your contention.

**ANSWER:**


**INTERROGATORY NO. 12:**       With respect to each allegedly protected activity or speech identified in your Answer to Interrogatory No. 10, please state and describe in detail the facts showing that Weiner was motivated by such activity or speech with respect to his actions towards you at the Homecoming Game.

**ANSWER:**


**INTERROGATORY NO. 13:**       If you contend Weiner incorrectly or improperly applied GKDA (Local) to your distribution or passing out of flyers at or during the Homecoming Game, please describe in detail the facts supporting this contention.

**ANSWER:**


**INTERROGATORY NO. 14:**       If you contend that Weiner applied or relied on GKDA (Local) as a pretext to infringe your free speech rights at the Homecoming Game, please describe in detail the facts supporting this contention.

**ANSWER:**


**INTERROGATORY NO. 15:**       Please describe in detail the facts supporting the allegation in Paragraph 150 of the Complaint that Dr. Hafedh Azaiez and Weiner acted together to "chill [your] speech during [the Homecoming Game]."

**ANSWER:**


# App. 29

**INTERROGATORY NO. 16:**    Please describe in detail the facts supporting the allegation in Paragraph 150 of the Complaint that Weiner acted together with Amacher and Cole to "chill [your] speech during [the Homecoming Game]."

**ANSWER:**


**INTERROGATORY NO. 17:**    If you contend that Dr. Hafedh Azaiez instructed or directed Weiner with respect to any of his actions towards you at the Homecoming Game, please describe in detail the facts supporting your contention.

**ANSWER:**


**INTERROGATORY NO. 18:**    In Paragraph 142 of the Complaint, you allege that "the officers threatened to arrest Story and the group if they refused to leave," please state whether you contend Weiner ever threatened to arrest you or the group, or directed any other Round Rock ISD Police Department personnel to threaten to arrest you or the group, and describe in detail the facts supporting this contention. As part of your Answer, please identify any document or recording that evidences or reflects that Weiner made any threat of arrest or directed others to threaten to arrest you or the group.

**ANSWER:**


**INTERROGATORY NO. 19:**    In Paragraph 142 of the Complaint, you allege that "the officers threatened to arrest Story and the group if they refused to leave," and assert that this occurred while Weiner "looked on." Please state and describe in detail the facts supporting the assertion that this occurred while Weiner "looked on." As part of your Answer, please identify any document or recording that evidences or reflects these allegations in Paragraph 142 of the Complaint.

**ANSWER:**


**INTERROGATORY NO. 20:**    If you or your attorneys have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Weiner regarding the Homecoming Game or the allegations against him in this Lawsuit, please describe the statement and/or admission, identify who made the statement and/or admission, provide the date the statement and/or admission was made, and state how the statement or admission was made or communicated, including to whom the statement was made or was communicated.

**ANSWER:**


# App. 30

**INTERROGATORY NO. 21:**    If you or your attorneys have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Round Rock ISD, any current or former employee, official or agent of Round Rock ISD, or any current or former Round Rock ISD parent or student about Weiner, Weiner's actions or omissions with respect to the Homecoming Game, or regarding your allegations against Weiner in this Lawsuit, please describe the statement and/or admission, identify who made the statement and/or admission, provide the date the statement and/or admission was made, and state how the statement or admission was made or communicated, including to whom the statement was made or was communicated.

**ANSWER:**

**INTERROGATORY NO. 22:**    Please identify each and every individual from whom you or your attorneys obtained a written, recorded, or transcribed statement regarding: Weiner; the Homecoming Game; Weiner's actions or omissions with respect to the Homecoming Game; or any other matter related your claims against Weiner in the Complaint. Please include in your answer the date upon which the statement was obtained, whether the statement was written, recorded, and/or transcribed, the identity of all individuals present when the statement was written, recorded, and/or transcribed, and whether the individual identified gave you oral or written consent for the recording you obtained.

**ANSWER:**

**INTERROGATORY NO. 23:**    If you are seeking an award of any sum of money from Weiner, please identify and describe the conduct of Weiner that allegedly contributed to the damages you allege you sustained, and describe the nature and extent of the damages you allege you have suffered. As part of your Answer, please state the full amount of money you seek from Weiner and describe the manner in which the amount was calculated. Your description should include each element of damage or component of recovery that you seek (e.g., actual, nominal, compensatory, or punitive damages, expenses, costs, attorney's fees, and so forth as alleged in the Complaint), the amount sought for each element or component, the manner in which each element or component of the calculation was determined, the time period over which the amount was computed, and the source of each number used in the calculation.

**ANSWER:**

**App. 31**

Respectfully submitted,

*/s/ Kathryn E. Long*
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

IBRAHIM N. YASEEN
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

**ATTORNEYS FOR
CHIEF DENNIS WEINER**

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 24, 2025, a true and correct copy of this document has been served upon all parties via email:

Warren V. Norred                    Stephen D. Casey
warren@norredlaw.com                CASEY LAW OFFICE, P.C.
Solomon G. Norred                   P.O. Box 2451
sgn@norredlaw.com                   Round Rock, TX 78680
NORRED LAW, PLLC                    stephen@caseylawoffice.us
515 E. Border St.
Arlington, TX 76010

*/s/ Kathryn E. Long*
KATHRYN E. LONG

# App. 32

| | |
|---|---|
| **From:** | Katie Long |
| **To:** | wnorred@norredlaw.com; stephen@caseylawoffice.us; Marie Anderson |
| **Cc:** | Adam Rothey; Ibrahim Yaseen; Mindy Irvin; Stefani Simpson |
| **Subject:** | No. 1:22-cv-00448-DAE; Story v. Round Rock ISD, et al. |
| **Date:** | Wednesday, March 26, 2025 7:05:00 PM |
| **Attachments:** | 3-26-25 Ltr to W Norred and S Casey propounding discovery to Plaintiff J. Story.pdf |
| | L Griffith"s First Set of Interrogatories.pdf |
| | Pontillo"s First Set of Interrogatories.pdf |
| | Pope"s First Set of Interrogatories.pdf |
| | image001.png |
| | image002.png |

---

Counsel:

Please see attached correspondence in the above-referenced matter and Defendants Lauren Griffith, Frank Pontillo, and Milton Pope's written discovery requests to Plaintiff Jeremy Story.  If you need Word versions of the discovery to facilitate your answers, Ms. Anderson can reach out to my assistant, Stefani Simpson.

Kind regards,
Katie Long

---

Kathryn Long, Partner | vcard
500 North Akard Street, Suite 3150
Dallas, Texas 75201
T: 972.734.5613  |  M: 469.222.9285  |  F: 972.534.1645
klong@thompsonhorton.com  |  www.thompsonhorton.com



CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges.  Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful.  Please delete this message and any copy of it (in any form) without disclosing it.  If you believe this message has been sent to you in error, please notify the sender by replying to this transmission.  Thank you for your cooperation.

**App. 33**



| | |
|---|---|
| Houston | Kathryn E. Long |
| **Dallas** | Partner |
| Austin | |
| Fort Worth | |

(972) 734-5613 Office
(713) 583-8884 Fax

klong@thompsonhorton.com

Thompson & Horton LLP
500 N. Akard Street, Suite 3150
Dallas, Texas 75201-3302

March 26, 2025

***Via Email:*** *wnorred@norredlaw.com*
Warren V. Norred, P.E.
Norred Law, PLLC
515 East Border Street
Arlington, Texas 76010

***Via Email:*** *stephen@caseylawoffice.us*
Stephen D. Casey
Casey Law Office, P.C.
P.O. Box 2451
Round Rock, Texas 78680

Re:     Civil Action No. 1:22-cv-00448-DAE, *Story v. Round Rock ISD, et al.*;
In the United States District Court, Western District of Texas, Austin Division

Dear Counsel:

Attached please find Defendants' written discovery requests to Plaintiff Jeremy Story in the above-referenced matter, which include the following documents:

- Defendant Frank Pontillo's First Set of Interrogatories to Plaintiff Jeremy Story;

- Defendant Milton Pope's First Set of Interrogatories to Plaintiff Jeremy Story; and

- Defendant Laura Griffith's First Set of Interrogatories to Plaintiff Jeremy Story.

Should you have any questions, please do not hesitate to contact me. Thank you.

Sincerely,

Kathryn E. Long

Enclosures

cc:     K. Adam Rothey (*Of the Firm*)
Ibrahim N. Yaseen (*Of the Firm*)

**App. 34**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERINTENDENT HAFEDH AZAIEZ, | § | CIVIL ACTION NO. |
| TRUSTEES AMBER FELLER, TIFFANIE | § | 1:22-cv-00448-DAE |
| HARRISON, AMY WEIR, JUN XIAO, CORY | § | |
| VESSA; OFFICERS JEFFREY YARBROUGH, | § | |
| JAMES WILLIBY, DEBORAH GRIFFITH, | § | |
| MILTON POPE, FRANK PONTILLO, RON | § | |
| COLE, CHIEF DENNIS WEINER, and CARLA | § | |
| AMACHER, individually, and ROUND ROCK | § | |
| INDEP. SCHOOL DISTRICT, | § | |
| | § | |
| *Defendants*. | § | |

---

## DEFENDANT LAUREN GRIFFITH'S FIRST SET OF INTERROGATORIES TO PLAINTIFF JEREMY STORY

---

TO:    Plaintiff Jeremy Story, by and through his attorneys of record, Warren V. Norred and Solomon G. Norred, NORRED LAW, PLLC, 515 E. Border St., Arlington, Texas 76010 and Stephen D. Casey, CASEY LAW OFFICE, P.C., P.O. Box 2451, Round Rock, Texas 78680.

Defendant Lauren Griffith hereby requests that Plaintiff Jeremy Story answer fully and

separately in writing, under oath, the following Interrogatories and serve his answers on Defendants'

counsel within thirty (30) days after service, in accordance with the Federal Rules of Civil Procedure.

# App. 35

# I.
# DEFINITIONS AND INSTRUCTIONS

1.      To the extent provided by the Federal Rules of Civil Procedure, these interrogatories are intended to be continuing in nature. You are required to supplement your answers when appropriate or necessary.

2.      The terms "you," "your," "Plaintiff," or "Story" shall mean Plaintiff Jeremy Story and his present and former agents, attorneys, representatives, heirs, and assigns.

3.      The term "Griffith" shall mean Defendant Lauren Griffith who is a Detective Sergeant for Round Rock Independent School District's Police Department.

4.      The terms "Round Rock ISD" or the "District" shall mean the Round Rock Independent School District, including its employees, officers, directors, agents, and attorneys.

5.      The term "the Board" shall mean the Round Rock ISD Board of Trustees.

6.      The terms "Officer Defendants" shall mean Defendants Lauren Griffith, Milton Pope, and Frank Pontillo, collectively.

7.      Unless otherwise noted, "Complaint" refers to "Plaintiff's Third Amended Complaint" filed on October 5, 2023, and any subsequent amendments or supplements thereto filed in the above-styled and numbered case.

8.      The term "Lawsuit" shall mean the lawsuit that Story filed against the Officer Defendants and others in the United States District Court for the Western District of Texas, Austin Division, Civil Action No. 1:22-cv-00448-DAE.

9.      The term or phrase "August 16 Board Meeting" shall mean the specially called meeting of the Round Rock ISD Board of Trustees held on August 16, 2021, that is the subject of some of Story's claims in the Complaint.

**App. 36**

10.     The term or phrase "September 14 Board Meeting" shall mean the regular meeting of the Round Rock ISD Board of Trustees held on September 14, 2021, that is the subject of some of Story's claims in the Complaint.

11.     The term or phrase the ""Warrant Affidavit" shall mean the "Affidavit for Warrant of Arrest and Detention" dated September 17, 2021, regarding your actions at the August 16 Board Meeting, which is attached to the Complaint in Exhibit 18 (ECF No. 44-1, Page ID 197–199) and referenced in the Complaint, including in Paragraphs 227(e) and 228.

12.     The term "person" includes natural persons, corporations, partnerships, joint venturers, unincorporated associations, trusts, government entities and all other legal entities.

13.     The term "communication" or "communicated" means any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever made, including, but not limited to, correspondence, e-mails, or any other form of electronic utterance, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, between two or more persons.

14.     When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and e-mail address and additionally, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

15.     Wherever the word "including" appears, the meaning intended is "including, but not limited to."

16.     The plural includes the singular and vice versa.

17.     The masculine includes the feminine and vice versa.

**App. 37**

18.     The term "relating" or "related" shall mean referring to, having any relationship to, pertaining to, evidencing or constituting evidence of, in whole or in part, the subject matter of the request.

