IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| SUPERINTENDENT HAFEDH AZAIEZ, | § | CIVIL ACTION NO. |
| TRUSTEES AMBER FELLER, TIFFANIE | § | 1:22-cv-00448-DAE |
| HARRISON, AMY WEIR, JUN XIAO, | § | |
| CORY VESSA; OFFICERS JEFFREY | § | |
| YARBROUGH, JAMES WILLIBY, | § | |
| DEBORAH GRIFFITH, MILTON POPE, | § | |
| FRANK PONTILLO, RON COLE, CHIEF | § | |
| DENNIS WEINER, and CARLA | § | |
| AMACHER, individually, and ROUND | § | |
| ROCK INDEP. SCHOOL DISTRICT, | § | |
| *Defendants*. | § | |

## PROTECTIVE ORDER

1.      This Order ("Protective Order") is made in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

2.      This Protective Order applies to any document, record, information, deposition testimony, or other tangible or intangible thing (collectively "documents") furnished by any party to any other party, that contains Confidential Information as described below. This Protective Order also applies to documents obtained via subpoena from a third party and copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents. "Document," as used in this Order, means any information recorded in any way, including, but not limited to, handwriting, print, computer media, video or audio tape, film, microfilm, and microfiche. The information protected may include, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits;

and other writings or things produced. The least possible portion of any document shall be designated as confidential.

3.      **Definition of "Confidential Information."** "Confidential Information" refers to (i) birthdates or home addresses of current or former employees of Round Rock Independent School District ("Round Rock ISD") or other non-parties; (ii) personnel information including the job performance or evaluations of Round Rock ISD personnel whose disclosure would constitute an unwarranted invasion of personal privacy under state law; (iii) medical or psychological information regarding Story; (iv) personal information that is protected by statute provided the statute is identified with production, or other information required by law or agreement to be kept confidential; or (v) information subject to confidentiality or non-disclosure under binding written agreements.

4.      **Designation of Confidential Information.** Any party to this action or other person or entity, including any third party, who produces or supplies documents or testimony in connection with this action (hereinafter the "Designating Party" or the "Producing Party") may designate the documents or testimony "Confidential" if it reasonably and in good faith believes the documents constitute or contain information that is protectable under applicable law or privilege rules. The designation "Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated, a legend that in substance states: "**CONFIDENTIAL.**" Any identification of material as confidential shall not obscure any portion of the material so designated. The designation "Confidential," and the restrictions which accompany such a designation under this Protective Order, shall not apply to information or material that (i) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order; (ii) is acquired by the non-designating party from a third party having the right to disclose such information or material; or (iii) was lawfully possessed by the non-designating party before the date of this Order.

5.      **Depositions and Other Pretrial Testimony.** Confidential information that is included in depositions and other pretrial testimony taken in discovery may be designated Confidential by indicating that fact on the record at the deposition or by written notice, sent by counsel to all Parties within ten (10) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any documents designated as Confidential. Once a Designating Party has advised the court reporter that Confidential information has been disclosed during a deposition, then any portion of deposition transcript in which Confidential information is discussed, and any Confidential—information, documents, or materials that are marked as exhibits, shall be treated as documents designated as Confidential. The least possible portion of a deposition and/or exhibits to a deposition shall be designated as Confidential.

6.      **Confidential Electronically-Stored Information ("ESI").** With respect to any documents or materials designated as Confidential that are not produced in paper form (including electronically-stored information, and other non-paper methods) and that are not susceptible to the imprinting of a stamp signifying its confidential nature, the Producing Party shall, to the extent practicable, produce such documents or materials with a cover labeled Confidential and shall inform all counsel in writing of the Confidential designation of such documents at the time such documents are produced. Documents designated as Confidential produced on compact discs, magnetic or electronic media, and other non-paper methods shall immediately be marked with the appropriate Confidential stamp prior to distributing such material. The provisions of this paragraph shall only apply to material produced on compact discs, magnetic or electronic media, and other non-paper methods.

7.      **Duty to Preserve Confidentiality.** Confidential Information shall not be disclosed to any person except in conformity with this Order. Confidential Information shall not be used for any purpose other than in connection with this litigation or in any appellate proceeding concerning this action, unless and until such designation is removed by order of this Court. It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

8.      **Binding Nature of Agreement.** The Parties agree to be bound by terms of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

9.      **Effective Date of Protective Order.** The provisions of this Protective Order shall become effective upon entry by the Court; however, all documents produced and designated as Confidential in the manner prescribed herein prior to the effective date of this Protective Order shall be subject to, and governed by, its provisions as though entered by the Court.

