Round Rock ISD
246909

BOARD MEETINGS                                                                                           BE
                                                                                                     (LEGAL)

| | |
|---|---|
| **Majority Vote** | The board may act only by majority vote of the members present at a meeting held in compliance with Government Code Chapter 551 (Open Meetings Act), at which a quorum of the board is present and voting. A majority vote is generally determined from a majority of those present and voting, excluding abstentions, assuming a quorum is present. *Education Code 11.051(a-1); Atty. Gen. Op. GA-689 (2009)* |
| No Secret Ballot | No vote shall be taken by secret ballot. *Atty. Gen. Op. JH-1163 (1978)* |
| **Definitions** Deliberation | "Deliberation" means a verbal or written exchange between a quorum of a board, or between a quorum of a board and another person, concerning an issue within the jurisdiction of the board. *Gov't Code 551.001(2)* |
| Meeting | "Meeting" means: |

1. A deliberation between a quorum of a board, or between a quorum of the board and another person, during which public business or public policy over which the board has supervision or control is discussed or considered, or during which the board takes formal action; or

2. Except as otherwise provided below, a gathering:

    a. That is conducted by the board or for which the board is responsible;

    b. At which a quorum of members of the board is present;

    c. That has been called by the board; and

    d. At which board members receive information from, give information to, ask questions of, or receive questions from any third person, including an employee of the district, about the public business or public policy over which the board has supervision or control.

Gov't Code 551.001(4)

| | |
|---|---|
| *Exceptions to Meeting* Social Function, Convention, or Candidate Event | The term does not include the gathering of a quorum of a board at a social function unrelated to the public business that is conducted by the board, the attendance by a quorum of a board at a regional, state, or national convention or workshop, ceremonial event, or press conference, or the attendance by a quorum of a board at a candidate forum, appearance, or debate to inform the electorate, if formal action is not taken and any discussion of public business is incidental to the social function, convention, workshop, ceremonial event, press conference, forum, appearance, or debate. *Gov't Code 551.001(4)* |

DATE ISSUED: 11/20/2023                                                                          1 of 13
UPDATE 122
BE(LEGAL)-P

**RRISD 00185**

Round Rock ISD
246909

BOARD MEETINGS   BE
(LEGAL)

| | |
|---|---|
| Legislative Committee or Agency Meeting | The attendance by a quorum of a board at a meeting of a committee or agency of the legislature is not considered to be a meeting of the board if the deliberations at the meeting by the board members consist only of publicly testifying, publicly commenting, and publicly responding to a question asked by a member of the legislative committee or agency. *Gov't Code 551.0035(b)* |
| Online Message Board | For information on communications posted to an online message board, see BBI. |
| Quorum | "Quorum" means a majority of the number of members fixed by statute. *Gov't Code 551.001(6); 311.013(b)* |
| *Disaster Exception* | Notwithstanding any other law, a quorum is not required for the board to act if: |

1. The district's jurisdiction is wholly or partly located in the area of a disaster declared by the president of the United States or the governor; and

2. A majority of the members of the board are unable to be present at a board meeting as a result of the disaster.

*Gov't Code 418.1102*

| | |
|---|---|
| Recording | "Recording" means a tangible medium on which audio or a combination of audio and video is recorded, including a disc, tape, wire, film, electronic storage drive, or other medium now existing or later developed. *Gov't Code 551.001(7)* |
| **Prohibited Series of Communications** | A board member commits an offense if the member: |

1. Knowingly engages in at least one communication among a series of communications that each occur outside of a meeting authorized by the Open Meetings Act and that concern an issue within the jurisdiction of the board in which the members engaging in the individual communications constitute fewer than a quorum of members but the members engaging in the series of communications constitute a quorum of members; and

2. Knew at the time the member engaged in the communication that the series of communications:

    a. Involved or would involve a quorum; and

    b. Would constitute a deliberation once a quorum of members engaged in the series of communications.

