**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JEREMY STORY, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | **NO. 1:22-CV-448-DAE** |
| | § | |
| HAFEDH AZAIEZ, et al, | § | |
| | § | |
| *Defendants* | § | |

---

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff, Jeremy Story (hereinafter refereed to as "Plaintiff" or "Story") files this notice of supplemental authority. On March 23, 2026, the Supreme Court issued *Zorn v. Linton*, No. 25-297 (U.S. Mar. 23, 2026), attached as Exhibit A. In *Zorn*, the Court reaffirmed that qualified immunity turns on whether the constitutional right at issue was "clearly established." *Zorn*, slip op. at 3. The Court explained that this inquiry requires identifying precedent placing the constitutional question beyond debate in materially similar circumstances. *Id*.

There, the Court concluded qualified immunity applied because no prior case had addressed whether "using a rear wristlock to move a noncompliant protester after repeated warnings" violated the Fourth Amendment. *Id*. at 5. In other words, the case law was devoid of analogous authority.

This holding directly bears on Defendants' qualified immunity defense.

In stark contrast, Plaintiff's claim arises under a line of authority that is neither novel nor unsettled. For decades, the Supreme Court has made clear that viewpoint discrimination is prohibited in a limited public forum. It is settled law that a school board meeting constitutes a limited public forum, in which reasonable subject-matter restrictions may be imposed, but

viewpoint discrimination is categorically forbidden.

The Supreme Court has repeatedly held that once the government permits speech on a subject, it may not exclude speakers based on their viewpoint:

    a. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45-49 (1983) (even in nonpublic forums, access may not be denied on the basis of viewpoint);

    b. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995) (viewpoint discrimination is "an egregious form of content discrimination");

    c. *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106–07 (2001) (limited public forum restrictions must be viewpoint neutral).

Assuming, arguendo, that viewpoint discrimination was not clear enough, federal appellate courts have applied the prohibition against viewpoint discrimination ***specifically*** to school board meetings for decades :

    a. *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 348 (5th Cir. Tex. 2001) (identifying school board meetings are limited public forums and collecting cases going back over twenty (20) years);

    b. *Ison v. Madison Local Sch. Dist. Bd. of Educ.*, 3 F.4th 887 (6th Cir. 2021) (school board meetings are limited public forums; viewpoint discrimination is forbidden);

These authorities establish—well before the events at issue—that a governmental body may not permit speech on a topic while suppressing disfavored perspectives on that same topic.

Here, government actors permitted COVID safety commentary using wide-ranging analogies invoking public figures and religious references (Frederick Douglass, Ted Cruz, and Jesus Christ), while at the same time denying Plaintiff's COVID safety commentary for his analogy invoking the superintendent (i.e., a "forbidden" analogy). This is not a neutral subject-

matter restriction; it is viewpoint discrimination.

Unlike *Zorn*, this case does not present a constitutional question at the margins. The prohibition against viewpoint discrimination in a limited public forum is among the most clearly established principles in First Amendment law. No reasonable official could believe it permissible to allow favorable or neutral commentary invoking wide-ranging analogies while suppressing critical speech on the same subject simply because the analogy did not comport with the officials' viewpoint.

The Court should consider this newly issued authority in resolving Defendants' qualified immunity defense and the merits of Plaintiff's constitutional claims.

RESPECTFULLY SUBMITTED, this day, March 25, 2026.

CASEY LAW OFFICE, P.C.
P.O. Box 2451
Round Rock, Texas 78680
Telephone: (512) 257-1324
Fax: (512) 853-4098


By    /s/ Stephen Casey
     Stephen Casey, Esq.
     Texas Bar No. 24065015
     stephen@caseylawoffice.us

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 25, 2026, a true and correct copy of the above and foregoing *Plaintiff's Notice of Supplemental Authority* was served via electronic means to counsel for Defendants:

THOMPSON & HORTON LLP
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

Kathryn E. Long
State Bar No. 24041679
klong@thompsonhorton.com
K. Adam Rothey
State Bar No. 24051274
arothey@thompsonhorton.com
Ibrahim Yaseen
State Bar No. 24137674
iyaseen@thompsonhorton.com

By:    /s/ Stephen Casey
    Stephen Casey, Esq.
    Texas Bar No. 24065015
    stephen@caseylawoffice.us