IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS − AUSTIN DIVISION

JEREMY STORY,

    *Plaintiffs*,

v.

SUPERINTENDENT HAFEDH AZAIEZ,
TRUSTEES AMBER FELLER, TIFFANIE
HARRISON, AMY WEIR, JUN XIAO, CORY
VESSA; OFFICERS JEFFREY YARBROUGH,
JAMES WILLIBY, DEBORAH GRIFFITH,
MILTON POPE, FRANK PONTILLO, RON
COLE, CHIEF DENNIS WEINER, and CARLA
AMACHER, individually, and ROUND ROCK
INDEP. SCHOOL DISTRICT,

    *Defendants*.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO.
1:22-cv-00448-DAE

**OPPOSED MOTION TO STRIKE DKT. 146
OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE RESPONSE**

On March 25, 2026, Plaintiff Jeremy Story filed a Notice of Supplemental Authority (Dkt. 146). Because this submission contains arguments, it should be treated as a Sur-Reply, for which Story should have sought leave to file. Therefore, the Round Rock ISD Defendants move to strike the argument portion of the submission or, in the alternative, the Round Rock ISD Defendants seek leave to file the response attached hereto as **Exhibit A**. In support of this Motion, the Round Rock ISD Defendants show the following:

Under Local Rule CV-7(f), a party may file a reply in support of a motion, after which no further submissions are allowed without leave of court. Story attempts to circumvent this Local Rule by styling his briefing as a notice of supplemental authority. To be clear, the Round Rock ISD Defendants do not object to the Court considering the Supreme Court's decision in *Zorn v. Linton*, No. 25–297, 2026 WL 795469, at *2 (U.S. Mar. 23, 2026). But the Round Rock ISD Defendants do

1

object to Story seeking to provide supplemental argument regarding that case without the Round Rock ISD Defendants being given an opportunity to respond.

A proper notice of supplemental authority should merely point the Court to the new authority, without making arguments regarding how it applies to the case. *Compare Highland Cap. Mgmt. L.P. v. Bank of Am., Nat. Ass'n*, No. 3:10-CV-1632-L, 2013 WL 4502789, at *28 (N.D. Tex. Aug. 23, 2013), *aff'd sub nom. Highland Cap. Mgmt., L.P. v. Bank of Am., N.A.*, 574 F. App'x 486 (5th Cir. 2014) ("[B]ecause BANA's one-page Notice of Supplemental Authority merely attached the opinion without making any arguments as to its relevance or import, the court concludes that Highland will not suffer any legal prejudice by the court's consideration of the case.") *with Indep. Fin. Grp., LLC v. Harrison*, No. 3:24-CV-1307-L, 2025 WL 1617411, at *1 (N.D. Tex. June 6, 2025) (not considering plaintiff's notice of supplemental authority that was "in essence a sur-reply" and would have required court to re-open briefing and allow other party to respond). This approach by district courts mirrors that taken by the Fifth Circuit. *See United States v. Huntsberry*, 956 F.3d 270, 282 n.4 (5th Cir. 2020) ("As a general rule, we do not consider arguments raised for the first time in a" letter of supplemental authority under FRAP 28j).

Story's Notice of Supplemental Authority neutrally presents the new authority in the first two sentences of this Notice. *See* Dkt. 146. After that, he turns to argument regarding what the case stands for and how he believes it supports his position. *Id.* As such, Story's Notice should be treated like a sur-reply. And sur-replies are generally disfavored, with district courts within the Fifth Circuit requiring the moving party to show that they are responding to "new issues, theories, or arguments which the movant raised for the first time in its reply brief." *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (quoting *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011)). Story has not done that here, so the argument portion of his notice of supplemental authority should be struck.

2

If the Court chooses to grant Story leave to file the notice with its arguments, the Round Rock ISD Defendants seek leave to file the attached response, which provides their position on the applicability of *Zorn* to this case. *See Indep. Fin. Grp., LLC*, 2025 WL 1617411, at *1; *Final Expense Direct v. Python Leads, LLC*, 689 F. Supp. 3d 430, 433 (S.D. Tex. 2023) (granting plaintiff leave to file sur-reply "disguised" as notice of supplemental authority, but considering both it and defendant's response).

For the foregoing reasons, the Round Rock ISD Defendants ask that the Court strike the arguments in Story's Notice of Supplemental Authority (Dkt. 146) or, in the alternative, that the Court grant the Round Rock ISD Defendants' leave to file the attached response to Story's arguments in his Notice.

Respectfully submitted,

/s/      *Kathryn E. Long*
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

IBRAHIM YASEEN
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

*Attorneys for Defendants*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that she conferred with counsel for Plaintiff, and he indicated that he would review this motion the afternoon of April 1 and indicate whether he was opposed or unopposed. Having not heard back from Plaintiff's counsel as of the close of business on the deadline to file, the undersigned told Plaintiff's counsel that Defendants would file it as opposed.

/s/    *Kathryn E. Long*
Kathryn E. Long

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this document has been served upon all parties via the Court's electronic filing system on this 1st day of April, 2026.

Stephen D. Casey
CASEY LAW OFFICE, P.C.
P.O. Box 2451
Round Rock, Texas 78680
stephen@caseylawoffice.us

Warren V. Norred
Solomon G. Norred
NORRED LAW, PLLC
515 E. Border St.
Arlington, TX 76010
warren@norredlaw.com

/s/    *Kathryn E. Long*
Kathryn E. Long

4