IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS − AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY,<br><br>    *Plaintiffs*,<br><br>v.<br><br>SUPERINTENDENT HAFEDH AZAIEZ, TRUSTEES AMBER FELLER, TIFFANIE HARRISON, AMY WEIR, JUN XIAO, CORY VESSA; OFFICERS JEFFREY YARBROUGH, JAMES WILLIBY, DEBORAH GRIFFITH, MILTON POPE, FRANK PONTILLO, RON COLE, CHIEF DENNIS WEINER, and CARLA AMACHER, individually, and ROUND ROCK INDEP. SCHOOL DISTRICT,<br><br>    *Defendants*. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br>1:22-cv-00448-DAE |

**THE ROUND ROCK ISD DEFENDANTS' SUR-SUR-REPLY IN RESPONSE TO PLAINTIFF JEREMY STORY'S SUR-REPLY REGARDING *ZORN V. LINTON* (STYLED AS NOTICE OF SUPPLEMENTAL AUTHORITY)**

On March 25, 2026, Plaintiff filed a Notice of Supplemental Authority (Dkt. 146). Because this submission contains arguments, it should be treated as a sur-reply. Having sought leave of court to do so, the Round Rock ISD Defendants herein reply to the arguments contained in Story's Notice.

Story points the Court to the Supreme Court's recent decision in *Zorn v. Linton*, 607 U.S. ___, No. 25–297, 2026 WL 795469 (U.S. Mar. 23, 2026). In that case, the Supreme Court dismissed an excessive force claim based on qualified immunity because the Second Circuit did not "identify a case where an officer acting under similar circumstances . . . was held to have violated the Constitution." *Id.* at *2 (internal citation omitted). Story claims this case stands "in stark contrast" to his own, because "the Supreme Court has made clear that viewpoint discrimination is prohibited in a limited public forum." Dkt. 146 at 1. His argument misses the mark.

1

**Exhibit A**

In *Zorn*, as here, there was a clearly established general principle—unreasonable and excessive force violates the Fourth Amendment. *Zorn*, 2026 WL 795469, at *2. But, as the Supreme Court pointed out, "principles stated generally . . . do not suffice" to overcome qualified immunity. *Id.* Rather, for an officer to know that his or her actions violate a general principle, there needs to be authority that "define[s] the right with a high degree of specificity, so that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* (quoting *District of Columbia v. Wesby*, 583 U.S. 48, 63, (2018) (modification added; internal quotation marks omitted)).

As in *Zorn*, whether any particular actions by the Round Rock ISD defendants violated the Constitution, "depends on the facts and circumstances of each particular case." *Id.* (internal citation omitted). In the Fourth Amendment case before the Supreme Court, those factors included whether the plaintiff was warned first and the type and manner of force used. *Id.* Because the precedent to which the Second Circuit cited did not clearly establish "that using a routine wristlock to move a resistant protester after warning her, without more, violates the Constitution," the defendant was entitled to qualified immunity.

Here, whether Story's removal was the result of viewpoint discrimination depends on such factors as whether he was engaging in protected, on-topic speech and whether any other similarly situated individual who did not express the same viewpoint was treated differently. *Heaney v. Roberts*, 846 F.3d 795, 802 (5th Cir. 2017) ("If Heaney were to have violated a reasonable restriction, such as a topic or time constraint, there would be no constitutional violation."); *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001) ("Fourteenth Amendment equal protection claim based on speech restrictions requires a showing that the plaintiff "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent."). As in *Zorn*, there is no precedent holding that when a speaker is violating the limits of the limited public forum—or reasonable officials could believe the speaker was violated the forum's rules—and the

2

speaker refuses to stop speaking when directed to do so (as well as other actions in response), their removal constitutes viewpoint discrimination.

Likewise, Story points to no precedent stating that, under these same circumstances, Story's continued speech, including interruptions, a raised voice, and refusal to leave, did not constitute both reasonable suspicion (unreasonable seizure claim) and probable cause (retaliatory arrest and false arrest claims) that Story was hindering the meeting. *See* Texas Penal Code § 38.13; *United States v. Garza*, 727 F.3d 436, 440 (5th Cir. 2013) ("A temporary, warrantless detention of an individual . . . must be justified by reasonable suspicion that criminal activity has taken or is currently taking place."); *Spiller v. Harris Cnty., Tex.*, 113 F.4th 573, 579 (5th Cir. 2024) (existence of probable cause for the arrest generally bars retaliatory arrest claim); *Arizmendi v. Gabbert*, 919 F.3d 891, 897 (5th Cir. 2019) (false arrest claim "requires a showing of no probable cause").

Simply put, Story, like Linton, does not have any precedent defining his right to continue speaking on the topic of his choosing after being informed he was off-topic "with a high degree of specificity, so that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Wesby*, 583 U.S. AT 63. Instead, he simply reiterates that the general principle that viewpoint discrimination is prohibited is clearly established. Dkt. 146. This does not suffice under *Zorn*.

## CONCLUSION

The Round Rock ISD Defendants agree that the Court should consider *Zorn*, which supports summary judgment in all their favor on all claims based on qualified immunity.

Respectfully submitted,

/s/      Kathryn E. Long
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

IBRAHIM YASEEN
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served

upon all parties via the Court's electronic filing system on this 1st day of April, 2026.

| | |
|---|---|
| Stephen D. Casey | Warren V. Norred |
| CASEY LAW OFFICE, P.C. | Solomon G. Norred |
| P.O. Box 2451 | NORRED LAW, PLLC |
| Round Rock, Texas 78680 | 515 E. Border St. |
| stephen@caseylawoffice.us | Arlington, TX 76010 |
| | warren@norredlaw.com |

/s/      Kathryn E. Long
Kathryn E. Long

4