IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS − AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY STORY, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | |
| SUPERINTENDENT HAFEDH AZAIEZ, TRUSTEES AMBER FELLER, TIFFANIE HARRISON, AMY WEIR, JUN XIAO, CORY VESSA; OFFICERS JEFFREY YARBROUGH, JAMES WILLIBY, DEBORAH GRIFFITH, MILTON POPE, FRANK PONTILLO, RON COLE, CHIEF DENNIS WEINER, and CARLA AMACHER, individually, and ROUND ROCK INDEP. SCHOOL DISTRICT, | § § § § § § § § § § § § | CIVIL ACTION NO. 1:22-cv-00448-DAE |
| *Defendants*. | § | |

## PARTIALLY OPPOSED MOTION TO STRIKE DKT. 147 OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE RESPONSE

On March 31, 2026, Plaintiff Jeremy Story filed a second Notice of Supplemental Authority (Dkt. 147). As with his prior notice (Dkt. 146), his submission contains arguments and should therefore be treated as a second Sur-Reply on a different issue. Story did not seek leave to file this additional briefing. Therefore, the Round Rock ISD Defendants move to strike the argument portion of the submission or, in the alternative, the Round Rock ISD Defendants seek leave to file the response attached hereto as **Exhibit A**. In support of this Motion, the Round Rock ISD Defendants show the following:

Under Local Rule CV-7(f), a party may file a reply in support of a motion, after which no further submissions are allowed without leave of court. Story attempts to circumvent this Local Rule by styling his briefing as a Notice of Supplemental Authority. The Round Rock ISD Defendants do not object to the Court considering the Supreme Court's decision in *Chiles v. Salazar*, No. 24-539, 2026 WL 872307 (U.S. Mar. 31, 2026), to the extent it is relevant to this case. But the Round Rock ISD

1

Defendants do object to Story attempting for a second time to provide supplemental argument regarding a case without the Round Rock ISD Defendants being given an opportunity to respond.

As noted in Round Rock ISD's prior objection (Dkt. 148), a proper notice of supplemental authority should merely point the Court to the new authority, without making arguments regarding how it applies to the case. *Compare Highland Cap. Mgmt. L.P. v. Bank of Am., Nat. Ass'n*, No. 3:10-CV-1632-L, 2013 WL 4502789, at \*28 (N.D. Tex. Aug. 23, 2013), *aff'd sub nom. Highland Cap. Mgmt., L.P. v. Bank of Am., N.A.*, 574 F. App'x 486 (5th Cir. 2014) ("[B]ecause BANA's one-page Notice of Supplemental Authority merely attached the opinion without making any arguments as to its relevance or import, the court concludes that Highland will not suffer any legal prejudice by the court's consideration of the case.") *with Indep. Fin. Grp., LLC v. Harrison*, No. 3:24-CV-1307-L, 2025 WL 1617411, at \*1 (N.D. Tex. June 6, 2025) (not considering plaintiff's notice of supplemental authority that was "in essence a sur-reply" and would have required court to re-open briefing and allow other party to respond). This approach by district courts mirrors that taken by the Fifth Circuit. *See United States v. Huntsberry*, 956 F.3d 270, 282 n.4 (5th Cir. 2020) ("As a general rule, we do not consider arguments raised for the first time in a" letter of supplemental authority under FRAP 28j).

As before, Story's Notice of Supplemental Authority neutrally presents the new authority in the first two sentences of this Notice. *See* Dkt. 147. But this neutral statement is followed by almost three pages of argument regarding how he believes the case supports his position. *Id.* This argument means that Story's Notice should be treated like a sur-reply, which are generally disfavored within the Fifth Circuit. They are normally only allowed to respond to "new issues, theories, or arguments which the movant raised for the first time in its reply brief." *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (quoting *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at \*1 (W.D. La. July 13, 2011)). Story has not done that in Dkt. 147, so the argument portion of his Notice of Supplemental Authority should be struck.

If the Court chooses to grant Story leave to file the Notice with its arguments, the Round Rock ISD Defendants seek leave to file the attached response, which provides their position on the applicability of *Chiles* to this case. *See Indep. Fin. Grp., LLC*, 2025 WL 1617411, at *1; *Final Expense Direct v. Python Leads, LLC*, 689 F. Supp. 3d 430, 433 (S.D. Tex. 2023) (granting plaintiff leave to file sur-reply "disguised" as notice of supplemental authority, but considering both it and defendant's response).

For the foregoing reasons, the Round Rock ISD Defendants ask that the Court strike the arguments in Story's Notice of Supplemental Authority (Dkt. 146) or, in the alternative, that the Court grant the Round Rock ISD Defendants' leave to file the attached response to Story's arguments in his Notice.

Respectfully submitted,

/s/      *Kathryn E. Long*
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

IBRAHIM YASEEN
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that she conferred with counsel for Plaintiff, and he indicated that he is opposed to the motion's request to strike, but unopposed to the alternative relief of leave to file a sur-sur-reply in response to his notice.

/s/    *Kathryn E. Long*
Kathryn E. Long

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served upon all parties via the Court's electronic filing system on this 7th day of April, 2026.

Stephen D. Casey
CASEY LAW OFFICE, P.C.
P.O. Box 2451
Round Rock, Texas 78680
stephen@caseylawoffice.us

Warren V. Norred
Solomon G. Norred
NORRED LAW, PLLC
515 E. Border St.
Arlington, TX 76010
warren@norredlaw.com

/s/    *Kathryn E. Long*
Kathryn E. Long

4