IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS − AUSTIN DIVISION

JEREMY STORY,

 *Plaintiffs*,

v.

SUPERINTENDENT HAFEDH AZAIEZ,
TRUSTEES AMBER FELLER, TIFFANIE
HARRISON, AMY WEIR, JUN XIAO, CORY
VESSA; OFFICERS JEFFREY YARBROUGH,
JAMES WILLIBY, DEBORAH GRIFFITH,
MILTON POPE, FRANK PONTILLO, RON
COLE, CHIEF DENNIS WEINER, and CARLA
AMACHER, individually, and ROUND ROCK
INDEP. SCHOOL DISTRICT,

 *Defendants*.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO.
1:22-cv-00448-DAE

---

**THE ROUND ROCK ISD DEFENDANTS' SUR-SUR-REPLY IN RESPONSE TO PLAINTIFF JEREMY STORY'S SUR-REPLY REGARDING *CHILES V. SALAZAR* (STYLED AS NOTICE OF SUPPLEMENTAL AUTHORITY)**

---

On March 31, 2026, Plaintiff Jeremy Story filed his second Notice of Supplemental Authority (Dkt. 147). Because that submission contains arguments, it should be treated as a sur-reply. Having sought leave of the Court to do so, the Round Rock ISD Defendants herein reply to the arguments contained in Story's Notice.

Story argues that the Supreme Court's decision in *Chiles v. Salazar*, 607 US ____, No. 24-539, 2026 WL 872307 (Mar. 31, 2026), supports his viewpoint discrimination claim. But in fact, the decision has little to no applicability to this case. The question before the Court in *Chiles* was a "narrow one"— whether a law that censored private speech based on viewpoint was only subject to rational basis review because the law targeted "professional speech" of mental health professionals and also regulated their conduct. *Id.* at *6–*8. The question before this Court is completely different—whether

1

**Exhibit A**

the District's reasonable viewpoint-neutral rule restricting speech in a limited public forum to topics on the agenda was *applied* to Story in a manner that constituted viewpoint discrimination.[1]

Story's claims turn on (1) whether he was in fact engaging in protected speech (i.e., was his speech on a topic on the agenda),[2] and (2) whether the viewpoint-neutral rules of the public forum were selectively applied to him because of his viewpoint. *See Heaney v. Roberts*, 846 F.3d 795, 802 (5th Cir. 2017) ("If Heaney were to have violated a reasonable restriction, such as a topic or time constraint, there would be no constitutional violation."); *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001) ("Fourteenth Amendment equal protection claim based on speech restrictions requires a showing that the plaintiff "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent."); Dkt. 43 at 16. *Chiles* does not provide insight into either question.

First, *Chiles* does not address how to determine when speech in a limited public forum violates a reasonable restriction and therefore is not protected. *See Heaney*, 846 F.3d at 802. Nor does it address who decides whether a person's speech violates a topic restriction. Nothing in *Chiles* relieves Story of the obligation to point to legal authority to support the assumption that underlies all his arguments— that his interpretation of the agenda items controlled over the presiding officer Weir's. And *Chiles* certainly does not indicate that there was clearly established authority in 2021, when the actions he challenges occurred, showing that every reasonable person in Defendants' position should have known Story's interpretation of the agenda item controlled. It also does not help answer whether the

---

[1]    To the extent Story points to *Chiles* to suggest that the Board's rule restricting speech to agenda items at special or called Board meetings was not viewpoint neutral, that issue has already been decided in the District's favor. The Court dismissed Story's facial challenge to the limited public comment rule in Board Policy BED (Local), and Story cannot revive it through an unauthorized sur-reply. Dkt. 43 at 13–15; *Cordova v. Louisiana State Univ. Agric. & Mech. Coll. Bd. of Supervisors*, No. 6:19-CV-01027, 2020 WL 7413878, at *10 (W.D. La. Dec. 17, 2020) ("Cordova should have filed a motion for leave to amend and/or motion to reconsider to allow proper briefing on the issue if he believes it will revive a dismissed claim or allow for a new cause of action."); *see also* App. 208; *cf. Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived.").

[2]    The Cout has already determined that Story was not. Dkt. 43 at 16.

more limited interpretation itself constituted viewpoint discrimination—something that Story does not even attempt to establish in his briefing. *See* Dkt. 144 at 3; Dkt. 145 at 3, 9–10 (both incorporated herein by reference).