19.     The term "document" includes all types of writings, drawings, graphs, charts, photographs, or phone records. It also includes all means of electronic or magnetic data such as e-mail, text messages, SMS messages, and electronic postings on any social media website, Internet forum or information relayed in any Internet chat room. Any electronic or magnetic data is to be produced, when available, in native electronic format.

20.     The information requested herein does not include communications with your attorney or any documents protected by the attorney-client privilege and/or work product doctrine.

21.     If you fail to respond to any interrogatory in whole or in part on the basis of a claim of privilege, state that information or material responsive to the request has been withheld, describe all information or material withheld in such a manner that, without revealing the privileged information itself or otherwise waiving the privilege, will enable other parties to assess the applicability of the claimed privilege, and identify the specific privilege relied upon by you in withholding each item of information or material responsive to a particular request.

**App. 38**

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:**          If you had any interactions, conversations, or communications with Griffith prior to August 16, 2021 regarding any matter at issue in the Lawsuit, please identify and describe the interactions, conversations, or communications. As part of your Answer, for each interaction, conversation, or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 2:**          Please state and describe in detail the facts supporting the contention in Paragraph 33 of the Complaint that "Griffith was in the parking lot outside the location of the scheduled RRISD board meeting and had been informed that Story was approaching, complete with a description of his clothing." As part of your Answer, please state and describe any facts that: Griffith knew who you were prior to August 16, 2021; that Griffith was advised you were approaching the building and was given a description of your clothing (including any documents, communications or other information that she was so advised); by whom Griffith was advised of this information; and why you contend Griffith was provided this information.

**ANSWER:**

**INTERROGATORY NO. 3:**          Please identify whether Griffith was ever present in the building or in the Board meeting room at the August 16 Board Meeting, and describe all interactions, conversations, or communications you had with Griffith on August 16, 2021, including at the August 16 Board Meeting. As part of your Answer, for each interaction, conversation, or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 4:**          If you had any interactions, conversations, or communications with Griffith from August 17, 2021 through September 13, 2021 regarding any matter at issue in the Lawsuit, please identify and describe the interactions, conversations, or communications. As part of your Answer, for each interaction, conversation, or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and

**App. 39**

whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 5:**    Please identify whether Griffith was ever present on September 14, 2021 in the building or in the room where Round Rock ISD held the September 14 Board Meeting, and describe all interactions, conversations, or communications you had with Griffith on September 14, 2021, including at the September 14 Board Meeting. As part of your Answer, for each interaction, conversation, or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 6:**    If you contend that Griffith engaged in, or was directly or indirectly involved in, any misconduct or improper action or omission towards you at the August 16 Board Meeting or September 14 Board Meeting—including any alleged seizure, any alleged use of excessive force, or your removal from the August 16 Board Meeting—please state and describe in detail the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 7:**    Texas Penal Code Section 38.13 addresses "Hindering Proceedings by Disorderly Conduct" and Section 38.13(a) provides that "[a] person commits an offense if he intentionally hinders an official proceeding by noise or violent or tumultuous behavior or disturbance." If you contend that you did not intentionally hinder the August 16 Board Meeting by noise or violent or tumultuous behavior or disturbance, please state and describe in detail the facts supporting your contention. As part of your Answer, please state whether you intended to discuss the Protective Order against Round Rock ISD Superintendent Dr. Azaiez referenced in the Complaint when you arrived at or rose to speak at the August 16 Board Meeting and whether you continued to speak during your public comment at the August 16 Board Meeting after Board President Amy Weir stated that the matters you were discussing did not relate to the matters on the Agenda for the August 16 Board Meeting and that you could only discuss the matters on the Agenda for the August 16 Board Meeting.

**ANSWER:**

**INTERROGATORY NO. 8:**    Texas Penal Code Section 38.13 addresses "Hindering Proceedings by Disorderly Conduct" and Section 38.13(b) provides that "[a] person commits an offense if he recklessly hinders an official proceeding by noise or violent or tumultuous behavior or disturbance and continues after explicit official request to desist." If you contend that you did not recklessly hinder the August 16 Board Meeting by noise or violent or tumultuous behavior or disturbance, please state and describe in detail the facts supporting your contention. As part of your

**App. 40**

Answer, please state and describe in detail the facts supporting any contention you make regarding whether Board President Amy Weir did or did not make an official request that you desist at the August 16 Board Meeting and whether you did or did not desist.

**ANSWER:**

**INTERROGATORY NO. 9:**    If you contend that Round Rock ISD Superintendent Dr. Hafedh Azaiez was involved directly or indirectly in the preparation or submission of the Warrant Affidavit—including instructing or directing Griffith or any other Round Rock ISD personnel regarding the Warrant Affidavit—including as alleged in Paragraph 203 of the Complaint, please state and describe in detail the facts supporting your contention. As part of your Answer, please identify any documents, communications, or other evidence or information that supports your contention(s) that Dr. Azaiez was involved in the preparation or submission of the Warrant Affidavit.

**ANSWER:**

**INTERROGATORY NO. 10:**    If you contend that Board President Amy Weir was involved directly or indirectly in the preparation or submission of the Warrant Affidavit—including instructing or directing Griffith or any other Round Rock ISD personnel regarding the Warrant Affidavit—including as alleged in Paragraph 203 of the Complaint, please state and describe in detail the facts supporting your contention. As part of your Answer, please identify any documents, communications, or other evidence or information that supports your contention(s) that Board President Amy Weir was involved in the preparation or submission of the Warrant Affidavit.

**ANSWER:**

**INTERROGATORY NO. 11:**    If you contend that Griffith was motivated or influenced by Round Rock ISD Superintendent Dr. Hafedh Azaiez or Board President Amy with respect to her actions or omissions in the preparation or submission of the Warrant Affidavit, please state and describe in detail the facts supporting your contention. As part of your Answer, please identify any documents, communications, or other evidence or information that supports your contention(s) that Griffith was motivated or influenced by Round Rock ISD Superintendent Dr. Hafedh Azaiez or Board President Amy with respect to her actions or omissions in the preparation or submission of the Warrant Affidavit.

**ANSWER:**

**INTERROGATORY NO. 12:**    If you contend the Warrant Affidavit contains false statements, errors, or omissions, please identify each false statement, error, or omission and state the factual basis for your contention that the statement, error, or omission is false.

**ANSWER:**

# App. 41

**INTERROGATORY NO. 13:**        If you contend that Griffith knew that any of the statements identified in your Answer to Interrogatory No. 12 were false, contained errors, or omitted key facts, please state and describe in detail the facts supporting your contention.

**ANSWER:**


**INTERROGATORY NO. 14:**        If you contend that you did not "receive[ ] [verbal] warnings" at the August 16 Board Meeting "while [you were] speaking about unrelated topics," as alleged in Paragraph 110 of the Complaint, please state and describe in detail the factual basis of your contention.

**ANSWER:**


**INTERROGATORY NO. 15:**        If you contend that it would be objectively unreasonable for a person attending or viewing the August 16 Board Meeting to believe you "receive[ ] [verbal] warnings" at the August 16 Board Meeting "while [you were] speaking about unrelated topics," as alleged in Paragraph 110 of the Complaint, please state and describe in detail the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 16:**        If you contend that you did not have "verbal outbursts" at the August 16 Board Meeting while you were speaking during public comment, as alleged in Paragraph 110 of the Complaint, please state and describe in detail the factual basis for your contention.

**ANSWER:**


**INTERROGATORY NO. 17:**        If you contend that it would be objectively unreasonable for a person attending or viewing the August 16 Board Meeting to believe you had "verbal outburst" as you were speaking during public comment, please state and describe in detail the factual basis of your contention.

**ANSWER:**


**INTERROGATORY NO. 18:**        If you contend Griffith engaged in any action or omission that tainted the deliberations of the Williamson County Magistrate Judge who signed the warrant for your arrest referenced in Paragraph 227 of the Complaint, please state and describe in detail the facts supporting this contention. As part of your Answer, please state each and every action or omission of Griffith that tainted the Magistrate's finding of probable cause and describe how each and every action or omission of Griffith  tainted the finding of probable cause.

**ANSWER:**


# App. 42

**INTERROGATORY NO. 19:**    If you contend Griffith's preparation and submission of the Warrant Affidavit, was in retaliation for First Amendment protected activity or speech in which you had engaged, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify the allegedly protected activity or speech for which you contend Griffith was retaliating against you including the date(s) on which you engaged in the alleged protected activity or speech; the nature of the protected activity or speech (e.g., whether it was a written complaint, statement, or other protected activity); how the protected activity or speech was communicated; the substance of the protected activity or speech; and to whom the protected activity or speech was directed.

**ANSWER:**

**INTERROGATORY NO. 20:**    With respect to each allegedly protected activity or speech identified in your Answer to Interrogatory No. 19,  if you contend Griffith was aware of such protected activity or speech, state and describe in detail the facts supporting your contention

.**ANSWER:**

**INTERROGATORY NO. 21:**    With respect to each allegedly protected activity or speech identified in your Answer to Interrogatory No. 19, please state and describe in detail the facts showing that Griffith was motivated by such activity or speech with respect to her preparation or submission of the Warrant Affidavit.

**ANSWER:**

**INTERROGATORY NO. 22:**    If you or your attorneys have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Griffith regarding the August 16 Board Meeting, the September 14 Board Meeting, the Warrant Affidavit, or the allegations against her in this Lawsuit, please describe the statement and/or admission, identify the date the statement and/or admission was made, and state how the statement or admission was made or communicated, including to whom the statement was made or was communicated.

**ANSWER:**

**INTERROGATORY NO. 23:**    If you or your attorneys have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Round Rock ISD, any current or former employee, official or agent of Round Rock ISD, or any current or former Round Rock ISD parent or student about Griffith and/or Griffith's actions or omissions with respect to the August 16 Board Meeting, the September 14 Board Meeting, the Warrant Affidavit, or the allegations against Griffith in this Lawsuit, please describe the statement and/or admission, identify who made the statement and/or admission, provide the date the statement and/or admission was made, and state how the statement or admission was made or communicated, including to whom the statement was made or was communicated.

**ANSWER:**

# App. 43

**INTERROGATORY NO. 24:**      Please identify each and every individual from whom you or your attorneys obtained a written, recorded, or transcribed statement regarding: Griffith; Griffith's actions or omissions with respect to the August 16 Board Meeting, the September 14 Board Meeting, the Warrant Affidavit; or other matter related your claims against Griffith in the Complaint. Please include in your answer the date upon which the statement was obtained, whether the statement was written, recorded, and/or transcribed, the identity of all individuals present when the statement was written, recorded, and/or transcribed, and whether the individual identified gave you oral or written consent for the recording you obtained.

**ANSWER:**

**INTERROGATORY NO. 25:**      If you are seeking an award of any sum of money from Griffith, please identify and describe the conduct of Griffith that allegedly contributed to the damages you allege you sustained, and describe the nature and extent of the damages you allege you have suffered. As part of your Answer, please state the full amount of money you seek from Griffith and describe the manner in which the amount was calculated. Your description should include each element of damage or component of recovery that you seek (e.g., actual, nominal, compensatory, or punitive damages, expenses, costs, attorney's fees, and so forth as alleged in the Complaint), the amount sought for each element or component, the manner in which each element or component of the calculation was determined, the time period over which the amount was computed, and the source of each number used in the calculation. If you seek to recover damages for mental anguish against Griffith, describe in detail the nature and extent of the mental anguish you contend you have suffered or continue to suffer and provide a summary of the medical or psychological treatment you sought or received related to the alleged mental anguish, including any physicians, therapists, psychologists, counselors, clinics, hospitals, or other health care providers you visited in connection with the alleged mental anguish, including the dates of services and the charges for services

**ANSWER:**

# App. 44

Respectfully submitted,

*/s/ Kathryn E. Long*
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

IBRAHIM N. YASEEN
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

**ATTORNEYS FOR THE ROUND
ROCK ISD DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 26, 2025, a true and correct copy of this document has been served upon all parties via email:

Warren V. Norred                 Stephen D. Casey
warren@norredlaw.com             CASEY LAW OFFICE, P.C.
Solomon G. Norred                P.O. Box 2451
sgn@norredlaw.com                Round Rock, TX 78680
NORRED LAW, PLLC                 stephen@caseylawoffice.us
515 E. Border St.
Arlington, TX 76010

*/s/ Kathryn E. Long*
Kathryn E. Long

**App. 45**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERINTENDENT HAFEDH AZAIEZ, | § | CIVIL ACTION NO. |
| TRUSTEES AMBER FELLER, TIFFANIE | § | 1:22-cv-00448-DAE |
| HARRISON, AMY WEIR, JUN XIAO, CORY | § | |
| VESSA; OFFICERS JEFFREY YARBROUGH, | § | |
| JAMES WILLIBY, DEBORAH GRIFFITH, | § | |
| MILTON POPE, FRANK PONTILLO, RON | § | |
| COLE, CHIEF DENNIS WEINER, and CARLA | § | |
| AMACHER, individually, and ROUND ROCK | § | |
| INDEP. SCHOOL DISTRICT, | § | |
| | § | |
| *Defendants*. | § | |

---

## DEFENDANT FRANK PONTILLO'S FIRST SET OF INTERROGATORIES TO PLAINTIFF JEREMY STORY

---

TO:    Plaintiff Jeremy Story, by and through his attorneys of record, Warren V. Norred and Solomon G. Norred, NORRED LAW, PLLC, 515 E. Border St., Arlington, Texas 76010 and Stephen D. Casey, CASEY LAW OFFICE, P.C., P.O. Box 2451, Round Rock, Texas 78680.