10.     **Objections to Documents and Materials Designated Confidential.** Any party may, at any time after production of material designated under this Protective Order, object to its designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made. A failure to object at the time of receipt, disclosure, or designation thereof, shall not preclude a subsequent objection thereto. The Parties shall, within fifteen (15) business days of service of the written objections, confer concerning the objection.  If the objection is not resolved, the objecting party shall, within fifteen (15) business days of the conference, file and serve a motion to resolve the dispute over the designation of the material. If a motion is filed, information subject to dispute shall be treated consistently with its designation until further order of the Court. With respect to any material which ceases to be subject to the protection of this Protective

Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation.

11. **No Waiver.** Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) business days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the return to the Designating Party of all copies of the inadvertently designated documents and for the substitution, where appropriate, of properly labeled copies within three (3) business days.

12. **Inadvertent Production.** In the case of inadvertently produced privileged documents, work product documents or other documents where a Party would otherwise be entitled to withhold production, upon request of the Party, the documents together with all copies thereof and any notes made therefrom shall be returned to the Party claiming privilege or work product immunity. Such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Party would otherwise be entitled, provided that, promptly after discovering that the information was inadvertently produced, the Party requests in writing (a "Return Request") that the other Party return all documents as to which the claim of inadvertent protection has been made and destroy all copies of other material derived therefrom. All documents covered by a Return Request shall be returned or destroyed as requested within ten (10) days of receipt of the Return Request. If a party objects to the Return Request, that party must file a motion challenging the protected status of the documents. Any party so objecting shall not use the documents covered by the Return Request for any purpose other than such a motion pending the resolution of the issue. No such motion will challenge the protected

status of such documents on the ground that it was produced in this litigation. Any documents submitted in support of such a motion must be filed under seal.

13.    **Disclosure and Use of Confidential Information.**

*Disclosure to Parties, Counsel, and Experts.* Copies of "Confidential Information" may be disclosed only to the following individuals, provided that such individuals are informed of and agree to the terms of this Order: (a) the receiving party, if a natural person; (b) if the receiving party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case; (c) counsel for the receiving party and their support personnel, including secretaries, paralegals, associates, and photocopying personnel, when it is necessary that the support personnel have access to the material for purposes of this litigation; (d) experts or consultants; and (e) persons requested by counsel to furnish litigation services such as document coding, image scanning, court reporting services, demonstrative exhibit preparation, or the creation of a computer database.

*Use at Depositions.* This Order does not preclude counsel for the parties from questioning witnesses about information contained in the documents that are subject to this Order; however, prior to disclosing such information to any witness, counsel must first inform the individual that the information is confidential and is subject to this Order. Counsel shall provide a copy of this Order to the witness and shall secure the witness's agreement on the record to comply with the terms of this Order.

*Court Filings.* A party may use Confidential Information that can be readily redacted (*e.g.*, social security number, birthdate, or home address) in support of a motion, pleading, or other proceeding in this action. However, if the Confidential Information cannot readily be redacted or if the entirety of a single document constitutes Confidential Information and if a party desires to file Confidential Information in support of motions, pleadings, or other proceedings in this action, the party shall file the document under seal.

*Use by the Court.* This Order does not restrict the Court's ability to consider Confidential Information in rendering any order or judgment in this case.

*Subpoenas.* If another court or administrative agency subpoenas or orders production of Confidential Information that a party has obtained under the terms of this Protective Order such a party shall, if there are fewer than ten (10) business days to comply, within two (2) business days, or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the Designating Party of the pendency of the subpoena or order in writing, and shall not produce the Confidential Information until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and to give the Designating Party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

14. **Conclusion of Litigation.** Within 60 days after final judgment in this action, including the exhaustion of all appeals, or within 60 days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" and to certify to the producing party that this destruction or return has been done. However, counsel for any party is entitled to retain all court papers, transcripts, exhibits, and any attorney work product provided that any such materials are maintained and protected in accordance with this Protective Order.

15. **Relief from Protective Order.** Any party may petition the Court if the party desires relief from a term or condition of this Protective Order.

16.     The provision of this Order regarding the use and/or disclosure of Confidential

Information shall survive the termination of this action.

Signed this __25th__ day of ___November_____, 2025.

_____
The Honorable David A. Ezra
United States District Court Judge