*Gov't Code 551.143*

Round Rock ISD
246909

BOARD MEETINGS BE
(LEGAL)

| | |
|---|---|
| **Superintendent Participation** | The board shall provide the superintendent an opportunity to present at a meeting an oral or written recommendation to the board on any item that is voted on by the board at the meeting. *Education Code 11.051(a-1)* |
| **Access to Board Meetings**<br>Open to Public | Every regular, special, or called meeting of a board shall be open to the public, except as provided by the Open Meetings Act. *Gov't Code 551.002* [See BEC for exceptions for closed meetings.] |
| Parental Access | A parent is entitled to complete access to any meeting of the board, other than a closed meeting held in compliance with Government Code Chapter 551, Subchapters D and E. *Education Code 26.007(a)* |
| Exclusion of Witnesses | A board that is investigating a matter may exclude a witness from a hearing during the examination of another witness in the investigation. *Gov't Code 551.084* |
| **Location** | A board must hold each public meeting within the boundaries of the district, except: |

1. As required by law; or

2. To hold a joint meeting with another district or with another governmental entity, as defined by Government Code 2051.041, if the boundaries of the governmental entity are in whole or in part within the boundaries of the district.

*Education Code 26.007(b)*

| | |
|---|---|
| **Required Meeting Records**<br>Minutes or Recording | A board shall prepare and keep minutes or make a recording of each open meeting. The minutes must state the subject matter of each deliberation and indicate each vote, order, decision, or other action taken. *Gov't Code 551.021* |
| Board Member Attendance | The minutes, certified agenda, or recording, as applicable, of a regular or special meeting of the board must reflect each member's attendance at or absence from the meeting. *Education Code 11.0621* |
| Availability | The minutes and recordings of an open meeting are public records and shall be available for public inspection and copying on request to the superintendent or designee. *Gov't Code 551.022; Education Code 11.0621* |
| | ***Note:*** For website posting requirements regarding the record of a board meeting, see CQA. |
| **Notice Required** | A board shall give written notice of the date, hour, place, and subject of each meeting held by the board. *Gov't Code 551.041* |

DATE ISSUED: 11/20/2023 3 of 13
UPDATE 122
BE(LEGAL)-P

**RRISD 00187**

Round Rock ISD
246909

BOARD MEETINGS                                                                                      BE
                                                                                                (LEGAL)

| | |
|---|---|
| Continued Meeting | Government Code 551.041, above, does not require a board that recesses an open meeting to the following regular business day to post notice of the continued meeting if the action is taken in good faith and not to circumvent the Open Meetings Act. If an open meeting is continued to the following regular business day and, on that following day, the board continues the meeting to another day, the board must give the required written notice of the meeting continued to that other day. *Gov't Code 551.0411(a)* |
| **Inquiry During Meeting** | If, at a meeting of a board, a member of the public or of the board inquires about a subject for which notice has not been given, the notice provisions do not apply to a statement of specific factual information given in response to the inquiry or a recitation of existing policy in response to the inquiry. Any deliberation of or decision about the subject of the inquiry shall be limited to a proposal to place the subject on the agenda for a subsequent meeting. *Gov't Code 551.042* |
| **Time and Accessibility of Notice** | The notice of a meeting of a board must be posted in a place readily accessible to the general public at all times for at least 72 hours before the scheduled time of the meeting, except as provided at Emergency Meeting or Emergency Addition to Agenda, below. A district shall post notice of each meeting on a bulletin board at a place convenient to the public in the central administrative office of the district. *Gov't Code 551.043(a), .051* |

If a district is required to post notice of a meeting on the internet:

1. The district satisfies the requirement that the notice must be posted in a place readily accessible to the general public at all times by making a good-faith attempt to continuously post the notice on the internet during the prescribed period;

2. The district must still comply with any duty imposed by the Open Meetings Act to physically post the notice at a particular location; and

3. If the district makes a good-faith attempt to continuously post the notice on the internet during the prescribed period, the notice physically posted must be readily accessible to the general public during normal business hours.