Further, *Chiles* does not remove Story's obligation to show that an individual who was similarly situated to Story but who expressed a different viewpoint was treated differently. Story appears to suggest that the concurrence in *Chiles* and the authority it cites supports his position that Weir's decision to allow others to speak by analogy on the topic of COVID-19 safety protocols but not allow him to speak on the non-COVID-19 safety implications of the protective order against the superintendent "suggests an impermissible motive."[3] Dkt. 147 at 3 (citing *R.A.V. v. City of St. Paul*, 505 U.S. 377, 386 (1992)). But in both *Chiles* and *R.A.V.*, the regulation at issue, by their plain terms, restricted private speech based on viewpoint. *See Chiles*, 2026 WL 872307, at *8; *R.A.V.*, 505 U.S. at 381. Neither case addresses how to determine if a facially valid viewpoint-neutral restriction on topics in a limited public forum was applied in a discriminatory manner.

Nor do they analyze how to determine if someone who was treated differently was similarly situated, which is how one establishes an impermissible motive in a viewpoint discrimination claim based on selective enforcement or equal protection when, as here, there is no direct evidence of discriminatory animus. That question is addressed by the Fifth Circuit authority cited in the Round Rock ISD Defendants' prior briefing, which requires the person to be "in all relevant respects alike." Dkt. 131 at 14 (quoting *Golden Glow Tanning Salon, Inc. v. City of Columbus, Mississippi*, 52 F.4th 974, 978 (5th Cir. 2022)). Nor does this authority change the fact Story has not pointed to any facts disputing the evidence that Story's conduct—in speaking on a different topic than the other individuals using

---

[3]    In his second sur-reply, Story, for the first time, characterizes his speech as an analogy about COVID-19 safety. First, he asserted that he was not bound by BED (Local) (App. 353; App. 199, ¶ 37; App. 102), then that he could speak on any public safety topic because it was "germane", *i.e.* related to, the COVID-19 health and safety topic. App. 7, ¶ 23; App. 279 at 2:26:37–2:27:07; App. 112, ¶ 23; App. 145, ¶ 25; App. 161 at 1:18:28; Dkt. 139 at 15; Dkt. 140 at 9; *see also* Dkt. 145 at 6-7.

analogies to argue for or against a mask mandate, refusing to stop speaking when told he was off-topic, repeatedly interrupting the Board president, yelling to be heard without a microphone, and refusing to leave when directed to do so—was different than his own. *See* Dkt. 138 at 8–10. *Chiles* and *R.A.V.* also do not suggest that these differences do not matter to the determination regarding whether someone is similarly situated. *See Hines v. Quillivan*, 982 F.3d 266, 272 (5th Cir. 2020) (when individuals are treated differently because they are differently situated, there can be no equal protection violation); *see also Mahone v. Addicks Util. Dist. of Harris Cnty.*, 836 F.2d 921, 932 (5th Cir. 1988).

In the context of *this* case, all *Chiles* does is confirm that viewpoint discrimination is unconstitutional—something the Round Rock ISD Defendants have never contested.

## CONCLUSION

The Round Rock ISD Defendants do not object to the Court considering *Chiles*. But Defendants reiterate that *Chiles* does not help establish the essential elements of Story's particular viewpoint discrimination claim or any other of his claims to support his motion for summary judgment (Dkt. 133); nor does it help him create a material issue of fact on these questions to defend against the Round Rock ISD Defendants' motions for summary judgment. Dkts. 131 & 132. And it certainly does nothing to overcome Defendants' qualified immunity—something that is Story's burden to do under both parties' motions.

As such, the Court should grant summary judgment in favor of the Round Rock ISD Defendants on all claims.

4

Respectfully submitted,

/s/      *Kathryn E. Long*
KATHRYN E. LONG
State Bar No. 24041679
klong@thompsonhorton.com

K. ADAM ROTHEY
State Bar No. 24051274
arothey@thompsonhorton.com

IBRAHIM YASEEN
State Bar No. 24137674
iyaseen@thompsonhorton.com

**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
(972) 853-5115 – Telephone
(713) 583-8884 – Facsimile

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been served

upon all parties via the Court's electronic filing system on this 7th day of April, 2026.

| | |
|---|---|
| Stephen D. Casey | Warren V. Norred |
| CASEY LAW OFFICE, P.C. | Solomon G. Norred |
| P.O. Box 2451 | NORRED LAW, PLLC |
| Round Rock, Texas 78680 | 515 E. Border St. |
| stephen@caseylawoffice.us | Arlington, TX 76010 |
| | warren@norredlaw.com |

/s/      *Kathryn E. Long*
Kathryn E. Long

5