Defendant Frank Pontillo hereby requests that Plaintiff Jeremy Story answer fully and

separately in writing, under oath, the following Interrogatories and serve his answers on Defendants'

counsel within thirty (30) days after service, in accordance with the Federal Rules of Civil Procedure.

# App. 46

# I.
## DEFINITIONS AND INSTRUCTIONS

1.　　　　To the extent provided by the Federal Rules of Civil Procedure, these interrogatories are intended to be continuing in nature. You are required to supplement your answers when appropriate or necessary.

2.　　　　The terms "you," "your," "Plaintiff," or "Story" shall mean Plaintiff Jeremy Story and his present and former agents, attorneys, representatives, heirs, and assigns.

3.　　　　The term "Pontillo" shall mean Defendant Frank Pontillo who is a former Officer for Round Rock Independent School District's Police Department.

4.　　　　The terms "Round Rock ISD" or the "District" shall mean the Round Rock Independent School District, including its employees, officers, directors, agents, and attorneys.

5.　　　　The term "the Board" shall mean the Round Rock ISD Board of Trustees.

6.　　　　The terms "Officer Defendants" shall mean Defendants Lauren Griffith, Milton Pope, and Frank Pontillo, collectively.

7.　　　　Unless otherwise noted, "Complaint" refers to "Plaintiff's Third Amended Complaint" filed on October 5, 2023, and any subsequent amendments or supplements thereto filed in the above-styled and numbered case.

8.　　　　The term "Lawsuit" shall mean the lawsuit that Story filed against the Officer Defendants and others in the United States District Court for the Western District of Texas, Austin Division, Civil Action No. 1:22-cv-00448-DAE.

9.　　　　The term or phrase "August 16 Board Meeting" shall mean the specially called meeting of the Round Rock ISD Board of Trustees held on August 16, 2021, that is the subject of some of Story's claims in the Complaint.

**App. 47**

10.     The term or phrase "September 14 Board Meeting" shall mean the regular meeting of the Round Rock ISD Board of Trustees held on September 14, 2021, that is the subject of some of Story's claims in the Complaint.

11.     The term or phrase the ""Warrant Affidavit" shall mean the "Affidavit for Warrant of Arrest and Detention" dated September 17, 2021, regarding your actions at the August 16 Board Meeting, which is attached to the Complaint in Exhibit 18 (ECF No. 44-1, Page ID 197–199) and referenced in the Complaint, including in Paragraphs 227(e) and 228.

12.     The term "person" includes natural persons, corporations, partnerships, joint venturers, unincorporated associations, trusts, government entities and all other legal entities.

13.     The term "communication" or "communicated" means any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever made, including, but not limited to, correspondence, e-mails, or any other form of electronic utterance, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, between two or more persons.

14.     When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and e-mail address and additionally, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

15.     Wherever the word "including" appears, the meaning intended is "including, but not limited to."

16.     The plural includes the singular and vice versa.

17.     The masculine includes the feminine and vice versa.

**App. 48**

18.     The term "relating" or "related" shall mean referring to, having any relationship to, pertaining to, evidencing or constituting evidence of, in whole or in part, the subject matter of the request.

19.     The term "document" includes all types of writings, drawings, graphs, charts, photographs, or phone records. It also includes all means of electronic or magnetic data such as e-mail, text messages, SMS messages, and electronic postings on any social media website, Internet forum or information relayed in any Internet chat room. Any electronic or magnetic data is to be produced, when available, in native electronic format.

20.     The information requested herein does not include communications with your attorney or any documents protected by the attorney-client privilege and/or work product doctrine.

21.     If you fail to respond to any interrogatory in whole or in part on the basis of a claim of privilege, state that information or material responsive to the request has been withheld, describe all information or material withheld in such a manner that, without revealing the privileged information itself or otherwise waiving the privilege, will enable other parties to assess the applicability of the claimed privilege, and identify the specific privilege relied upon by you in withholding each item of information or material responsive to a particular request.

**App. 49**

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:**          If you had any interactions, conversations, or communications with Pontillo from May 2021 through August 15, 2021 regarding any matter at issue in the Lawsuit, please identify and describe the interactions, conversations, or communications. As part of your Answer, for each interaction, conversation, or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 2:**          Please identify and describe all interactions, conversations, or communications you had with Pontillo on August 16, 2021, including at the August 16 Board Meeting. As part of your Answer, for each interaction, conversation, or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 3:**          If you contend that Board policy BED (Local)'s limitation on public comment at special meetings was incorrectly or inequitably applied to you at the August 16 Board Meeting, and that Pontillo was aware of this incorrect or inequitable application, please state and describe in detail the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 4:**          Texas Penal Code Section 38.13 addresses "Hindering Proceedings by Disorderly Conduct." Section 38.13(a) provides that "[a] person commits an offense if he intentionally hinders an official proceeding by noise or violent or tumultuous behavior or disturbance." Section 38.13(b) provides that "[a] person commits an offense if he recklessly hinders an official proceeding by noise or violent or tumultuous behavior or disturbance and continues after explicit official request to desist." If you contend that you did not intentionally or recklessly hinder the August 16 Board Meeting by noise or violent or tumultuous behavior or disturbance, please state and describe in detail the facts supporting your contention. As part of your Answer, please state and describe in detail whether you intended to discuss the Protective Order against Round Rock ISD Superintendent Dr. Azaiez referenced in the Complaint when you arrived at or rose to speak at the August 16 Board Meeting, whether you continued to speak during your public comment at the August 16 Board Meeting after Board President Amy Weir stated that the matters you were discussing did not relate to the matters on the Agenda for the August 16 Board Meeting and that you could only discuss the matters on the Agenda for the August 16 Board Meeting, and whether you contend that ha...

**App. 50**

President Amy Weir did or did not make an official request that you desist at the August 16 Board Meeting before you were removed from the August 16 Board Meeting.

**ANSWER:**


**INTERROGATORY NO. 5:**     If you contend that Pontillo used excessive force against you at the August 16 Board Meeting, identify and describe each use of force allegedly perpetrated against you by Pontillo at or during the August 16 Board Meeting. As part of your Answer, identify and describe in detail the force used by Pontillo, state the date and time of the alleged use of force, any other persons involved in the alleged use of force, where the alleged use of force occurred, what occurred immediately before and after each use of force identified, and the identity of all witnesses who were present or nearby during the time of each alleged use of force.

**ANSWER:**


**INTERROGATORY NO. 6:**     If you contend that any alleged use of force by Pontillo identified in your Answer to Interrogatory No. 5 was excessive to the need and clearly unreasonable, state each use of force you contend was excessive to the need or clearly unreasonable, and state and describe in detail the factual basis for the contention that each identified use of force was excessive to the need or clearly unreasonable. As part of your Answer, identify each and every action you and Pontillo took during, immediately preceding, and immediately after the alleged excessive or unreasonable use of force, including any verbal statements or directives made by Pontillo or other individual(s) allegedly involved and your response to any such statements.

**ANSWER:**


**INTERROGATORY NO. 7:**     If you contend that any alleged use of force by Pontillo at the August 16 Board Meeting identified in your Answer to Interrogatory No.5 caused you any injury, identify and describe in detail any injury you allegedly sustained. As part of your Answer, please state and describe in detail how each identified use of force directly caused the injury or injuries, and identify any medical or psychological treatment, including counseling, you sought or obtained related to the injury or injuries identified.

**ANSWER:**


**INTERROGATORY NO. 8:**     If you contend that Pontillo unreasonably seized you during or at the August 16 Board Meeting, please state and describe in detail the factual basis for your contention including how Pontillo seized you; the duration of the alleged seizure (from start to finish); the location(s) of the seizure; and any facts that any alleged seizure continued after you were escorted from the Board meeting room. As part of your Answer, please state and describe in detail any facts that it was objectively unreasonable for Pontillo to respond to Board President Amy Weir's request for your removal from the August 16 Board Meeting by removing you from the Board meeting room.

**ANSWER:**

# App. 51

**INTERROGATORY NO. 9:**    If you contend that Pontillo unlawfully infringed on your First Amendment free speech rights at, during, or because of the August 16 Board Meeting, identify and describe each alleged instance for which you contend Pontillo violated your First Amendment free speech rights. (This includes your removal from the Board Meeting and any alleged use of excessive force or seizure at the August 16 Board Meeting.) As part of your Answer, please state: the date and time of the alleged violation; who was involved in the alleged infringement of speech; where the alleged infringement of speech occurred; how Pontillo's actions or omissions violated your First Amendment free speech rights, including any facts that Pontillo was motivated by the content or viewpoint of the protected speech or activity; what occurred immediately before and after each alleged infringement of speech; and the identity of all witnesses who were present or nearby during the time of each alleged infringement of speech.

**ANSWER:**

**INTERROGATORY NO. 10:**    If you contend Pontillo's actions towards you at the August 16 Board Meeting—including your removal from the Board Meeting, any alleged use of excessive force, or any alleged seizure—were in retaliation for First Amendment protected activity or speech in which you engaged at or prior to the August 16 Board Meeting, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify the allegedly protected activity or speech for which you contend Pontillo was retaliating against you including the date(s) on which you engaged in the alleged protected activity or speech; the nature of the protected activity or speech (e.g., whether it was a written complaint, statement, or other protected activity); how the protected activity or speech was communicated; the substance of the protected activity or speech; and to whom the protected activity or speech was directed. With respect to each allegedly protected activity or speech identified, please state and describe in detail the basis for your contention that Pontillo was aware of the protected speech and motivated by the protected speech with respect to his actions toward you at the August 16 Board Meeting.

**ANSWER:**

**INTERROGATORY NO. 11:**    If you contend that Pontillo treated you differently from other similarly situated individuals with respect to any alleged use of force by Pontillo identified in your Answer to Interrogatory No. 5, any alleged seizure of you by Pontillo identified in your Answer to Interrogatory No. 8, and/or your removal from the August 16 Board Meeting, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify each and every instance you contend that Pontillo treated individuals who did not follow BED (Local)'s limited public comment rule at special Board meetings differently or more favorably than he treated you at the August 16 Board Meeting. With respect to each instance identified, please state: the date it occurred; where it occurred; who was speaking during public comment; the subject matter upon which the individual was speaking; whether the individual continued speaking after the Board President or other presiding officer requested that the individual stop speaking; and how Pontillo treated the individual(s) differently or more favorably than he treated you at the August 16 Board Meeting.

 **ANSWER:**

# App. 52

**INTERROGATORY NO. 12:**    If you had any interactions, conversations, or communications with Pontillo from August 17, 2021 through September 13, 2021 regarding any matter at issue in the Lawsuit, please identify and describe the interactions, conversations, or communications. As part of your Answer, for each interaction, conversation, or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 13:**    Please identify and describe all interactions, conversations, or communications you had with Pontillo on September 14, 2021, including at the September 14 Board Meeting. As part of your Answer, for each interaction, conversation, or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 14:**    Identify and describe each use of force allegedly perpetrated against you by Pontillo at or during the September 14 Board Meeting. As part of your Answer, identify and describe in detail the force used by Pontillo, state the date and time of the alleged use of force, any other persons involved in the alleged use of force, where the alleged use of force occurred, what occurred immediately before and after each use of force identified, and the identity of all witnesses who were present or nearby during the time of each alleged use of force.