*Gov't Code 551.043(b)*

| | |
|---|---|
| Internet Posting — Notice | If a district maintains an internet website, in addition to the other place at which notice or an agenda of a meeting is required to be posted, a board must also concurrently post notice of a meeting and the agenda for the meeting on the internet website. |

Round Rock ISD
246909

| | |
|---|---|
| BOARD MEETINGS | BE<br>(LEGAL) |

The validity of a posted notice of a meeting or an agenda by a board subject to these provisions that made a good-faith attempt to comply with these requirements is not affected by a failure to comply that is due to a technical problem beyond the control of the district.

*Gov't Code 551.056*

[See CQA for other website posting requirements.]

**Specificity of Agenda/Notice**

Agendas for all meetings must be sufficiently specific to inform the public of the subjects to be discussed at the meeting, setting out any special matters to be considered or any matter in which the public has a particular interest. *Cox Enterprises, Inc. v. Austin Indep. Sch. Dist.*, 706 S.W.2d 956 (Tex. 1986); *Point Isabel Indep. Sch. Dist. v. Hinojosa*, 797 S.W.2d 176 (Tex. App.—Corpus Christi 1990, writ denied); Atty. Gen. Op. JH-1045 (1977)

**Emergency Meeting or Emergency Addition to Agenda**

In an emergency or when there is an urgent public necessity, the notice of a meeting to deliberate or take action on the emergency or urgent public necessity, or the supplemental notice to add the deliberation or taking of action on the emergency or urgent public necessity as an item to the agenda for a meeting for which notice has been posted in accordance with Government Code Chapter 551, Subchapter C, is sufficient if the notice or supplemental notice is posted for at least one hour before the meeting is convened.

A board may not deliberate or take action on a matter at a meeting for which notice or supplemental notice is posted as described above other than:

1. A matter directly related to responding to the emergency or urgent public necessity identified in the notice or supplemental notice of the meeting; or

2. An agenda item listed on a notice of the meeting before the supplemental notice was posted.

An emergency or urgent public necessity exists only if immediate action is required of a board because of:

1. An imminent threat to public health and safety, including a threat described in item 2, below, if imminent; or

2. A reasonably unforeseeable situation, including:

    a. Fire, flood, earthquake, hurricane, tornado, or wind, rain, or snow storm;

    b. Power failure, transportation failure, or interruption of communication facilities;

DATE ISSUED: 11/20/2023
UPDATE 122
BE(LEGAL)-P

5 of 13

**RRISD 00189**

Round Rock ISD
246909

BOARD MEETINGS                                                                                         BE
                                                                                                   (LEGAL)

|  |  |
|---|---|
|  | c. Epidemic; or |
|  | d. Riot, civil disturbance, enemy attack, or other actual or threatened act of lawlessness or violence. |

The board shall clearly identify the emergency or urgent public necessity in the notice of an emergency meeting or supplemental notice.

The sudden relocation of a large number of residents from the area of a declared disaster to a district's jurisdiction is considered a reasonably unforeseeable situation for a reasonable period immediately following the relocation.

*Gov't Code 551.045*

**Catastrophe**    A board that is prevented from convening an open meeting that was otherwise properly posted under Government Code 551.041 because of a catastrophe may convene the meeting in a convenient location within 72 hours pursuant to Government Code 551.045 if the action is taken in good faith and not to circumvent the Open Meetings Act. If the board is unable to convene the open meeting within those 72 hours, the board may subsequently convene the meeting only if the board gives the required written notice of the meeting.

"Catastrophe" means a condition or occurrence that interferes physically with the ability of a board to conduct a meeting, including:

1. Fire, flood, earthquake, hurricane, tornado, or wind, rain, or snow storm;

2. Power failure, transportation failure, or interruption of communication facilities;

3. Epidemic; or

4. Riot, civil disturbance, enemy attack, or other actual or threatened act of lawlessness or violence.

*Gov't Code 551.0411(b), (c)*

**Special Notice to News Media**    A district shall provide special notice of each meeting to any news media that has requested special notice and agreed to reimburse the district for the cost of providing the special notice. The notice shall be by telephone, facsimile transmission, or electronic mail. *Gov't Code 551.052*

The board president or board member who calls an emergency meeting or adds an emergency item to the agenda of a board meeting shall notify the news media of the emergency meeting or