**ANSWER:**

**INTERROGATORY NO. 15:**    If you contend that any alleged use of force by Pontillo identified in your Answer to Interrogatory No. 14 was excessive to the need and clearly unreasonable, state each use of force you contend was excessive to the need or clearly unreasonable and state the factual basis for the contention that each identified use of force was excessive to the need or clearly unreasonable. As part of your Answer, identify each and every action you and Pontillo took during, immediately preceding, and immediately after the alleged excessive or unreasonable use of force, including any verbal statements or directives made by Pontillo or other individual(s) allegedly involved and your response to any such statements.

**ANSWER:**

# App. 53

**INTERROGATORY NO. 16:**    If you contend that any alleged use of force by Pontillo at the September 14 Board Meeting identified in your Answer to Interrogatory No. 14 caused you any injury, identify and describe in detail any injury you allegedly sustained. As part of your Answer, please state and describe in detail how each identified use of force directly caused the injury, and identify any medical or psychological treatment, including counseling, you sought or obtained related to the injury or injuries identified.

**ANSWER:**

**INTERROGATORY NO. 17:**    If you contend that Pontillo unreasonably seized you during or at the September 14 Board Meeting, state and describe in detail the factual basis for your contention including how Pontillo seized you; the duration of the alleged seizure (from start to finish); and the location(s) of the seizure. As part of your Answer, please state and describe in detail any facts that it was objectively unreasonable for Pontillo to act in this manner.

**ANSWER:**

**INTERROGATORY NO. 18:**    If you contend that Pontillo unlawfully infringed on your First Amendment free speech rights at, during, or because of the September 14 Board Meeting, state and describe in detail the factual basis for your contention. (This includes any alleged use of excessive force or seizure at the September 14 Board Meeting.) As part of your Answer, please state: the date and time of the alleged violation; who was involved in the alleged infringement of speech; where the alleged infringement of speech occurred; how Pontillo's actions or omissions violated your First Amendment free speech rights, including any facts that Pontillo was motivated by the content or viewpoint of the protected speech or activity; what occurred immediately before and after each alleged infringement of speech; and the identity of all witnesses who were present or nearby during the time of each alleged infringement of speech.

**ANSWER:**

**INTERROGATORY NO. 19:**    If you contend Pontillo's actions towards you at the September 14 Board Meeting—including any alleged use of excessive force or any allege seizure—were in retaliation for First Amendment protected activity or speech in which you had engaged at or prior to the September 14 Board Meeting, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify the allegedly protected activity or speech for which you contend Pontillo was retaliating against you including the date(s) on which you engaged in the alleged protected activity or speech; the nature of the protected activity or speech (e.g., whether it was a written complaint, statement, or other protected activity); how the protected activity or speech was communicated; the substance of the protected activity or speech; and to whom the protected activity or speech was directed. With respect to each allegedly protected activity or speech identified, please state and describe in detail the basis for your contention that Pontillo was aware of the protected speech and motivated by the protected speech with respect to his actions toward you at the September 14 Board Meeting.

**ANSWER:**

**App. 54**

**INTERROGATORY NO. 20:**        If you contend that Pontillo treated you differently from other similarly situated individuals with respect to any alleged use of force by Pontillo identified in your Answer to Interrogatory No. 14, any alleged seizure of you by Pontillo identified in your Answer to Interrogatory No. 17, and/or any other action Pontillo took at the September 14 Board Meeting, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify each and every instance you contend that Pontillo treated individuals who were engaging in similar conduct (including trying to get into a Board meeting despite restrictions on number of attendees in the room) differently or more favorably than he treated you at the September 14 Board Meeting. With respect to each instance identified, please state: the date it occurred; where it occurred; who Pontillo treated differently or more favorably; whether the individual tried to move or push their way through Round Rock ISD police officers to enter the Board meeting; and how Pontillo treated the individual(s) differently or more favorably than he treated you at the September 14 Board Meeting.

**ANSWER:**

**INTERROGATORY NO. 21:**        If you contend that Pontillo had any participation or involvement with the preparation or submission of the Warrant Affidavit, please state the factual basis for your contention and identify any documents, communications, recordings, or other corroborating evidence that Pontillo was involved in the preparation or submission of the Warrant Affidavit. As part of your Answer, please state all actions in which you contend Pontillo engaged with respect to the preparation and submission of the Warrant Affidavit.

**ANSWER:**

**INTERROGATORY NO. 22:**        If you or your attorneys have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Pontillo regarding the August 16 Board Meeting, the September 14 Board Meeting, the Warrant Affidavit, or the allegations against him in this Lawsuit, please describe the statement and/or admission, identify the date the statement and/or admission was made, and state how the statement or admission was made or communicated, including to whom the statement was made or was communicated.

**ANSWER:**

**INTERROGATORY NO. 23:**        If you or your attorneys have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Round Rock ISD, any current or former employee, official or agent of Round Rock ISD, or any current or former Round Rock ISD parent or student about Pontillo and/or Pontillo's actions or omissions with respect to the August 16 Board Meeting, the September 14 Board Meeting, the Warrant Affidavit, or the allegations against Pontillo in this Lawsuit, please describe the statement and/or admission, identify who made the statement and/or admission, provide the date the statement and/or admission was made, and state how the statement or admission was made or communicated, including to whom the statement was made or was communicated.

**ANSWER:**

**App. 55**

**INTERROGATORY NO. 24:**    Please identify each and every individual from whom you or your attorneys obtained a written, recorded, or transcribed statement regarding: Pontillo; Pontillo's actions or omissions with respect to the August 16 Board Meeting, the September 14 Board Meeting, the Warrant Affidavit; or other matter related your claims against Pontillo in the Complaint. Please include in your answer the date upon which the statement was obtained, whether the statement was written, recorded, and/or transcribed, the identity of all individuals present when the statement was written, recorded, and/or transcribed, and whether the individual identified gave you oral or written consent for the recording you obtained.

**ANSWER:**

**INTERROGATORY NO. 25:**    If you are seeking an award of any sum of money from Pontillo, please identify and describe the conduct of Pontillo that allegedly contributed to the damages you allege you sustained, and describe the nature and extent of the damages you allege you have suffered. As part of your Answer, please state the full amount of money you seek from Pontillo and describe the manner in which the amount was calculated. Your description should include each element of damage or component of recovery that you seek (e.g., actual, nominal, compensatory, or punitive damages, expenses, costs, attorney's fees, and so forth as alleged in the Complaint), the amount sought for each element or component, the manner in which each element or component of the calculation was determined, the time period over which the amount was computed, and the source of each number used in the calculation. If you seek to recover damages for mental anguish against Pontillo, describe in detail the nature and extent of the mental anguish you contend you have suffered or continue to suffer and provide a summary of the medical or psychological treatment you sought or received related to the alleged mental anguish, including any physicians, therapists, psychologists, counselors, clinics, hospitals, or other health care providers you visited in connection with the alleged mental anguish, including the dates of services and the charges for services

**ANSWER:**

**App. 56**

Respectfully submitted,

/s/ Kathryn E. Long

KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

IBRAHIM N. YASEEN
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

**ATTORNEYS FOR THE ROUND
ROCK ISD DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 26, 2025, a true and correct copy of this document has been served upon all parties via email:

Warren V. Norred
warren@norredlaw.com
Solomon G. Norred
sgn@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, TX 76010

Stephen D. Casey
CASEY LAW OFFICE, P.C.
P.O. Box 2451
Round Rock, TX 78680
stephen@caseylawoffice.us

/s/ Kathryn E. Long

Kathryn E. Long

**App. 57**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERINTENDENT HAFEDH AZAIEZ, | § | CIVIL ACTION NO. |
| TRUSTEES AMBER FELLER, TIFFANIE | § | 1:22-cv-00448-DAE |
| HARRISON, AMY WEIR, JUN XIAO, CORY | § | |
| VESSA; OFFICERS JEFFREY YARBROUGH, | § | |
| JAMES WILLIBY, DEBORAH GRIFFITH, | § | |
| MILTON POPE, FRANK PONTILLO, RON | § | |
| COLE, CHIEF DENNIS WEINER, and CARLA | § | |
| AMACHER, individually, and ROUND ROCK | § | |
| INDEP. SCHOOL DISTRICT, | § | |
| | § | |
|     *Defendants*. | § | |

---

## DEFENDANT MILTON POPE'S FIRST SET OF INTERROGATORIES TO PLAINTIFF JEREMY STORY

---

TO:    Plaintiff Jeremy Story, by and through his attorneys of record, Warren V. Norred and Solomon G. Norred, NORRED LAW, PLLC, 515 E. Border St., Arlington, Texas 76010 and Stephen D. Casey, CASEY LAW OFFICE, P.C., P.O. Box 2451, Round Rock, Texas 78680.

    Defendant Milton Pope hereby requests that Plaintiff Jeremy Story answer fully and separately

in writing, under oath, the following Interrogatories and serve his answers on Defendants' counsel

within thirty (30) days after service, in accordance with the Federal Rules of Civil Procedure.

**App. 58**

**I.**
**DEFINITIONS AND INSTRUCTIONS**

1.      To the extent provided by the Federal Rules of Civil Procedure, these interrogatories are intended to be continuing in nature. You are required to supplement your answers when appropriate or necessary.

2.      The terms "you," "your," "Plaintiff," or "Story" shall mean Plaintiff Jeremy Story and his present and former agents, attorneys, representatives, heirs, and assigns.

3.      The term "Pope" shall mean Defendant Milton Pope who is a Sergeant for Round Rock Independent School District's Police Department.

4.      The terms "Round Rock ISD" or the "District" shall mean the Round Rock Independent School District, including its employees, officers, directors, agents, and attorneys.

5.      The term "the Board" shall mean the Round Rock ISD Board of Trustees.

6.      The terms "Officer Defendants" shall mean Defendants Lauren Griffith, Milton Pope, and Frank Pontillo, collectively.

7.      Unless otherwise noted, "Complaint" refers to "Plaintiff's Third Amended Complaint" filed on October 5, 2023, and any subsequent amendments or supplements thereto filed in the above-styled and numbered case.

8.      The term "Lawsuit" shall mean the lawsuit that Story filed against the Officer Defendants and others in the United States District Court for the Western District of Texas, Austin Division, Civil Action No. 1:22-cv-00448-DAE.

9.      The term or phrase "August 16 Board Meeting" shall mean the specially called meeting of the Round Rock ISD Board of Trustees held on August 16, 2021, that is the subject of some of Story's claims in the Complaint.

# App. 59

10.     The term or phrase "September 14 Board Meeting" shall mean the regular meeting of the Round Rock ISD Board of Trustees held on September 14, 2021, that is the subject of some of Story's claims in the Complaint.

11.     The term or phrase the ""Warrant Affidavit" shall mean the "Affidavit for Warrant of Arrest and Detention" dated September 17, 2021, regarding your actions at the August 16 Board Meeting, which is attached to the Complaint in Exhibit 18 (ECF No. 44-1, Page ID 197–199) and referenced in the Complaint, including in Paragraphs 227(e) and 228.

12.     The term "person" includes natural persons, corporations, partnerships, joint venturers, unincorporated associations, trusts, government entities and all other legal entities.

13.     The term "communication" or "communicated" means any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever made, including, but not limited to, correspondence, e-mails, or any other form of electronic utterance, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, between two or more persons.

14.     When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, telephone number, and e-mail address and additionally, when referring to a natural person, the present or last known place of employment. Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

15.     Wherever the word "including" appears, the meaning intended is "including, but not limited to."

16.     The plural includes the singular and vice versa.

17.     The masculine includes the feminine and vice versa.

# App. 60

18.     The term "relating" or "related" shall mean referring to, having any relationship to, pertaining to, evidencing or constituting evidence of, in whole or in part, the subject matter of the request.

19.     The term "document" includes all types of writings, drawings, graphs, charts, photographs, or phone records. It also includes all means of electronic or magnetic data such as e-mail, text messages, SMS messages, and electronic postings on any social media website, Internet forum or information relayed in any Internet chat room. Any electronic or magnetic data is to be produced, when available, in native electronic format.

20.     The information requested herein does not include communications with your attorney or any documents protected by the attorney-client privilege and/or work product doctrine.

21.     If you fail to respond to any interrogatory in whole or in part on the basis of a claim of privilege, state that information or material responsive to the request has been withheld, describe all information or material withheld in such a manner that, without revealing the privileged information itself or otherwise waiving the privilege, will enable other parties to assess the applicability of the claimed privilege, and identify the specific privilege relied upon by you in withholding each item of information or material responsive to a particular request.