DATE ISSUED: 11/20/2023                                                                          6 of 13
UPDATE 122
BE(LEGAL)-P

**RRISD 00190**

| | |
|---|---|
| | emergency item. The president or member is required to notify only those members of the news media that have previously filed a request containing all pertinent information for the special notice and agreed to reimburse the board for the cost of providing the special notice. The president or member shall give the notice by telephone, facsimile transmission, or electronic mail at least one hour before the meeting is convened. *Gov't Code 551.047* |
| **Meeting by Telephone Conference Call** | A board may hold a meeting by telephone conference call only if an emergency or public necessity exists within the meaning of Government Code 551.045 and the convening at one location of a quorum of the board is difficult or impossible, or if the meeting is held by an advisory board. |
| Technical Requirements and Recording | Each part of the telephone conference call meeting that is required to be open to the public shall be audible to the public at the location specified in the notice of the meeting as the location of the meeting and shall be recorded. The recording shall be made available to the public. |
| | The location designated in the notice as the location of the meeting shall provide two-way communication during the entire telephone conference call meeting and the identification of each party to the telephone conference shall be clearly stated prior to speaking. |
| Notice of Location | The telephone conference call meeting is subject to the notice requirements applicable to other meetings. The notice must specify as the location of the meeting the location where meetings of the board are usually held. |
| | *Gov't Code 551.125* |
| **Meeting by Videoconference** | "Videoconference call" or "videoconference" means a communication conducted between two or more persons in which one or more of the participants communicate with the other participants through audio and video signals transmitted over a telephone network, a data network, or the internet. *Gov't Code 551.001(8); 1 TAC 209.1(5)* |
| | A board member or district employee may participate remotely in a board meeting by means of a videoconference call if the video and audio feed of the board member's or employee's participation, as applicable, is broadcast live at the meeting and complies with the provisions below. A board member who participates by videoconference call shall be counted as present at the meeting for all purposes. A board member who participates in a meeting by video conference call shall be considered absent from any portion of the meeting during which audio or video communication with the member is lost or disconnected. The board may continue the meeting |

Round Rock ISD
246909

BOARD MEETINGS                                                          BE
                                                                    (LEGAL)

only if a quorum remains present at the meeting location or, if applicable, continues to participate in a meeting conducted as specified at Multiple Counties, below. *Gov't Code 551.127(a-1)-(a-3)*

| | |
|---|---|
| Quorum in One Location | A meeting may be held by videoconference call only if a quorum of the board is physically present at one location of the meeting, except as provided at Multiple Counties, below. |
| *Multiple Counties* | A meeting of a board of a district that extends into three or more counties may be held by videoconference call only if the board member presiding over the meeting is physically present at one location of the meeting that is open to the public during the open portions of the meeting. |
| Additional Notice Requirements | A meeting held by videoconference call is subject to the notice requirements applicable to other meetings in addition to the notice requirements applicable to meetings by videoconference call. |

The notice of a meeting to be held by videoconference call must specify as a location of the meeting the location where a quorum of the board will be physically present and specify the intent to have a quorum present at that location, except that the notice of a meeting held by videoconference call described above at Multiple Counties must specify as a location of the meeting the location where the board member presiding over the meeting will be physically present and specify the intent to have that member present at that location.

*Gov't Code 551.127(b)-(e)*

| | |
|---|---|
| Quality of Audio and Video Signals | Each portion of a meeting held by videoconference call that is required to be open to the public shall be visible and audible to the public at the location specified in the notice. If a problem occurs that causes a meeting to no longer be visible and audible to the public at that location, the meeting must be recessed until the problem is resolved. If the problem is not resolved in six hours or less, the meeting must be adjourned. |

The location specified in the notice, and each remote location from which a member of the board participates, shall have two-way audio and video communication with each other location during the entire meeting. The face of each participant in the videoconference call, while that participant is speaking, shall be clearly visible, and the voice audible, to each other participant and, during the open portion of the meeting, to the members of the public in attendance at the physical location described by the notice and at any other location of the meeting that is open to the public.