**App. 61**

## II.
## INTERROGATORIES

**INTERROGATORY NO. 1:**         Please identify and describe all interactions, conversations, or communications you had with Pope on August 16, 2021, including at the August 16 Board Meeting. As part of your Answer, for each interaction, conversation, or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 2:**         If you contend that Board policy BED (Local)'s limitation on public comment at special meetings was incorrectly or inequitably applied to you at the August 16 Board Meeting, and that Pope was aware of this incorrect or inequitable application, please state and describe in detail the factual basis for your contention.

**ANSWER:**

**INTERROGATORY NO. 3:**         Texas Penal Code Section 38.13 addresses "Hindering Proceedings by Disorderly Conduct." Section 38.13(a) provides that "[a] person commits an offense if he intentionally hinders an official proceeding by noise or violent or tumultuous behavior or disturbance." Section 38.13(b) provides that "[a] person commits an offense if he recklessly hinders an official proceeding by noise or violent or tumultuous behavior or disturbance and continues after explicit official request to desist." If you contend that you did not intentionally or recklessly hinder the August 16 Board Meeting by noise or violent or tumultuous behavior or disturbance, please state and describe in detail the facts supporting your contention. As part of your Answer, please state and describe in detail whether you intended to discuss the Protective Order against Round Rock ISD Superintendent Dr. Azaiez referenced in the Complaint when you arrived at or rose to speak at the August 16 Board Meeting, whether you continued to speak during your public comment at the August 16 Board Meeting after Board President Amy Weir stated that the matters you were discussing did not relate to the matters on the Agenda for the August 16 Board Meeting and that you could only discuss the matters on the Agenda for the August 16 Board Meeting, and whether you contend that Board President Amy Weir did or did not make an official request that you desist at the August 16 Board Meeting before you were removed from the August 16 Board Meeting.

**ANSWER:**

**INTERROGATORY NO. 4:**         If you contend that Pope used excessive force against you at the August 16 Board Meeting, identify and describe each use of force allegedly perpetrated against you by Pope at or during the August 16 Board Meeting. As part of your Answer, identify and describe in detail the force used by Pope, state the date and time of the alleged use of force, any other persons involved in the alleged use of force, where the alleged use of force occurred, what occurred

**App. 62**

immediately before and after each use of force identified, and the identity of all witnesses who were present or nearby during the time of each alleged use of force.

**ANSWER:**

**INTERROGATORY NO. 5:**        If you contend that any alleged use of force by Pope identified in your Answer to Interrogatory No. 4 was excessive to the need and clearly unreasonable, state each use of force you contend was excessive to the need or clearly unreasonable, and state and describe in detail the factual basis for the contention that each identified use of force was excessive to the need or clearly unreasonable. As part of your Answer, identify each and every action you and Pope took during, immediately preceding, and immediately after the alleged excessive or unreasonable use of force, including any verbal statements or directives made by Pope or other individual(s) allegedly involved and your response to any such statements.

**ANSWER:**

**INTERROGATORY NO. 6:**        If you contend that any alleged use of force by Pope at the August 16 Board Meeting identified in your Answer to Interrogatory No. 4 caused you any injury, identify and describe in detail any injury you allegedly sustained. As part of your Answer, please state and describe in detail how each identified use of force directly caused the injury or injuries, and identify any medical or psychological treatment, including counseling, you sought or obtained related to the injury or injuries identified.

**ANSWER:**

**INTERROGATORY NO. 7:**        If you contend that Pope unreasonably seized you during or at the August 16 Board Meeting, please state and describe in detail the factual basis for your contention including how Pope seized you; the duration of the alleged seizure (from start to finish); the location(s) of the seizure; and any facts that any alleged seizure continued after you were escorted from the Board meeting room. As part of your Answer, please state and describe in detail any facts that it was objectively unreasonable for Pope to respond to Board President Amy Weir's request for your removal from the August 16 Board Meeting by removing you from the Board meeting room.

**ANSWER:**

**INTERROGATORY NO. 8:**        If you contend that Pope unlawfully infringed on your First Amendment free speech rights at, during, or because of the August 16 Board Meeting, identify and describe each alleged instance for which you contend Pope violated your First Amendment free speech rights. (This includes your removal from the Board Meeting and any alleged use of excessive force or seizure at the August 16 Board Meeting.) As part of your Answer, please state: the date and time of the alleged violation; who was involved in the alleged infringement of speech; where the alleged infringement of speech occurred; how Pope's actions or omissions violated your First Amendment free speech rights, including any facts that Pope was motivated by the content or viewpoint of the protected speech or activity; what occurred immediately before and after each alleged infringement of

# App. 63

speech; and the identity of all witnesses who were present or nearby during the time of each alleged infringement of speech.

**ANSWER:**

**INTERROGATORY NO. 9:**        If you contend Pope's actions towards you at the August 16 Board Meeting—including your removal from the Board Meeting, any alleged use of excessive force, or any alleged seizure—were in retaliation for First Amendment protected activity or speech in which you engaged at or prior to the August 16 Board Meeting, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify the allegedly protected activity or speech for which you contend Pope was retaliating against you, including the date(s) on which you engaged in the alleged protected activity or speech; the nature of the protected activity or speech (e.g., whether it was a written complaint, statement, or other protected activity); how the protected activity or speech was communicated; the substance of the protected activity or speech; and to whom the protected activity or speech was directed. With respect to each allegedly protected activity or speech identified, please state and describe in detail the factual basis for your contention that Pope was aware of the protected speech and motivated by the protected speech with respect to his actions toward you at the August 16 Board Meeting.

**ANSWER:**

**INTERROGATORY NO. 10:**        If you contend that Pope treated you differently from other similarly situated individuals with respect to any alleged use of force by Pope identified in your Answer to Interrogatory No. 4, any alleged seizure of you by Pope identified in your Answer to Interrogatory No. 7, and/or your removal from the August 16 Board Meeting, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify each and every instance you contend that Pope treated individuals who did not follow BED (Local)'s limited public comment rule at special Board meetings differently or more favorably than he treated you at the August 16 Board Meeting. With respect to each instance identified, please state: the date it occurred; where it occurred; who was speaking during public comment; the subject matter upon which the individual was speaking; whether the individual continued speaking after the Board President or other presiding officer requested that the individual stop speaking; and how Pope treated the individual(s) differently or more favorably than he treated you at the August 16 Board Meeting.

 **ANSWER:**

**INTERROGATORY NO. 11:**        Please identify and describe all interactions, conversations, or communications you had with Pope on September 14, 2021, including at the September 14 Board Meeting. As part of your Answer, for each interaction, conversation, or communication identified, please state: the date and time the interaction, conversation, or communication occurred; where or how the interaction, conversation, or communication took place; the subject of the interaction, conversation, or communication; the witnesses present for the interaction, conversation, or communication; and whether and how the interaction, conversation, or communication relates to any of your allegations in this Lawsuit.

**ANSWER:**

**App. 64**

**INTERROGATORY NO. 12:**    Identify and describe each use of force allegedly perpetrated against you by Pope at or during the September 14 Board Meeting. As part of your Answer, identify and describe in detail the force used by Pope, state the date and time of the alleged use of force, any other persons involved in the alleged use of force, where the alleged use of force occurred, what occurred immediately before and after each use of force identified, and the identity of all witnesses who were present or nearby during the time of each alleged use of force.

**ANSWER:**

**INTERROGATORY NO. 13:**    If you contend that any alleged use of force by Pope identified in your Answer to Interrogatory No. 12 was excessive to the need and clearly unreasonable, state each use of force you contend was excessive to the need or clearly unreasonable and state and describe in detail the factual basis for the contention that each identified use of force was excessive to the need or clearly unreasonable. As part of your Answer, identify each and every action you and Pope took during, immediately preceding, and immediately after the alleged excessive or unreasonable use of force, including any verbal statements or directives made by Pope or other individual(s) allegedly involved and your response to any such statements.

**ANSWER:**

**INTERROGATORY NO. 14:**    If you contend that any alleged use of force by Pope at the September 14 Board Meeting identified in your Answer to Interrogatory No. 12 caused you any injury, identify and describe in detail any injury you allegedly sustained. As part of your Answer, please state and describe in detail how each identified use of force directly caused the injury, and identify any medical or psychological treatment, including counseling, you sought or obtained related to the injury or injuries identified.

**ANSWER:**

**INTERROGATORY NO. 15:**    If you contend that Pope unreasonably seized you during or at the September 14 Board Meeting, state and describe in detail the factual basis for your contention including how Pope seized you; the duration of the alleged seizure (from start to finish); and the location(s) of the seizure. As part of your Answer, please state and describe in detail any facts that it was objectively unreasonable for Pope to act in this manner.

**ANSWER:**

**INTERROGATORY NO. 16:**    If you contend that Pope unlawfully infringed on your First Amendment free speech rights at, during, or because of the September 14 Board Meeting, state and describe in detail the factual basis for your contention. (This includes any alleged use of excessive force or seizure at the September 14 Board Meeting.) As part of your Answer, please state: the date and time of the alleged violation; who was involved in the alleged infringement of speech; where the alleged infringement of speech occurred; how Pope's actions or omissions violated your First Amendment free speech rights, including any facts that Pope was motivated by the content or viewpoint of the protected speech or activity; what occurred immediately before and after each alleged

**App. 65**

infringement of speech; and the identity of all witnesses who were present or nearby during the time of each alleged infringement of speech.

**ANSWER:**

**INTERROGATORY NO. 17:**        If you contend Pope's actions towards you at the September 14 Board Meeting—including any alleged use of excessive force or any allege seizure—were in retaliation for First Amendment protected activity or speech in which you had engaged at or prior to the September 14 Board Meeting, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify the allegedly protected activity or speech for which you contend Pope was retaliating against you, including the date(s) on which you engaged in the alleged protected activity or speech; the nature of the protected activity or speech (e.g., whether it was a written complaint, statement, or other protected activity); how the protected activity or speech was communicated; the substance of the protected activity or speech; and to whom the protected activity or speech was directed. With respect to each allegedly protected activity or speech identified, please state and describe in detail the factual basis for your contention that Pope was aware of the protected speech and motivated by the protected speech with respect to his actions toward you at the September 14 Board Meeting.

**ANSWER:**

**INTERROGATORY NO. 18:**        If you contend that Pope treated you differently from other similarly situated individuals with respect to any alleged use of force by Pope identified in your Answer to Interrogatory No. 12, any alleged seizure of you by Pope identified in your Answer to Interrogatory No. 15, and/or any other action Pope took at the September 14 Board Meeting, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify each and every instance you contend that Pope treated individuals who were engaging in similar conduct (including trying to get into a Board meeting despite restrictions on number of attendees in the room) differently or more favorably than he treated you at the September 14 Board Meeting. With respect to each instance identified, please state: the date it occurred; where it occurred; who Pope treated differently or more favorably; whether the individual tried to move or push their way through Round Rock ISD police officers to enter the Board meeting; and how Pope treated the individual(s) differently or more favorably than he treated you at the September 14 Board Meeting.

 **ANSWER:**

**INTERROGATORY NO. 19:**        Please state all actions in which you contend Pope engaged with respect to the preparation and submission of the Warrant Affidavit. If you contend that Pope provided any false or erroneous information to, or omitted key facts from, Lauren Griffith for the Warrant Affidavit, please identify each false statement, error, or omission and state and describe in detail the factual basis for your contention that the statement, error, or omission is false.

**ANSWER:**

# App. 66

**INTERROGATORY NO. 20:**        If you contend that Pope deliberately or recklessly provided the false statements, errors, or omissions identified in your Answer to Interrogatory No. 19, please state and describe in detail the factual basis for your contention. As part of your Answer, with respect to each false statement, error, or omission identified, please state and describe in detail any facts that Pope knew that the statement was false, was error, or omitted key facts, or that it was objectively unreasonable for him to believe the facts he provided to Lauren Griffith.

**ANSWER:**

**INTERROGATORY NO. 21:**        If you contend Pope's provision of statements for the Warrant Affidavit, or his participation with respect to the Warrant Affidavit, were in retaliation for First Amendment protected activity or speech in which you had engaged, please state and describe in detail the factual basis for your contention. As part of your Answer, please identify the allegedly protected activity or speech for which you contend Pope was retaliating against you including the date(s) on which you engaged in the alleged protected activity or speech; the nature of the protected activity or speech (e.g., whether it was a written complaint, statement, or other protected activity); how the protected activity or speech was communicated; the substance of the protected activity or speech; and to whom the protected activity or speech was directed. With respect to each allegedly protected activity or speech identified, please state and describe in detail the basis for your contention that Pope was aware of the protected speech and motivated by the protected speech with respect to his actions or involvement in the preparation and/or submission of the Warrant Affidavit.