The quality of the audio and video signals perceptible at each location of the meeting must meet or exceed minimum standards spec-

**RRISD 00192**

Round Rock ISD
246909

BOARD MEETINGS                                                                    BE
                                                                              (LEGAL)

ified by the Department of Information Resources (DIR). The audio and video signals perceptible by members of the public at the location of the meeting described by the notice and at each remote location from which a member participates must be of sufficient quality so that members of the public at each location can observe the demeanor and hear the voice of each participant in the open portion of the meeting.

Gov't Code 551.127(f), (h)-(j)

*Minimum Standards*

No requirements found in subchapter B of 1 Administrative Code Chapter 209 (minimum standards for meetings held by videoconference by governmental bodies) shall be interpreted to overrule any section of the Open Meetings Act or any rules adopted or opinions issued by the Office of the Attorney General interpreting the Open Meetings Act. *1 TAC 209.4*

Boards conducting open or closed meetings by videoconference call shall review and consider any applicable guidelines promulgated by DIR. *1 TAC 209.5(b)*

*Computer-Based Videoconferencing Applications*

"Computer-based videoconferencing application" means a commercially available application designed to facilitate videoconferencing between a personal computer to another personal computer or mobile device either one-to-one or in a group environment. *1 TAC 209.1(1)*

All computer-based videoconferencing applications shall employ a minimum bandwidth transmission speed and/or adequate data compression algorithm to produce a sufficient quality for audio and video such that audio volume and clarity and video clarity are sufficient to hear and view all speaking participants on the videoconference clearly.

Computer-based videoconferencing applications may specify unique minimum requirements for computer central processing units, memory, and video capability to run the computer-based videoconferencing application. A board shall comply with these minimum requirements.

If the videoconference call hosts a public audience at a location or locations specified by the official notice of the open meeting posted in compliance with Open Meetings Act requirements, then the district shall establish a minimum of one host computer at the location(s) that will run the computer-based videoconferencing application. This host computer shall then be connected to:

1.  Either a separate video monitor of size proportional to the room and clearly visible to all in the room or multiple video

Round Rock ISD
246909

| | |
|---|---|
| BOARD MEETINGS | BE
(LEGAL) |

        2.    monitors so that all attendees may clearly view the video stream; and

        2.    External speakers of suitable volume and sound quality such that all meeting attendees at the host location may clearly hear the meeting.

Any personal computer used by a board member for the purpose of videoconferencing for an open meeting subject to the Open Meetings Act shall contain a camera and speakers of sufficient quality to permit all meeting attendees to see the individual who is using the personal computer and for the individual to hear all speaking attendees.

*1 TAC 209.10*

**Dedicated Video Room Environments**

If a board uses a dedicated video room environment (DVRE) for dedicated camera and speaker equipment but is using a computer-based videoconferencing application that is not part of a proprietary DVRE setup, then the district must comply with all minimum standards for computer-based application software, above, and is not subject to the DIR requirements for a DVRE. *1 TAC 209.11(e)*

***Note:*** The minimum standards for videoconference meetings hosted between dedicated video room environments are outlined in 1 Administrative Code 209.1 and 209.11.

**Security Requirements**

Each board subject to the Open Meetings Act shall review and comply with any additional internal security requirements of their district that may apply to a meeting held by videoconference. *1 TAC 209.12(a)*

**Recording**

The board shall make at least an audio recording of the meeting. The recording shall be made available to the public.

**Remote Participation by the Public**

Without regard to whether a member of the board is participating in a meeting from a remote location by videoconference call, a board may allow a member of the public to testify at a meeting from a remote location by videoconference call.

*Gov't Code 551.127(g), (k)*

**Internet Broadcast**

Except as provided by Government Code 551.128(b-1), below, and subject to the requirements at Video and Audio Recording of Meeting, below, a board may broadcast an open meeting over the internet.