**ANSWER:**

**INTERROGATORY NO. 22:**        If you or your attorneys have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Pope regarding the August 16 Board Meeting, the September 14 Board Meeting, the Warrant Affidavit, or the allegations against him in this Lawsuit, please describe the statement and/or admission, identify the date the statement and/or admission was made, and state how the statement or admission was made or communicated, including to whom the statement was made or was communicated.

**ANSWER:**

**INTERROGATORY NO. 23:**        If you or your attorneys have any knowledge, either directly or indirectly, of any statement or admission of any kind made by Round Rock ISD, any current or former employee, official or agent of Round Rock ISD, or any current or former Round Rock ISD parent or student about Pope and/or Pope's actions or omissions with respect to the August 16 Board Meeting, the September 14 Board Meeting, the Warrant Affidavit, or the allegations against Pope in this Lawsuit, please describe the statement and/or admission, identify who made the statement and/or admission, provide the date the statement and/or admission was made, and state how the statement or admission was made or communicated, including to whom the statement was made or was communicated.

**ANSWER:**

**App. 67**

**INTERROGATORY NO. 24:**        Please identify each and every individual from whom you or your attorneys obtained a written, recorded, or transcribed statement regarding: Pope; Pope's actions or omissions with respect to the August 16 Board Meeting, the September 14 Board Meeting, the Warrant Affidavit; or other matter related your claims against Pope in the Complaint. Please include in your answer the date upon which the statement was obtained, whether the statement was written, recorded, and/or transcribed, the identity of all individuals present when the statement was written, recorded, and/or transcribed, and whether the individual identified gave you oral or written consent for the recording you obtained.

**ANSWER:**

**INTERROGATORY NO. 25:**        If you are seeking an award of any sum of money from Pope, please identify and describe the conduct of Pope that allegedly contributed to the damages you allege you sustained, and describe the nature and extent of the damages you allege you have suffered. As part of your Answer, please state the full amount of money you seek from Pope and describe the manner in which the amount was calculated. Your description should include each element of damage or component of recovery that you seek (e.g., actual, nominal, compensatory, or punitive damages, expenses, costs, attorney's fees, and so forth as alleged in the Complaint), the amount sought for each element or component, the manner in which each element or component of the calculation was determined, the time period over which the amount was computed, and the source of each number used in the calculation. If you seek to recover damages for mental anguish against Pope, describe in detail the nature and extent of the mental anguish you contend you have suffered or continue to suffer and provide a summary of the medical or psychological treatment you sought or received related to the alleged mental anguish, including any physicians, therapists, psychologists, counselors, clinics, hospitals, or other health care providers you visited in connection with the alleged mental anguish, including the dates of services and the charges for services

**ANSWER:**

# App. 68

Respectfully submitted,

/s/ *Kathryn E. Long*

KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

IBRAHIM N. YASEEN
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

**ATTORNEYS FOR THE ROUND
ROCK ISD DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 26, 2025, a true and correct copy of this document has been served upon all parties via email:

Warren V. Norred                    Stephen D. Casey
warren@norredlaw.com                CASEY LAW OFFICE, P.C.
Solomon G. Norred                   P.O. Box 2451
sgn@norredlaw.com                   Round Rock, TX 78680
NORRED LAW, PLLC                    stephen@caseylawoffice.us
515 E. Border St.
Arlington, TX 76010

/s/ Kathryn E. Long
Kathryn E. Long

**App. 69**

**From:**      Adam Rothey
**To:**          Katie Long
**Subject:**    FW: Story v RRISD et al: Deposition of Dr. Bone
**Date:**        Tuesday, May 27, 2025 8:41:26 AM
**Attachments:**  image001.png
                    image002.png
                    image003.png

---

**From:** Stephen Casey <stephen@caseylawoffice.us>
**Sent:** Monday, April 28, 2025 9:28 AM
**To:** Adam Rothey <arothey@thompsonhorton.com>
**Subject:** Re: Story v RRISD et al: Deposition of Dr. Bone

Dear Adam,

  Cool. I'll draft up an unopposed extension. I've not met with them yet, so I don't know what transpired before this. Getting turnover has been delayed.

Re the rogs, Jeremy Story sent his drafted responses to me on Thursday. I had preplanned items through yesterday, so I'm getting to them today. I'll likely have them done by Wednesday, for sure by Friday.

Have a blessed day,
Stephen




CASEY LAW OFFICE, P.C.
*Transforming Lives Through Justice and Mercy*

P.O. Box 2451
Round Rock, TX 78680
512-257-1324 (office)
512-853-4098 (fax)

Acting Justly, Loving Mercy, and Walking Humbly
Est. 2009

---

**From:** Adam Rothey <arothey@thompsonhorton.com>
**Date:** Sunday, April 27, 2025 at 4:48 PM
**To:** Stephen Casey <stephen@caseylawoffice.us>
**Cc:** Katie Long <klong@thompsonhorton.com>
**Subject:** RE: Story v RRISD et al: Deposition of Dr. Bone

Stephen,

**App. 70**

We do not oppose a motion to extend discovery deadline to 6/15, which will allow for time to issue additional discovery once Dr. Bone has been deposed. Your side has obviously been talking with Weston and Bone behind the scenes to obtain their declarations, so a brief extension to address whatever she says in her deposition should be sufficient.

Speaking of discovery, your client's answers to interrogatories from Weiner, Cole, Amacher, Pontillo, Pope, and Griffith are all past due. When can we expect those answers?

Adam

**From:** Stephen Casey <stephen@caseylawoffice.us>
**Sent:** Saturday, April 26, 2025 12:09 PM
**To:** Adam Rothey <arothey@thompsonhorton.com>
**Subject:** Re: Story v RRISD et al: Deposition of Dr. Bone

Dear Adam,

   Sorry that I'm out of pocket; have several events and my 31st anniversary over the next seven days. Checking in on my email. It's because of the testimony from Ms. Weston's depo that raises some questions on what I've had my paralegal drafting. I need to meet with my client to narrow the scope of discovery and review what we are preparing to go out. Ms. Weston's testimony suggested that Ms. Bone is the more informed of the two of them on various facts. Because her deposition is happening on May 6, it would mean that I would not be able send out discovery based on any info revealed in that to arrive prior to the discovery completion date.

Have a blessed weekend,
Stephen



Casey Law Office, P.C.
*Transforming Lives Through Justice and Mercy*

P.O. Box 2451
Round Rock, TX 78680
512-257-1324 (office)
512-853-4098 (fax)

Acting Justly, Loving Mercy, and Walking Humbly
Est. 2009

**From:** Adam Rothey <arothey@thompsonhorton.com>
**Date:** Thursday, April 24, 2025 at 8:27 AM
**To:** Stephen Casey <stephen@caseylawoffice.us>
**Cc:** Katie Long <klong@thompsonhorton.com>, Ibrahim Yaseen

**App. 71**

<[iyaseen@thompsonhorton.com](mailto:iyaseen@thompsonhorton.com)>

**Subject:** RE: Story v RRISD et al: Deposition of Dr. Bone

Stephen,

Removing Tony's people. Give me a call to discuss what you're thinking of on another extension.

Regards,

---

K. Adam Rothey, Partner
500 North Akard Street, Suite 3150
Dallas, Texas 75201
T: 469.421.6623  |  M: 512.694.9959  |  F: 972.692.8334
[arothey@thompsonhorton.com](mailto:arothey@thompsonhorton.com)  |  [www.thompsonhorton.com](http://www.thompsonhorton.com)



CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges. Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful. Please delete this message and any copy of it (in any form) without disclosing it. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission. Thank you for your cooperation.

---

**From:** Stephen Casey <[stephen@caseylawoffice.us](mailto:stephen@caseylawoffice.us)>
**Sent:** Wednesday, April 23, 2025 6:18 PM
**To:** Tony McDonald <[tony@tonymcdonald.com](mailto:tony@tonymcdonald.com)>; Katie Long <[klong@thompsonhorton.com](mailto:klong@thompsonhorton.com)>
**Cc:** Connor Ellington <[connor@tonymcdonald.com](mailto:connor@tonymcdonald.com)>; Ibrahim Yaseen <[iyaseen@thompsonhorton.com](mailto:iyaseen@thompsonhorton.com)>; Adam Rothey <[arothey@thompsonhorton.com](mailto:arothey@thompsonhorton.com)>
**Subject:** Re: Story v RRISD et al: Deposition of Dr. Bone

Dear Katie,
  Thank you for the email. Thought the depo went well on all sides, and I appreciated the explanation to the deponent you gave, Katie, on the purpose of discovery as some folks miss that it's an exploration of the topics for your "advising the client" role.

  I have no problem with the date to the 6th as I'm open on the 6th right now.

  BTW, my position for everyone's benefit in nearly all requests to change things re extension/date shifts/motions for leave to file late docs, etc., is "freely give, freely ask," except for sur-replies which I categorically dislike and do not file myself).

  My other thoughts off the cuff is that her deposition may reveal questions which would require my client to seek additional discovery. I don't see any order that has a trial date and while Warren and I have talked, there is some turnover left to do.

  Because of this change in dates, I'd want to request an extension on the deadlines for discovery and dispositive motions? I've got my paralegal drafting up affirmative and responsive discovery right now at lightning speed for my review, but some time cushion would be great. Thanks.

Have a blessed day,
Stephen

**App. 72**



CASEY LAW OFFICE, P.C.
*Transforming Lives Through Justice and Mercy*

P.O. Box 2451
Round Rock, TX 78680
512-257-1324 (office)
512-853-4098 (fax)

Acting Justly, Loving Mercy, and Walking Humbly
Est. 2009

---

**From:** Tony McDonald <tony@tonymcdonald.com>
**Date:** Wednesday, April 23, 2025 at 6:01 PM
**To:** Katie Long <klong@thompsonhorton.com>
**Cc:** Stephen Casey <stephen@caseylawoffice.us>, Connor Ellington
<connor@tonymcdonald.com>, Yaseen Ibrahim <iyaseen@thompsonhorton.com>, Adam
Rothey <arothey@thompsonhorton.com>
**Subject:** Re: Story v RRISD et al: Deposition of Dr. Bone

Here is Mary's response. I concur that the 6th is a good day.

> "The 5th or 6th works for me. The 6th is best day. The following week my oldest
> finshes her college classes and I am heading to Missouri to help her move."

If you prefer, I can ask about that third week in May.

Tony McDonald
(512) 923–6893

Sent from my iPhone

> On Apr 23, 2025, at 5:27 PM, Katie Long <klong@thompsonhorton.com> wrote:
>
> Tony and Steve,
>
> Thank you for taking my call today, Tony.  I appreciate the courtesy of agreeing to
> potentially re-schedule Dr. Bone's April 29 deposition.  To loop Stephen in, today, I
> received requests from administrative agencies for investigation interviews in

**App. 73**

different matters involving two of my North Texas clients. As a result, I have multiple investigation interviews now scheduled on 4/29 and 4/30, which conflicts with Dr. Bone's scheduled deposition on 4/29.

We discussed re-scheduling the deposition for the weeks of May 5 or May 12. Below are the dates that I am available those two weeks – or dates that I can move things around to work with your schedule. I have put an asterisk next to the dates that I ask you try to avoid, if at all possible, because I would have to re-arrange other litigation matters that are currently scheduled.

- May 5*
- May 6*
- May 7
- May 9
- May 12
- May 14*
- May 15
- May 16

Let me know what dates might work best for you and Dr. Bone. If you would prefer to start at 10 or even later in the day (knowing we would continue later as well), I would be happy to accommodate that. Thank you again for the professional courtesy.

Kind regards,
Katie Long

**App. 74**

**From:**    Katie Long
**To:**    Stephen Casey
**Cc:**    Adam Rothey
**Subject:**    RE: Responsive discovery on Story
**Date:**    Thursday, May 15, 2025 9:36:00 AM
**Attachments:**    image001.png
image002.png
Story - RRISD First Set of Requests for Production to Plaintiff.pdf
Story's Supplement to Response to RFP & Supp to Plf's Initial Disclosures.pdf

This is what was sent and received in 2024.

---

Kathryn Long, Partner | vcard
500 North Akard Street, Suite 3150
Dallas, Texas 75201
T: 972.734.5613 | M: 469.222.9285 | F: 972.534.1645
klong@thompsonhorton.com | www.thompsonhorton.com



CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges. Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful. Please delete this message and any copy of it (in any form) without disclosing it. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission. Thank you for your cooperation.