Except as provided by Government Code 551.128(b-2) [see Existing Website, below], a board that broadcasts a meeting over the internet shall establish an internet site and provide access to the

**RRISD 00194**

Round Rock ISD
246909

| | |
|---|---|
| BOARD MEETINGS | BE |
| | (LEGAL) |

broadcast from that site. The board shall provide on the internet site the same notice of the meeting that the board is required to post under Government Code Chapter 551, Subchapter C. The notice on the internet must be posted within the time required for posting notice under Subchapter C.

*Gov't Code 551.128(b), (c)*

> *Note:* The provisions at Video and Audio Recording of Meeting apply to a board for a district that has a student enrollment of 10,000 or more.

**Video and Audio Recording of Meeting**

*Required Recording*

A board shall:

1. Make a video and audio recording of reasonable quality of each:

   a. Regularly scheduled open meeting that is not a work session or a special called meeting; and

   b. Open meeting that is a work session or special called meeting at which the board votes on any matter or allows public comment or testimony [see BED for requirements regarding public testimony]; and

2. Make available an archived copy of the video and audio recording of each meeting described in item 1.

*Internet Posting — Recordings*

A board shall:

1. Make the archived recording of each meeting to which these provisions apply available on the internet not later than seven days after the date the recording was made; and

2. Maintain the archived recording on the internet for not less than two years after the date the recording was first made available.

*Existing Website*

A board may make available the required archived recording on an existing internet site, including a publicly accessible video-sharing or social networking site. The board is not required to establish a separate internet site and provide access to archived recordings of meetings from that site.

*District Website*

A district that maintains an internet site shall make available on that site, in a conspicuous manner, the archived recording of each meeting or an accessible link to the archived recording of each such meeting.

DATE ISSUED: 11/20/2023
UPDATE 122
BE(LEGAL)-P

11 of 13

**RRISD 00195**

Round Rock ISD
246909

BOARD MEETINGS  BE
(LEGAL)

| | |
|---|---|
| *Exemption* | A board is exempt from the internet posting requirements if the board's failure to make the required recording of a meeting available is the result of a catastrophe, as defined by Government Code 551.0411 [see Catastrophe, above], or a technical breakdown. Following a catastrophe or breakdown, a board must make all reasonable efforts to make the required recording available in a timely manner. |
| Television Broadcast | A board may broadcast a regularly scheduled open meeting on television. |
| | *Gov't Code 551.128(b-1)-(b-6)* |
| **Recording by Attendee** | A person in attendance may record all or any part of an open meeting of a board by means of a recorder, video camera, or other means of aural or visual reproduction. A board may adopt reasonable rules to maintain order at a meeting, including rules relating to the location of recording equipment and the manner in which the recording is conducted. A rule adopted under this provision may not prevent or unreasonably impair a person from exercising a right granted under this provision. *Gov't Code 551.023* |
| **Attorney Consultation** | A board may use a telephone conference call, videoconference call, or communications over the internet to conduct a public consultation with its attorney in an open meeting of the board or a private consultation with its attorney in a closed meeting of the board. [See BEC] |
| | Each part of a public consultation by a board with its attorney in an open meeting must be audible to the public at the location specified in the notice of the meeting as the location of the meeting. |
| | These provisions do not authorize the members of a board to conduct a meeting of the board by telephone conference call, video conference call, or communications over the internet; or create an exception to the application of Government Code Chapter 551, Subchapter F (meetings using telephone, videoconference, or internet). |
| Exception | These provisions do not apply to a consultation with an attorney who is an employee of a district. An attorney who receives compensation for legal services performed, from which employment taxes are deducted by the district, is an employee of the district. |
| | *Gov't Code 551.129* |
| **Persons with Hearing Impairments** | In a proceeding before a board in which the legal rights, duties, or privileges of a party are to be determined by the board after an adjudicative hearing, the board shall supply for a party who is deaf or |

Round Rock ISD
246909

BOARD MEETINGS                                                                                              BE
                                                                                                        (LEGAL)

hearing impaired an interpreter who has qualifications approved by the Texas Commission for the Deaf and Hard of Hearing.

"Deaf or hearing impaired" means having a hearing impairment, regardless of the existence of a speech impairment, that inhibits comprehension of an examination or proceeding, or communication with others.

*Gov't Code 558.001, .003*