---

**From:** Stephen Casey <stephen@caseylawoffice.us>
**Sent:** Thursday, May 15, 2025 9:31 AM
**To:** Katie Long <klong@thompsonhorton.com>
**Cc:** Adam Rothey <arothey@thompsonhorton.com>
**Subject:** Re: Responsive discovery on Story

Absolutely yes. I am in coordination with my paralegal on the case. The main reason for my email was because we found a set sent to Mr. Story from 2024 and I want to let you know it was found and we don't see prior counsel ever responded. We are completing it.

Thank you both for your time and courtesies.

Have a blessed day,
Stephen

Sent from my iPhone; please excuse any typos and other errors.


On May 15, 2025, at 9:18 AM, Katie Long <klong@thompsonhorton.com> wrote:


Stephen,

I accidentally sent an email too soon. Please copy Adam and me on all correspondence regarding this case.

**App. 75**

On March 24, 2025, we sent the attached email with Defendants Carla Amacher, Ron Cole, and Dennis Weiner's interrogatories to Plaintiff Jeremy Story.  The email was sent to you.  Mr. Story's answers were due Wednesday, April 23—more than three weeks ago.

On March 26, 2025, we sent the attached email with Defendants Lauren Griffith, Frank Pontillo, and Milton Pope's interrogatories to Plaintiff Jeremy Story.  The email was sent to you.  Mr. Story's answers were due Friday, April 25—almost three weeks ago.

You never asked for an extension to respond to these discovery requests.  You informed us that Mr. Story had provided responses and that you were reviewing them but because of your anniversary and house purchase, they would be sent to us a bit late.  We still haven't received anything.  Please get these to us by no later than Monday, May 19 so we can avoid the need to get the court unnecessarily involved.

Thanks,
Katie

---

Kathryn Long, Partner | vcard
500 North Akard Street, Suite 3150                    <image003.png>
Dallas, Texas 75201                                   <image002.png>
T: 972.734.5613  |  M: 469.222.9285  |  F: 972.534.1645
klong@thompsonhorton.com  |  www.thompsonhorton.com

CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges.  Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful.  Please delete this message and any copy of it (in any form) without disclosing it.  If you believe this message has been sent to you in error, please notify the sender by replying to this transmission.  Thank you for your cooperation.

---

**From:** Adam Rothey <arothey@thompsonhorton.com>
**Sent:** Thursday, May 15, 2025 7:44 AM
**To:** Stephen Casey <stephen@caseylawoffice.us>
**Cc:** Katie Long <klong@thompsonhorton.com>
**Subject:** RE: Responsive discovery on Story

We'll send you all the discovery that has been served.

---

**From:** Stephen Casey <stephen@caseylawoffice.us>
**Sent:** Wednesday, May 14, 2025 9:55 PM
**To:** Adam Rothey <arothey@thompsonhorton.com>
**Subject:** Responsive discovery on Story

Dear Adam,
   In reviewing the file, my paralegal identified that possible there was affirmative discovery to my client that was several months old. I do not recall. Pls verify. Also, I I have responsive discovery from the most recent that was on deck when I came aboard IIRC. I am prepared to have that returned to you on Monday if that is okay. We are in the middle of moving houses and I just pulled a 40-hour awake cycle.

Have a blessed evening,
Stephen

**App. 76**

CASEY LAW OFFICE, P.C.
*Transforming Lives Through Justice and Mercy*

P.O. Box 2451
Round Rock, TX 78680
512-257-1324 (office)
512-853-4098 (fax)

Acting Justly, Loving Mercy, and Walking Humbly
Est. 2009

<mime-attachment>

<mime-attachment>

**App. 77**

| | |
|---|---|
| **From:** | Stephen Casey |
| **To:** | Katie Long |
| **Cc:** | Marie Anderson; Adam Rothey; Ibrahim Yaseen; Stefani Simpson |
| **Subject:** | Re: No. 1:22-cv-00448-DAE; Story v. Round Rock ISD, et al. |
| **Date:** | Friday, May 16, 2025 10:54:21 PM |
| **Attachments:** | image001.png |
| | 20250516 Coverletter.pdf |
| | 20250516 Discovery to Amy Weir.pdf |
| | 20250516 Discovery to Carla Amacher.pdf |
| | 20250516 Discovery to Cory Vessa.pdf |
| | 20250516 Discovery to Dennis Weiner.pdf |
| | 20250516 Discovery to Feller.pdf |
| | 20250516 Discovery to Frank Pontillo.pdf |
| | 20250516 Discovery to Hafedh Azaiez.pdf |
| | 20250516 Discovery to James Williby.pdf |
| | 20250516 Discovery to Jeffrey Yarbrough.pdf |
| | 20250516 Discovery to Jun Xiao.pdf |
| | 20250516 Discovery to Lauren Griffith.pdf |
| | 20250516 Discovery to Pope.pdf |
| | 20250516 Discovery to Ron Cole.pdf |
| | 20250516 Discovery to Tiffanie Harrison.pdf |

Dear Counsel,
  Please see attached discovery.

Have a blessed weekend,
Stephen



CASEY LAW OFFICE, P.C.
*Transforming Lives Through Justice and Mercy*

P.O. Box 2451
Round Rock, TX 78680
512-257-1324 (office)
512-853-4098 (fax)

Acting Justly, Loving Mercy, and Walking Humbly
Est. 2009

**From:** Katie Long <klong@thompsonhorton.com>
**Date:** Friday, May 16, 2025 at 10:11 PM
**To:** Stephen Casey <stephen@caseylawoffice.us>
**Cc:** wnorred@norredlaw.com <wnorred@norredlaw.com>, Marie Anderson
<marie@norredlaw.com>, Adam Rothey <arothey@thompsonhorton.com>, Ibrahim Yaseen
<iyaseen@thompsonhorton.com>, Stefani Simpson <ssimpson@thompsonhorton.com>
**Subject:** Re: No. 1:22-cv-00448-DAE; Story v. Round Rock ISD, et al.

If you want a corporate representative deposition, send the topics and we will designate the
appropriate folks based on the topics.

**App. 78**

Sent from my iPhone

On May 16, 2025, at 8:24 PM, Stephen Casey <stephen@caseylawoffice.us> wrote:

Dear Katie,
  Who will be the designated deponent for RRISD? I would expect the superintendent, correct? Thank you.

Have a blessed day,
Stephen


<image003.png>
CASEY LAW OFFICE, P.C.
*Transforming Lives Through Justice and Mercy*

P.O. Box 2451
Round Rock, TX 78680
512-257-1324 (office)
512-853-4098 (fax)

Acting Justly, Loving Mercy, and Walking Humbly
Est. 2009

---

**From:** Katie Long <klong@thompsonhorton.com>
**Date:** Friday, May 16, 2025 at 6:56 PM
**To:** wnorred@norredlaw.com <wnorred@norredlaw.com>, Stephen Casey <stephen@caseylawoffice.us>, Marie Anderson <marie@norredlaw.com>
**Cc:** Adam Rothey <arothey@thompsonhorton.com>, Ibrahim Yaseen <iyaseen@thompsonhorton.com>, Stefani Simpson <ssimpson@thompsonhorton.com>
**Subject:** No. 1:22-cv-00448-DAE; Story v. Round Rock ISD, et al.

Counsel:

Please see attached correspondence *The Round Rock ISD Defendants' Second Request for Production to Plaintiff Jeremy Story.* If you need Word versions of the discovery to facilitate your answers, you can reach out to my assistant, Stefani Simpson.

Kind regards,
Katie Long

---

Kathryn Long, Partner | [vcard](vcard)
500 North Akard Street, Suite 3150
Dallas, Texas 75201
T: 972.734.5613  |  M: 469.222.9285  |  F: 972.534.1645

<image002.png>
<image001.png>

**App. 79**

klong@thompsonhorton.com  |  www.thompsonhorton.com

CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges.  Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful.  Please delete this message and any copy of it (in any form) without disclosing it.  If you believe this message has been sent to you in error, please notify the sender by replying to this transmission.  Thank you for your cooperation.

**App. 80**

| | |
|---|---|
| **From:** | Katie Long |
| **To:** | Stephen Casey |
| **Cc:** | Adam Rothey |
| **Subject:** | RE: No. 1:22-cv-00448-DAE; Story v. Round Rock ISD, et al. |
| **Date:** | Saturday, May 17, 2025 6:51:00 AM |
| **Attachments:** | image002.png |
| | image003.png |
| | image004.png |

Stephen,

We need to have a zoom or telephone conference to discuss depositions.  We had been waiting weeks to receive your written discovery answers (which are untimely and for which no extension was requested or granted) before seeking a date for Mr. Story's deposition. We need a date to conduct his deposition.  Please advise on which of the following days he is available for deposition:

- June 2
- June 5
- June 9-13

In addition, it is unrealistic to believe that Adam and I have the time within one month to prepare 14+ defendants for deposition and schedule and conduct their depositions.  That is even more true given your service of dozens of written discovery requests last evening. We have dozens of other litigation matters pending in state and federal courts. Notably, the only dates I am available the week of May 26 are the days you are unavailable.  And in June, I am only available on the dates listed above.

If you provide me the date for Mr. Story's deposition, I can check with the other witness's availability on the remaining dates. But you are going to have to determine who you actually want to depose, and the timeframe you need for each deposition.  I do not believe 14 depositions are even possible. Given the limited time, you will likely need to conduct 3 depositions on several days.

Thanks,
Katie

Kathryn Long, Partner |  vcard
500 North Akard Street, Suite 3150
Dallas, Texas 75201
T: 972.734.5613  |  M: 469.222.9285  |  F: 972.534.1645
klong@thompsonhorton.com   |  www.thompsonhorton.com

CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges.  Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful.  Please delete this message and any copy of it (in any form) without disclosing it.  If you believe this message has been sent to you in error, please notify the sender by replying to this transmission.  Thank you for your cooperation.

**From:** Stephen Casey <stephen@caseylawoffice.us>
**Sent:** Friday, May 16, 2025 10:46 PM
**To:** Katie Long <klong@thompsonhorton.com>
**Subject:** Re: No. 1:22-cv-00448-DAE; Story v. Round Rock ISD, et al.

Good evening,
  Please identify the dates between now and June 16 when each Defendant will be available for a deposition. Some may not be that long so maybe we can do more than one per day. Thank you.

**App. 81**

Have a blessed weekend,
Stephen



CASEY LAW OFFICE, P.C.
*Transforming Lives Through Justice and Mercy*

P.O. Box 2451
Round Rock, TX 78680
512-257-1324 (office)
512-853-4098 (fax)

Acting Justly, Loving Mercy, and Walking Humbly
Est. 2009

---

**From:** Katie Long <klong@thompsonhorton.com>
**Date:** Friday, May 16, 2025 at 10:11 PM
**To:** Stephen Casey <stephen@caseylawoffice.us>
**Cc:** wnorred@norredlaw.com <wnorred@norredlaw.com>, Marie Anderson <marie@norredlaw.com>, Adam Rothey <arothey@thompsonhorton.com>, Ibrahim Yaseen <iyaseen@thompsonhorton.com>, Stefani Simpson <ssimpson@thompsonhorton.com>
**Subject:** Re: No. 1:22-cv-00448-DAE; Story v. Round Rock ISD, et al.

If you want a corporate representative deposition, send the topics and we will designate the appropriate folks based on the topics.


Sent from my iPhone


On May 16, 2025, at 8:24 PM, Stephen Casey <stephen@caseylawoffice.us> wrote:

Dear Katie,
  Who will be the designated deponent for RRISD? I would expect the superintendent, correct? Thank you.

Have a blessed day,
Stephen


<image003.png>
CASEY LAW OFFICE, P.C.
*Transforming Lives Through Justice and Mercy*

**App. 82**

P.O. Box 2451
Round Rock, TX 78680
512-257-1324 (office)
512-853-4098 (fax)

Acting Justly, Loving Mercy, and Walking Humbly
Est. 2009

---

**From:** Katie Long <klong@thompsonhorton.com>
**Date:** Friday, May 16, 2025 at 6:56 PM
**To:** wnorred@norredlaw.com <wnorred@norredlaw.com>, Stephen Casey
<stephen@caseylawoffice.us>, Marie Anderson <marie@norredlaw.com>
**Cc:** Adam Rothey <arothey@thompsonhorton.com>, Ibrahim Yaseen
<iyaseen@thompsonhorton.com>, Stefani Simpson <ssimpson@thompsonhorton.com>
**Subject:** No. 1:22-cv-00448-DAE; Story v. Round Rock ISD, et al.

Counsel:

Please see attached correspondence *The Round Rock ISD Defendants' Second Request for Production to Plaintiff Jeremy Story*. If you need Word versions of the discovery to facilitate your answers, you can reach out to my assistant, Stefani Simpson.

Kind regards,
Katie Long

---

Kathryn Long, Partner  |  vcard
500 North Akard Street, Suite 3150
Dallas, Texas 75201                                              <image002.png>
T: 972.734.5613  |  M: 469.222.9285  |  F: 972.534.1645          <image001.png>
klong@thompsonhorton.com  |  www.thompsonhorton.com

CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges. Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful. Please delete this message and any copy of it (in any form) without disclosing it. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission. Thank you for your cooperation.

**App. 83**

| | |
|---|---|
| **From:** | Katie Long |
| **To:** | Stephen Casey |
| **Cc:** | wnorred@norredlaw.com; Solomon Norred; Marie Anderson; Adam Rothey |
| **Bcc:** | Kelsey McKeag; Ibrahim Yaseen |
| **Subject:** | Story v. RRISD, et al: Written Discovery Not Answered |
| **Date:** | Tuesday, May 27, 2025 9:00:00 AM |

Stephen,

Good morning. I am writing once again to inquire regarding Mr. Story's failure to timely answer written discovery propounded in March 2025.

On March 24, 2025, we emailed all counsel the following written discovery requests:

- Defendant Dennis Weiner's First Set of Interrogatories to Plaintiff Jeremy Story;

- Defendant Ron Cole's First Set of Interrogatories to Plaintiff Jeremy Story; and

- Defendant Dr. Carla Amacher's First Set of Interrogatories to Plaintiff Jeremy Story.

The deadline to respond was **April 23, 2025**.

On March 26, 2025, we emailed all counsel the following written discovery requests:

- Defendant Frank Pontillo's First Set of Interrogatories to Plaintiff Jeremy Story;

- Defendant Milton Pope's First Set of Interrogatories to Plaintiff Jeremy Story; and

- Defendant Laura Griffith's First Set of Interrogatories to Plaintiff Jeremy Story.

The deadline to respond was **April 25, 2025**.

Mr. Story has never asked for an extension of time to respond to these written discovery requests.

On April 28, 2025—almost one month ago—you sent an email advising that Mr. Story sent his "drafted responses to [you] on Thursday," April 24. You advised that you were "getting to them" that day and would "likely have them done by Wednesday, for sure by Friday," May 2.  We did not receive them by May 2.

After we had not received them for several weeks, we followed up on May 15, 2025 via email requesting that you provide the answers to the written discovery to us by Monday, May 19 to avoid having to seek the court's intervention. You responded: "Absolutely yes" and that "[w]e are completing it." Again, we did not receive answers by May 19. Instead of providing your written discovery answers, which were almost a month past due, on May 16 you served 13 sets of written discovery and requested 13+ depositions. On May 17, we advised via email that we had been waiting weeks to receive Mr. Story's written discovery answers (which are untimely and for which no extension was requested or granted) before seeking a date for Mr. Story's deposition.

We conducted a Zoom conference with you on May 19 and again addressed Mr. Story's lack of response to written discovery requests. Despite assurances that we would receive the answers to

**App. 84**

written discovery last week, the answers were not forthcoming.

We have attempted in good faith to obtain this discovery without court action. But our efforts have not resulted in Mr. Story complying with his discovery obligations. We have agreed to extend discovery and other deadlines twice to accommodate you. We now have only 20 days to complete discovery.

Therefore, unless we get start getting Mr. Story's answers today—and all by noon tomorrow—we will have no other option but to file a motion to compel under Rule 37(a). Please be advised that we will seek our fees and costs associated with such motion under Rule 37(a)(5).

Please let us know that we will receive all answers before tomorrow at noon so that we can avoid the need to seek court intervention. Thank you.

Kind regards,

Katie Long

Kathryn Long, Partner | vcard
500 North Akard Street, Suite 3150
Dallas, Texas 75201
T: 972.734.5613 | M: 469.222.9285 | F: 972.534.1645
klong@thompsonhorton.com | www.thompsonhorton.com

CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges. Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful. Please delete this message and any copy of it (in any form) without disclosing it. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission. Thank you for your cooperation.

**App. 85**

| | |
|---|---|
| **From:** | Stephen Casey |
| **To:** | Katie Long |
| **Cc:** | wnorred@norredlaw.com; Solomon Norred; Marie Anderson; Adam Rothey |
| **Subject:** | Re: Story v. RRISD, et al: Written Discovery Not Answered |
| **Date:** | Thursday, May 29, 2025 12:55:27 PM |
| **Attachments:** | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |

Yes. Confirmed. Jeremy Story's deposition on June 11.

We are closing on a new house and we were at the closing signing documents today. I will be reviewing his interrogatories and having them signed I anticipate later this evening or early tomorrow.


Have a blessed day,
Stephen

Sent from my iPhone; please excuse any typos and other errors.


On May 29, 2025, at 8:19 AM, Katie Long <klong@thompsonhorton.com> wrote:


Stephen,

We have never raised any issue regarding the requests for production that were served in 2024. Our communications with you since April 2025 have been solely about the failure to respond to Carla Amacher, Ron Cole, Dennis Weiner, Lauren Griffith, Frank Pontillo, and Milton Pope's interrogatories, which were served in March 2025. Since you state you have these interrogatory answers, will we receive them today? We cannot wait any longer.

Based on your email, we will notice Mr. Story's deposition for June 11 in our Austin office.

Thanks,
Katie

---

Kathryn Long, Partner | vcard
500 North Akard Street, Suite 3150
Dallas, Texas 75201                                                                 <image004.png><image005.png>
T: 972.734.5613 | M: 469.222.9285 | F: 972.534.1645
klong@thompsonhorton.com | www.thompsonhorton.com

CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges. Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful. Please delete this message and any copy of it (in any form) without disclosing it. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission. Thank you for your cooperation.

---

**From:** Stephen Casey <stephen@caseylawoffice.us>
**Sent:** Thursday, May 29, 2025 8:10 AM
**To:** Katie Long <klong@thompsonhorton.com>
**Cc:** wnorred@norredlaw.com; Solomon Norred <sgn@norredlaw.com>; Marie Anderson

**App. 86**

<marie@norredlaw.com>; Adam Rothey <arothey@thompsonhorton.com>
**Subject:** Re: Story v. RRISD, et al: Written Discovery Not Answered

Good morning, Katie,
  Thank you for the follow up email. I was out yesterday and saw your emails this morning.
Mr. Story will be available for deposition. He has sent me his interrogatory responses,
which should be sent and signed. I saw you have specific questions and will follow up on
those by the end of the day today. I also reviewed an email this morning from Warren's
office that said the earlier discovery had been sent back then promptly, but I've not
confirmed that.

Have a blessed day,
Stephen


<image006.png>

CASEY LAW OFFICE, P.C.
*Transforming Lives Through Justice and Mercy*

P.O. Box 2451
Round Rock, TX 78680
512-257-1324 (office)
512-853-4098 (fax)

Acting Justly, Loving Mercy, and Walking Humbly
Est. 2009


**From:** Katie Long <klong@thompsonhorton.com>
**Date:** Thursday, May 29, 2025 at 8:04 AM
**To:** Stephen Casey <stephen@caseylawoffice.us>
**Cc:** wnorred@norredlaw.com <wnorred@norredlaw.com>, Solomon Norred
<sgn@norredlaw.com>, Marie Anderson <marie@norredlaw.com>, Adam Rothey
<arothey@thompsonhorton.com>
**Subject:** RE: Story v. RRISD, et al: Written Discovery Not Answered

Stephen,

I have not received a response to the email below that I sent Monday morning. And we have not
received any answers to the interrogatories served by the six individual Round Rock ISD defendants
listed below. Therefore, I am writing to confer with you regarding the attached motion to compel.
Please let us know your position on the motion.

Despite assurances, we have not received *any* of the interrogatory answers. Moreover, we have no
further indication from you since our Zoom conference last Monday, May 19, when these answers
may be forthcoming. Without receipt of any of the answers, we believe we have no choice but to ask
for the Court to get involved.

Regards,
Katie

**App. 87**

Kathryn Long, Partner | vcard
500 North Akard Street, Suite 3150            <image007.png><image008.png>
Dallas, Texas 75201
T: 972.734.5613 | M: 469.222.9285 | F: 972.534.1645
klong@thompsonhorton.com | www.thompsonhorton.com

CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges. Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful. Please delete this message and any copy of it (in any form) without disclosing it. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission. Thank you for your cooperation.

---

**From:** Katie Long
**Sent:** Tuesday, May 27, 2025 9:01 AM
**To:** Stephen Casey <stephen@caseylawoffice.us>
**Cc:** wnorred@norredlaw.com; Solomon Norred <sgn@norredlaw.com>; Marie Anderson <marie@norredlaw.com>; Adam Rothey <ARothey@thompsonhorton.com>
**Subject:** Story v. RRISD, et al: Written Discovery Not Answered


Stephen,

Good morning. I am writing once again to inquire regarding Mr. Story's failure to timely answer written discovery propounded in March 2025.

On March 24, 2025, we emailed all counsel the following written discovery requests:

- Defendant Dennis Weiner's First Set of Interrogatories to Plaintiff Jeremy Story;
- Defendant Ron Cole's First Set of Interrogatories to Plaintiff Jeremy Story; and
- Defendant Dr. Carla Amacher's First Set of Interrogatories to Plaintiff Jeremy Story.

The deadline to respond was **April 23, 2025**.

On March 26, 2025, we emailed all counsel the following written discovery requests:

- Defendant Frank Pontillo's First Set of Interrogatories to Plaintiff Jeremy Story;
- Defendant Milton Pope's First Set of Interrogatories to Plaintiff Jeremy Story; and
- Defendant Laura Griffith's First Set of Interrogatories to Plaintiff Jeremy Story.

The deadline to respond was **April 25, 2025**.

Mr. Story has never asked for an extension of time to respond to these written discovery requests.

On April 28, 2025—almost one month ago—you sent an email advising that Mr. Story sent his "drafted responses to [you] on Thursday," April 24. You advised that you were "getting to them" that day and would "likely have them done by Wednesday, for sure by Friday," May 2. We did not receive them by May 2.

After we had not received them for several weeks, we followed up on May 15, 2025 via email requesting that you provide the answers to the written discovery to us by Monday, May 19 to avoid having to seek the court's intervention. You responded: "Absolutely yes" and that "[w]e are completing it." Again, we did not receive answers by May 19. Instead of providing your written discovery answers, which were almost a month past due, on May 16 you served 13 sets

of written discovery and requested 13+ depositions. On May 17, we advised via email that we had been waiting weeks to receive Mr. Story's written discovery answers (which are untimely and for which no extension was requested or granted) before seeking a date for Mr. Story's deposition.

We conducted a Zoom conference with you on May 19 and again addressed Mr. Story's lack of response to written discovery requests. Despite assurances that we would receive the answers to written discovery last week, the answers were not forthcoming.

We have attempted in good faith to obtain this discovery without court action. But our efforts have not resulted in Mr. Story complying with his discovery obligations. We have agreed to extend discovery and other deadlines twice to accommodate you. We now have only 20 days to complete discovery.

Therefore, unless we get start getting Mr. Story's answers today—and all by noon tomorrow—we will have no other option but to file a motion to compel under Rule 37(a). Please be advised that we will seek our fees and costs associated with such motion under Rule 37(a)(5).

Please let us know that we will receive all answers before tomorrow at noon so that we can avoid the need to seek court intervention. Thank you.

Kind regards,
Katie Long

---

Kathryn Long, Partner | vcard
500 North Akard Street, Suite 3150
Dallas, Texas 75201
T: 972.734.5613 | M: 469.222.9285 | F: 972.534.1645
klong@thompsonhorton.com | www.thompsonhorton.com

<< OLE Object: Picture (Device Independent Bitmap) >>    << OLE Object: Picture (Device Independent Bitmap)>>

CONFIDENTIALITY STATEMENT: This message and all attachments are confidential and may be protected by the attorney-client and other privileges. Any review, use, dissemination, forwarding, printing, copying, disclosure or distribution by persons other than the intended recipients is prohibited and may be unlawful. Please delete this message and any copy of it (in any form) without disclosing it. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission. Thank you for your cooperation.

**App. 89**